IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| **QUYNH VU BAIN,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF THE ATTORNEY GENERAL**<br>U.S. Department of Justice,<br><br>**OFFICE OF THE DEPUTY ATTORNEY GENERAL**<br>U.S. Department of Justice,<br><br>**OFFICE OF PROFESSIONAL RESPONSIBILITY**<br>U.S. Department of Justice,<br><br>**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**, U.S. Department of Justice,<br><br>**OFFICE OF INFORMATION POLICY**<br>U.S. Department of Justice,<br><br>Defendants. | Case: 1:21-cv-01751 JURY DEMAND<br>Assigned To : Moss, Randolph D.<br>Assign. Date : 6/22/2021<br>Description: Employ. Discrim. (H-DECK) |

## MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Pursuant to 28 U.S.C. § 1915 and LCvR 83.11, Plaintiff Quynh Vu Bain, proceeding *pro se*, respectfully requests that the Court appoint pro bono counsel to assist her in prosecuting this action. In support of this Motion, Plaintiff asserts the following:

1. This action asserts three separate but related causes of action arising from Defendants' September 17, 2020 decision to terminate Plaintiff's employment after 29 years of exemplary service in the U.S. Department of Justice.



RECEIVED Mail Room
JUN 28 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

a. The first cause of action relates to Plaintiff's three requests for release of information under the Freedom of Information Act and the Privacy Act and her request for correction of her personnel records. This cause of action is timely commenced within six years after Plaintiff became aware of the non-disclosure of the requested information and materials. *See* Spannaus v. U.S. Department of Justice, 824 F.2d 52, 56 (D.C. Cir. 1987).

b. The second cause of action relates to Plaintiff's administrative complaint of discrimination, filed with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2015. On February 26, 2020, the EEOC administrative judge dismissed the complaint by summary judgment without a hearing. On March 24, 2021, the full Commission of the EEOC affirmed the EEOC administrative judge's Order of Dismissal. This action was timely filed within 90 days after the EEOC's March 24, 2021 decision disposing of Plaintiff's EEOC complaint.

c. The third cause of action pertains to Plaintiff's appeal to the Merit Systems Protection Board ("MSPB"), timely filed on October 19, 2020. That administrative appeal challenges the Defendants' September 17, 2020 decision to terminate Plaintiff's employment with the U.S. Department of Justice after 29 years in the career civil service. Twice now, the MSPB has determined that it lacks jurisdiction over Plaintiff's MSPB appeal. Accordingly, the Board has dismissed Plaintiff's MSPB appeal without prejudice to reinstatement on December 13, 2021.

d. Even if the MSPB could attain a full quorum of Board Members by December 2021, which would enable it to proceed with adjudication of Plaintiff's appeal, the interest of justice would best be served by the Court's exercising jurisdiction over all three related causes of action. As explained in the attached Complaint filed with the Court on June 22, 2021, the Court has subject matter jurisdiction over all three causes of action. Only the Court has

jurisdiction over the first and second related causes of action, and the Court may assume ancillary jurisdiction over the third related cause of action given the MSPB's current lack of authority to adjudicate MSPB appeals.

2.  Until March 2021, Plaintiff was represented by attorneys who specialized in government investigations and labor and employment law. Because of her discharge from federal service, Plaintiff is no longer able to afford payment of attorneys' fees. In anticipation of the filing of this civil action, Plaintiff has requested assistance from several *pro bono* legal organizations and private attorneys, but to date she has not been able to secure legal representation on her own. *See* attached letter from pro bono counsel.

3.  Although Plaintiff is an attorney in good standing with her state bars, she is not admitted to practice law in this Court and, at this time, is not seeking to participate in this court proceeding as counsel *Pro Hac Vice*. Given the nature and complexity of this action, Plaintiff believes that she needs the assistance of counsel for such matters as court filings, court appearances, and participation in civil discovery or settlement discussions or hearings or trials. If *pro bono* counsel is appointed, Plaintiff intends to enter into an agreement by which *pro bono* counsel will be reimbursed for all court costs expended in the prosecution of this civil action, to the extent permitted by law.

4.  As indicated in the accompanying Complaint that Plaintiff attempted to file with the Court on June 22, 2021, Plaintiff believes that her claims have substantial merit, and she has exhausted all avenues of administrative relief available to her. Accordingly, Plaintiff believes that the interests of justice will be served by appointment of *pro bono* counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

WHEREFORE, Plaintiff respectfully requests that the Court authorize the appointment of *pro bono* counsel to assist her in prosecuting this civil action.

