UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,

    *Plaintiff*,

  v.

OFFICE OF THE ATTORNEY GENERAL, *et al.*,

    *Defendants*.

Civil Action No. 21-1751 (RDM)

### ORDER

This matter is before the Court on Plaintiff Quynh Vu Bain's motion for appointment of counsel, Dkt. 2, and motion to seal, Dkt. 3. The Court will **DENY** both motions without prejudice.

Plaintiff avers that "[b]ecause of her discharge from federal service, [she] is no longer able to afford payment of attorneys' fees." Dkt. 2 at 3. She further asserts that although she "has requested assistance from several *pro bono* legal organizations and private attorneys, . . . to date she has not been able to secure legal representation." *Id.* Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." This Court's local rules instruct the Court to consider "the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing D.D.C. L.Cv.R. 83.11(b)(3)). Here, although Plaintiff asserts that "the nature and complexity of this action" justify the appointment of counsel, Dkt. 2 at 3, the Court is not yet persuaded that

this case is so complex that Plaintiff, who is an attorney, is incapable of representing herself or that the case otherwise merits the appointment of counsel.  At a later stage of the proceeding, Plaintiff may convince the Court otherwise, but, at least for now, the Court will decline to appoint counsel.

Plaintiff also seeks leave to file ten exhibits under seal and to file an amended complaint correcting typographical errors.  Dkt. 3.  Although several of the exhibits include information that is appropriate for filing under seal—including personal employment records—much of the material that Plaintiff seeks to file under seal does not disclose any personal or confidential information.  Accordingly, the Court will deny without prejudice Plaintiff's motion for leave to file under seal.  Plaintiff may renew her motion for leave to file under seal, but, before doing so, Plaintiff needs to review each exhibit to explain why it merits sealing in light of the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980) (weighing (1) the public's need to access the document, (2) the extent of previous public access to the document, (3) the existence of an objection to disclosure and the identity of the objector, (4) the strength of any asserted property or privacy interests, (5) the prejudice to opponents of disclosure, and (6) the purpose for which the documents were introduced in litigation).  The Court further notes that Plaintiff's motion appears to seek leave to file her amended complaint under seal.  *See* Dkt. 3-1 (attaching sealed amended complaint to motion to seal).  The Court assumes that this is inadvertent, but, in any event, Plaintiff should refile her amended complaint on the public docket.

Finally, the Court notes that Plaintiff seeks leave to file an amended complaint, although the Federal Rules of Civil Procedure permit a plaintiff to amend her complaint once, as a matter of right and without leave of the Court, (1) "within . . . 21 days of serving" her original

complaint or (2) within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for appointment of counsel, Dkt. 2, and motion for leave to file under seal, Dkt. 3, are both **DENIED** without prejudice.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 6, 2021