UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH BAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-01751 (RDM) |
| ) | |
| OFFICE OF THE ATTORNEY GENERAL, ) *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PARTIAL ANSWER

Defendants Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility, Executive Office for Immigration Review, and Office of Information Policy, by and through undersigned counsel, respectfully submit the following Partial Answer to Plaintiff Quynh Vu Bain ("Plaintiff") Complaint, ECF No. 1.  On September 17, 2021, Defendants filed a motion to dismiss, in part, Plaintiff's Complaint.  Mot. to Dismiss, In Part, ECF No. 10.  Therefore, Defendants file this Partial Answer, answering only the allegation of each paragraph of the Complaint related to Count One and using the same headings, which are not admissions, and paragraph numbers, Defendants respond as follows.  All allegations in paragraphs 1 through 112 and the unnumbered paragraph that Defendants have not specifically admitted are hereby denied:

### Parties

1. Defendants admit paragraph 1.

2. Defendants lack sufficient knowledge or information to admit or deny the first sentence of paragraph 2.  Defendants admit the second sentence of paragraph 2.

3.       Paragraph 3 consists of Plaintiff's characterization of the offices, boards, and divisions of the Department of Justice, to which no response is required. To the extent a response is required, Defendants admit that the Office of the Attorney General, the Office of Deputy Attorney General, the Office of Professional Responsibility, and the Office of Information Policy are each an office, board, or division of the Department of Justice and otherwise refers the Court to the Department of Justice public website, located at www.justice.gov as best evidence of the duties and responsibilities of each office, board, and division of the Department of Justice.

4.       Paragraph 4 consists of Plaintiff's characterization of the Executive Office for Immigration Review, to which no response is required. To the extent a response is required, Defendants refer the Court to the Department of Justice public website, www.doj.gov.

## JURISDICTION AND VENUE

5.       The first sentence of paragraph 5 consists of Plaintiff's characterization of her complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its contents. The second sentence of paragraph 5 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants aver that this Court has jurisdiction under 5 U.S.C. 5 U.S.C. §§ 552, 552a and otherwise defer their answer to the remainder of the second sentence of paragraph 5 until the Court decides Defendants' motion to dismiss, in part.

6.       The first sentence of paragraph 6 consists of Plaintiffs' characterization of her complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of it contents. The subparagraph a of paragraph 6 consists of Plaintiff's characterization of her FOIA requests, to which no response is required. To the extent a response is required, Defendants refer the Court to the requests as the best evidence of their contents. The subparagraphs b through d of paragraph 6 consist of a conclusion of law, to

which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's Freedom of Information Act claim.

7. The first sentence of paragraph 7 consists of Plaintiffs' characterization of her complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its content and otherwise deny the dependent clause of the first sentence of paragraph 7. The second sentence of paragraph 7 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants aver that 5 U.S.C. § 552a(g)(l), (2), (5) speaks for itself.

