UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| QUYNH BAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-01751 (RDM) |
| | ) | |
| OFFICE OF THE ATTORNEY GENERAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS, IN PART**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 2

    A.   Plaintiff.......................................................................................................... 2

    B.   Plaintiff's Equal Employment Opportunity Activity ................................... 2

    C.   Plaintiff's Merit Systems Protection Board Activity ................................... 4

    D.   Plaintiff's Complaint .................................................................................... 5

LEGAL STANDARD ........................................................................................................ 7

    A.   Federal Rule of Civil Procedure 12(b)(1) ................................................... 7

    B.   Federal Rule of Civil Procedure 12(b)(6) ................................................... 7

ARGUMENT ..................................................................................................................... 8

    A.   The Court should dismiss certain of Plaintiff's discrimination and retaliation claims for lack of jurisdiction and failure to state a claim because Plaintiff failed to exhaust her administrative remedies ....................................................................................... 8

    B.   The Court should dismiss Plaintiff's admonishment and counseling claims, performance evaluation claims, and work assignment claim because Plaintiff did not suffer an adverse action ............................................................................................................... 10

    C.   The Court should dismiss Plaintiff's hostile work environment claim for failure to state a claim because Plaintiff did not suffer an adverse action for a majority of the discrete acts, and Plaintiff cannot bootstrap discrete acts into a hostile work environment claim ...................... 14

CONCLUSION................................................................................................................. 17

# TABLE OF AUTHORITIES

## Cases

*Achoe v. Clayton*, Civ. A. No. 17-cv-02231 (CRC), 2018 U.S. Dist. LEXIS 156064 (D.D.C. Sep. 13, 2018) .................................................................................................................. 12

*Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137 (D.C. Cir. 2011) .......................................... 7

*Baird v. Gotbaum*, 662 F.3d 1246 (D.C. Cir. 2011) ...................................................... 15

*Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008) ................................................ 12

*Barbour v. Browner*, 181 F.3d 1342 (D.C. Cir. 1999) ................................................... 10

*Bowden v. United States*, 106 F.3d 433 (D.C. Cir. 1997) ................................................ 9

*Brady v. Off. of Sergeant at Arms*, 520 F.3d 490 (D.C. Cir. 2008) ............................... 11

*Brantley v. Kempthorne,* Civ. A. No. 06-01137 (ESH), 2008 WL 2073913 (D.D.C. May 13, 2008) .................................................................................................................... 11

*Broderick v. Donaldson*, 437 F.3d 1226 (D.C. Cir. 2006) ............................................. 11

*Brown v. Brody*, 199 F.3d 446 (D.C. Cir. 1999) .......................................... 11, 12, 13

*Brown v. Hayden*, No. Civ. A. No. 18-02561 (BAH), 2020 WL 6392746 (D.D.C. Nov. 2, 2020) .................................................................................................................. 10

*Brown v. Marsh*, 777 F.2d 8 (D.C. Cir. 1985) ................................................................. 9

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) .................................. 12

Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) .......................................................... 10

*Diggs v. Potter*, 700 F. Supp. 2d 20 (D.D.C. 2010) ...................................................... 16

*Durant v. D.C. Gov't*, 875 F.3d 685 (2017) ................................................................... 12

*EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306 (4th Cir. 2008) ....................................... 15

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) ...................................... 14, 15, 16

*Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180 (D.C. Cir. 1996) ................................. 10

*Forkkio v. Powell*, 306 F.3d 1127 (D.C. Cir. 2002) ...................................................... 13

*Franklin v. Potte*r, 600 F. Supp. 2d 38 (D.D.C. 2009) .................................................. 16

*Hampton v. Vilsack*, 760 F. Supp. 2d 38 (D.D.C. 2011)................................................ 16

*Harris v. Forklift Sys.*, 510 U.S. 17 (1993).................................................................... 14

*Herbert v. Architect of Capitol*, 839 F. Supp. 2d 284 (D.D.C. 2012)............................ 12

*Herbert v. Nat'l Acad. of Scis*., 974 F.2d 192 (D.C. Cir. 1992)...................................... 7

*Husain v. Barsa*, Civ. A. No. 15-00708 (RDM), 2021 WL 663206 (D.D.C. Feb. 19, 2021)....... 16

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...................................................... 6

*Mack v. Strauss*, 134 F. Supp. 2d 103 (D.D.C. 2001).............................................. 11, 12

*Marshall v. Fed. Express Corp.*, 130 F.3d 1095 (D.C. Cir. 1997). .............................................. 10

