Exhibit A

*Bain v. Office of the Attorney General*, Civ. A. No. 21-01751 (RDM)
Defendants' Motion to Dismiss, In Part

**U.S. DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

**REPORT OF INVESTIGATION**

| **TITLE:**<br>Quynh V. Bain<br>Immigration Judge, SL-04 | **FILE NUMBER:**<br>EOI-2016-00137<br>**CONTRACTOR:**<br>CompuCon Incorporated | **DATE:** August 26, 2016 |
|---|---|---|
| | **INVESTIGATOR:**<br>Richard Nelson | |
| | **TYPE OF INVESTIGATION:**<br>Subjected to disparate treatment and a hostile work environment based on race, sex, national origin, disability, and reprisal. | |

## I. ISSUES IN COMPLAINT

Complainant alleges that EOIR management discriminated against her when she was subjected to disparate treatment and a hostile work environment based on her race, sex, national origin, disability[1], and for engaging in prior EEO activity.

## II. SUMMARY

In the conventional process for adjudicating a complaint of discrimination a Complainant must carry the initial burden for establishing, by a preponderance of the evidence, a *prima facie* case for discrimination. The employer must then articulate a legitimate, nondiscriminatory reason to the challenged actions. To prevail, the Complainant must then show, again by a preponderance of the evidence that the stated reasons are but a pretext for discrimination.

1. Whether the Complainant is a member of protected groups on the bases of race (Asian), sex (female), national origin (Vietnamese), disability (mental condition), and prior EEO activity is addressed at **Exhibits A1, B1, C1 and F1**.

2. Whether the Complainant was discriminated against and subjected to disparate treatment and a hostile work environment is addressed at **Exhibits F1 through F58**.

---

[1] On December 27, 2015, Complainant notified the EEO Office that she would like the Notice of Acceptance to be amended to include that she is alleging discrimination on the basis of "a perceived disability or medical condition."

000001

    3.    Whether Management articulated legitimate, nondiscriminatory reasons for its actions is addressed at **Exhibits F2, F3, F5 and F6**.

    4.    Whether the articulated reasons are a pretext to discrimination is addressed at **Exhibits F1-F58**.

### III. DESCRIPTION OF COMPLAINT

Nature of action, decision or conduct
Giving rise to complaint:    Disparate treatment
Hostile Work Environment

Dates of alleged discrimination:    December 1, 2015[2]

### IV. DESCRIPTION OF INVESTIGATION

Places of Investigation:    Arlington, VA

Dates of Investigation:    February 9, 2016 to August 26, 2016

### V. DESCRIPTION OF EXHIBITS

**INDEX**

**Tab A:**    **FORMAL COMPLAINT DATA**

    Exhibit A1:    Formal Complaint of Discrimination dated December 10, 2015

**Tab B:**    **COUNSELING DATA**[3]

    Exhibit B1:    EEO Counselor's report dated November 25, 2015, with attachments:
    (a) Email from Jack Weil to Christopher Santoro et al. Subject: Reassignment of York Case, dated November 25, 2015
    (b) Email Communication between Complainant and Jack Weil, forwarded to Tina Barrow, Subject: FW: A077 947 262 (York detained, a.m. hearing 11/17/2015), dated November 25, 2015

---

[2] Most recent discriminatory event based on Counselor's Report.

[3] Some documents from the Counselor's Report were removed to be included in other exhibits, or made exhibits on their own.

