# Exhibit N

*Bain v. Office of the Attorney General*, Civ. A. No. 21-01751 (RDM)
Defendants' Motion to Dismiss, In Part



**U.S. Department of Justice**
Executive Office for Immigration Review

*Office of the Chief Immigration Judge*

*5107 Leesburg Pike, Suite 2500*
*Falls Church, Virginia 20530*

July 28, 2016

BY ELECTRONIC MAIL

Immigration Judge Quynh V. Bain
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202

Re:  Letter of Counseling

Dear Judge Bain,

The purpose of this letter is to counsel you regarding your unprofessional conduct in your exchange with Immigration Judge Roxanne Hladylowycz on July 8-12, 2016. Att. 1. You initiated the interaction with accusations and a caustic tone, attacking Judge Hladylowycz for assigning a case to your docket.

> Cheri just advised me that on June 16, you scheduled an individual hearing on my calendar for this coming Wednesday, July 13, to begin at 1:00 p.m. I was not aware of the reassignment, and I was not aware that you feel that you have the authority to reassign your cases to me. I can only assume that you did this without Deborah's knowledge or ACIJ Nadkarni's consent, and you certainly did not seek my consent before you transferred the case to me. . . . Lest you think that Arlington operates the same way that York did, please be advised that I find this practice completely unacceptable and it must stop.

Att. 1 (Bain e-mail, July 8, 2016 @ 4:50 p.m.). Despite your assumption of malicious intent by Judge Hladylowycz, it appears there was a simple scheduling error that was quickly and easily remedied by the Court Administrator upon her return to the office. Att. 1 (Deborah Castro e-mail, July 12, 2016 @ 12:57 p.m.). Nonetheless, your accusations set the tone for a lengthy exchange with Judge Hladylowycz in which you both escalated a simple mistake to a full-blown battle of words and emotions. Despite learning of Ms. Castro's resolution of the matter, you continued to engage in inappropriate and unprofessional back-and-forth banter with Judge

Hladylowycz on an e-mail chain that included the Deputy Chief Immigration Judge Print Maggard and Chief Immigration Judge (Acting) Michael McGoings.

> Judge Hladylowycz, please see the attached emails concerning Judge Nadkarni's fair and equal distribution of the workload.
>
> Let's show respect for that process, shall we? And let's not make the support staff take the blame for actions they did not take?
>
> Have a good day.
>
> QVB

Att. 1 (Bain e-mail, July 12, 2016 @ 3:33 p.m.). Your accusatory tone in your initial e-mail, your continued engagement in the escalating exchange, and your lack of judgment in considering the content of and the audience receiving the e-mails was unprofessional and inappropriate.

Importantly, you have been counseled regarding your unprofessional behavior in the past, and you received a reprimand for unprofessional communication with your supervisor. Att. 2. The letter of reprimand addressed communications in which you engaged with your supervisor in an aggressive and petulant manner, similar to your recent communications with Judge Hladylowycz. In the letter, your supervisor set his expectations for your behavior: "In your high-level position, I expect that you conduct yourself in a professional manner at all times. This includes communications to me, your colleagues, and support staff. I expect your conduct to set a positive example for other employees in the office." Att. 2 at 4. He warned: "In sum, your defiance and inappropriate demeanor amounts to a serious lapse of judgment. By this letter, I have elected to reprimand you, as opposed to taking more severe disciplinary action. Be advised that any recurrence of similar misconduct may result in further disciplinary action." *Id.*

As a result of your repeated unprofessional communications, you received the rating of Improvement Needed for the critical element of Professionalism on your last rating of record. Att. 3. It is now time for your mid-term performance progress review. If I had to rate your performance today, you would be rated Improvement Needed again in the critical element of Professionalism. You have not heeded the warnings you have been given, and indeed you have continued to engage with your colleagues and with me in an unprofessional manner. *See e.g.*, Att. 4.

After careful consideration, I have chosen to issue you this letter of counseling, as opposed to taking a disciplinary action, for a variety of reasons, including that I believe that you and Judge Hladylowycz both exacerbated a very simple matter and behaved inappropriately. Nonetheless, I urge you to take the advice offered by Assistant Chief Immigration Judge Santoro in his letter of reprimand—conduct yourself in a professional manner at all times, including with your supervisors, your colleagues, and support staff, as well as my recent warning to you to ". . . be mindful of conveying an appropriate tone in future communications." Att. 4. You are an immigration judge and a representative of the Attorney General of the United States. Your behavior should reflect the importance of the work you have been hired to do, whether you are in

2

court or not. I expect you to treat everyone with respect. If you have concerns about court matters, or how you are being treated by a colleague, you must address those matters through appropriate means to a member of the management team and be careful to employ a tone of respect and professionalism. You must not berate your colleagues or others—regardless of what you assume to be their motives.

Please be advised this letter of counseling does not constitute a formal disciplinary action, and it will not be placed in your official personnel file. Your failure to adhere to my instructions, however, may result in discipline, up to and including removal from the Federal service.

Sincerely,

*Deepali Nadkarni*
Assistant Chief Immigration Judge

Attachments

3