Exhibit H

*Bain v. Office of the Attorney General*, Civ. A. No. 21-01751 (RDM)
Defendants' Motion to Dismiss, In Part



**U.S. Department of Justice**
Complaint Adjudication Office

Agency No. EOI-2016-00137        EEOC No. 570-2016-01466X
DJ No.    187-10-54

*950 Pennsylvania Ave NW, Room 3651*
*Washington, D.C. 20530*

Ms. Quynh Vu Bain
213 3rd Street S.E.
Washington, D.C. 20003
*quynhb@verizon.net*

APR 02 2020

Dear Ms. Bain:

This is in reference to the complaint of discrimination that you filed against the Executive Office for Immigration Review. Enclosed is the Department of Justice's Final Order and Memorandum Explaining the Final Order. The Department of Justice accepts the Administrative Judge's decision that the record did not support a finding that you were subjected to discrimination on the basis of race, sex, national origin, and/or disability, to retaliation on the basis of your EEO activity, or to a discriminatory and/or retaliatory hostile work environment. If you disagree with any part of this decision, please follow the instructions below.

### Rights of Appeal

You have the right to appeal the decision to the Equal Employment Opportunity Commission (EEOC). You may file your appeal of the claim within 30 days of the date you receive this decision. If you are represented by an attorney of record, the 30-day appeal period shall begin to run the day your attorney receives this decision. The appeal must be in writing. The EEOC prefers that you use EEOC Form 573, Notice of Appeal/Petition to file your appeal; a copy of Form 563 has been attached to this letter. The Notice of Appeal should be sent to Carlton Hadden, Director, EEOC, Office of Federal Operations. You may send the Notice of Appeal to Director Hadden by mail at P.O. Box 77960, Washington, D.C. 20013, by facsimile at 202-663-7022 (submission must be no longer than 10 pages), or you can hand-deliver it at 131 M Street N.E., Washington, D.C. 20507. You must also send a copy of your notice of appeal to Katherine Reilly, Chief Counsel, Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 20530. You must state the date and method by which you sent the copy of your notice to Ms. Reilly either on, or attached to, the notice of appeal you mail to the EEOC. Alternatively, you may file

your appeal online by using the EEOC Public Portal at www.eeoc.gov.

You also have the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision. In filing your federal complaint, you should name Attorney General William P. Barr as the defendant. Even if you appeal this decision to the EEOC, you still have the right to go to federal court. You may file a civil action in the United States District Court within 90 days of the day you receive the EEOC's final decision on your appeal, or after 180 days from the date you filed your appeal with the EEOC, if the EEOC has not made a final decision by that time.

If you cannot afford to file a civil action, you can ask the court to allow you to file the action at no cost to you. The court may also provide you with an attorney if you cannot afford to hire one to represent you in your civil action. Questions concerning when and how to file a waiver of costs should be directed to your attorney or the District Court clerk.

Sincerely,

*(signature)*

Robert K. Abraham
Acting Complaint Adjudication Officer

Cc: Maria Coleman
    Antoinette Eates
    Katherine Reilly
    Richard Toscano

*The U.S. Equal Employment Opportunity Commission*

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____Yes; Date Received _____ (Remember to attach a copy)<br>____No<br>____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ____No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____No<br>____Yes **(Attach a copy of the civil action filed)** |

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | |
|---|---|
| Date: | |

**EEOC Form 573 REV 1/01**

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

*This page was last modified on January 9, 2009.*



**U.S. Department of Justice**
Complaint Adjudication Office

Agency No. EOI-2016-00137        EEOC No. 570-2016-01466X
DJ No.      187-10-54

*950 Pennsylvania Ave NW, Room 3651*
*Washington, D.C. 20530*

DEPARTMENT OF JUSTICE FINAL ORDER

APR 0 2 2020

in the matter of

Quynh Vu Bain v. Executive Office for Immigration Review

Based on a review of the record, the Department of Justice accepts the Administrative Judge's decision that the record did not support a finding that the complainant, Quynh Vu Bain, was subjected to discrimination on the basis of race, sex, national origin, and/or disability, to retaliation on the basis of her EEO activity, or to a discriminatory and/or retaliatory hostile work environment with regard to various issues involving: the amount, nature, and source of her work assignments; the amount of time she was given to complete various matters; various scheduling matters; the location at which she worked; formal and informal counseling that she received; her performance ratings; her exclusion from special work opportunities; her non-selection for positions; the responsiveness of her supervisor to inquiries; her access to recordings related to an ethics complaint against her; an issue involving her government credit card bill; her supervisor's effective overruling of her decision to deny a recusal motion; and an issue involving leave.

