Exhibit M

*Bain v. Office of the Attorney General*, Civ. A. No. 21-01751 (RDM)
Defendants' Motion to Dismiss, In Part

Quynh Vu Bain
213 Third Street, SE
Washington, DC 20003
(202) 569-0942 (mobile)
(703) 603-1360 (work)

October 5, 2015

*By facsimile to (703) 605-0570 and by certified mail*

Office of the General Counsel
Attn: FOIA Service Center
Executive Office for Immigration Review
U.S. Department of Justice
Falls Church, Virginia 22041

Dear Sir or Madam:

Pursuant to the Freedom of Information Act (FOIA, 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, please provide me with a copy of the items listed below. As this request seeks information that is urgently needed to prepare time-sensitive personnel actions, I request expedited processing of this request. Attached is a signed and executed DOJ 361 form.

The requested items are:

1. The retention registry for all immigration judge positions, including supervisory judge positions. Include persons who have been temporarily promoted or detailed from the competitive levels and are expected to return to the competitive level at the end of the temporary promotion or detail. Include all temporary employees, employees with time-limited appointments, employees with career conditional appointments, and excepted employees.

2. Agency policy, guidelines, and instructions to supervisory Assistant Chief Immigration Judges and other rating officials concerning evaluation of immigration judges' work performance.

3. My performance work plan (PWP) for the rating period August 2015 to August 2017. Please provide a copy of the official document showing my signature and the signatures of the rating officials and the dates on which the document was signed.

4. My mid-term performance evaluation for the rating period August 2013 to August 2015. Please provide a copy of the official document showing my signature and the signatures of the rating officials and the dates on which the document was signed.

1

5. My final performance evaluation for the rating period August 2013 to August 2015. Please provide a copy of the official document showing my signature and the signatures of the rating officials and the dates on which the document was signed.

6. Written or verbal communications that the OCIJ considered in preparing my final performance evaluation. Please include the names of individuals, their titles, the dates contact was made to obtain input from them, and the input they provided.

7. Written work product, special assignments, and special work opportunities that I completed during the rating period, which the OCIJ actually considered in preparing the final performance evaluation.

8. All "evaluative recordations" made during the rating, period (August 2013 to August 2015). See NAIJ bargaining agreement, para. 22.4.b. If none was prepared, please so indicate.

9. Records of conversation(s) between ACIJ Santoro and me during the rating period concerning the performance standards. Please provide the date on which a communication took place, the means of communication (i.e., telephone, email, or in person), and the subject matter of the communication.

10. Working rules, policies, and procedures that were communicated to me during the rating period concerning the handling of my work assignments and work-related travel. Include the dates on which those rules, policies, and procedures were communicated, who communicated them, and how they were communicated (i.e., in person, by telephone).

11. Documents concerning my full-time "indefinite detail" to the York Immigration Court, effective February 3, 2015. Please include the date on which the decision was made, by whom, and for what reason. Also include the date on which the decision was communicated to me, by whom, and how.

12. Critical elements and performance standards that were communicated to me before I commenced the indefinite detail referenced in paragraph 10. Include the dates on which such elements and performance standards were communicated, who communicated them, and how they were communicated.

13. Critical elements and performance standards that were communicated to any other Headquarters Immigration Court (HQIC) judge during the rating period August 2013 to August 2015. Include the dates on which such elements and performance standards were communicated, who communicated them, and how they were communicated.

2

14. Critical elements and performance standards that were communicated to any other HQIC judge before he/she commenced a detail lasting more than 120 days. Include the dates on which such elements and performance standards were communicated, who communicated them, and how they were communicated.

15. The written counseling of January 5, 2015, the written counseling of March 6, 2015, and the written counseling of June 25, 2015 that OCIJ issued to me. Include all attachments.

16. The name of every individual with whom ACIJ Santoro communicated concerning the issuance of the January 5, 2015 written counseling, the date of each communication, and the substance of the communication.

17. The name of every individual with whom ACIJ Santoro communicated concerning the issuance of the March 6, 2015 written counseling, the date of each communication, and the substance of the communication.

18. The name of every individual with whom ACIJ Santoro communicated concerning the issuance of the June 25, 2015 written counseling, the date of each communication, and the substance of the communication.

