UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH BAIN,<br><br>   Plaintiff,<br><br>  v.<br><br>OFFICE OF THE ATTORNEY GENERAL, *et al.*,<br><br>   Defendants. | Civil Action No. 21-1751 (RDM) |

**DEFENDANTS' OPPOSITION TO PLAINITFF'S MOTION TO FILE STATEMENT OF SUPPLEMENTAL AUTHORITIES AND ARGUMENTS AND <u>MOTION FOR HEARING</u>**

  Defendants—certain offices of the United States Department of Justice—by their undersigned attorneys, respectfully submit this Opposition to Plaintiff's Motion to File Statement of Supplemental Authorities and Arguments and Exhibit 32, and Motion for Hearing (ECF No. 30) ("Motion").

  Plaintiff Quynh Bain ("Plaintiff") brings this action under, among other laws, the Privacy Act of 1974, 5 U.S.C. § 552a, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a ("ADEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehab Act"), and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b) ("WPA").  Am. Compl. (ECF No. 16).  Plaintiff alleges that Defendants engaged in unlawful employment discrimination based on her race, sex, age, and disability.  *See id.*  Plaintiff further alleges Defendants retaliated against her and subjected her to a hostile work environment because of her protected Equal Employment Opportunity ("EEO") activity and retaliated against her because of her protected disclosure under the WPA.  *Id.*

On September 17, 2021, Defendants filed a Motion to Dismiss, in Part. ECF No. 10. On September 23, 2021, Plaintiff filed her first Amended Complaint as a matter of course, and the Court consequently denied Defendant's Motion to Dismiss as moot via Minute Order on September 27, 2021. As a result, On October 12, 2021, Defendants filed their second Motion to Dismiss. ECF No. 20. Plaintiff then filed her Opposition to Defendants' Motion to Dismiss on November 16, 2021, and on November 17, 2021, Plaintiff filed an Amended Memorandum in Opposition to Defendants' Motion to Dismiss. ECF Nos. 24, 26. Defendants' Reply to Plaintiff's Opposition is due by January 17, 2022. *See* Minute Order of Nov. 18, 2021.

Plaintiff now files a motion seeking a hearing and requesting permission to amend her opposition for the second time.[1] Defendants oppose Plaintiff's Motion for the below reasons and defer to the Court's discretion to determine if an oral hearing is appropriate in this matter.

In her Motion, Plaintiff argues that she should be permitted to amend her opposition, for a second time, because she now relies on a December 14, 2021, Order of the Merit Systems Protection Board ("MSPB") "to argue that the Court should assume jurisdiction over the whistleblower cause of action[.]" Pl.'s Mot. at 1–2. But Defendants do not raise a jurisdictional argument in their motion to dismiss as to Plaintiff's whistleblower claim, resting instead on other plainly dispositive grounds. *See* Defs.' Mot. Plaintiff's argument that the Court should assume jurisdiction over the whistleblower cause of action does nothing to respond to those dispositive grounds, and thus, it presents no basis to for a further amendment of her opposition. For this reason, Defendants request that the Court deny Plaintiff's Motion to Amend her Opposition.

---

[1] Plaintiff did not confer with undersigned counsel regarding this non-dispositive motion as required by Local Civil Rule 7(m).

Dated: January 3, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:       */s/ Blake A. Weiner*
      BLAKE A. WEINER
      Assistant United States Attorney
      555 Fourth Street, NW
      Washington, DC 20530
      (202) 803-1604

*Attorneys for the United States of America*