UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH BAIN, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF THE ATTORNEY GENERAL, *et al.*, <br><br> Defendants. | Civil Action No. 21-01751 (RDM) |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants—certain offices of the United States Department of Justice—by their undersigned attorneys, respectfully submit this brief to reply in support of their Motion to Dismiss, In Part (ECF No. 20) ("Motion").

As demonstrated in Defendants' Motion, Plaintiff's Complaint is subject to dismissal on numerous grounds. First, Plaintiff's Privacy Act claims must be dismissed because Plaintiff failed to exhaust administrative remedies. Second, Plaintiff's disparate treatment claims of discrimination and retaliation must be dismissed because Plaintiff also failed to exhaust required administrative remedies. Third, Plaintiff did not suffer an adverse action, which is separately fatal to her discrimination and retaliation claims. Fourth, and finally, Plaintiff's hostile work environment claim must be dismissed because she fails to plead facts making that claim plausible under controlling legal standards. Moreover, several of the contentions she makes in support of her hostile work environment claims relate to actions that are not adverse, and Plaintiff is not permitted to bootstrap discrete acts of discrimination into a hostile work environment claim.

In her Amended Opposition (ECF No. 26), Plaintiff disputes only some of these arguments, usually raising novel defenses without citation to any support, and raises many arguments that do

not address any of the points Defendants' state in their Motion. *See generally id.* At bottom, Plaintiff fails to overcome the well-supported bases for dismissing her claims, in part, at the threshold.

## ARGUMENT

### I. Plaintiff's Privacy Act Claims Must Be Dismissed

In their Motion, Defendants explained to the Court that Plaintiff's Privacy Act claims must be dismissed for three unrelated reasons. Defs.' Mot. at 13–15. First, Plaintiff failed to exhaust her administrative remedies because she did not properly seek to amend her personnel records or the OPR report of investigation, as required by 28 C.F.R. § 16.46. *Id.* at 13. Second, regardless of whether Plaintiff properly sought to amend records, certain records Plaintiff seeks to correct— OPR report of investigation and BIA decisions—are exempt from amendment. *Id.* at 14. Third, and finally, Plaintiff cannot seek to amend the (1) March 2015 reprimand letter; (2) June 2015 and July 2016 counseling letters; (3) August 2015, October 2016, and August 2017 performance ratings; and (4) BIA's January 2, 2018, decision ("the four groups of records") because Plaintiff did not bring an action to enforce her rights under the Privacy Act for these documents within two years from the date the cause of action arose, which is required by law. *Id.* at 14–15.

With respect to Defendants' first argument that Plaintiff failed to exhaust her administrative remedies when she did not properly seek to amend her personnel records or the OPR report of investigation, Plaintiff asserts that she did in fact exhaust, and gives various examples of how this exhaustion occurred for each record. *See* Pl.'s Am. Opp. at 44–45. However, Plaintiff never identifies an instance where she properly complied with 28 C.F.R. § 16.46 by "writing directly to the Department component that maintains the record" requesting an amendment or correction of a Department of Justice record. Rather, Plaintiff merely provides

examples of informal requests that do not meet that required standard under the regulation. *See*, e.g., *id.* at 45 ("Immediately upon receiving the August 2015 performance rating, Plaintiff requested a telephonic consultation with ACIJ Santoro. During that phone call and in subsequent email exchanges, she pointed out several mistakes of fact and asked that ACIJ Santoro correct them."). Thus, because Plaintiff did not properly seek to amend her personnel records or the OPR report of investigation, she failed to exhaust her administrative remedies.[1] *See* 28 C.F.R. § 16.46; *Haase v. Sessions*, 893 F.2d 370, 373–74 (D.C. Cir. 1990); *Sandoval v. Dep't of Just.*, 296 F. Supp. 3d 1, 13 (D.D.C. 2017) (citation omitted).

Next, as to Defendants' argument that, regardless of whether Plaintiff properly sought to amend records, the OPR reports of investigation and BIA decisions are exempt from amendment, Plaintiff does not appear to offer an argument or response. *See generally* Pl.'s Am. Opp. Thus, the Court may treat this issue as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (where party files opposition that does not address a point in a motion, that issue is conceded).

Third, and finally, with respect to Defendants' argument that Plaintiff cannot amend the four groups of records because she did not bring an action to enforce her rights within the required two-year period, Plaintiff appears to argue that at least her October 2016 and August 2017 performance ratings were brought within the two year period because "[b]oth performance ratings were included in EOIR's February 27, 2020 proposal to terminate Plaintiff's employment," and "Plaintiff filed this Privacy Act claim within two years of her proposed removal." Pl.'s Am. Opp.

