IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUYNH VU BAIN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**OFFICE OF THE ATTORNEY GENERAL** )<br>U.S. Department of Justice, )<br>)<br>**OFFICE OF THE DEPUTY ATTORNEY GENERAL** )<br>U.S. Department of Justice, )<br>)<br>**OFFICE OF PROFESSIONAL RESPONSIBILITY** )<br>U.S. Department of Justice, )<br>)<br>**EXECUTIVE OFFICE FOR IMMIGRATION<br>REVIEW**, U.S. Department of Justice, )<br>)<br>**OFFICE OF INFORMATION POLICY** )<br>U.S. Department of Justice, )<br>)<br>Defendants. )<br>) | No. 21-Civ-1751 (RDM) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS, AND EXHIBITS 33, 34, AND 35**

Pursuant to LCvR 7(b), Plaintiff respectfully requests that this honorable Court permit the filing of the enclosed Sur-Reply in support of Plaintiff's Opposition to Defendants' Motion to Dismiss. Plaintiff's Amended Memorandum in Opposition to the Motion to Dismiss was filed on December 17, 2021. *See* Docket Entry No. 30-1. In reviewing Defendants' Reply, which was filed on January 16, 2022, Plaintiff identified two key issues that Defendants had not raised previously: (1) Whether, under Steele v. Shafer, 535 F.3d 689 (D.C. Cir. 2008), Plaintiff was required to contact the EEO Counselor of her former employing agency or the EEOC within 45

days of the occurrence of each and every act of alleged retaliatory conduct, to complain about the particular act as a retaliatory adverse action; and (2) Whether Plaintiff has demonstrated that her removal from DOJ and the federal service in September 2020 was "like or related" to earlier incidents of alleged discriminatory or retaliatory conduct which occurred between 2015 and 2020. Plaintiff's Sur-Reply seeks to provide more factual information and arguments going to the above-described two issues which were raised, for the first time, in Defendants' Reply Memorandum.

Also enclosed are Plaintiff's Exhibits 33, 34, and 35.

Exhibit 33 is an Order of the Merit Systems Protection Board (MSPB) that dismissed Plaintiff's mixed action appeal for the third time in two years, without prejudice to reinstatement on October 3, 2022. The MSPB concluded that it lacks jurisdiction over Plaintiff's appeal because it does not currently have a full quorum of appellate judges. The Sur-Reply relies on Exhibit 33 to argue that the Court should assume jurisdiction over Plaintiff's mixed action appeal, under the reasoning of Perry v. MSPB, 137 S. Ct. 1975, 1979 (2017).

Exhibit 34 is a memorandum that Plaintiff filed with the Justice Department's Complaint Adjudication Office on March 27, 2020. This memorandum exhibit supports Plaintiff's argument that she timely and properly exhausted Defendants' February 27, 2020 proposal to terminate her employment as a discrete act of discriminatory and retaliatory conduct that arose one day after the EEOC administrative judge dismissed Plaintiff's formal complaint by summary judgment. Exhibit 34 also shows that the proposal to terminate her 29-year employment with DOJ and in the federal service bore a close temporal connections to earlier incidents on which it is based, such as the September 2019 OPR Report of Investigation, such that Plaintiff did not have to separately exhaust the termination proposal as a discrete act of discriminatory or retaliatory conduct. *See* Sur-Reply Memorandum, at pp. 7-8.

Exhibit 35 is an email communication between Plaintiff and her former supervisor, ACIJ Nadkarni, concerning the October 2016 interim performance rating and August 2017 final performance rating.  This exhibit shows that Plaintiff intended to challenge the performance ratings as discriminatory and retaliatory conduct, and that she attempted to obtain information from the supervisor that could be used in the pending EEOC proceeding, but the supervisor refused to provide such information.

On February 25, 2022, Plaintiff notified Assistant United States Attorney Blake Weiner that she intended to file this Motion and the Sur-Reply today.  Mr. Weiner indicated that he opposed.

Dated:  February 25, 2022                    Respectfully submitted,

QUYNH VU BAIN
PRO SE PLAINTIFF
213 3RD ST SE
WASHINGTON DC  20003-1904

## CERTIFICATE OF SERVICE

I certify that on February 25, 2022, I served a copy of the foregoing Motion, Sur-Reply, Plaintiff's Exhibit 33 and 34 by electronic mail and by first-class mail, addressed to the following individual:

    Blake Weiner, Esquire
    Assistant United States Attorney
    Counsel for Defendants

    Office of the United States Attorney
     for the District of Columbia
    Civil Division
    555 Fourth Street, NW
    Washington, DC   20530
    Blake.Weiner@usdoj.gov

Dated:  February 25, 2022

QUYNH VU BAIN
PRO SE PLAINTIFF
213 3RD ST SE
WASHINGTON DC  20003-1904
quynhbain75@outlook.com
(202) 910-8553

4