Quynh Vu Bain
213 Third Street, SE
Washington, DC 20003
Quynhbain75@outlook.com
(202) 910-8553

March 27, 2020

*By electronic mail to* Meghan.Fiebelkorn@usdoj.gov

Meghan Fiebelkorn, Esquire
Complaint Adjudication Office
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room 3651
Washington, DC  20530

Re:   Memorandum In Support of Complainant's Position, EEOC No. 570-2016-01466X
      Agency Complaint No. EEO-2016-00137

Dear Ms. Fiebelkorn:

     This letter responds to the Complaint Adjudication Office's invitation of February 27, 2020 to respond to the two February 26, 2020 Orders of the Honorable Antoinette Eates ("AJ Eates"), of the Equal Employment Opportunity Commission.  *See* Attachment A (CAO letter, dated February 27, 2020).

     The first of the two Orders granted the Motion for Summary Judgment of the Executive Office for Immigration Review ("the Agency").  *See* Attachment B ("AJ Summary Judgment Order and Decision" without exhibits).  The Summary Judgment Order disposed entirely of the Complainant's administrative complaint of discrimination, without a hearing.  *See id.*

     The second of the AJ Eates Orders granted the Agency's Renewed Motion for Protective Order, as unopposed, and adopted the Agency's Proposed Protective Order.  *See* Attachment C ("AJ Protective Order").  According to AJ Eates, the motion was granted as unopposed because "Complainant failed to provide a version of the protective order that was agreeable to her despite my directive on April 25, 2019, and did not object to the Agency's proposed protective order filed with its Renewed Motion for Protective Order on May 20, 2019." *See* Attachment D (Email dated February 26, 2020, from AJ Eates to counsel for Complainant and the Agency, copying

Complainant as a courtesy). AJ Eates concludes: "Thus, I have signed the Agency's proposed protective order filed on May 20, 2019." *Id.*

The AJ Protective Order is intended to prevent the disclosure and dissemination of approximately 151 documents that Complainant produced in good faith to the Agency in the course of discovery in this EEO action. *See* Attachment C. Each of the 151 documents is Bates-stamped with the prefix "BAIN" followed by its assigned page numbers. *See id.* at pp. 1-2. Complainant obtained the 151 documents from a shared G: drive to which she had access during the pendency of this EEO action, and probably long before she found them on the shared G: drive.

For the reasons stated below, Complainant respectfully requests that the Complaint Adjudication Office provisionally stay its issuance of the Final Administrative Decision in this EEO matter. In addition, Complainant respectfully requests deferred implementation of the AJ Protective Order, to give Complainant an opportunity to resolve the underlying discovery dispute with the Agency through the Office of Information Policy. In support of these requests, Complainant makes the following statements upon information and belief.

1. Complainant is a dedicated career public servant. She has been employed with the U.S. Department of Justice for 28 years. She began her DOJ career as an Honor Law graduate in 1991. For the past 12 years, she has served as an immigration judge, first in the Headquarters Immigration Court and now in the Arlington, Virginia Immigration Court. Over the past three years, Complainant has completed an average of 700 to 750 cases per year and has carried an average caseload of 4,000 cases. Complainant has spent an average of seven hours a day in court, five days a week adjudicating removal proceedings.

2. After six years of conducting video-conferencing hearings without difficulty, Complainant began experiencing mild to severe migraine headaches at work. Her physicians determined that prolonged exposure to malfunctioning video-conferencing equipment was likely the cause of the migraines. Based on their judgment, Complainant sought a reasonable accommodation in the form of a reassignment to a non-video docket. That request was denied, and Complainant filed the first of two informal EEO complaints in 2014. That informal EEO complaint was withdrawn after Complainant experienced severe reprisal. Complainant instead took FMLA leave to recuperate and then returned to work in August 2014.

3. When video-conference equipment malfunctioned again in early 2015, Complainant sought another reasonable accommodation. That request was denied because in March 2015, Complainant's then-supervisor issued a reprimand that had the effect of barring Complainant from obtaining a reassignment to the Arlington court's non-video docket, for a period of three years. Complainant took another period of FMLA leave to recuperate and then returned to work in May 2015. Upon learning that she would not receive a reassignment to the Arlington court's non-video docket, Complainant filed the second of two EEO administrative

complaints in October 2015. The Agency accepted that Complaint, thus commencing this EEO administrative action. See Attachment B, Decision, at p. 1.

