IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>**OFFICE OF THE ATTORNEY GENERAL**<br>U.S. Department of Justice,<br><br>**OFFICE OF THE DEPUTY ATTORNEY GENERAL**<br>U.S. Department of Justice,<br><br>**OFFICE OF PROFESSIONAL RESPONSIBILITY**<br>U.S. Department of Justice,<br><br>**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**, U.S. Department of Justice,<br><br>**OFFICE OF INFORMATION POLICY**<br>U.S. Department of Justice,<br><br>    Defendants. | No. 21-Civ-1751 (RDM) |

**PLAINTIFF'S MOTION FOR A PRE-TRIAL CONFERENCE
UNDER FED. R. CIV. P. 16(a)**

Pursuant to Fed. R. Civ. P. 16(a), Plaintiff respectfully requests that this Court schedule a pre-trial conference to discuss, among other things, the 30 sealed exhibits that were filed in support of Plaintiff's Amended Complaint and the Court's directive that the parties meet and confer regarding "which portions of the sealed material are not privileged or not covered by an existing confidentiality agreement or protective order." *See* Minute Order, dated September 27, 2021. Plaintiff also respectfully requests leave of Court to file this motion in lieu of the Joint Status Report that is due today, May 20, 2022. In support of this motion, Plaintiff avers the following:

1

1.  On June 22, 2021, Plaintiff filed a Complaint alleging that her wrongful discharge from the U.S. Department of Justice and federal service after 29 years of exemplary service constituted unlawful discrimination and retaliation for engaging in protected activity, including whistleblowing. *See* Dkt. #1. Among other things, the Complaint further alleges that Defendants' refusal to release responsive, non-exempt information in response to her three FOIA requests violated the Freedom of Information Act and the Privacy Act, 5 U.S.C. §§ 552 & 552a; and that Defendants' refusal to correct or amend erroneous personnel records violated the Privacy Act, 5 U.S.C. § 552a(g). In support of the Complaint, Plaintiff filed 30 exhibits along with a motion for leave to file those exhibits under seal. *See* Dkt. #3.

2.  On July 6, 2021, this Honorable Court denied Plaintiff's Motion to file the 30 Plaintiff's exhibits under seal, without prejudice to renewing the Motion. The Order provided that before re-filing the 30 exhibits under seal, Plaintiff must consider which portion of the 30 exhibits may be released to the public, and which portion may be withheld on a claim of exemption under the FOIA/Privacy Act or an applicable common law privilege. Dkt. #4.

3.  On July 6, 2021, the Court also issued a Standing Order that, among other things, directed Defendants to prepare and file a Vaughn Index describing each of the documents in the possession, custody, or control of Defendants that are subject to a claim of exemption from release under the FOIA or the Privacy Act; and the reasons for withholding those documents. *See* Dkt. #5.

4.  On September 17, 2021, Defendants filed a Motion to Dismiss the Complaint for lack of jurisdiction and failure to state a claim. *See* Dkt. #10. On the same date, Defendants filed a Partial Answer to Plaintiff's Complaint in which they conceded that this Court has subject matter

jurisdiction over Plaintiff's claims under the Freedom of Information Act and Privacy Act, 5 U.S.C. §§ 552 & 552a. *See* Dkt. #9, at 2.

5. On September 23, 2021, Plaintiff filed an Amended Complaint (Dkt. #16). In support thereof, Plaintiff refiled the 30 exhibits along with a Motion for leave to file those exhibits under seal. *See* Dkt. #11. The Motion explained that many of the 30 exhibits are covered by applicable FOIA and Privacy Act exemptions, the asylum confidentiality regulation at 8 C.F.R. § 1208.6, a confidentiality agreement between Plaintiff and the DOJ Office of Professional Responsibility, or a protective order issued by an administrative judge of the Equal Employment Opportunity Commission.

6. On September 27, 2021, the Court accepted the Amended Complaint for filing as a matter of right and denied Defendants' Motion to Dismiss as moot. The Court also granted Plaintiff's motion to file several of the original 30 exhibits under seal. *See* Dkt. #11. Through a subsequent minute order, the Court placed all 30 exhibits under seal and directed the parties to meet and confer regarding "what portions of the sealed material are not privileged or not covered by an existing confidentiality agreement or protective order." *Id.* The Court further directed the parties to file a joint status report by October 8, 2021. *Id.*

7. On October 7, 2021, counsel for Defendants (former AUSA Joseph Carilli) and Plaintiff met and conferred about the applicability of various common law privileges, statutory exemptions under the FOIA and Privacy Act, the asylum confidentiality regulation at 8 C.F.R. § 1208.6, and Rule 5.2 of the Federal Rules of Civil Procedure which provides privacy protection for filings made with the Court. Regrettably, the parties were not able to reach agreement about which of the 30 sealed exhibits, or portions thereof, may be filed on the public docket. Accordingly, the parties notified the Court and requested additional time to confer. Dkt. # 18. The

Court granted that request and set November 22, 2021 as the due date for the next joint status report.

