## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUYNH VU BAIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **OFFICE OF THE ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF THE DEPUTY ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | |
| ) | **No. 21-Civ-1751 (RDM)** |
| **OFFICE OF PROFESSIONAL RESPONSIBILITY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **EXECUTIVE OFFICE FOR IMMIGRATION** ) | |
| **REVIEW**, U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF INFORMATION POLICY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S EXHIBIT 39**

**(Plaintiff's Request for Initial Disclosures, dated April 4, 2022)**

**Quynh Vu Bain**
**213 3rd Street, SE**
**Washington, DC  20003**
**quynhbain75@outlook.com**
**(202) 910-8553**

---

April 4, 2022

By electronic transmission to Blake.Weiner@usdoj.gov

Blake Weiner
Assistant United States Attorney
U.S. Department of Justice
Office of the United States Attorney
 for the District of Columbia
555 4th Street, SE
Washington, DC  20530

Re:    Bain v. U.S. Department of Justice, No. 21-cv-1751 (RDM)
       Plaintiff's Request for Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)(B)

Dear Mr. Weiner:

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), this Request for Initial Disclosures seeks the disclosure of four categories of materials that are necessary to ensure compliance with Judge Moss's Orders concerning the filing of non-exempt or non-privileged information on the public docket.  To enable both parties to meet Judge Moss's May 20, 2022 deadline for filing documents on the public docket, I request that you provide the requested documents to me no later than **April 24, 2022**.  Please also produce any additional information that Defendants have in their possession, custody, or control and may use to support their claims or defenses by that date.  Given that this matter has been pending for over nine months, I request your assistance and cooperation in expediting this request.

**Category 1:   Information Plaintiff Requested Through FOIA and the Privacy Act**

Between September 2015 and August 2019, I made three separate FOIA and Privacy Act requests that were directed to the Executive Office for Immigration Review and the Office of Professional Responsibility.  The first two FOIA requests were filed with EOIR in September 2015 and January 2018, respectively.  The third FOIA request was filed with OPR in August 2019.  *See* Amended Complaint, docket entry #3, at ¶¶ 109-110.

In response to the first FOIA request, EOIR released a total of 100 pages of documents and claimed exemptions with respect to an unspecified number of pages.  *See* Amended Complaint, at

¶ 113.  In response to the second FOIA request, EOIR released a total of 34 pages of documents and claimed exemptions with respect to an unspecified number of pages.  *See* Amended Complaint, at ¶¶ 119-120.  In response to the third FOIA request, OPR released 45 pages and claimed exemptions with respect to 530 pages.  *See* Amended Complaint, at ¶¶ 121-122.  Defendants' Partial Answer to the Amended Complaint acknowledges receipt of the three FOIA requests and that Defendants are in possession, custody, or control of documents responsive to the FOIA requests.  *See* Partial Answer, docket entry #19, at pp. 12,  But as of today, I have not received a Vaughn Index for the documents that Defendants have withheld.

Since Judge Moss's July 6, 2021 Standing Order (docket entry # 5) directs Defendants to prepare and issue a Vaughn Index, please provide one by **April 24, 2022**.  The Vaughn Index should identify all the materials in Defendants' possession, custody, or control; identify those materials that are being withheld pursuant to a claim of exemption or privilege; and the applicable FOIA exemptions and the reason(s) for withholding such materials.  Please also immediately release to me any additional materials that are responsive to the three FOIA requests and are not subject to a claim of exemption or privilege.

### Category 2:   Information in the "BAIN FOIA 2015" Folder

Count I of the Original Complaint and the Amended Complaint seeks immediate release of approximately 1,000 pages of documents in the "BAIN FOIA 2015" folder.  *See* Amended Complaint, docket entry #3, at ¶¶ 113-118.  Many of those documents are included in sealed Exhibit 14.  A February 26, 2020 Protective Order issued by the EEOC Administrative Judge prohibits the public disclosure of those documents unless the privilege holder (DOJ) does not assert a claim of exemption or privilege over those documents.

To comply with Judge Moss's July 6, 2021 Standing Order, I request that you either permit the filing of all 1,000 pages of documents on the public docket as not exempt from disclosure; or that you provide a Vaughn Index identifying which of the documents are subject to a claim of exemption, and state the applicable FOIA exemption(s) and the reasons for withholding such documents.  Please provide the Vaughn Index by **April 24, 2022**, so that we could meet Judge Moss's May 20, 2022 deadline for filing non-exempt documents from the "BAIN FOIA 2015" folder on the public docket.

### Category 3:   Information Referenced in the OPR Final Report of Investigation

Count I of the Original Complaint and the Amended Complaint seeks immediate release of the full OPR Record of Investigation.  *See* Amended Complaint, at ¶¶ 121-122.  Through an August 2019 FOIA request, I requested that OPR release to me the full Record of Investigation that OPR had compiled in the course of its two-year investigation.  *Id.*  In response, OPR released only 45 pages of the 575 pages that it identified as responsive, and it did not provide a Vaughn Index.  *Id.*  Please immediately release to me the full Record of Investigation.  Consistent with Judge Moss's July 6, 2021 Standing Order, please provide a Vaughn Index identifying any withheld documents and the reason(s) for withholding them.

The OPR Final Report of Investigation issued on September 27, 2019 specifically references, discusses, or incorporates thirteen eyewitness interviews conducted by OPR and EOIR between March 2017 and September 2019. As of this date, only four of those witness interview transcripts have been released to me. I request that you immediately release the nine remaining interview transcripts which pertain to the following individuals:

- Carmen A. Boykin, private immigration bar attorney
- Paul L. Knight, attorney for attorneys Boykin and Eileen P. Blessinger
- Thai Tran, DHS Counsel
- Juliana Bae, DHS Counsel
- Thai Haller, EOIR Contract Interpreter
- Olga Girola, EOIR Contract Interpreter
- Dorcas Assuah, Court Security Officer
- Judge Deepali Nadkarni, former Assistant Chief Immigration Judge
- Deborah A. Castro, Court Administrator of the Arlington, Virginia Immigration Court

*See* Amended Complaint, docket entry #3, ¶ 100. If there are witness interviews conducted by OPR or EOIR that are not mentioned in the Final Report, I request the immediate release of the records of those interviews as well. You may provide those interview records in their original format, *i.e.*, handwritten notes, transcribed testimony, or audio recordings.

To ensure that we both meet Judge Moss's May 20, 2022 deadline of filing subject documents on the public docket, I request that you provide me with the above-described OPR documents and materials by **April 24, 2022**.

**Category 4:   Information Supporting Defendants' Claims or Defenses**

Consistent with Fed. R. Civ. P. 26(b)(2), please provide me with a copy of all other documents, electronically stored information, and other materials in Defendants' possession, custody, or control that may be used to support Defendants' claims or defenses by **April 24, 2022**.

Thank you for your attention to this matter and your cooperation.

Sincerely,

Quynh Vu Bain
*Pro Se* Plaintiff