IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, | ) |
| Plaintiff, | ) No. 21-Civ-1751 (RDM) |
| v. | ) |
| U.S. DEPARTMENT OF JUSTICE, ET AL. | ) |

**PLAINTIFF'S STATEMENT OF SUPPLEMENTAL AUTHORITY**

Pursuant to LCvR 7(b), Plaintiff respectfully requests that the Court take notice of the recent decision of the United States Court of Appeals for the District of Columbia Circuit in *Chambers v. District of Columbia*, Slip. Op. 19-7098, __ F.3d __ (D.C. Cir. June 3, 2022) (*en banc*), which is directly applicable to this case.

In *Chambers*, the court of appeals, sitting *en banc*, overruled an earlier panel decision that granted summary judgment to the Defendant, the District of Columbia. *See* Slip. Op. at 3 (citing *Chambers v. District of Columbia*, 988 F.3d 497, 501 (D.C. Cir. 2021)). The panel decision in *Chambers* concluded that the alleged discriminatory act – denial of a job transfer – was not actionable under Title VII of the Civil Rights Act of 1964, because Chambers "proffered no evidence" that the denial of her job transfer requests caused her "objectively tangible harm," which the court of appeals' decision in *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999), required her to show. *See* Slip Op. at 3. While noting that *Brown* was binding, the panel members in *Chambers* urged the full court to revisit the holding in *Brown*. *See* Slip Op. at 4. They voiced concerns that *Brody's* limitation on Title VII claims contravenes Title VII, which makes no reference to "objectively tangible harm" or any similar requirement. 988 F.3d at 503-

04. Heeding that call, the court of appeals granted rehearing in *Chambers*, to reconsider *Brown's* rule that the denial or forced acceptance of a job transfer is actionable under Title VII, 42 U.S.C. § 2000e(2)(a)(1), only if the employee suffers "objectively tangible harm." Slip Op. at 4 (citing *Chambers v. District of Columbia*, No. 19-7098, 2021 WL 1784792 (May 5, 2021) (quoting *Brown*, 199 F.3d at 457)).

On rehearing, the *en banc* court in *Chambers* considered the language of Title VII, Section 703(a)(1), which makes it

> an unlawful employment practice . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual, with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1). The *en banc* court concluded that Congress intended the phrase "terms, conditions, or privileges of employment" in Section 703(a)(1) to have broad effect, covering "the entire spectrum of disparate treatment . . . in employment." Slip Op. at 5 (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)). Therefore, the Court concluded:

> Once it has been established that an employer has discriminated against an employee with respect to that employee's "terms, conditions, or privileges of employment" because of a protected characteristic, the analysis is complete. The plain text of Title VII requires no more. Any additional requirement, such as *Brown's* demand for "objectively tangible harm," is a judicial gloss that lacks any textual support.

*Id.*

*Chambers* is relevant to the instant action because Defendants cited *Brown v. Brody* and its progeny in their Motion to Dismiss, to support their argument that Plaintiff has not demonstrated that each and every adverse employment action she complained of has resulted in objectively tangible harm. *See* Dkt. # 20-1, at 18. In opposing the Motion to Dismiss, Plaintiff introduced sufficient evidence to show that each of the adverse employment actions she alleged

cleared the *Brown* hurdle and was not *de minimis*. See Dkt. # 24, at 3, 16. Because under *Chambers*, Plaintiff no longer has to carry the additional burden of showing objectively tangible harm, she has pleaded a *prima facie* case of employment discrimination that is actionable under Title VII.[1] Accordingly, Defendants' Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be denied.

Date:   June 22, 2022                       Respectfully submitted,

                                            Quynh Vu Bain
                                            *Pro Se* Plaintiff
                                            213 3rd Street, SE
                                            Washington, DC  20003
                                            quynhbain75@outlook.com
                                            (202) 910-8553

---

[1] Before the *en banc* court of appeals, the United States filed an *en banc* brief as amicus curiae in support of Plaintiff-Appellant Chambers. *See* USCA Case No. 19-7098 (D.C. Cir.), Dkt. # 1905381. The United States' amicus brief acknowledges that the court of appeals has applied *Brown's* rationale to cases involving employees of the District of Columbia, such as Chambers, who are covered by Title VII, Section 703(a)(1), even though *Brown* involved a federal employee of the United States government whose case arises under Title VII, Section 717(a). *Id.* at 11, n. 2 (citing *Brown v. Brody*, 199 F.3d at 452-453). Therefore, the *en banc* court of appeals' decision in *Chambers* necessarily applies to federal employees of the United States government who suffer discriminatory denials of job transfers.

The United States' amicus brief further acknowledges that the *en banc* court's decision in *Chambers* will also apply to discriminatory denial-of-transfer claims arising under the Age Discrimination in Employment Act (ADEA), which has the same prohibition of discrimination on the basis of age in regard to the ". . . terms, conditions, or privileges of employment." *See* 29 U.S.C. § 623(a)(1) (private sector ADEA); *id.* at § 633a(a) (public sector ADEA). *See also* USCA Case No. 19-7098 (D.C. Cir.), Dkt. # 1905381, at 29, n. 6.

Plaintiff posits that the *en banc* holding in *Chambers* similarly protects against discriminatory transfer decisions that are based on a federal employee's disability status. Under 29 U.S.C. § 794(d), courts reviewing a federal employee's claim under the Rehabilitation Act must apply the standards that are used to evaluate claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111 *et seq.*, which prohibits discrimination on account of disability status in regard to ". . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).