UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>   Plaintiff,<br><br> v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>et al.,<br><br>   Defendants. | Civil Action No. 21-1751 (RDM) |

## RESPONSE TO PLAINTIFF'S REQUEST TO SEAL/UNSEAL DOCUMENTS

By and through its undersigned counsel, Defendants (the "Agencies") respectfully submit this response to the Plaintiff's request that documents remain sealed and that others be unsealed (ECF No. 47-1).

Plaintiff, a former immigration judge, filed an amended complaint on September 27, 2021. ECF No. 16. The Court granted Plaintiff's motion accompanying her complaint to file 30 exhibits under seal. Defendants filed a partial motion to dismiss with exhibits on October 12, 2021 (ECF No. 20), which is pending. The Court now seeks the parties' positions regarding what portions of the sealed material are not privileged or covered by an existing confidentiality agreement or protective order and should be filed on the public docket.

As an initial matter, Defendants object to Plaintiff's submission inasmuch as it asserts that any of the listed exhibits are "relevant," have "probative value," or support her claims of discrimination. Plaintiff's request to have documents sealed or unsealed is not an evidentiary proceeding and this request is not the proper time or forum to decide whether the documents are probative of any material facts or are otherwise relevant to any of her claims. Thus, Defendants

object to Plaintiff's characterization of the documents in her submission and her assertions as to what they purportedly show.

While some of the exhibits include information that may be appropriate for filing under seal, such as Plaintiff's personal employment and medical records, other exhibits that Plaintiff seeks to file under seal do not disclose any personal or confidential information.  She also seeks to have other exhibits unsealed that are subject to a protective order in the underlying EEO proceeding and exhibits that would reveal the personal information of others.  While Plaintiff is adamant about protecting her own personal information, she seems less concerned about the private information of others.[1]

As this Court previously noted (ECF No. 4), exhibits can be sealed that meet the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980) (weighing (1) the public's need to access the document, (2) the extent of previous public access to the document, (3) the existence of an objection to disclosure and the identity of the objector, (4) the strength of any asserted property or privacy interests, (5) the prejudice to opponents of disclosure, and (6) the purpose for which the documents were introduced in litigation).  The *Hubbard* factors were recently affirmed in *Metlife, Inc. v. Financial Stability Oversight Council*, 865 F. 3d 661, 665 (D.C. Cir. 2017), wherein the court also repeated the maxim set forth in *Hubbard* that there is a strong presumption in favor of public access to judicial proceedings.  *Id.*  Although there is the strong presumption of open and transparent proceedings, Defendants are willing, for now, to keep some of the requested records under seal and away from public disclosure, particularly Plaintiff's unfavorable employment and personnel records.

---

[1]    At a minimum, Plaintiff should be required to redact any and all personal information concerning other individuals in documents, and Defendant should be afforded the opportunity to propose modifications to those redactions and non-redactions, before any unsealing.

Defendants respond to Plaintiff's various requests for the sealing and unsealing of documents as follows:

Exhibit 1: Defendants have no objection to the continued sealing of Plaintiff's disciplinary/personnel records. However, letters of counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 2: Defendants have no objection to unsealing.

Exhibit 3: Defendants have no objection to unsealing.

Exhibit 4: In prior filings and discussions with Defendants' prior counsel, Plaintiff did not originally seek to seal this exhibit. It is the case file for her EEOC Proceeding. Defendants object to a blanket sealing of this exhibit. It would be more appropriate for Plaintiff to submit a proposed redacted version of the exhibit indicating what she feels is sensitive or protected information concerning Plaintiff.

Exhibits 5 through 11: Defendants have no objection to unsealing.

Exhibit 12: Plaintiff's submission with respect to this exhibit is confusing as she asserts that it should be unsealed but then also states that it should remain sealed. In any event, Defendants object to a blanket sealing of this exhibit. It would be more appropriate for Plaintiff to submit a proposed redacted version of the exhibit indicating what she feels is sensitive or protected medical information about Plaintiff.

Exhibit 13: Defendants have no objection to the continued limited sealing of Plaintiff's disciplinary/personnel records as outlined in Plaintiff's chart. However, letters of counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 14: Plaintiff is seeking to file certain documents in this exhibit in an unsealed format. Based on Plaintiff's description in her motion, this exhibit contains documents that are subject to a Protective Order that was issued in her EEO action. In Count II of Plaintiff's amended complaint filed in this action, she makes allegations concerning the handling of her EEO case, essentially appealing dismissal of her EEO complaint. Accordingly, the Protective Order issued in the EEO proceeding should still control, and the documents contained in this exhibit should remain sealed.

Exhibit 15: Defendants have no objection to the continued limited sealing of Plaintiff's disciplinary/personnel records as outlined in Plaintiff's chart. However, letters of counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 16: Defendants have no objection to the continued sealing of Plaintiff's disciplinary/personnel records as outlined in Plaintiff's chart. However, letters of

counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 17: Defendants object to the sealing of this exhibit. By Plaintiff's own admission, the material in this exhibit, OPR's Report of Investigation, is in the public domain. As this information is in the public domain, there is no reason for it and related exhibits to remain sealed.

Exhibit 18: Defendants have no objection to the continued sealing of Plaintiff's negative performance rating.

Exhibit 19: Defendants have no objection to the continued sealing of Plaintiff's negative performance rating. However, letters of counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 20: Defendants have no objection to the continued sealing of Plaintiff's negative performance rating. However, letters of counseling are not disciplinary matters and are not maintained in an employee's official personnel folder.

Exhibit 21: Defendants object to a blanket unsealing of this exhibit. From Plaintiff's submission, it is unclear exactly what is contained in this exhibit. Plaintiff claims it is public information about this judge, but this should be verified prior to unsealing.

Exhibit 22: Defendants object to a blanket unsealing of this exhibit. From Plaintiff's submission, it is unclear exactly what is contained in this exhibit. Plaintiff claims it is public information, but this should be verified prior to unsealing.

Exhibit 23: Defendants object to a blanket unsealing of this exhibit. From Plaintiff's submission, it is unclear exactly what is contained in this exhibit. Plaintiff claims it is public information, but this should be verified prior to unsealing.

Exhibit 24: Defendants object to a blanket unsealing of this exhibit. From Plaintiff's submission, it is unclear exactly what is contained in this exhibit. Plaintiff claims it is public information, but this should be verified prior to unsealing.

Exhibit 25: From Plaintiff's submission, it is unclear whether these are published or public BIA opinions that she seeks to have unsealed. Defendants have no objection to the unsealing of these records, provided personal identifying information is redacted from the opinions, including respondents' names, non-parties/witnesses' names, and alien numbers.

Exhibit 26: Defendants have no objection to unsealing.

Exhibit 27: Defendants have no objection to unsealing.

Exhibit 28: Defendants have no objection to the sealing of Plaintiff's personnel and disciplinary records.

Exhibit 29: Defendants object to a blanket unsealing of these documents. From Plaintiff's submission, it is unclear exactly what is contained in this exhibit. Plaintiff claims it is public information, but this should be verified prior to unsealing.

Exhibit 30: Defendants have no objection to the sealing of Plaintiff's personnel and disciplinary records.

Defendants reserve the right to file a motion to modify any order of this Court with respect to the sealing or unsealing of documents in the future, should circumstances warrant during the course of this litigation.

Dated: July 25, 2022
Washington, DC

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By:    /s/ *Thomas W. Duffey*
        THOMAS W. DUFFEY
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2510
        Thomas.duffey@usdoj.gov

        *Attorneys for the United States of America*