IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,

Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, ET AL.

Defendants.

No. 21-Civ-1751 (RDM)

### PLAINTIFF'S REPLY REGARDING THE NECESSITY OF SEALING PLAINTIFF'S EXHIBITS 1 TO 30

By Minute Order issued on June 29, 2022, this Honorable Court directed the parties to state their respective positions concerning the continued placement of Plaintiff's Exhibits 1 to 30 under seal. The Court further directed Plaintiff to provide a chart stating which of the 30 sealed exhibits, or portions thereof, should remain under seal and the reasons they should remain under seal.

On July 18, 2022, Plaintiff filed her statement regarding the necessity of sealing or unsealing the 30 Plaintiff's Exhibits. See Dkt. #47. On July 25, 2022, Defendants filed their response. See Dkt. #50. Plaintiff now files this Reply to address specific objections that Defendants have raised in their response.

First, Defendants do not object to the sealing of Plaintiff's privacy-protected personnel, disciplinary, and medical records in Exhibits 1, 13, 15, 16, 19, and 20. However, Defendants object to the sealing of counseling letters, contending that counseling letters are not disciplinary records. Plaintiff disagrees with Defendants' characterization of the counseling letters as non-

personnel records or records not deserving of privacy protection. According to "the Justice Department's Guide to the Freedom of Information Act, Exemption 6":

> Information meets the threshold requirement of Exemption 6 if it falls within the category of "personnel, medical, and similar files." . . . . In *United States Dept. of State v. Washington Post Co.*, the United States Supreme Court held, based upon a review of the legislative history of the FOIA, that Congress intended the term "similar files" to be interpreted broadly, rather than narrowly. The Court stated that the protection of an individual's privacy "surely was not intended to turn upon the label of the file which contains the damaging information." Rather, the Court made clear that all information that applies to a particular individual meets the threshold requirement for Exemption 6 protection.

*See* https://www.justice.gov/oip/page/file/1207336/download (last visited July 15, 2022). *See also Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 152 (D.C. Cir. 2006) ("The Supreme Court has read Exemption 6 broadly, concluding the propriety of an agency's decision to withhold information does not 'turn upon the label of the file which contains the damaging information.' ") (quoting *U.S. Dept. of State v. Washington Post*, 456 U.S. 595, 601 (1982)); *Associated Press v. DOD*, 554 F.3d 274, 291 (2d Cir. 2009) (stating that "[t]he phrase 'similar files' has a broad meaning and encompasses the government's records on an individual which can be identified as applying to that individual.").

Plaintiff introduced the January 2015 counseling email and the June 2015 and July 2016 counseling letters to show that Defendants used them to support their discriminatory and retaliatory personnel practices that ultimately led to Plaintiff's removal September 2020. *See* Amended Complaint, ¶¶ 129, 130, 173, 175, and 177. The counseling email and letters, in part, provided the basis for the decision to terminate her employment. Because of the severe consequence that they wrought, the counseling email and letters cannot be classified as non-disciplinary, *de minimis* adverse actions. In addition, Plaintiff introduced the counseling email and letters in support of her request, under the Privacy Act, to amend or expunge employment records that contain provable

errors of fact, law, and analysis. *See* Amended Complaint, ¶¶ 126-130. Public disclosure of such records would defeat the purpose of her request to amend or expunge those erroneous records and would in fact moot out the request. Redacting her name from the records would not serve to protect her privacy interest, because the records pertain only to her. Finally, public disclosure of the counseling records would be unduly prejudicial to Plaintiff, in that they would cause further reputational harm and damage her future employment prospects. Accordingly, a balance of the *Hubbard* factors weighs against disclosure of the counseling email and letters. *See United States v. Hubbard*, 650 F.2d 293, 317-323 (D.C. Cir. 1980).

Second, Defendants object to sealing documents that they claim are not privacy-protected information in Exhibits 4 and 12. They propose that Plaintiff redact "what she feels is sensitive information or protected information" and place the exhibits on the public docket. With respect, the proper inquiry is not what Plaintiff feels is the right thing to do. Rather, it is whether Exhibits 4 and 12 fit the definition of "personnel, medical, and similar files" for purposes of applying Exemption 6.

Exhibit 4 is a compilation of records from Plaintiff's EEOC administrative proceeding, which includes a substantial amount of information from her personnel, medical, and similar files. Exhibit 12 contains medical information that came directly from Plaintiff's personal medical file. *See* Dkt. #47, at pp. 10, 12. Because Exhibits 4 and 12 contain information that pertains only to Plaintiff, she has the right to determine whether to publish the information. *See U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) (Because the privacy interest inherent in Exemption 6 "belongs to the individual, not the agency holding the information[,]" that privacy interest encompasses the individual's control of information concerning his or her person). The personnel, medical, and similar records in Exhibit 4 cannot be

3

readily segregated and, even if the privacy-protected information were redacted, the remaining records would clearly identify Plaintiff as the subject of those records. Thus, redacting the sensitive information would be pointless. *See Mueller v. U.S. Dept. of the Air Force*, 63 F. Supp. 2d 738, 744 (E.D. Va. 1999) (noting that when requested documents relate to a particular individual, redacting the documents would be pointless when it is known that she is the subject of the document request). Nevertheless, if the Court determines that a redacted version of Exhibits 4 and 12 should be filed on the public docket, Plaintiff respectfully requests a reasonable period of time to prepare and file a redacted version of those exhibits.

