IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, ET AL. <br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 21-Civ-1751 (RDM) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
NOTICE OF INTENT TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to the Court's Standing Order of July 6, 2021 (Dkt. 5),[1] Plaintiff respectfully requests leave of Court to amend the Complaint to lodge a fourth cause of action and to file a motion for partial summary judgment under Federal Rule of Civil Procedure 56 and Local Rules 56.1 and 7(h). Given the sensitivity of the information to be divulged, Plaintiff respectfully requests leave of Court to file an unredacted version of the fourth cause of action on the non-public docket and a redacted version on the public docket. Plaintiff also seeks permission to file an unredacted version of the Motion for Partial Summary Judgment on the non-public docket and a redacted version on the public docket. If necessary, Plaintiff also requests leave of Court to

---

[1] Paragraph 10.a.i of the Court's July 6, 2021 Standing Order provides as follows: "If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference. To so request, the moving party shall submit a short notice via ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue. Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion. The Court will review and discuss with counsel any anticipated summary judgment options at the pre-motion conference. This requirement shall not apply to incarcerated *pro se* litigants."

conduct limited discovery on the claims stated in the fourth cause of action. Plaintiff hopes that the limited discovery will facilitate the Court's resolution of the fourth cause of action without need for a trial.

Plaintiff seeks to amend her September 22, 2021 Amended Complaint ("Complaint") to add a fourth cause of action. *See* attached proposed Amendment to the Complaint. The new cause of action asserts that, under the law of this Circuit, Plaintiff may have a substantive property or liberty interest in continued employment with the Justice Department and in the federal service. *Schroer v. Billington*, 525 F. Supp. 2d 58 (D.D.C. 2007) ("Our circuit has assumed that when a public employee has a property interest in continued employment, substantive due process may be violated when the employer acts "irrationally and arbitrarily" in terminating the employee.") (citing *Yates v. District of Columbia*, 324 F.3d 724, 726 (D.C. Cir. 2003)). *See also McCabe v. Barr*, 490 F. Supp. 3d 198, 222 (D.C. 2020); *Britton v. Government of District of Columbia*, No. 02-640 (RWR) (D.D.C. Jan. 23, 2007) ("Before procedural or substantive due process rights can attach, . . . Britton must allege that she has an actual property interest in continued public employment through a statutory guarantee and that she cannot be terminated without due process."). The fourth cause of action also asserts that Plaintiff has no adequate statutory remedy for vindicating her Constitutionally protected property or liberty interest in continued federal service. Thus, she respectfully requests that the Court fashion a suitable remedy that will adequately redress the substantive due process violations.

Plaintiff's Motion for Partial Summary Judgment will assert that Defendants undertook a series of discriminatory or retaliatory adverse actions against Plaintiff beginning in 2014, in an effort to remove her from the Justice Department and the federal service, so that her full-time employment position could be given to an external or internal immigration judge candidate

Defendants favored. These adverse personnel actions, also known as prohibited personnel practices under the Civil Service Reform Act, were carried out during a five-year period leading up to Plaintiff's discharge in September 2020. Collectively, the adverse actions arbitrarily and capriciously deprived Plaintiff of her Constitutionally protected property or liberty interest in continued employment in the Justice Department and the federal service.

In addition, Defendants have continued to deprive Plaintiff of substantive due process, post-termination. They have withheld information that she needs to contest the accuracy and validity of the Attorney General's Removal Decision. Defendants now claim that OPR lacks the required staffing and other resources to process Plaintiff's first-party FOIA request that was filed with OPR three years ago, in August 2019. This claim is made even as Defendants have processed third-party FOIA requests for information about this lawsuit, and, in doing so, released privacy-protected information that identified Plaintiff as the subject of the 2019 OPR Report of Investigation. All of these arbitrary and capricious adverse personnel actions have violated her substantive property, liberty, and privacy interests which are based on the United States Constitution.

In the summary judgment motion, Plaintiff will show that the substantive due process violations cannot be adequately redressed by the statutory remedies that are available to Plaintiff, including Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, the Civil Service Reform Act of 1978, the Privacy Act of 1974, and the Administrative Procedure Act. For this reason, Plaintiff respectfully requests that the Court exercise its original jurisdiction under 28 U.S.C. 1331 to consider the additional claim of substantive due process violations and grant appropriate relief.

In briefing the substantive due process violations, Plaintiff will frame the legal issue, as follows:

> Whether Plaintiff has demonstrated, by a preponderance of the evidence, that Defendants deprived her of a substantive property and/or liberty interest in continued employment in the federal service, which she had accrued through 29 years of employment in the U.S. Department of Justice, when they engaged in discriminatory and retaliatory adverse personnel actions or prohibited personnel practices in the five-year period leading up to her removal that effectively deprived Plaintiff of her right to procedural due process in the pre-termination and post-termination processes.

Using Plaintiff's exhibits that have been filed on the public and non-public dockets, Plaintiff will show that each and every adverse action was a denial of notice and a reasonable opportunity to respond, including a reasonable opportunity to confront adverse evidence. All of these substantive due process violations which occurred over a period of five years led to her removal from DOJ and the federal service in September 2020.

Plaintiff acknowledges that, at this early stage of this proceeding, there are still disputes of material facts that might preclude summary judgment as to her complaint of employment discrimination and retaliation. Nevertheless, the inquiry that will be at the heart of her partial summary judgment motion involves a pure question of law or mixed question of law and fact: Whether she was afforded Constitutionally sufficient procedures before and after her discharge from DOJ and the federal service. Plaintiff anticipates that this inquiry can be resolved without discovery, but to the extent that discovery becomes necessary, she respectfully requests that the Court permit limited discovery into the Constitutional sufficiency of the pre-termination and post-termination procedures.

Based on the foregoing, Plaintiff respectfully requests that the Court permit her to amend her Complaint to lodge an additional cause of action, to conduct limited discovery on the substantive due process issue, and to move for partial summary judgment on the new (fourth) cause of action.

Date: August 26, 2022

Respectfully submitted,

Quynh Vu Bain
*Pro Se* Plaintiff
213 3rd Street, SE
Washington, DC  20003
Quynhbain75@outlook.com
(202) 910-8553