## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

QUYNH VU BAIN,

   Appellant,

  v.

DEPARTMENT OF JUSTICE,

   Agency.

DOCKET NUMBER
DC-0752-21-0035-I-3

DATE: January 4, 2022

Quynh Vu Bain, Washington, D.C., pro se.

Eric S. Daniels, Esquire, Washington, D.C., for the agency.

**BEFORE**
Edward W. Hertwig
Administrative Judge

### INITIAL DECISION

On December 13, 2021, the above-captioned appeal was automatically refiled by the Board pursuant to 5 C.F.R. § 1201.29(c). Appeal File-3, Tab 1.

The agency previously moved for dismissal of the appeal without prejudice citing the U.S Supreme Court's decision in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018). Appeal File-1, Tab 4. That motion remains extant.

The issue of whether the Board's administrative judges have the authority to preside over Board proceedings is currently pending before the Board on interlocutory appeal. Based on the extant interlocutory appeal, I find dismissing the appeal without prejudice remains appropriate.

Administrative judges have wide discretion to control the proceedings before them.  *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009).  A dismissal without prejudice to refiling is among the procedural options available to an administrative judge, and such a dismissal is committed to the administrative judge's sound discretion.  *Id*.  Based on the agency's continued challenge to the appointment of the Board's administrative judges, I find dismissing the appeal without prejudice subject to automatic refiling remains proper pending a decision from the Board on this issue.

Accordingly, I am dismissing the appeal without prejudice **subject to automatic refiling on Monday, October 3, 2022**.  *See* 5 C.F.R. § 1201.29(c).  Alternatively, if the Board issues a decision addressing the *Lucia* issue prior to the refiling date, the appellant may request the appeal be refiled earlier.  Any documents submitted by either party need not be resubmitted upon refiling.

## DECISION

The appeal is DISMISSED without prejudice subject to automatic refiling on October 3, 2022.

FOR THE BOARD:                    /S/
                            Edward W. Hertwig
                            Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **February 8, 2022**, unless a petition for review is filed by that date.  This is an important date because it is usually the last day on which you can file a petition for review with the Board.  However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its

receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board<br>
Merit Systems Protection Board<br>
1615 M Street, NW.<br>
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place.  Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time.  *See* 5 U.S.C. § 1203.  Thus, while parties may continue to file petitions

for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate. The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the

earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R. § 1201.4(j).  If the petition is filed electronically, the online process itself will serve the petition on other e-filers.  *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully

follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above.  5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx