UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,

             Plaintiff,

      v.

OFFICE OF THE ATTORNEY GENERAL,
et al.,

             Defendants.

Civil Action No. 21-1751 (RDM)

## DEFENDANTS' MOTION FOR LEAVE TO REDACT PLAINTIFF'S EXHIBITS 17, 26, AND 27 AND MEMORANDUM IN SUPPORT THEREOF

By Order dated December 28, 2022 (ECF 57), this Court afforded Defendants the opportunity to move, without prejudice, for leave to file under seal any documents the Court effectively unsealed by denying Plaintiff's motion to seal same.  The Order also provides that Defendants may suggest redactions to documents.  Defendants respectfully move for leave to redact portions of Plaintiff's Exhibits 17, 26, and 27.  Specifically, Defendants move to redact all sensitive personally identifiable information about third-party individuals in Exhibits 17, 26, and 27.

In accordance with this Court's Order, Defendants include as attachments to this motion a redacted version of each exhibit. Plaintiff's Exhibit 17 is attached here as Exhibit 17, Plaintiff's Exhibit 26 is attached here as Exhibit 26, and Plaintiff's Exhibit 27 is attached here as Exhibit 27. Pursuant to the Standing Order (ECF 5), the unredacted versions of these documents will be provided as a courtesy copy to the Court, a copy of which will also be provided to Plaintiff.  In proposing these redactions, Defendants seek to protect from public disclosure personally identifiable information about individuals who voluntarily provided information to the Office of

Professional Responsibility (OPR) during its investigation into alleged professional misconduct by Plaintiff.

Defendants respectfully request that the Court permit the filing of redacted copies of Exhibits 17, 26, and 27. Defendants move only to redact information that would personally identify third parties, i.e., names, telephone numbers, and email addresses of third parties who were witnesses, including private citizens, nonmanagerial government employees, and the complainants who originally submitted the misconduct allegations against Plaintiff to the Executive Office for Immigration Review, which were referred to OPR.  In addition, Defendants propose to redact the specific case names and numbers in which the conduct at issue occurred, which could be used to identify the complainants.

In its December 28, 2022 Order, the Court instructed that it would deny a motion for leave to file any document under seal "unless Plaintiff identifies each sentence that requires redaction with an explanation why that particular redaction is appropriate under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)."  (ECF 57)  The Court made clear that the same redaction process would apply to any motion for leave to file under seal by Defendants.  Thus, in compliance with the Court's Order, Defendants explain below the appropriateness of the proposed redactions under the *Hubbard* standards.  Because Defendants' proposed redactions cover distinct data points and not entire sentences, Defendants have included as courtesy copies an unredacted copy of the exhibits with the proposed redactions highlighted or otherwise identified in a manner that enables the Court to easily review the content of the proposed redactions.

### A.      Introduction

This Court has long acknowledged that the common law right to access judicial proceedings is not absolute and that although there is a "strong presumption in favor of public access," courts may use discretion and allow a party to file documents under seal whenever other

factors, such as the privacy interest in sensitive personally identifiable information, "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). The Court must weigh the factors identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), and the appropriateness of Defendants' application of those factors to the particular facts of the case to determine whether, in seeking to redact certain portions of Exhibits 17, 26, and 27, Defendants have overcome "the always strong presumption in favor of public access to judicial proceedings." *Hubbard,* 650 F. 2d at 317. In deciding whether to seal information, *Hubbard* directs courts to consider (1) the public's need to access the document; (2) the extent of previous public access to the document; (3) the existence of an objection to disclosure and the identity of the objector; (4) the strength of any asserted property or privacy interests; (5) the prejudice to opponents of disclosure; and (6) the purpose for which the documents were introduced in litigation. *Hubbard,* 650 F.2d at 317-21. As explained below, Defendants' application of the six *Hubbard* factors to Exhibits 17, 26, and 27 demonstrates that the scales tip heavily in favor of redacting information to protect the privacy of third parties.

