## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUYNH VU BAIN,** ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> **OFFICE OF THE ATTORNEY GENERAL** ) <br> U.S. Department of Justice, ) <br><br> **OFFICE OF THE DEPUTY ATTORNEY GENERAL** ) <br> U.S. Department of Justice, ) <br><br> **OFFICE OF PROFESSIONAL RESPONSIBILITY** ) <br> U.S. Department of Justice, ) <br><br> **EXECUTIVE OFFICE FOR IMMIGRATION** ) <br> **REVIEW**, U.S. Department of Justice, ) <br><br> **OFFICE OF INFORMATION POLICY** ) <br> U.S. Department of Justice, ) <br><br> Defendants. ) | **No. 21-Civ-1751 (RDM)** |

# PLAINTIFF'S EXHIBIT 17

Filed Under Seal August 22, 2022

**INDEX – PLAINTIFF'S EXHIBIT 17**
**Bain v. USDOJ, No. 21-cv-1751 (RDM)**

Communications regarding the March 1, 2017 Complaint of Misconduct filed by attorney ▮▮▮▮▮▮ on behalf of attorneys ▮▮▮▮▮▮ and ▮▮▮▮▮▮.............................................................................................Pages 1 to 42

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Castro, Deborah (EOIR) |
| **Sent:** | Tuesday, March 07, 2017 4:30 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | FW: Complaints Lodged Against Immigration Judge Quynh Vu Bain |
| **Attachments:** | 2585_001.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202
(703) 603-1363

**From:** ██████████████████████
**Sent:** Monday, March 06, 2017 3:53 PM
**To:** Castro, Deborah (EOIR)
**Subject:** Fwd: Complaints Lodged Against Immigration Judge Quynh Vu Bain



Attorney/Abogada

*Admitted to Practice Law in Virginia, New York, New Jersey, and the District of Columbia

**Please note the address change.

***The information contained in this message may be CONFIDENTIAL and ATTORNEY-CLIENT PRIVILEGED and is for the intended addressee only.  Any unauthorized use, dissemination of the information, or copying of this message is prohibited.  If you are not the intended addressee, please notify the sender immediately and delete this message.***

1

PLAINTIFF'S EXHIBIT 17   0001

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Tuesday, March 07, 2017 5:52 PM |
| **To:** | |
| **Cc:** | Nadkarni, Deepali (EOIR); King, Jean (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain |
| **Attachments:** | 2585_001.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Deborah:

Thank you for forwarding the email chain to me this afternoon after I asked you to. The email was made an Exhibit in the 1:00 p.m. hearing because it was sent to you ex parte and because it became an exhibit in the motion to recuse that filed at the start of today's hearing. Frankly, I was blindsided by the motion to recuse, which Ms. said during the hearing that you knew about.

In the future, if you receive any communication that pertains directly to me and my work (i.e., one that names me by name), I do have the right to know about it. If you do not alert me to it, I will assume that the communication was not unsolicited. The request that you share information with me does not change regardless of how you view the communication – whether it was ex parte or not, or whether you think I have a right to know about it or not. stated on the record today that she informed you that she would be filing a motion to recuse. That is exactly what she did today. She attached the communication that she sent you yesterday afternoon (which you did not tell me about) as an exhibit in her motion to recuse which she brought to court today and presented for consideration at the start of the 1:00 p.m. hearing. Therefore, the communication between you and her was ex parte, and I was blindsided by it.

Please provide me with a CD copy of the audio in today's hearing. I have to prepare a ruling on the motion to recuse.

A

Thank you.

Quynh Bain
Immigration Judge
Arlington, Virginia

---

**From:**
**Sent:** Tuesday, March 07, 2017 4:30 PM
**To:** Bain, Quynh (EOIR)
**Subject:** FW: Complaints Lodged Against Immigration Judge Quynh Vu Bain

Arlington Immigration Court

1

PLAINTIFF'S EXHIBIT 17    0002

1666 K Street, NW, Suite 500
Washington, DC 20006

F 202.466.3215

PLAINTIFF'S EXHIBIT 17   0003

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, March 08, 2017 10:55 AM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Bain--- I received the complaint through the EOIR Conduct and Professionalism office late last week. I am in the process of reviewing it. It appears the attorney provided a copy of the complaint in the motion to recuse ███████ told me that you admonished her for knowing of the complaint and not providing it to her, as well as ordered her into court to take her testimony. Please adjudicate the motion to recuse, and do not disparage ████████ or anyone else in the court.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, March 07, 2017 5:52 PM
**To:** ███████
**Cc:** Nadkarni, Deepali (EOIR); King, Jean (EOIR); Bain, Quynh (EOIR)
**Subject:** RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain

███████

Thank you for forwarding the email chain to me this afternoon after I asked you to. The email was made an Exhibit in the 1:00 p.m. hearing because it was sent to you ex parte and because it became an exhibit in the motion to recuse that ███████ filed at the start of today's hearing. Frankly, I was blindsided by the motion to recuse, which ███ said during the hearing that you knew about.

In the future, if you receive any communication that pertains directly to me and my work (i.e., one that names me by name), I do have the right to know about it. If you do not alert me to it, I will assume that the communication was not unsolicited. The request that you share information with me does not change regardless of how you view the communication  whether it was ex parte or not, or whether you think I have a right to know about it or not. ███ ███████ stated on the record today that she informed you that she would be filing a motion to recuse. That is exactly what she did today. She attached the communication that she sent you yesterday afternoon (which you did not tell me about) as an exhibit in her motion to recuse which she brought to court today and presented for consideration at the start of the 1:00 p.m. hearing. Therefore, the communication between you and her was ex parte, and I was blindsided by it.

Please provide me with a CD copy of the audio in today's hearing. I have to prepare a ruling on the motion to recuse.

A ███████

Thank you.

Quynh Bain
Immigration Judge

PLAINTIFF'S EXHIBIT 17   0004

Arlington, Virginia

**From:** ▮▮▮▮▮▮▮▮▮▮ )
**Sent:** Tuesday, March 07, 2017 4:30 PM
**To:** Bain, Quynh (EOIR)
**Subject:** FW: Complaints Lodged Against Immigration Judge Quynh Vu Bain

▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮

Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202
▮▮▮▮▮

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Monday, March 06, 2017 3:53 PM
**To:** ▮▮▮▮▮▮▮▮▮
**Subject:** Fwd: Complaints Lodged Against Immigration Judge Quynh Vu Bain

▮▮▮▮▮▮▮▮
Attorney/Abogada
▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

*Admitted to Practice Law in Virginia, New York, New Jersey, and the District of Columbia

**Please note the address change.

***The information contained in this message may be CONFIDENTIAL and ATTORNEY-CLIENT PRIVILEGED and is for the intended addressee only.  Any unauthorized use, dissemination of the information, or copying of this message is prohibited.  If you are not the intended addressee, please notify the sender immediately and delete this message.***

---------- Forwarded message ----------
From: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Date: Wed, Mar 1, 2017 at 7:11 PM
Subject: Complaints Lodged Against Immigration Judge Quynh Vu Bain
To: "EOIR.IJConduct@usdoj.gov" <EOIR.IJConduct@usdoj.gov>
Cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

PLAINTIFF'S EXHIBIT 17   0005

Attached please find consolidated complaints lodged against Judge Bain.

Please do not hesitate to contact me if you require additional information.

Attorney at Law
NOSSAMAN LLP
1666 K Street, NW, Suite 500
Washington, DC 20006

3

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, March 08, 2017 11:08 AM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); King, Jean (EOIR) |
| **Subject:** | RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain |

Judge Nadkarni:

I will have the transcript of the hearing transcribed, and it will show that I did not admonish ███████ or disparage anyone in court or outside of court. I would appreciate that you refrain from jumping to conclusions until you know all the facts. In fact, I was careful not to accuse ███████ of having an ex parte communication with ███ ███████ Because at the start of the hearing ███████ moved for recusal and represented that she had telephoned and communicated with ███████ about the impending motion recuse, and because ███████ denied that any such communication occurred, I did ask ███████ to go into court and confirm on the record that ███████ did not discuss the motion to recuse with ███████ by telephone or otherwise the day before the hearing.

The email below, however, makes it clear that ███████ is to share with me any information that I have the right to know or that I need to know in order to do my job.

As the OPPM requires, I will rule on the motion to recuse based on all the evidence that I gathered yesterday.

