## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUYNH VU BAIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **OFFICE OF THE ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF THE DEPUTY ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | **No. 21-Civ-1751 (RDM)** |
| ) | |
| **OFFICE OF PROFESSIONAL RESPONSIBILITY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **EXECUTIVE OFFICE FOR IMMIGRATION** ) | |
| **REVIEW**, U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF INFORMATION POLICY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| Defendants. ) | |

# PLAINTIFF'S EXHIBIT 26

Filed Under Seal August 19, 2022

**INDEX – PLAINTIFF'S EXHIBIT 26**
**<u>Bain v. USDOJ</u>, No. 21-cv-1751 (RDM)**

Communications with the OPR investigative counsel ........................................... Pages 1 to 45

Law360 article entitled "Judge's Hostile and Bullying Acts Prompt New Hearing,
dated January 5, 2018 ....................................................................................................... Page 46

Plaintiff's Motion to Reconsider the Board of Immigration Appeals' decision
in case 050/051, which is the subject of the Law360 news article, filed on
February 5, 2018 with the Board ..................................................................................... Pages 47 to 56

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| From: | Isabel Cottrell <ICottrell@fedpractice.com> |
| Sent: | Tuesday, August 28, 2018 4:22 PM |
| To: | Gerardo, Leslie A. (OPR) |
| Cc: | Bain, Quynh (EOIR); Heather White |
| Subject: | RE: OPR Interview Transcript |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

Ms. Gerardo,

Thank you for providing IJ Bain the opportunity to explain the relevance of the audio recording in case ▇▇▇▇▇▇▇. The following is her explanation:

In my response to the OPR inquiry, filed on November 16, 2017, I mentioned that I had requested a CD copy of the audio recordings in case ▇▇▇ and would provide it to OPR as soon as it became available. The relevance of the audio recordings is as follows:

1.    In preparing my orders denying recusal in ▇▇▇▇▇▇▇▇▇▇▇▇▇ cases, I relied on the United States Supreme Court's decision in Liteky v. United States, 510 U.S. 540 (1994). Liteky is factually analogous to this situation, in that defendant Liteky had sought recusal of the district court judge who presided over his criminal trial, based on the judge's alleged manifestation of bias or prejudice toward Liteky during earlier proceedings. The district court judge denied the recusal motion, and thereafter Liteky was convicted after trial of the charged crime. On appeal, Liteky contended that the district court judge's refusal to disqualify himself from the trial was reversible error. The court of appeals affirmed the district court judge's decision to deny recusal, and the Supreme Court affirmed the court of appeals' decision.

2.    Liteky is legally relevant to this case as well. It is relevant because it was cited in OPPM 05:02 as providing the standards for adjudicating motions for recusal of immigration judges. In Liteky, the Supreme Court provided a framework of analysis governing disqualification of district court judges under 28 U.S.C. 455. Since OPPM 05:02 has incorporated the language of 28 U.S.C 455 and the framework set forth in Liteky, the framework in Liteky is relevant to the OPR's inquiry into this matter. First, the Supreme Court ruled that the term "extra-judicial source" found in 28 U.S.C. 144 is applicable in situations involving disqualification under 28 U.S.C. 554. See 510 U.S. at 545. Second, the Supreme Court held that the term "extra-judicial source" includes not only information that a trial judge acquired outside of court proceedings but also "opinions held by the judge as a result of what the judge learned in earlier proceedings." Id. at 545-546, 551. Third, the Supreme Court ruled that the modern "extra-judicial source" doctrine is premised on the notion that bias or prejudice must be "pervasive" to provide a basis for disqualification or recusal, and that the word "pervasive" in this context means "judicial predispositions that go beyond what is normal and acceptable." Id. at 549. The Supreme Court then provided several examples of what it would consider to be on the outer limits of "normal and acceptable" conduct for a trial judge -- conduct that the Supreme Court said would not be considered "pervasive bias or prejudice" warranting disqualification even if they appear to manifest hostility toward a party or counsel. For example, the Court stated that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. at 555. Additionally, "expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not constitute pervasive bias or prejudice. Id. at 555-556. Finally, the Supreme Court recognized that a judge's "ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration" generally remain immune from disqualification. Id. at 556. Ultimately, the Supreme Court opined that

the trial judge's conduct of Liteky's criminal trial did not manifest unacceptable, pervasive bias or prejudice that made the trial unfair. The Supreme Court concluded that the trial judge's admonishment of defense counsel and co-defendants in open court, in front of a jury, did not amount to pervasive bias or prejudice warranting disqualification. Id. at 556. In addition, the Supreme Court ruled that the questions that the trial judge put to certain witnesses, his alleged "anti-defendant tone," his cutting off of testimony said to be relevant to defendants' state of mind were not sufficient manifestations of pervasive bias or prejudice that would have justified disqualification of the judge. Id. In other words, the judge's efforts at courtroom administration were not so out-of-the ordinary that the judge should be forced to recuse, especially when the defendants had other remedies for seeking a reversal of their convictions.

3.    Since Liteky made relevant "extra-judicial source" information acquired outside of court or in earlier court proceedings, and OPPM 05:02 expressly permits the use of "extra-judicial source" information, I believed that it was appropriate to rely on information from earlier proceedings involving ▮▮▮▮▮▮▮▮ in adjudicating their recusal motions. Such extrajudicial source information included motions and pleadings that they filed in other cases, as well as their conduct outside of court to the extent that such conduct was admissible as reliable hearsay information under Fed. R. Evid. 806 and 608. I also believed that the Justice Department in the October 2015 memorandum concerning off-duty conduct has expressly recognized the use of hearsay evidence admissible under Fed. R. Evid. 806 for impeachment purposes, albeit in the context of impeaching testifying federal government employees.

4.    All of these thoughts were going through my mind as I sat down to prepare orders denying recusal and to address their attorney ▮▮▮▮▮▮ affidavit in support of recusal, which also happened to be a complaint of professional misconduct that he filed with OCIJ a week before they filed the first recusal motion. By providing audio recordings of all the cases mentioned in ▮▮▮▮▮▮ complaint as well as audio recordings of the August 4, 2017 hearing, I hoped to show OPR that I harbored no pervasive bias or prejudice toward ▮▮▮▮▮▮▮▮▮ going into the February and March 2017 hearings, and that I still harbored no pervasive bias or prejudice after they filed motions for recusal in 19 cases and requested that EOIR/OCIJ forward their complaint to OPR for an investigation. As stated during the interview on June 29, 2018, I believed that how I handled these difficult hearings fell within the range of acceptable and normal courtroom control (as set forth in Liteky).

5.    To the extent the lawyers relied on OCIJ's internal process for filing complaints against judges to prove their allegations of professional misconduct, they have not proven those allegations through reliable, objective evidence of pervasive bias or prejudice, and they have not shown how my conduct satisfies OCIJ's nebulous standard of "conduct that appears inappropriate." Having reflected on this matter, I would like to add my firm belief that OCIJ's standard is not consistent with Liteky's or any of the standards that the Supreme Court has articulated for administrative law judges, though as a DOJ attorney, I accept that the Justice Department has the right to apply additional standards to its immigration judges provided that it clearly lays out what those standards are or should be. I also believe that the nebulous standard that OCIJ has been employing in reviewing complaints against immigration judges does not take into account the unique context of courtroom administration that the Supreme Court in Liteky found relevant in reviewing motions for disqualification. In other words, a judge's words spoken in a courtroom in the context of handling an adversarial hearing have to be viewed in a different light than if they were spoken, for example, at the dinner table or in the judge's chambers. As a result, the OCIJ complaint process which applies a standard not suitable for evaluating in-court conduct hinders rather than assists the Agency in meeting its mission of conducting court hearings in a prompt, uniform, and fair manner.

Thank you again and please let us know if you have any questions or concerns.

