IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL, ET. AL<br><br>Defendants. | No. 21-Civ-1751 (RDM) |

**PLAINTIFF'S MOTION FOR EXTENTION OF TIME TO FILE
PREVIOUSLY SEALED PLAINTIFF'S EXHIBITS ON THE PUBLIC DOCKET
AND FOR A LIMITED PROTECTIVE ORDER; NOTICE OF FILING**

On December 28, 2022, this Honorable Court directed Plaintiff to file 27 of the 30 previously sealed Plaintiff's exhibits on the public docket on or before January 12, 2023. *See* ECF No. 57. The Court subsequently extended that due date to January 27, 2023. *See* Minute Order dated January 11, 2023. The Court's Order provided that some of the 27 exhibits may have to be redacted before they are placed on the public docket. Through the same Order, the Court also permitted Defendants to request to keep some of the 27 exhibits under seal or to file them on the public docket but with redactions. The Court set the same due date (January 27, 2023) for Defendants to comply with this instruction. *See* Minute Order, dated January 13, 2023.

On January 27, 2023 at 4:00 p.m., as she was preparing to comply with the Court's December 28, 2022 Order, Plaintiff received notice that Defendants had filed a motion to redact

three of the 27 exhibits that she was to file on the public docket. *See* ECF No. 62. Those three exhibits are:

> Exhibit 17 (ECF No. 53-18)
> Exhibit 26 (ECF No. 53-27), and
> Exhibit 27 (ECF No. 53-28).

Plaintiff intends to register an objection to Defendants' motion by close of business on January 30, 2023. While the Court considers Defendants' January 27, 2023 motion (ECF No. 62), Plaintiff has sequestered those three exhibits from the group of 27 exhibits that were to be filed on the public docket by January 27, 2023.

As of the close of business on January 27, 2023, Defendants had not requested to sequester under seal or to redact any of the remaining 24 exhibits that Plaintiff was to file on the public docket on the same due date. Thus, Plaintiff has prepared the remaining 24 exhibits for public filing.

Plaintiff now respectfully requests leave to sequester two more of the remaining 24 exhibits. She intends to file those two exhibits in support of her motion to amend her complaint, which will be filed no later than February 3, 2023. The two exhibits provide much of the factual background information for Plaintiff's proposed amendment to her complaint, so it makes the most sense to file them along with the proposed amendment to the complaint. Those two exhibits are:

> Exhibit 4 (ECF No. 53-5), and
> Exhibit 28 (ECF No. 53-29).

Of the remaining 22 exhibits that are to filed on the public docket, Plaintiff respectfully requests leave of Court to redact sensitive, privacy-protected information from four of those 22 exhibits, as follows. Plaintiff also seeks a protective order preventing public disclosure of the redacted information.

Exhibit 6 at pp. 7-8 and note 3 (ECF No. 53-7 at pp. 9-10 and note 3) was redacted to excluded information about the legal representation that Plaintiff's prior counsel provided. Such information is private attorney-client privileged communications. Plaintiff included such information in her Motion to Reconsider, filed with the EEOC on April 29, 2021, to show that she did timely exhaust each of her post-termination claims before the relevant authorities, including the Office of the United States Attorney General and the Justice Department's Complaint Adjudication Office, the Executive Office for Immigration Review, and the Merit Systems Protection Board. Now that the Court has resolved the timeliness of Plaintiff's exhaustion of her post-termination claims in her favor (*see* ECF No. 56), and because those events are over and the attorneys have ceased to represent Plaintiff before those fora, there is no need for public disclosure of the nature of her former lawyers' involvement in this case, since the nature, scope, and duration of their involvement was very limited.

Exhibit 13 at p. 85 (ECF No. 53-14 at p. 87) is an email from former Immigration Judge Walt Durling concerning a sensitive topic of immigration law that Plaintiff had worked on while employed with the agency EOIR. In the interest of preserving confidentiality over a work-related matter that bears no relevance to this case, Plaintiff respectfully requests leave to strike the second part of one sentence in that email that would have divulged the confidential nature of the work she performed.

Exhibit 20 at p. 41 (ECF No. 53-21 at p. 43) is a document containing a July 28, 2016 counseling letter that Plaintiff received from a former supervisor. That entire letter was initially included in Exhibit 20 to show that Plaintiff timely exhausted her claim of discriminatory and retaliatory treatment that the counseling letter occasioned. The counseling letter is still relevant, in that the Court has recognized it as establishing a timely exhausted, plausible claim of disparate

3

and retaliatory treatment (*i.e.*, uneven distribution of work among immigration judges in the Arlington Court and allowance of other judges to schedule hearings directly on Plaintiff's calendar without her knowledge or consent). *See* ECF No. 56. But since the Court has permitted Plaintiff to withhold the same counseling letter as a privacy-protected personnel record (*see* Exhibit 1, ECF No. 53-2), Plaintiff respectfully requests leave to redact a portion of that counseling letter, in the interest of not waiving privacy protection over the entire letter which the letter otherwise deserves.

Exhibit 24 at p. 2 (ECF No. 53-25 at p. 2) contains an incorrect index page. As this was a clerical error, Plaintiff respectfully requests leave to delete it.

The remaining 18 exhibits that Plaintiff is filing on the public docket without making any more redactions and without seeking any further protection thereof are:

Exhibit 1 excerpt unsealed (ECF No. 53-2)
Exhibit 2 unsealed (ECF No. 53-3)
Exhibit 3 unsealed (ECF No. 53-4)
Exhibit 5 unsealed (ECF No. 53-6)
Exhibit 7 unsealed (ECF No. 53-8)
Exhibit 8 unsealed (ECF No. 53-9)
Exhibit 9 unsealed (ECF No. 53-10)
Exhibit 10 unsealed (ECF No. 53-11)
Exhibit 11 unsealed (ECF No. 53-12)
Exhibit 14 unsealed (ECF No. 53-15)
Exhibit 15 unsealed (ECF No. 53-16)
Exhibit 18 unsealed (ECF No. 53-19)
Exhibit 19 unsealed (ECF No. 53-20)
Exhibit 21 unsealed (ECF No. 53-22)
Exhibit 22 unsealed (ECF No. 53-23)
Exhibit 23 unsealed (ECF No. 53-24)
Exhibit 25 unsealed (ECF No. 53-26)
Exhibit 29 unsealed (ECF No. 53-30)

Due to Defendants' unexpected filing of the motion on January 27, 2023 to redact Exhibits 17, 26, and 27, Plaintiff has had to adjust her filing of the 27 exhibits that the Court directed Plaintiff to unseal and file on the public docket on the same date. Since the filing of the 27 exhibits

on the public docket was delayed by only two non-business days, Plaintiff submits that Defendants will not be prejudiced by this request for an extension of time in which to complete this filing. Accordingly, Plaintiff respectfully requests that the Court grant the extension request as well as the motion for a very limited protective order.

Date:   January 29, 2023                                 Respectfully submitted,

                                                        _____
                                                        Quynh Vu Bain
                                                        Pro Se Plaintiff
                                                        213 3RD St. SE
                                                        Washington, DC  20003
                                                        (202) 910-8553
                                                        quynhbain75@outlook.com