## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUYNH VU BAIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **OFFICE OF THE ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF THE DEPUTY ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, ) | |
| ) | **No. 21-Civ-1751 (RDM)** |
| **OFFICE OF PROFESSIONAL RESPONSIBILITY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| **EXECUTIVE OFFICE FOR IMMIGRATION** ) | |
| **REVIEW**, U.S. Department of Justice, ) | |
| ) | |
| **OFFICE OF INFORMATION POLICY** ) | |
| U.S. Department of Justice, ) | |
| ) | |
| Defendants. ) | |

RECEIVED

AUG 2 2 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

# PLAINTIFF'S EXHIBIT 20

Filed Under Seal August 22, 2022

**INDEX – PLAINTIFF'S EXHIBIT 20**
**Bain v. USDOJ, No. 21-cv-1751 (RDM)**

Communications with ACIJ Deepali Nadkarni. .............................................................Pages 1 to 78

Plaintiff's 2016 Counseling Letter.................................................................................Pages 26 to 30

Plaintiff's 2017 Final Performance Rating.....................................................................Pages 51 to 58

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, January 11, 2016 3:50 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Pending YOR docket |

Good afternoon, Judge Nadkarni:

Thank you for your email. I appreciate your rearranging my schedule so that I will have more time to wrap up my York docket. I am continuing to work on the pending reserved decisions. Unfortunately, I saved the toughest cases for last. I am finishing up the last two of seven aggravated felony opinions and then will tackle the material support cases, of which I have nine cases. I handle novel issues in groups because the issues are similar but the facts are different. Doing them in groups helps me figure out what the "outer limits of a trial judge's ruling" should be, if that makes sense.

I will look at the spreadsheet that Deborah gives me and keep you updated as to which cases have been completed and when.

Thank you again.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, January 11, 2016 3:24 PM
**To:** Bain, Quynh (EOIR)
**Subject:** Pending YOR docket

Good afternoon, Quynh. I have asked Tina to stop assigning you YOR cases as of February 9. That will leave you 23 cases remaining on the YOR docket: 18 cases in January and five in February. In addition, you have 13 pending reserved decisions.

There are several days in January in which you only have one hearing for the day, and there are no cases scheduled on January 19 & 28 and February 3-5. Please use the next few weeks in January and first week of February to complete the pending decisions. I have asked Deborah to periodically provide you a spreadsheet with all pending reserved and off-calendar cases. Please provide me a weekly update on how you are progressing with completing those cases. I need that information in order to determine when I can assign you WAS cases. Thanks. Dee

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

PLAINTIFF'S EXHIBIT 28    0001

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, January 11, 2016 8:59 AM |
| **To:** | Barrow, Tina (EOIR); Shupe, Bonita (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Castro, Deborah (EOIR); Johnson, Ashley (EOIR) |
| **Subject:** | FW: York - Power Outage |

Dear Bonnie and Tina:

Just got this email. I am in the courtroom and connected to Moshannon. The first respondent is in the Moshannon hearing room.

I just tried calling Bonnie and got a busy signal.

If power is restored and you get this message, would you please let us know how you would like to proceed today?

Thank you.

QVB

**From:** OIT, Service Desk (EOIR)
**Sent:** Monday, January 11, 2016 8:56 AM
**To:** All of EOIR
**Subject:** York - Power Outage

EOIR Colleagues,

The York Immigration Court is currently unavailable due to a loss of power. Our engineers are aware of the issue and are working to have it resolved. We apologize for any inconvenience this may cause and appreciate your continued patience as the issue is addressed.

Thank you,
OIT Service Desk
703-305-7347
OITServiceDesk@usdoj.gov
Have you tried the OIT Service Desk Portal?
It provides EOIR users the ability to put in their own ticket requests

1

PLAINTIFF'S EXHIBIT 28    0002

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, January 11, 2016 3:03 PM |
| **To:** | Barrow, Tina (EOIR); Shupe, Bonita (EOIR) |
| **Cc:** | Castro, Deborah (EOIR); Johnson, Ashley (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | ████████ 166 (York detained, 1/11/2016 at 1:00 p.m.) |

We finished the third of three cases today, without any VTC connection problem with Moshannon. I've faxed the order to York. Ashley will return the case file.

Bonnie, as for tomorrow's hearing in A████████762, I have signed the order granting respondent's counsel's motion to withdraw and have put this case back on the master calendar docket. I have denied the motion for telephonic appearance as moot, because counsel is allowed to withdraw. Please let me know if you'd like the ROP returned to York so it could be assigned to another judge, or whether you'd like it to remain here in WAS.

Thank you.

QVB

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, January 11, 2016 8:59 AM
**To:** Barrow, Tina (EOIR); Shupe, Bonita (EOIR)
**Cc:** Bain, Quynh (EOIR); Castro, Deborah (EOIR); Johnson, Ashley (EOIR)
**Subject:** FW: York - Power Outage

Dear Bonnie and Tina:

Just got this email. I am in the courtroom and connected to Moshannon. The first respondent is in the Moshannon hearing room.

I just tried calling Bonnie and got a busy signal.

If power is restored and you get this message, would you please let us know how you would like to proceed today?

Thank you.

QVB

**From:** OIT, Service Desk (EOIR)
**Sent:** Monday, January 11, 2016 8:56 AM
**To:** All of EOIR
**Subject:** York - Power Outage

EOIR Colleagues,

The York Immigration Court is currently unavailable due to a loss of power. Our engineers are aware of the issue and are working to have it resolved. We apologize for any inconvenience this may cause and appreciate your continued patience as the issue is addressed.

Thank you,

1

OIT Service Desk
703-305-7347
OITServiceDesk@usdoj.gov
Have you tried the OIT Service Desk Portal?
It provides EOIR users the ability to put in their own ticket requests

PLAINTIFF'S EXHIBIT 2δ    0004

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, January 13, 2016 1:26 PM |
| **To:** | Shupe, Bonita (EOIR); Barrow, Tina (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Castro, Deborah (EOIR); Johnson, Ashley (EOIR); Nadkarni, Deepali (EOIR) |
| **Subject:** | A███████ 873 (York detained), completed January 13, 2016 |

This case was heard in one sitting and was completed with an oral decision today.

I have faxed the order to York.  Ashley will return the ROP to York.

QVB

PLAINTIFF'S EXHIBIT 28     0005

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, January 13, 2016 2:52 PM |
| **To:** | Barrow, Tina (EOIR) |
| **Cc:** | Nadkarni, Deepali (EOIR); Castro, Deborah (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Pending YOR docket |

Thank you, Tina.

QVB

**From:** Barrow, Tina (EOIR)
**Sent:** Wednesday, January 13, 2016 2:16 PM
**To:** Bain, Quynh (EOIR)
**Cc:** Nadkarni, Deepali (EOIR); Castro, Deborah (EOIR); Barrow, Tina (EOIR)
**Subject:** RE: Pending YOR docket

Judge Bain, I wanted to mention that you have a total of 18 pending cases. I counted cases from 1/14    2/09.

Tina

**From:** Barrow, Tina (EOIR)
**Sent:** Wednesday, January 13, 2016 2:14 PM
**To:** Bain, Quynh (EOIR)
**Cc:** Nadkarni, Deepali (EOIR); Castro, Deborah (EOIR); Barrow, Tina (EOIR)
**Subject:** RE: Pending YOR docket

Judge Bain, I have attached your Summary Calendar for the month of January and February. You have a total of 18 pending cases as of today. Please let me know if you need additional information and I will be more than happy to assist.

Thanks,
Tina

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, January 13, 2016 1:28 PM
**To:** Barrow, Tina (EOIR)
**Cc:** Bain, Quynh (EOIR); Nadkarni, Deepali (EOIR); Castro, Deborah (EOIR)
**Subject:** RE: Pending YOR docket

Tina:

Would you please send me the list of the 23 remaining cases on my docket that are scheduled for hearings from now until February 9. This will help me keep track of incoming cases and case completions.

Thank you.

QVB

1

PLAINTIFF'S EXHIBIT 28    0006

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, January 11, 2016 3:24 PM
**To:** Bain, Quynh (EOIR)
**Subject:** Pending YOR docket

Good afternoon, Quynh.  I have asked Tina to stop assigning you YOR cases as of February 9.  That will leave you 23 cases remaining on the YOR docket: 18 cases in January and five in February.  In addition, you have 13 pending reserved decisions.

There are several days in January in which you only have one hearing for the day, and there are no cases scheduled on January 19 & 28 and February 3 5.  Please use the next few weeks in January and first week of February to complete the pending decisions.  I have asked Deborah to periodically provide you a spreadsheet with all pending reserved and off-calendar cases.  Please provide me a weekly update on how you are progressing with completing those cases.  I need that information in order to determine when I can assign you WAS cases.  Thanks.  Dee

Dee Nadkarni
**Assistant Chief Immigration Judge**
703.305.1247

2

PLAINTIFF'S EXHIBIT 28    0007

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, January 14, 2016 5:39 PM |
| **To:** | Barrow, Tina (EOIR); Shupe, Bonita (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Grant, LaSheila (EOIR); Johnson, Ashley (EOIR); Castro, Deborah (EOIR); Nadkarni, Deepali (EOIR) |
| **Subject:** | A███████988 (York detained, 1/14/2016 a.m. hearing) & A███████595 (York detained, 1/14/2016 p.m. hearing) |

Both individual hearings were completed today.

LaSheila has faxed the orders to York, and Ashley will return the ROPs.

Thank you.

QVB

PLAINTIFF'S EXHIBIT 28     0008

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Friday, January 15, 2016 4:32 PM |
| **To:** | Wright, Janda K. (EOIR); Barrow, Tina (EOIR); Shupe, Bonita (EOIR) |
| **Cc:** | Taj, Yasir (EOIR); Castro, Deborah (EOIR); Bain, Quynh (EOIR); Johnson, Ashley (EOIR) |
| **Subject:** | RE: A███████ 300 (York detained, 1/15/2016 a.m. hearing) & A███████ 853 (York detained, 1/15/2016 p.m. hearing) |

The hearing in 300 was completed. Decision reserved.

The hearing in 853 was completed. The order was faxed to York. Ashley will return the ROP to York on Tuesday.

Thank you for your help.

Have a good weekend.

QVB

**From:** Bain, Quynh (EOIR)
**Sent:** Friday, January 15, 2016 12:57 PM
**To:** Wright, Janda K. (EOIR); Barrow, Tina (EOIR); Shupe, Bonita (EOIR)
**Cc:** Bain, Quynh (EOIR); Taj, Yasir (EOIR); Castro, Deborah (EOIR)
**Subject:** A███████ 300 (York detained, 1/15/2016 a.m. hearing) & A███████ 853 (York detained, 1/15/2016 p.m. hearing)

Hello Jan:

This morning's hearing was adjourned until 1:45 p.m. for cross examination and completion. The respondent is pro se, and both Mr. Johnson and Mr. O'Brien are available this afternoon.

We will start the 1:00 p.m. case. It is on for an oral decision and should be completed by 1:45 p.m. If the attorney for respondent (Anthony Parker) brings documents to the court, would you please fax them to me right away?

Thank you.

QVB

1

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, January 28, 2016 4:23 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Off Calendar Case Status |
| **Attachments:** | QVB Jamaica 394 212h agfel nijhawan pretermit 3d Cir final.pdf; QVB   665   El Sal - WHCAT deny   former gang   PSC.pdf; banoza    final version of opinion    aggravated felony drug trafficking    sct 3d cir. pa law  - january 2015.pdf |

Judge, I am not sure where you got the idea that I focus my time on complaining about York rather than doing substantive work.  Are you interpreting my concerns or explanations as complaints?  In any case, attached are several written decisions that I completed in recent weeks, over the holidays and during snow days.  They should give you an idea of the written work I have accomplished in the last several weeks, in addition to 7 hours of court hearings per day.  Please don't take this latest email as a complaint or even an explanation.  It's just information that you need to know in order to make future assignments.

Thanks.  Have a good rest of the day.

QVB


**From:** Nadkarni, Deepali (EOIR)
**Sent:** Thursday, January 28, 2016 1:58 PM
**To:** Bain, Quynh (EOIR)
**Subject:** RE: Off-Calendar Case Status

Judge Bain--- to be clear, I did not request that you do not engage in discourse with me about your work assignments.  What I related was my request that you focus your time on the substantive work rather than more complaints about YOR.  As always, I am available and willing to discuss work assignments.

