UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>et al.,<br><br>　　　　Defendants. | Civil Action No. 21-1751 (RDM) |

**NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION FOR LEAVE TO REDACT PLAINTIFF'S EXHIBITS 17, 26, AND 27**

　　By Order dated December 28, 2022 (ECF 57), this Court afforded Defendants the opportunity to move to redact portions of exhibits that Plaintiff had filed with the Court. On January 29, 2023, Defendants moved for leave to redact portions of Plaintiff's Exhibits 17, 26, and 27. ECF 62. Plaintiff opposed the motion on January 31, 2023. ECF 65. On February 3, 2023, Defendants moved for an extension of time to reply to Plaintiff's opposition to their motion to redact. ECF 66. In a February 1, 2023 Minute Order, this Court granted Defendants' motion to extend and provided until February 24, 2023 to reply to Plaintiffs' opposition to the motion to redact.

　　Defendant Office of Professional Responsibility ("OPR") takes care in conducting professional misconduct investigations of current and former Department of Justice attorneys to protect from disclosure the identities of complainants, subjects, and witnesses involved in its investigations. As noted in Defendants' Motion to Redact, Defendants want to avoid discouraging complainants from coming forward for fear of public notoriety. Likewise, subjects and witnesses may suffer reputational harm or stigma by being associated with a misconduct investigation,

- 1 -

regardless of the ultimate outcome of that investigation. For that reason, OPR seldom publicizes the identities of complainants, subjects, and witnesses involved in its investigations, and generally only does so in circumstances of particularly compelling public interest. Accordingly, when afforded an opportunity by this Court to request sealing or redacting records that identified complainants and witnesses involved in OPR's investigation into Plaintiff's conduct, Defendants moved the court to redact identifying information about those individuals in three exhibits. Defendants were aware, however, that the complainants and witnesses had been posted publicly on hoppocklawfirm.com. *See* ECF 62 at 6 n. 2. In addition, those individuals have also been named in pleadings on the public docket in this case. *Id*. After carefully considering Plaintiff's objection to Defendant's motion to redact, particularly her argument that the identities have already been publicized, Defendant recognizes that its attempt to shield the complainants' and witnesses' identities at this point is unrealistic. Defendants therefore have reconsidered and respectfully request the Court to withdraw their motion to redact. ECF 62.

       For the foregoing reasons, the Defendants respectfully ask that their motion to redact be withdrawn.

Dated:      February 21, 2023

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES, D.C. Bar #481062
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      */s/ Joshua Ontell*
      JOSHUA ONTELL-VA Bar # 92444
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC  20530

      (202) 252-7706
      joshua.ontell@usdoj.gov

*Counsel for the Defendants*