**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **QUYNH VU BAIN,** | ) | **Case No. 21-cv-1751 (RDM)** |
| **Plaintiff** | ) | |
| **v.** | ) | |
| **OFFICE OF THE UNITED STATES** | ) | |
| **ATTORNEY GENERAL, et al.,** | ) | |
| **Defendants** | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO FILE A CORRECTED VERSION OF
THE PROPOSED SECOND AMENDED COMPLAINT OUT OF TIME**

By Minute Order dated February 10, 2023, this Honorable Court granted Defendants' request for an extension of time to file an Answer to Plaintiff's first amended complaint. The Court further stated that "if Plaintiff wishes to move for leave to file a second amended complaint, she shall do so on or before February 24, 2023. If Plaintiff moves for leave to file a second amended complaint, within 45 days of the Court's decision whether to grant such motion, Defendants shall respond to the then-operative complaint (i.e. the amended complaint if the Court denies the motion or the second amended complaint if the Court grants the motion)."

On February 26, 2023, Plaintiff filed a proposed second amended complaint, along with a motion to file it one business day out of time and a motion to amend under Rule 15(a)(2) and for reconsideration under Rule 54(b). *See* ECF Nos. 69 & 69-1.

Because the Court has not yet scheduled a due date for Defendants' Answer to the proposed second amended complaint, Plaintiff respectfully requests that the Court accept the corrected version of the proposed second amended complaint that was filed on February 26, 2023, and then schedule a due date for Defendants' Answer to the proposed second amended complaint.  In addition to making some stylistic and minor substantive changes, the corrected version of the proposed second amended complaint reasserts Plaintiff's whistleblower retaliation claim in Count III.

Previously, the Court recognized the whistleblower retaliation claim in the Court's Decision and Order of December 23, 2022.  *See* ECF No. 56.  Although in February 2023 Plaintiff had made a deliberate decision to forego the whistleblower retaliation claim in the interest of facilitating judicial review of the Attorney General's Removal Decision of September 17, 2020, upon further reflection Plaintiff would like to reassert the whistleblower retaliation claim as a third affirmative defense to the Attorney General's Removal Decision. In reasserting the whistleblower retaliation claim as an affirmative defense, Plaintiff seeks to consolidate all outstanding causes of action into a single court action and thereby avoid piecemeal litigation.

This request to file a corrected proposed second amended complaint will not prejudice Defendants, because the Court has expressed a willingness to consider the whistleblower retaliation claim (*see* ECF No. 56), and because the Court has not yet accepted the proposed second amended complaint that was filed on February 26, 2023, nor has the Court scheduled a due date for Defendants' Answer to the proposed second amended complaint.  On this date,

Plaintiff contacted AUSA Matthew Littman to ascertain his position regarding this motion. Mr. Littman responded that he "needed to check with his client."

For the foregoing reasons, Plaintiff respectfully requests leave to file a corrected version of the proposed second amended complaint. Plaintiff further requests that the Court grant leave to file the corrected version and set a due date for Defendants' Answer.

Date:   April 18, 2023                                    Respectfully submitted,

Quynh Vu Bain
Pro Se Plaintiff
213 Third Street, SE
Washington, DC  20003
quynhbain75@outlook.com
(202) 910-8553