# ATTACHMENT A

**To Second Amended Complaint Filed February 25, 2023**

**<u>Bain v. USDOJ</u>, No. 21-cv-1751 (RDM)**

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

QUYNH VU BAIN,

          Appellant,

       v.

DEPARTMENT OF JUSTICE,

          Agency.

DOCKET NUMBER
DC-0752-21-0035-I-4

DATE: November 8, 2022

### SUMMARY OF TELEPHONIC STATUS CONFERENCE

On November 4, 2022, I held a status conference in the above-captioned appeal. Present on the conference call were the appellant, Quynh Vu Bain, and the agency representatives, Lesley Sotolongo and Patrick Gregory. We discussed the following matters:

I informed the parties that while I originally intended our conference to focus on the appellant's appeal and the issues therein, the agency's recent Motion to Dismiss has raised a jurisdictional issue which must first be addressed. *See* MPSB Docket No. DC-0752-21-0035-I-4 (I-4), Tab 6. Therein, the agency urged that this appeal be dismissed without prejudice due to the appellant's pending civil complaint, Case No. 21-cv-01751, in the U.S. District Court for the District of Columbia. *See id.* More specifically, the agency claimed, and the appellant confirmed during our call, that the appellant filed her District Court complaint in the midst of the several dismissals without prejudice issued in this appeal that followed the agency's objection based on the Supreme Court's decision in *Lucia v. Securities and Exchange Commission,* 138 S.Ct. 2044 (2018) (*Lucia*). *See* MSPB Docket No. DC-0752-21-0035-I-1 (I-1), Tab 4. The parties were also in agreement that the issues in that District Court complaint include,

but are not limited to, the removal claim pending before me in the instant appeal as well as the appellant's related discrimination claim(s). Additionally, the parties were united in their belief that the District Court may be able to accept jurisdiction over those claims and both expressed a desire to stay case processing in this appeal until the District Court makes a decision as to which claims, if any, it will hear. In particular, the appellant stated that if the District Court did find jurisdiction over her removal and related discrimination claims, this appeal would be rendered moot and/or should be withdrawn or dismissed as a result of the District Court complaint. I noted that I do not believe the District Court can accept jurisdiction over the removal claim, given that the Board has not adjudicated the appellant's Board appeal on the merits nor dismissed it for jurisdictional reasons.[1] Nevertheless, I informed the parties that I understand their position and am open to various options moving forward.

We then discussed how best to pause the processing of this appeal, and for how long. Not surprisingly, neither party had a clear indication of how long it may take for the District Court to rule on the jurisdictional issues before it, but there was a loose consensus between the parties that it could be months and not weeks.[2] I explained that the options for effectively holding this case in abeyance included a 30-day suspension of case processing or a dismissal without prejudice to automatic refiling. I also explained how both of those options would play out

---

[1] On three occasions, a previously assigned administrative judge dismissed prior iterations of this appeal without prejudice to automatic refiling based on the aforementioned *Lucia* decision. *See, e.g.*, I-1, Tab 9. As it relates to this appeal, that issue was resolved when two Board members were appointed by President Biden, with the advice and consent of the Senate, who in turn ratified the appointments of the Board's administrative judges, including the undersigned, on March 4, 2022. *See* I-4, Tabs 2 and 4.

[2] The parties agreed that the agency originally filed a Motion to Dismiss the appellant's District Court complaint in October 2021, asserting lack of jurisdiction, and that there have been "several rounds" of briefing on that issue. Most recently, in September 2022, the Court accepted the appellant's request to file a sur-reply.

in practice.  Ultimately, both parties were in agreement with a dismissal without prejudice for 120 or 180 days, subject to automatic refiling at the expiration of the stated timeframe, with the caveat that either party could move to have the appeal refiled (and returned to my active docket) sooner in the event the District Court rules on the jurisdictional issue before the timeframe expires.  I therefore informed the parties that, after the issuance of this summary and an opportunity for the parties to file objections or comments thereto, I would dismiss this appeal without prejudice as discussed.  **As such, the dates and deadlines contained in my October 4, 2022 Scheduling Order are CANCELLED**.  I also confirmed that, once the appeal is refiled, I will issue an order scheduling a further status conference, at which time further case processing, if any, will be discussed.

## SUMMARY

The foregoing is intended to be a summary of the conversation that took place on November 4, 2022, and not a verbatim reproduction.  If either party disputes the contents of this summary, they must file a written objection within 5 days of the issuance of this summary.

FOR THE BOARD:                      _____/S/_____

Lindsay Young Harrell
Administrative Judge

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Mail        Quynh Vu Bain
                       213 3rd St., SE
                       Washington, DC 20003

Agency Representative

Electronic Mail        Lesley Sotolongo
                       Department of Justice
                       5701 Leesburg Pike, Suite 2600
                       Falls Church, VA 22401

Electronic Mail        Patrick D. Gregory, Sr.
                       Department of Justice
                       OGC, Executive Office for Immigration Review
                       5107 Leesburg Pike, Suite 2600
                       Falls Church, VA 22041

| November 8, 2022 | /S/ |
| (Date) | Lindsay Young Harrell |
| | Administrative Judge |