IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, | ) |
| Plaintiff, | ) No. 21-Civ-1751 (RDM) |
| v. | ) |
| OFFICE OF THE ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION
TO THE CORRECTED SECOND AMENDED COMPLAINT, REQUEST FOR
CERTIFICATION OF THE JURISDICTIONAL QUESTION, AND
REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL**

On April 19, 2023, Plaintiff filed a corrected version of the second amended complaint that she had filed earlier on February 26, 2023, along with a motion to file the corrected version out of time. *See* ECF No. 72. On April 28, 2023, Defendants filed an opposition to Plaintiff's motion to file the corrected version of the second amended complaint ("the Second Amended Complaint"). *See* ECF No. 73. Plaintiff respectfully submits this Response to Defendants' Opposition. In addition, owing to the development of a jurisdictional issue that has been pending before the Merits Systems Protection Board ("MSPB"), Plaintiff respectfully requests that the Court certify the jurisdictional issue to the United States Court of Appeals for the District of Columbia for the resolution of that issue. *See* 28 U.S.C. § 1292(b).

Defendants' opposition to the corrected second amended complaint has no basis. It depends on case law that is inapplicable in this situation. Defendants' opposition rests principally

on Plaintiff's reassertion of a whistleblower retaliation claim through the corrected version of the second amended complaint, a claim that Plaintiff previously indicated in her February 26, 2023 filing that she would not continue to pursue in this forum. *See* ECF No. 69. Plaintiff's thinking on that approach has changed, however, owing to two intervening developments. First, this Court had expressly assumed jurisdiction over all of the causes of action presented in Plaintiff's original amended complaint, filed on September 22, 2021, including the whistleblower retaliation claim. *See* ECF No. 56. Upon assuming jurisdiction, the Court disposed of some of the claims while permitting others to proceed on the merits. Most notably, the Court did not dispose of the whistleblower retaliation claim on the merits. Accordingly, Plaintiff's reassertion of the whistleblower retaliation claim is consistent with, not in contravention of, the Court's December 23, 2022 Decision and Order. Second, before the MSPB Defendants have taken the position that this Court has jurisdiction over all of the removal-related claims, including the whistleblower retaliation claim. *See* Attachment A (MSPB administrative judge order, dated April 27, 2023).

Defendants now assert that the whistleblower retaliation claim should be dismissed for untimely filing. This argument is unavailing. It ignores the fact that Plaintiff's filing of a second amended complaint is expressly permitted by this Court. *See* Minute Order dated February 10, 2023 (permitting Plaintiff to proceed on the original amended complaint that was filed on September 22, 2021, or to file a new amended complaint by February 24, 2023). Plaintiff opted to file a new, second amended complaint on February 26, 2023, along with a motion to file it one business day out of time. *See* ECF No. 69. On that date, Plaintiff also filed a motion to amend the Original Amended Complaint of September 22, 2021 under Rule 15(a)(2) of the Federal Rules of Civil Procedure and a motion for reconsideration of the Court's December 23, 2022 Decision and Order pursuant to Rule 54(b). *See id.* The Rule 15(a)(2) and Rule 54(b) motions explain that the

2

second amended complaint proposes to carry forward the four discrete claims of discrimination that the Court did not dismiss through its December 23, 2022 Decision and Order, to reassert the hostile work environment claim that the Court did dismiss for failure to state a plausible claim, and to reassert a new incident of retaliation and a new incident of discrimination that were previously pleaded in the Original Amended Complaint of September 22, 2021, but were not resolved by the Court's December 23, 2022 Decision and Order. In addition, the second amended complaint added new claims alleging violations of various provisions of the Privacy Act, including the "adverse determination" provision in 5 U.S.C. § 552a(g)(1)(C) & (D).

Because the second amended complaint was permitted by court order, Defendants have no basis to oppose its filing. In fact, on March 10, 2023, Defendants filed a response stating that they do not take a position on whether the second amended complaint should be accepted for adjudication by this Court. *See* ECF No. 71. Defendants thus have waived any opposition to the filing of the second amended complaint. To the extent that they now claim the reasserted whistleblower retaliation claim is prejudicial, Defendants have not explained why. The corrected version of the second amended complaint merely reasserts a claim that Plaintiff previously pleaded in her original complaint (*see* ECF No. 16, at 45-50), to which defendants have not answered and the Court has not dismissed or resolved on the merits (*see* ECF No. 56). Finally, the whistleblower retaliation claim was reasserted in this forum because Defendants have argued in the MSPB proceeding that the MSPB does not have jurisdiction to entertain that claim or any claim related to Plaintiff's removal. *See* Attachment A (the MSPB Administrative Judge's April 28, 2023 Order summarizing the parties' respective positions on MSPB jurisdiction). Thus, Defendants must not be allowed to deprive Plaintiff of a forum in which to prosecute the whistleblower retaliation claim or any of the other claims related to her removal.

Through this filing Plaintiff takes the opportunity to advise the Court of the recent decision that MSPB administrative judge Lindsay Young Harrell issued on April 27, 2023. In that decision, the Honorable Judge Harrell stated her disagreement with both parties' position that this Court has primary jurisdiction over all of the claims related to Plaintiff's removal. Notwithstanding her disagreement, Judge Harrell has agreed to table the matter for now, to continue suspending the MSPB proceeding for another 180 days, and to revisit the jurisdictional issue later this year. Given the potential conflict between the Court's December 23, 2022 ruling on jurisdiction and Judge Harrell's view that the MSPB has jurisdiction over the same claims, Plaintiff respectfully suggests that the Court certify the jurisdictional issue to the federal court of appeals for resolution, while allowing the parties to proceed with the ordinary course of litigation of this case in district court. This approach would be consistent with the parties' position before the MSPB administrative judge and would promote efficiency and conserve judicial resources, in that all of the issues related to Plaintiff's removal would be consolidated into a single proceeding and presented to this Court for resolution. Should the Court decide to certify the jurisdictional issue to the United States Court of Appeals for the District of Columbia Circuit, Plaintiff respectfully requests that the Court kindly appoint experienced *pro bono* counsel to assist Plaintiff in briefing and arguing that very significant jurisdictional question of first impression.

For the foregoing reasons, Plaintiff respectfully requests that the Court accept the corrected version of the second amended complaint for filing (ECF No. 71), issue an order directing Defendants to file an answer within 45 days, and issue a scheduling order that provides for commencement of discovery at the earliest instance. Plaintiff further suggests that the Court certify the jurisdictional question to the federal court of appeals and appoint *pro bono* counsel for Plaintiff.

Dated:  April 29, 2023

Respectfully submitted,

_____
Quynh Vu Bain
*Pro Se* Plaintiff
213 Third Street, SE
Washington, DC  20003
(202) 910-8553
quynhbain75@outlook.com