UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1751 (RDM) |
| ) | |
| OFFICE OF THE ATTORNEY GENERAL, ) | |
| *et al*., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STAY**

On behalf of Defendants, the undersigned counsel respectfully requests that the Court stay this matter for following reasons.

1. As this Court discussed, in addition to Plaintiff's pursuit of her claims through the EEO process, on October 19, 2020, Plaintiff challenged her termination, along with other related claims, before the Merits Systems Protection Board ("MSPB"). Memo. Op. & Order, ECF No. 56, at 11.

2. The MSPB dismissed Plaintiff's case without prejudice because, under *Lucia v. SEC*, 138 S. Ct. 2044 (2018), the MSPB Administrative Law Judges had been improperly appointed and therefore lacked power to decide cases until properly appointed. ECF No. 56, at 11. At that time, the *Lucia* question was pending before the MSPB Board, but the Board could not act because it was without a quorum. *Id.* at 11-12; *see also U.S. Merit Systems Protection Board: Frequently Asked Questions about the Lack of Quorum Period and Restoration of the Full Board*, at https://www.mspb.gov/New_FAQ_Lack_of_Quorum_Period_and_Restoration_of_the_full_board.pdf ("MSPB Frequently Asked Questions"). The Administrative Judge presiding over

Bain's case concluded that "judicial economy" favored dismissal for 180 days or until the Board decided the *Lucia* issue. ECF No. 56, at 11.

3. The MSPB continued this pattern of dismissing without prejudice for 180 days, followed by automatic reinstatement. *Id.* at 11-12.

4. On June 22, 2021, Plaintiff sued the Government in federal court, alleging in part that the claims that she brought before the MSPB, including claims about her removal. Compl., ECF No. 1.

5. On March 4, 2022, quorum of the Board was restored. *See* MSPB Frequently Asked Questions.

6. On that same day, the Board ratified the prior appointments of the Administrative Judges. *See* Ratification Order, at https://www.mspb.gov/foia/files/AJ_Ratification_Order_3-4-2022.pdf.

7. The MSPB Administrative Judge has repeatedly dismissed Plaintiff's appeal without prejudice to automatic refiling because the case pending before this Court involved the same claims. *See* Ex. 1 (Initial Decision of Apr. 27, 2023), at 2-3.

8. Most recently, Plaintiff has asked this Court to "certify the jurisdictional issue to the federal court of appeals for resolution." ECF No. 74, at 4.

9. One alternative to certification is to stay this matter so the Administrative Judge can consider the issues in the first instance. The authority to stay proceedings stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (internal quotation marks and citation omitted). In considering a stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of*

*Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012). District courts have broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

10. Although Defendant does not take a position on the certification request that Plaintiff raised in her most recent filing, a stay would be judicially efficient and impose no hardship on the parties. The Administrative Judge has strong views that the MSPB should adjudicate Plaintiff's claims in the first instance, and out of respect for that forum and the statutory scheme requiring a final administrative decision, the Court should stay this case and permit the matter to proceed before the MSPB. This may obviate the need for burdensome discovery and summary judgment briefing before this Court.

11. The D.C. Circuit has explained that this it is appropriate for a district court to stay the case in these circumstances, which "would allow the court to benefit from the exercise of MSPB expertise, preserving judicial resources while simultaneously protecting the right of appeal[.]" *Butler v. West*, 164 F.3d 634, 643 (D.C. Cir. 1999); *cf. AT&T Corp. v. Fed. Commc'ns Comm'n*, 970 F.3d 344, 348 (D.C. Cir. 2020) ("A primary jurisdiction referral stays proceedings so as to give the parties reasonable opportunity to seek an administrative ruling.") (internal quotations omitted); *Am. Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 31 F.3d 1184, 1187 (D.C. Cir. 1994) ("In general, when primary jurisdiction lies with an administrative agency, the district court should stay the proceedings in front of it, not dismiss the suit.").

12. Should the Court order a stay, the parties will file a joint status report within 14 days after the matter has been fully adjudicated before the MSPB.

13. Pursuant to Local Rule 7(m), the undersigned has conferred with Plaintiff, who opposes this motion.

Dated:  May 30, 2023                           Respectfully submitted,

                                              MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/  *M. Jared Littman*
    M. JARED LITTMAN
PA Bar # 91646
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Email: Jared.Littman@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| QUYNH VU BAIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1751 (RDM) |
| OFFICE OF THE ATTORNEY GENERAL, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] ORDER

Upon consideration of Defendant's Motion to Stay and the entire record herein, IT IS ORDERED that:

Defendant's Motion to Stay is GRANTED.

The parties will file a joint status report within 14 days after the matter has been fully adjudicated before the MSPB.

SO ORDERED this _____ day of _____, 2023.

_____
HON. RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

5

## **CERTIFICATE OF SERVICE**

    I certify on May 30, 2023, I caused a true and correct copy of the above to be served on Plaintiff via ECF and email: quynhbain75@outlook.com

                                                  */s/ M. Jared Littman*
                                                  M. JARED LITTMAN
                                                  Assistant United States Attorney