IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,                           )
                                         )
        Plaintiff,                       )
                                         )
                v.                       )        No. 21-Civ-1751 (RDM)
                                         )
OFFICE OF THE ATTORNEY GENERAL           )
U.S. Department of Justice, et. al       )
                                         )
        Defendants.                      )
                                         )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO STAY THIS COURT PROCEEDING**

On May 30, 2023, Defendants moved this Court to stay the instant proceeding, claiming that the Merit Systems Protection Board (MSPB) must be given an opportunity to adjudicate the merits of Plaintiff's discrimination and non-discrimination claims. *See* ECF No. 76. This reversal in Defendants' litigating position is surprising and somewhat curious. Only two months earlier, Defendants had argued to the MSPB that jurisdiction over Plaintiff's mixed case appeal resides exclusively in this district court. *See* ECF No. 74-1 at 3.

Plaintiff respectfully submits that this Court has subject matter jurisdiction over all the claims presented in this case and should not relinquish jurisdiction to the MSPB. The Court is the proper forum for resolving those claims, and at this late date a change in forum would substantially prejudice Plaintiff. Plaintiff thus respectfully opposes Defendants' stay motion, insofar as a stay would further delay the resolution of this case. However, if the Court is inclined to grant a stay, Plaintiff respectfully requests that the Court limit the scope of the stay to 30 days, for the limited

purpose of allowing the parties to undergo a confidential mediation or other alternative dispute resolution before the MSPB administrative judge currently assigned to this case. *See* Attachment A (March 21, 2023 Order of the Honorable Administrative Judge Lindsay Young Harrell directing the parties to meet and confer about the possibility of stipulations and settlement, and indicating her availability to assist in the discussions).

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's legal challenge to the validity of the Removal Decision began on October 19, 2020, when she timely filed a mixed case appeal with the MSPB. A "mixed case" is one that involves a serious personnel action, such as a removal, and the personnel action is based on discrimination. *See* 29 C.F.R. § 1614.302 (2022). Although Plaintiff's mixed case appeal was timely filed in the proper forum, Defendants promptly moved to dismiss it. They argued that the MSPB administrative judges who were assigned to hear the appeal had not been duly appointed pursuant to the Appointments Clause at Article II, Section 2, Clause 2 of the United States Constitution. Thus, Defendants argued, those administrative judges lacked the Constitutional authority to adjudicate Plaintiff's appeal. *See* ECF No. 63-6 at 14-19. Agreeing with Defendants, the MSPB dismissed Plaintiff's mixed case appeal under the reasoning of *Lucia v. SEC*, 138 S. Ct. 2044 (2018). *See* ECF No. 63-6 at 3-13. The *Lucia* dismissal order of November 16, 2020 provided that Plaintiff's mixed case appeal would be automatically reinstated in 180 days. *Id.* at 5. Thereafter, the MSPB reinstated and dismissed Plaintiff's appeal four more times between November 2020 and October 2022. While Plaintiff does not know why her appeal was singled out for dismissal per *Lucia*, she notes that in Fiscal Year 2019, the MSPB adjudicated approximately 5,112 cases. Of those cases, 2,092 involved adverse actions and 165 involved Justice Department employees. *See*

https://www.mspb.gov/about/annual_reports/MSPB_FY2019_Annual_Report_1697108.pdf    at

13, 14, and 17.

In dismissing Plaintiff's mixed case appeal, the MSPB did suggest two alternative

pathways for obtaining review outside of the MSPB.[1] *See* ECF No. 63-6. The first pathway was

to file suit in district court. *Id.* at 11 ("This option applies to you only if you have claimed that

you were affected by an action that is appealable to the Board and that such action was based, in

whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision

– including a disposition of your discrimination claims – by filing a civil action with an appropriate

U.S. district court (not the U.S. Court of Appeals for the Federal Circuit), within 30 calendar days

after this decision becomes final . . . .) (citing 5 U.S.C. § 7703(b)(2) and *Perry v. Merit Systems*

*Protection Board*, 582 U.S. __, 137 S. Ct. 1975 (2017)). The second pathway was to seek available

remedies at the EEOC. *Id.* at 11 ("Alternatively, you may request review by the Equal

Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all

other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of

Federal Operations within 30 calendar days after this decision becomes final as explained above.

