UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN,<br><br>       Plaintiff,<br><br>       v.<br><br>OFFICE OF THE ATTORNEY GENERAL, *et al.*,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-1751 (RDM)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF MOTION TO STAY**

    Defendants respectfully submit this reply in further support of its Motion to Stay (ECF No. 76). In the Motion to Stay, Defendants argued that that the Court should exercise its discretion to stay this case, which would "allow the court to benefit from the exercise of MSPB expertise, preserving judicial resources while simultaneously protecting the right of appeal[.]" Mot. to Stay at 3 (quoting *Butler v. West*, 164 F.3d 634, 643 (D.C. Cir. 1999)). Notably, Defendants did not request that the Court dismiss the case for lack of jurisdiction, but rather requested that the Court should stay the proceedings during the referral to the forum with "primary jurisdiction," i.e., the MSPB. *Id.* "In general, when primary jurisdiction lies with an administrative agency, the district court should stay the proceedings in front of it, not dismiss the suit." *Am. Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 31 F.3d 1184, 1187 (D.C. Cir. 1994)

    In response, Plaintiff argues that the Court may not issue a stay because the MSPB would not have jurisdiction over her claims. Pl.'s Resp. at 6-10. Plaintiff reliance on *Kloeckner v. Solis*, 568 U.S. 411 (2012), and *Perry v. MSPB*, 582 U.S. 420 (2017), is misplaced. In those cases, the issue was whether the appeal of certain MSPB "mixed case" final decisions belonged in the Federal

Circuit or the federal district court, not whether the MSPB is the proper forum to decide a mixed case in the first instance.

That is, in *Kloeckner*, the MSPB dismissed plaintiff's "mixed case" claim because her MSPB appeal was untimely. 568 U.S. at 48. This ended the MSPB action. The question before the Supreme Court was whether the petition to review the final decision made on procedural grounds, belonged in the Federal Circuit, where MSPB final decisions generally go, or to the federal district court, where "mixed case" final decisions belong. *Id.* at 49-50. The Supreme Court decided that Kloeckner's petition belonged in the district court because plaintiff was pursuing a "mixed case" claim, and it was not relevant that the MSPB dismissed on procedural—as opposed to merit-based—grounds. *Id.* at 50.

Also, in *Perry*, the Supreme Court extended *Kloeckner* to the MSPB's dismissal of a "mixed-case" appeal on jurisdictional grounds. The appeal of those final decisions belonged in district court too. *Perry*, 582 U.S. at 427.

The case here is different. In both *Kloeckner* and *Perry*, the MSPB issued final decisions dismissing the plaintiffs' cases—*Kloeckner* for untimeliness and *Perry* for lack of jurisdiction. In our case, however, an Administrative Judge dismissed Plaintiff's appeal without prejudice and with automatic refiling in 180 days. *See* Ex. 1 at 3 (Initial Decision, Nov. 16, 2020). The Administrative Judge took such action "in the interest of judicial economy" pending the Board's decision as to the Constitutional authority of administrative judges to decide appeals following the *Lucia* decision. *Id.* Importantly, the MSPB did not issue a final decision on Plaintiff's claims—not on the merits, on procedural grounds, on jurisdictional grounds, or otherwise. *See MacLean v. MSPB*, No. 23-1000, 2022 WL 17883619, at *1 (Fed. Cir. Dec. 23, 2022) ("dismissal without prejudice subject to automatic reinstatement" are "non-final decisions of the Board"); *Strausbaugh v. MSPB*, 401 F. App'x 524, 526 (Fed. Cir. 2010) ("The general rule is that a dismissal without

prejudice is neither final nor appealable.") (quoting 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & P., Civ. § 2367 (3d ed. 2008).  Indeed, here, the MSPB has specifically retained jurisdiction, repeatedly dismissing Plaintiff's appeal without prejudice to automatic refiling.  *See* ECF No. 76, Ex. 1 at 2-3 (Initial Decision, Apr. 27, 2023).  *Kloeckner* or *Perry* thus do not limit the Court's ability to issue a stay so that the forum of "primary jurisdiction" can adjudicate Plaintiff's employment claims in the first instance.[1]

Plaintiff also suggests that Defendants are barred from making this argument because "Defendants had argued to the MSPB that jurisdiction over Plaintiff's mixed case appeal resides exclusively in this district court."  Pl.'s Resp. at 1.  She cites a passage in the Initial Decision of April 27, 2023 (ECF No. 74-1 at 3) to support this statement, but the referenced passage merely states, "[T]he Court appears to have found jurisdiction, and, as of now, the agency has not contested its finding."  Plaintiff, thus, mischaracterizes the Agency's position.  The Agency's decision not to "contest[]" federal court jurisdiction is different than asserting that jurisdiction "resides exclusively in this district court."  Indeed, even here, Defendants are not contesting the federal court's jurisdiction and seeking dismissal, but rather, Defendants are merely requesting that the Court exercise its discretion to issue a stay so that the forum of "primary jurisdiction" can consider the matter in the first instance.

Plaintiff also represents that a stay would prejudice her because it would "further delay resolution of this case."  Pl.'s Resp. at 1.  This is entirely speculative.  Despite two years of litigation in federal court, Plaintiff has been unable to establish the operative complaint for moving forward in the litigation.  Moreover, an MSPB decision in her favor may obviate the need for

---

[1] Should the Court issue a stay, Defendants take no position as to whether it would be more efficient to stay the Freedom of Information Act and Privacy Act pieces of the litigation as the MSPB adjudicates the employment matter or whether those pieces of the litigation should proceed.

burdensome discovery and summary judgment briefing before this Court, and even if the MSPB finds in the Agency's favor, her right to appeal—and if appropriate, an ability to pursue discovery—would be preserved.

The Court should grant Defendants' Motion to Stay.

Dated:  June 12, 2023                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/  *M. Jared Littman*_____
M. JARED LITTMAN
PA Bar # 91646
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Email: Jared.Littman@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

    I certify on June 12, 2023, I caused a true and correct copy of the above to be served on Plaintiff via ECF and email: quynhbain75@outlook.com

                                            */s/ M. Jared Littman*
                                            M. JARED LITTMAN
                                            Assistant United States Attorney