UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1751 (RDM) |
| ) | |
| OFFICE OF THE ATTORNEY GENERAL, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE ABOUT THIS COURT'S JURISDICTION**

Pursuant to the Court's Minute Order of July 5, 2013, Defendants respectfully submit this notice about the Court's jurisdiction. Defendants do not believe there are any further jurisdictional questions or that briefing on jurisdiction is warranted. As Defendants have maintained, this Court does *not* lack subject matter jurisdiction, but the Court should nonetheless exercise its discretion to stay the proceedings and refer the case to the forum with "primary jurisdiction," i.e., the MSPB. *See* Mot. to Stay, ECF No. 76; Reply in Supp. of Mot. to Stay, ECF No. 78. Referral to the MSPB to decide the issues in this case in the first instance would "allow the court to benefit from the exercise of MSPB expertise, preserving judicial resources while simultaneously protecting the right of appeal." *See Butler v. West*, 164 F.3d 634, 643 (D.C. Cir. 1999)). Defendant has not meant to imply that this Court lacks subject matter jurisdiction. "Primary jurisdiction" is a distinct concept. *See generally Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen.*, No. 22-5093, 2023 WL 4036253, at *3 (D.C. Cir. June 16, 2023) ("[T]he Supreme Court has consistently emphasized that jurisdiction 'is a word of many, too many, meanings,' and warned that '[c]ourts, including this Court, have more than occasionally misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions.'").

Such referral would accord with the decision of the Administrative Judge that the MSPB retains jurisdiction over Plaintiff's removal and related discrimination claims, irrespective of the action pending in this Court. *See* Not. Regarding Jurisd. & Status Conf. Ord. (MSPB June 7, 2023), ECF No. 79-1, at 4-10. Defendants, however, do not believe that "simultaneous adjudication," *id.* at 8, is a good option given the inefficiencies of that process and the possibility of incongruous results. The best option is for this Court to stay the case and permit the matter to proceed before the MSPB, which may obviate the need for burdensome discovery and summary judgment briefing before this Court, and, even if the MSPB finds in the Agency's favor, Plaintiff's right to appeal—and, if appropriate, an ability to pursue discovery—would be preserved.

The Court should therefore proceed in ruling on Defendants' pending motion to stay. *See* ECF No. 76.

Dated: July 6, 2023                                    Respectfully submitted,

                                                  MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/ *M. Jared Littman*
M. JARED LITTMAN
PA Bar # 91646
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Email: Jared.Littman@usdoj.gov

*Counsel for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify on July 6, 2023, I caused a true and correct copy of the above to be served on Plaintiff via ECF and email: quynhbain75@outlook.com

                                                                 */s/ M. Jared Littman*
                                                               M. JARED LITTMAN
                                                               Assistant United States Attorney