# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **QUYNH VU BAIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 21-Civ-1751 (RDM)** |
| v. ) | |
| ) | |
| **OFFICE OF THE ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, et. al ) | |
| ) | |
| Defendants. ) | |

_____)

## EXHIBIT 28 (PARTIALLY SEALED)
### filed on the public docket on July 6, 2023

**INDEX – PLAINTIFF'S EXHIBIT 28**
**<u>Bain v. USDOJ</u>, No. 21-cv-1751 (RDM)**

Plaintiff's Response to EOIR Notice of Proposed Removal, filed with the DOJ
Office of Deputy Attorney General. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Pages 1 to 38

Plaintiff's Supplemental Response to EOIR Notice of Proposed Removal. . . . . . . . . Pages 39 to 46

Transcript of Pre-Termination Hearing on July 16, 2020. . . . . . . . . . . . . . . . . . . . . Pages 47 to 75

Removal Decision, dated September 17, 2020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Pages 76-104

Various New York States Attorney Rules of Professional Responsibility . . . . . . . . . . Pages 105 to 122

PLAINTIFF'S EXHIBIT 28    0002

Case 1:21-cv-01751-RDM-RDM-RDM Document 53-29 SEALED Filed 07/07/28/19/22 Page 5 of 124

PLAINTIFF'S EXHIBIT 28    0003



PLAINTIFF'S EXHIBIT 28    0005

PLAINTIFF'S EXHIBIT 28    0006

PLAINTIFF'S EXHIBIT 28    0007

PLAINTIFF'S EXHIBIT 28    0008



PLAINTIFF'S EXHIBIT 28   0009

PLAINTIFF'S EXHIBIT 28   0011

PLAINTIFF'S EXHIBIT 28    0012

PLAINTIFF'S EXHIBIT 28    0013

PLAINTIFF'S EXHIBIT 28    0014

PLAINTIFF'S EXHIBIT 28    0015

PLAINTIFF'S EXHIBIT 28   0016

PLAINTIFF'S EXHIBIT 28    0017





PLAINTIFF'S EXHIBIT 28    0019



PLAINTIFF'S EXHIBIT 28    0020

PLAINTIFF'S EXHIBIT 28   0022

PLAINTIFF'S EXHIBIT 28    0023

PLAINTIFF'S EXHIBIT 28    0024

PLAINTIFF'S EXHIBIT 28   0027

PLAINTIFF'S EXHIBIT 28    0028

PLAINTIFF'S EXHIBIT 28    0029

PLAINTIFF'S EXHIBIT 28    0030

PLAINTIFF'S EXHIBIT 28   0032

PLAINTIFF'S EXHIBIT 28    0033

PLAINTIFF'S EXHIBIT 28    0034

PLAINTIFF'S EXHIBIT 28    0035

PLAINTIFF'S EXHIBIT 28   0036

PLAINTIFF'S EXHIBIT 28    0037

PLAINTIFF'S EXHIBIT 28    0038

PLAINTIFF'S EXHIBIT 28    0039

PLAINTIFF'S EXHIBIT 28    0040

PLAINTIFF'S EXHIBIT 28    0041

PLAINTIFF'S EXHIBIT 28   0044

PLAINTIFF'S EXHIBIT 28    0045

PLAINTIFF'S EXHIBIT 28    0046

PLAINTIFF'S EXHIBIT 28    0047

2

3

1
2

PLAINTIFF'S EXHIBIT 28    0062

PLAINTIFF'S EXHIBIT 28    0063

PLAINTIFF'S EXHIBIT 28    0064

PLAINTIFF'S EXHIBIT 28    0065

PLAINTIFF'S EXHIBIT 28    0066

PLAINTIFF'S EXHIBIT 28    0067

PLAINTIFF'S EXHIBIT 28    0068

PLAINTIFF'S EXHIBIT 28    0069

PLAINTIFF'S EXHIBIT 28   0070

PLAINTIFF'S EXHIBIT 28    0071

PLAINTIFF'S EXHIBIT 28    0072

PLAINTIFF'S EXHIBIT 28    0073

PLAINTIFF'S EXHIBIT 28    0074

PLAINTIFF'S EXHIBIT 28   0075

PLAINTIFF'S EXHIBIT 28    0076

PLAINTIFF'S EXHIBIT 28    0077

PLAINTIFF'S EXHIBIT 28    0078

