IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **QUYNH VU BAIN,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **OFFICE OF THE ATTORNEY GENERAL** ) <br> U.S. Department of Justice, et. al ) <br> ) <br> Defendants. ) <br> ) | No. 21-Civ-1751 (RDM) |

**PLAINTIFF'S MOTION FOR LEAVE TO MODIFY PLAINTIFF'S
EXHIBIT 6 FOR FILING ON THE PUBLIC DOCKET**

On July 5, 2023, this Honorable Court directed Plaintiff to file previously sealed Exhibit 6 on the public docket by July 12, 2023. Plaintiff respectfully requests the Court's permission to file a modified version of Exhibit 6 that contains additional evidence addressing certain fact findings by the Equal Employment Opportunity Commission (EEOC) that Plaintiff believes are erroneous. Dated August 19, 2021, that EEOC decision is also found in Exhibit 6.

In support of this motion, Plaintiff avers the following facts:

1. Exhibit 6 contains a motion for reconsideration that Plaintiff filed with the EEOC on April 29, 2021. The motion sought the EEOC's reconsideration of its February 26, 2020 decision to dismiss Plaintiff's administrative EEOC action by summary judgment and its March 24, 2021 decision to affirm the EEOC administrative judge's summary judgment decision. The EEOC denied the motion for reconsideration on August 19, 2021.

2. In its August 19, 2021 decision to deny Plaintiff's motion for reconsideration, the EEOC states:

> Although the AJ did not analyze these claims individually, the Agency's April 5, 2019 motion for summary judgment, which the AJ summarily adopted, indicated that: (1) [Plaintiff's] August 2015 rating was based on an assessment of [Plaintiff's] performance against the standards set forth in the rating criteria; (2) [Plaintiff] was denied permission to speak at a training conference based on her recent displays of unprofessional conduct; (3) [Plaintiff] was not selected to be a BIA Board Member because she was not one of the most qualified candidates, she was not selected for an interview, and the selection panel had made interview determinations in September 2015 which occurred before [Plaintiff] contacted the EEO office in October 2015; and (4) [Plaintiff] was issued a Letter of Counseling because of her unprofessional conduct with a co-worker."

3. Since the EEOC did not provide record citations for the above fact findings, Plaintiff is unable to directly refute the findings and argue that they are wrong. Plaintiff, however, would like to introduce additional evidence in Exhibit 6 showing that the EEOC's fact findings are erroneous.

4. Pages 28-29 of Exhibit 6 show that Plaintiff received very favorable reviews for her participation in a pro bono training program for 200 attorneys in December 2014. Page 30 of Exhibit 6 shows that Plaintiff was certified to the selection official as a qualified candidate but was not selected for a Board Member position. Page 31 of Exhibit is a recommendation letter from a court interpreter who worked closely with Plaintiff over a two-year period. The court interpreter stated:

> Over the past two years I have had the privilege of working with Judge Bain and I can say that I have never seen a person perform their duties with such commitment and dedication.
>
> Judge Bain's sense of justice, fairness and impartiality are an inspiration for all. She is a person that I have known to be respectful, honest, and kind, which makes her not only a great judge, but an outstanding individual.
>
> Working by her side has made me better as an interpreter and as a person. Without a doubt, she is a role model for many in the justice system.

These attributes demonstrate someone with an exceptional character, therefore, I recommend the Honorable Judge Bain without reservation for any task or endeavor she may seek where dedication, hard work and trustworthiness are valued.  I think highly of Judge Bain, and you will find my trust in her to be well placed.

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to file the modified version of Exhibit 6 on the public docket.

Date:  July 12, 2023	Respectfully submitted,

QUYNH VU BAIN
*Pro Se* Plaintiff
213 Third Street, SE
Washington, DC  20003
(202) 910-8553