IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **QUYNH VU BAIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **No. 21-Civ-1751 (RDM)** |
| v. ) | |
| ) | |
| **OFFICE OF THE ATTORNEY GENERAL** ) | |
| U.S. Department of Justice, et. al ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S STATEMENT CONCERNING THE COURT'S JURISDICTION**

Pursuant to the Court's July 5, 2023 Minute Order, Plaintiff respectfully advises this Court of her position that the Court has subject matter jurisdiction over all the causes of action and claims presented in this case. Accordingly, the Court should decline to stay this district court proceeding and return this matter to the MSPB for resolution. In addition to the arguments presented below, Plaintiff incorporates into this statement her previous opposition to Defendants' stay motion. *See* ECF No. 77.

The Court's jurisdiction arises under the following two statutory provisions. The first provision, Section 7702(e)(1)(B) of Title 5, states that:

<u>Notwithstanding any other provision of law</u>, if at any time after –

(B)   the 120th day following the filing of an appeal with the [MSPB] under subsection (a)(1) of this section, there is no judicially reviewable action (unless such action is not as the result of the filing of a petition by the employee under subsection (b)(1) of this section); . . .

an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967

>(29 U.S.C. 633a(c)), or section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. 216(b)).

5 U.S.C. § 7702(e)(1)(B) (emphasis added).

The second provision, Section 717(c) of the Civil Rights Act of 1964, states that

>. . . after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title. . . .

42 U.S.C. § 2000e-16.

When read in conjunction with Section 7702(e)(1)(B)'s "notwithstanding any other provision of law" language, Section 717(c) operates to divest the MSPB of jurisdiction over a mixed case appeal if it fails to act within 120 days. *See Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) (The "use of . . . a 'notwithstanding' clause . . . signals the drafter's intention that the provisions of the 'notwithstanding" section override conflicting provisions of any other section.").[1]  The aggrieved employee shall then be entitled to file suit in federal district court 180 days after she filed her mixed case appeal with the MSPB.  *See* 5 U.S.C. §§ 7703(b)(2) & 7702(e)(1)(B).  *See also Brown v. GSA*, 425 U.S. 820, 832 (1976) (Section 717(c) confers a right

---

[11] Due to the parties' disagreement regarding the applicability of the Supreme Court's decisions in *Kloeckner v. Solis*, 568 U.S. 41 (2012), and *Perry v. MSPB*, 137 S. Ct. 1975 (2017), to this situation, Plaintiff has proceeded on the assumption that the district court and the MSPB proceedings are parallel.  Accordingly, she has requested to stay the MSPB proceeding in the interest of conserving judicial resources and avoiding costly and duplicative parallel litigation, while she continues to pursue this district court action.  *See* ECF No. 79.  On June 28, 2023, the MSPB administrative judge agreed once again to dismiss Plaintiff's mixed case appeal without prejudice to reinstatement in six months, or by October 25, 2023.

to judicial review by permitting an aggrieved federal employee to file a civil action in federal district court if, after 180 days from the filing of the charge or appeal, the employing agency or the [EEOC] has not taken final action on the charge or appeal).

The Court is the proper forum for resolving all of the causes of action and claims presented in Plaintiff's first amended complaint, including her claims under the FOIA and Privacy Act and the Whistleblower Protection Act.  5 U.S.C. §§ 7703(b)(2), 7702(b)(2), 7702(e)(3).  As Plaintiff previously argued, a return of this case to the MSPB would substantially prejudice her interests.  *See* ECF No. 77 at 1.  If, as Defendants now contend, the MSPB is vested with "primary jurisdiction" over Plaintiff's mixed case appeal (*see* ECF No. 80 at 1), they should have allowed the MSPB to hear the appeal in the first instance, instead of moving to dismiss it under the reasoning of *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  The effect of the *Lucia* dismissal motion was to prevent the MSPB from acting on Plaintiff's appeal for two years.  During that time, Plaintiff was unable to access discoverable evidence relating to her removal.  MSPB discovery, however limited in scope, was simply unavailable.  Moreover, certain claims that she initially raised in the MSPB proceeding, such as the age discrimination claim, became stale and are no longer actionable.

For these reasons, the Court should decline Defendants' invitation to stay this district court proceeding.  In this situation, the MSPB only has appellate review authority.  *See* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017) (noting that the district court has *de novo* fact finding authority, whereas the MSPB's review authority is limited to an APA-type record review).  Given the MSPB's limited scope of review, a stay would deprive Plaintiff of the ability to obtain discoverable evidence that she needs to oppose her removal and to establish her affirmative defenses to removal.  Furthermore, Defendants have not fully complied with this Court's July 25, 2022 Order to release to Plaintiff all records that are responsive to her

FOIA and Privacy Act requests. If the Court were inclined to grant the stay motion, Plaintiff respectfully requests that the Court postpone consideration of the motion, until Defendants have fully complied with the Court's July 25, 2022 disclosure order.

Date:  July 12, 2023                                                    Respectfully submitted,

                                                                                        QUYNH VU BAIN
                                                                                        *Pro Se* Plaintiff
                                                                                        213 Third Street, SE
                                                                                        Washington, DC  20003
                                                                                        (202) 910-8553