<u>Bain v. U.S. Department of Justice</u>,
No. 21-cv-1751 (D.D.C.) (RDM)

ATTACHMENT A

To Plaintiff's Proposed Second Amended Complaint

Filed on August 2, 2023

🇺🇸 An official website of the United States government
Here's how you know ✉




## OPR'S HISTORY, MISSION, AND JURISDICTION

1. When was OPR created?
2. What is OPR's purpose?
3. Is OPR separate from the litigating components of the Department of Justice?
4. What types of professional misconduct allegations does OPR investigate?
5. What are the sources of OPR's matters?
6. Does OPR release its professional misconduct findings to the public?
7. Does OPR investigate alleged misconduct by non-Department attorneys or judges?
8. Does OPR investigate non-attorneys?
9. I am a private citizen, and I believe my attorney engaged in misconduct. Is that something OPR can investigate?

## OPR'S ROLE AND RELATIONSHIP TO OTHER OFFICES AND CONGRESS

1. What types of professional misconduct allegations does OPR investigate?
2. What are the sources of OPR's matters?
3. Is OPR separate from the litigating components of the Department of Justice?
4. What is the difference between OPR and the Office of the Inspector General (OIG)?
5. What is the difference between OPR and the Professional Misconduct Review Unit (PMRU)?
6. What is the difference between OPR and the Professional Responsibility Advisory Office (PRAO)?
7. What is the difference between OPR and the Departmental Ethics Office?
8. What is OPR's relationship to Congress?
9. Does OPR release its professional misconduct findings to the public?

## PROFESSIONAL MISCONDUCT ALLEGATIONS INVESTIGATED BY OPR

1. What types of professional misconduct allegations does OPR investigate?
2. What are the sources of OPR's matters?
3. What is the standard for a Department employee to refer a matter to OPR?
4. Who conducts OPR investigations?
5. Are OPR investigations independent of the litigating components of the Department of Justice?
6. What are the potential penalties for professional misconduct?
7. Does OPR release its professional misconduct findings to the public?

## OPR'S INVESTIGATIVE PROCESS

1. What is OPR's process for determining whether Department personnel have engaged in professional misconduct?
2. How long does an OPR investigation take?

3. *Does OPR investigate allegations of professional misconduct while the underlying case is being litigated or pending on appeal?*
4. *Are the subjects of OPR investigations permitted to have attorneys represent them?*
5. *Does OPR have the authority to issue subpoenas to compel testimony or the production of documents?*
6. *Can subjects or witnesses refuse to cooperate with OPR investigations?*
7. *Does OPR continue its investigation even if the subject attorney resigns or retires from the Department?*
8. *What does OPR do with the information it obtains in its investigations?*
9. *Does OPR release its professional misconduct findings to the public?*

## OPR'S STANDARD OF REVIEW, INVESTIGATIVE FINDINGS, AND REVIEW OF OPR CONCLUSIONS

1. *What conduct constitutes professional misconduct?*
2. *What is OPR's standard of review?*
3. *What happens if OPR doesn't find professional misconduct?*
4. *What is the difference between intentional misconduct, reckless misconduct, poor judgment, and a mistake?*
5. *Are OPR's professional misconduct findings subject to review?*
6. *What does OPR do with the information it obtains in its investigations?*
7. *Does OPR release its professional misconduct findings to the public?*

## PUBLIC DISCLOSURE OF OPR INVESTIGATIVE FINDINGS

1. *What does OPR do with the information it obtains in its investigations?*
2. *Does OPR release its professional misconduct findings to the public?*
3. *Does OPR report its findings to Congress?*

## REPORTING PROFESSIONAL MISCONDUCT TO OPR

1. *What are the sources of OPR's cases?*
2. *Who can file a complaint?*
3. *How do I submit a complaint to OPR?*
4. *If I report misconduct, will I be notified of the results of OPR's investigations?*
5. *Is there a time limit or statute of limitations on professional misconduct complaints?*
6. *I am a private citizen, and I believe my attorney engaged in misconduct. Is that something OPR can investigate?*

