Bain v. U.S. Department of Justice,
No. 21-cv-1751 (D.D.C.) (RDM)

ATTACHMENT B

To Plaintiff's Proposed Second Amended Complaint

Filed on August 2, 2023

PLAINTIFF'S ATTACHMENT B     0001

**Birney, William J (OPR)**

From: (b) (6)
Sent: Friday, June 16, 2017 3:32 PM
To: Nadkarni, Deepali (EOIR)
Subject: Complaint lodged against AJ Bain

Dear Judge Nadkarni:

As you may recall, we met on April 24th during your interviews of my clients (b) (6), (b) (7)(C) (b) (6), (b) (7)(C) Unfortunately, we have had another recent incident in this matter which I believe warrants immediate action. Judge Bain has written a 22 page Order Denying (b) (6), (b) (7)(C) in a matter being handled by (b) (6), (b) (7)(C) (b) (6), (b) (7)(C) Attached to this Order were 225 pages of attachments. Judge Bain included confidential materials in other cases in this Order. She essentially accused Judge Burman of having a standing conflict of interest because of his work with the Federal Bar Association.

In this Order, she has launched personal attacks against me and my clients. She has made a completely false statement that my firm represents the interests of the Government of Iran. (In fact, I and my clients hold multiple judgments against Iran for terroristic attacks against American citizens). based awards If that were true, my law firm and I would be subject to felony prosecution. Judge Bain made numerous other completely inaccurate statements about me.

While the instant Order is in response to a motion in one of (b) (6), (b) (7)(C) cases, Judge Bain has decided to go after (b) (6), (b) (7)(C) for good measure. Judge Bain found E.D. VA Bankruptcy Court records for a (b) (6), (b) (7)(C) , and she has decided they must relate to my client (b) (6), (b) (7)(C) . While the different middle initial should have been a clue that Judge Bain has the wrong person, Judge Bain nonetheless has accused my client of bankruptcy fraud for withholding material information from the Norfolk Bankruptcy Court.

The recklessly false allegations are throughout this pleading. The *ad hominem* attacks showing her personal bias against (b) (6), (b) (7)(C) and against (b) (6), (b) (7)(C) appear throughout this Order. My concern is that it is being disseminated among government personnel and court personnel. I believe that immediate steps need to be taken to prevent harms to my clients and their clients.

Thank you for your consideration,



(b) (6)
Attorney at Law
NOSSAMAN LLP
1666 K Street, NW, Suite 500
Washington, DC 20006



1

**From:** Nadkarni, Deepali (EOIR)
**Sent:** Wednesday, August 30, 2017 12:33 AM
**To:** Bain, Quynh (EOIR)
**Cc:** Bowyer, Cheri (EOIR); Castro, Deborah (EOIR); Wahowiak, Marlene (EOIR); King, Jean (EOIR); Cheng, Mary (EOIR); Keller, Mary Beth (EOIR); Gerardo, Leslie A. (OPR); McHenry, James (EOIR)
**Subject:** Re: (b) (6), (b) (7)(C) cases

Judge Bain, the decision has been made. Under these circumstances, OCIJ will reassign the cases pursuant to 8 C.F.R. 1003.9(b)(3).

Dee Nadkarni
Assistant Chief Immigration Judge
(b) (6)

Duplicate





**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Avenue, N.W., Suite 3266*
*Washington, D.C. 20530*

AUG 2 9 2017

(b) (6)
Nossaman, LLP
1666 K Street, N.W.
Suite 500
Washington, D.C. 20006

Re:   Immigration Judge Quynh Vu Bain

Dear (b) (6)

By letter dated March 1, 2017, you informed the Assistant Chief Judge for Conduct and Professionalism of the Office of the Chief Immigration Judge of complaints made by your clients, (b) (6), (b) (7)(C) and (b) (6), (b) (7)(C), against Immigration Judge (IJ) Quynh Vu Bain of the Arlington Immigration Court. You supplemented those complaints in a subsequent letter dated March 28, 2017. Please be advised that the Executive Office for Immigration Review has referred your complaints about IJ Bain to the Department of Justice Office of Professional Responsibility (OPR), and OPR has opened an inquiry into the matter. This inquiry has been assigned to OPR Assistant Counsel Leslie Ann Gerardo. If you have any questions, you may reach her at (b) (6) (b) (6), or by e-mail at (b) (6).

Sincerely,

*[signature]*

Robin C. Ashton

Gerardo, Leslie A. (OPR)

| | |
|---|---|
| From: | Gerardo, Leslie A. (OPR) |
| Sent: | Monday, November 06, 2017 2:07 PM |
| To: | Wahowiak, Marlene (EOIR) |
| Subject: | RE: Judge Bain |

| Tracking: | Recipient | Delivery |
|---|---|---|
| | Wahowiak, Marlene (EOIR) | Delivered: 11/6/2017 2:07 PM |

Marlene,

We sent a request for written response to Judge Bain. She obtained counsel, and asked for an extension of time to submit the response. Her written response is now due on November 16, 2017.

Leslie Ann

From: Wahowiak, Marlene (EOIR)
Sent: Monday, November 06, 2017 11:21 AM
To: Gerardo, Leslie A. (OPR) (b) (6)
Subject: Judge Bain

Leslie:

Just checking to see if you are able to give me any updates on this matter.

