**<u>Bain v. U.S. Department of Justice</u>,**
No. 21-cv-1751 (D.D.C.) (RDM)


# ATTACHMENT D


# To Plaintiff's Proposed Second Amended Complaint


# Filed on August 2, 2023

PLAINTIFF'S ATTACHMENT D    0001



**U.S. Department of Justice**

Office of Professional Responsibility

*950 Pennsylvania Avenue, N.W., Suite 3266*
*Washington, D.C.  20530*
*(202) 514-3365*

February 9, 2023

Quynh Vu Bain
quynhbain75@outlook.com

Re:    OPR FOIA No. F19-00105
NOV 2022 Interim Response (EOIR Response to Consult (157 pages enclosed))

Dear Ms. Bain:

Enclosed please find 157 pages that the Office of Professional Responsibility (OPR) sent to the Executive Office for Immigration Review (EOIR) for consultation as part of OPR's November 2022 interim response to your August 5, 2019 Freedom of Information Act (FOIA)/Privacy Act request, F19-00105. Your request sought any and all information that OPR received, gathered, or compiled in the course of conducting the OPR inquiry and investigation into your conduct and in preparing the OPR July 22, 2019 report of investigation. Please refer to OPR FOIA number F19-00105 in any correspondence pertaining to this matter.

You will recall that for our November 2022 production, we processed a total of 527 pages, 157 pages of which contained information of interest to EOIR (Bates-numbered F19-00105 002661 to 002817). After consultation, we have determined that these pages are appropriate for release with excisions made pursuant to Exemptions 5, 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(5), (b)(6) and (b)(7)(C). Exemption 5 pertains to certain inter- and intra-agency communications protected by the deliberative process privilege. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties. Exemption 7(C) pertains to information compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.*

Because you requested access to your own records, OPR has also processed your request under the Privacy Act, 5 U.S.C. § 552(a). The Department has promulgated rules exempting OPR's database from the Privacy Act under 5 U.S.C. § 552a(k)(2), *see* JUSTICE/OPR-001, 76 Fed. Reg. 66752, and therefore your access to and our disclosure of those records are limited to what the FOIA does not exempt (5 U.S.C. § 552b(b)(1)-(b)(9)). By processing your request under both acts, as required, we are able to provide you with the most access allowable.

---

\*      *For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 § U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.*

PLAINTIFF'S ATTACHMENT D    0002

Please be advised that OPR is continuing to process the remaining voluminous records responsive to your request and will release interim responses at various intervals until our response is complete. We will provide all responses, including responsive records, electronically, unless you advise us that you prefer to receive them in hard copy.

Although I am aware that your request is the subject of ongoing litigation and that appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal with the Office of Information Policy.

Sincerely,

*Carmen Smith Carter*

Carmen Smith Carter
Assistant Counsel for the Freedom of Information
and Privacy Acts

Enclosure
cc: Joshua Ontell, Assistant U.S. Attorney

PLAINTIFF'S ATTACHMENT D   0003

1       No.

2    (b) (6), (b) (7)(C)

3       And you mentioned that you referred to (b) (6) as your (b) (6)     . Do you

4    ever refer to her as your (b) (6)      outside of today's courtroom?

5    (b) (6), (b) (7)(C)

6       Only (b) (6) .

7    (b) (6), (b) (7)(C)

8       So is that a yes or a no, ma'am?

9    (b) (6), (b) (7)(C)

10      Yes.

11   (b) (6), (b) (7)(C)

12      Ma'am, when, when the family members of the pastor sent messages --

13   threatening messages to (b) (6)   what were they threatening to do to you or to any

14   other family member?

15   JUDGE TO (b) (6), (b) (7)(C)

16      I'd like to see those messages since they apparently exist and (b) (6)  has them.

17   (b) (6), (b) (7)(C)  TO JUDGE

18      Well, I don't have (b) (6)  login information for <u>Facebook</u>, but I can try to get

19   them.

