UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUYNH VU BAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1751 (RDM) |
| | ) | |
| OFFICE OF THE ATTORNEY GENERAL, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

On behalf of Defendants, the undersigned counsel opposes Plaintiff's motion for leave to file an amended complaint, ECF. No. 87, for the following reasons:

### *Background*

1.  As the Court previously recognized, there are limits to the "less stringent standards" applied to *pro se* litigations, particularly here, where Plaintiff is a lawyer. Mem. Op., ECF No. 56, at 2-3. Plaintiff was employed by the Department of Justice for decades, and most recently served as an immigration judge. Am. Compl., ECF No. 16, ¶ 2. The Court previously denied Plaintiff's motions for appointment of counsel because Plaintiff is an attorney and is capable of representing herself. ECF No. 4.

2.  Nevertheless, because of Plaintiff's *pro se* status, the Court has been lenient with Plaintiff. *See, e.g.*, Minute Order, Jan. 13, 2022 ("In light of the fact that Plaintiff is proceeding pro se, the Court will GRANT Plaintiff leave to file a supplemental memorandum."); Minute Order, July 18, 2022 (granting *nunc pro tunc* motion to file untimely sealing motion).

3. Although *pro se* plaintiffs are granted a degree of leniency by courts with regards to their filings, *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1981), they do not have "[l]eeway" "to ignore the Federal Rules of Civil Procedure, a court's local rules, or a court's orders." *Nwaneri v. Quinn Emanuel Urquhart & Sullivan, LLP.*, Civ. A. No. 19-1540 (TNM), 2020 WL 7773391, at *3 (D.D.C. Dec. 20, 2020); *see also, e.g., Anand v. Dept. of Health and Hum. Servs.*, Civ. A. No. 21-1635 (CKK), 2023 WL 2645649, at *4 (D.D.C. Mar. 27, 2023); *Hedrick v. FBI.*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016).

4. Since the Court granted Defendants' motion to dismiss in part on December 23, 2022, ECF No. 56, Plaintiff has attempted to amend her complaint three times but, on each occasion, she has failed to comply with the Court's deadlines and the governing procedural rules.

5. On February 10, 2023, the Court advised Plaintiff that if she "wishe[d] to move for leave to file a second amended complaint, she shall do so on or before February 24, 2023." Minute Order, Feb. 10, 2023.

6. Plaintiff, however, filed for leave to file her second amended complaint on February 26, 2023, and sought to do so after the deadline because of "unexpected events." ECF No. 69.

7. Defendants did not take a position as to whether the Court should grant Plaintiff's February 26 motion, but noted that the motion was untimely and that the amended complaint repleaded claims that overlapped with claims that the Court had dismissed in its December 23, 2022 decision. ECF No. 71.

8. On April 18, 2023, Plaintiff filed a document titled "Plaintiffs' Motion to File a Corrected Version of the Proposed Second Amended Complaint Out of Time." ECF No. 72.

9. Defendants opposed the motion as untimely (as it was filed 53 days after the February 24 deadline set by the Court) and requested that the Court designate Plaintiff's Amended Complaint, ECF No. 16, as the operative complaint in this case.  ECF No. 73.

10. The Court denied Plaintiff's motions for leave to file an amended complaint. Minute Order, July 5, 2023.

### *The Court Ordered Plaintiff to Comply with Specific Requirements*

11. The Court, however, gave Plaintiff another opportunity to amend, but only if she complied with particular requirements.  *Id.*  Specifically, the Court advised Plaintiff that if she wanted to file an amended complaint, she needed to comply with the following:

- "First, the second amended complaint may not include any claims the Court has previously dismissed . . . ."

- "Second, consistent with the Court's Standing Order, Dkt. 5, the proposed second amended complaint 'must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing.'"

- "Third, any newly asserted claims in the second amended complaint must be clearly delineated and may not simply revise or rehash previously dismissed claims."

- "Fourth, the complaint may be no longer than 40 pages, double-spaced, in 12-point Times New Roman font."

The Court instructed Plaintiff that she may seek leave to file an amended complaint "consistent with the requirements just provided on or before August 2, 2023."  *Id.*

12. The Court was clear about its mandate to Plaintiff: "Plaintiff is cautioned that any further motions for leave to file a second amended complaint must be timely and must strictly comply with every requirement the Court has set forth."  *Id*.

### *Plaintiff Failed to Comply with Any of the Requirements*

13. Despite this forewarning, Plaintiff has failed to comply with any of the requirements imposed by the Court and has left Defendants baffled as to what claims Plaintiff is advancing.

