# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>OFFICE OF THE ATTORNEY GENERAL )<br>U.S. Department of Justice, et. al )<br>)<br>  Defendants. )<br>_____) | No. 21-Civ-1751 (RDM) |

**REPLY TO DEFENDANTS' OPPPOSITION TO PLAINTIFF'S
MOTION TO FILE THIRD AMENDED COMPLAINT, AND
REQUEST FOR RECORD INSPECTION UNDER FED. R. CIV. P. 34(a)**

By Minute Order dated August 3, 2023, this Honorable Court deemed Plaintiff's second amended complaint, which was filed on that date, as a third amended complaint. Treating her motion to late file the amended complaint as a Rule 15(a)(2) Motion to Amend, the Court gave Defendants 14 days to respond. *See* Fed. R. Civ. P. 15(a)(2) (stating that leave to amend should be freely granted "when justice so requires."). Rather than address the newly raised issues head-on, Defendants attempt to sidestep them by moving, once again, to return this case to the Merit Systems Protection Board (MSPB) for adjudication. Defendants' response is unavailing. The Court has already spoken on the jurisdictional question. *See* Minute Orders, dated July 14 and July 17, 2023. As the Court indisputably has subject matter jurisdiction, the Court should deem the filing of the third amended complaint unopposed, order Defendants to respond, and permit discovery to go forward.

Defendants' protest notwithstanding, the third amended complaint adheres to the Court's December 23, 2022 Order, in which the Court recognized some of the Title VII claims as timely exhausted and plausibly stated. *See* ECF No. 56 at 59-60. The Court also permitted Plaintiff to file a second amended complaint, to raise any additional issues or claims that may have arisen in the course of this litigation. Defendants know all too well the difficulties Plaintiff has encountered in preparing her second amended complaint. Over the past seven months, Plaintiff repeatedly requested access to the OPR Record of Investigation, only to be told that she must wait for discovery to commence. *See* Attachment A.

The third amended complaint raises new issues of facts that are based on newly discovered evidence. It asserts a new Privacy Act claim based on the denial of access to OPR records that directly resulted in Plaintiff's wrongful discharge. The new evidence was released to Plaintiff only recently, even though she requested that information from OPR more than four years ago. As the Court and Defendants are aware, the new evidence – once discovered – dramatically changed Plaintiff's understanding of the two-year investigation of Plaintiff that OPR undertook between August 2017 and September 2019. Because the OPR investigation directly led to her wrongful discharge in September 2020, the newly discovered evidence, as well as the four-year delay in producing it, have become front and center in this case. The newly discovered evidence flags serious procedural irregularities in the OPR investigation and raises questions about its propriety. The new evidence also casts doubt on the adequacy of OPR record searches and OPR's decision to withhold records that Plaintiff needed to challenge the termination of her employment. The newly discovered evidence indicates that OPR improperly withheld outcome-determinative records that would likely have altered the outcome of the EEOC proceeding; the July 16, 2020 pre-termination hearing before the Office of the Deputy Attorney General; and the September 17, 2020

Removal Decision, had those records been released to Plaintiff before she was fired. Defendants mischaracterize the new Privacy Act claims as a revival of the already-rejected record amendment claim.[1] *See* ECF No. 56 at 20. However, the new Privacy Act claims are different, in that they are based on the "adverse determination" and "adverse effect" provisions of the Privacy Act, *see* 5 U.S.C. §§ 552a(g)(1)(C) & (D).

Moreover, because the newly discovered evidence undermines the legality of the Removal Decision, its discovery has given rise to a new record access claim under 5 U.S.C. § 552a(g)(1)(B). Plaintiff posits that but for the withholding of the Record of Investigation, the outcome of the investigation, the pre-termination hearing, and the Removal Decision itself would likely have been different. Thus, any undue delay in bringing the new Privacy Act claims in Count I should be chargeable to Defendants, on account of their failure to release OPR records in a timely fashion. The record access claim in Count I is an issue to which Defendants have not pled. Requiring them to plead to that claim now would be proper. It would allow this case to move forward as a single, consolidated action. *See Lamb v. Millenium Challenge Corp.*, 334 F. Supp. 3d 204 (RDM) (D.D.C. 2018) (permitting Plaintiff to amend complaint to add new FOIA and Privacy Act claims, because the records that Defendant initially produced did not include a Report of Investigation).

