UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>      Plaintiff,<br><br>  v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>*et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-1751 (RDM)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
PROPOSED AGREEMENT PROVIDING FOR INSPECTION OF
RECORDS OF THE OFFICE OF PROFESSIONAL RESPONSIBILITY**

On behalf of Defendants, the undersigned counsel declines Plaintiff's proposed agreement for inspection of records of the Office of Professional Responsibility (OPR), ECF No. 89-2, for the following reasons:

In her proposed agreement, Plaintiff requests access to and inspection of "all OPR records that were generated, compiled, and stored during the two-year investigation of Plaintiff, in their <u>unredacted</u> form, through an inspection and photocopying or scanning of such records at a mutually agreed upon location." *Id.* (emphasis in original). In Plaintiff's reply to Defendants' motion opposing her motion for leave to file a third amended complaint, ECF No. 89, Plaintiff cites Fed. R. Civ. P. 34(a) as the basis to propose this agreement to inspect OPR records. It is well settled, however, that "discovery is disfavored" in FOIA actions, because providing discovery of the records sought would grant Plaintiff the relief she ultimately seeks. *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012). Moreover, until the Defendants move for summary judgment, courts generally do not allow discovery in FOIA actions. *Cole v. Rochford*, 285 F. Supp. 3d 73, 77 (D.D.C. 2018); *see, e.g.*, *Taylor v. Babbitt*, 673 F.Supp.2d 20,

23 (D.D.C. 2009). Likewise, as to the employment discrimination component of Plaintiff's case, the Rule 34 request is premature, as the operative complaint has yet to be identified, Defendants have not yet responded to such complaint, the parties are not in the discovery phase of litigation, and, under Rule 26(d)(2)(B), this early Rule 34 request is not even considered served until the first Rule 26(f) conference, which has yet to occur. Plaintiff's request for discovery therefore is inapposite or, at best, premature.

As is more fully explained below, Plaintiff's access request in ECF No. 89-2 is essentially the same request that is the subject of this litigation, OPR Request No. F19-00105 ("F19-00105").

1.      *Plaintiff has already submitted essentially the same request to OPR through the Freedom of Information Act and Privacy Act (FOIA/Privacy Act) process.*[1] On August 5, 2019, Plaintiff submitted a FOIA/Privacy Act access request (F19-00105) to OPR for "any and all information that OPR received, gathered, or compiled in the course of conducting the OPR inquiry and investigation into [her] conduct and in preparing the OPR July 22, 2019 report of investigation."

The only significant difference between the two requests is that Plaintiff now places conditions on her access to OPR records by (1) demanding that the OPR-provided access also afford her the ability to not only inspect but to photocopy and/or scan OPR records; (2) specifying

---

[1] Plaintiff makes this ECF No. 89-2 request pursuant to the Privacy Act, 5 U.S.C. § 552a(d)(1), which requires OPR, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, [to] permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." But OPR has been and continues to be in full compliance with the section 552a(d)(1) requirement. Plaintiff also makes this request pursuant to section 552a(g)(1)(B), which states that "whenever an agency . . . refuses to comply with an individual request under subsection (d)(1) . . . [the individual may bring a civil action against the agency]," which Plaintiff has done. Invoking these statutory provisions as a basis for making the same request in an ongoing lawsuit is unreasonable and redundant.

2

where the access to OPR records should take place, i.e., at a location to which she agrees; and (3) dictating the form that OPR's records may take, i.e., unredacted. *Id.*

As discussed below, Plaintiff's proposed conditions on her access to OPR's records do not alter in any way the ongoing processing and production of OPR's responses to F19-00105, i.e., her original FOIA/Privacy Act access request, and are therefore as redundant and unnecessary as this reiteration of her access request in a proposed agreement.

2. *Defendants have already provided Plaintiff with access to inspect and photocopy or scan records responsive to her FOIA/PA request.* On July 25, 2022, the court ordered OPR to process 500 pages of potentially responsive pages per month beginning September 2022. Of an estimated 14,500 pages of records potentially responsive to Plaintiff's FOIA/PA request, OPR has processed and/or produced 9,228 pages of records. That sum exceeds by 3,728 the number of pages OPR was ordered to process from September 2022 to the present.

3. *Defendants have already delivered OPR records responsive to Plaintiff's FOIA/Privacy Act request to the location of her choice.* All of OPR's responses to Plaintiff's request have been sent via email (password-protected) to the email address provided by Plaintiff or, where attached responses were too large to email, through a DOJ-secured portal. In this way, Defendants have already provided Plaintiff with access to OPR records at a convenient and confidential location to which she agreed.

4. *Plaintiff is not entitled to inspect, copy or scan unredacted OPR records.* Plaintiff's access rights under the FOIA and the Privacy Act do not include wholesale access to unredacted OPR records. Under the FOIA, Plaintiff has a right, enforceable in court, to obtain access to federal agency records about her that are not subject to any of its exemptions or exclusions. OPR will continue to withhold access to portions of its response to Plaintiff's FOIA/Privacy Act request pursuant to applicable FOIA exemptions, 5 U.S.C. § 552(b)(1)-(b)(9).

3

Under the Privacy Act, Plaintiff has a right to seek access to her own records stored in OPR's system of records subject to ten Privacy Act exemptions. OPR's system of records (JUSTICE/OPR–001) is a law enforcement system of records that is exempted from the access provision of the Privacy Act (5 U.S.C. § 552a(d)) by application of Privacy Act Exemption (k)(2), 5 U.S.C. § 552a(k)(2). *See* 28 C.F.R. § 16.80(a)(1). Moreover, DOJ Privacy Act regulations state that "the Department processes all [Privacy Act] requests for access to records under the FOIA, giving requests the benefit of both statutes." 28 CFR § 16.40. Accordingly, OPR will continue to apply Privacy Act Exemption (k)(2) in conjunction with FOIA Exemption 7(C) to withhold exempt information in the law enforcement records responsive to Plaintiff's FOIA/Privacy Act request.

For the foregoing reasons, Defendants decline Plaintiff's proposed agreement for her conditional access and inspection of OPR records and will continue to provide for her access and inspection of OPR records through FOIA/Privacy Act-governed processes as set forth by this Court and currently in place.

Dated: September 3, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ M. Jared Littman
M. JARED LITTMAN
PA Bar # 91646
Assistant United States Attorney
601 D St., N.W.
Washington, D.C. 20530
Phone: (202) 252-2523
Fax: (202) 252-2599
Email: Jared.Littman@usdoj.gov

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify on September 3, 2023, I caused a true and correct copy of the above to be served on Plaintiff via ECF and email: quynhbain75@outlook.com

                                                   */s/ M. Jared Littman*
                                      M. JARED LITTMAN
                                      Assistant United States Attorney