UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, *Plaintiff*, v. OFFICE OF THE ATTORNEY GENERAL, *et al.*, *Defendants*. | Civil Action No. 21-1751 (RDM) |

## ORDER

This matter, now over three years old, is before the Court on Plaintiff Quynh Vu Bain's motion for leave to file a fourth amended complaint, Dkt. 87; Min. Order (Aug. 3, 2023). Despite its age, this case has yet to proceed to discovery. The parties have instead spent these past many months battling over successive proposed amended complaints from Plaintiff. It is worth briefly recounting that history to provide context for what follows.

Plaintiff initiated this lawsuit on June 22, 2021, Dkt. 1, and filed a first amended complaint on September 27, 2021, Dkt. 16. The amended complaint nominally contained three counts: a Privacy Act-based count; a count alleging "Discrimination, Retaliation for Protected Activity, and Hostile Work Environment;" and a Whistleblower Protection Act ("WPA") count. But embedded within each count were a host of allegations.

As recounted in the Court's December 23, 2022 memorandum opinion and order granting Defendants' motion to dismiss the first amended complaint in part, Dkt. 56, Count I included over a half-dozen Privacy Act-based access, amendment, and release claims. Dkt. 56 at 13 (citations omitted). Of those claims, only Plaintiff's Privacy Act access and release of

information claims survived. *Id.* at 58. The Court also construed Count II of Plaintiff's first amended complaint to assert over a dozen separate instances of disparate treatment or retaliation in violation of Title VII, the Rehabilitation Act, and the ADEA. *Id.* at 14. The Court once again dismissed many of Plaintiff's claims, including the entirety of her hostile work environment claim. The claims that survived were disparate treatment and/or retaliation claims predicated on nine distinct acts, including Plaintiff's "removal from federal service." *Id.* at 60. Finally, as to Count III, Defendants did not seek dismissal of Plaintiff's WPA claim in their motion to dismiss. *Id.* at 59.

Following the Court's December 23, 2022 decision, the Court ordered Defendants to answer Plaintiff's first amended complaint on or before February 8, 2023. *See* Min. Order (Jan. 6, 2023). On February 3, 2023, however, Defendants informed the Court that Plaintiff had, since approximately January 5, 2023, indicated that she intended to file a second amended complaint. Dkt. 66 at 2. In light of these representations, the Court ordered Plaintiff to move for leave to file a second amended complaint (if she wished to do so) on or before February 24, 2023. *See* Min. Order (Feb. 10, 2023). Plaintiff did so and moved for leave to file a second amended complaint on February 26, 2023. Dkt. 69.

But that was not the end of the matter because, on April 18, 2023, Plaintiff once again sought leave from the Court to file yet another amended complaint, her third amended complaint. Dkt. 72. In light of this new request, the Court denied Plaintiff's prior motion for leave to file a second amended complaint, Dkt. 69, as moot. The Court also denied Plaintiff's additional motion for leave to file a third amended complaint, Dkt. 72; Min. Order (July 5, 2023), concluding that it sought to relitigate matters the Court had already resolved and failed to comply with the Court's standing order.

In denying those motions, however, the Court informed Plaintiff that it would give her one final bite at the apple. Min. Order (July 5, 2023). The Court would "permit Plaintiff to file a[n] . . . amended complaint," on or before August 2, 2023, "if the complaint complies with the following requirements:"

> First, the . . . amended complaint may not include any claims the Court has previously dismissed, because . . . the Court has denied Plaintiff's requests for reconsideration.
>
> Second, consistent with the Court's Standing Order, the proposed . . . amended complaint "must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing."
>
> Third, any newly asserted claims in the . . . amended complaint must be clearly delineated and may not simply revise or rehash previously dismissed claims.
>
> Fourth, the complaint may be no longer than 40 pages, double-spaced, in 12-point Times New Roman font.

*Id*. (citations omitted). To ensure that the Court's instructions were crystal clear, the Court cautioned Plaintiff "that any further motions for leave to file a second amended complaint <u>must be timely</u> and <u>must strictly comply with every requirement the Court has set forth</u>." *Id.* (emphasis in original).

Despite these clear instructions, Plaintiff has once again failed to comply with the Court's order. First off, she did not timely file her complaint. It was, she admits, "one day out of time." Dkt. 87 at 1. In addition, the "redline" Plaintiff has filed is not a true redline, despite Plaintiff's use of red font. A redline is a comparison of a current draft with a prior draft that shows every change that was made to a document (e.g., every word added, and every word deleted). Plaintiff has merely highlighted in red the paragraphs of allegations she has changed and indicated that each such paragraph has been "Revised and Renumbered" without showing the specific revisions that were made. In the 56-page document Plaintiff submitted as a redline, which contained

3

approximately 207 paragraphs of allegations, only 4 paragraphs were *not* highlighted red. Plaintiff's version of a redline defeats the purpose of the Court's requirement, which is to permit the Defendants and the Court to understand easily what changes a plaintiff has made to her complaint without having to conduct a line-by-line analysis that wastes judicial time and resources. Even so, had these errors been the only issues with Plaintiff's filing, they might have been excusable, in light of Plaintiff's *pro se* status. But they are not.

