IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICE OF THE ATTORNEY GENERAL, ET. AL<br>U.S. Department of Justice,<br><br>  Defendants. | No. 21-Civ-1751 (RDM) |

**PLAINTIFF'S MOTION TO STAY ALL DEADLINES IN THIS CASE PENDING THE OFFICE OF PROFESSIONAL RESPONSIBILITY'S COMPLETION OF RECORD PROCESSING AND THE COURT'S REVIEW OF THOSE RECORDS**

Plaintiff proceeding *pro se*[1] respectfully moves to stay all pending deadlines in this case, except those pertaining to the Office of Professional Responsibility (OPR), until such time as OPR has completed the processing of its records, and the Court is satisfied that the processing of OPR records was completed in a manner that adhered to statutory and due process standards. At that point, Plaintiff will move to dismiss this civil action without prejudice under Fed. R. Civ. P. 41(a)(2), so that this matter could be returned to the Merit Systems Protection Board (MSPB) for an administrative adjudication on the merits of the Removal Decision. In further support of this Motion, Plaintiff avers the following:

---

[1] Due to a misunderstanding concerning the scope and nature of her representation, the attorney whom Plaintiff had tentatively retained to represent her in this proceeding will be moving to withdraw her motion to appear *pro hac vice*. Because she has not yet filed a certificate of good standing and the Court has not officially recognized her as the attorney of record, Defendants will not be prejudiced by her withdrawal from the case.

1. In June 2021, Plaintiff filed this civil action to seek judicial review of the decision of the Office of Professional Responsibility (OPR) to deny Plaintiff access to the full OPR Record of Investigation. *See* ECF No. 1 at 17-18, 23-24. Plaintiff intended to use the Record of Investigation in seeking administrative or judicial review of the former United States Attorney General's September 17, 2020 decision to terminate her 29-year employment at the U.S. Department of Justice. In support of her Complaint, Plaintiff filed 30 Plaintiff's Exhibits under seal. ECF No. 3.

2. On July 6, 2021, this Court issued a Standing Order that requires Defendant OPR to prepare and provide a Vaughn Index that accompanies the release of records under the FOIA and Privacy Act. *See* ECF No. 5.

3. On September 22, 2021, Plaintiff filed an Amended Complaint that carried forward the same claim in Count I concerning denial of access to the OPR Record of Investigation. *See* ECF No. 16 at 3-4. In that Amended Complaint, Plaintiff noted that as of August 19, 2021, the Office of Information Policy (OIP) had discontinued the processing of Plaintiff's August 5, 2019 FOIA and Privacy Act request. *See id.* at 4.

4. After filing her Amended Complaint, Plaintiff continued to seek access to the entire OPR Record of Investigation. *See* ECF No. 45 at 4-5. Without access to those records, she did not have a clear view of the body of evidence on which the decision to terminate her employment stood, and, consequently, she was not in the position to argue for amendment or rescission of the Removal Decision.

5. During a status conference held on July 25, 2022, Defendants' counsel advised -- for the first time in this litigation -- that OPR had identified a universe of approximately 14,500 pages of responsive OPR records. Counsel further stated that OPR's processing capacity was only

500 pages per month, and that the projected timeline for processing the 14,500 pages of records was two years, or by September 2024. Based on Counsel's estimates, the Court directed Defendants to begin processing the 14,500 pages of OPR records in September 2022. *See* July 25, 2022 Minute Order.

6. On December 23, 2022, the Court granted Defendants' Partial Motion to Dismiss in part and denied it in part. *See* ECF No. 56. The Court gave Plaintiff the option to file a second amended complaint by February 6, 2023. That deadline was extended to February 24, 2023.

7. On February 26, 2023, Plaintiff moved to file a proposed second amended complaint one business day out of time. *See* ECF No. 69 & 69-2. The second amended complaint attempted to raise certain procedural irregularities in the processing of OPR records. The Court denied Plaintiff's motion to file the second amended complaint for non-compliance with the Court's December 23, 2022 decision and order. *See* July 5, 2023 Minute Order.

8. On August 3, 2023, with the Court's permission, Plaintiff filed a third amended complaint that, among other things, raised the same concerns regarding OPR's processing and withholding of records. *See* ECF No. 87 at 26-27. Plaintiff contended that without immediate access to the OPR records, she would be unable to move forward with this litigation. *See id.* at 27-29. The Court rejected the third amended complaint as late-filed and non-compliant with the procedural requirements for filing an amended complaint. *See* ECF No. 95.

9. As of today, OPR has not completed processing of the 14,500 pages of OPR records. Plaintiff thus does not have the full Record of Investigation with which to prosecute the remaining causes of action and claims. Moreover, OPR's failure to provide a Vaughn Index has made it exceedingly difficult to verify that OPR's processing of records, release or withholding of information, and claimed FOIA exemptions are compliant with statutory and case law standards.

Plaintiff therefore respectfully requests that the Court stay all pre-trial deadlines until such time as OPR has completed its processing of the Record of Investigation and the Court is satisfied, upon an *in camera* inspection, that all of the records have been properly processed and released to (or withheld from) Plaintiff in accordance with the law that governs this case and with due process standards. At that point, this case would become ripe for administrative adjudication or judicial review, and Plaintiff would move to dismiss this matter without prejudice pursuant to Rule 41(a)(2), so that it could be returned to the MSPB for an adjudication on the merits. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) (holding that the process due to public employees with a property interest in continued employment is a limited pre-termination hearing followed by a more comprehensive post-termination hearing.).

On February 2, 2024, Plaintiff advised Assistant United States Attorney Joseph Carilli that she would like to file this motion on Monday, February 5, 2024. As of the filing of this motion at 5:00 p.m. on February 5, 2024, Mr. Carilli had not responded regarding the government's position.

Date:   February 5, 2024

Respectfully submitted,

_____
Quynh Vu Bain
Pro Se Plaintiff
213 3RD St. SE
Washington, DC  20003
(202) 910-8553
quynhbain75@outlook.com