UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH BAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICE OF THE ATTORNEY<br>GENERAL, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 21-1751 (RDM)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY</u>

Defendants Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility, Executive Office for Immigration Review, and Office of Information Policy, by and through undersigned counsel, respectfully respond to Plaintiff Quynh Vu Bain's ("Plaintiff") Motion to Stay, ECF No. 98.

The authority to stay proceedings stems from "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (internal quotation marks and citation omitted). In considering a stay, courts must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012). District courts have broad discretion to stay all proceedings in an action pending the resolution of independent legal proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

First, consistent with Defendants' Motion to Stay, ECF No. 76, Defendants do not oppose a stay in this case, which "would allow the court to benefit from the exercise of [Merit Systems

Protection Board] expertise, preserving judicial resources while simultaneously protecting the right of appeal[.]" *Butler v. West*, 164 F.3d 634, 643 (D.C. Cir. 1999); *cf. AT&T Corp. v. FCC*, 970 F.3d 344, 348 (D.C. Cir. 2020) ("A primary jurisdiction referral stays proceedings so as to give the parties reasonable opportunity to seek an administrative ruling.") (internal quotation marks omitted); *Am. Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 31 F.3d 1184, 1187 (D.C. Cir. 1994) ("In general, when primary jurisdiction lies with an administrative agency, the district court should stay the proceedings in front of it, not dismiss the suit.").

Second, Plaintiff's request that this Court conduct an *in camera* review—to resolve any dispute over the release of records responsive to Plaintiff's Freedom of Information Act request to the Office of Professional Responsibility—is premature. ECF No. 98, Pl.'s Mot. to Stay at 4. Plaintiff has not made the significant showing required to impose such a burden on the Court. *See ACLU v. Dep't of Def.*, 628 F.3d 612, 627 (D.C. Cir. 2011) (holding that in camera review was "not necessary" where the agency's affidavit was "sufficiently detailed" and there was "no evidence of bad faith"); *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) ("If the agency's affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera review of the documents.") (internal quotation marks omitted); *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) (explaining that in camera review is not necessary "[i]f the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith").

As such, the Court should grant Plaintiff's motion to stay, but decline to provide for *in camera* review at this time.  A proposed order is attached hereto.

Dated:   February 13, 2024                     Respectfully submitted,
         Washington, DC

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Joseph F. Carilli, Jr.*_____
      JOSEPH F. CARILLI, JR.
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2525

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| QUYNH BAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-01751 (RDM) |
| | ) | |
| OFFICE OF PROFESSIONAL RESPONSIBILITY, U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION OF Plaintiff's Motion to Stay and the entire record, it is hereby ORDERED that Plaintiff's Motion to Stay is GRANTED.  It is further ORDERED:

1. pursuant to the Court's July 25, 2024 Minute Order, the Office of Professional Responsibility will continue to process Plaintiff's Freedom of Information/Privacy Act request at a rate of 500 pages per month;

2. upon completion of processing, the parties shall meet and confer to resolve any disputes over the search for responsive records and withholding of records; and,

3. if there are any disputes remaining, the parties shall submit a briefing schedule for cross-motions for summary judgment over Plaintiff's Freedom of Information/Privacy Act claim.

SO ORDERED.

Dated: _____                _____

RANDOLPH D. MOSS
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I certify that on February 13, 2024, I served the foregoing upon Plaintiff by sending a copy

of the document to the following address via U.S. mail:

Quynh Vu Bain
213 Third St. SE
Washington, DC 20003

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
Assistant United States Attorney

*Counsel for the United States of America*