IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        No. 21-Civ-1751 (RDM)
                                        )
OFFICE OF THE ATTORNEY GENERAL, ET. AL  )
U.S. Department of Justice,             )
                                        )
        Defendants.                     )
                                        )

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO STAY ALL
PRE-TRIAL DEADLINES PENDING THE OFFICE OF PROFESSIONAL
RESPONSIBILITY'S COMPLETION OF RECORD PROCESSING
AND THE COURT'S REVIEW OF THOSE OPR RECORDS**

On February 5, 2024, Plaintiff proceeding *pro se* respectfully moved the Court to stay all

pending deadlines in this case, except those pertaining to the Office of Professional Responsibility

(OPR), until such time as OPR has completed the processing of its records, and the Court is

satisfied -- upon conducting an *in camera* inspection -- that the processing of OPR records was

completed in a manner that adhered to statutory, case law, and due process standards.

In this Reply, Plaintiff respectfully submits that an *in camera* review of OPR's record

productions rather than an affidavit from OPR will ensure that Plaintiff receives a Constitutionally

sufficient post-termination hearing. *See Cleveland Board of Education v. Loudermill*, 470 U.S.

532 (1985) (because a public sector employee who is subject to removal "for cause" has a

Constitutionally protected property interest in his continued employment, the employee must be

given appropriate procedural safeguards to protect his or her interest in continued employment and in avoiding a wrongful termination).

An *in camera* inspection is necessary given OPR's repeated failures to timely identify, process, and release responsive records to Plaintiff. Through pleadings filed with this Court, Plaintiff alerted the Court to the unreasonable delays in OPR's identification and processing of records that are responsive to her August 2019 FOIA and Privacy Act request. ECF No. 16 at 3. In March 2020, before her pre-termination hearing, OPR identified a universe of 575 pages of responsive records but released only 45 pages. *Id.* at 28. After her removal in September 2020, Plaintiff filed this civil action to seek access to the full OPR Record of Investigation. ECF No. 1. In August 2021, OPR notified Plaintiff that it had ceased the processing of the FOIA and Privacy Act request because she filed this civil action. ECF No. 16 at 4. During a status conference almost a year later, on July 25, 2022, Defendants' counsel revealed for the first time that OPR had identified a universe of 14,500 pages of responsive records. ECF No. 69-2 at 38. In response, the Court directed OPR to begin processing the records in September 2022. *See* July 25, 2022 Minute Order. As of today, more than four years after she filed the FOIA and Privacy Act request, OPR still has not finished processing the Record of Investigation.

Previously, Plaintiff argued that OPR's refusal to give her timely access to the full OPR Record of Investigation substantially prejudiced her ability to oppose her termination before it occurred, and even more so after it occurred. *See* ECF No. 16 at 28; ECF No. 69 & 69-2 at 40; ECF No. 87 at 26-27. Without access to the evidence on which the former United States Attorney General's Removal Decision rested, Plaintiff was unable to refute the charges of misconduct and lack of candor that were premised on OPR's September 27, 2019 Report of Investigation. ECF No. 16 at 28; ECF No. 69-2 at 40-41. Moreover, many of OPR's fact findings relied on inaccurate

or conflicting evidence that increased the likelihood of erroneous termination. *See* ECF No. 53-31 at EOIR 1-82 (Sealed). *See also* ECF No. 69-2 at 31-32, 40-41; ECF No. 87-1 at 16-20. More recently, OPR released records that suggest OPR knowingly suppressed evidence that favored Plaintiff -- evidence that would show Plaintiff did not lack candor in answering OPR's questions. *See* ECF No. 87-1 at 11-14.

To minimize the harm that OPR's delayed record processing has already caused, Plaintiff requested to inspect the OPR records in February 2023 and again in July 2023. Defendants, however, flatly refused to give Plaintiff access to the records. In August 2023, Plaintiff filed a Motion to Inspect the OPR records, which this Court denied in January 2024. ECF No. 89; ECF No. 95. For this reason, Plaintiff cannot agree with Defendants' suggestion that OPR provide an affidavit and the parties meet and confer to resolve this long-running dispute. *See Loudermill*, 470 U.S. at 548-550 (J. Marshall, dissenting) ("To my mind, the disruption caused by a loss of wages may be so devastating to an employee that, whenever there are substantial disputes about the evidence, additional pre-deprivation procedures are necessary to minimize the risk of an erroneous termination. . . ."). Instead, Plaintiff respectfully requests that the Court require Defendants to provide a Vaugh Index of all OPR records processed and produced or withheld to date, in conformity with the Court's July 6, 2021 Standing Order. Plaintiff further requests that the Court conduct an *in camera* inspection of the processed OPR records before the post-termination hearing in this case takes place. An *in camera* inspection would minimize the substantial risk of erroneous deprivation of Plaintiff's interest in securing a prompt post-termination hearing, while protecting the government's interest in asserting privilege over records that it otherwise would have to release to Plaintiff. *Mathews v. Elridge*, 424 U.S. 319, 335 (1976).

Alternatively, Plaintiff respectfully requests that the Court find that the three-to-five-year delay in the processing and production of OPR records constitutes a *per se* violation of her due process right to a "prompt" post-termination hearing, when viewed in light of the substantive and procedural deficiencies described above. *See Loudermill*, 470 U.S. at 547 ("At some point, a delay in the post-termination hearing would become a constitutional violation."). The lengthy delays in the processing and production of OPR records have unreasonably delayed the post-termination hearing, resulting in innumerable hardships to Plaintiff. ECF No. 16 at 43. Her sole means of livelihood and employment-related health and life insurance benefits were cut off at the height of the covid-19 pandemic in September 2020. In the past three-and-a-half years, Plaintiff has been unable to secure new employment because of the stigma of misconduct that attached to the erroneous Removal Decision. Her professional reputation is irreparably damaged. Her financial resources are depleted. Her mental health has been steadily declining. As Plaintiff is struggling to recover from these devasting losses, she respectfully requests that the Court declare that OPR's record processing practices have violated Plaintiff's statutory right to a prompt post-termination hearing. To remedy this due process violation, the Court should vacate the former United States Attorney General's September 17, 2020 Removal Decision and OPR's September 27, 2019 Report of Investigation, and award relief that the Court deems necessary and proper.

Date:   February 14, 2024

Respectfully submitted,

Quynh Vu Bain
Pro Se Plaintiff
213 3RD St. SE
Washington, DC  20003
(202) 910-8553
quynhbain75@outlook.com