UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| QUYNH VU BAIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1751 (RDM) |
| OFFICE OF THE ATTORNEY GENERAL, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR A PRE-MOTION CONFERENCE**

Defendants Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility, Executive Office for Immigration Review, and Office of Information Policy, by and through undersigned counsel, respectfully respond to Plaintiff Quynh Vu Bain's ("Plaintiff") Motion for Pre-Motion Conference ("Pl.'s Mot."), ECF No. 104-1.

Plaintiff "respectfully request[ed] that the Court exercise its sole and exclusive jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 552a(b)-(g) to consider the three questions[:]"

> Question 1. Whether the three-to-five-year delay in the processing of OPR records effectively deprived Plaintiff of a prompt, fundamentally fair *Loudermill* post-termination hearing and impinged on her Constitutionally protected interest in continued federal employment and in avoiding a wrongful termination.
>
> Question 2. Whether, in finding that Plaintiff engaged in professional misconduct, OPR misapplied the rules of professional responsibility and ethical conduct that govern the work of immigration judges.
>
> Question 3. Whether the Removal Decision is Constitutionally defective because it applies less demanding and ambiguous standards for evaluating misconduct, articulates a different legal rationale, and relies on different facts than the OPR Report.

Pl.'s Mot. at 2, 4, 5.

First, Plaintiff did not raise any constitutional claims in her amended complaint. "It is well settled that a plaintiff is not permitted to raise new claims at the summary judgment stage, where those claims were not pleaded in the complaint." *Jordan v. District of Columbia*, 161 F. Supp. 3d 45, 61 (D.D.C. 2016). Indeed, none of the claims advanced in the amended complaint properly states any constitutional claim. *E.g.*, *Harrison v. Lappin*, 510 F. Supp. 2d 153, 157 (D.D.C. 2007) ("FOIA is not a means for vindicating constitutional rights") (citing *Johnson v. Exec. Off. for U.S. Attys.*, 310 F.3d 771, 777 (D.C. Cir. 2002) (FOIA creates no remedy for alleged violation of requester's Fifth Amendment due process right based on agency mishandling of FOIA request)).

Second, Plaintiff received all the process due under the Civil Service Reform Act ("CSRA"). The CSRA establishes an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988); *see Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) ("In sum, so far as review of determinations under the CSRA is concerned, what you get under the CSRA is what you get."). As the record will reflect, the Attorney General provided Plaintiff a notice of removal, a thirty-day period to respond to the notice, a pre-termination hearing, and a written removal, which articulated her appeal rights. Moreover, Plaintiff only had a right to the portions of the investigation upon which the Attorney General relied, which in fact the Director, Executive Office for Immigration Review, provided to Plaintiff when he served the notice of removal.

Third, Plaintiff impermissibly seeks to amend the Office of Professional Responsibility's ("OPR's") report of investigation. OPR investigatory records, including its report of investigation regarding Plaintiff, are Privacy Act records stored and maintained in OPR's system of records (JUSTICE/OPR-001), which is exempt from the amendment or correction provisions of the Act.

*See* 5 U.S.C. § 552a(k) (permitting an agency head to promulgate rules exempting any system of records within the agency from amendment and disclosure requirements); 28 C.F.R. §§ 16.80(a)(1) (exempting OPR's system of records from amendment, correction, or disclosure to the extent the information in the system is subject to exemption under 5 U.S.C. 552a(k)(2) as law enforcement records; 16.80(c)(1) (exempting records in OPR's system of records, Freedom of Information/Privacy Act (FOI/PA) Records (JUSTICE/OPR-002), including OPR reports of investigation, from the access and amendment provisions of 5 U.S.C. § 552a(d)). Moreover, the law of the case doctrine bars Plaintiff from re-litigating the Court's earlier decision that Plaintiff cannot collaterally attack the OPR investigation. *See Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) ("The doctrine of law of the case comes into play only with respect to issues previously determined."); ECF No. 56, Mem. Op. at 20 ("To the extent that Bain is seeking collaterally to attack the substance of these agency actions, rather than to correct specific factual inaccuracies in the records themselves, the Privacy Act is not a proper vehicle for such an effort.") (citations omitted)).

Fourth, as the record will reflect, the Attorney General properly applied the *Douglas* factors to determine whether to remove Plaintiff from federal service. Moreover, Plaintiff cannot demonstrate that the standard for OPR investigation and the standard for removal from federal service for misconduct must be the same. As noted above, the CSRA sets the standard for removal.

Finally, Defendants note that, as recently confirmed in this Court's April 1, 2024, Minute Order, this case remains stayed, except for Defendants' duty to continue processing records responsive to Plaintiff's requests and Plaintiff's duty to provide an appropriately redacted version of Plaintiff's Exhibit 4. As observed in the February 15, 2024, Minute Order establishing the stay, the stay "should be helpful in addressing other claims in this suit." As processing is ongoing, and

given the efficiency benefits both for the Court and the parties that are entailed in awaiting a single further round of dispositive motions to be submitted following the end of the stay, Defendants respectfully submit that now is not the time to set a briefing schedule.

As such, for these reasons, among others, Defendants contend that now is not the time to initiate dispositive motions briefing, and, when it does begin, Defendants intend to oppose Plaintiff's proposed dispositive motion.

Dated:  April 4, 2024
        Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____ */s/ Joseph F. Carilli, Jr.*_____
    JOSEPH F. CARILLI, JR.
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2525

*Counsel for the United States of America*

4