IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, et. al,<br><br>Defendants. | No. 21-Civ-1751 (RDM) |

**NOTICE OF FILING OF REDACTED EXHIBITS 4 AND 16 ON THE COURT'S PUBLIC DOCKET, AND ALTERNATIVE MOTION TO DISMISS WITHOUT PREJUDICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

By Minute Order dated April 1, 2024, this Court directed Plaintiff to file Plaintiff's Exhibit 4 on the Court's public docket by April 29, 2024. Through this Notice Plaintiff respectfully advises the Court that she is filing redacted Plaintiff's Exhibits 4 and 16 with the Clerk of Court today, in compliance with the Court's order. Due to the volume of Exhibit 4 which consists of approximately 975 pages, it is impracticable to file that entire exhibit or portions thereof electronically through the Electronic Case Filing System. Plaintiff also does not have access to the non-public docket in order to file an unredacted version of Exhibit 4 through the ECF system. Plaintiff thus respectfully requests leave of Court to file a redacted paper copy of Exhibit 4 and an unredacted paper copy of Exhibit 4 with the Office of the Clerk of Court, along with a thumb drive containing the unredacted version filed under seal on August 22, 2022, and the redacted version of Exhibit 4 which is being filed today. As directed by the Court's December 28, 2022 Order, each redacted document is separated from the 975-page stack and marked as a separate docket entry. In further support of this motion, Plaintiff avers the following:

1. On August 22, 2022, Plaintiff filed 30 sealed exhibits on the Court's non-public docket, see ECF No. 53. The 30 sealed exhibits were filed in support of Plaintiff's Amended Complaint (see ECF No. 16) and in opposition to Defendants' partial Motion to Dismiss (see ECF No. 20).

2. On December 23, 2022, the Court granted in part and denied in part Defendants' partial motion to dismiss Plaintiff's Amended Complaint. See ECF No. 56.

3. In a subsequent order issued on December 28, 2022 (see ECF No. 57), the Court directed Plaintiff to place certain previously sealed exhibits on the public docket, including sealed Exhibit 4 (see ECF No. 53-5). The exhibits that the Court ordered to be placed on the public docket pertain to the Court's disposition of the employment discrimination and retaliation claims in Count II and the record amendment claim in Count I of the Amended Complaint. See ECF No. 56. The Court's Order further provided that the parties are to confer regarding the placement of privacy-protected information on the public docket. Finally, the Court's Order provided that the criteria articulated in *Hubbard v. United States*, 650 F.2d 293 (D.C. Cir. 1980), apply in this case. See ECF No. 57.

4. Earlier, in July 2023, Plaintiff communicated by email with former counsel for Defendants concerning the placement of sealed Exhibit 4 on the Court's docket. Plaintiff also inquired about the placement of sealed Exhibit 16 (see ECF 53-17) on the public docket. The parties were not able to reach agreement at that time. More recently, on April 18, 2024 and again on April 26, 2024, Plaintiff communicated by email with current Defendants' counsel regarding the placement of sealed Exhibits 4 and 16 on the public docket. As of the filing of this Statement and Motion, the parties have not reached an agreement concerning the proposed redactions of Exhibits 4 and 16.

5. Attachment A is a chart listing the documents in Exhibits 4 and 16 that Plaintiff has redacted, and the reasons for the redactions.

6. Exhibit 4, Part B consists of Defendant EOIR's Motion for Summary Judgment and supporting exhibits that EOIR filed with the Equal Employment Opportunity Commission (EEOC) in April 2019.

7. Exhibit 4, Part A includes Plaintiff's Opposition to EOIR's Motion for Summary Judgment and supporting documentation, which Plaintiff filed with the EEOC in May 2019. Exhibit 4, Part A also includes the EEOC's February 26, 2020 decision granting summary judgment to Defendants without a hearing.

8. Exhibit 16 contains some of Plaintiff's personnel records and letters of recommendation that were introduced to the deciding officials in August 2020, in support of Plaintiff's opposition to the proposal to terminate her employment at DOJ and in the federal service. Upon information and belief, sometime after October 2019 the personnel records in Exhibit 16, which span the period 1996 to 2013, were removed from Plaintiff's official personnel file that was stored at EOIR. Plaintiff intends to request that this Court or the Office of Personnel Management direct the return of those personnel records to Plaintiff's official personnel file. Plaintiff also intends to request that the OPM consider the same personnel records in adjudicating Plaintiff's applications for post-federal employment relief.