Dated:  June 28, 2021                                   Respectfully submitted,

/s/ Quynh Vu Bain

Quynh Vu Bain
Plaintiff, *pro se*

2021 JUN 22 P 2:59
CLERK
US DISTRICT & BANKRUPTCY
COURTS FOR DC

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the

QUYNH VU BAIN )
*Plaintiff/Petitioner* )
v. ) Civil Action No.
U.S. DEPARTMENT OF JUSTICE, )
*Defendant/Respondent* ET AL. )

### APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: __N/A__ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months. N/A

2. *If not incarcerated.* If I am employed, my employer's name and address are: N/A

My gross pay or wages are: $ N/A , and my take-home pay or wages are: $ N/A per
*(specify pay period)*

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment ☐ Yes ☒ No
(b) Rent payments, interest, or dividends ☐ Yes ☒ No
(c) (Pension) annuity, or life insurance payments ☒ Yes ☐ No
(d) Disability, or worker's compensation payments ☐ Yes ☒ No
(e) Gifts, or inheritances ☐ Yes ☒ No
(f) Any other sources ☐ Yes ☒ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

I HAVE WITHDRAWN MONEY FROM MY RETIREMENT ACCOUNT, SUBJECT TO PAYMENT OF A 20% PENALTY FOR EARLY WITHDRAWALS.

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ 34,300 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

- RESIDENCE — $950,000 ESTIMATED FAIR MARKET VALUE

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

- REGULAR MONTHLY PAYMENTS OF $9,000 FOR MORTGAGE AND TAX, UTILITIES, CHILD'S EDUCATIONAL EXPENSES, CAR LOAN AND INSURANCE, AND OTHER LIVING EXPENSES.

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

- AIDAN BAIN, AGE 15, MONTHLY CONTRIBUTION OF $1,800.

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

- MORTGAGES, OWED TO PENTAGON FEDERAL CREDIT UNION, $510,000.
- CAR LOAN, OWED TO CONGRESSIONAL FEDERAL CREDIT UNION, $9,000.

*Declaration:*  I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date:  6/28/2021

Applicant's signature

QUYNH VU BAIN
Printed name

Print    Save As...    Add Attachment    Reset



**Sanford Heisler Sharp, LLP**
700 Pennsylvania Avenue SE, Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Kate Mueting*, Washington D.C. Partner
(202) 499-5206
KMueting@sanfordheisler.com

New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

June 2, 2021

**VIA EMAIL**
Quynh Vu Bain
Quynhvu2020@outlook.com

*Re:*   *Your Potential Legal Claims*

Dear Ms. Bain:

Thank you for contacting Sanford Heisler Sharp regarding your experiences. We are sorry for what you have endured. Unfortunately, after careful consideration, we are unable to represent you in your potential legal claims.

Our decision is in part due to the demands of our existing caseload. Please note that in declining to represent you, we are not expressing any opinion regarding your claims or the likelihood of success should you initiate a legal action.

You are, of course, free to pursue your claims on your own or with other counsel, and we encourage you to contact other attorneys who may not share in our analysis of your situation. Below, please find information for Elaine Fitch, who you may consider contacting about your potential legal claims. We cannot guarantee they will represent you, but they may be available to speak with you about your potential legal claims.

    Elaine Fitch, of Kalijarvi, Chuzi, Newman & Fitch P.C.
    818 Connecticut Ave., NW, Suite 1000
    Washington, D.C. 20006
    Phone: (202) 331-9260
    Fax: (866) 452-5789
    Email Address: efitch@kcnlaw.com
    Website: https://kcnfdc.com/attorneys/elaine-fitch/

You are also welcome to consult with other attorneys. Because most legal rights have strict time limitations within which a claim must be filed, we suggest that you contact another attorney immediately if you plan to pursue this matter.

We wish you the best of luck in your pursuit of your claims.

Sincerely,

Kate Mueting

# Referral for legal services

From: Mary Kuntz MKuntz@kcnlaw.com
To: quynhvu2020@outlook.com
Date: Friday, May 28, 4:39 PM

Ms. Bain,

Thank you for contacting KCNF for legal services. Our records show that you consulted with Richard Renner in August of last year and he explained to you that we were unable to represent you because of a conflict of interest. That conflict remains and makes it impossible for us to speak with you now. I am very sorry. I suggest that you go to the local employment law cite which has a list of lawyers practicing in this area. https://www.mwela.org/find-a-lawyer#/

I wish you all good luck.

Best regards,

**Mary E. Kuntz**


**Kalijarvi, Chuzi, Newman & Fitch P.C.**

Direct **202.331.3936**

FAX 855.231.4460

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

|  |  |
|---|---|
| **QUYNH VU BAIN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**OFFICE OF THE ATTORNEY GENERAL** )<br>U.S. Department of Justice, )<br>)<br>**OFFICE OF THE DEPUTY ATTORNEY GENERAL** )<br>U.S. Department of Justice, )<br>)<br>**OFFICE OF PROFESSIONAL RESPONSIBILITY** )<br>U.S. Department of Justice, )<br>)<br>**EXECUTIVE OFFICE FOR IMMIGRATION** )<br>**REVIEW**, U.S. Department of Justice, )<br>)<br>**OFFICE OF INFORMATION POLICY** )<br>U.S. Department of Justice, )<br>)<br>Defendants. )<br>) | **Case No.: Civ-_____** |

## [Proposed] ORDER

Plaintiff Quynh Vu Bain, proceeding *pro se*, respectfully requests appointment of pro bono counsel to assist her in prosecuting this civil action.

Upon consideration of the arguments in the Motion for Appointment of Pro Bono Counsel, the Court grants the Motion.

So Ordered.

_____
United States District Judge