8. Defendants defer their answer to paragraph 8 until the Court decides Defendants' motion to dismiss, in part.

9. Defendants defer their answer to paragraph 9 until the Court decides Defendants' motion to dismiss, in part.

10. Defendants defer their answer to paragraph 10 until the Court decides Defendants' motion to dismiss, in part.

11. Defendants defer their answer to paragraph 11 until the Court decides Defendants' motion to dismiss, in part.

12. Defendants defer their answer to paragraph 12 until the Court decides Defendants' motion to dismiss, in part.

13. Defendants defer their answer to paragraph 13 until the Court decides Defendants' motion to dismiss, in part.

14. Defendants defer their answer to paragraph 14 until the Court decides Defendants' motion to dismiss, in part.

15. Defendants defer their answer to paragraph 15 until the Court decides Defendants' motion to dismiss, in part.

16. Defendants defer their answer to paragraph 16 until the Court decides Defendants' motion to dismiss, in part.

**Factual Allegations**

17. Defendants defer their answer to paragraph 17 until the Court decides Defendants' motion to dismiss, in part.

18. Defendants defer their answer to paragraph 18 until the Court decides Defendants' motion to dismiss, in part.

19. Defendants defer their answer to paragraph 19 until the Court decides Defendants' motion to dismiss, in part.

20. Defendants defer their answer to paragraph 20 until the Court decides Defendants' motion to dismiss, in part.

21. Defendants defer their answer to paragraph 21 until the Court decides Defendants' motion to dismiss, in part.

22. Defendants defer their answer to paragraph 22 until the Court decides Defendants' motion to dismiss, in part.

23. Defendants defer their answer to paragraph 23 until the Court decides Defendants' motion to dismiss, in part.

24. Defendants defer their answer to paragraph 24 until the Court decides Defendants' motion to dismiss, in part.

25. Defendants defer their answer to paragraph 25 until the Court decides Defendants' motion to dismiss, in part.

26. Defendants defer their answer to paragraph 26 until the Court decides Defendants' motion to dismiss, in part.

27. Defendants defer their answer to paragraph 27 until the Court decides Defendants' motion to dismiss, in part.

28. Defendants defer their answer to paragraph 28 until the Court decides Defendants' motion to dismiss, in part.

29. Defendants defer their answer to paragraph 29 until the Court decides Defendants' motion to dismiss, in part.

30. Defendants defer their answer to paragraph 30 until the Court decides Defendants' motion to dismiss, in part.

31. Defendants defer their answer to paragraph 31 until the Court decides Defendants' motion to dismiss, in part.

32. Defendants defer their answer to paragraph 32 until the Court decides Defendants' motion to dismiss, in part.

33. Defendants defer their answer to paragraph 33 until the Court decides Defendants' motion to dismiss, in part.

34. Defendants defer their answer to paragraph 34 until the Court decides Defendants' motion to dismiss, in part.

35. Defendants defer their answer to paragraph 35 until the Court decides Defendants' motion to dismiss, in part.

36. Defendants defer their answer to paragraph 36 until the Court decides Defendants' motion to dismiss, in part.

37. Defendants defer their answer to paragraph 37 until the Court decides Defendants' motion to dismiss, in part.

38. Defendants defer their answer to paragraph 38 until the Court decides Defendants' motion to dismiss, in part.

39. Defendants defer their answer to paragraph 39 until the Court decides Defendants' motion to dismiss, in part.

40. Defendants defer their answer to paragraph 40 until the Court decides Defendants' motion to dismiss, in part.

41. Defendants defer their answer to paragraph 41 until the Court decides Defendants' motion to dismiss, in part.

42. Defendants defer their answer to paragraph 42 until the Court decides Defendants' motion to dismiss, in part.

43. Defendants defer their answer to paragraph 43 until the Court decides Defendants' motion to dismiss, in part.

44. Defendants defer their answer to paragraph 44 until the Court decides Defendants' motion to dismiss, in part.

45. Defendants defer their answer to paragraph 45 until the Court decides Defendants' motion to dismiss, in part.

46. Defendants admit the first, second, and fourth sentences of paragraph 46. The third sentence of paragraph 46 consists of Plaintiff's characterization of her FOIA request, to which no response is required. To the extent a response is required, Defendants refer the Court to the request as best evidence of its contents.

47. Defendants admit paragraph 47 to the extent that OPR acknowledged Plaintiff's FOIA request on October 4, 2019 and made the first interim release on March 30, 2020 and otherwise deny the remaining allegations of paragraph 47.

48. Defendants defer their answer to paragraph 48 until the Court decides Defendants' motion to dismiss, in part.

49. Defendants defer their answer to paragraph 49 until the Court decides Defendants' motion to dismiss, in part.

50. Defendant admits the first and second sentences of paragraph 50. Defendant denies the third sentence of paragraph 50.