*McRae v. Librarian of Congress*, 843 F.2d 1494 (D.C. Cir. 1988) ............................................ 9

*Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13 (D.D.C. 2004) ...................................................... 10

*Milton v. Weinberger*, 696 F.2d 94 (D.C. Cir. 1981)................................................................ 10

*Mogenhan v. Chertoff*, 577 F. Supp. 2d 210 (D.D.C. 2008)........................................................ 13

*Mokhtar v. Kerry*, 83 F. Supp 3d 49 (D.D.C. 2015) ................................................................ 8

*Mondy v. Secretary of Army*, 845 F.2d 1051 (D.C. Cir. 1988) ................................................ 9

*Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549 (D.C. Cir. 1997) ....................................... 13

*Norman v. United States*, 467 F.3d 773 (D.C. Cir. 2006)........................................................ 9

*Patterson v. Johnson,* 505 F.3d 1296 (D.C. Cir. 2007) ............................................................. 12

*Peters v. District of Columbia*, 873 F. Supp. 2d 158, (D.D.C. 2012)......................................... 16

*Russell v. Principi*, 257 F.3d 815 (D.C. Cir. 2001)............................................................. 11, 13

*Silver v. Leavitt*, Civ.A. 05-0968 JDB, 2006 WL 626928 (D.D.C. Mar. 13, 2006) ..................... 8

*Singh v. U.S. House of Representatives*, 300 F. Supp. 2d 48 (D.D.C. 2004).............................. 16

*Smart v. Ball State Univ.*, 89 F.3d 437 (7th Cir. 1996)........................................................... 11

*Spinelli v. Goss*, 446 F.3d 159 (2006).................................................................................. 9

*Steele v. Schafer*, 535 F.3d 689 (D.C. Cir. 2008) ................................................................. 8

*Stewart v. Evans,* 275 F.3d 1126 (D.C. Cir. 2002) ................................................................ 15

*Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005) ............................................................... 7

*Townsend v. United States*, 236 F. Supp. 3d 280 (D.D.C. 2017)......................................... 15, 16

*Williams v. Bristol-Meyers Squibb*, 85 F.3d 270 (7th Cir. 1996) .............................................. 11

**Statutes**

5 U.S.C. § 2302(b) .............................................................................................................. 1

29 U.S.C. § 633a................................................................................................................. 1

29 U.S.C. § 633a(b) ............................................................................................................ 8

29 U.S.C. § 633a(c)............................................................................................................. 8

42 U.S.C. § 2000e-16........................................................................................................... 1

42 U.S.C. § 2000e-16(c)....................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................................................... 10

Fed. R. Civ. P. 12(b)(6)........................................................................................ 2, 10, 14, 17

**Regulations**

29 C.F.R. § 1614.105(a)(1).................................................................................................... 8

## INTRODUCTION

Defendants U.S. Department of Justice Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility ("OPR"), Executive Office for Immigration Review ("EOIR" or "Agency"), and Office of Information Policy, by and through undersigned counsel, respectfully submit this memorandum in support of their motion to dismiss, in part.

Plaintiff Quynh Bain ("Plaintiff") brings this action, *inter alia*, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a ("ADEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehab Act"), and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b) ("WPA").[1]  Plaintiff alleges that the Agency engaged in unlawful employment discrimination based on her race, sex, age, and disability.  Plaintiff further alleges the Agency retaliated against her and subjected her to a hostile work environment because of her protected Equal Employment Opportunity ("EEO") activity and retaliated against her because of her protected disclosure under the WPA.

The Court should dismiss all of her disparate treatment claims of discrimination and retaliation because Plaintiff failed to exhaust her administrative remedies.  Second, even if the Court determines that she did not fail to exhaust these claims, the Court should dismiss several of these claims because Plaintiff did not suffer an adverse action.  Lastly, the Court should dismiss Plaintiff's hostile work environment claim because a majority of her claims relate to actions that

---

[1]     In their motion, Defendants do not address Plaintiff's claims brought under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.  Compl. ¶¶ 61–79 (Count I), ECF No. 1.  Defendants have answered those claims.  *See* Partial Answer, ECF No. 9.

are not adverse, and Plaintiff should not be permitted to bootstrap discrete acts of discrimination into a hostile work environment claim.