        (c) Email from Jack Weil to Andrew Press, Subject: Cases on the York Docket Not Currently Scheduled for Hearing, dated November 25, 2015

        (d) Email from Jack Weil to Andrew Press, Subject: Clarification of Status of Adjudication of MTR in Case A042-918-105, dated November 25, 2015

        (e) Fax from Complainant to Christopher Santoro regarding medical documentation, dated May 11, 2015

        (f) Fax from Complainant to Christopher Santoro regarding medical documentation, dated March 31, 2015

        (g) Employee Rights and Responsibilities, dated November 12, 2015

        (h) Election/Non Election of Alternative Dispute Resolution (ADR) to Resolve Complaint, dated November 12, 2015

        (i) Extension of Counseling, dated November 18, 2015

        (j) Representation Letter, dated November 18, 2015

        (k) Notice of Final Interview and Right to File a Complaint of Discrimination, dated November 25, 2015

**Tab C:**    **DELINEATION OF THE ISSUES**

      Exhibit C1:   Notice of Receipt of Complaint of Discrimination, dated December 17, 2015

      Exhibit C2:   Notice of Acceptance of Complaint of Discrimination, dated December 23, 2015

      Exhibit C3:   Amended Notice of Acceptance of Complaint of Discrimination, dated December 31, 2015

**Tab D:**    **DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION**

      See Exhibit B1

**Tab E:**    **DOCUMENTATION OF APPELLATE ACTIVITY**

      None

**Tab F:**    **EVIDENCE AND DOCUMENTS**

      01 Affidavit of Quynh Vu Bain (Complainant, Asian, female, Vietnamese, disability, prior EEO activity), Immigration Judge, SL-04, Department of Justice (USDOJ), Executive Office of Immigration Review (EOIR), Immigration Court in Arlington, Virginia, dated April 15, 2016, with attachments:

- Formal EEO Complaint filed May 13, 2014
- Formal EEO Complaint filed December 10, 2015
- FOIA request filed October 5, 2015
- Response to counseling letter that ACIJ Christopher Santoro issued on June 25, 2015
- Response to final performance evaluation that ACIJ Christopher Santoro issued on August 3, 2015

02 Affidavit of Christopher A. Santoro (RMO, Caucasian, male, United States, no disability, prior EEO activity), Assistant Chief Immigration Judge (ACIJ) IJ-0905-04, U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), Falls Church, Virginia, dated June 21, 2016

03 Affidavit of Michael C. McGoings (RMO, African American, male, disability, no prior EEO activity), Acting Chief Immigration Judge (CIJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, Falls Church, Virginia, dated June 30, 2016

04 Affidavit of Print Maggard (RMO, African American, male, disability, no prior EEO activity), Deputy Chief Immigration Judge (DCIJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, Falls Church, Virginia, dated June 27, 2016

05 Affidavit of Mary Beth Keller (Witness, Caucasian, female, European, no disability, no prior EEO activity), Immigration Judge (IJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, Falls Church, Virginia, dated June 20, 2016

06 Affidavit of Brian O'Leary (Witness, White, male, no disability, no prior EEO activity), Immigration Judge (IJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, (currently on detail to the Board of Immigration Appeals (BIA) in Falls Church, Virginia), dated June 24, 2016

07 Affidavit of Walter Durling (Witness, Caucasian, male, no disability, no prior EEO activity), Immigration Judge (IJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR), in York, PA, dated May 24, 2016

08 Complainant's Rebuttal – One not provided

09  Organization Chart of the Executive Office for Immigration Review, Office of Chief Immigration Judge, Headquarters Immigration Court, as of March 1, 2013

10  Workforce Profile of the Executive Office for Immigration Review, Office of the Chief Immigration Judge, Headquarters Immigration Court, annotated by race, sex, national origin, disability, and reprisal, as of March 1, 2014