Robert K. Abraham
Acting Complaint Adjudication Officer


**U.S. Department of Justice**
Complaint Adjudication Office

Agency No. EOI-2016-00137      EEOC No. 570-2016-01466X
DJ No.      187-10-54

*950 Pennsylvania Ave NW, Room 3651*
*Washington, D.C. 20530*

DEPARTMENT OF JUSTICE MEMORANDUM     APR 02 2020

Explaining the Final Order

in the matter of

Quynh Vu Bain v. Executive Office for Immigration Review

    Section 1614.110 of 29 C.F.R. provides that the Department of Justice shall issue a final order accepting or rejecting an Administrative Judge's (AJ) decision. In this case[1], the Department of Justice accepts the AJ's decision that the record did not support a finding that complainant was subjected to discrimination on the basis of race, sex, national origin, or disability, to retaliation on the basis of her EEO activity, or to a discriminatory or retaliatory hostile work environment. During the relevant period, complainant was an Immigration Judge with the Executive Office for Immigration Review (EOIR). The 39 issues before the AJ involved the amount, nature, and source of complainant's work assignments; the amount of time she was given to complete work and other matters; various scheduling issues; the location at which she worked; formal and informal counseling that she received; her performance ratings; her exclusion from special work opportunities; her non-selection for positions; the responsiveness of her supervisor to inquiries; her access to recordings related to an ethics complaint against her; an issue involving her government credit card bill; her supervisor's effective overruling of her decision to deny a recusal motion; and an issue involving leave. AJ Decision at 1-7.

    The discovery period in this case was long and contentious, and the AJ's rulings on discovery matters and other issues were fair and supported by substantial evidence, resulting in a thoroughly-developed record. AJ Decision at 1-2. <u>See also</u> Compl't's Mot. for Sanctions (Aug. 25, 2016); Compl't's Mot. to Am. (Aug. 25, 2016); Case Management Order (May 2, 2018);

---

[1] In an apparent typographical error, the AJ listed the EEOC number for this case with an additional "X." Order Entering J. at 1; AJ Decision at 1.

Compl't's Second Mot. to Am./Update Hostile Work Env't Cl. (May 7, 2018); EOIR's Opp'n to Compl't's Second Mot. to Am. (May 14, 2018); Order to Compl't to File Reply (May 16, 2018); Compl't's Reply to Opp'n to Second Mot. to Am. (May 24, 2018); Order Grant. in Part and Den. in Part Compl't's Second Mot. to Am. (June 5, 2018); Settlement Status Update (June 18, 2018); EOIR's Emergency Mot. to Stay Proceedings (Sept. 21, 2018); EOIR's Mot. for Dismissal Sanctions based on Compl't's and Compl't's Counsel's Contumacious Conduct (Sept. 21, 2018); Order Grant. Stay of Deadlines (Sept. 24, 2018); Compl't's Opp'n to EOIR's Mot. for Dismissal as Sanction (Sept. 28, 2018); Order Den. EOIR's Mot. for Sanctions and Disc. Order (Oct. 29, 2018); Order Grant. Compl't's Extension Req. (Nov. 16, 2018); EOIR's Mot. to Compel Compl't to Produc. Disc. Pursuant to Order, Dated October 29, 2018 (Nov. 30, 2018); Disc. Order (Dec. 14, 2018); EOIR's Mot. for Protective Order (Apr. 10, 2019); Compl't's Opp'n to EOIR Mot. for Protective Order (Apr. 22, 2019); Order on Proposed Protective Order (Apr. 25, 2019).

    Complainant described many issues that she had at work, all of which involved work-related interactions, and none of which described any overt discriminatory or retaliatory content. The bulk of complainant's allegations involved assertions that she was assigned more cases, and more difficult cases, at that, than her colleagues. Complainant believed that many of these cases were taken from her colleagues' dockets and unloaded onto her because her colleagues did not want to complete them. Complainant claimed that her supervisors stymied her various attempts to address this alleged disparity. Another focus of complainant's allegations was that management unfairly counseled her, both informally and formally, for various matters involving alleged unprofessional behavior, some of which related to her attempts to address the alleged disparity in assignments, and that these counselings negatively affected her performance ratings and prevented her from engaging in special work opportunities and from being selected for positions. In addition, complainant alleged that management's decisions regarding various matters involving her work, work location, and an ethics complaint against her were an attempt to undermine her. AJ Decision at 9 (adopting and incorporating by reference EOIR's Statement of Undisputed Material Facts).

    While complainant thoroughly described the factual details of these issues, her explanations for why she believed that race, sex, national origin, disability, or EEO activity factored into management's actions were less detailed. Complainant asserted that the judges whose cases had been assigned to her

were outside of her protected classes, that four other non-white, female colleagues had been mistreated by management, and that management's alleged tendency to not give her the benefit of the doubt demonstrated its discriminatory and retaliatory animus towards her. While complainant asserted that these limited comparisons, as well as other details regarding the various work-related matters, constituted disputed material facts, EOIR argued that the people to whom she compared herself were not true comparators, that the details of the comparisons were vague and uncorroborated, and that the other facts over which the parties disagreed were immaterial. EOIR described management's legitimate, non-discriminatory and non-retaliatory explanations for its actions and asserted that complainant had not produced evidence demonstrating that these explanations were untrue. See generally, ibid.; EOIR's Mot. for Summ. J. (MSJ); Compl't's Opp'n to MSJ; EOIR's Reply to Compl't's Opp'n to MSJ.