19. The March 16, 2015 reprimand letter. Include all attachments.

20. The name of every individual with whom ACIJ Santoro communicated concerning the issuance of the March 16, 2015 reprimand, the date of each communication, and the substance of the communication.

21. The name of every individual with whom ACIJ Santoro communicated concerning the issuance of the August 2015 final performance evaluation, the date of each communication, and the substance of the communication.

22. OCIJ policy concerning progressive discipline as it relates to the performance standard of professionalism.

23. OCIJ policy concerning advice, supplemental training, coaching, monitoring, mentoring, and other developmental activities to help improve performance.

24. Written counseling OCIJ issued to immigration judges for lack of professionalism during the period 2012 to 2015.

25. Reprimands OCIJ issued to immigration judges for lack of professionalism during the period 2012 to present.

3

26. Counseling letters that OCIJ issued to other immigration judges for violating the travel regulations during the period 2012 to present.

27. The Department of Justice travel regulations – DOJ 2200.11I – cited in ACIJ Santoro's June 25, 2015 counseling letter.

28. EOIR rules, guidelines, and policies concerning immigration judge detail travel.

29. Written rules, guidelines, and policies concerning immigration judges' use of the QE2 Solutions program.

30. Documentation regarding problems that EOIR encountered in using the QE2 Solutions program and the efforts, if any, to fix the problems.

31. Documentation regarding technical and other problems arising from the use of VTC equipment and the agency's efforts, if any, to fix the problems.

32. The agency's policy concerning immigration judge details, including the selection criteria for Headquarters Immigration Court (HQIC) judge details and work assignments.

33. Documentation pertaining to the assignment or reassignment of HQIC Immigration Judge Rodger Harris to the Arlington Immigration Court from 2010 to the present.

34. Documentation pertaining to the assignment or reassignment of HQIC Immigration Judge Robert Owens to the Arlington Immigration Court.

35. Documentation pertaining to the work assignments of HQIC Immigration Judge Roxanne Hladylowycz from August 2013 to the present.

36. Documentation concerning OCIJ's decisions not to approve my reassignment request in 2013. Include when the decision was made, who made the decision, and for what reason the decision was made. Also include when the decision was communicated to me, by whom, and how.

37. Documentation concerning OCIJ's decisions not to approve my reassignment request in 2014. Include when the decision was made, who made the decision, and for what reason the decision was made. Also include when the decision was communicated to me, by whom, and how.

38. Documentation concerning OCIJ's decision not to approve my reassignment request in 2015. Include when the decision was made, who made the decision, and for what

4

reason the decision was made. Also include when the decision was communicated to me, by whom, and how.

39. Documentation relating to OCIJ's decision to remove my name from the immigration judge Reassignment Registry in July 2015. Please provide the date on which this decision was made, the person(s) who made the decision, and the reasons for the decision. Also include written and verbal communications concerning this matter, including information about when I was notified of this decision, by whom, and how.

40. Documentation regarding the resignation of former Chief Immigration Judge Brian O'Leary and his reassignment to the Arlington Immigration Court, effective July 27, 2015. Please provide the date on which this decision was made, the person(s) who made the decision, and the reasons for the decision. Also include written and verbal communications concerning this matter.

41. Documentation regarding the detail of former Chief Judge O'Leary to the Board of Immigration Appeals for a six-month period, beginning on July 27, 2015. Please provide the date on which this decision was made, the person(s) who made the decision, and the reasons for the decision. Also include written and verbal communications concerning this matter.

42. Documentation pertaining to any proposed or actual disciplinary action, or any proposed or actual adverse action, concerning any of the rating officials as a result of the November 24, 2014 OIG report on nepotism.

43. Documentation pertaining to consideration of immigration judge candidates for the Arlington Immigration Court from 2010 to the present. Please include information concerning vacancy announcements, selection criteria, interviews, and hiring decisions.

44. Documentation regarding the placement of immigration judge Elizabeth McGrail on the Reassignment Registry for the Arlington court, effective July 27, 2015.

45. Documentation regarding approvals and denials of immigration judges' requests for reassignment based on hardship, between 2010 and 2015.

46. Documentation regarding OCIJ's decision to deny my first hardship transfer request, which was made in July 2014. Include the date on which the decision was made, who made the decision, and for what reasons. Also include the date on which the decision was communicated to me, by whom, and how.