---

[1] Plaintiff also appears to argue that while she may not have properly exhausted some of her claims, Defendants are estopped from making a failure to exhaust argument. *See* Am. Opp. at 46–47 (claiming that "Defendants are estopped from asserting a failure to exhaust" because EOIR allegedly concealed another judge's counseling letter and because "ACIJ Nadkami withheld information"). However, notably, Plaintiff does not cite to any support for this estoppel argument. *Id.*

at 47. Notably, Plaintiff does not cite to any support for this novel theory that a request for amendment is timely if it occurs within two years of an event that merely references the records in question. To the contrary, Plaintiff does not dispute that she knew of these records, and the purported errors in the records, when the records were created, yet did not seek to enforce her rights under the Privacy Act within two years of this knowledge. *See* Pl.'s Am. Opp. at 47. Thus, Plaintiff cannot seek to amend the four groups of records because Plaintiff did not bring an action to enforce her rights under the Privacy Act for these documents within two years from the date the cause of action arose, and Plaintiff provides no support in opposition. 5 U.S.C. § 552a(g)(5); *see Blazy v. Tenet*, 979 F. Supp. 10, 22 n.6 (D.D.C. 1997); *Kursar v. Transp. Sec. Admin.*, 751 F. Supp. 2d 154, 165 (D.D.C. 2010).

II. **Certain Discrimination and Retaliation Claims Must Be Dismissed Because Plaintiff Failed to Exhaust Her Administrative Remedies**

Next, Defendants argued in their Motion that certain discrimination and retaliation claims must be dismissed because Plaintiff failed to exhaust her administrative remedies. Defs.' Mot. at 15. Specifically, in her case before the EEOC Plaintiff only alleged four discrete acts of discrimination and retaliation,[2] and therefore Plaintiff is limited to only those four claims. *Id.* In response, Plaintiff appears to argue that all 39 claims before the EEOC are discrimination or retaliation claims. *See* Pl.'s Am. Opp. at 33 ("39 allegations of unlawful discrimination in Plaintiffs formal EEOC complaint."). Plaintiff is simply incorrect, and the record is clear that in Plaintiff's case before the EEOC Plaintiff only alleged four discrete acts of discrimination and retaliation. *See* EEOC Decision at 5 n.3 (stating that "[a]s previously determined, and as set forth

---

[2] (1) August 29, 2015, performance rating; (2) denial of permission to participate in special work opportunities; (3) November 2015 application denial to work for the Board of Immigration Appeals as a Board Member; and (4) July 28, 2016 letter of counseling. EEOC Decision (ECF No. 20-7) at 7.

by Complainant," the four claims "listed under section B are discrete acts raising individual claims for relief," and the remaining claims are "background evidence for the hostile work environment claim" and additional examples "in support of Complainant's hostile work environment claim."). Thus, because the record is clear that Plaintiff only alleged four discrete acts of discrimination and retaliation in her case before the EEOC, Plaintiff is limited to only those four claims before this Court. *See Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008); 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.

Further, Defendants argued in their Motion that even if Plaintiff was not limited because of the four discrete acts alleged in her EEOC Complaint, multiple claims must still be dismissed because Plaintiff alleges three discrete discriminatory actions that occurred greater than 45 days before her contact with an EEO counselor on October 9, 2015: (1) the January 5, 2015 admonishment; (2) the March 16, 2015 letter of reprimand; and (3) the June 25, 2015 letter of counseling. *See* Defs.' Mot. at 10–12. In response, Plaintiff does not argue that she made EEO contact within 45 days of these incidents. Rather, Plaintiff asserts that she should be permitted to bootstrap these untimely allegations to her timely allegations because all accusations are indirectly connected. *See*, e.g., Pl.'s Am. Opp. at 28 ("Because timely contact was made with the EEO Counselor within 45 days of issuance of the August 2015 performance rating, the agency was timely notified of Plaintiffs objections to the January 2015, March 2015 reprimand, and June 2015 counseling letter"). Plaintiff of course offers no legal support for this novel theory,[3] which directly contradicts the clear requirement that an "employee of the federal government who believes that she has been the subject of unlawful discrimination must 'initiate contact' with an EEO Counselor

---

[3] Plaintiff also appears to argue that her delay in raising the June 25, 2015 letter was not a waiver because it contained factual inaccuracies. *See* Pl.'s Opp. at 31. Of course, Plaintiff provides no explanation or citation to support this novel theory either.

- 5 -

in her agency 'within 45 days of the date of the matter alleged to be discriminatory.'" *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) (citing 29 C.F.R. § 1614.105(a)(1)). Plaintiff simply has not met this requirement and does not dispute this fact. Consequently, the Court should dismiss all of Plaintiff's discrimination and retaliation claims except for the claims relating to the August 29, 2015 performance rating, the November 2015 application denial, the July 28, 2016 letter of counseling, and the denial of permission to participate in special work opportunities.

### III. The Court Should Dismiss Plaintiff's Admonishment and Counseling Claims, Performance Evaluation Claims, and Work Assignment Claims

In their Motion, Defendants next argued that this Court should dismiss Plaintiff's claims based on admonishment and counseling letters (i.e., the January 5, 2015 admonishment and the June 25, 2015 and July 28, 2016 counseling letters), performance evaluations (i.e., her 2017 performance appraisal), and work assignments (i.e., when the Agency assigned Plaintiff to complete aged, non-detained cases) because none of these events constitute an adverse action. Defs.' Mot. at 17–21.