4. Although Complainant performed satisfactorily during her 12-year tenure as an immigration judge, she was recently placed on administrative leave on October 8, 2019. Complaint was informed that the administrative leave was the result of a professional responsibility investigation that was conducted by the Agency in conjunction with the Department's Office of Professional Responsibility. The joint EOIR-OPR investigation commenced in the Spring of 2017 and it was concluded on September 27, 2019, during the pendency of this EEO action. During the two-and-a-half-year investigation, Complaint remained employed full-time in the Arlington court. She was placed on administrative leave after the OPR issued a Final Report of Investigation on September 27, 2019. Based on the findings contained in the OPR Final Report, EOIR is now seeking to terminate Complainant's employment not only with EOIR but also in the federal service.

5. Complainant is challenging the Agency's proposed termination of her employment before the United States Attorney General through the Office of the Deputy Attorney General. Her response to the Agency's Notice of Proposed Removal is currently due on April 3, 2020.

6. In her February 26, 2020 Order Granting Summary Judgment, AJ Eates ruled that the Complainant demonstrated no genuine issue of material facts\ that would warrant a hearing, in part because Complainant did not provide legally sufficient evidence in opposition to summary judgment. See Attachment B, at p. 2 n. 2 & 9 (stating that summary judgment was granted upon consideration of "all documents and arguments presented by the parties in this matter, even if they are not specifically referenced herein[;]" after adopting the Agency's Motion for Summary Judgment and Reply; and finding that "the alleged disputes are either not material or rely on assertions that are entirely unsupported by legally sufficient evidence.").

7. The Summary Judgment Order did not address the Agency's Notice of Proposed Removal of Complainant, which was issued one day after AJ Eates granted summary judgment to the Agency.

### The Complaint Adjudication Office Should Provisionally Defer The Final Administrative Decision, For Three Prudential Reasons.

8. First, and most importantly, deferring issuance of the Final Administrative Decision would give the Offices of the United States Attorney General and Deputy Attorney General a reasonable opportunity to consider the Agency's proposed removal of Complainant from EOIR and federal service, as well as the defenses to her proposed removal, without regard to AJ Eates's decision to grant summary judgment in the EEO action.

3

a. Because AJ Eates's decision does not consider or rule on the validity of the Agency's proposal to terminate Complainant's employment, which is related to the underlying discrimination complaint, her decision should not be factored into the Department's review of the Agency's proposal to terminate Complainant's employment.

b. Complainant's EEO complaint raises issues of discrimination that are susceptible to further factual development through a hearing before the EEOC administrative judge. *See* attachment B, at pp. 2-7. The same or similar issues are still present, but they are not susceptible to factual development in an MSPB appeal or a mixed action appeal. Complainant intends to raise some, if not all, of the issues as her defense against removal. Therefore, in the interest of permitting *de novo* consideration of all the arguments for and against removal, which necessarily requires the Attorney General's consideration of the underlying discrimination complaint, the Complaint Adjudication Office should defer issuance of the Final Administrative Decision.

c. In addition, even if the Attorney General were to consider the AJ's February 26, 2020 Order Granting Summary Judgment as dispositive of the underlying EEO complaint, it is unclear that AJ Eates had all the record materials before her when she made that ruling. Due to technical difficulties with the FedSep electronic filing system in May 2019, neither party was able to upload their summary judgment pleadings and evidentiary documents onto the EEOC's electronic filing system. They instead emailed the summary judgment pleadings and some of the supporting documents to AJ Eates. *See* Attachment H (Email from Ms. White to Complainant, dated May 20, 2019; Attorney-Client Privilege Waived for this limited purpose).

d. At the time, Complainant did not have access to the EEOC's public portal. She obtained access only after AJ Eates issued on February 26, 2020, the Orders granting the Agency's Motion for Summary Judgment and Renewed Motion for Protective Order. Therefore, she was unable to correct any deficiencies in the administrative record and had to rely on her counsel to do so.

e. The March 27, 2020 version of the docket sheets for this EEO action indicate that the summary judgment pleadings and supporting documents were uploaded onto FedSep between April and May 2019. However, earlier docket sheets indicate that they not uploaded until February 20, 2020, only six days before AJ Eates issued her two Orders. *See* Attachment E (docket sheets in case EEOC No. 570-2016). For this reason, it is unclear whether Complainant could have remedied any factual deficiencies in the evidentiary record after AJ Eates ruled on the Agency's Motion for Summary Judgment and adopted it entirely in granting summary judgment to the Agency.