8.	On October 12, 2021, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint for lack of jurisdiction and failure to state a claim. *See* Dkt. #20, 20-1, and 20-2. On the same date, Defendants filed a Partial Answer to Plaintiff's Amended Complaint that conceded "that this Court has jurisdiction over Plaintiff's Freedom of Information Act claim." *See* Dkt. #19, at 3. Regarding Plaintiff's August 2019 FOIA request filed with OPR, Defendants stated that OPR acknowledged receiving the request on October 4, 2019, and that OPR responded to the request by making "the first interim release on March 30, 2020, releasing 45 pages in full and withholding 530 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C)." *Id.* at 11. Defendants further conceded that Plaintiff has filed an appeal with the Office of Information Policy (OIP) to challenge OPR's refusal to release the entire record of its investigation of Plaintiff. *See id.* at 12. Since the initial interim release, however, neither OPR nor OIP has released additional documents or materials to Plaintiff. Moreover, by letter dated September 13, 2021, OIP informed Plaintiff that it had stopped processing her FOIA appeal because she filed the instant lawsuit. *See* Attachment (Plaintiff's Exhibit 37).

9.	In November 2021, Plaintiff discovered that Defendants had released heavily-redacted information concerning this lawsuit to a third-party FOIA requestor who then republished the information in the news media. *See* https://www.hoppocklawfirm.com/ immigration-judge-lawsuit-raises-disturbing-case-management-and-foia-issues-at-eoir/. Plaintiff requested that Defendants prioritize the processing of <u>her</u> three FOIA and Privacy Act requests that Plaintiff filed <u>as a first-party requestor</u> in September 2015, January 2018, and August 2019; and that Defendants immediately release all responsive materials to Plaintiff. In the same communication, Plaintiff

also requested that Defendants make a "first-cut determination" regarding which of the 30 sealed exhibits, or portions thereof, are subject to a claim of privilege or exemption, since many of those exhibits originated with, or were compiled by, Defendants. *See* Attachment (Plaintiff's Exhibit 38).

10. Thereafter, the parties filed joint status reports on November 24, 2021 (Dkt. #27) and January 18, 2022 (Dkt. #33), in which they requested additional time to confer. As of today, however, Defendants have not completed their processing of Plaintiff's first-party FOIA and Privacy Act requests, including the OIP appeal, and have not released to Plaintiff all responsive documents.

11. In anticipation of the next joint status report which is due today, May 20, 2022, Plaintiff sent Defendants a Request for Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(B). *See* attachment (Plaintiff's Exhibit 39). Through that request Plaintiff once again sought the production of all documents and materials responsive to her three first-party FOIA requests filed in September 2015, January 2018, and August 2019. Consistent with this Court's July 6, 2021 Standing Order, Plaintiff also requested that Defendants provide a Vaughn Index that identifies each of the documents they have withheld on a claim of privilege, the applicable privilege or exemption, and the reason(s) for the withholding. Finally, consistent with Fed. R. Civ. P. 26(b)(2), Plaintiff requested that Defendants produce all information in their possession, custody, and control that may be used to support their claims or defenses in this civil action.

12. In response, counsel for Defendants (former AUSA Blake Weiner) stated that he was leaving the United States Attorney's Office at the end of April 2022; that he was under no obligation to respond to the Request for Initial Disclosures before leaving; and that new substituting counsel (AUSA Thomas Duffey) will determine the appropriateness of a response.

13. Throughout the past 11 months since the filing of Plaintiff's original Complaint, the Court has granted the parties more than ample time to confer about the 30 sealed Plaintiff's exhibits. The parties, however, have not been able to reach agreement regarding the publication of those exhibits or any portions thereof on the public docket. In addition, Defendants have declined to complete the processing of Plaintiff's three FOIA requests, including her OIP appeal, and have not released all responsive documents to Plaintiff. Nor have Defendants provided a Vaughn Index which Plaintiff requested and this Court ordered. As it appears that the parties have deadlocked over these evidentiary matters, Plaintiff respectfully requests that she be relieved from the requirement to meet and confer with Defendants' counsel and periodically to file joint status reports. Furthermore, Plaintiff respectfully requests that the Court schedule a Rule 16(a) conference, at the Court's earliest convenience, to discuss the status of this case.

Date:  May 20, 2022

Respectfully submitted,

Quynh Vu Bain
Pro Se Plaintiff
213 3rd Street, SE
Washington, DC  20003
quynhbain75@outlook.com
(202) 910-8553