Third, Defendants object to the unsealing of documents in Exhibit 14, because they are subject to an administrative judge's protective order that was issued in Plaintiff's EEOC proceeding. The documents in Exhibit 14 come from the 1,000-page compilation of documents that Plaintiff discovered on an EOIR server in a folder labeled "BAIN FOIA 2015." Plaintiff produced these documents to EOIR in response to EOIR's discovery request in the EEOC proceeding. EOIR responded by objecting to the document production, claiming that the documents were privileged, and by moving for sanctions, arguing that Plaintiff's EEOC action should be dismissed with prejudice because Plaintiff improperly accessed those documents. The EEOC administrative judge denied EOIR's motion for sanctions. The administrative judge determined that Plaintiff did not act improperly or engage in misconduct when she obtained the documents, which were accessible to many other EOIR employees, for use in the EEOC litigation. *See* Amended Complaint, ¶¶ 115-116, 153-154. The administrative judge also determined that any privilege that had attached to those documents had been waived by EOIR's placing them on an EOIR server that was accessible to many EOIR employees. *Id.* On February 26, 2020, the administrative judge issued a protective order that covered the documents in the "BAIN FOIA

4

2015" folder. The protective order requires special handling of the covered documents to preserve EOIR's right to assert privilege over those documents. *Id.* at 118. The protective order, however, provides that the use of the covered documents is not restricted in non-EEOC proceedings. *Id.* Thus, the protective order is not binding on this Court.

Plaintiff recognizes that Exhibit 14 contains privacy-protected information concerning other former or current EOIR employees. She previously invited Defendants to segregate and redact those former or current EOIR employees' privacy protected information, but Defendants declined. *See* Plaintiff's Exhibit 38, Correspondence with former AUSA Blake Weiner, dated November 18, 2021, Dkt. #45-2, at p. 3-4. Plaintiff does not now object to Defendants redacting the names and other personally identifying information of those former or current EOIR employees before placing Exhibit 14 on the public docket.

Fourth, based on Defendants' Supplemental Response of July 27, 2022 (Dkt. #51), Plaintiff understands that Defendants do not object to the sealing of the OPR Final Report of Investigation that is found in Exhibit 1, at pp. 53-132 and in Exhibit 30, at pp. EOIR 1-82. To Plaintiff's knowledge, the report has never been made public. Plaintiff agrees that sealing the report is necessary and appropriate, to protect her privacy interest in that particular document. Redaction of the report would not adequately protect her privacy interest, since she was the only subject of the OPR investigation and the report. *See Mueller,* 63 F. Supp. 2d at 744; *see also Hunt v. FBI,* 972 F.2d 286, 288 (9th Cir. 1992).

Defendants, however, request the unsealing of the OPR Summary of Investigation in Exhibit 17. The summary describes the complaint of judicial misconduct that attorney Paul L. Knight filed on behalf of immigration bar attorneys Blessinger and Boykin, which OPR began investigating in 2017, and the findings and conclusions that OPR reached two years later.

5

Although the investigative summary did not identify Plaintiff as the subject of the OPR investigation, Defendants released the summary to a third-party FOIA requestor in November 2021, in response to a request for information about this lawsuit. The third-party FOIA requestor republished the summary on the internet, where Plaintiff found it in the same month. *See* https://hoppocklawfirm.com/immigration-judge-lawsuit-raised-disturbing-case-management-and-foia-issues-at-eoir (last visited July 15, 2022). Because the publication of the summary destroyed the anonymity that it was supposed to preserve, Defendants now want to publish the summary on the Court public docket as well. Plaintiff maintains her objection to unsealing the summary. It contains erroneous statements about the OPR investigation and has the potential to cause confusion among the reading audience. The unsealing of the summary will defeat the protection that Exemption 6 affords to the OPR Report of Investigation, will put Plaintiff in an even greater false light, and will cause further irreparable harm to her professional reputation. Under the doctrine of practical obscurity, the Court would be justified in sealing the summary of investigation to protect Plaintiff's privacy interest. *Cf. Reporters Comm.*, 489 U.S. at 762, 764, 767, 780 (finding that "there is a strong privacy interest" in nondisclosure of a private citizen's criminal history, even where the information may have been public at one time).

Fifth, Defendants oppose the unsealing of Exhibits 21, 22, 23, 24, 25, and 29, even as they advocate for disclosure of Plaintiff's privacy-protected records. Some of the documents in those six exhibits pertain to other former or current EOIR employees, but Defendants do not claim that the exhibits are privacy protected. Rather, they question whether the documents have been made available to the general public at all. Plaintiff confirms that she found many of the documents in these six exhibits on the internet after they were released to third-party FOIA requestors, who published them on the internet. Even though much of the information in these six exhibits has

been made public, Plaintiff does not object to Defendants making redactions to the names and other personally identifying information of the former or current EOIR employees mentioned in the six exhibits, to protect their privacy.

Dated:  August 1, 2022

Respectfully submitted,

Quynh Vu Bain
Pro Se Plaintiff
213 3RD ST., SE
WASHINGTON, DC  20003
(202) 910-8553
Quynhbain75@outlook.com