**B.    Defendants Seek to Seal Only Information that Would Personally Identify Third Parties**

As shown by the proposed redactions, all of the information Defendants ask the Court to seal in Exhibits 17, 26, and 27 consists solely of personally identifiable information about private citizens, including the complainants and certain witnesses to OPR's investigation, as well as personally identifiable information about nonmanagerial government employees who were interviewed as witnesses during OPR's investigation.[1] Defendants have requested the Court to

---

[1] Although the Court directed the movant to identify by sentence how the *Hubbard* factors support sealing the information at issue, the only information Defendants seek to seal are names, telephone numbers, addresses, and case names and numbers that specifically identify a complainant or witness to OPR's investigation. The justification under *Hubbard*, explained herein, is identical for each of these proposed redactions.

allow redactions of the least information possible to protect the identities of OPR's complainants and witnesses, while maximizing the information to which the public has access.  Defendants endeavor to protect the privacy of individuals, both private citizens and government employees, who cooperate with OPR's misconduct investigations to further its ability to accomplish its mission and protect those individuals from harassment, embarrassment and stigma from being associated with such an investigation.  As discussed below, the *Hubbard* factors strongly support Defendants' request to seal this information.

C.   **Application of the *Hubbard* Factors**

1.   **The public's need to access the identities of third parties**

The need for public access to the information in Exhibits 17, 26 and 27 is the first *Hubbard* factor the Court will weigh in determining whether to allow Defendants to redact portions of these exhibits.  *Hubbard,* 650 F.2d at 317.  Defendants acknowledge the public's *right* to access Exhibits 17, 26, and 27, but the public has no *need* to access the identities and other personally identifiable information of third parties, i.e., their names, direct telephone numbers, and full email addresses, which, though interspersed throughout the exhibits, add nothing to, nor subtract from, the merits of Plaintiff's claims.  The public's access to the names and other identifying information of these witnesses and complainants are not necessary to fulfill the public's need to access the substantive content and subject matter of filings in this judicial proceeding.

The public disclosure of these witnesses' and complainants' personally identifiable information constitute an invasion of privacy and could subject them to the ridicule, embarrassment, humiliation, and stigma associated with participating in law enforcement investigations; being labeled or bullied as "tattle-tales" or "rats"; and probably most harmful, reiterations of Plaintiff's accusations and misstatements about the complainants and complainants' private-sector representative which could malign their professional reputations.  In today's

increasingly hostile social media environment, the potential for these intrusions into the privacy of these witnesses and complainants is not unlikely.  The mere possibility of these types of intrusions into these individuals' privacy fortifies an already strong privacy interest in nondisclosure, so much so that it "acts to overcome the strong presumption in favor of public access to judicial proceedings." *Hardaway*, 843 F.3d at 980.

Defendants recognize that while the public has no need to access the personally identifiable information about third parties in Exhibits 17, 26, and 27, the public nevertheless is entitled to access information that substantively describes and informs on the issues in the present case.  As Defendants previously noted in response to Plaintiff's request to seal/unseal documents, "[a]t a minimum, Plaintiff should be required to redact any and all personal information concerning other individuals in documents, and Defendant[s] should be afforded the opportunity to propose modifications to those redactions and non-redactions, before any unsealing." (ECF 50).  In light of the foregoing, Defendants assert that *Hubbard* factor 1 weighs in favor of filing redacted copies of Exhibits 17, 26, and 27, which will provide the public with information about Plaintiff's claims without unduly intruding in the privacy of third parties.

2. **The extent of previous public access to the personally identifiable information of witnesses and complainants**

The second factor to be weighed in determining whether to allow the filing of redacted documents is the extent of the public's previous access to the personally identifiable information of the witnesses and complainants that Defendants seek to redact.  *Hubbard*, 650 F.2d at 318.  This factor is relevant to whether redaction of identities would effectively limit further dissemination of the already accessible information.

Plaintiff's Amended Complaint (ECF 16) identifies complainants and witnesses to OPR's investigation – the information that Defendants seek to protect in Exhibits 16, 26, and 27 – and is

available to the public in full.[2]  Defendants note that, in her initial Complaint (ECF 1), dated June 22, 2021, Plaintiff used neutral descriptors to describe various complainants and witnesses to her conduct.  On September 27, 2021, Plaintiff filed her First Amended Complaint (ECF 16) and abandoned the use of neutral descriptors to instead use personally identifiable information about complainants and witnesses.  Because Plaintiff filed the First Amended Complaint without regard to protecting the identities of or withholding other identifying information about third parties, access to that sensitive information is currently available to the public.