To the extent that I have a due process right to respond to the complaint that ███████ counsel filed with you on March 1, which I only learned about at the start of yesterday's hearing, I request an opportunity to respond and time off the bench to respond.

Thank you.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, March 08, 2017 10:55 AM
**To:** Bain, Quynh (EOIR)
**Subject:** RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain

Judge Bain--- I received the complaint through the EOIR Conduct and Professionalism office late last week. I am in the process of reviewing it. It appears the attorney provided a copy of the complaint in the motion to recuse. ███████ told me that you admonished her for knowing of the complaint and not providing it to her, as well as ordered her into court to take her testimony. Please adjudicate the motion to recuse, and do not disparage ███████ or anyone else in the court.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, March 07, 2017 5:52 PM
**To:** ███████
**Cc:** Nadkarni, Deepali (EOIR); King, Jean (EOIR); Bain, Quynh (EOIR)
**Subject:** RE: Complaints Lodged Against Immigration Judge Quynh Vu Bain

1

███

Thank you for forwarding the email chain to me this afternoon after I asked you to. The email was made an Exhibit in the 1:00 p.m. hearing because it was sent to you ex parte and because it became an exhibit in the motion to recuse that ███ filed at the start of today's hearing. Frankly, I was blindsided by the motion to recuse, which ███ ███ said during the hearing that you knew about.

In the future, if you receive any communication that pertains directly to me and my work (i.e., one that names me by name), I do have the right to know about it. If you do not alert me to it, I will assume that the communication was not unsolicited. The request that you share information with me does not change regardless of how you view the communication – whether it was ex parte or not, or whether you think I have a right to know about it or not. ███ ███ stated on the record today that she informed you that she would be filing a motion to recuse. That is exactly what she did today. She attached the communication that she sent you yesterday afternoon (which you did not tell me about) as an exhibit in her motion to recuse which she brought to court today and presented for consideration at the start of the 1:00 p.m. hearing. Therefore, the communication between you and her was ex parte, and I was blindsided by it.

Please provide me with a CD copy of the audio in today's hearing. I have to prepare a ruling on the motion to recuse.

A ███

Thank you.

Quynh Bain
Immigration Judge
Arlington, Virginia

**From:** ███
**Sent:** Tuesday, March 07, 2017 4:30 PM
**To:** Bain, Quynh (EOIR)
**Subject:** FW: Complaints Lodged Against Immigration Judge Quynh Vu Bain

███

Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA 22202

███

**From:** ███
**Sent:** Monday, March 06, 2017 3:53 PM
**To:** ███
**Subject:** Fwd: Complaints Lodged Against Immigration Judge Quynh Vu Bain

███

2

Attorney/Abogada



*Admitted to Practice Law in Virginia, New York, New Jersey, and the District of Columbia

**Please note the address change.

***The information contained in this message may be CONFIDENTIAL and ATTORNEY-CLIENT PRIVILEGED and is for the intended addressee only.  Any unauthorized use, dissemination of the information, or copying of this message is prohibited.  If you are not the intended addressee, please notify the sender immediately and delete this message.***

---------- Forwarded message ----------
From:
Date: Wed, Mar 1, 2017 at 7:11 PM
Subject: Complaints Lodged Against Immigration Judge Quynh Vu Bain
To: "EOIR.IJConduct@usdoj.gov" <EOIR.IJConduct@usdoj.gov>
Cc:

Attached please find consolidated complaints lodged against Judge Bain.


Please do not hesitate to contact me if you require additional information.



Attorney at Law
NOSSAMAN LLP
1666 K Street, NW, Suite 500
Washington, DC 20006

3

PLAINTIFF'S EXHIBIT 17   0009

## Bain, Quynh (EOIR)

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Thursday, March 16, 2017 5:56 PM
**To:** Bain, Quynh (EOIR)
**Subject:** Re: CDs and Transcripts

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

As I stated, Judge Bain, you are able to listen to the DAR recording in your office.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

On Mar 16, 2017, at 5:46 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:

> So, you're saying I don't have the right to defend myself if I am being attacked unfairly???
>
> **From:** Nadkarni, Deepali (EOIR)
> **Sent:** Thursday, March 16, 2017 5:39 PM
> **To:** Bain, Quynh (EOIR)
> **Subject:** CDs and Transcripts
>
> Good afternoon, Judge Bain. The court does not make CDs or transcriptions of hearings for the judges. CDs are provided upon request to parties to the proceedings, and transcriptions are ordered by the Board on appeal. If you would like to review previous hearings, you are able to listen to the Digital Audio Recording (DAR) in your office. In the future, please do not ask Ms. Castro or anyone else in the court to make CDs or transcribe hearings.
>
> Dee Nadkarni
> Assistant Chief Immigration Judge
> 703.305.1247
>
> **From:** Bain, Quynh (EOIR)
> **Sent:** Thursday, March 16, 2017 10:27 AM
> **To:** Castro, Deborah (EOIR)
> **Subject:** RE: CD's needed
>
> Thank you. Any chance we could have the audio recordings transcribed?
>
> QVB
>
> **From:** Castro, Deborah (EOIR)
> **Sent:** Thursday, March 16, 2017 10:03 AM
> **To:** Bain, Quynh (EOIR)
> **Subject:** RE: CD's needed

1

**To:** Bain, Quynh (EOIR)
**Subject:** FW: CD needed

Judge Bain,

The CDs you requested are in your in box.  There are 4.

Thank you,

*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202
(703) 603 1363

---

**From:** Castro, Deborah (EOIR)
**Sent:** Thursday, March 09, 2017 6:08 AM
**To:** Admire, Joseph (EOIR)
**Cc:** Castro, Deborah (EOIR)
**Subject:** CD needed

Please burn a CD for all the hearings of
A███████████ and place in my reception area in box with the case numbers written on the
protective sleeve.  I need it this morning.

Thanks!

Deborah A. Castro
Court Administrator
Arlington, VA
*Sent from my iPhone*

3

PLAINTIFF'S EXHIBIT 17   0011

**Bain, Quynh (EOIR)**

| From: | Nadkarni, Deepali (EOIR) |
|---|---|
| Sent: | Wednesday, March 29, 2017 5:05 PM |
| To: | Bain, Quynh (EOIR) |
| Subject: | Conduct and Professionalism Complaint |
| Attachments: | QVB ████████████████ March 2 2017.pdf |

| Follow Up Flag: | Follow up |
|---|---|
| Flag Status: | Flagged |

Good afternoon, Judge Bain. Attached is a complaint dated March 1, 2017, filed with OCIJ regarding your conduct relating to attorneys ████████████████████. You learned of the complaint on March 8, 2017, when ████████ included the document as part of a motion to recuse.

If you would like to provide a response to the complaint, please do so by close of business Friday, April 14, 2017.

Dee Nadkarni
Assistant Chief Immigration Judge
████████

1



ATTORNEYS AT LAW

1666 K Street, NW
Suite 500
Washington, DC 20006
T 202.887.1400
F 202.466.3215

████████████

March 1, 2017

Assistant Chief Judge for
 Conduct and Professionalism
Office of the Chief Immigration Judge
5107 Leesburg Pike, Suite 2500
Falls Church, VA  22041

Dear Assistant Chief Judge:

As a lawyer long involved in the representation and discipline of lawyers, and particularly Department of Justice attorneys, I was asked to assist two lawyers with their complaints who have been bullied and intimated by an Immigration Judge of the Arlington Court, Quynh Vu Bain.

My clients █████████████████████████ are dedicated and hardworking immigration attorneys trying to do their best in a difficult area of the law. They were reluctant to make a complaint but they have no other alternative. They and their clients deserve the opportunity to have full and fair hearings without intimidation by a presiding official.

The factual bases for these two complaints are summarized as follows:

I.     **Complaint on Behalf of Attorney** ██████████

█████████████ is an attorney licensed to practice law in New York, New Jersey, Virginia, and the District of Columbia. She has been licensed to practice law since 2008 and has been practicing in the area of immigration law since 2011. She is currently an active member of the American Immigration Lawyers Association and the Federal Bar Association. She has taught continuing legal education courses on various aspects of immigration law, including asylum law.

█████████████ has represented thousands of individuals in the Immigration Court, before the U.S. Citizenship and Immigration Services, before the Immigration and Customs Enforcement, before the Department of State, and in state court. She has never before filed a complaint against an Immigration Judge. She has never been criticized by any other immigration judge; in fact, she has received numerous compliments.