Isabel C. Cottrell
Associate



The Federal
Practice Group

1750 K Street, NW, Suite 900 | Washington, DC 20006
**Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com**

Attorney/Client Privileged, Protected and Confidential Communication.  Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Tuesday, August 21, 2018 12:19 PM
**To:** Isabel Cottrell
**Subject:** RE: OPR Interview Transcript

Ms. Cottrell,

I stand corrected.  The audio file I received has multiple tracks; the August 4, 2017 hearing is among them.

However, I still am unclear as to relevance, so if IJ Bain wishes to explain why this hearing is important, I would be happy to review any submission she would like to make.

Leslie Ann

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Tuesday, August 21, 2018 12:10 PM
**To:** Isabel Cottrell <ICottrell@fedpractice.com>
**Subject:** RE: OPR Interview Transcript

Ms. Cottrell,

Following up on the below email from IJ Bain, I did receive two DAR audiotapes from IJ Bain's former counsel, but these relate to hearings on July 28, 2016, and August 23, 2017, in case 095-066-052. ███████████ was counsel in this matter.  If there is an additional audiotape for a hearing on August 4, 2017, I do not have that.

I am unclear what relevance this audio recording has to the issue of IJ Bain's interactions with ███████████ in court during the hearings in February and March 2017.  If you or IJ Bain would like to submit something brief in writing explaining the relevance of the recording, please do so by next Tuesday, August 28.

Leslie Ann

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, August 20, 2018 4:48 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; HWhite@fedpractice.com; Isabel Cottrell <ICottrell@fedpractice.com>
**Subject:** FW: OPR Interview Transcript

Dear Ms. Gerardo:

My lawyers, who are copied on this email, have reviewed the comments and edits that I have made to the transcript. Attached are three pdf files containing only those pages that contain my comments or edits. Also attached is the October 2015 DOJ memorandum concerning off-duty conduct. It is referenced in my comments on pages 302 and 309 of the transcript.

I also would like to confirm that you have received, through my prior lawyer (Blank Rome), a CD copy of the August 4, 2017 hearing in ██████ was private bar counsel. This was the first hearing that I had with ████ after she filed the 19 recusal motions and after I had issued orders denying many of them. For some reason, she did not move for recusal in the case that was heard on August 4, 2017. To the extent that you did not discuss that hearing during our meeting on June 29, 2018, I would like to confirm that you know about that hearing and have the audio recordings.

Thank you very much.

Please let me know if you need additional information.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**Gerardo, Leslie A. (OPR)**

| From: | Gerardo, Leslie A. (OPR) |
|---|---|
| Sent: | Tuesday, August 21, 2018 12:19 PM |
| To: | Isabel Cottrell |
| Subject: | RE: OPR Interview Transcript |

Ms. Cottrell,

I stand corrected. The audio file I received has multiple tracks; the August 4, 2017 hearing is among them.

However, I still am unclear as to relevance, so if IJ Bain wishes to explain why this hearing is important, I would be happy to review any submission she would like to make.

Leslie Ann

From: Gerardo, Leslie A. (OPR)
Sent: Tuesday, August 21, 2018 12:10 PM
To: Isabel Cottrell <ICottrell@fedpractice.com>
Subject: RE: OPR Interview Transcript

Ms. Cottrell,

Following up on the below email from IJ Bain, I did receive two DAR audiotapes from IJ Bain's former counsel, but these relate to hearings on July 28, 2016, and August 23, 2017, in case ███████ ████████ was counsel in this matter. If there is an additional audiotape for a hearing on August 4, 2017, I do not have that.

I am unclear what relevance this audio recording has to the issue of IJ Bain's interactions with ███████████ in court during the hearings in February and March 2017. If you or IJ Bain would like to submit something brief in writing explaining the relevance of the recording, please do so by next Tuesday, August 28.

Leslie Ann

From: Bain, Quynh (EOIR)
Sent: Monday, August 20, 2018 4:48 PM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Cc: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; HWhite@fedpractice.com; Isabel Cottrell <ICottrell@fedpractice.com>
Subject: FW: OPR Interview Transcript

Dear Ms. Gerardo:

My lawyers, who are copied on this email, have reviewed the comments and edits that I have made to the transcript. Attached are three pdf files containing only those pages that contain my comments or edits. Also attached is the October 2015 DOJ memorandum concerning off-duty conduct. It is referenced in my comments on pages 302 and 309 of the transcript.

I also would like to confirm that you have received, through my prior lawyer (Blank Rome), a CD copy of the August 4, 2017 hearing in ███████ was private bar counsel. This was the first hearing that I had with ███████ after she filed the 19 recusal motions and after I had issued orders denying many of them. For some reason, she did not move for

recusal in the case that was heard on August 4, 2017. To the extent that you did not discuss that hearing during our meeting on June 29, 2018, I would like to confirm that you know about that hearing and have the audio recordings.

Thank you very much.

Please let me know if you need additional information.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Tuesday, August 21, 2018 12:10 PM |
| To: | Isabel Cottrell |
| Subject: | RE: OPR Interview Transcript |

Ms. Cottrell,

Following up on the below email from IJ Bain, I did receive two DAR audiotapes from IJ Bain's former counsel, but these relate to hearings on July 28, 2016, and August 23, 2017, in case ▮▮▮▮▮▮▮▮▮▮▮▮ was counsel in this matter. If there is an additional audiotape for a hearing on August 4, 2017, I do not have that.

I am unclear what relevance this audio recording has to the issue of IJ Bain's interactions with ▮▮▮▮▮▮ in court during the hearings in February and March 2017. If you or IJ Bain would like to submit something brief in writing explaining the relevance of the recording, please do so by next Tuesday, August 28.

Leslie Ann

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, August 20, 2018 4:48 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; HWhite@fedpractice.com; Isabel Cottrell <ICottrell@fedpractice.com>
**Subject:** FW: OPR Interview Transcript

Dear Ms. Gerardo:

My lawyers, who are copied on this email, have reviewed the comments and edits that I have made to the transcript. Attached are three pdf files containing only those pages that contain my comments or edits. Also attached is the October 2015 DOJ memorandum concerning off-duty conduct. It is referenced in my comments on pages 302 and 309 of the transcript.

I also would like to confirm that you have received, through my prior lawyer (Blank Rome), a CD copy of the August 4, 2017 hearing in ▮▮▮▮▮▮▮▮ was private bar counsel. This was the first hearing that I had with ▮▮▮▮▮▮ after she filed the 19 recusal motions and after I had issued orders denying many of them. For some reason, she did not move for recusal in the case that was heard on August 4, 2017. To the extent that you did not discuss that hearing during our meeting on June 29, 2018, I would like to confirm that you know about that hearing and have the audio recordings.

Thank you very much.

Please let me know if you need additional information.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

Gerardo, Leslie A. (OPR)

| From: | Bain, Quynh (EOIR) |
|---|---|
| Sent: | Monday, August 20, 2018 4:48 PM |
| To: | Gerardo, Leslie A. (OPR) |
| Cc: | Bain, Quynh (EOIR); HWhite@fedpractice.com; Isabel Cottrell |
| Subject: | FW: OPR Interview Transcript |
| Attachments: | Off-Duty Conduct0002 - Accessible.pdf; 08202018opr -- comments 3.pdf; 08202018opr -- comments 2.pdf; 08202018opr -- comments 1.pdf |

| Follow Up Flag: | Follow up |
|---|---|
| Flag Status: | Flagged |

Dear Ms. Gerardo:

My lawyers, who are copied on this email, have reviewed the comments and edits that I have made to the transcript. Attached are three pdf files containing only those pages that contain my comments or edits. Also attached is the October 2015 DOJ memorandum concerning off-duty conduct. It is referenced in my comments on pages 302 and 309 of the transcript.