Also, as I stated in my Jan 11, 2016 email, attached, "Please use the next few weeks in January and first week of February to complete the pending decisions."  I set forth the end of the first week in February as my expectation, not the end of February as you note below.  Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Thursday, January 28, 2016 1:10 PM
**To:** Nadkarni, Deepali (EOIR)
**Cc:** Bain, Quynh (EOIR)
**Subject:** RE: Off-Calendar Case Status

Judge Nadkarni:

PLAINTIFF'S EXHIBIT 28     0010

Thank you for finally listening to my concerns and agreeing to reassign the 8 new hearings. That will free up about 1.5 weeks for me to focus on adjudicating the remaining pending cases and complete them by the end of February, your target date.

As you requested, I will not engage in any further discourse with you about my work assignments.

Please have a good day.

Quynh Bain

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Thursday, January 28, 2016 12:52 PM
**To:** Bain, Quynh (EOIR)
**Subject:** Off-Calendar Case Status

Good morning, Judge Bain. Thanks for the update. As I related in the attached email, you have a number of days in the coming weeks in which you have one or no cases to be heard. If appropriate, the YOR cases that were to be heard on January 25, 26, and 27 will be reassigned to another judge, and I will reassign the cases on your February docket that you have not yet heard. You have no cases listed on the docket today, and tomorrow's case is being sent back to YOR. That leaves you with only three cases in February:

2/1 1:00 A      629
2/2 1:00 A     043 (for oral decision)
2/8 1:00 A     363

You may work with the YOR JLC on A    626, A    274, and A    300 per your notation on the report. When did you assign the reserved decisions to the Arlington JLCs? Your only case on their report is     300, which was given to them on 1.19.16 (hearing 1.15.16). Any assignments given to them more recently will go to the end of their queue, which is not acceptable given the length of time the cases have been awaiting decision. A    454, which I'm glad you have noted will be done as an oral decision, was last heard on September 2, 2015 (141 days). There are an additional four decisions off-calendar for over 100 days. I have received notification from attorneys in these cases that they may file mandamus requests in federal court due to the length of time you have taken to adjudicate the cases.

I have heard your complaints about the YOR docket, so please do not take the time to answer this email with further explanations. Please focus on each case and adjudicate it efficiently. If appropriate, please schedule it for a short turnaround oral decision. If a written decision is required, please write it up expeditiously. You have heard the testimony and know the issues better than the JLCs and will be able to address the dispositive issue(s) more quickly and directly. Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, January 27, 2016 7:30 PM
**To:** Nadkarni, Deepali (EOIR)
**Cc:** Bain, Quynh (EOIR)
**Subject:** pending case status

Good afternoon, Judge Nadkarni:

PLAINTIFF'S EXHIBIT 26   0011

I am attaching the list of off-calendar cases that Deborah has forwarded to me, for your review. I have added the pending hearings and cases that I have been assigned to handle. As of today, January 27, I have:

12 reserved decisions
2 oral decisions
2 pending hearings to be completed
8 new hearings.

During a meeting with the JLC/AA's in Arlington today, they expressed doubt that the 5 cases I have assigned to them will be completed by the end of February, because they have 50 written decisions to complete sometime in the next 60 days.

Would you be amenable to returning the 8 new hearings to York for reassignment to another judge, and having the JLC in York write 3 of the 12 reserved decisions? I would work with the York JLC to draft and review the decisions.

Please let me know what you decide.

Thank you very much.

QVB

PLAINTIFF'S EXHIBIT 2ð     0012

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, March 02, 2016 4:49 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: JLC and AA Progress Reviews |

Good afternoon, Judge Bain. Thanks for these helpful comments. Dee

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, March 02, 2016 4:32 PM
**To:** Nadkarni, Deepali (EOIR)
**Cc:** Bain, Quynh (EOIR)
**Subject:** RE: JLC and AA Progress Reviews

Good afternoon, Judge Nadkarni:

I have worked with all three of the Attorney Advisors (Sarah, Ginnie, and Set) in the last year, and with the two new JLC's (Melissa, Roberta) at least once in the last six months.

Their strengths: All JLC's and AA's came to their clerkships with excellent interpersonal communication skills. They let the judges know in advance whether or not they could take on a project and complete it within the time given. They sometimes follow up with questions and ask for input and guidance. All five have strong research and writing skills. Sarah, Set, and Ginnie have developed their analytical skills to the point where they could work independently and quickly. They could spot all the issues, research the law thoroughly, and analyze the evidence in coming to a fair resolution. They try to adapt to each judge's way of thinking, preferences, and writing style.

Their weaknesses: I don't believe they have any weaknesses, but I would suggest that they spend more time on editing and organizing an opinion. I get the distinct impression that they give me the first draft because they only have time for one draft. When the issues are complicated, the drafts sometimes reflect a lack of organization and self-editing. This is a factor of their workload. In my view, the heavy workload that they have is unusual – in other districts, the JLC's are not assigned to write every opinion that a judge issues. I would suggest that their workload be limited in terms of quantity, so that they could devote more time to improving the quality of their drafts through the self-editing process. I also suggest that they do more rigorous peer editing, review, and critique of a draft before they give the judge the draft to review and edit. As it stands now, each AA or JLC has to finish about 10 opinions per month, which averages about 2 days per opinion. That is not a sufficient amount of time to review and summarize the record, conduct research, write the draft, and edit it.

Thank you for soliciting the judges' input.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, February 24, 2016 9:36 AM
**To:** Cook, Brenda L. (EOIR); Crosland, David (EOIR); Dornell, Lisa (EOIR); Kessler, Elizabeth (EOIR); Slavin, Denise (EOIR); Williams, Phillip T. (EOIR); Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Owens, Robert (EOIR); Schmidt, Paul (EOIR);

PLAINTIFF'S EXHIBIT 28   0013

Snow, Thomas (EOIR); Barrow, Tina (EOIR); Durling, Walter (EOIR); Alicea, Alterra (EOIR); Honeyman, Charles (EOIR); Malloy, Rosalind (EOIR); Morley, Steven A. (EOIR); Couch, V. Stuart (EOIR); Edwards, R. Elliott (EOIR); Holmes-Simmons, Theresa H. (EOIR); Pettinato, Barry (EOIR)
**Subject:** JLC and AA Progress Reviews

Good morning, judges. It is almost time for progress reviews for the judicial law clerks (1st year) and attorney-advisors (2nd year), and I welcome your input. What are their strengths, and in what areas can they improve? Specifically, I'm interested in your thoughts on the following:

- Drafting decisions and documents: thoroughness of record review, research on specific case, writing, organization.
- Legal issue research: performing legal research on particular issues and reporting to you verbally or in writing. Emergency/fast-turnaround research assignments? Quality of research? Timeliness?
- Coordinating and Overseeing Legal Intern Program.

If you would like to provide feedback, please respond with comments, observations, suggestions, etc. to me by March 2, 2016. Many thanks. d

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

PLAINTIFF'S EXHIBIT 2ð      0014

I am attaching the list of off calendar cases that Deborah has forwarded to me, for your review.  I have added the pending hearings and cases that I have been assigned to handle.  As of today, January 27, I have:

12 reserved decisions
2 oral decisions
2 pending hearings to be completed
8 new hearings.

During a meeting with the JLC/AA's in Arlington today, they expressed doubt that the 5 cases I have assigned to them will be completed by the end of February, because they have 50 written decisions to complete sometime in the next 60 days.

Would you be amenable to returning the 8 new hearings to York for reassignment to another judge, and having the JLC in York write 3 of the 12 reserved decisions?  I would work with the York JLC to draft and review the decisions.

Please let me know what you decide.

Thank you very much.

QVB

PLAINTIFF'S EXHIBIT 20    0015

- Law360 400
- Minority Report
- Practice Group Partner Rankings
- Practice Groups of the Year
- Pro Bono Firms of the Year
- Rising Stars
- Trial Aces
- Site Menu
- Join the Law360 team
- Search legal jobs
- Learn more about Law360
- Read testimonials
- Contact Law360
- Sign up for our newsletters
- Site Map
- Help

# Texas Immigration Judge Says She Retired Over Retaliation

Share us on: By **Kali Hays**

Law360, New York (March 28, 2016, 4:24 PM ET) -- A longtime immigration judge based in Houston has said her recent absence from the bench had nothing to do with reported allergies, but rather stems from complaints she lodged over manipulation of her court docket that led to retaliatory conduct by the Executive Office for Immigration Review.

Hitting back at reports by local Texas newspaper, the Houston Press, alluding to her severe perfume allergy and other "antics" as possible cause for her leaving or being terminated from the bench earlier this month, counsel for Judge Mimi Yam told Law360 Monday that the decision to leave the bench was hers alone and caused by alleged retaliation over her complaints regarding "illegal manipulation" of the Houston immigration court's docket.

John Judge of Judge Kostura & Putman PC said this manipulation consisted of court administrator Dina Sherman, who has "since been removed from her position," stealing and hiding entire case files from Judge Yam's office. While Judge has no explanation for this behavior, he mentioned Sherman is married to an "IT professional" who Judge Yam discovered did "a lot of work" for immigration law firms in the Houston area.

When a clerk of Judge Yam's discovered the files in Sherman's office in late 2014, the judge complained to the EOIR and was subsequently placed on paid administrative leave in March 2015, according to Judge.

"Judge Yam cooperated fully in the agency's investigation [of Sherman] and was evidently vindicated," Judge told Law360.

PLAINTIFF'S EXHIBIT 20      0016

Case 1:21-cv-01751-RDM   Document 64-3   Filed 01/29/23   Page 19 of 77
Texas Immigration Judge Says She Retired Over Retaliation - Law360                    Page 3 of 5
Case 1:21-cv-01751-RDM   Document 53-21          Filed 08/19/22   Page 19 of 77

However, despite the apparent termination of Sherman and the EOIR putting an end to Judge Yam's administrative leave "without comment or explanation" toward the end of September, she was never able to fully return to her duties as an immigration judge.

"Although allowed to return to her chambers, Judge Yam was not restored to the bench," Judge said. "From October, until her retirement, she was given no cases, not even one, to adjudicate."

When Judge Yam attempted to discuss her new work situation with Assistant Chief Immigration Judge Deepali Nadkarni, who oversees the Houston-area immigration courts, Judge Nadkarni's only reply was, "We don't have anything to talk about," according to Judge.

EOIR spokesperson Kathryn Mattingly said Monday that the office does not comment on personnel matters such as this one.

While Judge Yam did go on to file a complaint against the EOIR shortly after she returned to the bench in October, according to Judge, she ultimately decided to dismiss it in January, the same month she decided to retire.

"She wanted to take a different direction in her life," Judge said Monday.

Judge also said that Judge Yam is currently traveling, but will likely return to private practice or possibly go into real estate.

Judge Yam served as an immigration judge in California and then Texas since 1995, and the U.S. Department of Justice confirmed Friday that she was no longer on the bench as of March 18, while declining to comment on the circumstances surrounding her departure.

A DOJ representative also declined to comment specifically on efforts to replace Judge Yam, but said the hiring process for immigration judges in the area "is ongoing."

The Houston Press had reported in recent weeks that Judge Yam was on an unexplained leave of absence for the past year, was prone to what some immigration attorneys viewed as "antics," and was a contributing factor to the number of pending immigration cases in Houston, which had surpassed 35,000 at the end of 2015.

At the root of Judge Yam's purported antics is a severe allergy to perfumes, which has led her to repeatedly empty a courtroom and unexpectedly reschedule hearings if she becomes irritated by scents from even laundry detergent, according to several immigration attorneys that spoke anonymously to the Houston Press.

While Houston's backlog of immigration cases falls behind those of New York and Los Angeles only, Houston now has just five immigration judges, according to the DOJ's website.

However, The EOIR has brought on a number of new judges so far this year as part of a planned hiring surge. The **appointment** of nine immigration judges, who will preside over courts in Dallas and San Antonio, along with cities in New York and New Jersey, was unveiled by the office in February.

Additional reporting by Allissa Wickham. Editing by Ben Guilfoy.

PLAINTIFF'S EXHIBIT 28    0017

| From: | Nadkarni, Deepali (EOIR) |
| Sent: | Tuesday, April 12, 2016 4:44 PM |
| To: | Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Owens, Robert (EOIR); Schmidt, Paul (EOIR); Snow, Thomas (EOIR) |
| Subject: | Arlington Docket Transition |

Good afternoon, Judges. With Judge Schmidt's upcoming retirement at the end of June and the conclusion of IJ Hladylowycz's YOR docket, I have been working with Deborah to assess the Arlington dockets. It will be an ongoing process (with the arrival of new IJs at some point), but we'd like to get it started. I also want to hear your thoughts on the general framework. Although I doubt every preference can be accommodated, I'd like your input to make the process as smooth as possible under the circumstances.