5 U.S.C. § 7702(b)(1)"). Plaintiff did both.

---

[1] Under the Civil Service Reform Act, a federal employee has two options for obtaining review of a serious adverse personnel action, such as a removal, that is alleged to be discriminatory. One option is to bring a mixed case to the EEOC. 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b). If the EEOC decides against the employee, she may then take the matter to the MSPB or bypass further administrative review by suing the agency in district court. 5 U.S.C. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i). Alternatively, the employee may appeal the discriminatory adverse action by bringing her case directly to the MPSB and thus forego the agency's own system for evaluating discrimination charges. 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b). If the MSPB upholds the personnel action, the employee may request additional process before the EEOC or seek judicial review in district court.

On June 22, 2021, Plaintiff filed suit in this Court. *See* ECF No. 1. The complaint invoked the jurisdictional provisions at 5 U.S.C. §§ 7702-7703 and the United States Supreme Court's decisions in *Kloeckner v. Solis* and *Perry v. MSPB* as providing the jurisdictional basis for the suit. *See* ECF No. 1 at 8. The complaint alleged a series of discriminatory adverse actions that began in January 2015 and continued until the time Plaintiff was discharged on September 17, 2020, as "like or related" claims of discrimination, retaliation, and hostile work environment. *See* ECF No. 1 at 4-5; ECF No. 24 at 4-15.

Plaintiff also returned to the EEOC to pursue available remedies there. Before her removal on September 17, 2020, Plaintiff had filed an EEOC action that challenged certain pre-removal adverse actions as discrimination. That EEOC action was still pending when the agency proposed Plaintiff's removal on February 27, 2020 – just one day after the EEOC dismissed her formal EEO complaint by summary judgment. *See* ECF No. 1 at 5; ECF No. 16 at 5. Seven months later, the former United States Attorney General issued the Removal Decision that terminated her employment on September 17, 2020. *See* ECF No. 16 at 6. As stated, Plaintiff timely filed a mixed case appeal with the MSPB on October 19, 2020, within 30 days after she received the Removal Decision. After the MSPB dismissed her mixed case appeal a second time, Plaintiff returned to the EEOC and requested that it reconsider the February 26, 2020 decision to dismiss her EEOC action, reopen the EEOC proceeding, and hold the proceeding in abeyance pending the resolution of Plaintiff's mixed case appeal by the MSPB. *See* ECF No. 16 at 7. The EEOC, however, denied the motion to reconsider, presumably because Plaintiff had elected to challenge her Removal Decision before the MSPB rather than the EEOC.

Following the EEOC's denial of reconsideration, this Court granted Plaintiff leave to amend her complaint. *See* ECF No. 16. Defendants then filed a partial Answer to the amended

4

complaint and a partial Motion to Dismiss on September 17, 2021. *See* ECF No. 20 & 20-1. Most notably, in the motion to dismiss, Defendants did not object to this Court's exercise of jurisdiction under 5 U.S.C. §§ 7702 & 7703 or the enforcement provisions of the anti-discrimination statutes that authorize this district court action, *see* 42 U.S.C 2000e-16(c). Defendants also did not object to this Court's exercise of jurisdiction under *Kloeckner* and *Perry*. *See* ECF No. 20-1 at 2.

On December 23, 2022, this Court issued an interlocutory decision and order that granted in part and denied in part Defendants' partial Motion to Dismiss. *See* ECF No. 56. In that decision, the Court identified the following claims that the Court would entertain going into the next phase of litigation:

- The four discrete disparate treatment claims that date back to August 2015, July 2016, September 2016, and August 2017 (ECF No. 56 at 60);

- The work assignment claim (ECF No. 16 at 60);

- The non-selection claim (ECF No. 16 at 60);

- The whistleblower retaliation claim (ECF No. 56 at 16);

- The FOIA and Privacy Act withholding of information claim (ECF No. 56 at 60;

- The invasion of privacy claim that dates back to January 2017 (ECF No. 56 at 60); and

- The Attorney General's September 17, 2020 Removal Decision (ECF No 56 at 60).