PLAINTIFF'S EXHIBIT 28    0079

PLAINTIFF'S EXHIBIT 28   0080

PLAINTIFF'S EXHIBIT 28   0081

PLAINTIFF'S EXHIBIT 28    0082

PLAINTIFF'S EXHIBIT 28    0083

PLAINTIFF'S EXHIBIT 28    0084

PLAINTIFF'S EXHIBIT 28     0085

PLAINTIFF'S EXHIBIT 28    0086

PLAINTIFF'S EXHIBIT 28   0087

PLAINTIFF'S EXHIBIT 28    0088

PLAINTIFF'S EXHIBIT 28    0089

PLAINTIFF'S EXHIBIT 28   0090

PLAINTIFF'S EXHIBIT 28    0091

PLAINTIFF'S EXHIBIT 28    0092

PLAINTIFF'S EXHIBIT 28    0093

Case 1:21-cv-01751-RDM Document 53-29 *SEALED* Filed 07/08/19 Page 124 of 124

PLAINTIFF'S EXHIBIT 28    0094

PLAINTIFF'S EXHIBIT 28    0095

PLAINTIFF'S EXHIBIT 28    0096

PLAINTIFF'S EXHIBIT 28   0097

PLAINTIFF'S EXHIBIT 28    0098

PLAINTIFF'S EXHIBIT 28   0099

PLAINTIFF'S EXHIBIT 28   0100

PLAINTIFF'S EXHIBIT 28    0101

PLAINTIFF'S EXHIBIT 28    0102

Case 1:21-cv-01751-RDM Document 50-29 *SEALED* Filed 07/07/22 Page 105 of 124

## RULE 1.12:
## SPECIFIC CONFLICTS OF INTEREST FOR FORMER JUDGES, ARBITRATORS, MEDIATORS OR OTHER THIRD-PARTY NEUTRALS

(a)     A lawyer shall not accept private employment in a matter upon the merits of which the lawyer has acted in a judicial capacity.

(b)     Except as stated in paragraph (e), and unless all parties to the proceeding give informed consent, confirmed in writing, a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as:

   (1)     an arbitrator, mediator or other third-party neutral; or

   (2)     a law clerk to a judge or other adjudicative officer or an arbitrator, mediator or other third-party neutral.

(c)     A lawyer shall not negotiate for employment with any person who is involved as a party or as lawyer for a party in a matter in which the lawyer is participating personally and substantially as a judge or other adjudicative officer or as an arbitrator, mediator or other third-party neutral.

(d)     When a lawyer is disqualified from representation under this Rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

   (1)     the firm acts promptly and reasonably to:

      (i)     notify, as appropriate, lawyers and nonlawyer personnel within the firm that the personally disqualified lawyer is prohibited from participating in the representation of the current client;

      (ii)     implement effective screening procedures to prevent the flow of information about the matter between the personally disqualified lawyer and the others in the firm;

      (iii)     ensure that the disqualified lawyer is apportioned no part of the fee therefrom; and

      (iv)     give written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule; and

   (2)     there are no other circumstances in the particular representation that create an appearance of impropriety.

(e)     An arbitrator selected as a partisan of a party in a multimember arbitration panel is not prohibited from subsequently representing that party.