## FBI WHISTLEBLOWER QUESTIONS

1. *Does OPR investigate FBI whistleblower complaints like the Office of the Inspector General (OIG)?*
2. *If I file an FBI whistleblower complaint, will I be notified of the results of OPR's investigation?*
3. *Is there a time limit or statute of limitations on filing an FBI whistleblower complaint?*

## OPR's History, Mission, and Jurisdiction

### When was OPR created?

In 1975, following revelations of ethical abuses and serious misconduct by senior Department officials during the Watergate scandal, Attorney General Edward Levi issued an order establishing OPR. That order directed OPR to "receive and review any information concerning conduct by a Department employee that may be in violation of law, regulations or orders, or applicable standards of conduct."

During its more than 40-year history, OPR has developed unique expertise conducting internal investigations concerning matters involving alleged professional misconduct. OPR has consistently sought to exercise its investigative authority with the highest degree of integrity, objectivity, and independence, regardless of the controversy or public profile of a particular matter. Return to the top

### What is OPR's purpose?

OPR's primary mission is to ensure that Department attorneys perform their duties in accordance with the highest professional standards, as would be expected of the nation's principal law enforcement agency. In addition, through investigations of FBI whistleblower retaliation complaints, OPR seeks to ensure that current, former, and prospective FBI employees who report what they reasonably believe to be misconduct are protected from retaliation. Return to the top

### Is OPR separate from the litigating components of the Department of Justice?

Yes. OPR reports directly to the Attorney General and the Deputy Attorney General. The head of OPR is a career member of the Senior Executive Service. Return to the top

### What types of professional misconduct allegations does OPR investigate?

OPR investigates allegations of misconduct at all levels of the Department. Many of OPR's investigations involve complex legal and ethical issues involving criminal prosecutions, national security matters, civil litigation, and other areas of the law handled by the Department. OPR also has jurisdiction to investigate other matters assigned by the Attorney General or Deputy Attorney General. Return to the top

### What are the sources of OPR's matters?

OPR receives allegations from a variety of sources, including U.S. Attorney's offices and other Department components, courts, Congress, media reports, other federal agencies, state and local government agencies, private citizens, private attorneys, criminal defendants, civil litigants, and self-referrals. OPR also regularly conducts its own searches to identify judicial findings of misconduct against Department attorneys. Those individuals who believe they have information concerning non-frivolous allegations of serious professional misconduct involving Department attorneys' exercise of their authority to investigate, litigate, or provide legal advice on behalf of the United States may submit a complaint to OPR. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

### Does OPR investigate alleged misconduct by non-Department attorneys or judges?

Generally, no. OPR does not accept complaints from non-Department sources alleging misconduct by

PLAINTIFF'S ATTACHMENT A    0004

judges or attorneys who are not employed by Department of Justice. However, Department attorneys must report to OPR any allegations of professional misconduct by non-Department attorneys or judges. When it receives such a referral, OPR determines whether to report the allegations to appropriate disciplinary officials. The Department has established a protocol that accommodates both the Department attorney's professional obligation to report an attorney's unethical conduct to state bar disciplinary authorities, as well as the Department's interest in protecting confidential information. Return to the top

### Does OPR investigate non-attorneys?

Yes, sometimes. OPR has jurisdiction to investigate allegations of misconduct against Department law enforcement personnel that relate to allegations of attorney misconduct within the jurisdiction of OPR. OPR also has jurisdiction to investigate FBI whistleblower retaliation claims, which may involve non-attorney FBI personnel. Return to the top

### I am a private citizen, and I believe my attorney engaged in misconduct. Is that something OPR can investigate?

No. Citizens who believe an attorney representing them engaged in professional misconduct should contact their local bar association or state disciplinary authority. Return to the top