Thanks,
Marlene Wahowiak

**From:** (b) (6)
**To:** Gerardo, Leslie A. (OPR)
**Subject:** Administrative Judge Bain
**Date:** Monday, December 11, 2017 4:40:39 PM

Leslie Ann:

I am looking to you for suggestions on what to do with AJ Bain. I tried to call you, but was unsuccessful and the message would have been too long for voicemail.

Both (b) (6), (b) (7)(C) and (b) (6), (b) (7)(C) are both having matters that have both come up on AJ Bain's calendar and which are coming up on her calendar in the near future. We are back to the same old problems. For example, (b) (6), (b) (7)(C) entered her appearance on behalf of a client on (b) (6), (b) (7)(C). On (b) (6), (b) (7)(C), she filed an Asylum petition. This date is critical because it triggers when the client can seek a work permit. In order to avoid confrontations with AJ Bain, (b) (6), (b) (7)(C) had an associate appear for her in the client's matter which came up before AJ Bain on (b) (6), (b) (7)(C).

At the (b) (6), (b) (7)(C) hearing, Bain claimed that the (b) (6), (b) (7)(C) Asylum petition was null and void because (b) (6), (b) (7)(C) had not entered her appearance prior to filing the petition—which of course was not accurate and it is my understanding that AJ Bain was so told. Bain then stated she would accept the Asylum petition for filing as of (b) (6), (b) (7)(C)—which seriously penalizes (b) (6), (b) (7)(C) client. Then, AJ Bain did not have the Asylum petition filed on (b) (6), (b) (7)(C) so there is no calendaring clock triggered—further penalizing (b) (6), (b) (7)(C) client. (I can forward to you the (b) (6), (b) (7)(C) entry of appearance and the time stamped (b) (6), (b) (7)(C) Asylum petition—if you want them. There are also CD's of the (b) (6), (b) (7)(C) proceeding which I can forward). (I am told that the courtroom clerks also complained to the Clerk about AJ Bain's conduct on (b) (6), (b) (7)(C) for making them witnesses but I do not have the full details).

Both (b) (6), (b) (7)(C) have been filing (b) (6), (b) (7)(C) which AJ Bain keeps sidestepping or denying. I know (b) (6), (b) (7)(C) has a trial scheduled before AJ Bain in early (b) (6), (b) (7)(C).

In the past I turned to Admin. AJ Nadkarni, but since she has referred this matter to OPR, I am reaching out to you for suggestions. (b) (6), (b) (7)(C) and (b) (6), (b) (7)(C) are concerned that their clients are being prejudiced in retaliation for the complaint they filed against AJ Bain.

Please give me a call at (b) (6).

(b) (6)

(b) (6)
Attorney at Law
NOSSAMAN LLP
1666 K Street, NW, Suite 500
Washington, DC 20006

**Gerardo, Leslie A. (OPR)**

| | |
|---|---|
| **Sent:** | Monday, July 23, 2018 1:51 PM |
| **To:** | Bain, Quynh (EOIR) |
| **Subject:** | FW: OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |
| **Attachments:** | OPR-#431755-v1-201700568__Transcript_of_Judge_Quynh_Vu_Bain_on_June_29_ 2018.PDF |

Dear Judge Bain,

Pursuant to the confidentiality agreement that you signed on June 29, 2018 (copy attached), I am providing you with a copy of the transcript of your OPR interview on that date. Please return the transcript with any corrections, as well as any additional information, if any, that you wish to provide, by August, 2018. You may print a copy, make corrections directly onto the copy, and return the corrected copy to me. If you would prefer a hard copy of the transcript, let me know and I will send that to you.

Please send an acknowledgement that you have received this message.

Regards,

Leslie Ann

## OPR Confidentiality Agreement

The United States Department of Justice Office of Professional Responsibility (OPR) is conducting an investigation into professional misconduct allegations arising from Immigration Judge (IJ) Quynh Vu Bain's performance as the presiding immigration judge in several cases before the Arlington Immigration Court in which attorneys (b) (6), (b) (7)(C) and (b) (6), (b) (7)(C) appeared on behalf of the respondents. I represent IJ Bain in connection with this matter. I understand that in the course of its investigation, OPR may provide to me for my review certain confidential materials (OPR materials), including documents, IJ Bain's interview transcript, a draft report of investigation, and a final report of investigation. In the event that OPR provides such materials to me, I understand, acknowledge, and agree that:

1. OPR materials are confidential and may contain sensitive information protected by law, including the Privacy Act, grand jury secrecy rules, and the attorney-client privilege;

2. OPR materials may be used solely in connection with the OPR investigation and neither the materials nor their contents will be disclosed to anyone else, without OPR's express written authorization; and

3. OPR materials will not be copied without OPR's authorization and will be returned to OPR, or otherwise disposed of, at OPR's direction.

Specifically, I agree that I will use OPR materials only in connection with my representation in this matter; I will not copy OPR materials without authorization; and I will return, or otherwise dispose of, OPR materials at OPR's direction.

_____                              _____
Heather White                                                          Date
Attorney