20   JUDGE TO (b) (6), (b) (7)(C)

21      Okay, this is triple hearsay, so.

22   (b) (6), (b) (7)(C)  TO JUDGE

23      I don't -- as far as I know, I don't believe the Federal Rules of Evidence 803 --

24   JUDGE TO (b) (6), (b) (7)(C)

25      Oh they do.

(b) (6), (b) (7)(C)                    (b) (6), (b) (7)(C)

150

128

PLAINTIFF'S ATTACHMENT D   0004

1   **(b) (6), (b) (7)(C)**  TO JUDGE

2       Okay.

3   JUDGE TO **(b) (6), (b) (7)(C)**

4       They do.

5   **(b) (6), (b) (7)(C)**  TO JUDGE

6       My understanding was that the Federal Rules of Evidence 803 doesn't actually

7   apply in Immigration Court, but I may be mistaken, Your Honor, I apologize for that.

8   JUDGE TO **(b) (6), (b) (7)(C)**

9       They may or they may not apply, but some rules of evidence apply and as the

10  Judge I have discretion to keep out hearsay evidence that is wholly unreliable.

11  **(b) (6), (b) (7)(C)**  TO JUDGE

12      Okay. Is that what Your Honor is doing at this time?

13  JUDGE TO **(b) (6), (b) (7)(C)**

14      Yes.

15  **(b) (6), (b) (7)(C)**  TO JUDGE

16      Okay.

17  JUDGE TO **(b) (6), (b) (7)(C)**

18      I'm saying it's very unreliable because the person who has firsthand knowledge

19  isn't even in court to testify.

20  **(b) (6), (b) (7)(C)**  TO JUDGE

21      And Your Honor --

22  JUDGE TO **(b) (6), (b) (7)(C)**

23      And she's coming in to court to testify about something that she's been told by

24  somebody who is obviously available to testify. And that person has told her about

25  some messages that that person has read, it's triple hearsay, wholly unreliable.

**(b) (6), (b) (7)(C)**        151        **(b) (6), (b) (7)(C)**

PLAINTIFF'S ATTACHMENT D   0005

1   (b) (6), (b) (7)(C)   TO JUDGE

2        · And Your Honor, just for the record, so the record is clear, my client did testify

3   that she personally observed those messages, so while I understand --

4   JUDGE TO (b) (6), (b) (7)(C)

5.       And where are they?

6   (b) (6), (b) (7)(C)   TO JUDGE

7        Your Honor, I don't have access to someone's outside Facebook account,

8   however I can provide that my client is stating to the Court that she personally observed

9   them and witnessed them.

10  JUDGE TO (b) (6), (b) (7)(C)

11       ·Okay, and that's why we gave you two months for preparation of today's hearing.

12  (b) (6), (b) (7)(C)   TO JUDGE

13       Just so the record is clear, I do not have access to --

14  JUDGE TO (b) (6), (b) (7)(C)

15       The record is very clear.  You don't have to preface every threat to appeal this

16  decision.

17  (b) (6), (b) (7)(C)   TO JUDGE

18       I'm not threatening --

19  JUDGE TO (b) (6), (b) (7)(C)

20       With just so the record is clear.

21  (b) (6), (b) (7)(C)   TO JUDGE

22       I apologize, Your Honor.

23  JUDGE TO (b) (6), (b) (7)(C)

24       Please state your objection and then move on.

25  (b) (6), (b) (7)(C)   TO JUDGE

(b) (6), (b) (7)(C)                     (b) (6), (b) (7)(C)

130

PLAINTIFF'S ATTACHMENT D   0006

1       Yes, Your Honor.  I object to the fact that this is reliable information.  My client

2    has stated to the Court that she has personal firsthand knowledge of this information.

3    JUDGE TO (b) (6), (b) (7)(C)

4       Okay.  If it's cooperative – if it is corroborative of her testimony then I want to see

5    the messages.

6    (b) (6), (b) (7)(C) TO JUDGE

7       Yes, Your Honor.  And I do have another person who is prepared to testify who

8    also witnessed these messages.

9    JUDGE TO (b) (6)

10       When did (b) (6) come to the United States?

11    (b) (6) TO JUDGE

12       In 2002.

13    JUDGE TO (b) (6)

14       Okay.  In his affidavit he says that he met you in 2008.  Is that correct?

15    (b) (6) TO JUDGE

16       Yes, that's right.

17    JUDGE TO (b) (6)

18       So how was he able to meet you in El Salvador in 2008 if he came to the U.S. in

19    2002?