14. First, the proposed amended complaint includes claims that the Court has previously dismissed, in violation of the Court's Order.  Specifically, the Court unequivocally dismissed Plaintiff's claims that Defendants violated the Privacy Act by failing to amend a 2018 Board of Immigration Appeals order, the Office of Professional Responsibility's report, and the Attorney General's removal decision.  Mem. Op., at 20-25.  Likewise, the Court explained: "To the extent that Bain is seeking collaterally to attack the substance of these agency actions, rather than to correct specific factual inaccuracies in the records themselves, the Privacy Act is not a proper vehicle for such an effort." *Id.* at 20.

15.  Although the Court warned Plaintiff that "the second amended complaint may not include any claims the Court has previously dismissed," she alleges that the removal and investigatory documents should be "nullif[ied]" because they include inaccurate information that led to her removal.  ECF No. 87-1, ¶¶ 127-28.  Likewise, she alleges that Defendants' release of these documents to the American Immigration Lawyers Association and an administrative judge was improper because the records were "inaccurate or incomplete." *Id.* ¶ 104.  Plaintiff is merely rehashing the same amendment claim that the Court previously dismissed.  The Court should not permit Plaintiff to circumvent its ruling about the susceptibility of these records to amendment via a Privacy Act claim and to ignore the Court's amended complaint compliance requirements.

16. The second requirement that the Court imposed was that Plaintiff must provide a redline comparison between the active complaint and the proposed amended complaint.  Although Plaintiff filed what she called a "redlined copy," ECF No. 87-2, the document fails to accurately

show the differences between the two complaints.  The most obvious deficiency can be seen in her

redlined version of Count II, although similar deficiencies plague the entire document.  With

respect to Count II (Discrimination, Retaliation, and Hostile Work Environment), the redlined

version does not reflect any allegations with the exception of one paragraph in support of her new

discrimination claim, ¶ 158.  *See* ECF No. 87-2, at 43-47.  The redlined version that Plaintiff

submitted seems to bear no relationship to her proposed amended complaint.  *Compare* ECF

No. 87-2, at 43-47 (redline), *with* ECF No. 77-1, at 36-39 (proposed amended complaint).

17. The purpose of Plaintiff submitting a redline version is so that Defendants and the

Court are readily apprised as to the changes that Plaintiff has made, but her submission precludes

this assessment.  The Court should not permit Plaintiff to flaunt the Court's requirements and

compel the Court and Defendants to unnecessarily expend their limited resources.

18. Third, the Court instructed Plaintiff to "clearly delineate[]" newly asserted claims,

but Plaintiff proceeds to identify her removal decision as a new discrimination claim even though

it is not new.  ECF No. 87-1, at 37-39.  The Court clearly permitted her removal claim to proceed.

Mem. Op., at 60.  By failing to heed the Court's instructions, it is unclear whether Plaintiff is trying

to assert something different, and, if not, whether her intent is to abandon all other claims not

repleaded.

19. Fourth, the Court instructed Plaintiff that her amended complaint may not exceed

40 pages.  Plaintiff technically complied with this instruction, but she has done so by improper

means.  Plaintiff seeks to evade the 40-page limit by incorporating unidentified allegations from

her previous complaint associated with the claims that the Court permitted to proceed.  ECF

No 87-1, ¶ 131.

20. The presumed purpose of the 40-page limit is so that the parties and the Court have

a single, streamlined document that sets forth the claims that Plaintiff is advancing.  Plaintiff's

attempt to sidestep the Court's instruction has left Defendants confused as to the claims being advanced and the factual allegations on which they rely.

21. Plaintiff was expected to file a single, self-contained complaint because (1) procedurally, an amended pleading supersedes the pleading it modifies, and the original pleading no longer performs any function in the case, 6 Fed. Prac. & Proc. Civ. § 1476 (Effect of an Amended Pleading) (3d ed.); *Pinson v. Dep't of Justice*, 69 F. Supp. 3d 108, 113 (D.D.C. 2014); and (2) practically, the Court and Defendants should be able to expeditiously comprehend all issues that are in controversy without cross-referencing other documents.

22. Plaintiff's referencing of the Court's opinion instead of pleading the surviving claims, presumably to circumvent the Court's page limitation, would require the Court and Defendants, in order to assess Plaintiff's case, to analyze the proposed amended complaint, the Court's opinion, and the surviving allegations pleaded in the prior complaint.

23. Plaintiff's tactic has entirely eviscerated the purpose of the 40-page limit to set forth a manageable document that encompasses all of Plaintiff's allegations, and the Court should not permit it. "The Court has inherent power to enforce compliance with its lawful orders." *SEC v. Kenton Capital, Ltd.*, 983 F. Supp. 13, 16 (D.D.C. 1997).