---

[1] Defendants incorrectly assert that Plaintiff is attempting to revive an already-rejected record amendment claim in Count I. *See* ECF No. 88-4. The third amended complaint carries forward Privacy Act-based wrongful disclosure claims and a continuing denial of record access claim under 5 U.S.C. §§ 552a(e)(5)-(6) and 552a(g)(1)(B), respectively. *See* ECF No. 87-1 at 29-30. In addition, the third amended complaint asserts new Privacy Act claims that are based on Defendants' failure to give Plaintiff timely access to the OPR Record of Investigation, which directly resulted in Plaintiff suffering adverse determinations or adverse effects. *See* ECF No. 87-1 at 31-34. The Court's December 23, 2022 Decision and Order disposing of Defendants' partial motion to dismiss did not address the carried-over claims or the new Privacy Act claims. *See* ECF No. 56-19-20 ("Defendants do not acknowledge anywhere in their briefing that Bain also brings access and wrongful disclosure claims. *See* Dkt. 20-1. The Court, accordingly, will address only Bain's claims relating to her requests to amend those records.").

To facilitate discovery in this case, Plaintiff respectfully proposes to conduct an immediate inspection of the OPR Record of Investigation, to take place within the next 40 days. As of today, Defendants have released only 3,664 pages of those OPR records, or 25 percent of the total number of pages. They claim to have processed 60 percent of the records, but without providing Vaughn indexes, Defendants cannot assure the Court that they have substantially complied with this Court's July 25, 2022 record release order. The number of pages that have actually been released, the timeliness of the various record releases, and the claims of exemptions are all disputed issues that the Court will have to resolve at the close of discovery. Thus, far from being futile, the third amended complaint brings to the Court's attention significant disputes that the Court can address right away. For this reason, Plaintiff respectfully requests an immediate inspection of the 14,500-page repository of OPR records, on the conditions and terms laid out in Plaintiff's proposed Agreement for Inspection of OPR Records. *See* Attachment B.

Because discovery has not commenced, returning this matter to the MSPB for adjudication of the factual and legal issues would be premature. The Court is clearly sensitive to the need to develop the factual record for judicial review. *See* July 17, 2023 Minute Order. Only the Court has jurisdiction to consider the Privacy Act claims. Only the Court can order Defendants to release FOIA-requested records to Plaintiff. Moreover, the MSPB does not have jurisdiction over all of the claims and issues presented in this case. Given the MSPB's limited scope of review, *see* 5 U.S.C. § 7703(b)(2), discovery in the MSPB would be similarly limited. Finally, the Court has made clear its desire to move forward with judicial review of all factual and legal issues in a single, consolidated proceeding, rather than in piecemeal fashion in two different forums, as Defendants have proposed. *See* July 14 and July 17, 2023 Minute Orders. Given the Court's preference, Plaintiff respectfully requests that the Court retain jurisdiction over this case.

Accordingly, and for the above-stated reasons, Plaintiff respectfully requests that the Court deem the filing of the third amended complaint as unopposed, direct Defendants to answer the third amended complaint, and permit this case to proceed to discovery. To facilitate discovery, Plaintiff further requests that the Court grant her leave to conduct an immediate inspection of the OPR Record of Investigation, within the next 40 days. Previously, and again on August 20, 2023, Plaintiff requested that Defendants permit a record inspection. *See* Attachment B. On August 21, 2023, counsel for Defendants, Assistant United States Attorney Jared Littman, did not agree to the proposed inspection.

Dated: August 21, 2023            Respectfully submitted,

Quynh Vu Bain
*Pro Se* Plaintiff
213 3rd Street, SE
Washington, DC  20003
quynhbain75@outlook.com
(202) 910-8553