Plaintiff's proposed fourth amended complaint appears to contain Privacy Act claims that are by and large new, as she alleges in that complaint that Defendants failed to maintain accurate records in violation of 5 U.S.C. § 552a(g)(1)(C) (rather than that Defendants failed to amend records under § 552a(g)(1)(A) as she had alleged in her first amended complaint). *See* Dkt. 87-1 at 29–34 (Fourth Am. Compl. ¶¶ 103–128). In adding these new Privacy Act allegations, Plaintiff has removed from the fourth amended complaint the specific allegations relating to her discrimination and retaliation claims and her WPA claim. There is no error in that, as a plaintiff is the master of her own complaint and may choose to pursue (or not to pursue) whatever claims she desires.

The issue here, however, is that rather than abandoning the claims Plaintiff has removed from her proposed fourth amended complaint, she instead seeks to include the removed claims by attempting to incorporate those claims by reference—not to her first amended complaint—but to this Court's December 23, 2022 memorandum opinion. *See, e.g., id.* at 36 (Fourth Am. Compl. ¶ 131) ("Previously on December 23, 2022, this Court disposed of Defendants' partial Motion to Dismiss by dismissing some of the discrimination claims in Plaintiff's first amended complaint. The Court ruled that certain claims may proceed to the next phase of litigation because they have been timely exhausted or plausibly stated. *Without waiving her right to*

4

*pursue those viable claims through civil discovery*, Plaintiff asserts the following new retaliation and discrimination claims.[1]" (emphasis added)).  That is unworkable.

Although a plaintiff may incorporate by reference materials not included in complaint under certain circumstances, *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (explaining that materials incorporated by reference may also include "document[s] not attached by the plaintiff, but . . . 'referred to in the complaint and . . . integral to [the plaintiff's] claim'" (quoting *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004))), that principle does not extend so far as to permit a plaintiff to incorporate by reference prior claims or court decisions, in whole cloth.  The essential purpose of a complaint is to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  Attaching or referencing documents that *support* or *explain* a claim that is, in fact, set forth in a complaint is therefore not necessarily at odds with the very purpose of a complaint.  A defendant can refer to those materials and understand what the plaintiff is alleging.

The same cannot be said of what Plaintiff is seeking to do here.  To see why, take for example Plaintiff's WPA claim in her putative, fourth amended complaint.  Under "Count III: Whistleblower Retaliation," Plaintiff states that she "asserts the following whistleblower retaliation claim which the Court has recognized as valid on its face," citing to the Court's December 23, 2022 opinion.  Dkt. 87-1 at 39 (Fourth Am. Compl. ¶ 140).  She then provides a

---

[1] The Court notes that while these claims are framed as "new" both are predicated on Plaintiff's termination, which had been asserted in Plaintiff's first amended complaint.  *Compare* Dkt. 87-1 at 37–39 (Fourth Am. Compl. ¶¶ 132–139), *with* Dkt. 56 at 60 (citing Dkt. 16 at 30, 43 (Am. Compl. ¶¶ 106, 158).

single barebones paragraph of allegations relating to her WPA claim. To be sure, the Court did not dismiss Plaintiff's WPA claim in her first amended complaint. But that claim was a different one, as it was supported by specific allegations contained in the complaint. *Compare* Dkt. 87-1 at 39–40 (Fourth Am. Compl. ¶ 141), *with* Dkt. 16 at 45–50 (Am. Compl. ¶¶ 168–185). If Plaintiff is permitted to incorporate by reference her WPA claim into her fourth amended complaint, how are Defendants supposed to answer this claim? Should they assume Plaintiff is realleging all the claims from her first amended complaint? She did not, it is worth noting, cite to any specific allegations in her first amended complaint. Or should Defendants only answer the single paragraph in the fourth amended complaint? This confusion is the opposite of what the "short and plain" statement rule aims to create, and it is at odds with the page limit the Court previously set to ensure compliance with that requirement.

In short, Plaintiff cannot circumvent the Court's order requiring her to file a complaint that is 40 pages or less by incorporating by reference to the Court's prior opinions or her prior complaints. Plaintiff is proceeding *pro se*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (instructing courts to hold pro se litigants to "less stringent standards than formal pleadings drafted by lawyers"), but she is a lawyer with considerable experience. As Plaintiff herself emphasizes, she has had a 29-year career at the Department of Justice, and presumably during that period, she has seen numerous complaints and should be well-versed in what the basic pleading requirements are. *See* Dkt. 87-1 at 39 (Fourth Am. Compl. ¶ 139).

The Court will, accordingly, **DENY** Plaintiff's motion for leave to file a fourth amended complaint, Dkt. 87; Min. Order (Aug. 3, 2023).

In light of the Court's decision to deny Plaintiff leave to amend, Plaintiff's motion to inspect records, Dkt. 89—which is predicated the Court granting Plaintiff leave to file her fourth amended complaint—is also **DENIED** as **MOOT**.

    **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 23, 2024