9. In *Hubbard*, the United States Court of Appeals for the D.C. Circuit articulated six criteria for determining the propriety of unsealing records: (1) the need for public access to the documents at issue; (2) the public use of the documents; (3) objections to public access and the identity of those objecting to disclosure; (4) the relatives strength of the generalized property and

privacy interests asserted; (5) the possibility of prejudice; and (6) the purposes for which the documents were introduced.

10. In this case, *Hubbard* factors 4, 5, and 6 outweigh the public's minimal interest in accessing privacy-protected information pertaining to Plaintiff and third parties who are not responsible management officials or comparators.

11. <u>Factor 4</u>: As the Court recognized in its December 28, 2022 Order (ECF No. 57), the need to protect Plaintiff's medical or personnel records and the personnel records of third parties outweighs the public interest in accessing such information. In segregating privacy-protected information from Exhibit 4, Plaintiff also considered the extent to which Defendants have redacted the same or similar information in records that they have produced to Plaintiff, in response to her various FOIA and Privacy Act requests.

12. <u>Factor 5</u>: The possibility of prejudice exists with respect to certain information that EOIR introduced through a motion for summary judgment (*see* Exhibit 4, Part B) that it filed with the EEOC in April 2019. Because Plaintiff did not have a sufficient opportunity to confront and refute such information -- which she believes is false, inaccurate, or inauthentic -- before the EEOC administrative judge granted summary judgment and before her employment was terminated, the public disclosure of those records at this juncture would be highly prejudicial. To reduce the potential prejudice to Plaintiff's ability to defend herself against the charges of misconduct and the Removal Decision, Plaintiff respectfully requests leave to file a redacted version of Exhibit 16 on the public docket.

13. <u>Factor 6</u>: The purposes for which Plaintiff introduced Exhibit 4, Part A override the public's minimal interest in accessing such records. Exhibit 4, Part B contains some of Plaintiff's personnel records from the pre-termination period (*i.e.*, January 2015 through February

2020) that she would like to have expunged or nullified because they contain provable errors of fact and law, or because they were predicated on discriminatory or retaliatory motives. EOIR introduced those personnel records to the EEOC through its motion for summary judgment filed with the EEOC in April 2019, to obtain dismissal of Plaintiff's EEO complaint. The Court has recognized that such records are privacy protected and, accordingly, its December 28, 2022 Order permits the redaction of such records in Exhibit 4.

14.     Having substantially complied with the Court's December 28, 2022 Order (ECF No. 57), Plaintiff respectfully requests that the Court accept the filings of redacted Exhibits 4 and 16 on the public docket.

15.     Should the Court deems the filings deficient, Plaintiff respectfully requests the alternative relief of dismissal without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, so that this matter could be returned to the MSPB for adjudication of Plaintiff's mixed case appeal, which has been on hold pending the Court's resolution of the FOIA and Privacy Act claims in Count I of the Amended Complaint.

Dated:  April 29, 2024

Respectfully submitted,

Quynh Vu Bain
*Pro Se* Plaintiff
213 3rd St. SE
Washington, DC  20003
quynhbain75@outlook.com
(202) 910-8553

# ATTACHMENT A

**CHART OF REDACTIONS TO PLAINTIFF'S EXHIBITS 4 AND 16**

Filed on April 29, 2024 in <u>Bain v. USDOJ</u>, No. 21-cv-1951 (RDM) (D.D.C.)