51. Defendants defer their answer to paragraph 51 until the Court decides Defendants' motion to dismiss, in part.

52. Defendants defer their answer to paragraph 52 until the Court decides Defendants' motion to dismiss, in part.

53. Defendants defer their answer to paragraph 53 until the Court decides Defendants' motion to dismiss, in part.

54. Defendants defer their answer to paragraph 54 until the Court decides Defendants' motion to dismiss, in part.

55. Defendants admit paragraph 55 to the extent that, on March 30, 2020, the OPR made its first interim release, releasing 45 pages in full and withholding 530 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C) and otherwise deny the remaining allegations of paragraph 55.

56. Defendants defer their answer to paragraph 56 until the Court decides Defendants' motion to dismiss, in part.

57. Defendants admit paragraph 57 to the extent that Plaintiff submitted an appeal to the OIP and otherwise deny the remaining allegations in paragraph 57.

58. Defendants defer their answer to paragraph 58 until the Court decides Defendants' motion to dismiss, in part.

59. Defendants defer their answer to paragraph 59 until the Court decides Defendants' motion to dismiss, in part.

60. Defendants defer their answer to paragraph 60 until the Court decides Defendants' motion to dismiss, in part.

<b><u>COUNT I: Violations of the FOIA and Privacy Act<br>for Failure to Make Records Available</u></b>

61. Defendants repeats their responses to paragraphs 1 through 60.

62. Paragraph 62 consists of a statement of law, to which no response is required. To the extent a response is required, Defendants aver that 5 U.S.C. § 552(a)(4)(B) speaks for itself.

63. Paragraph 63 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 63.

64. Paragraph 64 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 64 to the extent that Defendants do have possession, custody, or control of records responsive to Plaintiff's FOIA requests and otherwise deny the remainder of paragraph 64.

65. Paragraph 65 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 65.

66. Paragraph 66 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 66 to the extent that Defendants

refused to process Plaintiff's FOIA requests on an expedited basis and otherwise deny the remainder of paragraph 66.

67.     Defendants admit the first and second sentences of paragraph 67. Defendants deny the third sentence of paragraph 67.

68.     Defendants deny the first sentence of paragraph 68. Defendants lack sufficient knowledge or information to admit or deny the second and third sentences of paragraph 68. Defendants admit the fourth sentence of paragraph 68 to the extent that Plaintiff reproduced documents during discovery in her EEOC action she found in an EOIR share drive and otherwise deny the remaining allegations of the fourth sentence of paragraph 68. Defendants deny the fifth sentence of paragraph 68.

69.     Paragraph 69 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

70.     Paragraph 70 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

71.     Defendants deny the first sentence of paragraph 71. The second sentence of paragraph 71 consists of Plaintiff's characterization of the OPR Final Report of Investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the report as the best evidence of its contents.

72.     The first through third sentences of paragraph 72 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

Defendants lack sufficient knowledge or information to admit or deny the fourth sentence of paragraph 72.

73. Paragraph 73 consists of Plaintiff's characterization of her FOIA request, to which no response is required. To the extent a response is required, Defendants refer the Court to the request for the best evidence of its contents.

74. Defendants admit paragraph 74 to the extent that on April 27, 2018 the EOIR made its release, releasing records and withholding in part certain portions of records pursuant to FOIA Exemptions 5 and 6 and otherwise deny the remaining allegations in paragraph 74.

75. Paragraph 75 consists of Plaintiff's characterization of her FOIA request, to which no response is required. To the extent a response is required, Defendants refer the Court to the request for the best evidence of its contents.

76. Defendants admit the first through third sentences of paragraph 76 to the extent that, on March 30, 2020, the OPR made its first interim release, releasing 45 pages in full and withholding 530 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C) and otherwise deny the remaining allegations of in the first through third sentences of paragraph 76. Defendants admit the fourth sentence of paragraph 76 to the extent that as of September 2020, OPR had not released any witness interview transcripts in response to Plaintiff's August 5, 2019 FOIA request and otherwise deny the remainder of the allegation of the fourth sentence of paragraph 76. Defendants further aver that OPR has not completed processing of the records responsive to the request.