Therefore, as explained below, this Court should dismiss Plaintiff's discrimination and retaliation claims related to her evaluations, counseling and admonishment, and work assignments and hostile work environment claim for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and her WPA claim for lack of jurisdiction, *see* Fed. R. Civ. P. 12(b)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Plaintiff**

Plaintiff is a former immigration judge, employed at the Executive Office of Immigration Review ("hereinafter, "EOIR" or "Agency").  Compl. ¶ 2.  During all times relevant to Plaintiff's Complaint, Plaintiff's first line supervisors were Assistant Chief Immigration Judge ("ACIJ") Christopher A. Santoro, ACIJ Mary Beth Keller, and ACIJ Deepali Nadkarni.  ROI EOI-2016-00137 Summary at 8 (attached hereto as Ex. A).

**B.    Plaintiff's Equal Employment Opportunity Activity**

On May 14, 2014, Plaintiff filed a formal Equal Employment Opportunity ("EEO") complaint with the EOIR.  Notice of Acceptance EOI-2014-00421 at 1 (attached hereto as Ex. B). The accepted issues were:

> Whether management discriminated against you based on your race (Asian), national origin (Vietnamese), and sex (female), when, on March 11, 2014, management denied your transfer request, and
>
> Whether management retaliated against you for engaging in prior EEO activity and discriminated against you based on your race, national origin, and sex, when, on or about March 24, 2014 and March 26, 2014, management denied you access to various emails and work-related databases.

*Id*.  On August 18, 2014, Plaintiff withdrew her EEO complaint.  Notice of Withdrawal EOI-2014-00421 (attached hereto as Ex. C).

On March 20, 2015, Plaintiff filed an informal EEO complaint with the Agency.  ROI EOI-2016-00137 Summary at 9.  On April 30, 2015, Plaintiff withdrew her informal EEO Complaint. Plaintiff e-mail (Apr. 30, 2015) (attached hereto as Ex. D).

On October 9, 2015, Plaintiff filed an informal EEO complaint with the Agency.  ROI EOI-2016-00137 Summary at 8.  On December 10, 2015, Plaintiff filed a formal EEO complaint.  *Id.* The accepted issue was:

> Whether management discriminated against you by subjecting you to disparate treatment and a hostile work environment based on your race, sex, national origin, disability (mental condition), and for engaging in prior EEO activity.

*Id.*  On August 26, 2016, the Agency concluded its investigation and issued its Report of Investigation.  *Id.*

On August 17, 2016, Plaintiff elected an Equal Employment Opportunity Commission hearing.  EEOC Hearing Req. (attached hereto as Ex. E).  The EEOC judge accepted 39 separate issues: 35 issues related to Plaintiff's hostile work environment claim, 13 of which occurred between March 11, 2015 and January 2016 and 4 discrete acts related to Plaintiff's discrimination and retaliation claim.  EEOC Decision at 2–7 (attached hereto as Ex. F).  The 4 discrete acts were:

> In August 2015, ACIJ Santoro issued Complainant a performance evaluation that included a deficiency rating for professionalism, included numerous inaccuracies, and did not reflect her actual performance. The rating was issued to Complainant on August 29, 2015;
>
> ACIJ Santoro cited the August 2015 rating as a basis for denying Complainant permission to participate in special work opportunities, including serving as a guest speaker at a training conference and serving as a pro bono liaison judge;
>
> In November 2015, shortly after Complainant filed the instant EEO complaint, the Agency denied her application to work for the Board of Immigration Appeals as a Board Member; and,
>
> On July 28, 2016, Complainant received a letter of counseling based on her objections to the continuing unfair distribution of cases by ACIJ Nadkarni.

*Id*. at 6.  On February 26, 2020, an EEOC administrative judge granted the Agency's motion for summary judgment and issued a decision in favor of the Agency without a hearing.  EEOC Decision at 4.

On February 27, 2020, Plaintiff appealed the EEOC administrative judge's decision to the EEOC Office of Federal Operations.  EEOC Appeal Acknowledgment (attached hereto as Ex. G).

On April 2, 2020, the Department of Justice, Complaint Adjudication Office ("CAO") issued its final agency decision, accepting the EEOC decision.  CAO Decision (attached hereto as Ex. H).

On March 24, 2021, the EEOC Office of Federal Operations ("OFO") denied Plaintiff's appeal.  EEOC OFO Appeal Denial (attached hereto as Ex. I).

On April 28, 2021, Plaintiff sought reconsideration of the EEOC OFO denial of her appeal.  EEOC Mot. for Reconsideration (attached hereto as Ex. J).  On August 19, 2021, the EEOC OFO denied Plaintiff's motion for reconsideration.  EEOC OFO Mot. for Reconsideration Denial (attached hereto as Ex. K).