11  Position Description for Immigration Judge (IJ) dated August 27, 1996

12  Complainant's SF-50's from 2014 to 2016

13  Complainant's Performance Appraisal Record from July 2013 through June 2015

14  Email correspondence with Christopher Santoro regarding Complainant's performance

15  Email correspondence with Mary Beth Keller regarding Complainant's performance

16  Email correspondence with Michael McGoings regarding Complainant's performance

17  Email correspondence and documentation regarding Complainant's disability

18  Email correspondence and documentation regarding Complainant's request for reasonable accommodation

19  Emails and Requests to Christopher Santoro by Complainant regarding FMLA

20  Emails and requests to Mary Beth Keller regarding FMLA

21  Documentation from Human Resources regarding FMLA

22  Immigration Judge Reassignment Form for Complainant, dated March 8, 2008

23  Email correspondence with Christopher Santoro and documentation regarding reassignment by Complainant

24  Email correspondence with Mary Beth Keller and documentation regarding reassignment by Complainant

25  Email correspondence with Michael McGoings and documentation regarding reassignment by Complainant

26  Letter of Reprimand to Complainant from Christopher Santoro, with attachments, dated March 16, 2015

27  Discipline emails and documents regarding the Complainant from Christopher Santoro

28  Discipline emails and documents regarding the Complainant from Mary Beth Keller

29  Email correspondence between Complainant and Christopher Santoro regarding the March 16, 2015 Letter of Reprimand

30  Complainant's response to March 16, 2015 Letter of Reprimand, dated April 20, 2015

31  Email correspondence between Complainant and Mary Beth Keller regarding the March 16, 2015 Letter of Reprimand

32  Email correspondence between Complainant and Michael McGoings regarding the March 16, 2015 Letter of Reprimand

33  Letter of Counseling issued to Complainant from Christopher Santoro, dated June 25, 2015

34  Email correspondence from Christopher Santoro regarding the June 25, 2015 Letter of Counseling and additional documents

35  Email correspondence from Michael McGoings regarding the June 25, 2015 Letter of Counseling

36  Email correspondence from Christopher Santoro regarding Complainant's work environment

37  Email correspondence from Jack Weil regarding Complainant's work environment

38  Email correspondence from Christopher Santoro regarding properly functioning equipment for the Complainant


39  Email correspondence from Deepali Nadkarni regarding properly functioning equipment for the Complainant

40  Email correspondence from Jack Weil regarding properly functioning equipment for the Complainant

41  Email correspondence from Christopher Santoro regarding adequate support staff for Complainant

42  Email correspondence from Christopher Santoro regarding denial of administrative time for Complainant

43  Email correspondence from Deepali Nadkarni regarding denial of administrative time for Complainant

44  Email correspondence from Christopher Santoro regarding assigning duties

45  Email correspondence from Mary Beth Keller regarding assigning duties

46  Email correspondence from Deepali Nadkarni regarding assigning duties

47  Email correspondence from Michael McGoings regarding assigning duties

48  Email correspondence from Jack Weil regarding assigning duties

49  Email correspondence from Christopher Santoro regarding detail work assignments

50  Email correspondence from Deepali Nadkarni regarding detail work assignments

51  Email correspondence from Susana Ortiz-Ang regarding detail work assignments

52  Email correspondence from Jack Weil regarding detail work assignments

53  Email correspondence from Edward Kelly regarding detail work assignments

54  List of Judges assigned to the York Immigration Court as of January 1, 2013

    55  List of all Judges from Headquarters who have been reassigned or placed on detail for the last three (3) years, annotated by race, sex, national origin, disability, and reprisal

    56  Agency Policy regarding Family and Medical Leave Act (FMLA)

    57  Manual and Procedures for Providing Reasonable Accommodation, dated October 2002

    58  Labor Agreement between the National Association of Immigration Judges and USDOJ, Executive Office for Immigration Review, dated May 29, 2008

**Tab G:**     **MISCELLANEOUS**

    G1    Letter of Authority, dated February 3, 2016
    G2    Agency Response to Document Request, dated April 1, 2016

## VI. BACKGROUND

**Quynh V. Bain**, hereafter referred to as Complainant, is employed as an Immigration Judge, SL-04, with the Executive Office for Immigration Review (EOIR), Immigration Court in Arlington, Virginia. Complainant alleges that she was discriminated against by being subjected to disparate treatment and a hostile work environment based on her race, sex, national origin, disability, and for engaging in prior EEO activity. She states that during the time of the alleged discrimination she had three (3) first line supervisors. They were Assistant Chief Immigration Judge (ACIJ) Christopher Santoro, ACIJ Mary Beth Keller, and ACIJ Deepali Nadkarni. Complainant states that her second line supervisor was Deputy Chief Immigration Judge (DCIJ) Michael McGoings.