Ultimately, the AJ agreed with EOIR that no material facts were in dispute and that the evidence complainant provided to show that management's actions were motivated by discriminatory and/or retaliatory animus was insufficient to survive summary judgment. The AJ wrote that complainant's allegations "amount to mere disagreements and dissatisfaction with the exercise of management authority by her supervisors," that her "conclusory" and otherwise "unsupported assertions of unlawful motivation" were insufficient to establish a nexus between management's actions and race, sex, national origin, disability, or EEO activity, and that the record did not otherwise provide such evidence. As such, the AJ granted EOIR's MSJ in EOIR's favor. AJ Decision at 10-12.

In preparing this Final Action, the Department of Justice's review of the AJ's decision is conducted under the "substantial evidence" standard such that the AJ's decision will be accepted if supported by "substantial evidence" in the record. 29 C.F.R. § 1614.405(a). Given the fact that complainant is an experienced legal professional who was represented by counsel before the AJ, and given the length and depth of discovery in this case, complainant had ample ability and opportunity to develop the record to include corroboration for her allegations and/or to raise sufficient doubt about management's explanation for its actions to warrant a hearing and/or judgment in her favor.[2] In light of this, substantial evidence supports the AJ's

---

[2] In a brief to the Department of Justice, complainant raised issues involving her attorney and the state of the AJ's docket. Mem. in Supp. of Compl't's Position (Mar. 27, 2020) (Compl't's CAO Br.) at 4-6. These issues do not warrant rejection of the AJ's Decision.

3

finding that the facts disputed by complainant were immaterial, such that a decision on summary judgment was appropriate, and that the fairly scant comparator evidence was insufficient to establish that race, sex, national origin, disability, or EEO activity factored into management's actions in this complaint. AJ Decision at 10-12.

In a brief to the Department of Justice, complainant raised issues related to a Protective Order pertaining to more than 100 documents that complainant obtained from an EOIR network drive. See generally, Compl't's CAO Br.; Protective Order (Feb. 26, 2020). Complainant asked that the Department "defer[] implementation" of this Protective Order, as doing so would "give [her] an opportunity to resolve the underlying discovery dispute with the Agency through the Office of Information Policy." Compl't's CAO Br. at 2.[3] The Protective Order was entered at the very end of the hearing process, on the same day as the AJ's Decision. Importantly, for several weeks prior to entering the Order, the AJ invited the parties to state their position on complainant's intent to use the documents obtained from the EOIR network. Indeed, the record suggests that, before the Protective Order was issued, complainant did, in fact, use some of the documents in question to make her case to the AJ. See, e.g., Compl't's CAO Br. at 6. As such, the Protective Order does not constitute a sufficient reason to reject the AJ's Decision on the merits of complainant's complaint. While complainant wishes to utilize more of the EOIR documents than what she used in her case before the AJ, there is no showing that the information that the AJ considered and based her decision on was inadequate or misleading, or that the unused documents are so relevant to the complaint that they must be allowed into this process. Complainant could have made those arguments to the AJ during the hearing period, and the record indicates that the AJ asked the parties for responses on the matter. Given that opportunity, and given that complainant already used some of the documents, there is no basis at this stage in the process to not accept the AJ's decision on the matter or to "stay" the Protective Order in the form of a Final Order rejecting the AJ's decision. To the extent to which complainant is concerned that the Protective Order's language

---

[3] Complainant also asked this Office to "provisionally stay its issuance of the Final Administrative Decision in this EEO matter." Compl't's CAO Br. At 2. EEOC regulations provide that the Agency has 40 days from receipt of the hearing file and AJ's Decision to issue its Final Order. 29 C.F.R. § 1614.110(a). If the Agency does not issue a Final Order by the 40-day deadline, then the AJ's Decision becomes the Agency's Final Order by default. 29 C.F.R. § 1614.109(i). As such, this Office cannot stay the issuance of the Department of Justice's Final Order.

prevents her from being able to use the documents subject to the Order in proceedings outside of the EEOC, id. at 6, she can address that issue within those proceedings.[4] Complainant is also she is free to raise any issues she has with the content of the Protective Order in an appeal to the EEOC's Office of Federal Operations.

In light of the above, the Department of Justice accepts the AJ's decision and enters a final order acknowledging that it will be fully implemented.

Robert K. Abraham
Acting Complaint Adjudication Officer


/s/ Alexander D. Silver
Alexander D. Silver
Complaint Adjudication Office

---

[4] It is noted that, in an Order regarding the proposed Protective Order, the AJ stated that the "EEOC lacks authority to limit or control how" the documents at issue are "used outside of the EEOC process." Order on Proposed Protective Order (Apr. 25, 2019).

5