47. Documentation regarding OCIJ's decision to deny my second hardship transfer request, which was made in September 2015. Include the date on which the decision

5

was made, who made the decision, and for what reasons. Also include the date on which the decision was communicated to me, by whom, and how.

48. My prior informal EEO complaint filed on March 20, 2014.

49. My prior informal EEO complaint filed on March 20, 2015.

50. Settlements of EEOI complaints with agency personnel, including immigration judges, during the period 2012 to the present.

If you determine that portions of these documents are exempt under either of the statutes, I will expect you to release the non-exempt portions to me as the law requires. Of course, I reserve the right to appeal any decision to withhold information.

I promise to pay reasonable fees incurred in the copying of these documents up to the amount of $250. If the estimated fees will be greater than that amount, please contact me by telephone before such expenses are incurred.

If you have any questions concerning this request, please contact me by telephone. Thank you for your assistance. I look forward to receiving your prompt reply.

Very truly yours,

*[signature]*

Quynh Vu Bain
Immigration Judge
Headquarters/Arlington Immigration Court

2018-10636

**Schaaf, Joseph R. (EOIR)**

___

**From:** Souza, Crystal (EOIR)
**Sent:** Thursday, December 07, 2017 5:14 PM
**To:** Schaaf, Joseph R. (EOIR)
**Subject:** Fwd: Request for documents relating to PWP 2015-2017 of Quynh Vu Bain

Fyi

Begin forwarded message:

> **From:** "Phung, Mai (EOIR)" <Mai.Phung@EOIR.USDOJ.GOV>
> **Date:** December 7, 2017 at 4:35:39 PM EST
> **To:** "Souza, Crystal (EOIR)" <Crystal.Souza@EOIR.USDOJ.GOV>
> **Subject: Request for documents relating to PWP 2015-2017 of Quynh Vu Bain**
>
>
> **From:** Bain, Quynh (EOIR)
> **Sent:** Thursday, December 07, 2017 4:27 PM
> **To:** FOIARequests, EOIR (EOIR) <EOIR.FOIARequests@EOIR.USDOJ.GOV>
> **Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
> **Subject:** Request for documents relating to PWP 2015-2017 of Quynh Vu Bain
>
> Dear Sir or Madam:
>
> Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, please provide me with a copy of the items listed below. Please also provide a Vaughn Index stating items that are being withheld or redacted, along with a description of the withheld or redacted items and the justification or reason therefor. In addition, I request expedited processing of this FOIA request, in order to meet litigation deadlines.
>
> 1. Written or verbal communications that the OCIJ considered in preparing my final performance evaluation for the rating period 2015-2017 ("PWP"). Please include the names of individuals, their tiles, the dates contact was made to obtain input from them, and the input they provided.
>
> 2. Written work product, special assignments, and special work opportunities that I completed during the rating period, which the OCIJ considered in preparing the PWP.
>
> 3. Prior performance evaluations or assessments on which OCIJ relied in preparing the 2015-2017 PWP. Please attach all communications related to the prior evaluations or assessments.
>
> 4. All "evaluative recordations" made during the rating period (August 2013 to August 2015). See NAIJ bargaining agreement, para. 22.4.b. If none was prepared, please so indicate.
>
> 5. Records of conversations between ACIJ Deepali Nadkarni and me during the rating period concerning the performance standards.

1

6. The July 28, 2016 written counseling on which ACIJ Nadkarni based the PWP. Include all attachments.

7. ACIJ Nadkarni's response, if any, to my request to reconsider the written counseling of July 28, 2016.

8. The name of every individual with whom ACIJ Nadkarni communicated concerning the issuance of the August 2016 written counseling, the date of each communication, and the substance of the communication.

9. The name of every individual with whom ACIJ Nadkarni communicated concerning the preparation of the 2015-2017 PWP, the date of each communication, and the substance of the communication.

10. Written counseling OCIJ issued to immigration judges in the Arlington Immigration Court during the rating period 2015 to 2017.

11. Written reprimands OCIJ issued to immigration judges in the Arlington Immigration Court during the rating period 2015-2017.

12. Written counseling or reprimands OCIJ issued to immigration judges in the Arlington Immigration Court during the rating period 2015-2017.

13. Written counseling or reprimands OCIJ issued to immigration judges in the Arlington Immigration Court for lack of professionalism during the rating period 2015-2017.