First, with respect to the admonishment and counseling letters, and her performance evaluations, Plaintiff appears to argue in her Opposition that while these events by themselves did not constitute sufficiently adverse actions, they can be bootstrapped in as adverse actions because they eventually led to other adverse actions.[4] *See* Pl.'s Am. Opp. at 13, 20 ((1) stating that the January 2015 email eventually allowed the March 2015 reprimand to occur; (2) stating that the June 2015 counseling letter eventually deprived Plaintiff of a way to relieve the migraine headaches, led to the denial of her reimbursement for legitimately incurred business travel

---

[4]    Plaintiff admits this directly when she states that "this civil action is not about minor inconveniences or everyday annoyances that animated her workplace . . . [r]ather, it is about the ultimate decision to terminate her employment[.]" Pl.'s Opp. at 11.

expenses, and reinforced management's decision not to transfer her out of an abusive working environment; (3) stating that the July 28, 2016 counseling letter was, among other things, cited as evidence of Plaintiff's alleged mistreatment of another judge; and (4) stating that the evaluations—although rating her as satisfactory—were adverse actions because they "were used to effectuate Plaintiff's removal from federal service[.]").  Plaintiff's argument has no merit.

Even assuming the admonishment and counseling letters and Plaintiff's performance evaluations did eventually lead to adverse actions, this fact is insufficient to make the letters and evaluations themselves adverse actions. After all, in *Childers v. Slater*, 44 F. Supp. 2d 8, 19 (D.D.C. 1999), a case Plaintiff relies on (Pl.'s Am. Opp. at 11, 14), the Court crucially stated that decisions are not adverse actions when they have "no immediate effect" upon employment decisions. Further, with respect to Plaintiff's claims based on her performance evaluations, Plaintiff cites to *Youssef v. Holder*, 19 F. Supp. 3d 167 (D.D.C. 2014), for the proposition that her performance evaluation was an adverse personnel action. However, *Youssef* is completely inapplicable to this case, as the plaintiff in *Youssef* never claimed that a performance evaluation was an adverse action, but rather that his failure to be promoted was an adverse action. *Id*. (stating that plaintiff "asserts two claims—one sounding in discrimination and the second sounding in retaliation—each challenging his non-selection[.]").  Thus, Plaintiff has provided no support for her novel theory that she may transform non adverse actions into adverse actions based on a separate termination that occurred later on, and for the reasons Defendants stated in their Motion, neither the letters nor the performance evaluations constitute an adverse action.

Finally, with respect to Defendants' argument that Plaintiff's assignment to complete aged non-detained cases was not an adverse action, Plaintiff does not appear to address this point in her

Opposition. *See* Pl.'s Am. Opp. at 11–23. Thus, for the reasons stated in their Motion, this work assignment was not an adverse action. *See* Defs.' Mot. at 21.

## IV. Plaintiff Fails to State A Hostile Work Environment Claim

Finally, Defendants argue in their Motion that Plaintiff fails to state a hostile work environment claim because she did not suffer actionable adverse actions sufficient to state a claim as a matter of law, and because Plaintiff merely attempts to bootstrap discrete acts into a hostile work environment claim. Defs.' Mot. at 21–24. In her Opposition, Plaintiff neither addresses the substance of Defendants' arguments nor any of the caselaw Defendants cited in support of their arguments. *See* Pl.'s Am. Opp. at 23. Rather, Plaintiff's three sentence opposition can be best characterized as merely a statement of the hostile work environment standard, and an assertion that this Court may consider discrete acts of allegedly discriminatory treatment as contributing to a hostile work environment even if they do not amount to adverse employment actions. *See* Pl.'s Am. Opp. at 23. While Defendants do not necessarily disagree with these statements, they do nothing to dispute Defendants' arguments that Plaintiff's allegations do not meet the standard of a hostile work environment, or that "[u]se of the same discrete acts, upon which the plaintiff bases his discrimination and retaliation claims, to support a hostile work environment claim is disfavored." *Townsend v. United States*, 236 F. Supp. 3d 280, 312 (D.D.C. 2017). Thus, Plaintiff has not specifically opposed any of the assertions or arguments Defendants make in their Motion, and consequently, for the reasons stated in Defendants' Motion, this Court should dismiss Plaintiff's hostile work environment claim. *See* Defs.' Mot. at 21–24.

For all these reasons, and those stated in Defendants' Motion, Plaintiff's Complaint should be dismissed.

Dated: January 16, 2022
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:         */s/ Blake A. Weiner*
      BLAKE A. WEINER
      Assistant United States Attorney
      555 Fourth Street, NW
      Washington, DC 20530
      (202) 803-1604

*Attorneys for the United States of America*