9.  Second, deferring issuance of the Final Administrative Decision would permit continuing factual development of the EEO complaint, which directly relates to the Agency's proposed termination of her employment. Full record development is necessary to support the Agency's proposed adverse action, as well as Complainant's defenses against removal. Because Complainant has complied in good faith with all discovery orders and requests, she should not be precluded from using materials from the existing EEO record by an unduly restrictive application of AJ Eates' February 26, 2020 Protective Order.

   a.  Throughout this EEO matter, Complainant was represented by attorney Heather White. On March 18, 2020, Ms. White notified Complainant of her intent to withdraw from representation. Thereafter, on March 25, 2020, Ms. White filed a Notice of Withdrawal with the EEOC and simultaneously notified the Agency and Complainant. The circumstances surrounding Ms. White's decision to withdraw her representation are as follows.

   b.  Before she withdrew from representation, Ms. White prepared and filed Complainant's affirmative and responsive pleadings. In particular, Ms. White filed Complainant's Opposition to the Agency's Motion for Summary Judgment on May 6, 2019, which she sought to amend on May 10, 2019.

   c.  Earlier, Ms. White filed an Opposition to the Agency's Motion for Protective Order. Based on the Opposition, AJ Eates denied the Agency's Motion for sanctions and a protective order, for failure to show good cause. *See* Attachment F (October 29, 2018 Order denying Agency Motion for Sanctions and Protective Order). AJ Eates found that "[t]he Agency has failed to demonstrate improper action or misconduct on the part of Complainant that warrants a sanction pursuant to 29 C.F.R. 1614.109(f)(3)." *See id.* AJ Eates's October 29, 2018 Order directed Complainant to turn over documents that she obtained through the shared G: drive between the time period November 2017 through May 2018. *See id.* That shared G: drive contained an electronic folder entitled "BAIN FOIA 2015." AJ Eates' Order specifically directed Complainant to turn over documents from the BAIN FOIA 2015 folder and all other documents that she obtained from the shared G: drive, including those documents related to Immigration Judge hiring. *See id.* Complainant complied with AJ Eates' October 29, 2018 Order by providing Ms. White with one unredacted paper copy of those documents. Complainant believes that Ms. White, in turn, provided the same documents to Agency counsel.

   d.  Subsequently, Complainant complied with AJ Eates' December 14, 2018 Discovery Order, by matching the documents that she turned over pursuant to the October 29, 2018 Discovery Order with the specific allegations in her EEO complaint. *See* Attachment G (AJ Eates's December 14, 2018 Discovery Order).

   e.  In a January 31, 2019 Scheduling Order, AJ Eates extended the discovery deadline to March 7, 2019. She also set the deadlines for filing the Agency's dispositive motions

5

(April 5, 2019); Complainant's opposition to dispositive motions (May 6, 2019); and the Agency's reply brief, if any (May 20, 2019). The January 31, 2019 Scheduling Order did not direct Complainant to respond to any additional discovery request or court order concerning the documents that came from the shared G: drive. Attachment H (January 31, 2019 Scheduling Order).

      f.      Consequently, throughout 2019 and up to this moment, Complainant believes that she was permitted to use the same documents in opposing the Agency's Motion for Summary Judgment. She realizes now that her former counsel used only a few select documents described in the October 29, 2018 and December 14, 2018 Discovery Orders to oppose summary judgment. Instead, Ms. White relied mostly on the Agency's Record of Investigation, which was prepared in August 2016 and did not address any of the additional allegations in the Amended Complaint that AJ Eates approved. Proving the additional factual allegations – particularly discriminatory intent -- depended largely on the documents that Complainant found in the shared G: drive between November 2017 and May 2018, which she duly turned over to the Agency during discovery, even before AJ Eates directed her to.