Although the third parties have a strong privacy interest in the nondisclosure of their sensitive personally identifiable information, the information is accessible on the Internet. While the proverbial bell cannot be unrung, the Court can prevent further disclosure of the information through new filings of the exhibits. Therefore, despite prior disclosure in the First Amended Complaint, redaction of certain information in Exhibits 17, 26, and 27 is appropriate.

3.  **Defendants object to disclosure of the identities of the witnesses and complainants**

The third *Hubbard* factor to be weighed is whether any person or entity objects to disclosure of the information.  *Hubbard*, 650 F.2d at 319.  Defendants object and stand in the place of the third parties who voluntarily came forward to lodge complaints against Plaintiff's conduct and demeanor, who cooperated with OPR's investigation to describe in detail Plaintiff's actions on the immigration bench, and who provided corroborating statements in aid of OPR's investigation of misconduct allegations leveled against Plaintiff.

---

[2] In addition to the fact that Plaintiff's First Amended Complaint is accessible to the public through Pacer or directly from the District Court Clerk's office, Defendants note that the First Amended Complaint is also accessible to the public at hoppocklawfirm.com, which provides hyperlinks to the document on CourtListener.com, a fully-searchable and accessible archive of court data.

Although "litigants to [a] proceeding have a lesser claim to privacy than third parties" do when they object in that proceeding, *see Hyatt v. Lee*, 251 F. Supp. 3d 181, 185 (D.D.C. 2017) (citation omitted), Defendants have a "unique interest in protecting the integrity of its investigations, and it would be difficult for another third party — such as the source, a witness, or a specific law-enforcement officer — to object without revealing precisely the information the Government seeks to protect." *In Re Application of the New York Times Company for Access to Certain Sealed Court Records*, MC 21-91 (JEB), 2021 WL 5769444, at *5 (D.D.C. Dec. 6, 2021) ("*In Re New York Times Application*"). Here, Defendants object to disclosure on behalf of witnesses and complainants who provided information during the course of an OPR investigation because they cannot make the objection without revealing their identities, the very data Defendants seek to redact.

Moreover, because these third parties, private citizens, and nonmanagerial government employees, cannot speak for themselves in this proceeding, Defendants are compelled by statutes governing disclosure of personal privacy information held by the government, i.e., the Freedom of Information Act and the Privacy Act, to speak for them. Indeed, due to the nature of the misconduct OPR found and Plaintiff's subsequent attempts to malign the reputations of those who provided statements unfavorable to her during and after OPR's investigation, Defendants' grounds for objecting to the disclosure of and persistence to seek the redaction of the witnesses' and complainants' sensitive personally identifiable information in Exhibits 17, 26, and 27 cannot be more strong or compelling. In addition, Defendants attempt to protect the privacy interests of these individuals to ensure that future witnesses and complainants are not so cowered by the potential intrusion of privacy that they are chilled and reluctant to come forward. Thus, the third *Hubbard*

factor weighs heavily in favor of redacting Exhibits 17, 26, and 27 to protect the further disclosure of personally identifiable information of third parties.

### 4. & 5. The strength of the witnesses' and complainants' privacy interests asserted and the possibility of prejudice to Defendants who opposes disclosure

The *Hubbard* fourth and fifth factors, "the strength of any property and privacy interests asserted" and "the possibility of prejudice to those opposing disclosure," can be considered together, *In Re New York Times Application*, 2021 WL 5769444, at *5, in determining whether to grant Defendants' motion for leave to file redacted copies of Exhibits 17, 26, and 27.  Defendants assert the strong privacy interest of the witnesses and complainants who provided information during the course of OPR's investigation into Plaintiff's misconduct.