PLAINTIFF'S EXHIBIT 17   0013

March 1, 2017
Page 2

### A.   Experience with Judge Bain

████████████ has appeared before Judge Bain in several master calendar hearings and individuals hearings. Before December 2016, Judge Bain treated ████████████ with respect in the courtroom; however, her demeanor toward ████████████ (as well as other immigration attorneys) became increasingly abusive in late 2016 and in 2017.

#### 1.   First Demonstration of Bias

████████████ appeared before Judge Bain on February 1, 2017, in the ████████████ During the hearing, Judge Bain went off the record and berated ████████████ calling her, among other derogatory statements, unprofessional and inadequate. When Judge Bain went back on the record, she repeated some of her statements on the record. When ████████████ reserved appeal on the issue, Judge Bain snidely responded "good luck with that." After the hearing, an individual who had been in the courtroom apologized to ████████████ and said the berating that she was given was uncalled for. Witnesses present in the courtroom for Judge Bain's off-the-record comments can corroborate Judge Bain's abusive comments. These parties include counsel for the Department of Homeland Security (hereinafter "DHS"), the interpreter, and the courtroom security guards.

#### 2.   Second Demonstration of Bias toward Counsel

Ms. Blessinger appeared for a continued individual hearing before Judge Bain on February 17, 2017, in the ████████████ At the previous hearing, Judge Bain questioned the client for over an hour and then continued the case for continued direct examination. During the examination, Judge Bain interrupted ████████████ on several occasions, mockingly informed her that hearsay was not permitted in immigration court because "if [you] went to law school, [you] would know that hearsay is not reliable evidence."

When ████████████ raised an objection to cross-examination where the government had not laid a foundation for questions to a witness about whether the witness had sufficient personal knowledge to testify about certain events, Judge Bain overruled the objection, stating she "assumed the Respondent had personal knowledge" of an incident. Judge Bain then went off the record and began berating ████████████, in a loud voice. During the episode, ████████████ asked Judge Bain to refrain from chastising her off the record and requested that all communications from Judge Bain be placed on the record. Judge Bain continued to scream at ████████████ for a period of over five minutes. During the episode, Judge Bain accused ████████████ of threatening her with an appeal because counsel used the term "for the record." Judge Bain then proceeded to mock and mimic ████████████ Judge Bain also called ████████████ several disrespectful names and again referred to her as "unprofessional." When Judge Bain finally went back on the record, after ████████████ repeated requests, Judge Bain again would not restate what she said off the record.

49176989_3

March 1, 2017
Page 3

This berating not only caused ███████████ to have a strong emotional reaction, but also a visible, physical reaction, including red hives and uncontrollable hand shaking. When ███ ███████ moved the court for a brief recess to compose herself, Judge Bain denied the motion. ███████ explained to the Court that she was having a physical reaction to the scolding and that she would be unable to focus on DHS' questioning because of her emotional state, the judge again denied her motion, and the hearing continued until DHS finished its cross examination.

When ███████████ returned from the break, she moved the Court to recuse herself from the hearing because of what had just occurred. Without giving any reason, the Court denied the motion. ███████████ stated, for the record, the request for the recusal was based on the judge's personal bias against her that had come to light during the course of the hearing. Judge Bain again denied the motion and asked ███████████ if she was "attempting to set up an ineffective assistance of counsel claim because [she] was doing a good job." ███████████ asked if the Court was making the finding that her representation was, in fact, ineffective; the Court responded that ███████████ was simply creating a poor record.

After the hearing, several persons present in the courtroom commented on the judge's extreme behavior. The Immigration Court should interview the other parties present in the courtroom on February 17, 2017, for the hearing that began at approximately 2:00 p.m. These parties include, but are not limited to, the Assistant Chief Counsel, the interpreter, the security guards, a paralegal from ███████████ office, and ███████████████ paralegal's affidavit describing what occurred is attached to this letter.

B.     Violations of the Code of Conduct

Immigration Judges are bound by the "Immigration and Professionalism Guide for Immigration Judges." This guide lists several provisions which are "binding on all Immigration Judges." As demonstrated in further detail below, Judge Bain has violated several provisions of this guide.

C.     Acting with Judicial Temperament and Professionalism

"An Immigration Judge should be patient, dignified, and courteous, and should act in a professional manner towards all ... lawyers ... with whom the Immigration deals in his or her official capacity, and should not, in the performance of official duties, by words or conduct, manifest improper bias or prejudice." The provision further notes that "[a]n immigration judge should be alert to avoid behavior, including inappropriate demeanor, which may be perceived as bias."[1]

In this case, Judge Bain clearly violated this provision. Specifically, the Judge accused ███████████ of threatening her with an appeal when counsel was simply attempting to establish a record. The Judge also screamed at ███████████ off the record, called her

---

[1] *See* Provision IX, Acting with Judicial Temperament and Professionalism

49176989 3

March 1, 2017
Page 4

demeaning names, and was disrespectful. Following each incident, persons present in the courtroom acknowledged Judge Bain's unprofessional and disrespectful treatment of undersigned counsel. Since several individuals present in the courtroom noticed the biased, undignified manner in which Judge Bain addressed ███████ during off-the-record comments, Judge Bain's behavior was clearly biased in the mind of a reasonable person. The record and eyewitnesses will demonstrate that Judge Bain has violated this tenet of the Judicial Conduct Regulations.

### D.   Impartiality

"An Immigration Judge shall act impartially and shall not give preferential treatment to any organization or individual when adjudicating the merits of a particular case."

In this case, Judge Bain's behavior directed at ███████ provided DHS counsel an unfair advantage and gave DHS counsel preferential treatment throughout the course of the case. The court's treatment of counsel demonstrated a hostile amicus toward Respondent. From the Respondent's perspective, while she may not have fully understood what was said, the hostility and loudness certainly conveyed the court's disdain for Respondent's counsel and generated concern about the fairness of her proceedings.

### E.   Witnesses to Judge Bain's Behavior

1.   ███████, interpreter at the February 1, 2017, hearing
2.   ███████, Assistant Chief Counsel at both the February 1, 2017 and the February 17, 2017 hearings
3.   ███████, interpreter at the February 1, 2017, hearing
4.   ███████, paralegal at ███████ who was present at the February 17, 2017, hearing and an affiant
5.   Courtroom security guards who were present for both hearings

### F.   Requested Action

Since Judge Bain has exhibited a repeated failure to maintain the required tenets of Immigration Judges, we respectfully request this Agency review Judge Bain's conduct as an Immigration Judge in the Arlington, Virginia Immigration Court and to take appropriate action.

## II.   Complaint on Behalf of Attorney ███████

During 2016 and up to the present, ███████ has been representing a family unit, all of whom were involved in removal proceedings. The lead Respondent was the mother ███████[2] Included in this family unit were the mother's two daughters (who were both minors), the mother's two sons (who were both adults), and a grandson (born to one of the adult sons). While

---

[2] In the matter of ███████.

PLAINTIFF'S EXHIBIT 17    0016

March 1, 2017
Page 5

the family was before the Immigration Court, their cases were proceeding before different judges and at different speeds. ▮▮▮▮▮ strategy was to consolidate these cases before a single immigration judge.

Various family members admitted to the charges in the Notice to Appear and ▮▮ ▮▮▮▮ efforts shifted to the preparation of asylum applications. The applications were complicated. Some had separate but overlapping circumstances and claims for relief. While both minor daughters had over lapping derivative claims with Respondent, one daughter also had an independent application based on her own factual circumstance.

▮▮▮▮▮ had timely filed written motions to consolidate the various cases and to continue the proceedings in order to fully prepare. The consolidation motions became more and more heated as Judge Bain dealt with each one. With regard to the consolidation of the older daughter's case ▮▮▮▮▮ advised the Court that the older daughter had appeared before Judge Bryant at the Arlington Immigration on July 28, 2016 for her initial Master Calendar. ▮▮ ▮▮▮▮ made an oral motion to consolidate the daughter's case with the mother's case on February 16, 2017. It was ▮▮▮▮▮ understanding that the motion to consolidate was granted at the July 28, 2016 Master Calendar as the daughter's case was set for the same day and time as her mother's case – February 16, 2017. While the hearing notice reflected that the matter was still assigned to Judge Bryant's docket, that appeared to ▮▮▮▮▮ to be a clerk's error since it was understood by her that Judge Bryant had granted the motion to consolidate.

Upon hearing ▮▮▮▮▮ representations concerning this consolidation, Judge Bain walked out of the courtroom, apparently to have an off-the-record discussion of this case with Judge Bryant. ▮▮▮▮▮ was not told ▮▮▮▮▮ that she had a right to be present on a matter affecting her clients.