I also would like to confirm that you have received, through my prior lawyer (Blank Rome), a CD copy of the August 4, 2017 hearing in ▓▓▓▓▓▓▓ was private bar counsel. This was the first hearing that I had with ▓▓▓▓▓ after she filed the 19 recusal motions and after I had issued orders denying many of them. For some reason, she did not move for recusal in the case that was heard on August 4, 2017. To the extent that you did not discuss that hearing during our meeting on June 29, 2018, I would like to confirm that you know about that hearing and have the audio recordings.

Thank you very much.

Please let me know if you need additional information.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Monday, August 20, 2018 12:51 PM |
| **To:** | ICottrell@fedpractice.com |
| **Subject:** | RE: OPR Interview Transcript |
| **Attachments:** | page 242.pdf |

Ms. Cottrell,

Pursuant to the request below, I am attaching a copy of page 242 of the transcript of IJ Bain's OPR Interview. Please forward this document to IJ Bain. Also, as indicated below, she has provided her comments to the remainder of the transcript to you. As today is the due date for commenting to OPR, I ask that you please provide me with her comments as soon as possible.

Regards,

Leslie Ann Gerardo

From: Bain, Quynh (EOIR)
Sent: Monday, August 20, 2018 11:45 AM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Cc: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; ICottrell@fedpractice.com
Subject: FW: OPR Interview Transcript

Dear Ms. Gerardo:

In reviewing the interview transcript this past weekend, I noticed that the pdf copy that you emailed to me was missing page 242.

Would you please email that page to me?

I have finished reviewing the other pages. I am sending my comments to my lawyer, Isabel Cottrell, for her review, before I submit the comments to you. She is copied on this email.

Thank you very much.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia
(703) 603-1360
Quynh.bain2@usdoj.gov

From: Gerardo, Leslie A. (OPR)
Sent: Monday, July 23, 2018 3:15 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: OPR Interview Transcript

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with an electronic copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August 6, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, August 20, 2018 11:45 AM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Cc:** | Bain, Quynh (EOIR); ICottrell@fedpractice.com |
| **Subject:** | FW: OPR Interview Transcript |
| **Attachments:** | OPR #431755 v1-201700568__Transcript_of Judge Quynh Vu_Bain_on_June 29 2018.PDF; IJ Bain Confidentiality - signed.pdf |

Dear Ms. Gerardo:

In reviewing the interview transcript this past weekend, I noticed that the pdf copy that you emailed to me was missing page 242.

Would you please email that page to me?

I have finished reviewing the other pages. I am sending my comments to my lawyer, Isabel Cottrell, for her review, before I submit the comments to you. She is copied on this email.

Thank you very much.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia
(703) 603-1360
Quynh.bain2@usdoj.gov


From: Gerardo, Leslie A. (OPR)
Sent: Monday, July 23, 2018 3:15 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: OPR Interview Transcript

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached). I am providing you with an electronic copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August 6, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice

Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Tuesday, July 24, 2018 1:03 PM |
| **To:** | Isabel Cottrell |
| **Subject:** | RE: IJ Quynh Vu Bain |
| **Attachments:** | Transcript__of_Judge_Quynh_Vu_Bain_on_June_29__2018.PDF |

Thank you. Subject to the terms of the confidentiality agreement, I am attaching to this email an electronic copy of IJ Bain's OPR Interview transcript, for your review.

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

From: Isabel Cottrell <ICottrell@fedpractice.com>
Sent: Tuesday, July 24, 2018 12:39 PM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Subject: RE: IJ Quynh Vu Bain

Attached, per you request. Thank you.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

1730 K Street, N.W. Suite 900, Washington, DC 20006
Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com

Attorney Client Privileged, Protected and Confidential Communication. Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

From: Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
Sent: Tuesday, July 24, 2018 10:18 AM
To: Isabel Cottrell
Subject: RE: IJ Quynh Vu Bain

Ms. Cottrell,

Yes, you will need to sign a confidentiality agreement as well. I am attaching one for your signature; please sign, scan, and return to me via email and I will then forward an electronic copy of the transcript to you. Please give my regards to Ms. Chhabra.

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**From:** Isabel Cottrell <ICottrell@fedpractice.com>
**Sent:** Monday, July 23, 2018 7:01 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Subject:** RE: IJ Quynh Vu Bain

Ms. Gerardo,

Smetna has gone on maternity leave and I will be the attorney covering this case in her absence. I have informed Ms.
Bain of the extension. Thank you. Please also provide me a copy of the interview transcript. If you need me to sign a
Confidentiality Agreement, I am happy to do so.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

175th K Street, N.W., Suite 900, Washington, D.C 20006
**Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com**

Attorney Client Privileged, Proprietary and Confidential Commercial Information. Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts -
Agencies. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may
contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee
or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly
prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and any unlawful
interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received
and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Monday, July 23, 2018 4:40 PM
**To:** Smetna Chhabra
**Subject:** IJ Quynh Vu Bain

Ms. Chhabra,

Today I forwarded to your client, IJ Quynh Vu Bain, an electronic copy of the transcript of her OPR interview on June 29,
2018. The transcript was provided to her subject to the confidentiality agreement that she signed on that date. If you
would like to receive a copy of the transcript as well, please let me know. Your review will be subject to the
confidentiality agreement that you signed on June 27, 2018 (copy attached).

We generally provide a subject two weeks to review and comment on an interview transcript. After receiving her
transcript, however, IJ Bain emailed to ask if she could have until August 20, 2018, to provide OPR with her
comments. Please let her know that we will allow her to submit comments on or before August 20, as requested.

Please feel free to call me if you have any questions.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Isabel Cottrell <ICottrell@fedpractice.com> |
| **Sent:** | Tuesday, July 24, 2018 12:39 PM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Subject:** | RE: IJ Quynh Vu Bain |
| **Attachments:** | 0485 001.pdf |

Attached, per your request. Thank you.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

1750 K Street, N.W. Suite 900 | Washington, DC 20006
**Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com**

Attorney Client Privileged, Protected and Confidential Communication.  Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Tuesday, July 24, 2018 10:18 AM
**To:** Isabel Cottrell
**Subject:** RE: IJ Quynh Vu Bain

Ms. Cottrell,

Yes, you will need to sign a confidentiality agreement as well.  I am attaching one for your signature; please sign, scan, and return to me via email and I will then forward an electronic copy of the transcript to you.  Please give my regards to Ms. Chhabra.

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514 0873

**From:** Isabel Cottrell <ICottrell@fedpractice.com>
**Sent:** Monday, July 23, 2018 7:01 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Subject:** RE: IJ Quynh Vu Bain

Ms. Gerardo,

Smetna has gone on maternity leave and I will be the attorney covering this case in her absence. I have informed Ms. Bain of the extension. Thank you. Please also provide me a copy of the interview transcript. If you need me to sign a Confidentiality Agreement, I am happy to do so.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

1750 K Street, NW, Suite 900, Washington, DC 20006
Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com

attorney Client Privileged, Protected and Confidential communication. Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice. This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Monday, July 23, 2018 4:40 PM
**To:** Smetna Chhabra
**Subject:** IJ Quynh Vu Bain

Ms. Chhabra,

Today I forwarded to your client, IJ Quynh Vu Bain, an electronic copy of the transcript of her OPR interview on June 29, 2018. The transcript was provided to her subject to the confidentiality agreement that she signed on that date. If you would like to receive a copy of the transcript as well, please let me know. Your review will be subject to the confidentiality agreement that you signed on June 27, 2018 (copy attached).

We generally provide a subject two weeks to review and comment on an interview transcript. After receiving her transcript, however, IJ Bain emailed to ask if she could have until August 20, 2018, to provide OPR with her comments. Please let her know that we will allow her to submit comments on or before August 20, as requested.