Some of the concerns I've taken into account:

- The priority dockets (UC, AWC/ATD) should remain as separate dockets unless/until receipts require adding another judge to those dockets.
- Despite exhaustive efforts by IJs Harris and Snow, we are not meeting our case completion goal of completing 80% of detained cases in 60 days.
- As a "mixed" nondetained/detained court, Arlington IJ dockets have traditionally included both detained and nondetained cases.
- Any changes we make must take into account the administrative need to limit rescheduling by staff. Moving entire sessions from one judge to another is far easier for the staff to accomplish than splitting up sessions.
- Any changes we make should be incremental and flexible (able to accommodate priority directive changes).

With that in mind, this is what I'm thinking:

- UC/juvenile docket stays with JMB. Any open docket slots to be filled with nonpriority nondetained merits.
- AWC/ATD docket stays with RPO. Any open docket slots to be filled with nonpriority nondetained merits.
- QVB, LOB, RHC, RCH, and TGS split detained and nonpriority nondetained dockets.
    - Each judge will have 2 days per week detained (4 days/pay period). One morning session of that 4 days would be a detained master (one morning/pay period); the other 3 ½ days would be detained merits.
    - The remainder of the pay period would be nonpriority nondetained cases, including PWS masters/merits and LOB masters/merits (on the days LOB handles a new detained docket).
    - As more IJs come on board, the detained docket will be divided even further (resulting in fewer than 4 days per pay period) and the PWS/LOB docket will be further spread out so as to open up more nondetained merits time for each judge.
- This framework would be effective May 31, 2016. PWS would keep his current June docket.

I welcome your thoughts! Feel free to discuss among yourselves, with Deborah, or with me directly, but please do not share outside this immediate email distribution. Thanks for your patience as we work through this. Have a good day. Dee

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

1

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Friday, April 29, 2016 2:11 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Arlington Docket Transition |

Dear Judge Nadkarni:

Without knowing how many more IJs are coming on board and how the Arlington dockets will change over the next several years, I agree with your general framework for dividing the case assignments. At this time, it seems the most equitable way of distributing new cases and redistributing pipeline cases.

- QVB, LOB, RHC, RCH, and TGS split detained and nonpriority nondetained dockets.
  - Each judge will have 2 days per week detained (4 days/pay period). One morning session of that 4 days would be a detained master (one morning/pay period); the other 3 ½ days would be detained merits.
  - The remainder of the pay period would be nonpriority nondetained cases, including PWS masters/merits and LOB masters/merits (on the days LOB handles a new detained docket).
  - As more IJs come on board, the detained docket will be divided even further (resulting in fewer than 4 days per pay period) and the PWS/LOB docket will be further spread out so as to open up more nondetained merits time for each judge.
- This framework would be effective May 31, 2016. PWS would keep his current June docket.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, April 12, 2016 4:44 PM
**To:** Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Owens, Robert (EOIR); Schmidt, Paul (EOIR); Snow, Thomas (EOIR)
**Subject:** Arlington Docket Transition

Good afternoon, Judges. With Judge Schmidt's upcoming retirement at the end of June and the conclusion of IJ Hladylowycz's YOR docket, I have been working with Deborah to assess the Arlington dockets. It will be an ongoing process (with the arrival of new IJs at some point), but we'd like to get it started. I also want to hear your thoughts on the general framework. Although I doubt every preference can be accommodated, I'd like your input to make the process as smooth as possible under the circumstances.

Some of the concerns I've taken into account:

- The priority dockets (UC, AWC/ATD) should remain as separate dockets unless/until receipts require adding another judge to those dockets.
- Despite exhaustive efforts by IJs Harris and Snow, we are not meeting our case completion goal of completing 80% of detained cases in 60 days.
- As a "mixed" nondetained/detained court, Arlington IJ dockets have traditionally included both detained and nondetained cases.
- Any changes we make must take into account the administrative need to limit rescheduling by staff. Moving entire sessions from one judge to another is far easier for the staff to accomplish than splitting up sessions.

PLAINTIFF'S EXHIBIT 26   0019

- Any changes we make should be incremental and flexible (able to accommodate priority directive changes).

With that in mind, this is what I'm thinking:

- UC/juvenile docket stays with JMB. Any open docket slots to be filled with nonpriority nondetained merits.
- AWC/ATD docket stays with RPO. Any open docket slots to be filled with nonpriority nondetained merits.
- QVB, LOB, RHC, RCH, and TGS split detained and nonpriority nondetained dockets.
    o Each judge will have 2 days per week detained (4 days/pay period). One morning session of that 4 days would be a detained master (one morning/pay period); the other 3 ½ days would be detained merits.
    o The remainder of the pay period would be nonpriority nondetained cases, including PWS masters/merits and LOB masters/merits (on the days LOB handles a new detained docket).
    o As more IJs come on board, the detained docket will be divided even further (resulting in fewer than 4 days per pay period) and the PWS/LOB docket will be further spread out so as to open up more nondetained merits time for each judge.
- This framework would be effective May 31, 2016. PWS would keep his current June docket.

I welcome your thoughts! Feel free to discuss among yourselves, with Deborah, or with me directly, but please do not share outside this immediate email distribution. Thanks for your patience as we work through this. Have a good day. Dee

**Dee Nadkarni**
**Assistant Chief Immigration Judge**
**703.305.1247**

PLAINTIFF'S EXHIBIT 28    0020

Bain, Quynh (EOIR)

| | |
|---|---|
| From: | Bain, Quynh (EOIR) |
| Sent: | Tuesday, July 05, 2016 4:36 PM |
| To: | Castro, Deborah (EOIR); Bowyer, Cheri (EOIR) |
| Cc: | Bain, Quynh (EOIR) |
| Subject: | transferring other judges' cases to my docket |

Good afternoon:

I have noticed that some of Judge Burman's aged cases were recently placed on my master calendar dockets for reasons that are not clear to me. Many of those cases involved individuals who live in Maryland, and venue in their cases should have been transferred to Baltimore long ago. The cases have been scheduled on Judge Burman's individual hearing docket for 2017 and beyond. The attorneys in those cases have come to master calendar hearings and asked that I keep the cases in Arlington, but I cannot because jurisdiction and venue properly lie in the Baltimore court. Because Judge Burman is still on the bench and has not become unavailable by reason of retirement or disability, there should be no reason for me to handle his cases. See 8 C.F.R. 1003. If venue has to be changed to Baltimore, Judge Burman should sign the orders changing venue.

Thanks for taking note of this.

QVB

PLAINTIFF'S EXHIBIT 20   0009

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Wednesday, July 06, 2016 5:04 PM |
| **To:** | Castro, Deborah (EOIR); Bowyer, Cheri (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | concerns arising from today's master calendar docket |

Three important concerns arose from today's master calendar hearings on the "special docket":

- (1) Today's master calendar docket had 80 cases. The morning's docket of 40 cases involved procedural and jurisdictional issues that required more time than the 4.5 minutes that each case was allotted. (Three hours x 60 minutes per hour = 180 minutes, divided by 40 "special docket" cases = 4.5 minutes per hearing). Going forward, please do not schedule that many cases on the special docket. We did not finish the morning master until 12:40 p.m., and I had to push back the afternoon docket of 40 cases until 1:15 p.m., so the TA and LA could have a lunch break.

  - a. I've asked Cheri to work with me to pare down the July 26 master calendar docket, which currently has 68 cases! scheduled for the afternoon alone. That would be an average of 3.5 minutes per case. I'm not sure what, if anything, can be accomplished in that short amount of time. It would be a disservice to have people come to court, only to send them away without spending the time that is needed to resolve the issues that need to be resolved.

- (2) All of the cases on today's "special docket" were cases that were transferred from other judges' dockets, not just from retired Judge Schmidt's docket. The regulations provide that once a judge is assigned to a case, that judge remains on the case unless the judge becomes unavailable, for example, by reason of death, retirement, or disability. While I do not mind taking Judge Schmidt's cases because he retired, there should be no reason for transferring to my docket cases from other judges who have not retired. Just because I can handle those complicated cases does not mean that I should have to.

  - a. Per ACIJ Nadkarni's case distribution model, case assignments are supposed to be random. We should institute a no-cherry picking rule. Thanks!

- (3) Pursuant to the regulations, an alien must be given at least 10 days of notice of a hearing. This week, we had hearings that were scheduled only last week, shortly before the Fourth of July holiday. The hearing notices went out on June 29 and June 30 for today's (July 6) hearings. This morning, one lady received her hearing notice that was mailed to her on June 30 (last Thursday); the notice instructed her to appear for a 1:00 p.m. hearing. She scrambled to get to court from her home in Herndon and made it in time. Unfortunately, about 20 respondents whose hearing notices were mailed last week did not appear for their hearings. Although I did not proceed in absentia, I question what is to be gained by sending hearing notices that do not comply with the regulatory requirement of at least 10 days, especially when we are no longer operating under the 21/28 rule for scheduling initial master calendar hearings. I would rather limit the master calendar docket to a manageable size so that I could spend the time we need to address issues early on in a proceeding, instead of herding 100 people through individual 4 minute hearings that are virtually meaningless.

I would be happy to discuss these matters with you, at your convenience. Also, please feel free to forward this message to the Booz Allen people.

Thanks for taking note of these concerns.

PLAINTIFF'S EXHIBIT 26   0022

QVB

PLAINTIFF'S EXHIBIT 26     0023

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Tuesday, July 19, 2016 11:24 AM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Castro, Deborah (EOIR) |
| **Subject:** | RE: Pending YOR cases |

Thanks.

**From:** Bain, Quynh (EOIR)
**Sent:** Tuesday, July 19, 2016 11:19 AM
**To:** Nadkarni, Deepali (EOIR)
**Cc:** Castro, Deborah (EOIR)
**Subject:** RE: Pending YOR cases

Good morning, Judge Nadkarni:

The three York decisions were issued yesterday.  Ashley served the decisions on the parties and returned the ROP's to York.

Thank you for following up on the three York cases.

QVB

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, July 13, 2016 12:07 PM
**To:** Nadkarni, Deepali (EOIR)
**Cc:** Castro, Deborah (EOIR); Bain, Quynh (EOIR)
**Subject:** RE: Pending YOR cases

I am still working on them.  The very heavy AWC/ATD master calendars, special master calendars, and non-detained WAS individual hearings that have been transferred from the dockets of judges LOB, PWS, RPO and RCH to my individual calendars have overtaken all of my time.  Today, I have 3 WAS merits hearing and 9 master calendars.  I have been working on the York decisions during the evening hours over the past two months but have been pulled away to handle priority cases such as AWC/ATD master calendars and the special master calendar dockets.  Last week alone, I had three days of master calendar hearings, with between 75 to 90 families per day.  I am still doing the follow up to those three master calendars.  I will try to find some time this evening to finish up 733.  The others will have to wait until this weekend.  When you have a moment, please let me know whether I should keep all the non AWC/ATD cases that Judge Hladylowycz has placed on my master and individual calendars, or whether you'd like them returned to RCH.

Thanks, Judge Nadkarni.

Quynh Bain

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, July 13, 2016 11:44 AM
**To:** Bain, Quynh (EOIR)
**Cc:** Castro, Deborah (EOIR)
**Subject:** Pending YOR cases

1          PLAINTIFF'S EXHIBIT 26    0024

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, July 14, 2016 3:19 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | troubling development concerning case allocation |

Judge Nadkarni:

Per our conversation this afternoon, I am memorializing for you a very troubling problem – that of disproportionate case assignments. Unfortunately, we ran out of time and could not finish the discussion, so I am hoping that this email will raise the issues in sufficient clarity for you to understand them.

Last Tuesday (7/5/2016), I had 91 master calendar hearings (AWC/ATD). Judge Bryant had 72. Judge Hladylowycz had 37 (AWC/ATD). Judge Harris had 21. Judges Burman, Snow, and Owens had none.

Last Wednesday (7/6/2016), I had 79 master calendar hearings (AWC/ATD and special docket). Judge Bryant had 56. Judge Owens had 38 (AWC/ATD). Judge Burman had 51. Judge Hladylowycz had 16. Judges Snow and Harris had none.