Perhaps because of the unique procedural posture of this case, the Court has permitted Plaintiff to amend her complaint. Accordingly, on February 26, 2023, Plaintiff filed a proposed second amended complaint that further expounds on her legal theory. Among other things, the second amended complaint adds a new claim under the Privacy Act that is based on Defendants' failure to properly and adequately maintain personnel records for Plaintiff, which directly resulted in her suffering additional adverse determinations that went beyond her removal in September

5

2020. *See* ECF No. 72-1 at 43-45. On April 18, 2023, Plaintiff sought to file a corrected version

of that proposed second amended complaint, to reassert the whistleblower retaliation claim that

the Court has not dismissed through its December 23, 2022 decision. As this case is now ready

for the next phase of litigation, which is discovery, a remand to the MSPB would not be appropriate

and would cause substantial prejudice to Plaintiff. Because the Court indisputably has jurisdiction

over the entire case, Plaintiff respectfully requests that Defendants' stay motion be denied.

## II.    THE DISTRICT COURT IS THE PROPER FORUM FOR PLAINTIFF'S MIXED CASE APPEAL.

### A.    A Stay of This Proceeding Would Contravene the Supreme Court's Holdings in *Kloeckner v. Solis* and *Perry v. MSPB*.

More than a decade ago, the United States Supreme Court addressed and resolved the very

issue that Defendants now raises for the first time in this litigation: Whether the district court may

review a mixed case appeal that involves a claim of discrimination after the MSPB dismisses it on

procedural grounds.

In *Kloeckner v. Solis*, 568 U.S. 41 (2012), the Supreme Court concluded that a plaintiff

whose mixed case appeal was dismissed by the MSPB on procedural grounds should be allowed

to bring suit in district court to challenge the legality of her removal. The Court succinctly stated

the issue and its holding, as follows:

> When the MSPB dismisses an appeal alleging discrimination not on the merits, but on procedural grounds, should an employee seeking judicial review then file a petition in the Federal Circuit, or instead bring suit in district court under the applicable anti-discrimination law? We hold she should go to district court.

*Id.* at 44.

The facts and procedural history of *Kloeckner* are sufficiently similar to this case, such that

*Kloeckner* is controlling and warrants a denial of Defendants' stay motion. Kloeckner was a career

federal employee who filed a discrimination complaint with the EEOC, alleging sex and age discrimination. 568 U.S. at 47. While her EEOC action was still pending, the agency fired her one month after it completed an internal investigation. *Id.* She then filed a mixed case appeal with the MSPB that challenged the alleged discriminatory firing as an appealable adverse action. *Id.* To avoid conducting duplicative discovery in two different forums, Kloeckner sought leave to amend her complaint to consolidate her pre-termination claim (sex and age discrimination) with her discriminatory termination claim. *Id.* at 48. The MSPB granted leave and set a firm deadline by which Kloeckner had to return to the MSPB to continue her mixed case appeal. *Id.* Kloeckner missed that deadline, however, because her EEOC action took much longer to resolve than the MPSB deadline had allowed. *Id.* After the EEOC action was completed, she timely filed another mixed case appeal with the MPSB. *Id.* The MSPB, however, treated the new mixed case appeal as a motion to reopen the prior mixed case appeal. *Id.* The MSPB then dismissed the prior mixed case appeal as untimely, notwithstanding Kloeckner's argument that the MSPB filing deadline was a procedural matter that was subject to equitable tolling. *Id.* Kloeckner appealed to the federal district court. *Id.* Relying on the Eight Circuit's ruling in *Brumley v. Levinson*, 991 F.2d 801 (8th Cir. 1993), the district court dismissed her mixed case, holding that the only discrimination cases that could go to district court under Section 7703(b)(2) were those cases the MSPB had decided on the merits. *Id.* at 49. The Eight Circuit Court of Appeals affirmed, and Kloeckner sought certiorari review of the lower court decisions. *Id.*