PLAINTIFF'S EXHIBIT 28     0105

**Comment**

[1] A lawyer acts in a "judicial capacity" within the meaning of paragraph (a) when the lawyer serves as a judge or other adjudicative officer. Where a judge or other adjudicative officer in a multimember court, leaves judicial office to practice law, the former judge or adjudicative officer is not prohibited from representing a client in a matter that was pending in the court if the former judge or adjudicative officer did not act upon the merits in that matter. So also, the fact that a former judge or adjudicative officer exercised administrative responsibility in a court does not prevent the former judge or adjudicative officer from acting as a lawyer in a matter where the judge or adjudicative officer had previously exercised remote or incidental administrative responsibility that did not affect the merits. *See* Rule 1.11, Comment [4] (a former government lawyer is disqualified "only from particular matters I which the lawyer participated personally and substantially"). A former judge or adjudicative officer may not, however, accept private employment in a matter upon the merits of which the judge or adjudicative officer has acted in a judicial capacity and – unlike conflicts for lawyers who have acted in a capacity listed in Rule 1.12 (b) – a conflict arising under paragraph (a) cannot be waived. The term "adjudicative officer" in paragraphs (b)(2) and (c) includes such officials as judges pro tempore, referees, special masters, hearing officers and other parajudicial officers.

[2] A lawyer who has served as an arbitrator, mediator or other third-party neutral may be asked to represent a client in a matter in which the lawyer participated personally and substantially. This Rule forbids such representation unless all of the parties to the proceedings give their informed consents, confirmed in writing. *See* Rules 1.0(j), (e). Other law or codes of ethics governing third-party neutrals may impose more stringent standards of personal or imputed disqualification. *See* Rule 2.4.

[3] Although lawyers who serve as third-party neutrals do not obtain information concerning the parties that is protected under Rule 1.6, they typically owe the parties an obligation of confidentiality under law or codes of ethics governing third-party neutrals. Paragraph (d) therefore provides that conflicts of the personally disqualified lawyer will be imputed to other lawyers in a law firm unless the conditions of this paragraph are met.

[4] Requirements for screening procedures are stated in paragraph (d). "Screened" and "screening" are defined in Rule 1.0(t).

[4A] A firm seeking to avoid imputed disqualification under this Rule must prohibit the personally disqualified lawyer from sharing in the fees in the matter.

[4B] A firm seeking to avoid disqualification under this Rule should also consider its ability to implement, maintain, and monitor the screening procedures permitted by paragraph (d) before undertaking or continuing the representation. In deciding whether the screening procedures permitted by this Rule will be effective to avoid imputed disqualification, a firm should consider a number of factors, including how the size, practices and organization of the firm will affect the likelihood that any confidential information acquired about the matter by the personally disqualified lawyer can be protected. If the firm is large and is organized into separate departments, or maintains offices in multiple locations, or for any reason the structure of the firm facilitates preventing the sharing of information with lawyers not participating in the

PLAINTIFF'S EXHIBIT 28   0106

particular matter, it is more likely that the requirements of this Rule can be met and imputed disqualification avoided. Although a large firm will find it easier to maintain effective screening, lack of timeliness in instituting, or lack of vigilance in maintaining, the procedures required by this Rule may make those procedures ineffective in avoiding imputed disqualification. If a personally disqualified lawyer is working on other matters with lawyers who are participating in a matter requiring screening, it may be impossible to maintain effective screening procedures. The size of the firm may be considered as one of the factors affecting the firm's ability to institute and maintain effective screening procedures, it is not a dispositive factor. A small firm may need to exercise special care and vigilance to maintain effective screening but, if appropriate precautions are taken, small firms can satisfy the requirements of paragraph (d).

[4C] In order to prevent any lawyer in the firm from acquiring confidential information about the matter from the newly associated lawyer, it is essential that notification be given and screening procedures implemented promptly. If the matter requiring screening is already pending before the personally disqualified lawyer joins the firm, the procedures required by this Rule should be implemented before the lawyer joins the firm. If a newly associated lawyer joins a firm before a conflict requiring screening arises, the requirements of this Rule should be satisfied as soon as practicable after the conflict arises. If any lawyer in the firm acquires confidential information about the matter from the personally disqualified lawyer, the requirements of this Rule cannot be met, and any subsequent efforts to institute or maintain screening will not be effective in avoiding the firm's disqualification. Other factors may affect the likelihood that screening procedures will be effective in preventing the flow of confidential information between the personally disqualified lawyer and others in the firm in a given matter.