## OPR's Role and Relationship to Other Offices and Congress

### What types of professional misconduct allegations does OPR investigate?

OPR investigates allegations of misconduct at all levels of the Department. Many of OPR's investigations involve complex legal and ethical issues involving criminal prosecutions, national security matters, civil litigation, and other areas of the law handled by the Department. OPR also has jurisdiction to investigate other matters assigned by the Attorney General or Deputy Attorney General. Return to the top

### What are the sources of OPR's matters?

OPR receives allegations from a variety of sources, including U.S. Attorney's offices and other Department components, the courts, Congress, media reports, other federal agencies, state and local government agencies, private citizens, private attorneys, criminal defendants, civil litigants, and self-referrals. OPR also regularly conducts its own searches to identify judicial findings of misconduct against Department attorneys. Those individuals who believe they have information concerning non-frivolous allegations of serious professional misconduct involving Department attorneys' exercise of their authority to investigate, litigate, or provide legal advice on behalf of the United States may submit a complaint to OPR. Return to the top

### Is OPR separate from the litigating components of the Department of Justice?

Yes. OPR reports directly to the Attorney General and Deputy Attorney General. The head of OPR is a career member of the Senior Executive Service. Return to the top

### What is the difference between OPR and the Office of the Inspector General (OIG)?

OPR is an office separate from the litigating components of the Department. OPR's Director is a nonpartisan member of the Senior Executive Service appointed by the Attorney General. OPR has exclusive jurisdiction to investigate allegations of misconduct made against Department attorneys and law enforcement personnel that relate to the attorneys' exercise of their authority to investigate, litigate, or provide legal advice. OPR also has jurisdiction to investigate allegations of misconduct against Department law enforcement personnel that relate to allegations of attorney misconduct within the

jurisdiction of OPR.

The OIG was established by statute in 1989. The OIG is separate from the litigating components of the Department and is headed by an official nominated by the President and confirmed by the Senate. The OIG has jurisdiction to investigate alleged criminal, civil, and administrative violations by Department employees, and to conduct audits and inspections of Department programs in keeping with its mission to detect and deter waste, fraud, and abuse in Department programs.

Therefore, the OIG ordinarily will refer to OPR allegations that reflect on the professional ethics of a Department attorney. Similarly, OPR ordinarily will refer to the OIG complaints involving Department attorneys that are unrelated to their authority to investigate, litigate, or provide legal advice. For example, OPR would investigate an allegation that a Department attorney failed to comply with the government's discovery obligations in a criminal case, but would refer to the OIG an allegation that a Department employee failed to comply with time and attendance or travel rules and regulations.

OPR and the OIG share jurisdiction to investigate allegations of whistleblower retaliation made by current, former, and prospective employees of the FBI. Individuals who suffered an actual or threatened adverse personnel action in retaliation for a protected disclosure may file a whistleblower retaliation complaint with OPR or the OIG. Return to the top

### What is the difference between OPR and the Professional Misconduct Review Unit (PMRU)?

PMRU is a unit within the Office of the Deputy Attorney General that reviews findings of professional misconduct made by OPR in most matters. PMRU also has the authority to determine the appropriate discipline in response to findings of professional misconduct. Return to the top

### What is the difference between OPR and the Professional Responsibility Advisory Office (PRAO)?

PRAO is an advisory office responsible for giving advice to Department attorneys and conducting trainings for Department components concerning issues related to professional responsibility. OPR is an investigative office responsible for investigating allegations of professional misconduct involving Department attorneys. Therefore, complaints about a Department attorney's professional conduct should be referred to OPR. By contrast, Department attorneys in need of advice concerning a professional responsibility issue that may have arisen in the course of their duties should contact PRAO. Return to the top

### What is the difference between OPR and the Departmental Ethics Office?

The Departmental Ethics Office administers the Department-wide ethics program and implements Department regulations and policies concerning ethics issues. Examples of issues handled by the Departmental Ethics Office include gifts, travel, conflicts of interest, outside employment, political activities, and procurement integrity. OPR is an investigative office responsible for investigating allegations of professional misconduct involving Department attorneys. Therefore, complaints about a Department attorney's professional conduct should be referred to OPR. Return to the top