20    (b) (6) TO JUDGE

21       In 2008 is when I had the intent of homicide, and that's when I was his girlfriend.

22    JUDGE TO (b) (6)

23       How long was – was he in El Salvador in 2008?

24    (b) (6) TO JUDGE

25       Yes.

(b) (6), (b) (7)(C)        153          (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D   0007

1    No.

2    (b) (6), (b) (7)(C) TO JUDGE

3        May I inquire, Your Honor? Or are you still -- I don't know if Your Honor is still

4    asking questions.

5    JUDGE TO (b) (6), (b) (7)(C)

6        Please continue.

7    (b) (6), (b) (7)(C) TO JUDGE

8        Thank you.

9    (b) (6), (b) (7)(C) TO (b) (6)

10        Ma'am, how did -- to your knowledge, how did (b) (6) know that this person was

11    the (b) (6) of the pastor?

12    JUDGE TO (b) (6), (b) (7)(C)

13        (b) (6), (b) (7)(C), I'm not going to let you build a whole case on hearsay evidence,

14    all right. Hearsay, as you know because you've gone to law school, is a very weak form

15    of evidence, particularly when people who are eyewitnesses who have firsthand

16    observations of the events in question are available to testify. If you want to take up the

17    rest of today with hearsay evidence, that's fine, but I can't guarantee you that I'll give it

18    much weight.

19    (b) (6), (b) (7)(C) TO JUDGE

20        That's fine, Your Honor. I was just attempting to build a case under the Oshodi v.

21    Holder case, but that's fine.

22    (b) (6), (b) (7)(C) TO (b) (6)

23        Ma'am, other than the messages that (b) (6) received over Facebook, did you or

24    any other family members receive threats from the pastor's family?

25    (b) (6) TO (b) (6), (b) (7)(C)

(b) (6), (b) (7)(C)          158          132          (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0008

1    Objection, Your Honor. We haven't stated whether my client has knowledge of

2    this. I mean, we can ask if she knows if they ever harmed anyone, but I don't know that

3    it's been established that she has personal knowledge of this.

4    JUDGE TO (b) (6), (b) (7)(C)

5    I guess it is assumed that she would have knowledge because she was the one

6    who mentioned it that he had instructed his subordinates in the gang to take care of her.

7    (b) (6), (b) (7)(C)   TO JUDGE

8    So it's assumed by the Court that she had knowledge as to what their

9    subsequent actions were. Correct? So I understand?

10   JUDGE TO (b) (6), (b) (7)(C)

11   We're going to go (b) (6), (b) (7)(C).

12   (b) (6), (b) (7)(C)

13   (b) (6), (b) (7)(C)

14   (b) (6), (b) (7)(C)   TO JUDGE

15   In any manner Your Honor would like, I would just ask that it be put (b) (6), (b) (7)(C)

16   (b) (6), (b) (7)(C)

17   JUDGE TO (b) (6), (b) (7)(C)

18   (b) (6), (b) (7)(C)   . In the future, please refrain from being

19   (b) (6), (b) (7)(C)   I expect full decorum in this courtroom.

20   (b) (6), (b) (7)(C)   TO JUDGE

21   Yes, Your Honor. And if Your Honor --

22   JUDGE TO (b) (6), (b) (7)(C)

23   And that means you don't question the Judge about any particular finding that the

24   Judge is inclined to make before the Judge makes that finding. That is wholly

25   inappropriate.

(b) (6), (b) (7)(C)

182



(b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D   0009

1  (b) (6), (b) (7)(C)  TO JUDGE

2       Yes, Your Honor. And what were the other words that you used?

3  JUDGE TO (b) (6), (b) (7)(C)

4       Please make a note of that.

5  (b) (6), (b) (7)(C)  TO JUDGE

6       And Your Honor, the other words that you used previously, if we could put tha(b)(6),(b)

7  (b)(6),(b)(7)(C) as well, to address me?

8  JUDGE TO (b) (6), (b) (7)(C)

9       I'm not going to put anything (b) (6), (b) (7)(C). If you want to put it (b) (6), (b) (7)(C), go

10  ahead.

11  (b) (6), (b) (7)(C)  TO JUDGE

12       Yes, Your Honor. I believe that you stated that I was no(b) (6), (b) (7)(C) in the

13  courtroom. Or I don't remember the exact words, but I would like to have them

14  established(b) (6), (b) (7)(C), Your Honor, rather than just going (b) (6), (b) (7)(C) and

15  (b) (6), (b) (7)(C) me.