24. Lastly, Plaintiff's request to file an amended complaint is again untimely. The Court ordered Plaintiff to file for leave on or before August 2, 2023. Like her previous two attempts to file an amended complaint, she filed after the deadline. ECF No. 87. She states that despite her "best efforts," she was "unable to do" so but does not explain why. *Id.*

25. Plaintiff represented to the undersigned that she was having trouble filing the very large attachments, which prevented her timely filing, but she did not contact the undersigned until after the filing deadline had expired, which violates the Court's Standing Order relating to the meet-and-confer requirement. ECF No. 5 ("Any party that intends to seek an extension must make

6

a meaningful effort to ascertain the opposing party's position with respect to the extension before filing a motion; an eleventh-hour telephone or email message left for opposing counsel, for example, will not typically satisfy the meet-and-confer requirement.")

26. Additionally, the Court's Standing Order warned Plaintiff about the potential repercussions of late filings based on asserted "technical difficulties.  The Order states, "The Court may take into consideration technical difficulties experienced by a filer when presented a late filing. However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute 'good cause' or 'excusable neglect' justifying an extension of the applicable deadline(s). Fed. R. Civ. P. 6(b)."  Plaintiff apparently waited until the last minute to begin her filing and did not resolve the issue until after the filing deadline.

27. Moreover, Local Civ. R. 5.4(g)(4) gives specific instructions for filers experiencing technical difficulties: "A filer encountering technical problems with a CM/ECF filing shall immediately notify the Clerk's Office of the problem either by email or by telephone, followed promptly by written confirmation."  Plaintiff has provided no evidence that she contacted the Clerk's Office at any time.  Instead, she waited until after the filing deadline to address the issue.

### *Conclusion and Relief Sought*

28. Plaintiff has submitted an untimely amended complaint request that fails to adhere to any of the Court's compliance directives.  As a result of Plaintiff's non-compliance, Defendants are unclear as to what claims Plaintiff is advancing.  She has repleaded claims that the Court has dismissed; identified surviving claims as new claims; repleaded some surviving claims but not others; and has generally referenced the Court's opinion and seeks to incorporate the surviving claims without setting forth the associated allegations in the amended complaint.

29. Given Plaintiff's non-compliance with the Court's order and the many deficiencies and problems with the proposed amended complaint, the Court should deny leave to amend.

30. The Court has given Plaintiff ample opportunity to submit an amended complaint, but she consistently falters.  As exemplified this most recent deficient filing that has again delayed and obfuscated the claims that Plaintiff is advancing, it has "become[] apparent the proceedings in this case are resulting in the unnecessary or inefficient expenditure of substantial litigation resources."  Minute Order, July 17, 2023.

31. Although that time has come sooner than Defendants expected, in light of Plaintiff's continuing disregard for the Court's order and the rules, which conduct has set this case back even further, the time to stay this case and refer it to the MSPB for adjudication is now.

32. In the alternative, Defendant proposes that the Court designate as the operative complaint in this case either (1) Plaintiff's Amended Complaint, ECF No. 16, to the extent it survived the Court's December 23, 2022 decision, or (2) the proposed amended complaint, ECF No. 87-1, but all claims that Plaintiff seeks to plead by incorporation should be dismissed *sua sponte*, because "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and Plaintiff's proposed amended complaint plainly does not do so.  After all, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.*  Plaintiff's pleading deficiencies and repeated disregard for this Court's authority warrant no less severe an outcome.  Once a complaint is designated as the operative one, Defendants propose that they be given 60 days to respond thereto.

\*     \*     \*

Dated:  August 18, 2023                    Respectfully submitted,


                                           MATTHEW M. GRAVES, D.C. Bar #481052
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Chief, Civil Division

                                             By:  _____/s/  *M. Jared Littman*_____
                                                   M. JARED LITTMAN
                                                   PA Bar # 91646
                                                   Assistant United States Attorney
                                                   601 D St., N.W.
                                                   Washington, D.C. 20530
                                                   Phone: (202) 252-2523
                                                   Fax: (202) 252-2599
                                                   Email: Jared.Littman@usdoj.gov

                                                *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1751 (RDM) |
| | ) |
| OFFICE OF THE ATTORNEY GENERAL, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] ORDER

Upon consideration of Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, and the entire record herein, IT IS ORDERED that:

Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 87, is DENIED;

This case is STAYED until the case has been fully adjudicated before the MSPB; and the parties will file a joint status report within 30 days after the matter has been fully adjudicated before the MSPB.

SO ORDERED this _____ day of _____, 2023.


_____
HON. RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

10

**<u>CERTIFICATE OF SERVICE</u>**

I certify on August 18, 2023, I caused a true and correct copy of the above to be served

on Plaintiff via ECF and email: quynhbain75@outlook.com


*/s/ M. Jared Littman*

M. JARED LITTMAN
Assistant United States Attorney