**CHART OF REDACTIONS IN PLAINTIFF'S EXHIBITS 4 AND 16**
*Bain v. USDOJ*, 21-cv-1751 (RDM) (D.D.C.)

| Exhibit # | Documents Redacted | Reason(s) for Redactions |
|---|---|---|
| Exhibit 4, Part A (Plaintiff's Opposition To MSJ) | **March 2014 EEO Complaint**: Pages 5, 6, 12, 14, 224, 518, 521, 522.<br><br>**March 6, 2015 counseling email**: Pages 174-175, 262, 468.<br><br>**March 2015 reprimand**: Pages 183, 262, 414-415, 521.<br><br>**June 2015 counseling letter**: Pages 413-414.<br><br>**Hostile work environment claims**: Pages 190-191, 269-270, 283-284, 427-428, 486-487. | These claims were raised in the Amended Complaint but were dismissed under Rule 12(b)(6) for failure to exhaust. Because they were dismissed, the personnel records pertaining to them may be redacted, per December 27, 2022 Court Order (ECF No. 57). |
| Exhibit 4, Part A (Plaintiff's Opposition to MSJ) & Part B (Agency's Motion for Summary Judgment) | **August 2015 Performance Rating**: Pages 180-181, 259-260, 396-397, 466, 719.<br><br>**July 28, 2016 Counseling Letter**: Pages 24, 25, 26, 484, 747, 771, 786.<br><br>**September 2016 Performance Rating**: Pages 199, 278, 421-422, 482, 483, 747, 748, 771-772.<br><br>**August 2017 Performance Rating**: Pages 200, 201, 279-280, 295-299, 397, 483, 484, 749, 750-751, 771-772. | These claims were raised in the Amended Complaint but survived the governments' motion to dismiss and thus remain viable claims. The personnel records, however, are exempt under ECF No. 57 and 5 U.S.C. § 552(b)(6). They should remain under seal because they are also found in Exhibit 1, which is under seal. |
| Exhibit 4, Part A (Plaintiff's Opposition to MSJ) | **Denials of special work opportunities and BIA application**: Pages 30, 134, 185-189, 215-219, 265-268, 295-299, 326, 341-343, 344, 401-404, 431-433, 471-474, 495-498, 523-526, 549-552, 633-637, 640, 644, 645, 795-797, 840-853, 891-895. | These claims survived the government's partial motion to dismiss. However, given the passage of time and my focus on the Removal Decision, I will not pursue these employment discrimination claims. Therefore, |

| | | |
|---|---|---|
| & <br><br> Part B <br><br> (Agency's Motion for Summary Judgment) | | the personnel records related to these claims are redacted in accordance with 5 U.S.C. § 552(b)(6) and ECF No. 57. |
| Exhibit 4, <br><br> Part A <br><br> (Plaintiff's Opposition to MSJ) <br><br> & <br><br> Part B <br><br> (Agency's Motion for Summary Judgment) | **Plaintiff's privacy-protected information exempt under (6)(b):** Pages 9, 20, 92, 145, 146, 147, 224, 225, 226, 322, 325, 341-342, 372, 373, 374, 397, 409, 443-445, 468-469, 503, 505, 507, 509, 510-511, 512, 518, 519, 520, 522, 526-529, 533, 535, 547, 548, 576, 577, 655, 719. <br><br> **Other immigration judges' privacy-protected information exempt under (6)(b):** Pages 11, 14, 16, 17, 19, 29, 32, 33, 65, 132-133, 135, 148, 150, 169, 177, 189, 190, 193, 196, 202, 203, 204, 227, 248, 256, 268, 269, 272, 273, 275, 280, 281, 283, 312, 313, 316, 319, 331, 322, 417, 419, 420, 439, 451, 453, 458, 459, 460, 461, 463, 467, 475, 477, 479, 505, 508, 509, 512-513, 515, 520, 522-524, 527-528, 529, 530, 545-547, 552, 553, 554, 559, 566, 567, 568, 569, 570, 571, 574, 683, 686-698, 715, 716, 717, 792-794. <br><br> **Other government employees' privacy-protected information:** Pages 22, 50, 51, 52, 67, 94, 122, 169, 177, 204, 205, 308, 309, 317, 318, 319, 322, 323, 324, 325, 354, 356, 370, 384, 385, 427, 435, 436, 437, 438, 440, 441, 499, 501, 508, 509, 512-513, 515, 518, 520, 521, 522-524, 526, 537, 543, 544, 553, 558-560, 562, 566-570, 575-577, 662, 725, 737, 755, 756. 757, 758 759, 760, 761, 762, 763, 767, 768, 770, 773, 774, 775, 782, 783, 784, 788, 789, 790, 798, 799, 802, 808, 809, 810, 811, 815, 816, 817, 818, 819, | Privacy-protected information concerning Plaintiff or third parties is exempt under 5 U.S.C. § 552(b)(6) and should be redacted per ECF No. 57 or under Fed. R. Civ. P. 5.2. However, several personnel records belonging to other employees should not be redacted because they are relevant and probative, and because DOJ previously released the information. <br><br> For example, in moving to dismiss the Amended Complaint, DOJ published a counseling letter that ACIJ Nadkarni issued to Plaintiff on July 28, 2016. See Pages 785-787. DOJ also published a counseling letter that ACIJ Nadkarni issued to IJ Roxanne Hladlylowycz on the same date concerning the same incident. See Pages 792-794. The Hladylowycz counseling letter is relevant and probative in establishing discrimination in that (1) IJ Hladylowycz is a comparator; (2) her counseling letter shows disparate treatment of Plaintiff by EOIR managers as compared to judges not in Plaintiff's protected class; (3) ACIJ Nadkarni deliberately concealed the Hladylowycz letter in evaluating Plaintiff's performance in September 2016 |