77. Paragraph 77 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 77.

78. Paragraph 78 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 78.

79.     Paragraph 79 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 79.

### COUNT II: Discrimination, Retaliation for Protected Activity, and Hostile Work Environment

80.     Defendants defer their answer to paragraph 80 until the Court decides Defendants' motion to dismiss, in part.

### Past and Continuing Discrimination

81.     Defendants defer their answer to paragraph 81 until the Court decides Defendants' motion to dismiss, in part.

### New Claim of Discrimination

82.     Defendants defer their answer to paragraph 82 until the Court decides Defendants' motion to dismiss, in part.

83.     Defendants defer their answer to paragraph 83 until the Court decides Defendants' motion to dismiss, in part.

84.     Defendants defer their answer to paragraph 84 until the Court decides Defendants' motion to dismiss, in part.

### Count III: Whistleblower Retaliation

85.     Defendants defer their answer to paragraph 85 until the Court decides Defendants' motion to dismiss, in part.

86.     Defendants defer their answer to paragraph 86 until the Court decides Defendants' motion to dismiss, in part.

87.     Defendants defer their answer to paragraph 87 until the Court decides Defendants' motion to dismiss, in part.

88. Defendants defer their answer to paragraph 88 until the Court decides Defendants' motion to dismiss, in part.

89. Defendants defer their answer to paragraph 89 until the Court decides Defendants' motion to dismiss, in part.

90. Defendants defer their answer to paragraph 90 until the Court decides Defendants' motion to dismiss, in part.

### Prayer for Relief

### Count I: Violation of the FOIA

91. Paragraph 91 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

92. Paragraph 92 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

93. Paragraph 93 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

94. Paragraph 94 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

95. Paragraph 95 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

96. Paragraph 96 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

97. Paragraph 97 consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

### Count II: Discrimination

98. Defendants defer their answer to paragraph 98 until the Court decides Defendants' motion to dismiss, in part.

99. Defendants defer their answer to paragraph 99 until the Court decides Defendants' motion to dismiss, in part.

100. Defendants defer their answer to paragraph 100 until the Court decides Defendants' motion to dismiss, in part.

101. Defendants defer their answer to paragraph 101 until the Court decides Defendants' motion to dismiss, in part.

102. Defendants defer their answer to paragraph 102 until the Court decides Defendants' motion to dismiss, in part.

103. Defendants defer their answer to paragraph 103 until the Court decides Defendants' motion to dismiss, in part.

104. Defendants defer their answer to paragraph 104 until the Court decides Defendants' motion to dismiss, in part.

105. Defendants defer their answer to paragraph 105 until the Court decides Defendants' motion to dismiss, in part.

106.     Defendants defer their answer to paragraph 106 until the Court decides Defendants' motion to dismiss, in part.

107.     Defendants defer their answer to paragraph 107 until the Court decides Defendants' motion to dismiss, in part.

### Count III: Whistleblower Retaliation

108.     Defendants defer their answer to paragraph 108 until the Court decides Defendants' motion to dismiss, in part.

109.     Defendants defer their answer to paragraph 109 until the Court decides Defendants' motion to dismiss, in part.

110.     Defendants defer their answer to paragraph 110 until the Court decides Defendants' motion to dismiss, in part.

111.     Defendants defer their answer to paragraph 111 until the Court decides Defendants' motion to dismiss, in part.

112.     Defendants defer their answer to paragraph 112 until the Court decides Defendants' motion to dismiss, in part.

### DEFENSES

Defendants reserve the right to amend, alter and supplement the defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

### FIRST DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the Freedom of Information Act, 5 U.S.C. § 552.

Dated: September 17, 2021

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
555 4th St. N.W.
Washington, D.C. 20530
Telephone: (202) 252-2561
E-mail: joseph.carilli@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on September 17, 2021, I served the foregoing upon Plaintiff by sending a copy of the document to the following address via U.S. mail:

Quynh Vu Bain
213 Third St. S.E.
Washington, DC 20003

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
Assistant United States Attorney

*Counsel for Defendants*