**C.     Plaintiff's Merit Systems Protection Board Activity**

On October 19, 2020, Plaintiff appealed her removal from federal service to the Merit Systems Protection Board ("MSPB").  Compl ¶ 8e.  Plaintiff raised the affirmative defenses of discrimination under Title VII, the Rehab Act, the ADEA, and the WPA.  *Id*. ¶ 8.f, g.  On November 16, 2020, the MSPB dismissed Plaintiff's appeal for lack of jurisdiction without prejudice and ordered reinstatement within 180 days.  *Id*. ¶ 11.  On May 18, 2021, the MPSB reinstated Plaintiff's appeal.  *Id*. ¶ 12.  On June 8, 2021, the MSPB dismissed Plaintiff's appeal for lack of jurisdiction without prejudice and ordered reinstatement on December 21, 2021.  *Id*. ¶ 13.

**D.** **Plaintiff's Complaint**

On June 22, 2021, Plaintiff filed her complaint. Compl. In her complaint, Plaintiff alleges three counts. In Count I, Plaintiff alleges Defendants violated the Freedom of Information Act and the Privacy Act. *Id.* ¶¶ 61–79. In Count II, Plaintiff alleges the Agency discriminated against here on the basis of her race, sex, disability, and age, retaliated because of her protected EEO activity in violation of Title VII, the ADEA, and the Rehab Act, and subjected her to a hostile work environment. *Id.* ¶¶ 82–84. In support of her discrimination and EEO retaliation claims, Plaintiff alleges 14 disparate treatment claims, alleging the Agency:[2]

*Admonishment and counseling claims*

- on January 5, 2015, admonished Plaintiff, via electronic mail, for intemperate behavior, *see* Compl. ¶¶ 19.a, 81.a;

- on June 25, 2015, issued Plaintiff a letter of counseling for traveling without approval, *see id.* ¶¶ 19.c, 81.a; and

- on July 28, 2016, issued Plaintiff a letter of counseling for unprofessional conduct, *see id.* ¶¶ 23, 81.b.

*EEOC hearing claim*

- during Plaintiff's EEOC action, defended itself in a discovery action and withheld evidence from the EEOC judge, *id.* ¶ 81.e, f;

*Information release claim*

- in January 2017, released information from Plaintiff's personnel file to the American Immigration Lawyers Association ("AILA"), *id.* ¶¶ 25, 81.c.

*Investigation claim*

- in August 2017, referred Plaintiff to the OPR for an investigation into complaints lodged by immigration attorneys, *see id.* ¶¶ 26–33, 81.d.

---

[2]  Defendants refer to the disparate treatment claims, using the same titles here.

*Non-selection claim*

- in November 2015, denied Plaintiff's application for a board member position on the Board of Immigration Appeals, *see id*. ¶¶ 19.e, 81.a.

*Performance evaluation claims*

- in August 2015, issued Plaintiff a performance evaluation with a rating of satisfactory, *see id*. ¶¶ 19.d, 81.a;

- in September 2016, issued Plaintiff a satisfactory performance evaluation, *see id*. ¶¶ 24, 81.b; and

- in August 2017, issued Plaintiff a satisfactory performance evaluation, see *id*. ¶ 34;

*Reassignment claim*

- in 2014, denied Plaintiff's request for a reasonable accommodation of re-assignment to the Arlington Immigration Court, *see id*. ¶¶ 17–18, 81.a.

*Removal claim*

- on August 17, 2020, removed Plaintiff from federal service., *id*. ¶¶ 19.b, 82.

*Reprimand claim*

- on March 16, 2015, issued Plaintiff a letter of reprimand for intemperate behavior and failure to follow instructions, *see id*. ¶¶ 19.b, 81.a.

*Work assignment claim*

- from 2016 to 2019, assigned Plaintiff to complete aged, non-detained cases, *see id*. ¶ 22.

Plaintiff further alleges all the following in support of her hostile work environment claim. *Id*. ¶¶ 80–84.

In Count III, Plaintiff alleges the Agency retaliated against her because of her whistleblower protected disclosure in violation of the WPA. *Id*. ¶¶ 85–90.

## LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). While courts accept as true all well-pleaded facts, they do not accept threadbare recitals of the elements of a cause of action, supported by conclusory allegations. *See Iqbal*, 556 U.S. at 678; *Golden v. Mgmt. & Training Corp.*, 266 F. Supp. 3d 277, 281 (D.D.C. 2017) (citing *Twombly*, 550 U.S. at 555) (court need not

accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations).