Complainant made initial contact with an EEO Counselor on October 9, 2015, and had the initial interview on October 19, 2015. Attempts at informal resolution failed, and Complainant was issued a Notice of Final Interview and Notice of Right to File a Complaint of Discrimination on November 25, 2015 (Tab B).

Complainant filed a Complaint of Discrimination on December 10, 2015 (Tab A, Exhibit 1). The complaint was acknowledged on December 17, 2015, and accepted for investigation on December 23, 2015, and amended on December 31, 2015 (Tab C, Exhibits 1, 2 and 3):

> Whether management discriminated against you by subjecting you to disparate treatment and a hostile work environment based on your race, sex, national origin, disability (mental condition), and for engaging in prior EEO activity.

**Complainant** (Tab F, Exhibit 1) states she is an Immigration Judge, SL-04, in Arlington, Virginia. She has held her current position for eight (8) years and has been with the U.S. Department of Justice for 25 years.

Complainant states that beginning in 2012 she was experiencing episodes of migraine/tension headaches that she suspected were caused by unhealthy work conditions. Her physician later determined that the principle cause of the migraine/tension headaches was most likely the prolonged use of and exposure to improperly functioning video-teleconference equipment and an otherwise unhealthy work environment. Complainant states the headaches were exacerbated by the hostile work environment that her supervisors and colleagues were creating.

Complainant states she is a cancer survivor and is in remission. She claims this does not affect her daily functioning or work performance, and is not asserting that she has an actual disability in this discrimination case. However, Complainant states that the agency has perceived her cancer as an actual disability and has used that perception to try to demote or terminate her position as an Immigration Judge.

Complainant states that she filed informal EEO complaints on March 20, 2014, March 20, 2015, and October 9, 2015, and has filed formal EEO complaints on May 13, 2014, December 10, 2015.

Complainant states the Agency has discriminated and retaliated against her through the following actions:

1. She was denied a reassignment from the all video Headquarters court to the Arlington Immigration Court;

2. She was denied reasonable accommodation;

3. She was questioned for the necessity of FMLA leave and questioned when she took FMLA leave;

4. She was questioned when she complained about persistently malfunctioning video teleconferencing equipment (VTC);

5. She was questioned when she filed EEO complaints and a union grievance; and

6. She was forced to apply for the position of Member of the Board of Appeals as a way of extricating herself from an unhealthy, toxic, and hostile work environment that she believes management officials created.

Complainant states that ACIJ Jack Weil and ACIJ Nadkarni are responsible for criticizing her. ACIJ Keller and ACIJ Nadkarni are responsible for threatening disciplinary action. ACIJ Santoro and ACIJ Keller are responsible for issuing her counseling emails and/or other types of letters. ACIJ Santoro is responsible for issuing a reprimand letter. ACIJ Santoro and DCIJ McGoings are responsible for issuing a negative or unfavorable final performance evaluation, Complainant asserts that all of these actions took place within a span of six (6) to eight (8) months.

Complainant states the harassment has been witnessed by fellow judges, court staff, judicial law clerks, and attorney advisors employed with the court, government attorneys, along with private bar attorneys, union representatives, and other agency personnel.

Complainant states that when she approached management regarding the harassment they investigated her rather than the complaints she made. She further states that the investigation included physical surveillance, home and car break-ins, confiscation of items from her office and home, surveillance of her work email account, deletions or alterations of her work emails and electronic documents that were stored in her personal computer, mobile communication devices, and cloud based storage.