14. Any and all materials about me that DOJ, EOIR, or OCIJ released to a FOIA request. The relevant time period is between March 2008 and the present time.

15. Relating to item 14, any and all requests that DOJ, EOIR, or OCIJ made to a FOIA requestor for the return of FOIA-exempt or privacy-protected information that was intentionally or inadvertently released to the FOIA requestor.

16. Relating to item 14, any and all materials that DOJ, EOIR, or OCIJ received from a FOIA requestor, in response to a request for the return of intentionally or inadvertently released information.

Please provide the above-requested information by January 6, 2018.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia
(703) 603-1360
Quynh.bain2@usdoj.gov

2

# Harrell Jr, Raymond (OPR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, August 5, 2019 8:54 AM |
| **To:** | OPR.FOIA |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | FOIA request and request to expedite -- CONFIDENTIAL COMMUNICATION WITH OPR -- CONTAINS PRIVACY PROTECTED INFORMATION AND INFORMATION EXEMPT FROM DISCLOSURE TO OTHER DOJ COMPONENTS |
| **Importance:** | High |

Dear Sir or Madam:

I am a DOJ attorney (an immigration judge) who is in the process of drafting a response to a draft OPR report of investigation. I received the report on July 26, 2019. Ms. Leslie Gerardo of your office has requested a response by August 9, 2019.

This is a request under the FOIA for any and all information that OPR received, gathered, or compiled in the course of conducting the OPR inquiry and investigation, and in preparing the July 22, 2019 report of investigation. The term "information" includes paper and electronic documents, electronic or digital media, audio or digital recordings, and similar materials. Please include a privilege log (Vaughn Index) for any assertions of FOIA exemptions or if redactions are made to any responsive materials. Please refer to the attached email communication with Ms. Gerardo which provides the background for this FOIA request.

I would appreciate your expediting this request as the deadline for providing my response is at the end of this week.

Thank you very much.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia


**From:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Sent:** Saturday, August 03, 2019 3:02 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: OPR Draft Report of Investigation -- CONFIDENTIAL COMMUNICATION WITH OPR -- CONTAINS PRIVACY PROTECTED INFORMATION AND INFORMATION EXEMPT FROM DISCLOSURE TO OTHER DOJ COMPONENTS
**Importance:** High

Dear Ms. Gerardo:

This is in response to your email of July 29, 2019 at 4:15 p.m. below. I would like to let you know that I have substituted the redacted pages concerning Ms. Wahowiak and Ms. King for the pages that you initially placed in the Record of Investigation. I have destroyed those pages that you included in the original record provided to Ms. White.

1

I also would like to advise you that the Record of Investigation appears to be incomplete. The Record that I received from my former counsel (Heather White) contains <u>approximately</u> 485 pages. (Many of the pages are printed on both sides, while other pages have printing on just one side). The pages are not numbered, and I cannot tell whether certain documents in the Record came from the EOIR, the OPR, or me. I do recognize those documents that I previously produced to OPR as those documents were bates-stamped. I also recognize the Response and Supplemental Responses that I prepared for OPR. However, I do not recognize pages that came from internet sites such as www.peekyou.com, www.myspace.com, and mylife.com, and I do not know who provided them to OPR or whether OPR obtained those pages on its own.

In addition, none of the emails and memoranda referenced in the draft OPR report are included in the Record of Investigation. In your email below, you indicate that the email communications, letters, and memoranda OPR referenced in the draft report came from my disciplinary records. However, I must point out that – as far as I know – EOIR has not kept a separate "disciplinary records" file for me, because EOIR has denied that any such file exists. Furthermore, the only disciplinary records that EOIR has compiled for me are found in my personnel file, and that file does not contain all the documents that were mentioned in the OPR draft report. Thus, without knowing which email communications, letters, and memoranda comprised my disciplinary records and which of those documents were provided to OPR -- and whether OPR was given all of the relevant records including records that may contain mitigating or contradictory information, it is very difficult for me to address OPR's conclusions in a comprehensive and accurate manner. Moreover, I cannot tell whether OPR was given the entire compendium of email communications, or just portions thereof, because the draft report quotes only select portions of email communications, and even the quoted portions contain ellipses. Furthermore, the OPR draft report refers to a document but does not summarize or describe the document in sufficient detail, such that I cannot tell which document OPR is referring to. For this reason, and understanding OPR's concern about accuracy and truthfulness, I request that OPR provide a bates-stamped copy of the Record of Investigation as soon as possible. Knowing what is in the full record and having a paginated record in reviewing the draft report is critical, because I do not want to mislead or be accused of misleading OPR in discussing a particular fact or event that may or may not be found in the Record, as OPR has compiled it.