      g.      Furthermore, Ms. White has acknowledged that she failed to respond to the Agency's Renewed Motion for Protective Order, filed on May 20, 2019, and AJ Eates' April 19, 2019 directive to file a protective order with which Complainant would agree. *See* Attachment G (Email communication between Complainant and Ms. White, dated February 26, 2020 – Attorney-Client Privilege Waived for this limited purpose). Complainant was not aware of the April 19, 2019 directive because Ms. White never advised her, and the directive was not found in AJ Eates' January 31, 2019 Scheduling Order. *See* Attachment H. Consequently, Complainant did not know that she was expected to provide a protective order with which she would agree. As a result of that failure, AJ Eates granted the Agency's unopposed Renewed Motion for Protective Order. *See* Attachment C. The AJ Protective Order covers the same compilation of documents that were the subject of the AJ's earlier Discovery Orders of October 29, 2018 and December 14, 2018. This, in turn, gives rise to the discrete question whether Complainant is permitted to use the documents in defending herself against the Agency's proposed termination of her employment, if those documents pertain to a process outside of the EEOC, such as the Attorney General's review of the Agency's proposed removal of Complainant. For this reason, Complainant requests that the Complainant Adjudication Office defer implementation of the AJ Protective Order.

      h.      A review of AJ Eates' April 25, 2019 directive to counsel for both parties would confirms Complainant's belief that the documents covered by the AJ Protective Order may be used in proceedings outside the EEOC. *See* Attachment K (Email, dated April 25, 2019 from AJ Eates to Ms. White and Agency counsel). As AJ Eates explained, "[t]he EEOC lacks authority to limit or control how information that Complainant obtained from the Agency's shared G: drive is used outside of the EEOC process." *See id.* Accordingly, Complainant hereby

notifies the Complainant Adjudication Office and the Agency of her intent to use some, if not all, of the covered documents in her defense to the proposed termination of her employment.

        i.        In anticipation of a protracted discovery dispute over the covered documents, Complainant filed a January 2018 FOIA request for the same. At first, Agency counsel refused to release the documents. After Complainant appealed to the DOJ Office of Information Policy, the OIP partially remanded for the Agency to release additional documents. However, as of today, the Agency had not complied. Although its January 16, 2020 letter indicates that it is releasing some of the covered documents, the CD that the Agency sent Complainant on that date contains no documents at all. Consequently, Complainant is continuing to work on securing the release of some, if not all, of the documents that are covered by the AJ Protective Order. This has been difficult because Complainant was placed on administrative leave on October 8, 2019, and she continues to be homebound during the COVID-19 national epidemic.

        j.        Under these unfortunate circumstances, Complainant submits that staying the issuance of the Final Administrative Order is necessary to allow continuing factual development of Complainant's EEO complaint, as well as factual development of her defenses against the Agency's proposed termination of her employment.

        10.        Third, deferring issuance of the Final Administrative Decision would permit both parties to work toward resolving the protracted discovery dispute that led to AJ Eates issuing the Protective Order on February 26, 2020, with the goal of settling such dispute amicably, without need of judicial involvement.

        a.        The documents that are the subject of the AJ Protective Order are necessary to establish various defenses to the Agency's proposed removal of Complainant from EOIR and federal service. Those documents would show that the Agency treated Complainant in a disparate and discriminating manner when she sought a reasonable accommodation of her medical condition, a reassignment to the Arlington court's non-video docket, a promotion to the Board of Immigration Appeals, and other constructive ways to solve the employment dispute with the Agency. The documents would also establish that the latest move to terminate Complainant's 12-year employment with the Agency and 28-year DOJ career is part and parcel of a long-standing pattern of discriminatory prohibited personnel practices that is actionable not only under the Equal Employment Opportunity Act, but also the Rehabilitation Act, the Civil Service Reform Act, and similar statutes.

        b.        Accordingly, Complainant respectfully requests the above interim relief – a provisional stay of the issuance of the Final Administrative Order and deferring implementation of the AJ Protective Order -- with additional conditions to safeguard information

that is relevant and probative in this EEO action, in any MSPB appeal challenging the Agency' proposed adverse action, and in any mixed action appeal.