The D.C. Circuit has recognized that "individuals have an obvious privacy interest . . . in keeping secret the fact that they were subjects of a law enforcement investigation," and this "privacy interest also extends to third parties who may be mentioned in investigatory files, as well as to witnesses and informants who provided information during the course of an investigation." *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 854 F.3d 675, 682 (D.C. Cir. 2017) (internal citations and quotation marks omitted).  This well recognized tenet that the witnesses' and complainants' privacy interests are commonly accepted as very strong supports a finding that the fourth *Hubbard* factor weighs in favor of granting Defendants' motion for leave to seal.

As for the fifth *Hubbard* factor, the possibility of prejudice to the Defendants opposing disclosure, Defendants assert that the prejudice to effective investigatory processes in the future is more than a possibility because if the identities of witnesses and complainants are released, future witnesses and complainants will be reluctant to come forward and provide honest and truthful information to OPR investigators, especially "since those individuals might not trust that their

statements [and identities] would in fact be kept private." *In Re New York Times Application,* 2021 WL 5769444, at *6. Moreover, the result of unsealing and revealing the identities of witnesses and complainants would create a chilling effect that would serve to dissuade otherwise willing witnesses and complainants to come forward at all.

As applied in this case, Defendants assert that *Hubbard* factors 4 and 5 weigh heavily in favor of filing redacted copies of Exhibits 17, 26, and 27.

6. **The purposes for which the identities of witnesses and complainants were introduced during the judicial proceedings**

This "single, most important" *Hubbard* factor, "the purposes for which documents are introduced during the judicial proceeding," seeks to ascertain whether the "public's entitlement to judicial records is commensurate with the documents' importance to the judicial proceeding in question." 650 F.2d at 321. In other words, was the material now sought to be sealed introduced for the purpose of assisting the court in its adjudication of the legal issues at stake in the case, and once introduced, did the court in fact rely on the material to adjudicate the case? If so, the public has a right to access the material as it comprises the very essence of judicial proceedings. If not, the tension between the public's right to access and the protection of privacy interests in one's personally identifiable information is evident. Using the logic embedded in the sixth *Hubbard factor*, the third-party identities sought to be redacted by Defendants were introduced into the judicial proceedings by Plaintiff in her First Amended Complaint (ECF 16) to explain the circumstances leading up to her decision to file a court complaint. While the facts described in the amended complaint would serve to provide important context to the court's decisions, these third parties' identities do not enhance the context for the court's decisions because their identities are not necessary to explain that there was more than one person who complained about Plaintiff's misconduct (complainants) and that there were persons who made statements about what they witnessed in Plaintiff's behavior (witnesses). Indeed, if the purpose is to inform the court that certain persons were involved in the circumstances leading to

Plaintiff's claim, third-party titles or other descriptors would have sufficed.  Their specific identities are not necessary to persuade or inform the court in its deliberations nor would specific identities serve as facts on which the Court would rely in adjudicating Plaintiff's claims.

As explained in Defendants' argument with regard to the first *Hubbard* factor, the public does not *need* to access witnesses' and complainants' personally identifiable information, i.e., their names, telephone numbers, and full email addresses, given that disclosure of identities adds nothing of substance to, nor subtracts anything of substance from the merits of Plaintiff's claims.  So, too, is the logic here:  disclosure of personally identifiable information will not contribute to the court's decisionmaking and thus supports the conclusion that *Hubbard* factor 6 tips the scales in favor of granting Defendants leave to file redacted versions of Exhibits 17, 26, and 27.

        **D.**       **Conclusion**

For the foregoing reasons, the balance of *Hubbard* factors weighs strongly in favor of protecting from further public disclosure personally identifying information about the complainants and witnesses, and therefore the Court should grant Defendants' leave to file redacted copies of Exhibits 17, 26, and 27.

Dated:          January 27, 2023

                        Respectfully submitted,

                        MATTHEW M. GRAVES, D.C. Bar #481062
                        United States Attorney

                        BRIAN P. HUDAK
                        Chief, Civil Division

                        By:          */s/ Joshua Ontell*
                                JOSHUA ONTELL-VA Bar # 92444
                                Assistant United States Attorney
                                601 D Street, NW
                                Washington, DC  20530
                                (202) 252-7706

joshua.ontell@usdoj.gov

*Attorneys for the United States of America*