When Judge Bain returned to the courtroom, she, while off the record, began making allegations of ethical misconduct by ▮▮▮▮▮, including advising that ▮▮▮ had a duty of candor to the court – as if she had violated that duty. The accusation was very unnerving.

During the merits hearing for the Respondent mother, Judge Bain made several intimidating and hostile comments towards ▮▮▮▮▮ showing a personal dislike. The Judge criticized ▮▮▮▮▮ by saying she was not prepared which was not accurate. She interjected herself into the questioning of the witness so often and so forcefully that it was impossible for ▮▮▮▮▮ to make a record as to why a continuance was necessary to demonstrate the Respondents' issues.

Judge Bain's improper conduct got increasingly hostile. At the conclusion of the hearing and while off the record, Judge Bain told me to remain in her courtroom. She told DHS counsel to leave and she ordered all the observers in the courtroom to leave. Only the interpreter, ▮▮▮ remained in the courtroom. Two courtroom security guards, one of whom is ▮▮ also saw and heard the Judge criticize ▮▮▮▮▮ The DHS attorneys at the hearing were ▮▮▮▮▮ Jason Stern.

PLAINTIFF'S EXHIBIT 17   0017

March 1, 2017
Page 6

Judge Bain then began a very stern, critical lecture. "I do not know how long you have been practicing, but I have been practicing for 25 years" and that she felt ███████████ efforts were a "shoddy representation. The Judge again warned ███████████ about the Rules of Professional Conduct, especially as it relates to "candor ... diligence and competency." She lectured ███████████ on her reputation and how a bad reputation would follow wherever she goes.

When Judge Bain finished, she would not look at ███████████ or let her respond. She walked out of the courtroom as I was trying to speak to her. By her words and comments, Judge Bain has demonstrated an intense personal dislike for ███████████. While ███████████ certainly does not like being bullied and intimidated by any judge, her primary concern is that this dislike of her will impact her clients getting a full and fair hearing before Judge Bain. ███████████ does not believe her clients can get a fair hearing because of Judge Bain's intense dislike of her. Judge Bain deliberately launched this verbal attack when she was off the record.

III.   Full Cooperation

███████████ will fully cooperate with your inquiry and provide even more details as to Judge Bain's conduct. The fact that Judge Bain removes witnesses from the courtroom and goes off the record when she launches her personal attacks speaks volumes to her intent to bully these attorneys.

While certainly Section IX of the Ethics and Professionalism Guide for Immigration Judges mandating "Judicial Temperament" sets the basic standard of conduct, Judge Bain's actions are also subject to the Rules of Professional Conduct as a lawyer for the Department of Justice. Rule 1.1 requires her to demonstrate the necessary competence to preside over a proceeding and to adhere to the basic rules governing those proceedings, including staying on the record. Rules 3.4 and 3.5 require a lawyer to exercise fairness to the opposing party and counsel and to maintain the impartiality and decorum of the tribunal. Lastly, Rule 8.4(d) prohibits a lawyer from engaging in conduct that seriously interferes with the administration of justice.

As emphasized in *Matter of V-S-L-C*, 26 I&N Dec. 658 (BIA 2015), respondents and their lawyers should expect "dignity, respect, courtesy and fairness in a hearing before an Immigration Judge," *Cham v. Att'y Gen. of U.S.,* 445 F.3d 683, 690-91 (3rd Cir. 2006). Conduct by an Immigration Judge that is perceived to be bullying or hostile can affect the fairness of the entire proceeding. Judge Bain has been counseled in the past but that apparently has not been sufficient to instill the necessary dignity and decorum required in her proceedings.

Because ███████████ have been forced to file complaints against Judge Bain and Judge Bain's already hostile attitude towards them, we are asking that Judge Bain be recused from presiding over future hearings where ███████████ are representing respondents.

49176989 3

March 1, 2017
Page 7

Thank you for your attention to this matter.

Yours truly,



of Nossaman LLP

Enclosure

48176989 3

## AFFIDAVIT OF ████████████

I, ████████████, swear under penalty of perjury that the following facts are correct and true to the best of my knowledge:

I am a paralegal at ████████████. In that role, I work closely with clients and with attorneys to prepare cases for filings before the Executive Office for Immigration Review ("EOIR"), the Asylum Office, U.S. Citizenship and Immigration Services, and other administrative agencies.

On Friday, February 17, 2017, I accompanied ████████████ (hereinafter ████ ████████) to a hearing at EOIR at 1901 South Bell Street, Suite 200, Arlington, Virginia 22202. The hearing was scheduled before the Honorable Quynh Vu Bain (hereinafter "Judge Bain") at 1:00PM. This was the first time I ever observed a hearing at the Arlington Immigration Court. My understanding was that this hearing was continued from a previous date. I was not present at the previous hearing.

I noticed the interactions between Judge Bain and ████████████. Throughout the hearing, Judge Bain appeared very agitated and annoyed at ████████████ and her client. For example, every time ████████ would speak, Judge Bain would purse her lips, roll her eyes, and/or check her watch as though she had somewhere else to be. Additionally, when ████████ addressed Judge Bain to clarify certain positions, Judge Bain would, on multiple occasions, chuckle to herself or rest her head on her hands as though exasperated.

About halfway through the hearing ████████████ objected to a question from the prosecutor. Judge Bain overrules the objection and stated she would assume the witness had certain knowledge. ████████████ asked if the Court was making assumptions as to her client's knowledge. Judge Bain said she was.

At that point, Judge Bain took a deep breath and went off the record. During her off the record comments, Judge Bain viciously attacked, insulted, and demoralized ████████████. When addressing ████████████, Judge Bain used words such as "unprofessional," "rude," and "disrespectful." Judge Bain also mimicked ████████████ and asked her if she was threatening the judge with an appeal. At that point, Judge Bain said "for the record" multiple times in different tones—attempting to mimic ████████████ voice.

████████████ interrupted Judge Bain and asked her to state everything on the record. Judge Bain continued her tirade and then informed ████████████ that she was not allowed to speak for the rest of the cross examination. Judge Bain went back on the record and ████████████ repeated her request for Judge Bain to state what she had said in her off-the-record- comments to ████████████. Ms. Bain did not repeat everything she had stated.

████████████ then respectfully requested for a recess due to her inability to speak or concentrate as a result of being spoken to with excessive insults. In fact, ████████████ showed Judge Bain, as well as everyone in the court, that her hand was shaking because of the shock.

1

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Tuesday, May 16, 2017 3:05 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Conduct and Professionalism Complaint |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Bain--- As I stated in my April 17 email, no additional extensions beyond April 28, 2017 would be granted. My email below was to confirm that you had not submitted a document that had not yet reached me.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, May 16, 2017 10:21 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I was not able to finish my response before I left to go on detail. I am in Otero the next two weeks and intend to finish my response while here. The response has taken up much more time than I expected. Later on today, I will send you the A-numbers of the cases that are at issue. Perhaps you could start listening to the audios in those cases, so you would know the background when you read my response.

Thank you for following up on this matter. I have been in court every day ever since the motion for recusal was filed, and so I have not been able to spend any time at work addressing it, but I do intend to respond to the recusal motion as well because the disciplinary complaint and recusal motion are intertwined.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 8:08 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Bain. I granted your requested extension through April 28, but I have not received a response from you regarding this complaint. If you have sent a document to me, please advise. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

1

PLAINTIFF'S EXHIBIT 17   0021

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, April 17, 2017 1:31 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good afternoon, Judge Bain. I will grant you an extension until April 28, 2017, to submit your response. However, due to the need to respond to these matters in a timely manner, I will not grant any additional extension.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, April 17, 2017 8:54 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I request a two-week extension of time in which to complete my response to the complaint. As you may know, I was out most of last week on sick leave, and the response has required more time than I have been able to devote to it, given my very booked court hearing schedule.

Thank you.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, March 29, 2017 5:05 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Conduct and Professionalism Complaint

Good afternoon, Judge Bain. Attached is a complaint dated March 1, 2017, filed with OCIJ regarding your conduct relating to attorneys ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. You learned of the complaint on March 8, 2017, when ▮▮▮▮▮▮▮▮ included the document as part of a motion to recuse.