Please feel free to call me if you have any questions.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Tuesday, July 24, 2018 10:18 AM |
| **To:** | Isabel Cottrell |
| **Subject:** | RE: IJ Quynh Vu Bain |
| **Attachments:** | Confidentiality Agreement Cottrell.docx |

Ms. Cottrell,

Yes, you will need to sign a confidentiality agreement as well. I am attaching one for your signature; please sign, scan, and return to me via email and I will then forward an electronic copy of the transcript to you. Please give my regards to Ms. Chhabra.

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873


From: Isabel Cottrell <ICottrell@fedpractice.com>
Sent: Monday, July 23, 2018 7:01 PM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Subject: RE: IJ Quynh Vu Bain

Ms. Gerardo,

Smetna has gone on maternity leave and I will be the attorney covering this case in her absence. I have informed Ms. Bain of the extension. Thank you. Please also provide me a copy of the interview transcript. If you need me to sign a Confidentiality Agreement, I am happy to do so.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

1750 K Street, NW, Suite 900 | Washington, DC 20006
**Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com**

Attorney Client Privileged, Protected and Confidential Communication. Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Monday, July 23, 2018 4:40 PM
**To:** Smetna Chhabra
**Subject:** IJ Quynh Vu Bain

Ms. Chhabra,

Today I forwarded to your client, IJ Quynh Vu Bain, an electronic copy of the transcript of her OPR interview on June 29, 2018. The transcript was provided to her subject to the confidentiality agreement that she signed on that date. If you would like to receive a copy of the transcript as well, please let me know. Your review will be subject to the confidentiality agreement that you signed on June 27, 2018 (copy attached).

We generally provide a subject two weeks to review and comment on an interview transcript. After receiving her transcript, however, IJ Bain emailed to ask if she could have until August 20, 2018, to provide OPR with her comments. Please let her know that we will allow her to submit comments on or before August 20, as requested.

Please feel free to call me if you have any questions.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Isabel Cottrell <ICottrell@fedpractice.com> |
| **Sent:** | Monday, July 23, 2018 7:01 PM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Subject:** | RE: IJ Quynh Vu Bain |

Ms. Gerardo,

Smetna has gone on maternity leave and I will be the attorney covering this case in her absence. I have informed Ms. Bain of the extension. Thank you. Please also provide me a copy of the interview transcript. If you need me to sign a Confidentiality Agreement, I am happy to do so.

Isabel C. Cottrell
Associate

 The Federal
Practice Group

1750 K Street, N.W., Suite 900   Washington, DC 20006
Direct: 202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com

The Federal Practice Group Worldwide Service ... Practice in D.C. is limited to matters and proceedings before Special Courts - Federal Courts - Agencies. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Gerardo, Leslie A. (OPR) [mailto:Leslie.A.Gerardo@usdoj.gov]
**Sent:** Monday, July 23, 2018 4:40 PM
**To:** Smetna Chhabra
**Subject:** IJ Quynh Vu Bain

Ms. Chhabra,

Today I forwarded to your client, IJ Quynh Vu Bain, an electronic copy of the transcript of her OPR interview on June 29, 2018. The transcript was provided to her subject to the confidentiality agreement that she signed on that date. If you would like to receive a copy of the transcript as well, please let me know. Your review will be subject to the confidentiality agreement that you signed on June 27, 2018 (copy attached).

We generally provide a subject two weeks to review and comment on an interview transcript. After receiving her transcript, however, IJ Bain emailed to ask if she could have until August 20, 2018, to provide OPR with her comments. Please let her know that we will allow her to submit comments on or before August 20, as requested.

Please feel free to call me if you have any questions.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice

Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Monday, July 23, 2018 4:40 PM |
| To: | SChhabra@fedpractice.com |
| Subject: | IJ Quynh Vu Bain |
| Attachments: | Bain_Chhabra Confidentiality Agreement (002).pdf |

Ms. Chhabra,

Today I forwarded to your client, IJ Quynh Vu Bain, an electronic copy of the transcript of her OPR interview on June 29, 2018. The transcript was provided to her subject to the confidentiality agreement that she signed on that date. If you would like to receive a copy of the transcript as well, please let me know. Your review will be subject to the confidentiality agreement that you signed on June 27, 2018 (copy attached).

We generally provide a subject two weeks to review and comment on an interview transcript. After receiving her transcript, however, IJ Bain emailed to ask if she could have until August 20, 2018, to provide OPR with her comments. Please let her know that we will allow her to submit comments on or before August 20, as requested.

Please feel free to call me if you have any questions.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

From: Bain, Quynh (EOIR)
Sent: Monday, July 23, 2018 3:43 PM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Cc: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: RE: OPR Interview Transcript

Dear Ms. Gerardo:

Thank you for forwarding the transcript to me for review. I will be on vacation starting this Wednesday and will not return until August 13, 2018. May I have two extra weeks and turn in my corrections and additional information by August 20?

Thank you.

Regards,
Quynh Vu Bain

From: Gerardo, Leslie A. (OPR)
Sent: Monday, July 23, 2018 3:15 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: OPR Interview Transcript

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with an electronic copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August 6, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Monday, July 23, 2018 3:15 PM |
| To: | Bain, Quynh (EOIR) |
| Subject: | OPR Interview Transcript |
| Attachments: | OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_2018.PDF; IJ Bain Confidentiality - signed.pdf |

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | Bain, Quynh (EOIR) | Delivered: 7/23/2018 3:15 PM | Read: 7/23/2018 3:40 PM |

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with an electronic copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August 6, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| Sent: | Monday, July 23, 2018 1:51 PM |
| To: | Bain, Quynh (EOIR) |
| Subject: | FW: OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |
| Attachments: | OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with a copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **Sent:** | Monday, July 23, 2018 1:51 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | FW: OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |
| **Attachments:** | OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with a copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann

Attorney/Client Privileged, Protected and Confidential Communication   Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s)  This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act. 18 U.S.C. § 2510 *et seq.*, and any unlawful

interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Heather White
**Sent:** Wednesday, June 27, 2018 2:43 PM
**To:** Smetna Chhabra
**Subject:** Fwd: OPR Interview on Friday, June 29

Sent from my iPhone

Begin forwarded message:

> **From:** "Bain, Quynh (EOIR)" <Quynh.Bain2@usdoj.gov>
> **Date:** June 27, 2018 at 2:39:11 PM EDT
> **To:** "HWhite@fedpractice.com" <HWhite@fedpractice.com>
> **Subject: FW: OPR Interview on Friday, June 29**

FYI.

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Thursday, June 21, 2018 12:03 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** OPR Interview on Friday, June 29

Judge Bain,

I have received your phone message asking for logistical information for next Friday's interview. As previously noted, I prefer to communicate on such matters by email rather than by phone.

Please report to OPR's front office, room 3525, by 9:30 a.m. We will begin the interview promptly at 9:30 in OPR's conference room. It is difficult to predict how long the interview will last; my best estimate is 3 to 4 hours. However, the interview will continue as long as is necessary to cover all of the issues presented in this matter. You should therefore arrange to be available for the entire day.

In accordance with OPR policies, you will be placed under oath at the outset of the interview, and the interview will be recorded and transcribed by a court reporter. I will provide you with a standard OPR confidentiality agreement (a copy of which is attached to this e-mail), which you will be asked to execute before the interview begins.

If you do bring counsel with you, counsel is permitted to sit in the conference room during the interview as long as counsel's presence is not disruptive. Should counsel need to confer with you during the interview, we can take a short break to accommodate a private conversation, as long as doing so does not interfere with the flow of the interview or become so frequent as to be disruptive.