Last Thursday (7/7/2016), I was not supposed to have master calendar hearings on Thursday, but when I came into work, I learned that I was to handle Judge Hladylowycz's 41 master calendar hearings (AWC/ATD) in the morning. In the afternoon, I also completed two individual hearings that were placed on my calendar the week before.

Please let me know why it is that I am assigned to handle twice the number of AWC/ATD master calendar hearings than other judges. In addition, your last two emails concerning case assignments indicate that after the transition, I am not supposed to handle these cases at all. If I am getting more than a proportionate share of AWC/ATD cases while other judges get none, then I need to know in advance so I could advise you about all the legal and policy issues that are being raised in class action lawsuits and request adequate time to handle them. The AWC/ATD cases are not as simple as holding a 2 minute master calendar. Gone are the days when judges could adjourn them to 2019. DHS and AILA are forcing EOIR to deal with all these issues now, in the context of class action lawsuits. Therefore, you need to allocate sufficient time for me to work on these issues, and not on non priority, non detained matters.

Thank you for your prompt response to this question.


Quynh Vu Bain

PLAINTIFF'S EXHIBIT 26    0025

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Thursday, July 28, 2016 4:34 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | Counseling |
| **Attachments:** | Bain Counseling 072816.PDF; Att 1 – DNM email 071215.pdf; Att 3 – Perf Appraisal (2013-2015).pdf; Att 4 – QVB email 010716.pdf; Att 2 – Letter of Reprimand (3.16.15).pdf |

**Categories:**            Red Category

Good afternoon, Judge Bain. Please see the attached counseling and associated attachments. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

PLAINTIFF'S EXHIBIT 26      0026

PLAINTIFF'S EXHIBIT 28   0028

3

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, July 28, 2016 5:00 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); 'HWhite@fedpractice.com' |
| **Subject:** | FW: Counseling |
| **Attachments:** | Bain Counseling 072816.PDF; Att 1 - DNM email 071215.pdf; Att 3 - Perf Appraisal (2013-2015).pdf; Att 4 - QVB email 010716.pdf; Att 2 - Letter of Reprimand (3.16.15).pdf; unreasonable master calendar schedules |

Judge Nadkarni:

Please accept this email as a response to your counseling letter, sent to me with attachments at 4:34 p.m. today.

First, your letter is retaliatory – it was sent in response to my email of 1:11 p.m. today, on which you were copied. See attached email sent from Quynh Bain to Deborah Castro, cc: ACIJ Nadkarni on July 28, 2016, at 1:11 p.m. My 1:11 p.m. pointed out unfair treatment that you have directed at me. Your counseling letter in response is retaliatory.

Second, your letter contains numerous glaring mistakes of fact and thus constitutes a misrepresentation of the situation.

Third, your letter relies on a prior ACIJ's final evaluation that is being challenged through the EEO process. (Attachment 3).

Fourth, to the extent that you threaten removal without following the proper procedure, the letter itself is an illegal personnel action.

Thank you very much for taking note of these concerns.

If you like to discuss my response, please contact my attorney, Heather White. She is copied on this email.

Quynh Vu Bain

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Thursday, July 28, 2016 4:34 PM
**To:** Bain, Quynh (EOIR)
**Subject:** Counseling

Good afternoon, Judge Bain. Please see the attached counseling and associated attachments. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

PLAINTIFF'S EXHIBIT 28    0030

For Judge Bain, the agenda has been modified to be based on a pay period model.

*Week 1*

Monday AM   New AWC Masters (MC)
        PM    New Individual Detainee Merits  (ID)

Tuesday AM  Pick up Judge PWS nondetained Masters  (MC)
         PM  Pick up PWS Individual Calendar hearings (IC)

Wednesday AM  New IC
            PM  LOB IC  (Burman cases)

Thursday  AM  New ID
          PM  New ID

Friday  AM   New IC
        PM   ADMIN TIME

*Week 2*

Monday AM   New IC
        PM    New IC

Tuesday AM  Pick up Judge PWS nondetained Masters  (MC)
         PM   Pick up PWS Individual Calendar hearings (IC)

Wednesday AM  New IC
            PM  New IC

Thursday  AM  New MD (Master Detained cases)
          PM  New ID

Friday  AM   AWS
        PM

Revised on 9/1/16 5:00 PM

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, August 22, 2016 5:45 PM |
| **To:** | Castro, Deborah (EOIR) |
| **Cc:** | Bennett, Sade (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Scheduling conflict? |

Deborah:

I believe that on August 2, Judge Hladylowycz scheduled the Arlington cases on my docket for September 30, without realizing that I already had a Baltimore/York case scheduled for that time slot.

Sade, let's move the Arlington cases to the next available individual hearing dates, probably in May or June of 2017.  I'll give you open dates tomorrow.

Thank you.

QVB

## SCHEDULED ITEMS

| e | Date | From | To | Base | HLoc | IJ | Atty | Medium | Adjournment | Notice/Order | Audio Recording | eTran |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| dual | 30-Sep-16 | 9:00 AM | 12:00 PM | WAS | WAS | QVB | WT340905 | | | NOTICE OF HEARING IN REMOVAL PROCEEDING- W/ DATES | | |
| Reset | 02-Aug-16 | 9:00 AM | 9:30 AM | WAS | WAS | RCH | WT340905 | | ALIEN OR REP. REJECTED EARLIEST POSSIBLE HEARING | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | 🔊 00:05:36 | |
| Reset | 05-Jul-16 | 10:00 AM | 10:30 AM | MIA | MTX | JDD | None | | IJ Completion prior to hearing | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | 🔊 00:00:30 | |
| Reset | 23-Jun-16 | 8:00 AM | 8:30 AM | MIA | MTX | JDD | None | | ALIEN TO SEEK REPRESENTATION | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | 🔊 00:10:26 | |
| dy | 23-Jun-16 | 8:00 AM | 8:30 AM | MIA | MTX | JDD | None | | IJ Completion prior to hearing | NOTICE-CUSTODY REDETERMINATION - HEARING LOCATION | 🔊 00:19:03 | |
| Master | 16-Jun-16 | 8:30 AM | 10:00 AM | MIA | MTX | JDD | None | | Data Entry Error | | | |
| laster | 15-Jun-16 | 8:30 AM | 9:00 AM | MIA | MTX | JDD | None | | ALIEN TO SEEK REPRESENTATION | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | 🔊 00:06:13 | |
| dy | 15-Jun-16 | 8:00 AM | 8:30 AM | MIA | MTX | JDD | None | | ALIEN TO SEEK REPRESENTATION | INITIAL NOTICE FOR REMOVAL - FAMILY MEMBERS | 🔊 00:06:05 | |

**PLAY SELECTED AUDIO**

PLAINTIFF'S EXHIBIT 2δ    0032

**From:** Castro, Deborah (EOIR)
**Sent:** Thursday, August 18, 2016 11:49 PM
**To:** Bain, Quynh (EOIR)
**Cc:** Castro, Deborah (EOIR); Bennett, Sade (EOIR)
**Subject:** Scheduling conflict?

Dear Judge Bain,

|  |  |  |  |
|---|---|---|---|
| WAS | 09:00 | 879 | SP |
| WAS +09:00 | | 880 | SP |

I noticed that on September 30th, your Baltimore case conflicts with a case
for Arlington. Please refer to Sade for rescheduling the WAS cases (879 & 880) unless you
intend to do all cases.  My recollection is that the 279 case still had about 3 hours
of hearing time left.

30

|  |  |  |  |
|---|---|---|---|
| BAL | 09:00 | -279 | SP |

*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202
(703) 603-1363

PLAINTIFF'S EXHIBIT 28      0033

Thank you.

**From:** Bain, Quynh (EOIR)
**Sent:** Friday, August 19, 2016 8:53 AM
**To:** Castro, Deborah (EOIR); Shupe, Bonita (EOIR)
**Cc:** Bennett, Sade (EOIR); Barrow, Tina (EOIR); Bain, Quynh (EOIR)
**Subject:** RE: A          -283 (York, previously detained)

Good morning:

Thank you for setting up the status conference so quickly. I have the ROP and will have sufficient time to review it before the 1:00 p.m. conference.

If another individual hearing is required, I would try to schedule it on a Friday afternoon, and, if that is not possible, I would schedule it for a Friday morning.

Many thanks.

QVB

**From:** Castro, Deborah (EOIR)
**Sent:** Wednesday, August 17, 2016 6:02 PM
**To:** Shupe, Bonita (EOIR)
**Cc:** Bennett, Sade (EOIR); Barrow, Tina (EOIR); Bain, Quynh (EOIR)
**Subject:** Re: A          -283 (York, previously detained)

Excellent.

Thank you, Bonnie.

Sade: Please be sure to have the ROP ready for Judge Bain on Friday. I suggest placing it on her desk with a copy of this email.

Reminder: YOR prefers a Friday date for the hearings. We can look at possible dates on Thursday so Judge Bain can select one if she wishes on Friday during the teleconference pretrial.

*Deborah A. Castro*
Court Administrator
Arlington, Virginia

Sent from my iPhone

"The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system."

On Aug 17, 2016, at 4:51 PM, Shupe, Bonita (EOIR) <Bonita.Shupe@EOIR.USDOJ.GOV> wrote:

> Deborah,

PLAINTIFF'S EXHIBIT 28   0034

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Thursday, March 23, 2017 4:55 PM |
| **To:** | Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Donoso Stevens, Karen (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Hong, J. Traci (EOIR); Owens, Robert (EOIR); Snow, Thomas (EOIR); Soper, Emmett (EOIR) |
| **Subject:** | NDD |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good afternoon, judges. We've been asked to implement the NDD. For the near future-- for Judge Harris' AWS Fridays, generally Judge Owens will cover a morning detained merits case; for Judge Stevens' AWS Fridays, generally Judge Snow will cover a morning detained merits. Judge Hladylowycz's AWS will be covered, most likely, by TIJs. Judges Bain, Bryant, Burman, Hong, and Soper will likely be asked to fill in on detained cases when RHC, RCH, and KD1 (and RPO and TGS) are on leave, on detail, etc. There are a lot of moving parts right now, and I appreciate your patience as we juggle the various balls in the air. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, February 22, 2017 11:18 AM
**To:** Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Donoso Stevens, Karen (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Hong, J. Traci (EOIR); Owens, Robert (EOIR); Snow, Thomas (EOIR); Soper, Emmett (EOIR)
**Subject:** NDD Detained Cases and WAS court expansion

Good morning, Judges. With the recent de-prioritization of the non-detained AWC/ATD and UC case designations, we are returning our focus to detained cases. In response to my recent email, Judges Hladylowycz and Stevens volunteered to handle the detained dockets along with Judge Harris, and I'm sure they will be outstanding "detained" IJs.

In light of the renewed focus, Chief Judge Keller has asked that we re-institute the "no detained dark" ("NDD") courtroom policy. In short, that means we would be conducting hearings every day of the week on all three Farmville VTC lines. When Judges Harris, Hladylowycz, or Stevens are out of the office (AWS, leave, etc.), another judge would conduct detained (usually merits) hearings in their stead. Non-detained Judges, please let me know if you are interested in handling one of these NDD detained dockets. Assignments will be made to ensure full coverage.

In addition to local detained cases, we anticipate that we'll also be called upon to conduct detained hearings at various border hearing locations. We do not have a lot of information at this point but are planning for detailing Judges and staff. Please let me know if you are interested in going on one of the early details.

On the court expansion front, SFMS has advised that although the 3rd and 4th floor space will be constructed on schedule, the furniture has been delayed until the end of March. To allow us to move forward with scheduled cases as of March 6, they will move the furniture from the 2nd floor interior courtrooms to new courtrooms on the 3rd floor. Deborah is working with SFMS to minimize disruption, but we do anticipate some growing pains—thanks in

1

PLAINTIFF'S EXHIBIT 2δ    0035

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, March 29, 2017 5:12 PM |
| **To:** | Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Donoso Stevens, Karen (EOIR); Harris, Rodger (EOIR); Hladylowycz, Roxanne (EOIR); Hong, J. Traci (EOIR); Owens, Robert (EOIR); Snow, Thomas (EOIR); Soper, Emmett  (EOIR) |
| **Cc:** | Alicea, Alterra (EOIR); Barrow, Tina (EOIR) |
| **Subject:** | details |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good afternoon, judges.  Our occupancy date for the 4ᵗʰ floor has been delayed again, leaving us with 10 judges for 8 courtrooms.  One or more of you might still be selected for the Executive Order details, but I also wanted to ask if anyone would like to go on detail to YOR (less than a 2 hour drive, in beautiful Pennsylvania farm country) April 3-14.  Please let Deborah and me know asap so we can make arrangements.  Thanks.  d

**Dee Nadkarni**
**Assistant Chief Immigration Judge**
**703.305.1247**

1

PLAINTIFF'S EXHIBIT 2δ    0036

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Tuesday, May 7, 2019 2:31 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Castro, Deborah (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Seeking Special Masters Dates |

Seeking clarification:

Would you like 2 days a week or 2 days a month or 2 days for the whole period of June to August 2019?