Agreeing with Kloeckner, the Supreme Court reversed the lower courts' decisions to uphold the discriminatory termination. 568 U.S. at 49. Hewing closely to the statutory provisions described above, the Court concluded that the plain language of the MSPB appeal statutes in Sections 7702 and 7703(b) required Kloeckner to seek judicial review of the MSPB dismissal of

7

her mixed case appeal in district court, not the Federal Circuit. *Id.* at 49-50. The Court reasoned that Section 7702(a)(1) provides that a federal employee like Kloeckner who has been affected by a serious adverse action that may be appealed to the MSPB, such as a removal, and alleges that a basis for the adverse action was discrimination has a "mixed case." *Id.* at 50. Such a "mixed case[] of discrimination" is subject to the rest of Section 7702, which prescribes the proper forum for seeking judicial review. *Id.* Section 7703(b)(2) provides that "cases of discrimination subject to [Section 7702]" shall be filed in district court."[2] *Id.*

On certiorari review, the government attempted to distinguish the plain language of Section 7703(b)(2) as being inapplicable to Kloeckner, because the MSPB dismissed her mixed case appeal on procedural grounds without reaching the merits. 568 U.S. at 50-51. According to the government, the dismissed mixed case was not a "judicially reviewable action" under Section 7702, and thus it could only be appealed to the Federal Circuit. *Id.* at 51. (This is the very argument

---

[2]  The Court first examined the statutory language in 5 U.S.C. § 7703 which governs judicial review of MSPB decisions. The Court observed that Section 7703(b)(1) states the basic rule: "Except as provided in paragraph (2) of this subsection, a petition to review a final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." The Court next examined the language of Section 7703(b)(2), which states an exception to the general rule:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the federal anti-discrimination statutes], as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

*Id.* at § 7703(b)(2).

The Supreme Court further observed that the enforcement provisions of the anti-discrimination statutes listed in this exception all authorize suit in federal district court. *See* 42 U.S.C. § 2000e-16(c), § 2000e-5(f); 29 U.S.C. § 633a(c), § 216(b).

that Defendants now posit through their Motion to Stay, without explicitly saying so). Rejecting this novel procedural-merits distinction, the Court reasoned that nothing in the plain language of Sections 7702 and 7703 can be construed to impose that additional requirement on Kloeckner. *Id.* at 51. The Court reasoned that "[t]he key to district court review is the employee's claim that an agency action appealable to the MSPB violates an anti-discrimination statute listed in § 7702(a)(1)." *Id.* at 56. "Such a non-frivolous allegation of jurisdiction suffices to establish district court jurisdiction." *Id.* The Court thus rejected the government's suggestion that Kloeckner must return to the MSPB and obtain a determination on the merits before she could obtain judicial review in district court.

The Supreme Court's subsequent decision in *Perry v. MSPB* further confirms the rule articulated in *Kloeckner*: That Section 7703(b)(2) does not impose a merits adjudication requirement as a pre-condition for bringing suit in district court. 137 S. Ct. at 1979. Like Kloeckner, Perry complained of a personnel action serious enough to appeal to the MSPB (*i.e.*, an involuntary retirement) and alleged that the personnel action was based on discrimination. *Id.* at 1982. The government argued that Perry could only obtain judicial review of the dismissed appeal in the Federal Circuit, not in the district court. *Id.* at 1982-83. As it did in *Kloeckner*, the Supreme Court rejected that argument, concluding that "the Government's proposed distinctions – between MSPB merits and procedural decisions, on the one hand, and the Board's jurisdictional rulings, on the other – has multiple infirmities." *Id.* at 1986. The Court reasoned that "[i]f Congress had wanted to 'bifurcate judicial review,' send[ing] merits and procedural decisions to district court and jurisdictional dismissals to the Federal Circuit, it could have said so." *Id.* (quoting *Kloeckner*, 568 U.S. at ). Moreover, the Court stated that the distinction between merits and jurisdiction can overlap, such that allocating judicial review authority based on a separate rule for jurisdictional