[5] To enable the tribunal to determine compliance with the Rule, notice to the parties and any appropriate tribunal generally should be given as soon as practicable after the need for screening becomes apparent.

PLAINTIFF'S EXHIBIT 28    0107

## RULE 3.2:
## DELAY OF LITIGATION

**In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense.**

**Comment**

[1]     Dilatory practices bring the administration of justice into disrepute.  Such tactics are prohibited if their only substantial purpose is to frustrate an opposing party's attempt to obtain rightful redress or repose.  It is not a justification that such tactics are often tolerated by the bench and bar.  The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay or needless expense.  Seeking or realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

PLAINTIFF'S EXHIBIT 28     0108

## RULE 3.3:
## CONDUCT BEFORE A TRIBUNAL

(a)     A lawyer shall not knowingly:

(1)     make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2)     fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(3)     offer or use evidence that the lawyer knows to be false.  If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.  A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b)     A lawyer who represents a client before a tribunal and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c)     The duties stated in paragraphs (a) and (b) apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d)     In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

(e)     In presenting a matter to a tribunal, a lawyer shall disclose, unless privileged or irrelevant, the identities of the clients the lawyer represents and of the persons who employed the lawyer.

(f)     In appearing as a lawyer before a tribunal, a lawyer shall not:

(1)     fail to comply with known local customs of courtesy or practice of the bar or a particular tribunal without giving to opposing counsel timely notice of the intent not to comply;

(2)     engage in undignified or discourteous conduct;

112

PLAINTIFF'S EXHIBIT 28     0109

## RULE 3.5:
## MAINTAINING AND PRESERVING THE IMPARTIALITY OF TRIBUNALS AND JURORS

(a)　　A lawyer shall not:

(1)　　seek to or cause another person to influence a judge, official or employee of a tribunal by means prohibited by law or give or lend anything of value to such judge, official, or employee of a tribunal when the recipient is prohibited from accepting the gift or loan but a lawyer may make a contribution to the campaign fund of a candidate for judicial office in conformity with Part 100 of the Rules of the Chief Administrator of the Courts;

(2)　　in an adversarial proceeding communicate or cause another person to do so on the lawyer's behalf, as to the merits of the matter with a judge or official of a tribunal or an employee thereof before whom the matter is pending, except:

(i)　　in the course of official proceedings in the matter;

(ii)　　in writing, if the lawyer promptly delivers a copy of the writing to counsel for other parties and to a party who is not represented by a lawyer;

(iii)　　orally, upon adequate notice to counsel for the other parties and to any party who is not represented by a lawyer; or

(iv)　　as otherwise authorized by law, or by Part 100 of the Rules of the Chief Administrator of the Courts;

(3)　　seek to or cause another person to influence a juror or prospective juror by means prohibited by law;

(4)　　communicate or cause another to communicate with a member of the jury venire from which the jury will be selected for the trial of a case or, during the trial of a case, with any member of the jury unless authorized to do so by law or court order;

(5)　　communicate with a juror or prospective juror after discharge of the jury if:

(i)　　the communication is prohibited by law or court order;

(ii)　　the juror has made known to the lawyer a desire not to communicate;

(iii)　　the communication involves misrepresentation, coercion, duress or harassment; or

120

PLAINTIFF'S EXHIBIT 28　0110

      **(iv)** the communication is an attempt to influence the juror's actions in future jury service; or

      **(6)** conduct a vexatious or harassing investigation of either a member of the venire or a juror or, by financial support or otherwise, cause another to do so.

      **(b)** During the trial of a case a lawyer who is not connected therewith shall not communicate with or cause another to communicate with a juror concerning the case.

      **(c)** All restrictions imposed by this Rule also apply to communications with or investigations of members of a family of a member of the venire or a juror.

      **(d)** A lawyer shall reveal promptly to the court improper conduct by a member of the venire or a juror, or by another toward a member of the venire or a juror or a member of his or her family of which the lawyer has knowledge.