### What is OPR's relationship to Congress?

OPR is an office within the Department of Justice. Periodically, congressional committees or individual members of Congress may refer matters to OPR for review or request information concerning a matter within OPR's jurisdiction. Consistent with its practices and procedures, OPR independently reviews such matters and responds as appropriate and permissible under the circumstances. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

## Professional Misconduct Allegations Investigated by OPR

### What types of professional misconduct allegations does OPR investigate?

OPR's investigations involve allegations of misconduct at all levels of the Department. Many of OPR's investigations involve complex legal and ethical issues involving criminal prosecutions, national security matters, civil litigation, and other areas of the law handled by the Department. OPR also has jurisdiction to investigate other matters assigned by the Attorney General or Deputy Attorney General. Return to the top

### What are the sources of OPR's matters?

OPR receives allegations from a variety of sources, including U.S. Attorney's offices and other Department components, courts, Congress, media reports, other federal agencies, state and local government agencies, private citizens, private attorneys, criminal defendants, civil litigants, and self-referrals. OPR also regularly conducts its own searches to identify judicial findings of misconduct against Department attorneys. Those individuals who believe they have information concerning non-frivolous allegations of serious professional misconduct involving Department attorneys' exercise of their authority to investigate, litigate, or provide legal advice on behalf of the United States may submit a complaint to OPR. Return to the top

### What is the standard for a Department employee to refer a matter to OPR?

The standard for determining whether a Department employee must refer a matter to OPR is set forth in the Department's Justice Manual (JM). JM § 1-4.300 requires Department employees to report to their supervisor any evidence or non-frivolous allegation that a Department attorney has engaged in professional misconduct in connection with the attorney's responsibility to investigate, litigate, or provide legal advice. Department employees also are required to report to their supervisor any evidence or non-frivolous allegations of misconduct against Department law enforcement personnel related to allegations of attorney professional misconduct within OPR's jurisdiction.

Upon receiving a report, the supervisor is required to evaluate whether the allegation is non-frivolous and the misconduct is of a serious nature. If so, the supervisor must report the allegation to OPR through the component. If the evidence or allegation concerns an Assistant United States Attorney, the supervisor also must notify EOUSA General Counsel's Office. If the supervisor was involved in the alleged misconduct, the supervisor must bring the evidence or non-frivolous allegation of misconduct to the attention of a higher-ranking official regardless of whether the supervisor believes the misconduct to be of a serious nature. In addition to reporting alleged misconduct to a supervisor, a Department employee may report misconduct allegations directly to OPR. Return to the top

### Who conducts OPR investigations?

OPR attorneys conduct OPR investigations with the assistance of legal, IT, and administrative support personnel. OPR attorneys are highly experienced criminal prosecutors and civil litigators, including many former senior supervisors, and they are committed to integrity, objectivity, and independence in their investigations. They are responsible for reviewing and analyzing allegations of misconduct, as well as conducting appropriate investigations of the allegations. Those investigations include witness and subject interviews, document review, and drafting an investigative report containing OPR's findings and conclusions. Return to the top

### Are OPR investigations independent of the litigating components of the Department of Justice?

Yes. OPR reports directly to the Attorney General and Deputy Attorney General. The head of OPR is a career member of the Senior Executive Service. OPR investigations are conducted by a staff of experienced, career Department attorneys and support professionals dedicated to the highest standards of integrity. Return to the top

### What are the potential penalties for professional misconduct?

OPR does not make disciplinary decisions. In most cases in which OPR has made a professional misconduct finding, appropriate disciplinary decisions are made by the Professional Misconduct Review Unit (PMRU). In accordance with its practices and procedures, PMRU may issue a reprimand, suspension, or removal. In cases involving violations of rules of professional conduct, PMRU may request that OPR refer the matter to bar authorities for disciplinary proceedings. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