16  JUDGE TO (b) (6), (b) (7)(C)

17       Okay, so noted.

18  JUDGE TO (b) (6), (b)(7)(C)

19       Please continue, (b) (6), (b) (7)(C)

20  (b) (6), (b) (7)(C) TO JUDGE

21       Thank you, Your Honor.

22  (b) (6), (b) (7)(C)

23       Ma'am, at the last hearing you stated that the gang members targeted you as the

24  main family member because you were your (b) (6) antenna.

25  (b) (6), (b) (7)(C)

(b) (6), (b) (7)(C)          183          134          (b) (6), (b) (7)(C)

F19-00105 - 002667

PLAINTIFF'S ATTACHMENT D    0010

1       Yes, that's right.

2    (b) (6), (b) (7)(C)

3       By antenna, does that mean you helped your (b) (6) communicate with other

4    people?

5    (b) (6), (b) (7)(C)

6       No.  According to MS, I was giving information to my (b) (6)    , and that's

7    why they wanted to kill me.

8    (b) (6), (b) (7)(C)  TO JUDGE

9       Your Honor, I do ask at this point --

10   JUDGE TO (b) (6), (b) (7)(C)

11      Is it an objection?

12   (b) (6), (b) (7)(C)  TO JUDGE

13      Your Honor, (b) (6), (b) (7)(C)

14   (b) (6), (b) (7)(C)

15   (b) (6), (b) (7)(C)

16   JUDGE TO (b) (6), (b) (7)(C)

17      (b) (6), (b) (7)(C)              .  We'll take a break after cross-examination.

18   (b) (6), (b) (7)(C)  TO JUDGE

19      Okay.  Your Honor, again, just (b) (6), (b) (7)(C), I am not able to --

20   JUDGE TO (b) (6), (b) (7)(C)

21      So noted.

22   (b) (6), (b) (7)(C)  TO JUDGE

23      -- (b) (6), (b) (7)(C)    --

24   JUDGE TO (b) (6), (b) (7)(C)

25      So noted.

(b) (6), (b) (7)(C)                    184            (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0011

1   ████ (b) (6), (b) (7)(C) ████ TO JUDGE

2       -- at this time since I'm having a physical reaction to the manner in which the

3   Court had addressed me. Thank you, Your Honor.

4   JUDGE TO ████ (b) (6), (b) (7)(C) ████

5       ████ (b) (6), (b) (7)(C) ████, your objection is noted ████ (b) (6), (b) (7)(C) ████

6   JUDGE TO ████ (b) (6), (b) (7)(C) ████

7       ████ (b) (6), (b) (7)(C) ████ please continue.

8   JUDGE TO ████ (b) (6), (b) (7)(C) ████

9       Don't interrupt her cross-examination again.

10  ████ (b) (6), (b) (7)(C) ████ TO JUDGE

11      And I would like the Court to note that ████ (b) (6), (b) (7)(C) ████ from the manner in

12  which the Court has addressed me. Thank you, Your Honor.

13  JUDGE TO ████ (b) (6), (b) (7)(C) ████

14      ████ (b) (6), (b) (7)(C) ████, do not interrupt ████ (b) (6), (b) (7)(C) ████ in her cross-examination.

15  JUDGE TO ████ (b) (6), (b) (7)(C) ████

16      ████ (b) (6), (b) (7)(C) ████

17  ████ (b) (6), (b) (7)(C) ████

18      Ma'am, can you clarify what you meant by antenna?

19  ████ (b) (6), (b) (7)(C) ████

20      According to MS, I was giving information to my ████ (b) (6) ████.

21  ████ (b) (6), (b) (7)(C) ████

22      Information about what?

23  ████ (b) (6), (b) (7)(C) ████

24      About what was happening in the town.

25  JUDGE TO ████ (b) (6) ████

████ (b) (6), (b) (7)(C) ████          185          (136)          ████ (b) (6), (b) (7)(C) ████

PLAINTIFF'S ATTACHMENT D   0012

1        Was that true?

2    (b) (6)    TO JUDGE

3        Yes.

4    JUDGE TO (b) (6)

5        Were you giving your (b) (6) information?

6    (b) (6)    TO JUDGE

7        No, no, no, nothing like that.

8    JUDGE TO (b) (6)

9        So it's not true?

10    (b) (6)    TO JUDGE

11        No.

12    JUDGE TO (b) (6)

13        So what was the antenna?

14    (b) (6)    TO JUDGE

15        I don't know why they used that word.  They were saying that I was giving him

16    information, but to tell you the truth I don't know why they used antenna or what that

17    means.