| | | |
|---|---|---|
| | 820, 828, 829, 831, 832, 886, 889, 896, 898, 899, 900, 970, 971.<br><br>**Non-government employees' PII and privacy-protected information**: Pages 36, 76, 160, 221, 225, 226, 239, 301, 308, 309, 311-345, 354, 356, 371, 443, 444, 445, 454, 469, 512, 513, 514, 519, 520, 521, 527, 534, 544, 546-547, 884.<br><br>**Official EOIR records containing sensitive information**: Pages 12, 20, 323, 324, 509, 519-520, 523-529, 534, 548, 575-577, 671-677, 680-683, 686-698. | and August 2017, which concealment rendered the performance ratings discriminatory and retaliatory; and (4) DOJ obviously knew about the Hladylowycz counseling letter but failed to discuss it in the OPR Report of Investigation or in the Removal Decision as a *Douglas* mitigating factor. |
| Parts A<br><br>(Plaintiff's Opposition to MSJ)<br><br>&<br><br>Part B (Agency's Motion for Summary Judgment) | **Information that DOJ compiled about Plaintiff but did not release to her in EEOC discovery or through FOIA.**<br><br>Page 201<br>Page 260 at ¶ 107<br>Page 280<br>Page 421-422<br>Page 484<br>Pages 522-525<br>Page 719 at ¶ 42<br>Pages 748-749 at ¶¶ 31-34<br>Pages 795-797<br>Pages 803-804<br>Pages 806-807<br>Page 833<br><br>Pages 500-578 (Transcript of agency's deposition of Plaintiff in February 2019. This transcript is a draft, it is not signed, was not reviewed, and contains no errata sheet. Its publication is highly prejudicial because Plaintiff will have no opportunity to correct the errors/confront the errors before publication. The transcript also contains sensitive information concerning Plaintiff's potential witnesses who might experience harassment and retaliation if their identities are known. | Privacy-protected information about Plaintiff, exempt under ECF No. 57 and 5 U.S.C. § 552(b)(6). In addition, the information has not been made public. The information appears to be inaccurate, false, or inauthentic. Because Plaintiff did not have an opportunity to confront it before her EEO complaint was dismissed and before her employment was terminated, and because she will not have an opportunity to refute such evidence before it is placed on the public docket, the public disclosure of such information would be highly prejudice. Under *Hubbard* factors 4, 5, and 6, the information should be redacted. |

3

| Parts A (Plaintiff's Opposition to MSJ) & Part B (Agency's Motion for Summary Judgment) | The March 1, 2017 and March 28, 2017 Knight complaints of judicial misconduct, and the August 29, 2017 OPR Letter of Inquiry: Pages 863-877, 880. | These records are covered by an OPR confidentiality agreement and is included in sealed Exhibits 1 and 28. OPR claimed an exemption under 5 U.S.C. §§ 552(b)(6) & (7)(C), but EOIR used the records to support its motion for summary judgment. Because EOIR has already released the information, it should be placed on the public docket. However, in the interest of fairness and completeness, Knight's third and fourth complaints which were sent to OPR on June 16, 2017 and December 11, 2017, respectively, should be released to Plaintiff in unredacted form and be placed on the public docket, for impeachment purposes. *See* ECF No. 87-4. |
|---|---|---|
| | Plaintiff's June 8, 2017 Order denying the recusal motions of attorneys Blessinger and Boykin: Pages 909-945. | This record is covered by an OPR confidentiality agreement with Plaintiff and is included in sealed Exhibits 1 and 28. OPR has claimed an exemption under 5 U.S.C. §§ 552(b)(6) & (7)(C), but EOIR used the recusal order to defeat Plaintiff's EEOC action. Even though this record was never released to the public, it should be released through Exhibit 4 if it is properly redacted, to facilitate judicial or administrative review of the Removal Decision. |
| Exhibit 16 | Letters of Recommendation for Plaintiff: Pages 1-14 | To refute the false charges of unprofessionalism and misconduct lodged by Plaintiff's former supervisors and co-workers that are contained in |

4

| | | |
|---|---|---|
| | | Exhibit 4, the letters of recommendation in Exhibit 16 should be placed on the public docket so that the Court or the MSPB may consider it in reviewing the Removal Decision. |
| | **Plaintiff's Performance Evaluations for the years 1996 to 2013:** Pages 15-49. | These personnel records were removed from Plaintiff's official personnel file sometime before her wrongful termination. Consequently, they are mitigating factors that Defendants failed to acknowledge or consider. Plaintiff requests that the Court direct the Office of Personnel Management (OPM) to re-insert these records into her official personnel file. |