In considering a Rule 12(b)(6) motion, a court can review "documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).  Specifically, a court may consider administrative EEO documents, such as formal complaints of discrimination and final agency decisions, in the making of its decision on a Rule 12(b)(6) motion. *See Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (taking judicial notice of administrative complaint materials in ruling on a motion to dismiss for failure to state a claim).

## ARGUMENT

A.     **The Court should dismiss certain of Plaintiff's discrimination and retaliation claims for lack of jurisdiction and failure to state a claim because Plaintiff failed to exhaust her administrative remedies**

Title VII, the Rehab Act, and the ADEA, requires exhaustion of administrative remedies before proceeding with a civil action for employment discrimination. *See Mokhtar v. Kerry*, 83 F. Supp 3d 49, 61 (D.D.C. 2015); 42 U.S.C. § 2000e-16(c); 29 U.S.C. §§ 633a(b)–(c).

"An employee of the federal government who believes that she has been the subject of unlawful discrimination must 'initiate contact' with an EEO Counselor in her agency 'within 45 days of the date of the matter alleged to be discriminatory.'" *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) (citing 29 C.F.R. § 1614.105(a)(1)).  "The exhaustion requirement is not a mere legal pleasantry-rather, it is a natural outgrowth of fidelity to the principle of separation of powers, and it constitutes an indispensable prerequisite to a lawsuit in federal court." *Silver v. Leavitt*, Civ.A. 05-0968 JDB, 2006 WL 626928, at *9 (D.D.C. Mar. 13, 2006).  "Because timely exhaustion

of administrative remedies is a prerequisite to a[n] action against the federal government, a court may not consider a discrimination claim that has not been exhausted." *Steele*, 535 F.3d at 693; *see* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  The exhaustion requirement is not meant as a "procedural roadblock" but instead "is intended to give the agency the opportunity to right any wrong it may have committed." *McRae v. Librarian of Congress*, 843 F.2d 1494, 1496 (D.C. Cir. 1988).  Therefore, "[a] Plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience." *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985).  Under the Rehab Act, failure to exhaust an administrative remedy is jurisdictional.  *Spinelli v. Goss*, 446 F.3d 159, 162 (2006).

The time limit for filing a discrimination complaint, whether statutory or regulatory, function as a statute of limitations, which is subject to equitable tolling, estoppel and waiver. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citations omitted).  However, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).  Courts have extended equitable tolling principles sparingly and "have generally denied it where a plaintiff 'failed to exercise due diligence in preserving his legal rights' or showed only 'a garden variety claim of excusable neglect.'" *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) (citations omitted).  Courts have been more willing to allow equitable tolling where the plaintiff has actively pursued his remedies by filing a defective pleading within the time limits or has been "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*.

Here, Plaintiff cannot proceed on certain claims because she failed to exhaust her administrative remedies.  In her appeal before the EEOC, Plaintiff only alleged four discrete acts.

EEOC Decision at 6.  Thus, Plaintiff is limited to only those 4 claims.  Moreover, Plaintiff alleges three discrete discriminatory actions that occurred greater than 45 days before her contact with an EEO counselor on October 9, 2015: the January 5, 2015 admonishment, the March 16, 2015 letter of reprimand, and the June 25, 2015 letter of counseling.  *See supra* Factual and Procedural Background § D.  Indeed, Plaintiff abandoned these claims when she withdrew her first formal complaint on August 18, 2014 and her informal complaint in April 2015.  *See supra* Factual and Procedural Background § D; *Brown v. Hayden*, Civ. A. No. 18-02561 (BAH), 2020 WL 6392746, at *12 (D.D.C. Nov. 2, 2020) ("[B]ecause his February 2018 complaint was abandoned and, consequently, LOC did not act on it one way or another, this complaint was not administratively exhausted.") (citing *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997)).  Thus, Plaintiff cannot allege these claims as discrete discriminatory or retaliatory acts.

Therefore, the Court should dismiss all of Plaintiff's discrimination and retaliation claims except for the claims related to the November 2015 non-selection claim, the August 2015 performance evaluation claim, and the July 28, 2016 counseling letter for lack of jurisdiction and failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(1), (6).