Complainant states that the effect of the harassment and disparate treatment has been devastating and she has suffered severe migraines, headaches, debilitating fear, anxiety, humiliation, depression, and insomnia. Complainant is aware that there are at least four (4) other female judges that were discriminated against in similar fashion. Two (2) were Asian-American, and two (2) were African-American.

**Christopher A. Santoro** (Tab F, Exhibit 2) states he is the Assistant Chief Immigration Judge (ACIJ), U.S. Department of Justice (USDOJ), Executive Office for Immigration Review (EOIR) located in Falls Church, Virginia. He states he has held his current position since March 2012, and has been with the DOJ since 2000. ACIJ Santoro is a Caucasian male, American, with no disability or prior EEO activity, but has been a witness in one EEO complaint.

ACIJ Santoro was Complainant's first line supervisor from March 2012 through August 2015. ACIJ Santoro is aware the Complainant is female and of Vietnamese decent. He states he was only aware of one (1) EEO complaint filed by Complainant and was not aware of any disability that is supported by medical documentation. ACIJ Santoro is aware that the Complainant has requested and received leave in June 2014 after she was seen by a physician to evaluate complaints of pain and sensitivity to light and sound, nausea, difficulty with task completion, and communication and memory issues. ACIJ Santoro states that a subsequent evaluation by a specialist resulted in a diagnosis presbyopia and a recommended treatment of wearing reading glasses and use of eye lubricant or

gels. He further states that the Complainant's physician found that no accommodations were required beyond those contained in standard ergonomic manuals.

ACIJ Santoro states the Complainant requested and received leave in March 2015 following her physician's initial diagnosis of chronic headaches, and returned in May 2015 with no medically ordered limitations.

ACIJ Santoro states that he was copied on an email from ACIJ Keller to the Complainant in which ACIJ Keller counseled her on her tone in an email exchange between them. He states he discussed this email exchange with ACIJ Keller and felt that the Complainant's tone was inappropriate and should be addressed.

ACIJ Santoro states he has no knowledge or involvement with the process of indefinitely detailing the Complainant to the York Court.

ACIJ Santoro states he issued the Complainant her reprimand for the reasons contained therein. He states he spoke with ACIJ Keller, in her role as the ACIJ for Immigration Judge Conduct and Professionalism. He discussed his concerns about the Complainant's conduct and the response he was considering at the time.

ACIJ Santoro states the Complainant requested reasonable accommodations sick leave, a docket that did not require hearing cases by video teleconferencing, and a temporary detail to the Arlington Immigration Court. ACIJ Santoro believes he granted sick leave that was supported by the medical documentation submitted by the Complainant. He also granted the Complainant a temporary accommodation through June 4, 2014, when she had a follow up appointment with the eye institute. Through the temporary accommodation, her docket was cleared so she did not have to conduct video hearings.

In a letter from the Complainant's physician dated June 6, 2014, the Complainant was said to have no "job related limitations" and did not need specific accommodations other than proper lighting and other ergonomic considerations. Accordingly, he did not approve her requested accommodation for a non-VTC docket or temporary detail to Arlington Immigration Court. ACIJ Santoro states he consulted with the Reasonable Accommodations Coordinator and Agency counsel as appropriate throughout the process.

ACIJ Santoro states he issued the Complainant a Counseling letter on June 25, 2015, after discussing the Complainant actions with ACIJ Keller and Susana Ortiz-Ang, Office of the Chief Immigration Judge (OCIJ).

ACIJ Santoro states he issued the Complainant her performance rating in August 2015. He further states that he discussed the rating with ACIJ Keller and provided her a draft of the evaluation and sought her advice. ACIJ Santoro also

discussed the Complainant's performance rating and general performance with ACIJ Nadkarni.