Finally, in preparing a response, I am disadvantaged by not having the witness interview records or the transcripts of the interviews that are mentioned in the OPR draft report. I was not present when those witness interviews took place. Therefore, I have no notes or records of the witness interviews that OPR relied on in reaching the ultimate conclusions that it reached. While the OPR draft report gives pinpoint citations to those interview records or transcripts, the citations are meaningless since I do not have access to the interview notes, records, or transcripts. I am very aware of OPR's desire for confidentiality, and I can assure you that I will not disclose any of the witness interviews, records, or transcripts to anyone except OPR and my new counsel when he or she signs the confidentiality agreement. However, understanding that OPR undertook this investigation for an employment-supervision purpose rather than for a law-enforcement purpose, I am willing to forego the privacy protection that Exemption 7(C) provides to me, as an individual who is the subject of an OPR investigation, for the limited purpose of obtaining such records through the FOIA. See Bartko v. United States Department of Justice, 898 F.3d 51 (D.C. Cir. 2018); Jefferson v. Department of Justice, Office of Professional Responsibility, 284 F.3d 172 (D.C. 2002). For that reason, I would like to request through FOIA the release of all records that the OPR relied on in preparing the draft report of July 22, 2019, including witness interview notes, records, and transcripts. In a separate email, I will submit a FOIA request directly to the OPR FOIA Office, along with a request to expedite the FOIA production.

Please let me know if you have any questions or need additional information. In the meantime, I continue to work toward finding new counsel with the goal of meeting OPR's two-week response deadline (August 9, 2019).

Respectfully,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

2

**From:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Sent:** Monday, July 29, 2019 4:15 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; Heather White <HWhite@fedpractice.com>
**Subject:** OPR Draft Report of Investigation

IJ Bain and Ms. White,

I am in receipt of IJ Bain's email sent today, July 29, 2019, at 12:07 p.m.

IJ Bain, thank you for advising me that you intend to secure substitute counsel to represent you in this matter. Please be aware that any counsel you secure will be required to sign a confidentiality agreement before reviewing the draft report. Please also keep in mind that OPR has requested that you provide any comments to the draft report on or before August 9, 2019. I would therefore appreciate it if you could notify me of the identify of substitute counsel as soon as possible.

You have requested access to certain OPR investigatory materials. Please be advised that OPR does not share recordings or transcripts of witness interviews. The information derived from witness interviews that OPR considers relevant to OPR's analysis and conclusions is contained in the draft report itself, and you may comment on that information as you deem appropriate.

You have also requested access to your disciplinary records. The documents that OPR referenced in its draft report relating to prior disciplinary actions involving you were either created by you, such as email communications, letters, or memoranda to your supervisor or colleagues; or were furnished to you in due course by your agency, such as the March 16, 2015 formal reprimand and January 2105 warning letter. Accordingly, you are familiar with, and have access to, those materials.

Please be advised that OPR appended to the Draft Report within Exhibit 6, under the tab labeled "U," copies of information from Ms. Wahowiak's and Ms. King's personnel files. These are copies of documents that you previously provided to OPR. However, these pages were missing necessary redactions to remove personally identifying information (PII). I am providing with this email substitute pages that OPR has redacted to remove PII. Please destroy the corresponding originals and replace them with the attached redacted copies, and let me know by responsive email when you have done so.

Finally, IJ Bain has indicated in her email that she has retrieved from Ms. White the copy of the draft report and exhibits that OPR sent to Ms. White. Ms. White, as you are no longer representing IJ Bain in this matter, OPR hereby requests that you confirm that you have not made any copies of those documents. If you have made any copies of any of OPR's materials, OPR hereby requests, consistent with the confidentiality agreement that you signed, that any and all copies of OPR's draft report and accompanying exhibits be destroyed. Ms. White, please notify OPR by email that you have retained no copies of OPR's materials or that you have destroyed any copies you may have made.

Regards,

Leslie Ann Gerardo