    c.  The issues raised in Complainant's administrative EEO claim are substantially similar to the issues that Complainant will raise in an MSPB appeal or a mixed action appeal, if the Department proceeds with the proposed termination of Complainant's employment. Accordingly, a provisional stay of the issuance of the Final Administrative Decision is necessary to give the Offices of the Attorney General and Deputy Attorney General sufficient time to consider Complainant's opposition to her proposed removal and to consider de novo the proposed adverse action, that is, without regard to a final administrative decision in the EEO action.

    d.  A provisional stay also would permit proper development of the factual record for an appeal to the MSPB, the EEOC, or another suitable forum. During the period of provisional stay, Complainant will voluntarily comply with Paragraph 7 of the AJ Protective Order, which permits Complainant to use the covered documents in this EEO action, while allowing Complainant to use the covered documents in non-EEOC processes. Complainant notes that the Agency has already done that to some extent, by producing some of the documents that are subject to the Protective Order, unredacted, as exhibits supporting its Notice of Proposed Removal. This further confirms Complainant's belief that the issues in the EEO action substantially overlap with the issues to be raised in an MSPB appeal or a mixed action appeal. Thus, Complainant anticipates that she will have to rely on the same or substantially similar compilation of documents that she introduced during discovery in the EEO action in any MSPB appeal or mixed action appeal. Those documents include the documents that are subject to the AJ Protective Order.

    e.  As a practical matter, Complainant cannot go back to AJ Eates with a request to modify her Protective Order to accommodate rapidly changing circumstances, because she issued it on the same date as the Summary Judgment Order, and then administratively closed the case pending issuance of the Final Administrative Decision. Deferring implementation of the AJ Protective Order would address the lack-of-jurisdiction impediment that prevents Complainant from obtaining meaningful review of her Orders during this interim period before the Complaint Adjudication Office issues a Final Administrative Decision, or at least obtaining a modification of the Protective Order.

    f.  Deferring implementation of the AJ Protective Order also would allow Complainant to work in good faith toward a mutually satisfactory resolution of the protracted discovery dispute through the Agency and the Office of Information Policy (OIP), in the interest of maintaining confidentiality and any privilege against public disclosure that the Agency asserts.

    g. Should a provisional stay of the issuance of the Final Administrative Order or the implementation of the AJ Protective Order be unavailable, Complainant respectfully requests the Department's affirmative consent to use the documents subject to the AJ Protective Order in her defense against the proposed adverse action, as well as any MSPB appeal or mixed action appeal, without fear of disciplinary or adverse action. Even before AJ Eates entered the February 26, 2020 Protective Order, Complainant exercised diligence in safeguarding the documents to prevent inadvertent or unauthorized disclosure. She will continue to do so during the pendency of this EEO proceeding and any other employment-related action, such as an MSPB appeal or a mixed action appeal, or in any FOIA appeal. Complainant has requested that her former counsel not dispose of any documents that are subject to the Protective Order or FOIA appeal, to avoid charges of spoliation of evidence. Also, to show good faith, Complainant will ask any non-DOJ person or entity who is involved in her defense to comply with paragraphs 3, 4, and 5 of the AJ Protective Order.

    h. Finally, recognizing the potential ethical conflict of interest presented by the above circumstances, Complainant is in the process of finding new counsel to represent her in an MSPB appeal or mixed action proceeding. Finding new counsel has been exceedingly difficult because of the CoVID-19 nationwide epidemic, which has resulted in the United States President declaring a national state of emergency earlier this month. In the wake of that declaration, the government of the District of Columbia, where the Complaint resides, has ordered the closure of non-essential businesses in the District – including non-essential professional services not devoted to essential business operations – to prevent further spread of the CoVID-19 virus. The order went into effect on March 24, 2020 and will remain in effect until April 24, 2020.

  Accordingly, and for the foregoing reasons, Complainant respectfully requests a provisional stay of the issuance of the Department's Final Administrative Order and a provisional stay of implementation of the AJ Protective Order.

  Thank you for the opportunity to provide input.

Dated: March 27, 2020        Respectfully submitted,

                    /s/ Quynh Vu Bain
                    Quynh Vu Bain
                    Complainant, proceeding pro se