If you would like to provide a response to the complaint, please do so by close of business Friday, April 14, 2017.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

2

PLAINTIFF'S EXHIBIT 17    0022

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Tuesday, May 16, 2017 5:46 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Keller, Mary Beth (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Conduct and Professionalism Complaint |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Nadkarni:

I understand the need to provide a timely response, but as I see it there is no regulatory or statutory deadline for providing a response to the complaint. I have not been able to prepare my response, but I do intend to do so while I am on detail. That said, if you are inclined to find against me, without the benefit of seeing my response, then I request an opportunity to file a response to your proposed finding before you issue it.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 1:05 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Judge Bain--- As I stated in my April 17 email, no additional extensions beyond April 28, 2017 would be granted. My email below was to confirm that you had not submitted a document that had not yet reached me.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, May 16, 2017 10:21 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I was not able to finish my response before I left to go on detail. I am in Otero the next two weeks and intend to finish my response while here. The response has taken up much more time than I expected. Later on today, I will send you the A-numbers of the cases that are at issue. Perhaps you could start listening to the audios in those cases, so you would know the background when you read my response.

Thank you for following up on this matter. I have been in court every day ever since the motion for recusal was filed, and so I have not been able to spend any time at work addressing it, but I do intend to respond to the recusal motion as well because the disciplinary complaint and recusal motion are intertwined.

1

PLAINTIFF'S EXHIBIT 17   0023

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 8:08 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Bain. I granted your requested extension through April 28, but I have not received a response from you regarding this complaint. If you have sent a document to me, please advise. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, April 17, 2017 1:31 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good afternoon, Judge Bain. I will grant you an extension until April 28, 2017, to submit your response. However, due to the need to respond to these matters in a timely manner, I will not grant any additional extension.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, April 17, 2017 8:54 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I request a two-week extension of time in which to complete my response to the complaint. As you may know, I was out most of last week on sick leave, and the response has required more time than I have been able to devote to it, given my very booked court hearing schedule.

Thank you.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, March 29, 2017 5:05 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Conduct and Professionalism Complaint

Good afternoon, Judge Bain. Attached is a complaint dated March 1, 2017, filed with OCIJ regarding your conduct relating to attorney ███████████████████ You learned of the complaint on March 8, 2017, when ████████ included the document as part of a motion to recuse.

2

PLAINTIFF'S EXHIBIT 17   0024

If you would like to provide a response to the complaint, please do so by close of business Friday, April 14, 2017.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

3

PLAINTIFF'S EXHIBIT 17    0025

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, June 14, 2017 10:06 AM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Keller, Mary Beth (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Conduct and Professionalism Complaint |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good morning, Judge Nadkarni:

Yesterday afternoon, I asked my legal assistant to send you, by inter-office mail, a courtesy copy of a decision to deny attorney ▇▇▇▇▇ request for recusal in cases A ▇▇▇▇▇▇.

Since I am required to respond to a motion for recusal within a reasonable time, I prepared this decision while on detail for two weeks in Otero. As I still have detained decisions from Otero to write up, I will not have time to prepare a separate response to the disciplinary complaint. Therefore, please accept the decision for recusal in cases 165 & 166 as my response to the disciplinary complaint.

Thank you.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, May 16, 2017 5:46 PM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Keller, Mary Beth (EOIR) <MaryBeth.Keller@EOIR.USDOJ.GOV>; Bain, Quynh (EOIR)
<Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Judge Nadkarni:

I understand the need to provide a timely response, but as I see it there is no regulatory or statutory deadline for providing a response to the complaint. I have not been able to prepare my response, but I do intend to do so while I am on detail. That said, if you are inclined to find against me, without the benefit of seeing my response, then I request an opportunity to file a response to your proposed finding before you issue it.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 1:05 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

1

PLAINTIFF'S EXHIBIT 17   0026

Judge Bain— As I stated in my April 17 email, no additional extensions beyond April 28, 2017 would be granted. My email below was to confirm that you had not submitted a document that had not yet reached me.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, May 16, 2017 10:21 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I was not able to finish my response before I left to go on detail. I am in Otero the next two weeks and intend to finish my response while here. The response has taken up much more time than I expected. Later on today, I will send you the A-numbers of the cases that are at issue. Perhaps you could start listening to the audios in those cases, so you would know the background when you read my response.

Thank you for following up on this matter. I have been in court every day ever since the motion for recusal was filed, and so I have not been able to spend any time at work addressing it, but I do intend to respond to the recusal motion as well because the disciplinary complaint and recusal motion are intertwined.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 8:08 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Bain. I granted your requested extension through April 28, but I have not received a response from you regarding this complaint. If you have sent a document to me, please advise. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, April 17, 2017 1:31 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good afternoon, Judge Bain. I will grant you an extension until April 28, 2017, to submit your response. However, due to the need to respond to these matters in a timely manner, I will not grant any additional extension.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, April 17, 2017 8:54 AM

2

PLAINTIFF'S EXHIBIT 17    0027

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, August 30, 2017 12:33 AM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR); Cheng, Mary (EOIR); Keller, Mary Beth (EOIR); Gerardo, Leslie A. (OPR); McHenry, James (EOIR) |
| **Subject:** | Re: ███████████ cases |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Bain, the decision has been made. Under these circumstances, OCIJ will reassign the cases pursuant to 8 C.F.R. 1003.9(b)(3).

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

Sent from my iPad

> On Aug 29, 2017, at 4:06 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:
>
> Judge Nadkarni:
>
> I oppose the reassignments of cases in which recusal motions have been filed but to which I have not had time to respond. As you know, I have been in court every day, five days a week, hearing cases. I am requesting time off the bench to prepare responses to the recusal motions as well as the OPR complaint. To reassignment the cases in which attorneys ███████████ have filed recusal motions without giving me a fair opportunity to respond would be tantamount to making a ruling that whatever they allege in their recusal motions is true, and that whatever is said in the OPR complaint that their attorneys filed is also true.
>
> I do have the right and an obligation to respond to the recusal motions. I also have a right and an obligation to respond to the OPR complaint. As you know, OPPM 05:02 requires the sitting judge to respond to a recusal motion. The OPPM thus has established a procedure for resolving recusal issues, and that process is EOIR's current official policy concerning recusal. As you know, the attorneys have appealed some of my recusal decisions (denying recusal) to the Board. The Board should have an opportunity to rule on the interlocutory appeals before you decide, on your own, that the recusal motions have merit and disqualify me from hearing the cases. To interfere with the process that the OPPM has established by automatically reassigning cases before the judge has had an opportunity to rule on the recusal motion and before the Board has had an opportunity to rule on any appeals from my decisions would violate the agency's own procedures concerning recusal. To interfere with the process that OPR has established for fielding complaints against immigration judges by presuming that the complaint underlying the recusal motions has merit, thus warranting immediate recusal, is also improper and would violate my due process rights under the law to respond to disciplinary complaints whether made in recusal motions or directly to OCIJ and referred to OPR. Finally, it also would send the wrong message to the private bar community and reinforce further the notion that OCIJ automatically sides with the private bar whenever a complaint is filed, regardless of the merits of the complaint.
>
> Therefore, I ask that you not deprive me of an opportunity to defend myself against unsubstantiated and false allegations. Instead, I ask that you give me sufficient time off the bench to prepare responses to the recusal motions

1

PLAINTIFF'S EXHIBIT 17   0028

and the OPR complaint. In this regard, I renew my request to have time off the bench over the next two weeks, so that I could have time to prepare responses to the recusal motions and the OPR complaint.