In addition to the matters identified in OPR's August 29, 2017, request for a written response, please be prepared to address the matters referenced in OPR's March 7, 2018, request for a second supplemental written response. In particular, even if previously furnished by you, please bring with you ALL documents relevant to item 2 of OPR's March 7, 2018 letter (i.e., documents supporting your claim to have conducted a "due diligence" inquiry regarding the identity of immigration attorney ████████████ as a bankruptcy petitioner). Also, please bring with you documents showing the precise sequence of

F19-00105 00028

pages on EOIR's intranet site that you accessed in order to reach the page on which you located the immigration judge applications submitted by Jean King and Marlene Wahowiak that you appended to your supplemental written response.

I look forward to meeting with you on the 29th. If you have any additional questions in the meantime, please contact me by e-mail. Please be aware, however, that I will be out of the office on Monday, June 25 through Wednesday, June 27 and will have limited access to e-mail during that time.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Office of Professional Responsibility
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
(202) 514-0873

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Thursday, June 21, 2018 5:36 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | Re: OPR Interview scheduled for Friday, June 29, 2018 |

Judge Bain,

No, you may not. As indicated in my earlier e-mail, your interview will be transcribed by a court reporter. Subject to signing the confidentiality agreement, you will be provided a transcript of the interview which you can review, and correct and clarify if necessary. If you subsequently wish to obtain counsel, counsel will need to execute a confidentiality agreement as well to obtain access to the transcript.

Regards,
Leslie Ann

Sent from my iPhone

On Jun 21, 2018, at 3:21 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:

> Dear Gerardo:
> If there is no right to counsel, may I bring an audio recorder to record the interview?
> Thank you.
> Quynh Vu Bain
> Immigration Judge
> Arlington, Virginia
>
> **From:** Gerardo, Leslie A. (OPR)
> **Sent:** Wednesday, June 20, 2018 12:30 PM
> **To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; aglasner@blankrome.com
> **Subject:** OPR Interview scheduled for Friday, June 29, 2018
> IJ Bain,
> I spoke with Ariel Glasner today (copied on this email) to confirm your OPR interview next Friday, June 29, 2018. Mr. Glasner informed me that he is no longer representing you in this matter. If you have obtained new counsel, please provide me with counsel's name and contact information, so I can touch base in advance of the interview. If you do not intend to obtain counsel, or do not intend to have counsel accompany you next Friday, please let me know.
> Be aware that you do not have a right to counsel in this matter. As a result, and because OPR scheduled the interview for June 29, two months later than OPR originally proposed, to accommodate you and your attorney, OPR will not re-schedule the interview to allow you time to find substitute counsel. The interview will go forward as scheduled next Friday, at 9:30 a.m., in OPR's office in the Robert F. Kennedy Building, 950 Pennsylvania Avenue, N.W.
> Regards,
> Leslie Ann Gerardo
> Assistant Counsel
> Department of Justice
> Office of Professional Responsibility
> (202) 514-0873

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| From: | Bain, Quynh (EOIR) |
| Sent: | Thursday, June 21, 2018 3:21 PM |
| To: | Gerardo, Leslie A. (OPR) |
| Cc: | Bain, Quynh (EOIR) |
| Subject: | RE: OPR Interview scheduled for Friday, June 29, 2018 |

Dear Gerardo:

If there is no right to counsel, may I bring an audio recorder to record the interview?

Thank you.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

From: Gerardo, Leslie A. (OPR)
Sent: Wednesday, June 20, 2018 12:30 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; aglasner@blankrome.com
Subject: OPR Interview scheduled for Friday, June 29, 2018

IJ Bain,

I spoke with Ariel Glasner today (copied on this email) to confirm your OPR interview next Friday, June 29, 2018. Mr. Glasner informed me that he is no longer representing you in this matter. If you have obtained new counsel, please provide me with counsel's name and contact information, so I can touch base in advance of the interview. If you do not intend to obtain counsel, or do not intend to have counsel accompany you next Friday, please let me know.

Be aware that you do not have a right to counsel in this matter. As a result, and because OPR scheduled the interview for June 29, two months later than OPR originally proposed, to accommodate you and your attorney, OPR will not re-schedule the interview to allow you time to find substitute counsel. The interview will go forward as scheduled next Friday, at 9:30 a.m., in OPR's office in the Robert F. Kennedy Building, 950 Pennsylvania Avenue, N.W.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
(202) 514-0873

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Wednesday, June 20, 2018 12:30 PM |
| **To:** | Bain, Quynh (EOIR); aglasner@blankrome.com |
| **Subject:** | OPR Interview scheduled for Friday, June 29, 2018 |

IJ Bain,

I spoke with Ariel Glasner today (copied on this email) to confirm your OPR interview next Friday, June 29, 2018. Mr. Glasner informed me that he is no longer representing you in this matter. If you have obtained new counsel, please provide me with counsel's name and contact information, so I can touch base in advance of the interview. If you do not intend to obtain counsel, or do not intend to have counsel accompany you next Friday, please let me know.

Be aware that you do not have a right to counsel in this matter. As a result, and because OPR scheduled the interview for June 29, two months later than OPR originally proposed, to accommodate you and your attorney, OPR will not re-schedule the interview to allow you time to find substitute counsel. The interview will go forward as scheduled next Friday, at 9:30 a.m., in OPR's office in the Robert F. Kennedy Building, 950 Pennsylvania Avenue, N.W.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
(202) 514-0873

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Friday, April 27, 2018 12:47 PM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: OPR Investigation |

Dear Ms. Gerardo:

I apologize for the delay and take full responsibility for it. It has taken a while to find counsel, but yesterday one of the lawyers I contacted has agreed to represent me. I intend to sign the retainer by Monday. I will then ask the lawyer to contact you to schedule the interview.

Thank you for your patience.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Friday, April 27, 2018 12:02 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** OPR Investigation

Judge Bain,

On April 6, 2018, I contacted you by e-mail to advise that OPR would like to interview you as part of its investigation into allegations of professional misconduct on your part. In that e-mail, I alerted you that OPR would like to complete our investigation as soon as possible. I requested that you provide me with a list of dates when you would be available to meet with me and my colleague, James Vargason, at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., during the week of April 16 or thereafter.

Thereafter, on April 11, 2018, you responded that you were seeking counsel to assist you in this matter. I have not heard anything further from you since that time. Please advise whether you have retained counsel, so that I might communicate with counsel directly about the scheduling of an interview. If you have not yet obtained counsel, please advise whether you still intend to do so and how much longer you will need to secure counsel. As noted, we would like to proceed with this investigation in a timely fashion.

I appreciate your cooperation in this matter.

*Leslie Ann Gerardo*
*Assistant counsel*
*Office of Professional Responsibility*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3365*

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Friday, April 27, 2018 12:02 PM |
| To: | Bain, Quynh (EOIR) |
| Subject: | OPR Investigation |

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | Bain, Quynh (EOIR) | Delivered: 4/27/2018 12:02 PM | Read: 4/27/2018 12:45 PM |

Judge Bain,

On April 6, 2018, I contacted you by e-mail to advise that OPR would like to interview you as part of its investigation into allegations of professional misconduct on your part. In that e-mail, I alerted you that OPR would like to complete our investigation as soon as possible. I requested that you provide me with a list of dates when you would be available to meet with me and my colleague, James Vargason, at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., during the week of April 16 or thereafter.

Thereafter, on April 11, 2018, you responded that you were seeking counsel to assist you in this matter. I have not heard anything further from you since that time. Please advise whether you have retained counsel, so that I might communicate with counsel directly about the scheduling of an interview. If you have not yet obtained counsel, please advise whether you still intend to do so and how much longer you will need to secure counsel. As noted, we would like to proceed with this investigation in a timely fashion.

I appreciate your cooperation in this matter.