Are these 2 days in addition to the Monday and Tuesday morning master calendars that are already scheduled and the Wednesday afternoon master calendars each week that will be scheduled?

Thanks for providing clarification.

QVB

**From:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Sent:** Monday, May 06, 2019 6:28 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Cc:** Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
**Subject:** Seeking Special Masters Dates

Good evening, Judge Bain. Please provide Debbie and me at your earliest convenience two Jun-Aug dates for your Special Masters. Thanks. dnm

Dee Nadkarni
Assistant Chief Immigration Judge
703.603.1300

1

PLAINTIFF'S EXHIBIT 2ð     0037

**Bain, Quynh (EOIR)**

| | |
|---|---|
| From: | Bain, Quynh (EOIR) |
| Sent: | Tuesday, May 16, 2017 10:21 AM |
| To: | Nadkarni, Deepali (EOIR) |
| Cc: | Bain, Quynh (EOIR) |
| Subject: | RE: Conduct and Professionalism Complaint |

Good morning, Judge Nadkarni:

I was not able to finish my response before I left to go on detail. I am in Otero the next two weeks and intend to finish my response while here. The response has taken up much more time than I expected. Later on today, I will send you the A-numbers of the cases that are at issue. Perhaps you could start listening to the audios in those cases, so you would know the background when you read my response.

Thank you for following up on this matter. I have been in court every day ever since the motion for recusal was filed, and so I have not been able to spend any time at work addressing it, but I do intend to respond to the recusal motion as well because the disciplinary complaint and recusal motion are intertwined.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Tuesday, May 16, 2017 8:08 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Bain. I granted your requested extension through April 28, but I have not received a response from you regarding this complaint. If you have sent a document to me, please advise. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Monday, April 17, 2017 1:31 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good afternoon, Judge Bain. I will grant you an extension until April 28, 2017, to submit your response. However, due to the need to respond to these matters in a timely manner, I will not grant any additional extension.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, April 17, 2017 8:54 AM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>

PLAINTIFF'S EXHIBIT 26   0038

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Friday, June 30, 2017 2:49 PM |
| **To:** | Burgie, Brea (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Barnes, Jennifer (EOIR); King, Jean (EOIR) |
| **Subject:** | Identifying abuse and fraud in immigration court proceedings |
| **Attachments:** | 06302017cases 165 and 166.pdf; 06302017cases 452 and 453.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good afternoon, Ms. Burgie:

This email is in response to Acting Director McHenry's email below. Attached please find two Orders denying two motions for recusal that attorneys Eileen Blessinger and Carmen Boykin filed with the Arlington Immigration Court in March and April 2017, respectively. Please let me know if you have any questions or need additional information. I will ask my legal assistant to send you a paper copy of the orders and the 200-page Addenda that go with each of the orders. The Addenda were too large to scan and email.

I will be out of the office the next two weeks, returning on July 17, 2017. Please know that I am not asking for an investigation. However, should an investigation be initiated, I would be happy to comply with any information requests.

Thank you very much for your attention to this matter.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia

**From:** EOIR, PAO (EOIR)
**Sent:** Thursday, June 29, 2017 5:05 PM
**To:** All of EOIR <All_of_EOIR@EOIR.USDOJ.GOV>
**Subject:** Director's Spotlight (6/29/17)

Good afternoon:

In order to successfully carry out EOIR's mission and the Attorney General's vision for the Department of Justice as a whole, I believe it is essential to keep our employees well-informed and to maintain strong lines of communication between EOIR HQ and our many field locations. Further, we are working in a time of significant changes in policies and priorities surrounding immigration that present both challenges and opportunities for our agency. Thus, although I hope that many of the changes at EOIR over the past month have been positive for you, I understand that some of you may still feel uncertainty about the agency's direction. To alleviate some of those concerns, it is my goal to provide regular communications to you from EOIR HQ. To that end, I am proud to introduce the first in a series of recurring updates regarding the important work that EOIR is doing.

The Director's Spotlight will be an opportunity to recap what the agency has accomplished in the past month, to provide additional information regarding new or upcoming initiatives, and to highlight issues of concern that touch upon the agency as a whole. Along those lines, for this first Spotlight, I want to highlight several recent announcements. First, I

1

PLAINTIFF'S EXHIBIT 28    0039

again encourage each of you to consider nominations for the 2017 Director's Awards. The deadline for submissions to your component head or designee is July 17, and I look forward to acknowledging those employees whose work has been truly exemplary. Additionally, in response to feedback from many of our employees, we have recently made available an online language training program. I hope you will find it useful, and I welcome feedback on its value or, alternatively, recommendations for alternatives.

I also want to remind all employees of their responsibilities in combating immigration fraud as outlined in the June 22 Memorandum on Identifying and Reporting Fraud and Abuse. We are reinforcing EOIR's anti-fraud program in OGC, but the ultimate success of the program depends on the vigilance of our employees.

In terms of upcoming projects, next week I will visit two immigration courts, and I will visit at least two others by the end of July. These are the first stops as part of a larger project to observe each of our courts nationwide over the next year. I look forward to meeting the employees at each court, and I welcome open and candid feedback during my visits.

Many of you have also expressed concern about the backlog of pending cases. We are tackling that issue from several angles and working to enhance our overall productivity. We are hiring more judges, expanding our use of VTC, seeking to reduce unused courtroom time, and working with DHS to make our proceedings more efficient. By the end of July, I expect to be able to provide you with an update on our progress as well as more details about our future expectations.

Finally, as part of the effort to enhance communication between the field and HQ, we have created a "Director's Corner" on the EOIR Intranet which contains a new "Ask the Director" mailbox. Please feel free to submit any questions, comments, or concerns about EOIR via this mailbox so my staff and I can stay better informed about the state of EOIR's work nationwide. I will read every message that comes in, and my staff or I will work to address your concerns and to respond as appropriate. I have already received several helpful suggestions from EOIR field employees, and I look forward to hearing more from you. Additionally, please feel free to submit highlights or positive stories from the field as well. We want to recognize positive achievements, especially ones that may be beneficial to other offices.

Thank you for all of your hard work and for your contributions to the success of EOIR's mission.

I wish you and your loved ones a safe and happy July 4th holiday next week.

Sincerely,
James McHenry
Acting Director

PLAINTIFF'S EXHIBIT 2δ   0040



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HEARING LOCATION: ARLINGTON, VIRGINIA

In the Matters of )  File Nos. A███165 & 166
 )
█████ and )  Date: June 8, 2017
 )
█████ )  Order Denying Motion for Recusal
 )
Respondents. )  In Removal Proceedings

On behalf of the Respondents:   On behalf of the DHS/ICE:
Eileen Blessinger, Esquire    Thai Tran, Asst. Chief Counsel

## ORDER DENYING MOTION FOR RECUSAL

 . The Respondents, through and by their attorney of record, Eileen Blessinger, move the undersigned immigration judge to recuse herself from their cases, on the ground that the judge allegedly has shown bias against their attorney, Ms. Blessinger, on at least two occasions. Tab A (hereinafter the "recusal motion"). Although styled as a Motion to Recuse in cases A 202 081 165 and 166, the recusal motion actually seeks to disqualify the undersigned judge from handling all other immigration court proceedings in which Ms. Blessinger has entered her appearance, based on a general averment of personal bias that the undersigned judge has allegedly demonstrated against attorney Blessinger. Treating the motion as a request for recusal in individual cases,[1] I have examined the facts and circumstances of each of the cases that Ms. Blessinger identified in the recusal motion in determining whether there is sufficiently compelling evidence to justify recusing myself from these and other cases. As the motion fails

---

[1] The recusal motion in cases 165/166 is principally based on a complaint for disciplinary action that Paul L. Knight, an attorney representing Ms. Blessinger and another attorney named Ms. Carmen Boykin, lodged against the undersigned judge on March 1, 2017, one week before Ms. Blessinger filed the instant recusal motion in cases 165/166. Tab A (hereinafter "Knight Complaint"). The disciplinary complaint was lodged directly with the Office of the Chief Immigration Judge, and it is being processed by that office. As resolution of the disciplinary complaint is an internal agency matter that is separate and apart from the resolution of the instant recusal motion, this decision will only address the recusal motion filed in cases 165/166. However, it should be noted that as of April 28, 2017, Ms. Blessinger has filed recusal motions in two other cases (A███360 and A███342; and A███331), and Ms. Boykin has filed a recusal motion in one case (A███452 & 453). Since the other recusal motions are virtually identical to the instant motion, the analyses set forth in this decision will apply to the other cases in which the two attorneys have filed recusal motions.

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, July 05, 2017 10:33 AM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Castro, Deborah (EOIR); Canales, Michelle L (EOIR); Johnson, Hunter (EOIR); Moon, Paula (EOIR); Mart, H. Kevin (EOIR) |
| **Subject:** | Mandatory Detail   QVB (JEN) Oct 2 13, 2017 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good morning, Judge Bain.  This e-mail is to confirm that you will be detailed to conduct hearings at the LaSalle Detention Center in Jena, Louisiana October 2-13, 2017.  You should plan to travel on Sunday, October 1, returning Saturday, October 14.  Please make all travel arrangements through your office's travel arranger. Thank you for your continued commitment to our agency's mission.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

PLAINTIFF'S EXHIBIT 2δ   0042

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Tuesday, August 29, 2017 5:04 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR) |
| **Subject:** | Blessinger and Boykin cases |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good afternoon, Judge Bain.  Please take all ROPs in your office in which the respondent's attorney is Eileen Blessinger or Carmen Boykin to SLA Cheri Boyer.  Cheri will scan them to herself.  Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

Sent from my iPad

PLAINTIFF'S EXHIBIT 28      0043

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Tuesday, August 29, 2017 5:13 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Blessinger and Boykin cases |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Nadkarni:

I have those ROP's in my office. I will need them to respond to the OPR complaint that was generated as a result of the ACIJ's referral. I plan to work on the response this coming holiday weekend, since I am in court every day of the week, five days a week. In the meantime, I will give Cheri a list of the Blessinger/Boykin cases that are in my office. I am unable to give them to her now, because I still need to respond to the attorneys' recusal motions.

Thank you.

Quynh Vu Bain

-----Original Message-----
From: Nadkarni, Deepali (EOIR)
Sent: Tuesday, August 29, 2017 5:04 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Cc: Bowyer, Cheri (EOIR) <Cheri.Bowyer@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
Subject: Blessinger and Boykin cases

Good afternoon, Judge Bain. Please take all ROPs in your office in which the respondent's attorney is Eileen Blessinger or Carmen Boykin to SLA Cheri Boyer. Cheri will scan them to herself. Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

Sent from my iPad

PLAINTIFF'S EXHIBIT 2ð   0044

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Tuesday, August 29, 2017 5:35 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR) |
| **Subject:** | Re: Blessinger and Boykin cases |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Greetings, Judge Bain. The pending cases will be reassigned, so please do not respond to the pending motions. Deborah Castro will pick up the ROPs when she is back in the office on Tuesday. Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

Sent from my iPad

> On Aug 29, 2017, at 3:13 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:
>
> Judge Nadkarni:
>
> I have those ROP's in my office. I will need them to respond to the OPR complaint that was generated as a result of the ACIJ's referral. I plan to work on the response this coming holiday weekend, since I am in court every day of the week, five days a week. In the meantime, I will give Cheri a list of the Blessinger/Boykin cases that are in my office. I am unable to give them to her now, because I still need to respond to the attorneys' recusal motions.
>
> Thank you.
>
> Quynh Vu Bain
>
>
>
>
>
> -----Original Message-----
> From: Nadkarni, Deepali (EOIR)
> Sent: Tuesday, August 29, 2017 5:04 PM
> To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
> Cc: Bowyer, Cheri (EOIR) <Cheri.Bowyer@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR)
> <Deborah.Castro@EOIR.USDOJ.GOV>
> Subject: Blessinger and Boykin cases
>
> Good afternoon, Judge Bain. Please take all ROPs in your office in which the respondent's attorney is Eileen Blessinger or Carmen Boykin to SLA Cheri Boyer. Cheri will scan them to herself. Thank you.
>
> Dee Nadkami

1

PLAINTIFF'S EXHIBIT 2δ   0045

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Tuesday, August 29, 2017 6:06 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR); Cheng, Mary (EOIR); Keller, Mary Beth (EOIR); Gerardo, Leslie A. (OPR); McHenry, James (EOIR); Bain, Quynh (EOIR) |
| **Subject:** | RE: Blessinger and Boykin cases |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Judge Nadkarni:

I oppose the reassignments of cases in which recusal motions have been filed but to which I have not had time to respond. As you know, I have been in court every day, five days a week, hearing cases. I am requesting time off the bench to prepare responses to the recusal motions as well as the OPR complaint. To reassignment the cases in which attorneys Blessinger and Boykin have filed recusal motions without giving me a fair opportunity to respond would be tantamount to making a ruling that whatever they allege in their recusal motions is true, and that whatever is said in the OPR complaint that their attorneys filed is also true.