9

rulings may prove unworkable in practice. *Id.* at 1987. Given the CSRA's "integrated scheme of review," the Court concluded, requiring a *pro se* federal employee such as *Perry* to prosecute "parallel litigation regarding the same agency action" would undermine that scheme. *Id.* For this reason, the Court extended its rationale in *Kloeckner* to *Perry*, holding that "[w]hen the MSPB dismisses a mixed case on jurisdictional grounds, the proper review forum is the district court." *Id.* at 1988.

Both *Kloeckner* and *Perry* have settled the question that Defendants now raise in their stay motion, in favor of keeping this case in district court. There is no dispute that Plaintiff's is a mixed case. Plaintiff has averred sufficient jurisdictional facts to show that her removal from federal service after 29 years of exemplary service was motivated, in whole or in part, by discrimination. There is also no dispute that she timely filed a mixed case appeal with the MSPB, but the MSPB immediately dismissed the appeal because it did not have authority to adjudicate it. Whether the dismissal of Plaintiff's mixed case appeal is characterized as a dismissal on procedural grounds or a dismissal on jurisdictional grounds, under the reasoning of *Kloeckner* and *Perry*, it is not necessary to return this case to the MSPB for a merits adjudication.

### B.   A Stay of This Proceeding Would Substantially Prejudice Plaintiff.

The Court should deny Defendants' Stay Motion for the following reasons.

First, Defendants have already acquiesced in this Court's exercise of jurisdiction under 5 U.S.C. §§ 7702 & 7703. By failing to raise their objection at the earliest instance, Defendants have waived their right to seek equitable relief such as a stay of this proceeding.

Second, in status conferences before the MSPB administrative judge, Defendants have argued that this mixed case should be heard in district court. *See* ECF No. 74-1 at 3.

Third, the MSPB lacks the authority to grant Plaintiff the relief she requests. Plaintiff contends that Defendants violated her right to privacy in several ways. In January 2017, Defendants released privacy-protected information from her personnel file to the American Immigration Lawyers Association which then used it to file a complaint of judicial misconduct against Plaintiff. Defendants also relied on personnel records that were inaccurate or incomplete in preparing a proposal to terminate Plaintiff's employment, and those same records were incorporated into the Attorney General's Removal Decision. To the former United States Attorney General, Defendants argued that Plaintiff's personnel records reflect serious misconduct that warranted the most severe disciplinary sanction possible – removal from federal service. But to this Court they have argued that the same records were not so serious as to constitute actionable adverse actions. In any event, the MSPB does not have the statutory authority to redress the numerous FOIA and Privacy Act violations alleged in Plaintiff's amended complaint. *See* ECF No. 72-1 at 31-43.

Fourth, contrary to Defendants' contention, discovery is very much needed in this case, to help Plaintiff establish her affirmative defenses against removal. Without discovery and the threat of sanctions that come with non-compliance, Defendants will continue to refuse to disclose information that they are obligated to disclose to Plaintiff. *See* ECF No. 72-1 at 40-43. Defendants have the burden of establishing the grounds for her removal, but as of today they have continued to withhold most of the evidence on which the Removal Decision is based.

Fifth, the scope of review at the MSPB is extremely limited. As the Supreme Court noted in *Kloeckner*, the MSPB does not have the authority to engage in *de novo* fact finding. Its review authority to an APA-type record review that is largely dependent on a party's willingness to disclose information. The MSPB cannot compel disclosure of information that it has no

11

jurisdiction to consider, such as information relating to Plaintiff's claims of FOIA and Privacy Act violations. If it issues a subpoena to compel the production of such evidence, the Department of Justice can decline to enforce the subpoena or move to quash it.