**Comment**

    [1] Many forms of improper influence upon a tribunal are proscribed by criminal law. In addition, gifts and loans to judges and judicial employees, as well as contributions to candidates for judicial election, are regulated by the New York Code of Judicial Conduct, with which an advocate should be familiar. *See* New York Code of Judicial Conduct, Canon 4(D)(5), 22 N.Y.C.R.R. § 100.4(D)(5) (prohibition of a judge's receipt of a gift, loan, etc., and exceptions) and Canon 5(A)(5), 22 N.Y.C.R.R. § 100.5(A)(5) (concerning lawyer contributions to the campaign committee of a candidate for judicial office). A lawyer is prohibited from aiding a violation of such provisions. Limitations on contributions in the Election Law may also be relevant.

    [2] Unless authorized to do so by law or court order, a lawyer is prohibited from communicating ex parte with persons serving in a judicial capacity in an adjudicative proceeding, such as judges, masters or jurors, or to employees who assist them, such as law clerks. *See* New York Code of Judicial Conduct, Canon 3(B)(6), 22 N.Y.C.R.R. § 100.3(B)(6).

    [3] A lawyer may on occasion want to communicate with a juror or prospective juror after the jury has been discharged. Paragraph (a)(5) permits a lawyer to do so unless the communication is prohibited by law or a court order, but the lawyer must respect the desire of a juror not to talk with the lawyer. The lawyer may not engage in improper conduct during the communication.

    [4] The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's misbehavior is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

PLAINTIFF'S EXHIBIT 28   0111

[4A]   Paragraph (b) prohibits lawyers who are not connected with a case from communicating (or causing another to communicate) with jurors concerning the case.

[4B]   Paragraph (c) extends the rules concerning communications with jurors and members of the venire to communication with family members of the jurors and venire members.

[4C]   Paragraph (d) imposes a reporting obligation on lawyers who have knowledge of improper conduct by or toward jurors, members of the venire, or family members thereof.

PLAINTIFF'S EXHIBIT 28    0112

## RULE 4.1:
## TRUTHFULNESS IN STATEMENTS TO OTHERS

**In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person.**

**Comment**

**Misrepresentation**

[1]     A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. As to dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see Rule 8.4.

**Statements of Fact**

[2]     This Rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category; so is the existence of an undisclosed principal, except where nondisclosure of the principal would constitute fraud. Lawyers should be mindful of their obligations under applicable law to avoid criminal and tortious misrepresentation.

**Illegal or Fraudulent Conduct by Client**

[3]     Under Rule 1.2(d), a lawyer is prohibited from counseling or assisting a client as to conduct that the lawyer knows is illegal or fraudulent. Ordinarily, a lawyer can avoid assisting a client's illegality or fraud by withdrawing from the representation. *See* Rule 1.16(c)(2). Sometimes it may be necessary for the lawyer to give notice of the fact of withdrawal and to disaffirm an opinion, document, affirmation or the like. *See* Rules 1.2(d), 1.6(b)(3).

133

## RULE 4.4:
## RESPECT FOR RIGHTS OF THIRD PERSONS

(a)     In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person or use methods of obtaining evidence that violate the legal rights of such a person.

(b)     A lawyer who receives a document, electronically stored information, or other writing relating to the representation of the lawyer's client and knows or reasonably should know that it was inadvertently sent shall promptly notify the sender.

**Comment**

[1]     Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship.