## OPR's Investigative Process

### What is OPR's process for determining whether Department personnel have engaged in professional misconduct?

Because OPR's inquiries and investigations involve a wide range of allegations, its investigative methods vary accordingly. Generally, however, the first step after receiving an allegation is to conduct an initial review of the allegations to determine whether further review is warranted. This determination is based on several factors, including the nature of the allegation, its apparent credibility, its specificity, its susceptibility to verification, and its source. Most complaints received by OPR are determined not to warrant further review because, for example, the complaint on its face appears to be without merit, is outside OPR's jurisdiction, or is unsupported by any evidence. In such cases, OPR will close the matter without informing the subject attorney of the complaint.

When OPR has determined that an allegation warrants further review, OPR will initiate an inquiry. In such cases, OPR may request additional information from the complainant, the subject attorney, and other sources. If the requested information is sufficient to resolve the matter, OPR will close the matter at the inquiry stage.

In cases that cannot be resolved based solely on the written record or that involve more serious allegations, OPR ordinarily initiates an investigation, which includes obtaining relevant documents, conducting witness interviews, and interviewing the subject attorney. The decision to conduct an investigation does not give rise to a presumption of professional misconduct. OPR makes professional misconduct findings only after conducting a full investigation. **Here** is a chart summarizing OPR's investigative process in professional misconduct cases. Return to the top

### How long does an OPR investigation take?

It depends. Because OPR's inquiries and investigations involve a wide range of allegations, the investigative methods used and the length of time required to complete an investigation vary accordingly. Return to the top

### Does OPR investigate allegations of professional misconduct while the underlying case is being litigated or pending on appeal?

Depending on the circumstances. Judicial findings of misconduct must be reported to OPR regardless of whether the case is still pending before the trial or appellate court. OPR generally does not investigate allegations of professional misconduct that have been submitted, or could have been submitted, to the court for the court's consideration during litigation, unless the court has issued a finding of misconduct against the Department attorney. Return to the top

### Are the subjects of OPR investigations permitted to have attorneys represent them?

Generally, yes. Although Department personnel are not entitled to the assistance of counsel in most OPR investigations, OPR ordinarily will permit the assistance of counsel on the condition that counsel not delay or disrupt OPR's investigation. Counsel must be actually retained by the employee as a legal representative, not as an observer. Counsel may not be permitted access to grand jury information and confidential criminal investigative information. Return to the top

### Does OPR have the authority to issue subpoenas to compel testimony or the production of documents?

No, OPR does not have authority to issue witness or document subpoenas to non-Department personnel. However, under Department regulations, all Department personnel are obligated to cooperate with OPR investigations, which includes providing documents requested by OPR. The failure to cooperate may be a basis for formal disciplinary action, including removal. Return to the top

### Can subjects or witnesses refuse to cooperate with OPR investigations?

All Department employees are obligated to cooperate with OPR investigations and must respond to questions posed during the course of an investigation upon being informed that their statements will not be used to incriminate them in a criminal proceeding. Employees who refuse to cooperate with OPR investigations may be subject to formal discipline, including removal. Return to the top

### Does OPR continue its investigation even if the subject attorney resigns or retires from the Department?

Yes. OPR ordinarily completes its investigation in order to better assess the litigation impact of the alleged misconduct, to permit the Attorney General and Deputy Attorney General to evaluate the need for changes in Department policies or practices, and to refer misconduct findings to state bar disciplinary

authorities when appropriate. In certain cases, however, the Office of the Deputy Attorney General may approve termination of an investigation when appropriate. Return to the top

### What does OPR do with the information it obtains in its investigations?

In addition to internal uses by Department officials, OPR's findings may be disseminated for "routine uses," including the following disclosures: to other agencies and officials for law enforcement purposes; to individuals or agencies in order to elicit information relevant to the investigation or another pending proceeding; to a court, grand jury, or regulatory or administrative agency; to other federal agencies when requested in connection with the hiring or retention of an employee, the issuance of a security clearance, or the investigation of an employee; to complainants to inform them of the results of OPR's review of their complaints; and to the subjects of an inquiry or investigation. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

## OPR's Standard of Review, Investigative Findings, and Review of OPR Conclusions

### What conduct constitutes professional misconduct?

OPR will find that a Department attorney committed professional misconduct when a preponderance of the evidence establishes the following essential elements:

(1)   A violation of a clear and unambiguous legal obligation or professional standard; and
(2)   The violation was intentional, or resulted from the attorney's reckless disregard of the clear and unambiguous legal obligation or standard.