18    (b) (6), (b) (7)(C)    TO JUDGE

19        Should I continue, Your Honor?

20    JUDGE TO (b) (6), (b) (7)(C)

21        Yes, please.

22    (b) (6), (b) (7)(C)

23        At the last hearing you stated three times that your (b) (6) warned you in

24    2015 that you were in danger from the gangs?

25    (b) (6), (b) (7)(C)

(b) (6), (b) (7)(C)    186    137    (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0013

1       Yes.

2       (b) (6), (b) (7)(C)

3       But you didn't leave El Salvador until June of 2015.  Right?

4       (b) (6), (b) (7)(C)

5       Yes.

6       (b) (6), (b) (7)(C)

7       And after you arrived in the United States your (b) (6)          received

8       Facebook messages from a pastor in El Salvador?

9       (b) (6), (b) (7)(C)

10      Yes.

11      (b) (6), (b) (7)(C)

12      But the pastor and his family never personally threatened you in any way?

13      (b) (6), (b) (7)(C)

14      No, not me.

15      (b) (6), (b) (7)(C)

16      Are you still close to your (b) (6)

17      (b) (6), (b) (7)(C)

18      Do you mean if I talk to him?  What do you mean by that?  I didn't understand the

19      question very well.

20      (b) (6), (b) (7)(C)

21      Do you still contact your (b) (6)

22      (b) (6), (b) (7)(C)

23      No.

24      (b) (6), (b) (7)(C)

25      Did you ever help or support his gang involvement?

(b) (6), (b) (7)(C)                    187        (138)            (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0014

1   (b) (6), (b) (7)(C)

2       No.

3   (b) (6), (b) (7)(C)

4       But those three times you went to the police, you withheld information from them

5  about his criminal activities.  Yes?

6   (b) (6), (b) (7)(C)

7       The police knew about it.

8   (b) (6), (b) (7)(C)

9       But you didn't tell them anything about your (b) (6)  ?

10  (b) (6), (b) (7)(C)

11      I didn't really have anything to say, that's why he was detained because of the

12  crimes that he had committed.

13  (b) (6), (b) (7)(C)

14      But at the last hearing you said you didn't want to tell the police anything because

15  you were afraid they would think you were an 18th Street Gang member?

16  (b) (6), (b) (7)(C)

17      No, not a member, but because of the things that he used to do, they could do

18  something to me.

19  (b) (6), (b) (7)(C)

20      Have you ever committed fraud or provided a false statement to obtain an

21  immigration benefit?

22  (b) (6), (b) (7)(C)

23      No, not at all, everything is true.  That's why I requested evidence, too.

24  (b) (6), (b) (7)(C)

25      Have you ever been arrested or convicted of any crimes anywhere in the world?



188

139

F19-00105 - 002672



PLAINTIFF'S ATTACHMENT D   0015

1    (b) (6), (b) (7)(C)

2         No.

3    (b) (6), (b) (7)(C)

4    ·    Have you ever harmed anyone for any reason?

5    (b) (6), (b) (7)(C)

6         No.

7    (b) (6), (b) (7)(C)

8         Have you ever committed a crime for which you have not been arrested or

9    convicted?

10   (b) (6), (b) (7)(C)

11        No.

12   (b) (6), (b) (7)(C) TO JUDGE

13        No further questions, Your Honor.

14   JUDGE TO (b) (6), (b) (7)(C)

15        All right, thank you.

16   JUDGE TO (b) (6)

17        Before we take a break I have a question for you to clear up some matters.  At

18   the last hearing you said that if you had to return to El Salvador they would harm you.

19   And when you were asked to describe who would harm you, you said the

20   revolutionaries.  Now who are the revolutionaries?

21   (b) (6)          TO JUDGE

22        The opposite gang to Gang 18.

23   JUDGE TO (b) (6)

24        A separate gang, a different gang?

25   (b) (6)          TO JUDGE

(b) (6), (b) (7)(C)                    189        (140)              (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0016

1        Yes, that's right.

2      JUDGE TO (b) (6)

3        So they are not the same gang as the Mara 18 or the Mara -- the MS-13. Is that

4   right?