**B.    The Court should dismiss Plaintiff's admonishment and counseling claims, performance evaluation claims, and work assignment claim because Plaintiff did not suffer an adverse action**

Title VII, the Rehab Act, and the ADEA do not authorize a federal court to become 'a super-personnel department that reexamines an entity's business decisions.'"  *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999); *see Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13, 21 n. 2 (D.D.C. 2004) (refusing to "review the propriety and fairness of the defendant's decisions to suspend and terminate the plaintiff, rather than to determine whether age played a role in those employment decisions").  To the contrary, a court "may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'"  *Fischbach v. D.C. Dep't of*

*Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (quoting *Milton v. Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1981)).  A plaintiff must demonstrate discrimination and may rely on direct or circumstantial evidence to meet that burden.  *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92–102 (2003).

A court must as an initial matter determine whether each claim of discrimination or retaliation involves an adverse action.  *See Brady v. Off. of Sergeant at Arms,* 520 F.3d 490, 494 (D.C. Cir. 2008), (making clear that the *Brady* rule applies only "where an employee has suffered an adverse employment action"); *Brantley v. Kempthorne,* Civ. A. No. 06-01137 (ESH), 2008 WL 2073913, at *4 (D.D.C. May 13, 2008) ("[T]he Court must first determine whether any of the conduct underlying the claims constituted an adverse action.").  If a particular claim does not involve an adverse action, then it fails as a matter of law.  *See Brantley*, 2008 WL 2073913, at *4–5 (finding that certain of the plaintiff's discrimination claims fail because they do not involve adverse actions).

Discrimination complaints may be advanced only by employees who are personally "aggrieved" by the particular alleged discriminatory "matter" or "personnel action."  *See* 29 C.F.R. § 1614.105(a) ("aggrieved persons" may contact an Agency EEO counselor); *Brown v. Brody*, 199 F.3d 446, 455 (D.C. Cir. 1999) (concluding that federal employees "must first be 'aggrieved' in order to bring" a discrimination claim).  An employee is not "aggrieved" unless she can show that she has "been subjected to some sort of adverse personnel or employment action."  *Brown*, 199 F.3d at 452; *see also Mack v. Strauss*, 134 F. Supp. 2d 103, 112 (D.D.C. 2001) (concluding an individual "must demonstrate that an allegedly adverse personnel action had a tangible impact on the terms and conditions" of her employment).

"[N]ot everything that makes an employee unhappy is an actionable adverse action." *Russell v. Principi*, 257 F.3d 815, 818 (D.C. Cir. 2001); *see also Broderick v. Donaldson*, 437 F.3d

1226 (D.C. Cir. 2006).  Otherwise, "[m]inor or even trivial employment actions that "an irritable,

chip-on-the-shoulder employee did not like would . . . form the basis of a discrimination suit.'"

*Russell*, 257 F.3d at 818 (citing *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996) (quoting

*Williams v. Bristol-Meyers Squibb*, 85 F.3d 270, 274 (7th Cir. 1996)).  To be "adverse," the

employment action must have "materially adverse consequences affecting the terms, conditions,

or privileges" of the individual's employment.  *Brown*, 199 F.3d at 457 (emphasis added); *see also*

*Patterson v. Johnson,* 505 F.3d 1296, 1298 (D.C. Cir. 2007); *Mack*, 134 F. Supp. 2d at 112 (holding

the touchstone is "whether the Plaintiff has suffered a materially adverse action").  For purposes

of a retaliation claim, an action is "adverse" if it would deter a reasonable employee from engaging

in further protected activity.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68

(2006); *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006).  Here, several of Plaintiff's

disparate treatment claims were not adverse employment actions or materially adverse actions.

       With respect to Plaintiff's admonishment and counseling claims, they are not actionable

under a disparate treatment theory.  "'[R]un-of-the-mine' letters of reprimand generally do not

constitute adverse employment actions."  *Achoe v. Clayton*, Civ. A. No. 17-02231 (CRC), 2018

U.S. Dist. LEXIS 156064, at *19 (D.D.C. Sep. 13, 2018) (quoting *Herbert v. Architect of Capitol*,

839 F. Supp. 2d 284, 302–04 (D.D.C. 2012) (citing *id*. at 303) (listing cases in which courts in this

district have found letters of reprimand insufficient to constitute a materially adverse action for

purposes of a retaliation claim, a less stringent standard than that for an adverse employment action

for purposes of a discrimination claim)); *see Durant v. D.C. Gov't*, 875 F.3d 685, 698 (D.C. Cir.