ACIJ Santoro states he has no knowledge or involvement with the processing of the Complainant's application to be a Board of Immigration Appeals Board Member. ACIJ Santoro states that the Complainant told him that she felt she was being treated unfairly by her colleagues in the Arlington and Headquarters Immigration Courts. He states he asked for more specific information but none was provided, and was unable to take any further action. ACIJ Santoro states that beginning in 2013, and due to the nature of the Complainant's demeanor and conduct issues, nearly all his communication with her was either in writing at the outset or reflected in a contemporaneously- generated memorandum. He further states that all decisions and actions taken regarding issues identified in this complaint were not because of the Complainant's race, sex, national origin, disability, or prior EEO activity.

**Michael C. McGoings** (Tab F, Exhibit 3) states he is an Acting Chief Immigration Judge (CIJ), Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, in Falls Church, Virginia. He states he has been in his current position since in March 2016, and prior to that he was in his permanent position of Deputy Chief Immigration Judge (DCIJ), which he has held since March 2013. He has been with EOIR since 1995, and the DOJ since 1987. CIJ McGoings is an African-American male, with a hearing disability, and no prior EEO activity, but has been a witness in another unrelated case.

CIJ McGoings states he is the Complainant fourth line supervisor and has no knowledge of her disability, race, national origin, or prior EEO activity, but is aware of that she is female.

CIJ McGoings states he served as the reviewing official and signed the performance ratings for the immigration judges. In that role, he was generally informed by an ACIJ when he or she planned to rate an immigration judge anything other than "satisfactory." Based on his review of the Complainant's performance she was rated as "improvement needed" in Critical Element 2 (Professionalism). CIJ McGoings did not have any knowledge or relevant information regarding any of the other issues described in this complaint.

**Print Maggard** (Tab F, Exhibit 4) states he is a Chief Immigration Judge, Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, on detail to Falls Church, Virginia from San Francisco, California. He was appointed CIJ in July 2015, and has served in that position until March 22, 2016, when he was reverted to the position of Deputy Chief Immigration Judge. CIJ Maggard states he has been with the agency since April 2009, and is Caucasian, born in the United States, disabled veteran, with no prior EEO activity.

CIJ Maggard states he was Complainant's third line supervisor starting in July 2015, and has been her second line supervisor from March 22, 2016 to present. CIJ Maggard is aware that the Complainant is female, but is not aware of her national origin, race, disability, or prior EEO activity.

CIJ Maggard states he had one (1) conversation with ACIJ Santoro about Headquarters assisting the York Court with its docket. The role was to assist courts across the country, generally holding hearings by VTC. He further states he has no other information regarding this complaint.

**Mary Beth Keller** (Tab F, Exhibit 5) states she is an Assistant Chief Immigration Judge, Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, in Falls Church, Virginia. She has held her current position for 10 years and has been with the agency for almost 28 years. ACIJ Keller is a Caucasian female, European, no disability, and no prior EEO activity. She currently has no working relationship with the Complainant, except as part of the overall OCIJ management team. In the past she was the Complainant's supervisor and has also served periodically as Complainant's back-up supervisor. ACIJ Keller states she supervised the Complainant from March 2008 through June 2009.

ACIJ Keller states she was aware the Complainant was female, Vietnamese, and had prior EEO activity. She knew very little about the Complainant's disability, but knew she had reported medical issues and may have requested reasonable accommodation.

ACIJ Keller states she wrote an email to the Complainant on January 5, 2015, cautioning her to consider the language she uses when addressing people, after receiving an inappropriate email from her. ACIJ Keller states she discussed the email exchange with ACIJ Santoro who was the Complainant's supervisor at the time. After consulting with the agency counsel, ACIJ Keller sent the email to the Complainant. ACIJ Keller alleges the Complainant was rude and disrespectful in her emails and she felt it was necessary and appropriate to let her know that this was not acceptable.

ACIJ Keller states she spoke with ACIJ Santoro about conduct and professionalism with respect to the Complainant. She further states that she has a responsibility for the efficient and appropriate resolution of complaints about judges, as well as issues implicating poor judge conduct or performance. ACIJ Keller states it is very likely that she discussed the Complainant's reprimand with ACIJ Santoro, as well as with agency counsel.