>
> Thank you.
>
> Quynh Vu Bain, Arlington
>
>
>
>
> -----Original Message-----
> From: Nadkarni, Deepali (EOIR)
> Sent: Tuesday, August 29, 2017 5:35 PM
> To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
> Cc: Bowyer, Cheri (EOIR) <Cheri.Bowyer@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR)
<Deborah.Castro@EOIR.USDOJ.GOV>; Wahowiak, Marlene (EOIR) <Marlene.Wahowiak@EOIR.USDOJ.GOV>; King, Jean
(EOIR) <Jean.King@EOIR.USDOJ.GOV>
> Subject: Re: ▮▮▮▮▮▮▮▮▮▮ cases
>
> Greetings, Judge Bain. The pending cases will be reassigned, so please do not respond to the pending motions.
Deborah Castro will pick up the ROPs when she is back in the office on Tuesday. Thank you.
>
> Dee Nadkarni
> Assistant Chief Immigration Judge
> 703.305.1247
>
> Sent from my iPad
>
>> On Aug 29, 2017, at 3:13 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:
>>
>> Judge Nadkarni:
>>
>> I have those ROP's in my office. I will need them to respond to the OPR complaint that was generated as a result of
the ACIJ's referral. I plan to work on the response this coming holiday weekend, since I am in court every day of the
week, five days a week. In the meantime, I will give Cheri a list of the ▮▮▮▮▮▮▮▮ cases that are in my office. I am
unable to give them to her now, because I still need to respond to the attorneys' recusal motions.
>>
>> Thank you.
>>
>> Quynh Vu Bain
>>
>>
>>
>>
>>
>> -----Original Message-----
>> From: Nadkarni, Deepali (EOIR)
>> Sent: Tuesday, August 29, 2017 5:04 PM
>> To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
>> Cc: Bowyer, Cheri (EOIR) <Cheri.Bowyer@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR)
<Deborah.Castro@EOIR.USDOJ.GOV>
>> Subject: ▮▮▮▮▮▮▮▮ cases

2

PLAINTIFF'S EXHIBIT 17    0029

>>
>> Good afternoon, Judge Bain.  Please take all ROPs in your office in which the respondent's attorney is ████
████████████ to SLA Cheri Boyer.  Cheri will scan them to herself.  Thank you.
>>
>> Dee Nadkarni
>> Assistant Chief Immigration Judge
>> 703.305.1247
>>
>> Sent from my iPad

3

PLAINTIFF'S EXHIBIT 17    0030

## Bain, Quynh (EOIR)

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Friday, April 06, 2018 3:25 PM
**To:** Bain, Quynh (EOIR)
**Subject:** OPR Investigation
**Attachments:** Bain Confidentiality Agreement.docx

Judge Bain,

As you are aware, the Department of Justice Office of Professional Responsibility (OPR) is investigating allegations of professional misconduct against you, arising from several matters over which you presided at the Arlington Immigration Court. I am an Assistant Counsel at OPR and I am handling the investigation into this matter.

On December 1, 2016, OPR received your written response to its initial inquiry. You voluntarily submitted a supplemental written response to OPR on February 11, 2018; and at OPR's request, you submitted a second supplemental response dated March 20, 2018. We are now at the state of our investigation where it would be helpful to meet with you in person, in order to gain a better understanding of what happened in connection with the matters that are the focus of OPR's investigation. In accordance with OPR's usual procedure, the interview will be conducted by me and another OPR attorney, James Vargason; will be under oath; and will be recorded and transcribed by a court reporter. I have prepared a confidentiality agreement for you to review, sign, and bring to the interview. Subject to that agreement, you will have the opportunity to review and correct the transcript of your OPR interview, but you will not be permitted to retain a copy.

We would like to complete our investigation as soon as possible. I would therefore like to try and settle on a mutually convenient date for the interview. Please send me a list of dates when you are available to meet with me, at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., during the week of April 16 or thereafter. You should set aside an entire day for the interview, as I cannot anticipate precisely how long it will take. If you have any questions, you can reach me by reply e-mail.

I appreciate your cooperation in this matter, and I look forward to meeting with you.

*Leslie Ann Gerardo*
*Assistant counsel*
*Office of Professional Responsibility*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3365*

1

PLAINTIFF'S EXHIBIT 17   0031

# OPR CONFIDENTIALITY AGREEMENT

The United States Department of Justice Office of Professional Responsibility (OPR) is conducting an investigation into professional misconduct allegations arising from my performance as the presiding immigration judge in several cases before the Arlington Immigration Court in which attorneys ███████████ and ███████████ appeared on behalf of the respondents. I understand that in the course of the OPR investigation or any review process that may follow, OPR or others within the Department may provide to me for my review certain confidential materials (OPR materials) including documents, my interview transcript, a draft report of investigation, and a final report of investigation. In the event that OPR or others within the Department provide any such materials to me, I understand, acknowledge, and agree that:

1. OPR materials are confidential and may contain sensitive information protected by law, including, but not limited to, the Privacy Act, grand jury secrecy rules, and the attorney-client privilege;

2. OPR materials may be used solely in connection with the OPR investigation and neither the materials nor their contents will be disclosed to anyone else, without OPR's express written authorization; and

3. OPR materials will not be copied without OPR's authorization and will be returned to OPR, or otherwise disposed of, at OPR's direction.

Quynh Vu Bain
Immigration Judge

Date

## Bain, Quynh (EOIR)

| | |
|---|---|
| rom: | Wahowiak, Marlene (EOIR) |
| ѕent: | Tuesday, April 30, 2019 11:03 AM |
| To: | Bain, Quynh (EOIR) |
| Cc: | 'HWhite@fedpractice.com'; Gerardo, Leslie A. (OPR); Vargason, James (OPR) |
| Subject: | RE: Request for Expedited Investigation |

All:

This message was sent inadvertently. I am not sure how this happened.

MMW

**From:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Sent:** Tuesday, April 30, 2019 10:58 AM
**To:** Wahowiak, Marlene (EOIR) <Marlene.Wahowiak@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; 'HWhite@fedpractice.com' <HWhite@fedpractice.com>;
Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>; Vargason, James (OPR) <James.Vargason@opr.usdoj.gov>
**Subject:** RE: Request for Expedited Investigation

Dear Ms. Wahowiak:

_ do not know why you are just now sending me the email traffic below. The information should have been communicated to me as soon as you received it in August 2017, so I could have had an opportunity to weigh in and respond to the allegations before you referred me to OPR.

In any case, please know that I am now represented by counsel, and have been since September 2017. My counsel are copied on this email. Also copied are Leslie Gerardo and James Vargason of the OPR, so they know about this communication between the Agency and me.

Thank you for taking note of my request that you communicate about this matter through my counsel.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Wahowiak, Marlene (EOIR) <Marlene.Wahowiak@EOIR.USDOJ.GOV>
**Sent:** Tuesday, April 30, 2019 9:54 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
‾ ıbject: FW: Request for Expedited Investigation

1

**From:** Wahowiak, Marlene (EOIR) <Marlene.Wahowiak@EOIR.USDOJ.GOV>
**Sent:** Friday, August 04, 2017 6:00 PM
**To:** Birney, William J (OPR) <William.J.Birney@opr.usdoj.gov>
**Subject:** Re: Request for Expedited Investigation

Thanks. Let me know at your earliest convenience. Have a good weekend.

On Aug 4, 2017, at 5:18 PM, Birney, William J (OPR) <William.J.Birney@opr.usdoj.gov> wrote:

Marlene:

This is to acknowledge receipt of your email below and let you know that this matter is under review. Please don't hesitate to contact me if you have any questions. Thanks.

Bill

William J. Birney
Associate Counsel
Office of Professional Responsibility
U.S. Department of Justice

**From:** Wahowiak, Marlene (EOIR)
**Sent:** Thursday, August 03, 2017 9:24 AM
**To:** Birney, William J (OPR) <William.J.Birney@opr.usdoj.gov>
**Cc:** Keller, Mary Beth (EOIR) <MaryBeth.Keller@EOIR.USDOJ.GOV>; Cheng, Mary (EOIR) <Mary.Cheng@EOIR.USDOJ.GOV>; Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>; Scheinkman, Rena (EOIR) <Rena.Scheinkman@EOIR.USDOJ.GOV>
**Subject:** Request for Expedited Investigation
**Importance:** High
Bill:

I am attaching several documents concerning allegations of professional misconduct made against Immigration Judge (IJ) Quynh Vu Bain of the Arlington (VA) Immigration Court. Because the allegations against IJ Bain and the supporting evidence of those allegations are serious, we are requesting that OPR open an investigation. In addition, because of the seriousness of the allegations and the impact on the integrity of on-going court proceedings,[1] we are also requesting that any investigation be handled on an expedited basis. ▉▉▉▉▉ of Noosman, LLP is representing the complainants, private immigration attorneys ▉▉▉▉▉▉▉▉▉▉▉▉▉

By way of background, the Office of the Chief Immigration Judge (OCIJ) received ▉▉▉▉ first complaint in a letter dated March 1, 2017. As described by ▉▉▉▉, IJ Bain went off the record to berate and bully ▉▉▉▉ in two separate hearings. The level of IJ Bain's hostility led to ▉▉▉▉ to move for her recusal, which IJ Bain denied. ▉▉▉▉ named several witnesses to IJ Bain's off-the-record conduct. In the same letter ▉▉▉▉ also described a similar behavior in IJ Bain's treatment of ▉▉▉▉. You will see that the March 1, 2017 letter provides greater detail than my summary.