*Leslie Ann Gerardo*
*Assistant counsel*
*Office of Professional Responsibility*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3365*

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Wednesday, April 04, 2018 11:45 AM |
| To: | Bain, Quynh (EOIR) |
| Subject: | RE: OPR inquiry relating to Quynh Vu Bain |

| Tracking: | Recipient | Delivery |
|---|---|---|
| | Bain, Quynh (EOIR) | Delivered: 4/4/2018 11:45 AM |

Dear Judge Bain:

OPR does not provide legal advice. If you have questions about whether recusal is appropriate you should discuss the matter with your supervisor. I can tell you, however, that OPR does not anticipate contacting Mr. Hawbecker or Ms. Portillo.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

From: Bain, Quynh (EOIR)
Sent: Thursday, March 29, 2018 6:45 PM
To: Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
Cc: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: RE: OPR inquiry relating to Quynh Vu Bain

Dear Ms. Gerardo:

I am writing to ask for guidance concerning a matter that I handled in the Arlington Immigration Court this morning. The case is A 094 760 677. The individual calendar / merits hearing was scheduled for today. The hearing began at 9:00 a.m. and ended at 1:30 p.m. After an hour, I went off the record for a ten-minute break. As soon as I turned off the audio recorder, counsel for the Respondents — Mr. Hale Hawbeckre and Ms. Alisha Portillo — asked if they could approach me about a personal matter. Counsel for the government — Ms. Kathleen Harne — and the respondent were leaving or had left the courtroom. The Spanish interpreter -- Ms. Cherelin Varela — was still in the courtroom and sitting next to the bench. I do not know whether she had overheard my conversation with Mr. Hawbecker.

I had no idea what Mr. Hawbecker wanted to say to me. When he got to the bench, he vaguely referred to "the Board decision" and stated that he did not agree with its findings, that he had never experienced unprofessional conduct in my courtroom, that he would be pleased to help me rectify the situation if I needed his help, and that he and many other private bar attorneys would be happy to write letters of support for me. He did not mention the other private bar attorneys by name. He mentioned that he had worked for the federal government for many years and understood my situation. I did not ask him what he meant by that comment or how he had learned about the Board decision. He may have learned about the Board's decision through the attached Law360 article. As I was unsure about how to respond, I just thanked him for his kindness and offer of help. Then, I got up and left the courtroom. I returned 20 minutes later,

after everyone else has returned to the courtroom. When I went back on the record, Mr. Hawbecker asked to be excused from the courtroom. He had another matter to tend to. Ms. Portillo took over the representation of the Respondent. I continued to conduct the hearing until 1:30 p.m., when I adjourned the matter to June 21, 2019 at 1:00 p.m., for completion. Before adjourning the hearing, I advised the parties that there is a slight possibility that I would have to self-recuse as a result of an off-record conversation during the break. (In my mind, I thought of it as a personal matter having nothing to do with the hearing in case 677 and, therefore, I did not summarize that conversation on the record). I then advised the parties that I would let them know in writing my decision to self-recuse or not, and that before I make a decision I would ask them to weigh in and state their respective positions.

I do not know Mr. Hawbecker or Ms. Portillo apart from their court appearances. I have not talked about the OPR inquiry or the Board's decision in cases ▮▮▮▮ with him or anyone else in the private bar. I also have not talked about this matter with any ICE attorneys or my colleagues in the Arlington court. As you know, the Board decision that Mr. Hawbecker mentioned involved attorney ▮▮▮▮▮▮. In that case ▮▮▮▮▮, the Board ruled that my conduct of the February 1, 2017 hearing may be viewed as "hostile" and "bullying." The Board remanded the matter for a de novo hearing before another Arlington judge. Cases ▮▮▮▮ are not connected to Mr. Hawbecker's case (677) in any way. Therefore, I believe that Mr. Hawbecker's motive in offering me help was benign. He wanted to help because he thought that the Board's decision was "unjust." I do not believe that he was trying to unduly influence the outcome of his client's case 677, because he left the courtroom after he extended the offer of help, and I have ruled against him in prior hearings. But even assuming that his motive was questionable, I would never let myself be influenced in that way. It is for that reason that I am bringing this matter to your attention now, along with a request for guidance. I took copious typewritten notes of the entire 4.5-hour hearing and ruled on the admissibility of various documentary exhibits as the hearing progressed. There would be no prejudice to either party if I did not continue with the hearing, and the matter is reassigned to another judge.

At this time, I do not believe that I will need to ask Mr. Hawbecker for letters of support, especially since the OPR August 29, 2017 Inquiry Letter specifically states that no letters of support may be submitted along with my November 15, 2017 Response. If, however, OPR is inclined to speak with him and does initiate communications with Mr. Hawbecker, then I would definitely recuse myself from the case. Furthermore, I would like to let OPR know that I intend to ask Mr. Hawbecker for letters of support that I intend to submit to other deciding officials such as my supervisor, my State bars, and the EEOC.

Accordingly, would you please advise as to whether I must or should recuse myself from continuing to handle the hearing in case 677?

Thank you very much for your attention to and advice in this matter.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia
Quynh.bain2@usdoj.gov
(703) 360-1360 (office)
(202) 569-0942 (mobile)

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, April 11, 2018 11:05 AM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: OPR Investigation |

Dear Ms. Gerardo:

I acknowledged receipt of the email below. As indicated earlier, I would like to retain a lawyer should this matter proceed to an investigation. I am in the process of retaining a lawyer and will advise you as soon as I have retained a lawyer.

Thank you for your patience.

Quynh Vu Bain

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Friday, April 06, 2018 3:25 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** OPR Investigation

Judge Bain,

As you are aware, the Department of Justice Office of Professional Responsibility (OPR) is investigating allegations of professional misconduct against you, arising from several matters over which you presided at the Arlington Immigration Court. I am an Assistant Counsel at OPR and I am handling the investigation into this matter.

On December 1, 2016, OPR received your written response to its initial inquiry. You voluntarily submitted a supplemental written response to OPR on February 11, 2018; and at OPR's request, you submitted a second supplemental response dated March 20, 2018. We are now at the state of our investigation where it would be helpful to meet with you in person, in order to gain a better understanding of what happened in connection with the matters that are the focus of OPR's investigation. In accordance with OPR's usual procedure, the interview will be conducted by me and another OPR attorney, James Vargason; will be under oath; and will be recorded and transcribed by a court reporter. I have prepared a confidentiality agreement for you to review, sign, and bring to the interview. Subject to that agreement, you will have the opportunity to review and correct the transcript of your OPR interview, but you will not be permitted to retain a copy.

We would like to complete our investigation as soon as possible. I would therefore like to try and settle on a mutually convenient date for the interview. Please send me a list of dates when you are available to meet with me, at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., during the week of April 16 or thereafter. You should set aside an entire day for the interview, as I cannot anticipate precisely how long it will take. If you have any questions, you can reach me by reply e-mail.

I appreciate your cooperation in this matter, and I look forward to meeting with you

*Leslie Ann Gerardo*
*Assistant counsel*

*Office of Professional Responsibility*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3365*

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| From: | Bain, Quynh (EOIR) |
| Sent: | Friday, April 06, 2018 8:58 AM |
| To: | Gerardo, Leslie A. (OPR) |
| Subject: | RE: OPR inquiry relating to Quynh Vu Bain |

Dear Ms. Gerardo:

Thank you for your response.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** Gerardo, Leslie A. (OPR)
**Sent:** Wednesday, April 04, 2018 11:45 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: OPR inquiry relating to Quynh Vu Bain

Dear Judge Bain:

OPR does not provide legal advice. If you have questions about whether recusal is appropriate you should discuss the matter with your supervisor. I can tell you, however, that OPR does not anticipate contacting Mr. Hawbecker or Ms. Portillo.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Department of Justice
Office of Professional Responsibility
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 514-0873

**From:** Bain, Quynh (EOIR)
**Sent:** Thursday, March 29, 2018 6:45 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: OPR inquiry relating to Quynh Vu Bain

Dear Ms. Gerardo:

I am writing to ask for guidance concerning a matter that I handled in the Arlington Immigration Court this morning. The case is A 094 760 677. The individual calendar / merits hearing was scheduled for today. The hearing began at 9:00 a.m. and ended at 1:30 p.m. After an hour, I went off the record for a ten-minute break. As soon as I turned off the audio recorder, counsel for the Respondents – Mr. Hale Hawbeckre and Ms. Alisha Portillo – asked if they could approach me about a personal matter. Counsel for the government – Ms. Kathleen Harne – and the respondent

were leaving or had left the courtroom. The Spanish interpreter -- Ms. Cherelin Varela – was still in the courtroom and sitting next to the bench. I do not know whether she had overheard my conversation with Mr. Hawbecker.