I do have the right and an obligation to respond to the recusal motions. I also have a right and an obligation to respond to the OPR complaint. As you know, OPPM 05:02 requires the sitting judge to respond to a recusal motion. The OPPM thus has established a procedure for resolving recusal issues, and that process is EOIR's current official policy concerning recusal. As you know, the attorneys have appealed some of my recusal decisions (denying recusal) to the Board. The Board should have an opportunity to rule on the interlocutory appeals before you decide, on your own, that the recusal motions have merit and disqualify me from hearing the cases. To interfere with the process that the OPPM has established by automatically reassigning cases before the judge has had an opportunity to rule on the recusal motion and before the Board has had an opportunity to rule on any appeals from my decisions would violate the agency's own procedures concerning recusal. To interfere with the process that OPR has established for fielding complaints against immigration judges by presuming that the complaint underlying the recusal motions has merit, thus warranting immediate recusal, is also improper and would violate my due process rights under the law to respond to disciplinary complaints whether made in recusal motions or directly to OCIJ and referred to OPR. Finally, it also would send the wrong message to the private bar community and reinforce further the notion that OCIJ automatically sides with the private bar whenever a complaint is filed, regardless of the merits of the complaint.

Therefore, I ask that you not deprive me of an opportunity to defend myself against unsubstantiated and false allegations. Instead, I ask that you give me sufficient time off the bench to prepare responses to the recusal motions and the OPR complaint. In this regard, I renew my request to have time off the bench over the next two weeks, so that I could have time to prepare responses to the recusal motions and the OPR complaint.

Thank you.

Quynh Vu Bain, Arlington

-----Original Message-----

1

PLAINTIFF'S EXHIBIT 28    0046

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Tuesday, August 29, 2017 5:35 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Cc:** | Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR) |
| **Subject:** | Re: Blessinger and Boykin cases |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Greetings, Judge Bain. The pending cases will be reassigned, so please do not respond to the pending motions. Deborah Castro will pick up the ROPs when she is back in the office on Tuesday. Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

Sent from my iPad

> On Aug 29, 2017, at 3:13 PM, Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV> wrote:
>
> Judge Nadkarni:
>
> I have those ROP's in my office. I will need them to respond to the OPR complaint that was generated as a result of the ACIJ's referral. I plan to work on the response this coming holiday weekend, since I am in court every day of the week, five days a week. In the meantime, I will give Cheri a list of the Blessinger/Boykin cases that are in my office. I am unable to give them to her now, because I still need to respond to the attorneys' recusal motions.
>
> Thank you.
>
> Quynh Vu Bain
>
>
>
>
>
> -----Original Message-----
> From: Nadkarni, Deepali (EOIR)
> Sent: Tuesday, August 29, 2017 5:04 PM
> To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
> Cc: Bowyer, Cheri (EOIR) <Cheri.Bowyer@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR)
> <Deborah.Castro@EOIR.USDOJ.GOV>
> Subject: Blessinger and Boykin cases
>
> Good afternoon, Judge Bain. Please take all ROPs in your office in which the respondent's attorney is Eileen Blessinger or Carmen Boykin to SLA Cheri Boyer. Cheri will scan them to herself. Thank you.
>
> Dee Nadkarni

PLAINTIFF'S EXHIBIT 28   0047

> Assistant Chief Immigration Judge

- 703.305.1247

> Sent from my iPad

PLAINTIFF'S EXHIBIT 2δ    0048

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Castro, Deborah (EOIR) |
| **Sent:** | Monday, September 11, 2017 5:32 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: 42B cases for Judge Bain |

Great!  Thank you so much, Judge Bain.

DAC

**From:** Bain, Quynh (EOIR)
**Sent:** Monday, September 11, 2017 5:14 PM
**To:** Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
**Cc:** Roberts, Roberta O. (EOIR) <Roberta.Roberts@EOIR.USDOJ.GOV>; Bain, Quynh (EOIR)
<Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: 42B cases for Judge Bain

FYI, I just issued written decisions in the three cases.  Renada will photocopy and serve tomorrow.

Thank you for tracking them.

QVB

**From:** Bain, Quynh (EOIR)
**Sent:** Friday, September 08, 2017 8:59 AM
**To:** Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
**Cc:** Roberts, Roberta O. (EOIR) <Roberta.Roberts@EOIR.USDOJ.GOV>; Bain, Quynh (EOIR)
<Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: 42B cases for Judge Bain

Deb:

I will issue written decisions in all three cases by the end of next week.  They are uncontested grants.

Thank you.

QVB

**From:** Castro, Deborah (EOIR)
**Sent:** Thursday, September 07, 2017 8:24 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Cc:** Roberts, Roberta O. (EOIR) <Roberta.Roberts@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR)
<Deborah.Castro@EOIR.USDOJ.GOV>
**Subject:** 42B cases for Judge Bain

Judge Bain,

PLAINTIFF'S EXHIBIT 26   0049

The following cases are pending issuance of decisions. They are 42B cases which need to have decisions issued before the end of the fiscal year. I am providing this information to Roberta as well in the event that she is working on them.

| | | | |
|---|---|---|---|
| WAS | QVB | ▓825 | ROP with Judge Bain |
| WAS | QVB | ▓969 | ROP with Judge Bain |
| WAS | QVB | ▓226 | ROP with Judge Bain |

*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA 22202
(703) 603-1363



PLAINTIFF'S EXHIBIT 28    0050

**Bain, Quynh (EOIR)**

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Friday, September 15, 2017 9:25 AM |
| **To:** | Castro, Deborah (EOIR); Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: 2015 2017 Performance Appraisal |

ACIJ Nadkarni and Ms. Castro:

Today is September 15, 2017. I received the final PWP for the rating period 2015-2017 when I came into work this morning. ACIJ Nadkarni signed the PWP on August 1, 2017, and DCIJ Print Maggard signed it on August 22, 2017. Is there a reason the PWP was not given to me until today, September 15, 2017? The late delivery of the PWP diminished my time for an appeal as I only had 30 days to challenge it.

Thank you.

QVB

**From:** Castro, Deborah (EOIR)
**Sent:** Thursday, September 14, 2017 5:57 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; Bryant, John M. (EOIR) <John.Bryant@EOIR.USDOJ.GOV>; Burman, Lawrence O. (EOIR) <Lawrence.Burman@EOIR.USDOJ.GOV>; Donoso Stevens, Karen (EOIR) <Karen.DonosoStevens@EOIR.USDOJ.GOV>; Hladylowycz, Roxanne (EOIR) <Roxanne.Hladylowycz@EOIR.USDOJ.GOV>; Hong, J. Traci (EOIR) <J.Traci.Hong@EOIR.USDOJ.GOV>; Owens, Robert (EOIR) <Robert.Owens@EOIR.USDOJ.GOV>; Perlman, Helaine (EOIR) <Helaine.Perlman@EOIR.USDOJ.GOV>; Snow, Thomas (EOIR) <Thomas.Snow@EOIR.USDOJ.GOV>; Soper, Emmett (EOIR) <Emmett.Soper@EOIR.USDOJ.GOV>
**Cc:** Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
**Subject:** FW: 2015-2017 Performance Appraisal

Judges,

I will be sending back to Judge Nadkarni all ORIGINALS of the PWPs. Please retain a copy for your records.

*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA  22202
(703) 603-1363





PLAINTIFF'S EXHIBIT 28   0051

PLAINTIFF'S EXHIBIT 2ð    0053

Case 1:21-cv-01751-RDM    Document 53-21 *SEALED*    Filed 08/19/22    Page 60 of 77



| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Wednesday, September 20, 2017 5:06 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: Delayed Decision |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Good afternoon, Judge Bain. The complaint was made by the respondent's attorney on August 30, 2017. I am considering it along the lines of a status inquiry and not a complaint under the Conduct and Professionalism process. Although the respondent is no longer in custody, he deserves a timely decision in his case. I have read your February 29, 2016, decision and the Board's March 9, 2017, decision remanding the case to you. The Third Circuit's September 6, 2017, decision in *Uddin* is consistent with the Board's decision in the instant case, finding that the BNP is not a Tier III terrorist organization. Please work the case in with the rest of your caseload and issue a decision as soon as possible. Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, September 20, 2017 12:22 PM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>; Cheng, Mary (EOIR) <Mary.Cheng@EOIR.USDOJ.GOV>; Maggard, Print (EOIR) <Print.Maggard@EOIR.USDOJ.GOV>
**Subject:** RE: Delayed Decision

Dear Judge Nadkarni:

Would you please let me know who complained, when, and why? I recall that this and the other BNP cases are not detained, so I put this and the other BNP cases on the back burner for now.

As you know, I was on detail for two weeks in mid-May, so that was the reason I was not able to issue the decision by mid-May. I am going on detail again in two weeks, for two weeks in October. After I returned from the May detail, I have been hearing Arlington cases five days a week and playing "catch up" with my 4,000 case docket in Arlington. Would you please consider taking me off the hearing calendar for two weeks before I go on detail, or would you consider eliminate my detail to Jena, Louisiana in October so that I could finish drafting the decisions in Islam and other BNP cases, as well as a decision in an Arlington detained case? The BNP cases are not something I could delegate to a law clerk. In fact, last year I tried assigning the same cases to several JLCs, but you told me to handle those cases myself. I could understand why you did that. Last week, the Third Circuit published a scathing published decision regarding the Board's handling of BNP cases, so I will have to incorporate the Third Circuit's decision in Islam and all the other York cases as best as I can. Short of Supreme Court intervention, there is not much else that can be done to sort out these factually and legally complicated matters.

Would you please let me know who filed the complaint, when, and why so that I could better respond to your inquiry. Would you also please let me know if you will give me time of the hearing calendar to prepare the opinion? I have about 6 of them.

Many thanks.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, September 20, 2017 11:20 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Delayed Decision

Good morning, Judge Bain.  I have received a complaint regarding the length of time you have taken to issue a decision in the following YOR case: ████████ 691 ████████████████ am).  During a status conference on April 26, 2017, you stated you would issue a post remand written decision in mid May, but the matter remains pending.  Please issue a decision as soon as possible.  Thanks.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

2

## Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Monday, September 25, 2017 4:59 PM |
| **To:** | Nadkarni, Deepali (EOIR); Castro, Deborah (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Byrd, Renada (EOIR) |
| **Subject:** | tomorrow's caseload |

Good afternoon:

Just an FYI. I have 82 master calendar cases tomorrow morning and 2 Individual hearings In the afternoon.  If I do not finish the master calendar by noon, I will have to adjourn the remaining cases.  As for the afternoon cases, would you please let me know which of the two cases should be heard tomorrow, since I won't be able to hear both?  One 1:00 p.m. individual is Spanish speaking (A██████116/115), and the other is English speaking (A██████244).

Thank you for taking note.

QVB

P.S. We need to reset all of my cases for the next two weeks while I am on detail to Louisiana.  Next Tuesday's master has 96 cases in the morning, and the afternoon individual appears to be an old case from PWS or LOB's docket.  Just wanted to give everyone a heads-up, so people don't come to court thinking their hearings are going forward.

PLAINTIFF'S EXHIBIT 2ð    0061

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Friday, October 27, 2017 2:33 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | RE: 2015-2017 Performance Appraisal |

Good afternoon, Judge Bain. The evaluation speaks for itself, and I will not be responding to your requests. If you have not already done so, please sign and give the PWP to CA Deborah Castro for return to me. Thank you.