Finally, although Plaintiff is a person of very limited means, she is fully committed to seeing this litigation to a logical conclusion. This case is very important to Plaintiff. Her livelihood is at stake. She has been unable to find a new job and must suffer the stigma of unemployability as a fired federal employee. Her law licenses are on the line. The former Attorney General's decision provides that if she does not prevail in her mixed case appeal, she will be referred to her state bars for further disciplinary action. *See* ECF No. 72-1 at 21. Until this matter is resolved, Plaintiff cannot secure new employment. She is unable to assure prospective employers that she did not commit wrongdoing or misconduct for which she deserved to be fired. Plaintiff also has to return to work so she could support herself and her family and pay her bills. She looks forward to having an opportunity to clear her name.

For all the above reasons and in the interest of avoiding parallel litigation that could be costly and time-consuming, Plaintiff respectfully requests that the Court deny Defendants' Stay Motion, direct Defendants to answer Plaintiff's proposed second amended complaint within 45 days, and issue a scheduling order setting the deadlines for discovery and dispositive motions.

Date: June 7, 2023

Respectfully submitted,

QUYNH VU BAIN
*Pro Se* Plaintiff
213 Third Street, SE
Washington, DC 20003
(202) 910-8553

## ATTACHMENT A

### <u>Bain v. U.S. DOJ</u>, 21-cv-1751 (RDM) (D.D.C.)

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

QUYNH VU BAIN,
          Appellant,

    v.

DEPARTMENT OF JUSTICE,
          Agency.

DOCKET NUMBER
DC-0752-21-0035-I-5

DATE: March 21, 2023

## ACKNOWLEDGMENT ORDER

In accordance with the initial decision in this case, I have refiled the appellant's appeal challenging her removal by the Department of Justice (DoJ). I am the administrative judge assigned to this appeal and all submissions filed hereafter shall be directed to me.

The parties are advised that the prior Board record in this matter may be referred to during the adjudication of this appeal. Accordingly, any documents previously submitted by either party in connection with the original appeal should not be resubmitted.

**The parties are reminded that if, prior to the close of the record, a party fails to object to any of my written or verbal rulings on a matter raised by either party, that party will be precluded from challenging the ruling on petition for review or cross-petition for review.**

If they have not already done so, within 15 calendar days of the date of this Order, the parties should confer to define the issues, agree to stipulations, and discuss the possibility of settlement. I am available to assist in the discussions.

3

## NOTICE TO SELF-REPRESENTED APPELLANTS

Your petition for appeal indicates that you are currently representing yourself before this office. The Federal Circuit Bar Association (FCBA) may be able to assist you in finding an attorney to represent you, if you are interested in pro bono representation, that is, representation at no cost to you. If you are interested in being represented in your appeal before this office, please click on this link or paste it into the address bar on your browser:

http://fedcirbar.org/Pro-Bono/Government-Employees-Pro-Bono/Overview-FAQ

**Please note** that the MSPB neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case. It will be the decision of the individual appellant to contact the FCBA about the possibility of pro bono representation, and it will be the decision of any attorney an appellant is referred to whether they will provide pro bono representation.

2

FOR THE BOARD:                    _____/S/_____
                                  Lindsay Young Harrell
                                  Administrative Judge
                                  Washington Regional Office
                                  1901 South Bell Street, Suite 950
                                  Arlington, VA 22202
                                  Phone: (703) 756-6250
                                  Fax:    (703) 756-7112
                                  V/TDD (800) 877-8339

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Appellant

Electronic Mail

Quynh Vu Bain
213 3rd St., SE
Washington, DC 20003

Agency Representative

Electronic Mail

Lesley Sotolongo
Department of Justice
5701 Leesburg Pike, Suite 2600
Falls Church, VA 22401

Electronic Mail

Patrick D. Gregory, Sr.
Department of Justice
OGC, Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2600
Falls Church, VA 22041

March 21, 2023
(Date)

/S/
Kiecia Payne
Paralegal Specialist