[2]     Paragraph (b) recognizes that lawyers and law firms sometimes receive a document, electronically stored information, or other "writing as defined in Rule 1.0(x), that was mistakenly sent, produced, or otherwise inadvertently made available by opposing parties or their lawyers. A document, electronically stored information, or other writing is "inadvertently sent" within the meaning of paragraph (b) when it is accidentally transmitted, such as when an email or letter is misaddressed or a document or other writing is accidentally included with information that was intentionally transmitted. One way to resolve this situation is for lawyers and law firms to enter into agreements containing explicit provisions as to how the parties will deal with inadvertently sent documents. In the absence of such an agreement, however, if a lawyer or law firm knows or reasonably should know that such a document or other writing was sent inadvertently, this Rule requires only that the receiving lawyer promptly notify the sender in order to permit that person to take protective measures. Although this Rule does not require that the receiving lawyer refrain from reading or continuing to read the document, a lawyer who reads or continues to read a document that contains privileged or confidential information may be subject to court-imposed sanctions, including disqualification and evidence-preclusion. Whether the lawyer or law firm is required to take additional steps, such as returning the document or other writing, is a matter of law beyond the scope of these Rules, as is the question whether the privileged status of a document or other writing has been waived. Similarly, this Rule does not address the legal duties of a lawyer who receives a document or other writing that the lawyer knows or reasonably should know may have been inappropriately obtained by the sending person. For purposes of this Rule, "document, electronically stored information or other writing" includes not only paper documents, but also email and other forms of electronically stored information – including embedded data (commonly referred to as "metadata") – that is subject to being read or put into readable form. *See* Rule 1.0(x).

[3]     Refraining from reading or continuing to read a document or other writing once a lawyer realizes that it was inadvertently sent and returning the document to the sender or permanently deleting electronically stored information, honors the policy of these Rules to

PLAINTIFF'S EXHIBIT 28     0114

protect the principles of client confidentiality.  Because there are circumstances where a lawyer's ethical obligations should not bar use of the information obtained from an inadvertently sent document or other writing, however, this Rule does not subject a lawyer to professional discipline for reading and using that information.  Nevertheless, substantive law or procedural rules may require a lawyer to refrain from reading an inadvertently sent document or other writing, or to return the document or other writing to the sender or permanently delete electronically stored information, or both.  Accordingly, in deciding whether to retain or use an inadvertently received document or other writing, some lawyers may take into account whether the attorney-client privilege would attach.  But if applicable law or rules do not address the situation, decisions to refrain from reading such a document or other writing or instead to return them, or both, are matters of professional judgment reserved to the lawyer.  *See* Rules 1.2, 1.4.

PLAINTIFF'S EXHIBIT 28    0115

## RULE 8.2:
## JUDICIAL OFFICERS AND CANDIDATES

(a)    A lawyer shall not knowingly make a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer or of a candidate for election or appointment to judicial office.

(b)    A lawyer who is a candidate for judicial office shall comply with the applicable provisions of Part 100 of the Rules of the Chief Administrator of the Courts.

**Comment**

[1]    Assessments by lawyers are relied on in evaluating the professional or personal fitness of persons being considered for election or appointment to judicial office. Expressing honest and candid opinions on such matters contributes to improving the administration of justice. False statements of fact by a lawyer can unfairly undermine public confidence in the administration of justice.

[2]    When a lawyer seeks judicial office, the lawyer may engage in constitutionally protected speech, but is bound by valid limitations on speech and political activity.

[3]    To maintain the fair and independent administration of justice, lawyers are encouraged to continue traditional efforts to defend judges and courts unjustly criticized.

PLAINTIFF'S EXHIBIT 28    0116

## RULE 8.3:
## REPORTING PROFESSIONAL MISCONDUCT

(a)     A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.

(b)     A lawyer who possesses knowledge or evidence concerning another lawyer or a judge shall not fail to respond to a lawful demand for information from a tribunal or other authority empowered to investigate or act upon such conduct.

(c)     This Rule does not require disclosure of:

(1)     information otherwise protected by Rule 1.6; or

(2)     information gained by a lawyer or judge while participating in a bona fide lawyer assistance program.

**Comment**

[1]     Self-regulation of the legal profession requires that members of the profession initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct.  Lawyers have a similar obligation to cooperate with authorities empowered to investigate judicial misconduct.  An apparently isolated violation may indicate a pattern of misconduct that only a disciplinary investigation can uncover.  Reporting a violation is especially important where the victim is unlikely to discover the offense.