Return to the top

### What is OPR's standard of review?

Preponderance of the evidence. A professional misconduct finding is appropriate when a preponderance of the evidence establishes that the attorney intentionally violated or recklessly disregarded a clear and unambiguous legal obligation or professional standard. Return to the top

### What happens if OPR doesn't find professional misconduct?

In some cases, OPR may conclude that a subject attorney's conduct does not satisfy the elements necessary for a professional misconduct finding, but the circumstances warrant another finding. In those cases, OPR may consider whether the attorney exercised poor judgment, made a mistake, or otherwise acted inappropriately under the circumstances. OPR also may determine that the subject attorney's conduct was appropriate under the circumstances. Return to the top

### What is the difference between intentional misconduct, reckless misconduct, poor judgment, and a mistake?

Intentional misconduct and reckless misconduct are two types of professional misconduct findings made by OPR. Poor judgment and mistake are two other possible adverse conclusions when OPR determines that a subject attorney's conduct does not satisfy the elements necessary for either an intentional or reckless misconduct finding.

Intentional misconduct refers to a violation of a clear and unambiguous legal obligation or professional standard that is either purposeful or knowing. Conduct is purposeful when the attorney takes or fails to take an action in order to obtain a result that is unambiguously prohibited by the applicable obligation or standard. By contrast, conduct is knowing when the attorney takes or fails to take an action with knowledge of the natural or probable consequences of the conduct, and those consequences are unambiguously prohibited by the applicable obligation or standard.

Reckless misconduct refers to a violation of a clear and unambiguous legal obligation or professional standard that resulted from the attorney's reckless disregard of the obligation or standard. This determination is based on a three factors.

> First, OPR considers whether the attorney knew, or should have known, of the obligation or standard based on the attorney's experience and the unambiguous nature of the obligation or standard.
>
> Second, OPR considers whether the attorney knew, or should have known, that the attorney's conduct was substantially likely to violate or cause a violation of an obligation or standard based on the attorney's experience and the unambiguous applicability of the obligation or standard.
>
> Third, OPR considers whether the attorney nonetheless engaged in the conduct, which was objectively unreasonable under all the circumstances.

Ultimately, after considering the nature and circumstances of the attorney's conduct and the facts known to the attorney, OPR will find that an attorney's disregard of an obligation or standard is reckless if the conduct amounted to a gross deviation from the standard of conduct that an objectively reasonable attorney would observe in the same situation.

Poor judgment refers to a circumstance in which the subject attorney had appropriate alternatives available, but the attorney chose an action or course of action that was in marked contrast to that which the Department would reasonably expect of an attorney exercising good judgment. For example, an attorney exercises poor judgment when the attorney takes an action in a situation involving obviously problematic circumstances without first seeking supervisory advice or guidance, because the Department would reasonably expect that an attorney exercising good judgment would consult with a supervisor before proceeding in such circumstances.

Mistake refers to a circumstance in which the attorney's conduct resulted from excusable human error despite the attorney's exercise of reasonable care under the circumstances. OPR considers various factors when examining whether an attorney's error was excusable. Those factors include, for example, the attorney's opportunity to plan and reflect on the possible and foreseeable consequences of the conduct; the significance of the conduct compared with the breadth and magnitude of the attorney's overall responsibilities and actions; and the extent to which the error was consistent with the attorney's usual conduct. Return to the top

### Are OPR's professional misconduct findings subject to review?

PLAINTIFF'S ATTACHMENT A    0011

In certain circumstances, yes. The Professional Misconduct Review Unit (PMRU) has the authority to review findings of professional misconduct made by OPR in matters involving most Department attorneys. PMRU generally does not review poor judgment findings.