5      (b) (6) TO JUDGE

6        No, MS is one, revolutionaries is another one, and Surenos is another one. And

7   my (b) (6) , is from Surenos, and that's why they don't get along.

8      JUDGE TO (b) (6)

9        So you have an (b) (6) that belongs to the Surenos?

10    (b) (6) TO JUDGE

11        From the 18, yes.

12   JUDGE TO (b) (6)

13        The Surenos and the 18 are not the same gangs. Is that right?

14    (b) (6) TO JUDGE

15        The 18 is basically divided -- the gang is divided to Surenos and revolutionaries.

16   JUDGE TO (b) (6)

17        So the revolutionaries are a faction within the Mara 18. Correct?

18    (b) (6) TO JUDGE

19        Yes, that's right.

20   JUDGE TO (b) (6)

21        Are they an opposing faction?

22    (b) (6) TO JUDGE

23        Yes, that's right, but they're still 18.

24   JUDGE TO (b) (6)

25        And which of your (b) (6) belongs to the Surenos.

(b) (6), (b) (7)(C)        (b) (6), (b) (7)(C)



1    (b) (6)            TO JUDGE

2         Only (b) (6)        .

3    JUDGE TO (b) (6)

4         The (b) (6) you've been talking about.  Is that right?

5    (b) (6)            TO JUDGE

6         Yes, that's right.

7    JUDGE TO (b) (6)

8         He belongs to the revolutionaries faction of the Mara 18?

9    (b) (6)            TO JUDGE

10        18 Surenos.

11   JUDGE TO (b) (6)

12        So, does your (b) (6)        belong to the 18 revolutionaries, or the 18 Surenos?

13   (b) (6)            TO JUDGE

14        18 Surenos.

15   JUDGE TO (b) (6)

16        So who belongs to the revolutionaries?

17   (b) (6)            TO JUDGE

18        (b) (6)        , the one that made the threat against me.

19   JUDGE TO (b) (6)

20        And he's the one who died.  Correct?

21   (b) (6)            TO JUDGE

22        Yes.

23   JUDGE TO (b) (6)

24        Did you know the history between your (b) (6)        ?

25   (b) (6)            TO JUDGE

(b) (6), (b) (7)(C)            (b) (6), (b) (7)(C)

191        142

F19-00105 - 002675   PLAINTIFF'S ATTACHMENT D    0018

1       They didn't get along.

2   JUDGE TO (b) (6)

3       Now that (b) (6)        has passed away, why do you still fear the

4   revolutionaries?

5   (b) (6)        TO JUDGE

6       Because they don't get along with my (b) (6)                .

7   JUDGE TO (b) (6)

8       And you're not part of the Surenos?

9   (b) (6)        TO JUDGE

10      No, I don't know.

11  JUDGE (b) (6), (b) (7)(C)

12      All right, as requested we're going to take a 10-minute break and when we come

13  back we'll have redirect examination.  We will complete the hearing today.

14                          (b) (6), (b) (7)(C)

15                          (b) (6), (b) (7)(C)

16  JUDGE FOR THE RECORD

17      We're now back (b) (6), (b) (7)(C).

18  JUDGE TO (b) (6), (b) (7)(C)

19      (b) (6), (b) (7)(C), would you like to question the respondent on redirect?

20  (b) (6), (b) (7)(C) TO JUDGE

21      Yes.  Before doing so, Your Honor, I would move the Court for (b) (6), (b) (7)(C) in this

22  case, given the manner in which --

23  JUDGE TO (b) (6), (b) (7)(C)

24      Denied.

25  (b) (6), (b) (7)(C) TO JUDGE

(b) (6), (b) (7)(C)                192        143         (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D   0019

1         -- the Court has addressed me.

2        JUDGE TO (b) (6), (b) (7)(C)

3            Denied.

4        (b) (6), (b) (7)(C) TO JUDGE

5            And I would note for the Court that the reason that I'm making that request is

6        based on the statements both (b) (6), (b) (7)(C) as well as (b) (6), (b) (7)(C) that were

7        previously made to me.  Thank you, Your Honor.