2017) (holding that a letter informing an employee of "specific deficiencies regarding [her]

conduct," including failure to complete a task in a timely manner, was not materially adverse and

that a letter of reprimand that "warn[ed] [the plaintiff] that future violations w[ould] result in

corrective or adverse action" did not constitute a materially adverse action for purposes of a retaliation claim) (citations omitted); *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (finding that a letter of reprimand containing "job-related constructive criticism" but no "abusive language" was not materially adverse).  Here, the admonishment and counseling issued to Plaintiff merely noted deficiencies in her conduct and did not contain any abusive or harsh language.  *See* E-mail Admonishment (Jan. 5, 2015) (attached hereto as Ex. L); Letter of Counseling (June 25, 2015) (attached hereto as Ex. M); Letter of Counseling (July 28, 2016) (attached hereto as Ex. N).  Thus, Plaintiff has failed to provide evidence establishing that the January 5, 2015 admonishment and the June 25, 2015 and July 28, 2016 counseling letters had tangible and adverse consequences on her employment or that it would deter a reasonable employee from engaging in further protected activity.

With respect to Plaintiff's performance evaluations claims, they are not actionable under a disparate treatment theory.  "Satisfactory and even poor performance appraisals do not constitute adverse personnel actions if they are not accompanied by events such as a demotion to a lower grade or a reduced salary."  *Mogenhan v. Chertoff*, 577 F. Supp. 2d 210, 215 (D.D.C. 2008) (citing *Brown*, 199 F.3d at 458 (finding that a "fully successful" job performance rating is not an adverse employment action)); *Russell*, 257 F.3d at 819 (concluding formal criticism or poor performance evaluations are not necessarily adverse actions).  Here, the Agency marked Plaintiff as satisfactory for all of her evaluations.  *See* Compl. ¶¶ 19.d, 24, 34, 81.a, b.  Thus, Plaintiff has failed to provide evidence establishing that her 2017 performance appraisal had tangible and adverse consequences on her employment or that it would deter a reasonable employee from engaging in further protected activity.

With respect to Plaintiff's work assignment claim, it is not actionable under a disparate treatment theory. *See Forkkio v. Powell*, 306 F.3d 1127, 1130–31 (D.C. Cir. 2002) (concluding purely subjective injuries, such as dissatisfaction with reassignment, public humiliation or loss of reputation, or unhappiness over assigned duties are not adverse actions. Rather, there must be a substantive job responsibility that has materially adverse consequences for liability); *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1556–57 (D.C. Cir. 1997) (concluding that changes in assignments or work-related duties do not ordinarily constitute adverse employment actions if "unaccompanied by a decrease in salary or work hour changes."). Here, Plaintiff alleges the Agency discriminated against her when it assigned Plaintiff to complete aged, non-detained cases. Compl. *id*. ¶ 22. But, Plaintiff does not offer evidence that the work assignments affected the terms or conditions of her employment as an immigration judge. Thus, Plaintiff has failed to provide evidence establishing that the above noted event had tangible and adverse consequences on her employment or that it would deter a reasonable employee from engaging in further protected activity.

Therefore, the Court should dismiss Plaintiff's admonishment and counseling claims, performance evaluation claims, and work assignment claim for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

**C.**   **The Court should dismiss Plaintiff's hostile work environment claim for failure to state a claim because Plaintiff did not suffer an adverse action for a majority of the discrete acts, and Plaintiff cannot bootstrap discrete acts into a hostile work environment claim**

"In evaluating a hostile work environment claim, the court 'looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance.'" *Id*. (quoting *Baloch v. Kempthorne*, 550 F.3d at 1201 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775,

787–88 (1998))).  The Supreme Court in *Harris* explained that assessing whether a hostile work environment exists has both subjective and objective components; thus, no violation can be shown "if the victim does not subjectively perceive the environment to be abusive" and also if the conduct "is not severe or pervasive enough to create an objectively hostile or abusive work environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21–22 (1993).  Further, "a plaintiff may not combine discrete acts to form a hostile work environment claim without meeting the required hostile work environment standard." *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011)

"[N]ot all forms of workplace harassment are prohibited; only harassment that is based on a person's age, race, or sex is prohibited.  The conduct at issue must not be merely tinged with offensive connotations, but actually constitute discrimination because of the employee's protected status." *Townsend v. United States*, 236 F. Supp. 3d 280, 312 (D.D.C. 2017) (citations and internal quotations omitted).