ACIJ Keller states she can recall the Complainant requesting additional administrative time to complete work, but was not involved in granting or denying the requests.

ACIJ Keller states that she had several conversations with ACIJ Santoro about potential discipline for the Complainant traveling without required approval from her supervisor. ACIJ Keller recalls that harsher discipline was contemplated but ACIJ Santoro wanted to remain consistent with other disciplinary actions taken and issued the Complainant a Letter of Counseling.

ACIJ Keller is aware that the Complainant was rated "improvement needed" in one performance element, and the Complainant sought the opportunity to grieve her final rating. ACIJ Keller states that the bases identified by the Complainant in this complaint were not factors in any decision or advice she gave.

Witnesses

**Brian O'Leary** (Tab F, Exhibit 6) states he is an Immigration Judge, IJ-905-4, U.S. Department of Justice, Executive Office for Immigration Review (EOIR), Office of the Chief Immigration Judge, located in Falls Church, Virginia. He has held his current position since May 1994. IJ O'Leary is a White male, no disability or prior EEO activity. He states his current supervisor is ACIJ Nadkarni and his second line supervisor is DCIJ Maggard. IJ O'Leary is currently a co-worker of the Complainant's, but was on detail from July 2009 through July 2015, where he served as Complainant's third line supervisor.

IJ O'Leary is aware of Complainant's sex, national origin, race, and prior EEO activity, but it not aware of the any disability the Complainant may have. IJ O'Leary states that he has no knowledge or relevant information pertaining to the issues in this complaint.

**Walter Durling** (Tab F, Exhibit 7) states he is an Immigration Judge, U.S. Department of Justice, Executive Office for Immigration Review (EOIR) located in York, Pennsylvania. He has held his current position since 1993, and has worked with the agency for 30 years. IJ Durling states he is a Caucasian male and his first line supervisor is ACIJ Nadkarni. He further states he was a co-worker of the Complainant when she was assigned to conduct cases in York.

IJ Durling states that when the Complainant was assigned to York she reflected that she was being singled out for disparate treatment. IJ Durling did not speak to anyone regarding the Complainant's concerns as he felt it would have been inappropriate. IJ Durling states that he likes the Complainant, but she encountered difficulties completing some of her assigned cases.

Rebuttal (Tab F, Exhibit 8)

Complainant did not submit a rebuttal.

Tab F, Exhibit 10 contains the Workforce Profile shows that as of March 1, 2014, there were 19 employees at the Arlington Immigration Court. Of the 19 employees, 14 are female and five (5) are male; eight (8) are Black/African-American, seven (7) White, two (2) Hispanic/Latino, and two (2) Asian; only one has a disability. There are four employees at Headquarters. Of those four employees two (2) are female and two (2) are male; one (1) is Asian, two (2) White, and one (1) Black/African-American; no one has a disability.

Tab F, Exhibit 11 contains documentation of the alleged sexual harassment and retaliatory actions.

Tab F, Exhibit 12 contains the Complainant's SF-50's.

Tab F, Exhibit 13 contains the Complainant's Performance Appraisal Records.

Tab F, Exhibits 14 through 16 contains email correspondence regarding Complainant's performance.

Tab F, Exhibits 17 through 21 contains email correspondence, requests, and documentation regarding disability, FMLA, and reasonable accommodation.

Tab F, Exhibits 22 through 25 contains emails correspondence and documents regarding reassignment.

Tab F, Exhibits 26 through 35 contains discipline issued to Complainant, email correspondence and documents pertaining to discipline.

Tab F, Exhibits 36 and 37 contains email correspondence regarding Complainant's work environment.

Tab F, Exhibits 38 through 43 contains email correspondence regarding properly functioning equipment and adequate support staff.

Tab F, Exhibits 44 through 55 regarding assigning duties and detail work assignments.

Tab F, Exhibits 56 through 58 contains agency policies.