Thereafter, OCIJ received a second complaint from ▉▉▉▉ dated March 28, 2017. ▉▉▉▉ advised that ▉▉▉▉ filed a "proper and sufficient motion" for IJ Bain to recuse herself in further proceedings in which ▉▉▉▉ was counsel for the respondent. Rather than address the motion, IJ Bain demanded to know why ▉▉▉▉ had filed a complaint, and why she did not notify IJ Bain about the complaint. IJ Bain then summoned the Arlington Immigration Court's ▉▉▉▉ ▉▉▉▉ to testify under oath about her knowledge of the complaint. IJ Bain also reportedly later

2

PLAINTIFF'S EXHIBIT 17    0034

confronted potential witnesses (court security officers). FYI, an EOIR Court Administrator is like an Executive Officer of their respective court.

IJ Bain's courtroom misconduct culminated in a June 8, 2017 22-page Order Denying Motion for Recusal (which included approximately 200 pages in attachments). From our perspective, this order and the personal commentary directed at the complainants and their attorney contained therein constitute the most serious charge regarding IJ Bain. Indeed, IJ Bain conducted her own research of the two complainants, and ████████, in what appears to have been a hunt for derogatory and completely irrelevant information. IJ Bain actually justified her research in the Order.[2]

As discussed below, not only was the personal commentary about the complainants and ████████ irrelevant to the proceedings, some of it was also blatantly false. Among other things, IJ Bain made the following "findings" in the Order: complainant.)

- IJ Bain claimed that ████████ committed bankruptcy fraud before the Bankruptcy Court in Norfolk, Virginia. Order at 17. (According to ████████ IJ Bain had the wrong ████████ is the debtor, ████████ is the complainant.)
- IJ Bain stated that ████ law firm represents the Government of Iran. Order at 8, ████ not only denies this accusation, he claims that he and his clients hold numerous judgments against the Government of Iran for terrorist attacks against Americans. He also said that if IJ Bain's statement were true, she was essentially accusing him of a felony.
- IJ Bain found that ████████ had a "reputation for unscrupulous dealings" because of a change of venue motion she filed with the San Antonio Immigration Court. Order at 10.
- IJ Bain mocked ████████ membership in the Federal Bar Association and the American Immigration Lawyers Association as nothing more than membership in an organization "open to anyone who pays the dues." *Id.*
- IJ Bain cited to a *Washington Post* article as evidence that ████████ is someone "who pursued meritless complaints against government personnel to get what she wants." *Id.*
- IJ Bain noted ████ prior clients, including his representation of an AUSA facing internal DOJ discipline for misusing government funds. *Id.* (the Howes case). Order at 8.
- IJ Bain belittled ████████ employment history as showing no familiarity with the work of IJs and thus, "he is in no position to pass judgment on whether the undersigned judge, a 26-year veteran of the Justice Department, should be disciplined on patently false, outrageous, and malicious accusations that his clients invented." *Id.*
- IJ Bain found that ████████ initiated improper *ex parte* communications by interviewing court personnel as part of the complaint. *Id.*
- IJ Bain declared that ████████ "unseemly conduct has caused substantial disruption in the court's operations and hard feelings among court personnel." *Id.*

IJ Bain included several attachments documenting her research into the lives of the complainants and their counsel. IJ Bain noted in the Order that she intended to apply the same legal reasoning in response to other motions to recuse filed by ████████

Assistant Chief Immigration Judge (ACIJ) Dee Nadkarni serves as IJ Bain's first-line supervisor. ACIJ Nadkarni did some initial spade work on the underlying complaints and has spoken with ████████ and his clients. She is also familiar with IJ Bain's history and can share it with OPR.

The Order remains the subject of an interlocutory appeal before the Board of Immigration Appeals (BIA). While we recognize and respect that OPR is usually disinclined to address matters that are the subject of pending litigation, we believe that the extraordinary circumstances created by IJ Bain's conduct warrant immediate attention. Specifically, the BIA's ruling on the interlocutory appeal one way or the other will

PLAINTIFF'S EXHIBIT 17    0035

not remedy any potential damage that IJ Bain has done to the integrity of the Arlington Court as well as the reputations of ███████████, two local practitioners, and ████████

It is for these reasons that we request that OPR open an investigation into this matter.

Lastly, we have not advised ███████ of this referral. Should OPR open a matter, we will tell him at that time. In the alternative, would you let me know if OPR would prefer to contact him directly rather than have EOIR do it? Separating EOIR from any ongoing investigation might be best. I'll leave that to OPR to decide.

As always, I appreciate your assistance in these matters, Bill.

MMW

(I have copied OCIJ's leadership on this email.)

[1]The complainants in this matter have other cases currently pending before IJ Bain, with hearing dates as early September 13, 2017 ████████ and August 28, 2017 ██████
[2] IJ Bain noted that because "the complaint is premised upon a lack of impartiality with respect to attorneys ████████ an examination of the facts and circumstances of each of the cases referenced in the ███ complaint, as well as relevant circumstances that go beyond the records of proceedings, is necessary." Order at 5 (emphasis added).

[1] The complainants in this matter have other cases currently pending before IJ Bain, with hearing dates as early as September 13, 2017 ██████ ) and August 28, 2017 ████ ).
[2] IJ Bain noted that because "the complaint is premised upon a lack of impartiality with respect to attorneys ████████, an examination of the facts and cir8cumstances of each of the cases referenced in the ███ complaint, as well as relevant circumstances that go beyond the records of proceedings, is necessary." Order at 5 (emphasis added).

4

PLAINTIFF'S EXHIBIT 17   0036

## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## WASHINGTON FIELD OFFICE

|  |  |  |
|---|---|---|
| QUYNH V. BAIN, | ) | EEOC No. 570-2016-01466X |
|     Complainant, | ) | Agency No. EOI-2016-00137 |
| v. | ) | |
|  | ) | |
| WILLIAM BARR, | ) | AJ: Antoinette Eates |
| Attorney General, | ) | |
| Department of Justice, | ) | |
|     Agency. | ) | |

## SECOND DECLARATION OF QUYNH VU BAIN

**Quynh Vu Bain makes the following Declaration:**

1.  I am the Complainant in the above-captioned EEO complaint. This declaration seeks to amend and clarify certain parts of my Statement of Disputed Facts which was filed in support of my Opposition to the Agency's Motion for Summary Judgment. I respectfully ask for leave to file the amendments through this Declaration and believe that the amendments are necessary in the interest of accuracy and completeness.

2.  On May 6, 2019, my attorney, Heather White, filed an Opposition to the Agency's Motion for Summary Judgment, A Statement of Disputed Facts, and additional documents in support of the Opposition.

3.  Less than one week before my Opposition was due, on April 30, 2019, I unexpectedly received an email from Agency counsel Marlene Wahowiak. The email was addressed to only me. The email forwarded another email that Ms. Wahowiak had sent to an attorney in the Department of Justice's Office of Professional Responsibility two years earlier, on August 3, 2017. (Attachment). Upon reading the email, I realized that it pertained to the OPR inquiry that was begun in August 2017. The August 3, 2017 email from Ms. Wahowiak requested that OPR initiate an investigation of me, in particular my handling of recusal motions that two private bar attorneys, ███████ ████████████████████████, had filed in 19 cases. The recusal motions sought to disqualify me from handling <u>all</u> of their cases, including those cases that were pending.

4.  The August 3, 2017 email from Ms. Wahowiak to OPR set forth fact findings that the Agency had made with respect to my handling of the recusal motions. Upon reading the email, I learned for the first time that the Agency had conducted an *ex parte*,

secretive investigation of me in the Spring of 2017, unbeknownst to me. Needless to say, I was very surprised to learn about the secretive investigation, because it fundamentally changed my understanding of the Agency's role in initiating the OPR inquiry. Consequently, the email presented a surprising development that I learned only on the eve of the filing of my Opposition to the Agency's Motion for Summary Judgment.

5. Had I known about the August 3, 2017 Wahowiak-OPR email sooner, I would have requested an extension of time to file the Opposition. By the time Ms. Wahowiak forwarded the email to me, it was too late to seek an extension, according to my attorney.

6. In addition, had I known about the secretive investigation when it happened, I would have asserted my due process right to confront whatever evidence the Agency was gathering. Any materials generated in the course of that investigation would have included witness interview notes and summaries, documentary evidence acquired from the witnesses, and any memoranda that the Agency prepared. Such materials would have been extremely consequential in this EEO matter. They would likely have provided evidence of discriminatory animus, reprisal, and a hostile work environment on the part of the Agency. As of today, I have not seen or received any such materials from the Agency.