I had no idea what Mr. Hawbecker wanted to say to me. When he got to the bench, he vaguely referred to "the Board decision" and stated that he did not agree with its findings, that he had never experienced unprofessional conduct in my courtroom, that he would be pleased to help me rectify the situation if I needed his help, and that he and many other private bar attorneys would be happy to write letters of support for me. He did not mention the other private bar attorneys by name. He mentioned that he had worked for the federal government for many years and understood my situation. I did not ask him what he meant by that comment or how he had learned about the Board decision. He may have learned about the Board's decision through the attached Law360 article. As I was unsure about how to respond, I just thanked him for his kindness and offer of help. Then, I got up and left the courtroom. I returned 20 minutes later, after everyone else has returned to the courtroom. When I went back on the record, Mr. Hawbecker asked to be excused from the courtroom. He had another matter to tend to. Ms. Portillo took over the representation of the Respondent. I continued to conduct the hearing until 1:30 p.m., when I adjourned the matter to June 21, 2019 at 1:00 p.m., for completion. Before adjourning the hearing, I advised the parties that there is a slight possibility that I would have to self-recuse as a result of an off-record conversation during the break. (In my mind, I thought of it as a personal matter having nothing to do with the hearing in case 677 and, therefore, I did not summarize that conversation on the record). I then advised the parties that I would let them know in writing my decision to self-recuse or not, and that before I make a decision I would ask them to weigh in and state their respective positions.

I do not know Mr. Hawbecker or Ms. Portillo apart from their court appearances. I have not talked about the OPR inquiry or the Board's decision in cases ▇▇▇ with him or anyone else in the private bar. I also have not talked about this matter with any ICE attorneys or my colleagues in the Arlington court. As you know, the Board decision that Mr. Hawbecker mentioned involved attorney ▇▇▇▇▇▇ In that case ▇▇▇▇ the Board ruled that my conduct of the February 1, 2017 hearing may be viewed as "hostile" and "bullying." The Board remanded the matter for a de novo hearing before another Arlington judge. Cases ▇▇▇ are not connected to Mr. Hawbecker's case (677) in any way. Therefore, I believe that Mr. Hawbecker's motive in offering me help was benign. He wanted to help because he thought that the Board's decision was "unjust." I do not believe that he was trying to unduly influence the outcome of his client's case 677, because he left the courtroom after he extended the offer of help, and I have ruled against him in prior hearings. But even assuming that his motive was questionable, I would never let myself be influenced in that way. It is for that reason that I am bringing this matter to your attention now, along with a request for guidance. I took copious typewritten notes of the entire 4.5-hour hearing and ruled on the admissibility of various documentary exhibits as the hearing progressed. There would be no prejudice to either party if I did not continue with the hearing, and the matter is reassigned to another judge.

At this time, I do not believe that I will need to ask Mr. Hawbecker for letters of support, especially since the OPR August 29, 2017 Inquiry Letter specifically states that no letters of support may be submitted along with my November 15, 2017 Response. If, however, OPR is inclined to speak with him and does initiate communications with Mr. Hawbecker, then I would definitely recuse myself from the case. Furthermore, I would like to let OPR know that I intend to ask Mr. Hawbecker for letters of support that I intend to submit to other deciding officials such as my supervisor, my State bars, and the EEOC.

Accordingly, would you please advise as to whether I must or should recuse myself from continuing to handle the hearing in case 677?

Thank you very much for your attention to and advice in this matter.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

Quynh.bain2@usdoj.gov
(703) 360 1360 (office)
(202) 569-0942 (mobile)

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, March 29, 2018 6:53 PM |
| **To:** | Gerardo, Leslie A. (OPR) |
| **Subject:** | RE: OPR inquiry relating to Quynh Vu Bain |
| **Attachments:** | Law360 article.pdf |

Law360 article is attached.

**From:** Bain, Quynh (EOIR)
**Sent:** Thursday, March 29, 2018 6:45 PM
**To:** Gerardo, Leslie A. (OPR) <Leslie.A.Gerardo@opr.usdoj.gov>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: OPR inquiry relating to Quynh Vu Bain

Dear Ms. Gerardo:

I am writing to ask for guidance concerning a matter that I handled in the Arlington Immigration Court this morning. The case is A 094 760 677. The individual calendar / merits hearing was scheduled for today. The hearing began at 9:00 a.m. and ended at 1:30 p.m. After an hour, I went off the record for a ten-minute break. As soon as I turned off the audio recorder, counsel for the Respondents – Mr. Hale Hawbeckre and Ms. Alisha Portillo – asked if they could approach me about a personal matter. Counsel for the government – Ms. Kathleen Harne – and the respondent were leaving or had left the courtroom. The Spanish interpreter -- ▮▮▮▮▮▮▮▮ – was still in the courtroom and sitting next to the bench. I do not know whether she had overheard my conversation with Mr. Hawbecker.

I had no idea what Mr. Hawbecker wanted to say to me. When he got to the bench, he vaguely referred to "the Board decision" and stated that he did not agree with its findings, that he had never experienced unprofessional conduct in my courtroom, that he would be pleased to help me rectify the situation if I needed his help, and that he and many other private bar attorneys would be happy to write letters of support for me. He did not mention the other private bar attorneys by name. He mentioned that he had worked for the federal government for many years and understood my situation. I did not ask him what he meant by that comment or how he had learned about the Board decision. He may have learned about the Board's decision through the attached Law360 article. As I was unsure about how to respond, I just thanked him for his kindness and offer of help. Then, I got up and left the courtroom. I returned 20 minutes later, after everyone else has returned to the courtroom. When I went back on the record, Mr. Hawbecker asked to be excused from the courtroom. He had another matter to tend to. Ms. Portillo took over the representation of the Respondent. I continued to conduct the hearing until 1:30 p.m., when I adjourned the matter to June 21, 2019 at 1:00 p.m., for completion. Before adjourning the hearing, I advised the parties that there is a slight possibility that I would have to self-recuse as a result of an off-record conversation during the break. (In my mind, I thought of it as a personal matter having nothing to do with the hearing in case 677 and, therefore, I did not summarize that conversation on the record). I then advised the parties that I would let them know in writing my decision to self-recuse or not, and that before I make a decision I would ask them to weigh in and state their respective positions.

I do not know Mr. Hawbecker or Ms. Portillo apart from their court appearances. I have not talked about the OPR inquiry or the Board's decision in cases ▮▮▮▮ with him or anyone else in the private bar. I also have not talked about this matter with any ICE attorneys or my colleagues in the Arlington court. As you know, the Board decision that Mr. Hawbecker mentioned involved attorney ▮▮▮▮▮▮▮ In that case ▮▮▮▮▮▮, the Board ruled that my conduct of the February 1, 2017 hearing may be viewed as "hostile" and "bullying." The Board remanded the matter for a de novo hearing before another Arlington judge. Cases ▮▮▮▮ are not connected to Mr. Hawbecker's case (677) in any way. Therefore, I believe that Mr. Hawbecker's motive in offering me help was benign. He wanted to help because he

thought that the Board's decision was "unjust." I do not believe that he was trying to unduly influence the outcome of his client's case 677, because he left the courtroom after he extended the offer of help, and I have ruled against him in prior hearings. But even assuming that his motive was questionable, I would never let myself be influenced in that way. It is for that reason that I am bringing this matter to your attention now, along with a request for guidance. I took copious typewritten notes of the entire 4.5-hour hearing and ruled on the admissibility of various documentary exhibits as the hearing progressed. There would be no prejudice to either party if I did not continue with the hearing, and the matter is reassigned to another judge.