Dee Nadkarni
Assistant Chief Immigration Judge
703.305.1247

**From:** Bain, Quynh (EOIR)
**Sent:** Thursday, October 26, 2017 12:17 PM
**To:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: 2015-2017 Performance Appraisal
**Importance:** High

Judge Nadkarni:

ast month, I sent you an email asking why the PWP for the rating period 2015-2017 was delivered to me so late that it was not possible to file an appeal from the unfavorable PWP before I had to go on detail to Louisiana for two weeks. I have not received a response from you.

To follow up on this matter, I request your substantive input regarding the PWP itself. Would you please provide a written response by October 31, 2017?

1. Please explain why you did not respond to my request to amend the interim PWP/Progress Review that you issued in October 2016. My request was premised on an explanation that your Progress Review was based on a counseling letter that you issued on July 28, 2016, that contained numerous factual inaccuracies and erroneous assumptions. Please also explain why, after considering the request to amend, you did not amend the Progress Review.

2. With regard to the "Progress Review" that is found in Part F, please state with specificity the "important deficiencies requiring correction" that you noted in the October 2016 interim PWP that, in your opinion, existed at that time.

3. With regard to item 2, please identify the names of each person you consulted, when you consulted that person, how you consulted that person, what topics were discussed, and what information you obtained in the course of the discussion (whether in person, by telephone, or email) from the person that led you to the conclusion that there were "important deficiencies requiring correction" as of the issuance of the interim PWP/Progress Review in October 2016.

4. With regard to item 2, please attach in pdf format any and all documents concerning the Progress Review.

5. With regard to the "Final Evaluation" that is found in Part F, please identify the information on which you based your conclusion, as of August 2017, that "Judge Bain was advised of concern with the manner in which she

PLAINTIFF'S EXHIBIT 28    0062

expressed frustration with the staff and her docket." Specifically, please identify the name of each person you consulted, when you consulted that person, how you consulted that person, what topics were discussed, and what information you obtained in the course of the discussion (whether in person, by telephone, or email) from the person that led you to the conclusion that "Judge Bain was advised of concern with the manner in which she expressed frustration with the staff and her docket."

6.  With regard to the "Final Evaluation" that is found in Part F, please identify the information on which you based your conclusion, as of August 2017, that "Judge Bain continued to express frustration and engage in unprofessional exchanges with her colleagues and court staff, as well as in court proceedings." Specifically, please identify the name of each person you consulted, when you consulted that person, how you consulted that person, what topics were discussed, and what information you obtained in the course of the discussion (whether in person, by telephone, or email) from the person that led you to the conclusion that "Judge Bain continued to express frustration and engage in unprofessional exchanges with her colleagues and court staff, as well as in court proceedings."

7.  With regard to items 5 and 6, please attach in pdf format any and all documents concerning the Final Evaluation.

Please provide the above-requested information by Tuesday, October 31, 2017.

Thank you very much.

Quynh Vu Bain
Immigration Judge
Arlington, Virginia


From: Bain, Quynh (EOIR)
Sent: Friday, September 15, 2017 9:25 AM
To: Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>; Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
Cc: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
Subject: RE: 2015-2017 Performance Appraisal

ACIJ Nadkarni and Ms. Castro:

Today is September 15, 2017.  I received the final PWP for the rating period 2015-2017 when I came into work this morning. ACIJ Nadkarni signed the PWP on August 1, 2017, and DCIJ Print Maggard signed it on August 22, 2017.  Is there a reason the PWP was not given to me until today, September 15, 2017? The late delivery of the PWP diminished my time for an appeal as I only had 30 days to challenge it.

Thank you.

QVB

From: Castro, Deborah (EOIR)
Sent: Thursday, September 14, 2017 5:57 PM
To: Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; Bryant, John M. (EOIR) <John.Bryant@EOIR.USDOJ.GOV>; Burman, Lawrence O. (EOIR) <Lawrence.Burman@EOIR.USDOJ.GOV>; Donoso Stevens, Karen (EOIR) <Karen.DonosoStevens@EOIR.USDOJ.GOV>; Hladylowycz, Roxanne (EOIR) <Roxanne.Hladylowycz@EOIR.USDOJ.GOV>; Hong, J. Traci (EOIR) <J.Traci.Hong@EOIR.USDOJ.GOV>; Owens, Robert (EOIR) <Robert.Owens@EOIR.USDOJ.GOV>;

2

PLAINTIFF'S EXHIBIT 28     0063

Perlman, Helaine (EOIR) <Helaine.Perlman@EOIR.USDOJ.GOV>; Snow, Thomas (EOIR)
<Thomas.Snow@EOIR.USDOJ.GOV>; Soper, Emmett (EOIR) <Emmett.Soper@EOIR.USDOJ.GOV>
Cc: Castro, Deborah (EOIR) <Deborah.Castro@EOIR.USDOJ.GOV>
Subject: FW: 2015-2017 Performance Appraisal

Judges,

I will be sending back to Judge Nadkarni all ORIGINALS of the PWPs. Please retain a copy for
your records.


*Deborah A. Castro*
Court Administrator
Arlington Immigration Court
1901 South Bell Street, Suite 200
Arlington, VA 22202
(703) 603-1363



PLAINTIFF'S EXHIBIT 2δ    0064

## EOIR PERFORMANCE PLAN
## Adjudicative Employees

### 3. Job Element: Accountability for Organizational Results

| X | Critical | | Non-critical |
|---|----------|---|--------------|

Definition: Exercises effort to ensure the integrity of the organization. Holds self accountable for organizational goals and objectives. Ensures cases are completed in a timely, efficient, and effective manner that meets objectives. Focuses on established organizational goals, results, and attainment of outcomes. Specific goals are attached.

### Performance Standards:

#### Satisfactory:

Performance at this level is satisfactory when the applicable standards stated below are achieved in a timely and correct manner.

3.1 Acts consistently with the goals and priorities established by the Agency. (See attached goals)

3.2 Makes rulings and decisions in a timely manner, consistent with available resources.

3.3 Manages the immigration judge calendar efficiently, monitoring pending caseload, as needed.

3.4 Cooperates to achieve a productive work environment with other judges, court administrators, and staff members.

3.5 As assigned, performs special assignments and details, including conducting hearings of various types, at times on short notice, based on the needs of the agency.

3.6 Demonstrates appropriate use of courtroom technology.

#### Unsatisfactory:

Performance at this level shows a serious deficiency in one or more factors of this element.

<u>Performance Goals</u>
Immigration Judge

All goals are measured annually, from October 1 to September 30.

**Satisfactory performance:**

<u>Case Completions</u>: 700 cases per year.

*and*

<u>Remand Rate</u> (including BIA and Circuit Courts): less than 15%.

*and*

The immigration judge meets at least half of the following Benchmarks that are applicable to the judge's work during the rating period, as long as the judge's performance in each Benchmark is above the "Unsatisfactory" performance level.

<u>Benchmarks</u>:

- In 85% of non-status detained removal cases, no more than three days elapse from merits hearing to immigration judge case completion.
- In 85% of non-status, non-detained removal cases, no more than 10 days elapse from merits hearing to immigration judges case completion, unless completion is prohibited by statute (e.g. a cap on grants of relief) or completion is delayed due to a need for completion of background checks.
- In 85% of motions matters, no more than 20 days elapse from immigration judge receipt of the motion to adjudication of the motion.
- In 90% of custody redetermination cases, case is completed on the initial scheduled custody redetermination hearing date unless DHS does not produce the alien on the hearing date.
- In 95% of all cases, individual merits hearing is completed on the initial scheduled hearing date, unless, if applicable, DHS does not produce the alien on the hearing date.
- In 100% of credible fear and reasonable fear reviews, case is completed on the initial hearing date unless DHS does not produce the alien on the hearing date.

**Needs improvement:**

<u>Case Completions</u>: More than 560 but fewer than 700 cases per year.

*or*

<u>Remand Rate</u> (including BIA and Circuit Courts): between 15% and 20%.

PLAINTIFF'S EXHIBIT 2δ   0068

*or*

The immigration judge fails to perform to the Satisfactory level in more than half of the applicable Benchmarks, as long as the judge's performance in each Benchmark is above the "Unsatisfactory" performance level.

**Unsatisfactory performance:**

Case Completions: fewer than 560 cases per year.

*or*

Remand Rate (including BIA and Circuit Courts): greater than 20%.

*or*

The immigration judge's performance in one or more of the following Benchmarks is Unsatisfactory.

Unsatisfactory Performance Benchmarks:

- In greater than 35% of non-status detained removal cases, more than three days elapse from merits hearing to immigration judge case completion.
- In greater than 35% of non-status, non-detained removal cases, more than 10 days elapse from merits hearing to immigration judge case completion, excepting cases where completion is prohibited by statute (e.g. a cap on grants of relief) or completion is delayed due to a need for completion of background checks.
- In greater than 35% of motions matters, more than 20 days elapse from immigration judge receipt of the motion to adjudication of the motion.
- In greater than 30% of custody redetermination cases, case is not completed on the initial scheduled custody redetermination hearing date excluding cases where DHS does not produce the alien on the hearing date.
- In greater than 25% of all cases, individual merits hearing is not completed on the initial scheduled hearing date, excluding cases where DHS does not produce the alien on the hearing date.
- In greater than 20% of credible fear and reasonable reviews, case is not completed on the initial hearing date, excluding cases where DHS does not produce the alien on the hearing date.

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, February 22, 2018 3:53 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Cc:** | Bain, Quynh (EOIR); Cheng, Mary (EOIR); Maggard, Print (EOIR); Keller, Mary Beth (EOIR); McHenry, James (EOIR) |
| **Subject:** | RE: Draft Decisions for A███████828 and A█████989 |
| **Attachments:** | RE: Draft Decisions for A███████828 and A█████989 |

Judge Nadkarni:

As I have told the JLC's, what you want to do in this situation is fine with me. See attached. That should have been the end of the story, so I don't know why you need to belabor the point by sending me another caustic email.

Once again, I ask you to refrain from making assumptions about my work habits. I am not "holding" any cases involving any issue. As I have stated to you many times before, I simply do not have the time to review, edit, and issue the draft decisions that the JLC's have drafted. Their drafts need a lot of reworking because they are first- or second-year attorneys, and this is a complicated area of the law. If it were not complicated, I wouldn't have to issue written decisions. Contrary to your unstudied opinion, the Fourth Circuit's case law is not clear. There is an inter-circuit conflict and there are conflicts with the Board's decision in L-E-A-. If the law was so clear, then why are you making the JLCs/AAs put on a brown bag discussion of the issue? Until you pick up one of these case files, go into court, and adjudicate the asylum claim yourself, please refrain from telling me how to rule in my cases. You are treading on thin ice when you do that. See 8 C.F.R. 1003.9(c) (2017) ("Limit on the Authority of the Chief Immigration Judge. The Chief Immigration Judge shall have no authority to direct the result of an adjudication assigned to another immigration judge . . .).

As a manager, you have the right to tell me what your expectations are, but you do not have the right to tell me how to decide a case. Your responsibilities do not stop at issuing demands and orders. They also require a careful and honest assessment of the limitations you and others are working under. In this situation, I have told me many times before that being in court 5 days a week does not give me much time to work on other matters. If you are not going to free up office time for me to work on written decisions, then don't go out of your way to tie my hands. Don't tell me NOT to continue a case without consulting you first. Don't tell me that I must hear all the cases that you have the clerks put on my hearing calendar. Don't assign me cases that other courts should be handling. Don't reassign other judges' aged cases to me, so they could look good on paper. Don't assign me 30 percent more cases than you assign to other Arlington judges. If you are going to write opinions for other judges, then also write them for me. If you are going to have the JLC's and AA's write orders for motions that you need to address, then don't tell them not to work on opinions for me. To do otherwise would be crossing the line from reasonable management practices to harassment of a disfavored employee. So, please stop harassing me.