[2]     A report about misconduct is not required where it would result in violation of Rule 1.6.  However, a lawyer should encourage a client to consent to disclosure where prosecution would not substantially prejudice the client's interests.

[3]     If a lawyer were obliged to report every violation of the Rules, the failure to report any violation would itself be a professional offense.  Such a requirement existed in many jurisdictions, but proved to be unenforceable.  This Rule limits the reporting obligation to those offenses that a self-regulating profession must vigorously endeavor to prevent.  A measure of judgment is therefore required in complying with the provisions of this Rule.  The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware.  A report should be made to a tribunal or other authority empowered to investigate or act upon the violation.

[3A]     Paragraph (b) requires a lawyer in certain situations to respond to a lawful demand for information concerning another lawyer or a judge.  This Rule is subject to the provisions of the Fifth Amendment to the United States Constitution and corresponding provisions of state law.  A person relying on such a provision in response to a question, however, should do so openly and not use the right of nondisclosure as a justification for failure to comply with this Rule.

PLAINTIFF'S EXHIBIT 28     0117

**RULE 8.2:**
**JUDICIAL OFFICERS AND CANDIDATES**

    **(a)**    **A lawyer shall not knowingly make a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer or of a candidate for election or appointment to judicial office.**

    **(b)**    **A lawyer who is a candidate for judicial office shall comply with the applicable provisions of Part 100 of the Rules of the Chief Administrator of the Courts.**

Comment

    [1]    Assessments by lawyers are relied on in evaluating the professional or personal fitness of persons being considered for election or appointment to judicial office. Expressing honest and candid opinions on such matters contributes to improving the administration of justice. False statements of fact by a lawyer can unfairly undermine public confidence in the administration of justice.

    [2]    When a lawyer seeks judicial office, the lawyer may engage in constitutionally protected speech, but is bound by valid limitations on speech and political activity.

    [3]    To maintain the fair and independent administration of justice, lawyers are encouraged to continue traditional efforts to defend judges and courts unjustly criticized.

PLAINTIFF'S EXHIBIT 28    0118

## RULE 8.3:
## REPORTING PROFESSIONAL MISCONDUCT

(a)    A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.

(b)    A lawyer who possesses knowledge or evidence concerning another lawyer or a judge shall not fail to respond to a lawful demand for information from a tribunal or other authority empowered to investigate or act upon such conduct.

(c)    This Rule does not require disclosure of:

(1)    information otherwise protected by Rule 1.6; or

(2)    information gained by a lawyer or judge while participating in a bona fide lawyer assistance program.

**Comment**

[1]    Self-regulation of the legal profession requires that members of the profession initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct.  Lawyers have a similar obligation to cooperate with authorities empowered to investigate judicial misconduct.  An apparently isolated violation may indicate a pattern of misconduct that only a disciplinary investigation can uncover.  Reporting a violation is especially important where the victim is unlikely to discover the offense.

[2]    A report about misconduct is not required where it would result in violation of Rule 1.6.  However, a lawyer should encourage a client to consent to disclosure where prosecution would not substantially prejudice the client's interests.

[3]    If a lawyer were obliged to report every violation of the Rules, the failure to report any violation would itself be a professional offense.  Such a requirement existed in many jurisdictions, but proved to be unenforceable.  This Rule limits the reporting obligation to those offenses that a self-regulating profession must vigorously endeavor to prevent.  A measure of judgment is therefore required in complying with the provisions of this Rule.  The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware.  A report should be made to a tribunal or other authority empowered to investigate or act upon the violation.

[3A]    Paragraph (b) requires a lawyer in certain situations to respond to a lawful demand for information concerning another lawyer or a judge.  This Rule is subject to the provisions of the Fifth Amendment to the United States Constitution and corresponding provisions of state law.  A person relying on such a provision in response to a question, however, should do so openly and not use the right of nondisclosure as a justification for failure to comply with this Rule.

192

PLAINTIFF'S EXHIBIT 28    0119

[4]     The duty to report professional misconduct does not apply to a lawyer retained to represent a lawyer whose professional conduct is in question.  Such a situation is governed by the Rules applicable to the client-lawyer relationship.