When OPR determines that an attorney subject to PMRU's jurisdiction has committed professional misconduct, OPR provides its report of investigation directly to PMRU for review without making a disciplinary recommendation. If PMRU determines that OPR's misconduct findings are not supported by the evidence, it refers the matter to the United States Attorney or component head for action consistent with PMRU's determination. PMRU's determination is the Department's final decision on the matter.

If PMRU determines that OPR's misconduct findings are supported by the evidence, PMRU makes a disciplinary recommendation based on input from the subject attorney and the subject attorney's component. PMRU may issue a reprimand, suspension, or removal. In cases involving violations of rules of professional conduct, PMRU may request that OPR refer the matter to bar authorities for disciplinary proceedings. Return to the top

### What does OPR do with the information it obtains in its investigations?

In addition to internal uses by Department officials, OPR's findings may be disseminated for "routine uses," including the following disclosures: to other agencies and officials for law enforcement purposes; to individuals or agencies in order to elicit information relevant to the investigation or another pending proceeding; to a court, grand jury, or regulatory or administrative agency; to other federal agencies when requested in connection with the hiring or retention of an employee, the issuance of a security clearance, or the investigation of an employee; to complainants to inform them of the results of OPR's review of their complaints; and to the subjects of an inquiry or investigation. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

## Public Disclosure of OPR Investigative Findings

### What does OPR do with the information it obtains in its investigations?

In addition to internal uses by Department officials, OPR's findings may be disseminated for "routine uses," including the following disclosures: to other agencies and officials for law enforcement purposes; to individuals or agencies in order to elicit information relevant to the investigation or another pending proceeding; to a court, grand jury, or regulatory or administrative agency; to other federal agencies when requested in connection with the hiring or retention of an employee, the issuance of a security clearance, or the investigation of an employee; to complainants to inform them of the results of OPR's review of their complaints; and to the subjects of an inquiry or investigation. Return to the top

### Does OPR release its professional misconduct findings to the public?

Yes, although the Privacy Act significantly limits the Department from disclosing information concerning individual misconduct investigations. Despite Privacy Act limitations, which apply to all Department components, OPR publicly releases summaries of concluded investigations and statistical information concerning the complaints it receives and the number of inquiries and investigations it accepts and resolves. This includes the sources of complaints and allegations; the categories of allegations made and resolved; and whether closed investigations resulted in findings of professional misconduct, poor judgment, or mistake. In addition, OPR provides complainants with information concerning the resolution of their complaint, and the Department refers to bar disciplinary authorities any findings of professional misconduct that implicate bar rules. Upon written request, OPR also furnishes to judges OPR's findings when those findings relate to the work of the court. The Department, when appropriate, also has furnished OPR investigative reports to Congress, when requested by the chair of a congressional committee. More information regarding OPR's disclosure policies can be found here. Return to the top

### Does OPR report its findings to Congress?

Periodically, congressional committees or individual members of Congress may refer matters to OPR for review or request information concerning a matter within OPR's jurisdiction. Consistent with its practices and procedures, OPR independently reviews such matters and responds as appropriate and permissible under the circumstances. Return to the top

## Reporting Professional Misconduct to OPR

### What are the sources of OPR's cases?

OPR receives allegations from a variety of sources, including U.S. Attorney's offices and other Department components, courts, Congress, media reports, other federal agencies, state and local government agencies, private citizens, private attorneys, criminal defendants, civil litigants, and self-referrals. OPR also regularly conducts its own searches to identify judicial findings of misconduct against Department attorneys. Those individuals who believe they have information concerning non-frivolous allegations of serious professional misconduct involving Department attorney's exercise of their authority to investigate, litigate, or provide legal advice on behalf of the United States may submit a complaint to OPR. Return to the top