8        JUDGE TO (b) (6), (b) (7)(C)

9            Motion is denied.

10     (b) (6), (b) (7)(C) TO JUDGE

11          Thank you, Your Honor.

12     JUDGE TO (b) (6), (b) (7)(C)

13          If you're trying to set her up for an (b) (6), (b) (7)(C) claim, you

14     are doing a very good job.

15     (b) (6), (b) (7)(C) TO JUDGE

16          Your Honor, may I ask why you're stating that I'm (b) (6), (b) (7)(C)

17     (b) (6), (b) (7)(C)

18     JUDGE TO (b) (6), (b) (7)(C)

19          I'm saying if you're trying to do that, you're trying to set her up for a claim, you're

20     doing a very good job.  Go ahead, question her.  We're going to finish the hearing today.

21     (b) (6), (b) (7)(C) TO JUDGE

22          Well, if Your Honor is stating that I'm (b) (6), (b) (7)(C) , I can't

23     proceed.

24     JUDGE TO (b) (6), (b) (7)(C)

25          I'm not stating that.  Please continue and question her.

(b) (6), (b) (7)(C)          193          (b) (6), (b) (7)(C)

1    (b) (6), (b) (7)(C)    TO JUDGE

2         Your Honor just stated that I was (b) (6), (b) (7)(C)         . I don't want

3    to do something that's going to harm my client's case if that's how --

4    JUDGE TO (b) (6), (b) (7)(C)

5         Please finish the hearing.

6    (b) (6), (b) (7)(C)    TO JUDGE

7         -- Your Honor views my representation then I should not be continuing with

8    representation.

9    JUDGE TO (b) (6), (b) (7)(C)

10        Are you moving to withdraw from the case now?

11   (b) (6), (b) (7)(C)    TO JUDGE

12        No, Your Honor. I'm moving the Court to (b) (6), (b) (7)(C) itself if Your Honor --

13   JUDGE TO (b) (6), (b) (7)(C)

14        Then please continue.

15   (b) (6), (b) (7)(C)    TO JUDGE

16        -- observes my (b) (6), (b) (7)(C)         .

17   JUDGE TO (b) (6), (b) (7)(C)

18        Please, if you're not moving to withdraw from this case, then continue.

19   (b) (6), (b) (7)(C)

20        Ma'am, you stated on cross-examination that you and your (b) (6) were close.

21   Can you please state what you meant by that?

22   (b) (6), (b) (7)(C) TO JUDGE

23        Your Honor, objection. Counsel is misrepresenting the evidence.

24   JUDGE TO (b) (6), (b) (7)(C)

25        Sustained.

(b) (6), (b) (7)(C)                    194                   (b) (6), (b) (7)(C)

PLAINTIFF'S ATTACHMENT D    0021



**UNITED STATES DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Immigration Court



File (b) (6), (b) (7)(C)

In the Matter of

)
)
)
)
)
)
)
)
)

In Removal Proceedings


Order of the
Immigration Judge

    The respondent in the above captioned case is scheduled for a master docket hearing before the Immigration Court on (b) (6), (b) (7)(C) at 9:00 AM.  A request for a change of venue to the Court in Arlington, Virginia was received on April 3, 2014.

    Upon review of the motion, it is apparent that the address provided by the respondent for the purpose of receiving notice on release from USICE custody is not the same as the address provided by counsel in her entry of appearance.  A valid address for notice purposes is imperative.  See *Matter of Rosales*, 19 I&N Dec. 655 (BIA 1988).  It is also noted that the request for change of venue is for a court that would not exercise jurisdiction over either of the addresses and no good cause for transferring the case outside normal jurisdictional boundaries is established.  Since there is a discrepancy between the address reported by the respondent and that provided by counsel, and since no notice of change of address (EOIR - 33) has been filed and signed by the respondent to inform the Court of any new address for notice purposes as required by § 239(a)(1)(F)(ii) of the Act [8 USC §1229(a)(1)(F)(ii)] and Title 8 CFR §1003.15(d)(2) the motion for change of venue shall be, and is hereby, **DENIED. SO ORDERED.**

Date: (b) (6), (b) (7)(C)
Place: San Antonio, Texas

Gary Burkholder
Immigration Judge

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)
PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer
[✓] ALIEN'S ATT/REP [✓] INS
DATE: 4-18-14 BY: COURT STAFF MEO
Attachments: [ ] EOIR-33 [ ] EOIR-28
[ ] Legal Services List [ ] Other

188