Here, Plaintiff fails to plead a hostile work environment claim.  As discussed above, a majority of the discrete acts that form the basis of Plaintiff's hostile work environment claim are not actionable, namely Plaintiff's work assignment claim that formed the basis for a majority her complaint before the EEOC.  *See supra* §§ A, B.  The D. C. Circuit has cautioned that "not all abusive behavior, even when it is motivated by discriminatory animus, is actionable." *Stewart v. Evans,* 275 F.3d 1126, 1133 (D.C. Cir. 2002) (citations and quotation marks omitted).  Here, Plaintiff complains of workload from 2013 to 2016, disagreements about satisfactory evaluations, and counseling about her behavior.  *See supra* Factual and Procedural Background § D.  These type of petty disagreements with her management simply do not rise to the level of conduct extreme enough "to amount to a change in the terms and conditions of employment." *Faragher,* 524 U.S. at 788; *Oncale*, 523 U.S. at 81 (finding that to prevent "Title VII from expanding into a

general civility code," the "crucial" requirement for a hostile work environment claim is that the behavior complained of is "so objectively offensive as to alter the conditions of the victim's employment."); *see also EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (noting that complaints about mere rude treatment, callous behavior, or routine difference of opinion and personality conflict do not satisfy the severe or pervasive standard of a hostile work environment'['claim under Title VII); *Husain v. Barsa*, Civ. A. No. 15-00708 (RDM), 2021 WL 663206, at *13 (D.D.C. Feb. 19, 2021) ("requiring that an employee provide reports regarding her day's activities while teleworking, requiring the employee to obtain authorization before appearing at an event (during the workday) to discuss government hiring, failing to provide the employee with unspecified training opportunities, and delaying the completion of evaluations or workplans does not come close to satisfying the 'demanding' standard for a hostile work environment claim.") (quoting *Faragher*, 524 U.S. at 787); *Singh v. U.S. House of Representatives*, 300 F. Supp. 2d 48, 54–57 (D.D.C. 2004) (rejecting a hostile work environment claim where an employer "humiliated [plaintiff] at . . . meetings," screamed at her in one instance, "told her to 'shut up and sit down'" in another instance, and treated her in a manner that was "constantly hostile and hypercritical").

Moreover, Plaintiff cannot bootstrap discrete acts of discrimination and retaliation into a hostile work environment.  "Use of the same discrete acts, upon which the plaintiff bases his discrimination and retaliation claims, to support a hostile work environment claim is disfavored." *Townsend*, 236 F. Supp. 3d at 312 (citations omitted); *see Peters v. District of Columbia*, 873 F. Supp. 2d 158, 191 (D.D.C. 2012)  (citing *Hampton v. Vilsack*, 760 F. Supp. 2d 38, 56–57 (D.D.C. 2011)) ("Plaintiff cannot, however, rely on the discrete acts upon which he bases his discrimination and retaliation claims to support a hostile environment claim."); *Franklin v. Potter*, 600 F. Supp. 2d 38, 76 (D.D.C. 2009) (("Because plaintiff's allegedly hostile events are the very employment

16

actions he claims are retaliatory, he cannot so easily bootstrap alleged retaliatory incidents into a broader hostile work environment claim.") (internal quotation marks and citations).  Here, Plaintiff merely relies upon the same allegations to form her hostile work environment claim.  *See supra* Factual and Procedural Background § D; *Diggs v. Potter*, 700 F. Supp. 2d 20, 52 (D.D.C. 2010) (rejecting plaintiff's hostile work environment claim where he "has done nothing more than reassert his disparate treatment and retaliation claims—all of which are discrete employment actions—and baldly claim that these same actions constitute a hostile work environment").

Therefore, the Court should dismiss Plaintiff's hostile work environment claim for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss all but two of Plaintiff's discrete acts, the November 2015 non-selection for the Board of Immigration Appeals and the September 2020 removal, of her disparate treatment discrimination and retaliation claims and dismiss Plaintiff's hostile work environment claim.

Dated: September 17, 2021                Respectfully submitted,

                                         CHANNING D. PHILLIPS
                                         D.C. Bar No. 415793
                                         Acting United States Attorney

                                         BRIAN P. HUDAK
                                         Acting Chief, Civil Division

                                         /s/ Joseph F. Carilli, Jr.
                                         JOSEPH F. CARILLI, JR.
                                         N.H. Bar No. 15311
                                         Assistant United States Attorney
                                         Civil Division
                                         U.S. Attorney's Office
                                           for the District of Columbia
                                         555 4th St. N.W.
                                         Washington, D.C. 20530
                                         Telephone: (202) 252-2561
                                         E-mail: joseph.carilli@usdoj.gov

                                         *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 17, 2021, I served the foregoing upon Plaintiff by sending a copy of the document to the following address via U.S. mail:

Quynh Vu Bain
213 Third St. S.E.
Washington, DC 20003

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
Assistant United States Attorney

*Counsel for Defendants*