7. I also would have used any evidence the Agency obtained through the *ex parte* investigation to prepare a response to the ███████████ complaints that were filed directly with OCIJ in March 2017, as well as the OPR inquiry that followed in August 2017. The Agency's willful failure to divulge the *ex parte* investigation has put me in a position of great disadvantage. I was unable to fully defend myself against the attorneys' complaints and any disciplinary action that the Agency may have contemplated.

8. Going beyond the above described ramifications, the August 3, 2017 email that Ms. Wahowiak forwarded to me on April 30, 2019 significantly affected my litigation strategy. It confirms that the Agency, not OPR, had conducted an ex parte investigation in the Spring of 2017. Until I received Ms. Wahowiak's email, I had assumed that the investigation was initiated by OPR. Because I did not know about the *ex parte*, secretive investigation that the Agency conducted before it referred me to OPR, I was not able to assert that Agency action as an additional basis for seeking relief in this EEO action.

9. Now that I have a completely different understanding of the OPR matter, I believe it is necessary to amend my Statement of Disputed Facts filed on May 6, 2019, in support of the Summary Judgment Opposition. The amendments are necessary to correct the

evidentiary record for accuracy and completeness. I apologize to the Honorable Judge Eates for any inconvenience that these amendments might cause.

10. Paragraph 194 of the Agency's Statement of Facts is **disputed** to the extent it incorrectly asserts that the complaints that attorneys ███████████ filed directly with the OCIJ in March 2017 were appended to the Recusal motion filed on March 7, 2017.

11. Paragraphs 195, 196, 197, and 198 of the Agency's Statement of Facts are **disputed** to the extent the Agency claims that it had given me access to all the evidentiary records that I needed to prepare my response to the two complaints attorneys ███████ ███ filed directly with OCIJ in March 2017, and the 19 Motions for Recusal that they filed between March and August 2017. ACIJ Nadkarni actually impeded my efforts to present probative evidence by directing the removal of record files that I needed from my office.

12. Paragraphs 200 to 204 of the Agency's Statement of Facts are **disputed**. The two weeks that ACIJ Nadkarni gave me to prepare a response to the two OCIJ complaints and the Motions for Recusal were clearly inadequate. Even though she extended the deadline by two weeks — to April 30, 2017, I still had court hearings and other work during those additional two weeks.

13. Paragraphs 200 and 201 are **disputed** as a gross mischaracterization of the Agency's process for resolving complaints filed against immigration judges. The process is Constitutionally defective in that when the Agency investigates a sitting judge in an *ex parte*, secretive fashion, it violates the judge's due process right to confront the evidence that the Agency obtains about the judge. The process also violates civil service reform laws such as the Merit Systems Protection Act when the Agency uses secret evidence to discipline or remove a judge. In this case, the Agency violated my Constitutional and statutory rights when it conducted the secretive, one-sided investigation that resulted in my referral to OPR. I was not notified of that secret investigation. I was not allowed to participate in witness interviews or to confront my accusers. I also was not given any investigative records, witness interview summaries, or memoranda that I could have used to prepare my defense. Most significantly, the Wahowiak-OPR email of August 3, 2017 confirms that the Agency attempted to circumvent the statutory court hearing process that Congress established in 8 U.S.C. 1229. The Agency knew that OPR's policy was not to conduct an investigation when a matter is in litigation. See Attachment. Yet, it still asked OPR to conduct an investigation and to expedite the investigation in the interest of helping the complaining attorneys obtain a speedy resolution of their 19 recusal motions, to which ACIJ Nadkarni had earlier instructed me to respond. This is truly astounding because

the Agency already had a formal process in place for seeking recusal of an immigration judge. That process is prescribed in OPPM 05:02, and it is a process that comports with the rules of immigration court litigation as prescribed by statute and regulations. I can only conclude that the underhanded manner in which the Agency used its flawed, informal OCIJ complaint process to initiate an investigation of me was motivated by discriminatory animus, reprisal, and a desire to perpetuate the hostile work environment that I have faced over the past 4 years since I brought this EEO action.

14. Paragraphs 205, 206, 208, and 209 are **disputed** as grossly inaccurate and a mischaracterization of my recusal decision. On June 8, 2017, I issued a decision and order denying attorneys ███████████ March 7, 2017 Motion for Recusal. The recusal decision applied the standards for recusal set forth in the Agency's Operating Procedures and Policies Memorandum (OPPM) 05:02 and the Supreme Court's Liteky v. United States decision. I dispute Ms. Wahowiak's characterization of my recusal decision as containing inappropriate language or knowingly made false claims. It was her characterization of my decision that was misleading and distorted, resulting in the Agency's referral to OPR for an investigation.

15. Paragraph 210 is **disputed** because it suggests that I had violated governing rules and regulations when I "conducted my own research and assembled derogatory information about the complainants." But we know now that it was the Agency that conducted an *ex parte*, secretive investigation to gather evidence against me. The investigation violated my Constitutional rights and merits-based civil service rules. The investigation also violated statutory and regulatory rules governing the conduct of open and adversarial court proceedings. See 8 U.S.C. 1229.

16. Paragraph 206 is **disputed**. It grossly mischaracterized my recusal decision as "alarming and so unusual" as to warrant a referral to OPR. The OCIJ complaints filed by attorneys ███████████ were *ad hominem* attacks. They attacked my character, my integrity, and my professionalism. They resorted to negative stereotypes of Asian women to denigrate my work, cast aspersions on my judicial temperament and demeanor, and undermine my judicial rulings. They even lied about off-record exchanges that I can prove did not happen. I used character evidence to refute their accusations and to cast doubt on their veracity. This was permissible under the Agency's policy memorandum OPPM 05:02, the Supreme Court's decision in Liteky, and the Federal Rules of Evidence.

17. Paragraph 210 is **disputed** as a mischaracterization of the OPR inquiry letter. Issued on August 29, 2017, the OPR inquiry letter merely adopted wholesale the findings that the Agency made after conducting the *ex parte*, secretive investigation. I did not know about the investigation, I was not given an opportunity to challenge the Agency's

findings and conclusions before it referred me to OPR, and I was not given any investigative materials to use in preparing a defense. Since the OPR inquiry began in August 2017, I have prepared a through response to the OPR inquiry letter, have supplemented the response twice, and have met with OPR officials for an interview. The OPR inquiry or investigation is still pending. Because of a confidentiality agreement, I cannot go into more detail than what is stated in this Declaration and what the Agency itself has made publicly known about the investigation.

I hereby affirm that the foregoing is true to the best of my knowledge and belief.

_____        _____
Quynh Vu Bain                            May 19, 2019
                                         Date




THE UNITED STATES
DEPARTMENT *of* JUSTICE

≡

## INVESTIGATION OF IMMIGRATION JUDGE FOR MAKING ALLEGED FALSE STATEMENTS IN ORDER; MAKING FALSE STATEMENTS TO OPR; AND ENGAGING IN HOSTILE CONDUCT TOWARD AN ATTORNEY

The Executive Office for Immigration Review (EIOR) notified OPR about a letter of complaint submitted on behalf of multiple immigration court practitioners, alleging that an Immigration Judge (IJ) had engaged in professional misconduct by disparaging them in cases in which they had appeared before her. OPR was also advised of a second letter regarding the IJ, which alleged that she had confronted one of the complaining attorneys about the initial complaint, summoned a court employee to the courtroom to testify under oath about her knowledge of the complaint, and confronted and intimidated a court security officer in an effort to obtain an affidavit from the officer disputing the allegations made in the complaint. Finally, EOIR informed OPR that the IJ had issued an order that contained derogatory and irrelevant personal commentary and false statements directed at the complainants and at the attorney representing them.

Based on its investigation, OPR concluded that the IJ engaged in intentional misconduct by making false statements to OPR in her written response and during her OPR interview. OPR also concluded that the IJ engaged in reckless misconduct by making false and derogatory statements, in reckless disregard of the truth, about the complainant attorneys in a written order, and by engaging in hostile conduct toward one of the attorneys during a hearing in a way that raised an appearance of bias. OPR also concluded that the IJ exercised poor judgment in her treatment of the immigration court employee. OPR provided its report of investigation to the Office of the Deputy Attorney General.

*Updated November 6, 2019*

Was this page helpful?
Yes    No

PLAINTIFF'S EXHIBIT 17    0042