At this time, I do not believe that I will need to ask Mr. Hawbecker for letters of support, especially since the OPR August 29, 2017 Inquiry Letter specifically states that no letters of support may be submitted along with my November 15, 2017 Response. If, however, OPR is inclined to speak with him and does initiate communications with Mr. Hawbecker, then I would definitely recuse myself from the case. Furthermore, I would like to let OPR know that I intend to ask Mr. Hawbecker for letters of support that I intend to submit to other deciding officials such as my supervisor, my State bars, and the EEOC.

Accordingly, would you please advise as to whether I must or should recuse myself from continuing to handle the hearing in case 677?

Thank you very much for your attention to and advice in this matter.

Regards,

Quynh Vu Bain
Immigration Judge
Arlington, Virginia
Quynh.bain2@usdoj.gov
(703) 360-1360 (office)
(202) 569-0942 (mobile)

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Thursday, June 21, 2018 12:03 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | OPR Interview on Friday, June 29 |
| **Attachments:** | Bain Confidentiality Agreement.docx |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | Bain, Quynh (EOIR) | Delivered: 6/21/2018 12:03 PM |

Judge Bain,

I have received your phone message asking for logistical information for next Friday's interview. As previously noted, I prefer to communicate on such matters by email rather than by phone.

Please report to OPR's front office, room 3525, by 9:30 a.m. We will begin the interview promptly at 9:30 in OPR's conference room. It is difficult to predict how long the interview will last; my best estimate is 3 to 4 hours. However, the interview will continue as long as is necessary to cover all of the issues presented in this matter. You should therefore arrange to be available for the entire day.

In accordance with OPR policies, you will be placed under oath at the outset of the interview, and the interview will be recorded and transcribed by a court reporter. I will provide you with a standard OPR confidentiality agreement (a copy of which is attached to this e-mail), which you will be asked to execute before the interview begins.

If you do bring counsel with you, counsel is permitted to sit in the conference room during the interview as long as counsel's presence is not disruptive. Should counsel need to confer with you during the interview, we can take a short break to accommodate a private conversation, as long as doing so does not interfere with the flow of the interview or become so frequent as to be disruptive.

In addition to the matters identified in OPR's August 29, 2017, request for a written response, please be prepared to address the matters referenced in OPR's March 7, 2018, request for a second supplemental written response. In particular, even if previously furnished by you, please bring with you ALL documents relevant to item 2 of OPR's March 7, 2018 letter (i.e., documents supporting your claim to have conducted a "due diligence" inquiry regarding the identity of immigration attorney ███████ as a bankruptcy petitioner). Also, please bring with you documents showing the precise sequence of pages on EOIR's intranet site that you accessed in order to reach the page on which you located the immigration judge applications submitted by Jean King and Marlene Wahowiak that you appended to your supplemental written response.

I look forward to meeting with you on the 29th. If you have any additional questions in the meantime, please contact me by e-mail. Please be aware, however, that I will be out of the office on Monday, June 25 through Wednesday, June 27 and will have limited access to e-mail during that time.

Regards,

Leslie Ann Gerardo
Assistant Counsel
Office of Professional Responsibility
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

## Gerardo, Leslie A. (OPR)

| | |
|---|---|
| **From:** | Gerardo, Leslie A. (OPR) |
| **Sent:** | Friday, April 06, 2018 3:25 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | OPR Investigation |
| **Attachments:** | Bain Confidentiality Agreement.docx |

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | Bain, Quynh (EOIR) | Delivered: 4/6/2018 3:25 PM | Read: 4/6/2018 3:51 PM |

Judge Bain,

As you are aware, the Department of Justice Office of Professional Responsibility (OPR) is investigating allegations of professional misconduct against you, arising from several matters over which you presided at the Arlington Immigration Court. I am an Assistant Counsel at OPR and I am handling the investigation into this matter.

On December 1, 2016, OPR received your written response to its initial inquiry. You voluntarily submitted a supplemental written response to OPR on February 11, 2018; and at OPR's request, you submitted a second supplemental response dated March 20, 2018. We are now at the state of our investigation where it would be helpful to meet with you in person, in order to gain a better understanding of what happened in connection with the matters that are the focus of OPR's investigation. In accordance with OPR's usual procedure, the interview will be conducted by me and another OPR attorney, James Vargason; will be under oath; and will be recorded and transcribed by a court reporter. I have prepared a confidentiality agreement for you to review, sign, and bring to the interview. Subject to that agreement, you will have the opportunity to review and correct the transcript of your OPR interview, but you will not be permitted to retain a copy.

We would like to complete our investigation as soon as possible. I would therefore like to try and settle on a mutually convenient date for the interview. Please send me a list of dates when you are available to meet with me, at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C., during the week of April 16 or thereafter. You should set aside an entire day for the interview, as I cannot anticipate precisely how long it will take. If you have any questions, you can reach me by reply e-mail.

I appreciate your cooperation in this matter, and I look forward to meeting with you.

*Leslie Ann Gerardo*
*Assistant counsel*
*Office of Professional Responsibility*
*U.S. Department of Justice*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*(202) 514-3365*



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Judge's 'Hostile And Bullying' Acts Prompt New Hearing

By Kevin Penton

Law360, New York (January 5, 2018, 9:27 PM EST) - The Board of Immigration Appeals has vacated an immigration judge's denials of a Salvadoran native's bids to secure asylum and to duck deportation, after finding that the judge used "hostile and bullying behavior" toward the individual's attorney.

The BIA wants a different judge to review the case, essentially from scratch, after finding that the Immigration Judge Quynh V. Bain "screamed" at the lawyer for more than five minutes, mimicked her voice, called her "several disrespectful names," said she was "unprofessional" and refused to allow a recess so the lawyer, whose hands were shaking, could compose herself, according to the decision.

"We conclude that this hearing was not conducted in a manner that meets the high standards expected of immigration judges," the Jan. 2 decision reads.

The U.S. Department of Homeland Security did not voice any opposition to the assertions by the immigrant — identified only by the initials ███ — over the judge's behavior, with the federal government only stating that "it would take no position on the matter" and leave it up to the BIA to decide, based on "existing law."

The board referred to precedent set by a 2015 BIA decision known as Matter of Y-S-L-C , in which the board determined that should judges be perceived as acting in a "bullying or hostile" fashion, particularly in cases involving minors, the case could be remanded to a different immigration judge, according to the ruling in the instant case.

"We agree with the respondent's counsel that the immigration judge acted in a manner which was hostile to her," the decision reads.

The Salvadoran native — whose age or date of entry is not identified in the decision — applied for asylum and withholding of removal under the Immigration and Nationality Act and for protection under the Convention Against Torture.

During the February 2017 hearing, Judge Bain allegedly made some of the negative characterizations toward the lawyer during an off-the record exchange, and later asked the attorney to "refrain from being disrespectful" and told her that "you don't question the judge about any particular finding that the judge is inclined to make before the judge makes that finding. That is wholly inappropriate," according to the decision.

The judge also refused to allow a recess after the lawyer stated during the proceeding, "I don't know that I can effectively represent my client right now given that I'm actually shaking from the way that the judge had referred to me off the record."

Counsel for the parties could not be reached for comment Friday.