Quynh

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Thursday, February 22, 2018 11:26 AM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** FW: Draft Decisions for A█████-828 and A█████989

Good afternoon, Judge Bain. The JLCs and AAs will be scheduling a brown-bag lunch in the next few weeks on current 4th Cir. and BIA law on family-based particular social group asylum claims, especially in light of the recent

1

**From:** Hall, Andrew (EOIR)
**Sent:** Wednesday, February 14, 2018 4:59 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain.EOIR.USDOJ.GOV>
**Cc:** Vogt, Sarah M. (EOIR) <Sarah.Vogt@EOIR.USDOJ.GOV>; Palmer, Breanne J. (EOIR)
<Breanne.Palmer@EOIR.USDOJ.GOV>; Sharp, Elizabeth Fisher (EOIR) <ElizabethFisher.Sharp@EOIR.USDOJ.GOV>;
Roberts, Roberta O. (EOIR) <Roberta.Roberts@EOIR.USDOJ.GOV>
**Subject:** RE: Draft Decisions for A⬛⬛⬛-828 and A⬛⬛⬛-989

Dear Judge Bain:

Thank you for Your Honor's kind offer of brunch. March 29 at 10:00 would work for me. And, I apologize, but I am a little unclear on one thing: would Your Honor like to meet with all nine JLC's and AA's at that time, or just myself and the four others Your Honor copied on this email? I am confident that most or all of the nine of us would be happy to attend (although Your Honor really doesn't need to pick up the check, but thanks for offering! ☺).

Also, Your Honor's offer actually dovetails quite nicely with another event the JLC's and AA's have been planning on this very issue. We have been planning to host a group brownbag lunch discussion for any interested IJ's about the current state of the law in the 4th Circuit and the BIA regarding family PSG cases sometime in the near future. We were just about to start asking around to the IJ's to see what dates would work for Your Honors' schedules for that, so now that we're on the subject, on what dates might Your Honor have time to attend such an event, say, from noon to 1:00? We hope Your Honor would be able to attend the brownbag, but we would of course also be happy to meet Your Honor for brunch to have a more one-on-one conversation on the issues. Thank you.

Respectfully,
Andy

------------------------
Andy Hall, Esq.
Judicial Law Clerk
Executive Office for Immigration Review
Arlington, Virginia
703-603-1324
Andrew.Hall2@usdoj.gov

**From:** Bain, Quynh (EOIR)
**Sent:** Wednesday, February 14, 2018 1:00 PM
**To:** Hall, Andrew (EOIR) <Andrew.Hall2@EOIR.USDOJ.GOV>
**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>; Vogt, Sarah M. (EOIR) <Sarah.Vogt@EOIR.USDOJ.GOV>;
Palmer, Breanne J. (EOIR) <Breanne.Palmer@EOIR.USDOJ.GOV>; Sharp, Elizabeth Fisher (EOIR)
<ElizabethFisher.Sharp@EOIR.USDOJ.GOV>; Roberts, Roberta O. (EOIR) <Roberta.Roberts@EOIR.USDOJ.GOV>
**Subject:** RE: Draft Decisions for A⬛⬛⬛828 and A⬛⬛⬛-989

Dear Andrew:

Thank you very much for your email. I just finished hearing a case that raised a family-based psg claim. I reserved written decision in light of the Salgado-Sosa decision, which I read before the hearing. I've not signed off on any decision that you and the other JLC's/AA's have written, because Fourth Circuit and Board case law is very fluid at this point. I am hoping that all of us could sit down over breakfast or lunch and talk about patterns that you have discerned in the Fourth Circuit's decisions. In my view, Fourth Circuit case law is rather underdeveloped, as compared to other circuits' case law. I'd like to make sure that whatever decisions we issue in Arlington cases fit the overall scheme of the Refugee Act, as interpreted by the Board and the majority of circuits. My take is that if there is no Fourth Circuit case on point, we follow other circuits' case law and the Board's decisions. I have been compiling other circuits' decisions on the

3

PLAINTIFF'S EXHIBIT 28    0071

Andy Hall, Esq.
Judicial Law Clerk
Executive Office for Immigration Review
Arlington, Virginia
703-603-1324
Andrew.Hall2@usdoj.gov

**From:** Hall, Andrew (EOIR)
**Sent:** Wednesday, December 13, 2017 2:04 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Draft Decisions for A206-246-828 and A206-722-989

Dear Judge Bain:

Attached please find two alternative draft decisions in *Matters of Turcios-Guerra and Melgar-Turcios*, A206-246-828 and A206-722-989. The cover memo attached to the ROP and to this email explains why I have prepared two different options for Your Honor's consideration. Please let me know if Your Honor has any questions. I would also welcome Your Honor's feedback. Thank you.

Respectfully,
Andy Hall, Esq.
Judicial Law Clerk
Executive Office for Immigration Review
Arlington, Virginia
703-603-1324
Andrew.Hall2@usdoj.gov

5

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Bain, Quynh (EOIR) |
| **Sent:** | Thursday, December 13, 2018 4:33 PM |
| **To:** | Nadkarni, Deepali (EOIR) |
| **Subject:** | RE: Complaint |

I've read the "complaint," and I do not understand what his complaint is.  Can you be more specific?  Can he be more specific?

**From:** Nadkarni, Deepali (EOIR) <Deepali.Nadkarni@EOIR.USDOJ.GOV>
**Sent:** Thursday, December 13, 2018 4:28 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Complaint

Good afternoon, Judge Bain.  Please see the attached complaint relating to your conduct of proceedings on November 9, 2018 in A███████587. If you would like to provide a response to the complaint, in light of upcoming holiday leave, please do so by cob January 11, 2019.  Thank you.  dnm

Dee Nadkarni
Assistant Chief Immigration Judge
703.603.1300

1

PLAINTIFF'S EXHIBIT 2δ    0073

**Cc:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** RE: Conduct and Professionalism Complaint

Good morning, Judge Nadkarni:

I request a two-week extension of time in which to complete my response to the complaint. As you may know, I was out most of last week on sick leave, and the response has required more time than I have been able to devote to it, given my very booked court hearing schedule.

Thank you.

QVB

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, March 29, 2017 5:05 PM
**To:** Bain, Quynh (EOIR) <Quynh.Bain@EOIR.USDOJ.GOV>
**Subject:** Conduct and Professionalism Complaint

Good afternoon, Judge Bain. Attached is a complaint dated March 1, 2017, filed with OCIJ regarding your conduct relating to attorneys Eileen Blessinger and Carmen Boykin. You learned of the complaint on March 8, 2017, when Ms. Blessinger included the document as part of a motion to recuse.

If you would like to provide a response to the complaint, please do so by close of business Friday, April 14, 2017.

**Dee Nadkarni**
**Assistant Chief Immigration Judge**
**703.305.1247**

PLAINTIFF'S EXHIBIT 2δ   0074



 

740: Wiles Road, Suite 310
Core Springs, Florida 33067
T 954.840.0677 F 954.509.3710
121 South Orange Avenue, Suite 500
Orlando, Florida 32801
T 407.377.6380  F 407.377.6801
www.dvaralaw.com

IJ: QVB
HEARING DATE: 1/9
ROP LOCATION: 12
STAFF INITIALS: CC

February 19, 2019

Executive Office for Immigration Review
Attn: Honorable Quynh Vu Bain
Immigration Judge
1901 S. Bell Street, 2nd Flr.
Courtroom 7
Arlington, Virginia 22202

Re:     Declaration of Daniel N. Vara, Jr., Esq

A ███████ 587

Dear Judge:

Please accept the enclosed declaration for the record in the above noted-matter, and
specifically for consideration by the Executive Office for Immigration Review (EOIR) in
regard to the complaint filed by DHS/ICE against the presiding Judge in the instant
matter.

Thank you for your attention, and please have the appropriate EOIR representative
contact me at ███████████ should they have any questions or seek further information
regarding the above-noted complaint.

Sincerely,

Daniel N. Vara, Jr.

cc:     OCC, ICE/DHS
        Arlington, Virginia

RECEIVED
DEPARTMENT OF JUSTICE

FEB 2 5 2019

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
IMMIGRATION COURT
ARLINGTON, VIRGINIA

13. To the contrary, Judge Bain exercised significant restraint in dealing with DHS/ICE counsel who, at best, were ill-prepared to litigate the instant case, who engaged in clearly dilatory conduct that appeared to relate to that failure of preparedness, and who repeatedly chose to ignore and/or seek to disregard Judge Bain's effort to properly effectuate her duties as an Immigration Judge and to proceed with the hearing, as appropriate.

14. I am, of course, aware that a Record of Proceedings (ROP) is available for review.

15. However, my experience is that a written record does not always capture the nuances of a person's behavior or actions in the courtroom.

16. In that regard, the ROP in this case may not full demonstrate the behavior and demeanor of, in particular, the lead DHS/ICE attorney during the hearing.

17. Thus, I submit this declaration and additional assertion that there were at least three (3) other non-Respondent persons at the noted hearing who witnessed the actions in the courtroom and who, on knowledge and belief, share my views of what transpired.

18. I am available to provide testimony or provide a further statement in regard to this matter limited only by my duty to my client, the Respondent.

The facts and information provided above are true and correct to the best of my knowledge and recollection.

Daniel N. Vara, Jr.
EOIR ID:

Bain, Quynh (EOIR)

| | |
|---|---|
| **From:** | Nadkarni, Deepali (EOIR) |
| **Sent:** | Monday, December 24, 2018 11:10 AM |
| **To:** | Quynhb@verizon.net; Alexandria1654@icloud.com; lburman@aol.com; raphaelchoi@yahoo.com; kdstevens7@gmail.com; rhladylo@gmail.com; j.traci.hong@gmail.com; mcclosk@gmail.com; pacolaw@hotmail.com; lainieperlman@gmail.com; tajjjsnow@aol.com; emmettsoper@yahoo.com; spathvance@gmail.com; cyntorg@gmail.com |
| **Cc:** | Bain, Quynh (EOIR); Bryant, John M. (EOIR); Burman, Lawrence O. (EOIR); Castro, Deborah (EOIR); Choi, Raphael (EOIR); Donoso Stevens, Karen (EOIR); Hladylowycz, Roxanne (EOIR); Hong, J. Traci (EOIR); Manuel, Elise (EOIR); McCloskey, Paul A. (EOIR); Mendez, Francisco (EOIR); Perlman, Helaine (EOIR);; Snow, Thomas (EOIR); Soper, Emmett (EOIR); Spath, Vance H. (EOIR); Torg, Cynthia S. (EOIR) |
| **Subject:** | FW: Lapse in Appropriations |

Good morning, Judges. Many of us have been through a lapse in appropriations in the past. However, this is the first one that coincides with the holidays and holiday leave. I'll keep it brief and only address Dec 24 - Jan 2 at this point. The following judges are designated as excepted employees and should report for duty as scheduled and be ready to handle any detained cases and motions that arise. The judges may work on non-detained matters on time they are not handling detained matters. However, **no non-detained orders may be issued during the shutdown**; please set those files aside in your office and issue after the shutdown is over.

Dec. 26: IJs Mendez and Spath
Dec. 27: IJs Bryant; McCloskey; Mendez; and Spath
Dec. 28: IJs Choi; McCloskey; Mendez; and Spath
Dec. 31: IJs Bryant; Burman; and Mendez
Jan. 2: IJs Bryant; Choi; Hladylowycz; and Perlman

That's it for now, folks. Stay tuned for more info. Text or call if you have questions or need anything from me. 703.675.7234. Merry Christmas! dnm

**Dee Nadkarni**
**Assistant Chief Immigration Judge**
**703.603.1300**

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Friday, December 21, 2018 11:24 AM
**To:** All of Arlington (EOIR) <All_of_Arlington@EOIR.USDOJ.GOV>; Singtian, Chutima (EOIR) <Chutima.Singtian@EOIR.USDOJ.GOV>; Park, Albert (EOIR) (CTR) <Albert.Park@EOIR.USDOJ.GOV>; Raza, Neelofur (EOIR) (CTR) <Neelofur.Raza@EOIR.USDOJ.GOV>; Behne, Audra (EOIR) <Audra.Behne@EOIR.USDOJ.GOV>; DeCardona, Lisa (EOIR) <Lisa.DeCardona@EOIR.USDOJ.GOV>; Farrar-Crockett, Emily (EOIR) <Emily.Farrar-Crockett@EOIR.USDOJ.GOV>; Menkin, Jeffrey L. (EOIR) <Jeffrey.Menkin@EOIR.USDOJ.GOV>; Ward, George J. (EOIR) <George.Ward@EOIR.USDOJ.GOV>; Wiggs, Nicole (EOIR) <Nicole.Wiggs@EOIR.USDOJ.GOV>; Turner, Micheal (EOIR) <Micheal.Turner@EOIR.USDOJ.GOV>
**Subject:** Lapse in Appropriations

Good morning, all. We'll receive formal instructions from HQ, but I want to make sure everyone understands first steps in the event of a lapse in appropriations. In the event of a shutdown, only detained hearings and detained matters go forward. However, employees who usually work a nondetained docket may be deemed excepted. **If you**

PLAINTIFF'S EXHIBIT 28    0078