[5]     Information about a lawyer's or judge's misconduct or fitness may be received by a lawyer in the course of that lawyer's participation in a bona fide assistance program for lawyers or judges.  In that circumstance, providing for an exception to the reporting requirements of paragraphs (a) and (b) encourages lawyers and judges to seek assistance and treatment through such a program.  Without such an exception, lawyers and judges may hesitate to seek assistance and treatment from these programs, and this may result in additional harm to their professional careers and additional injury to the welfare of clients and the public.

PLAINTIFF'S EXHIBIT 28     0120

## RULE 8.4:
### MISCONDUCT

A lawyer or law firm shall not:

(a)     violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b)     engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;

(c)     engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d)     engage in conduct that is prejudicial to the administration of justice;

(e)     state or imply an ability:

(1)     to influence improperly or upon irrelevant grounds any tribunal, legislative body or public official; or

(2)     to achieve results using means that violate these Rules or other law;

(f)     knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

(g)     unlawfully discriminate in the practice of law, including in hiring, promoting or otherwise determining conditions of employment on the basis of age, race, creed, color, national origin, sex, disability, marital status, sexual orientation, gender identity, or gender expression.  Where there is a tribunal with jurisdiction to hear a complaint, if timely brought, other than a Departmental Disciplinary Committee, a complaint based on unlawful discrimination shall be brought before such tribunal in the first instance.  A certified copy of a determination by such a tribunal, which has become final and enforceable and as to which the right to judicial or appellate review have been exhausted, finding that the lawyer has engaged in an unlawful discriminatory practice shall constitute prima facie evidence of professional misconduct in a disciplinary proceeding; or

(h)     engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

### Comment

[1]     Lawyers are subject to discipline when they violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another, as when they request or instruct an agent to do so on their behalf.  Paragraph (a), however, does not prohibit a lawyer from advising a client concerning action the client is legally entitled to take.

PLAINTIFF'S EXHIBIT 28    0121

[2]     Many kinds of illegal conduct reflect adversely on fitness to practice law.  Illegal conduct involving violence, dishonesty, fraud, breach of trust, or serious interference with the administration of justice is illustrative of conduct that reflects adversely on fitness to practice law.   A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

[3]     The prohibition on conduct prejudicial to the administration of justice is generally invoked to punish conduct, whether or not it violates another ethics rule, that results in substantial harm to the justice system comparable to those caused by obstruction of justice, such as advising a client to testify falsely, paying a witness to be unavailable, altering documents, repeatedly disrupting a proceeding, or failing to cooperate in an attorney disciplinary investigation or proceeding.  The assertion of the lawyer's constitutional rights consistent with Rule 8.1, Comment [2] does not constitute failure to cooperate.  The conduct must be seriously inconsistent with a lawyer's responsibility as an officer of the court.

[4]     A lawyer may refuse to comply with an obligation imposed by law if such refusal is based upon a reasonable good-faith belief that no valid obligation exists because, for example, the law is unconstitutional, conflicts with other legal or professional obligations, or is otherwise invalid.  As set forth in Rule 3.4(c), a lawyer may not disregard a specific ruling or standing rule of a tribunal, but can take appropriate steps to test the validity of such a rule or ruling.

[4A]     A lawyer harms the integrity of the law and the legal profession when the lawyer states or implies an ability to influence improperly any officer or agency of the executive, legislative or judicial branches of government.

[5]     Lawyers holding public office assume legal responsibilities going beyond those of other citizens.  A lawyer's abuse of public office can suggest an inability to fulfill the professional role of lawyers.  The same is true of abuse of positions of private trust such as trustee, executor, administrator, guardian, agent and officer, director or manager of a corporation or other organization.

[5A]     Unlawful discrimination in the practice of law on the basis of age, race, creed, color, national origin, sex, disability, marital status, or sexual orientation is governed by paragraph (g).

PLAINTIFF'S EXHIBIT 28     0122