### Who can file a complaint?

Those individuals who believe they have information concerning non-frivolous allegations of serious professional misconduct involving Department attorneys' exercise of their authority to investigate, litigate, or provide legal advice on behalf of the United States may submit a complaint to OPR. OPR receives allegations from a variety of sources, including U.S. Attorney's offices and other Department components, courts, media reports, other federal agencies, state and local government agencies, private citizens, private attorneys, criminal defendants, civil litigants, and self-referrals. OPR also regularly conducts its own searches to identify judicial findings of misconduct against Department attorneys. Return to the top

### How do I submit a complaint to OPR?

Complaints against Department attorneys involving professional misconduct should be submitted to OPR in writing. OPR accepts complaints submitted by mail or e-mail to the addresses below. Please include in your letter or e-mail the following information:

- Your full name, address, telephone number, and e-mail address
- The name and title of the individual you believe engaged in misconduct

- The details of the allegation including court case name and jurisdiction, if available
- Copies of any documents that support your allegation
- Any other information relevant to your complaint

Submit this information to OPR by mail:

Director and Chief Counsel
Office of Professional Responsibility
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 3266
Washington, DC  20530-0001

Alternatively, you may submit this information to OPR by e-mail: OPR.Complaints@usdoj.gov
Return to the top

### If I report misconduct, will I be notified of the results of OPR's investigations?

Yes.  Consistent with its practices and procedures, OPR will notify complainants of the results of OPR's investigation as appropriate and to the extent permissible under statute, regulations, policy, or other controlling legal authority.  Return to the top

### Is there a time limit or statute of limitations on submitting professional misconduct complaints?

No.  Return to the top

### I am a private citizen, and I believe my attorney engaged in misconduct.  Is that something OPR can investigate?

No.  Citizens who believe an attorney representing them engaged in professional misconduct should contact their local bar association or state disciplinary authority.  Return to the top

## FBI Whistleblower Questions

### Does OPR investigate FBI whistleblower complaints like the Office of the Inspector General (OIG)?

Yes.  OPR and the OIG share jurisdiction to investigate allegations of whistleblower retaliation made by current, former, and prospective employees of the FBI.  Individuals who suffered an actual or threatened adverse personnel action in retaliation for a protected disclosure may file a whistleblower retaliation complaint with OPR or the OIG.

If you would like to submit an FBI whistleblower complaint to OPR, you may do so by mail or e-mail.  Please include the following information in your complaint:

- Your full name, address, telephone number, and e-mail address, as well as that of your attorney (if any).
- The title and location of your position at the FBI at the time you made your disclosure or, if you are an applicant for employment with the FBI, the title of the position(s) for which you applied.
- A detailed description of each alleged disclosure(s) you made evidencing any violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; and/or a substantial and specific danger to public health or safety; the date of each disclosure; and name and title of each individual or office to whom each disclosure was made.
- Each alleged personnel action taken against you, including the date of each action and the

name and title of the person(s) responsible for each action.
- Why you believe the personnel action(s) were taken or threatened in retaliation for your disclosure(s).
- The specific remedy or relief sought.
- Copies of any documents that support your allegations.
- Any other information relevant to your complaint.

Submit the FBI whistleblower complaint containing the above information to OPR by mail:

Director and Chief Counsel
Office of Professional Responsibility
U.S. Department of Justice
950 Pennsylvania Avenue, N.W., Suite 3266
Washington, DC 20530-0001

Alternatively, you may submit the FBI whistleblower complaint to OPR by e-mail: OPR.Complaints@usdoj.gov
Return to the top

**If I file an FBI whistleblower complaint, will I be notified of the results of OPR's investigation?**

Yes. Consistent with its practices and procedures, OPR will notify complainants of the results of OPR's investigation as appropriate and in accordance with the FBI whistleblower regulations. Return to the top

**Is there a time limit or statute of limitations on filing an FBI whistleblower complaint?**

No. Return to the top

Updated November 22, 2019

Was this page helpful?
Yes   No