#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN, ) | |
| ) | |
| Plaintiff, ) | No. 21-Civ-1751 (RDM) |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, et. al, ) | |
| ) | |
| Defendants. ) | |

#### PLAINTIFF'S REPLY TO DEFENDANTS' NOTICE FILED ON AUGUST 26, 2024

On Augst 26, 2024, Defendants filed a Notice with this Court indicating that Defendants' intend to file with the Merit Systems Protection Board (MSPB) the removal record that is currently protected by the Court's December 28, 2022 sealing order (ECF No. 57). Plaintiff respectfully objects to the Notice because it is really a motion to modify the sealing order.

By happenstance, Plaintiff checked the court's docket through pacer.gov late last evening and saw the Notice that Defendants' counsel filed yesterday. Plaintiff objects to the manner in which Defendants styled the Notice as a Notice rather than a proper motion to file the removal records that are covered by this Court's December 28, 2022 sealing order with the MSPB. That EOIR has the right to defend itself against Plaintiff's appeal of the discriminatory and retaliatory removal action does not alter EOIR's obligations under the Privacy Act to protect Plaintiff's privacy interests while the litigation is ongoing, and even afterwards.

Unlike the rules of this Court, the MSPB regulations do not provide for a sealing mechanism that protects records agency during the pendency of litigation or even thereafter. In

fact, the MSPB's regulations permit the release of privacy-protected records to third party requestors under the Freedom of Information Act and the Privacy Act, at any point during a proceeding. *See* 5 C.F.R. § 1204 and 1205 (2024). For this reason, Plaintiff filed a motion with the MSPB administrative judge yesterday (August 26, 2024), requesting to place the removal records that Defendants propose to file with the MSPB under a protective order. This is necessary to protect the Court's jurisdiction to review the removal action, in the event the MSPB judge does not have jurisdiction to review it, as will be explained below.[1]

As the Court will recall, Plaintiff's 29-year employment in the DOJ was terminated on September 17, 2020, and she has filed both a mixed case appeal at the MSPB and a civil action in this Court to challenge the legality of that removal action. The removal action rests entirely on a DOJ Office of Professional Responsibility's September 27, 2019 Report of Investigation that -- Plaintiff intends to show -- contains numerous errors of fact and law. Because the MSPB's jurisdictional authority is limited to considering removal actions that do not involve an OPR investigation, any affirmative defenses to the removal action, and the proportionality of the penalty of removal, the MSPB will likely have to defer to OPR's findings and conclusions, without determining whether the OPR Report is supported by adequate evidence and is legally sound. In addition, another complicating factor is OPR's failure to release all of the records of

---

[1] As this Court recognized in *Dodson v. U.S. Capitol Police*, the decision to terminate the employment of a career public sector employee with civil service protection is judicially reviewable under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). *See* Civ. Action No. 18-2680 (RDM) (D.D.C. Sept. 30, 2022). In reviewing a termination decision, the Court determines "whether the procedure used [by the agency] in terminating [the employee] comported with due process of law." *See id.* at *44. This Constitutional inquiry entails a determination whether the procedure used in effectuating the termination satisfies the constitutional minimum, as determined by the unique circumstances of the case and an application of the three-prong test in *Mathews v. Elridge*, 424 U.S. 319, 355 (1976). *See Dodson* opinion, at *47.

the investigation to Plaintiff, which makes it very difficult for Plaintiff to prepare to defend herself against the removal action.  As of today, OPR continues to withhold in full or in part approximately 11,000 pages of the 14,500 pages of records that it acknowledged are records compiled during the investigation, as well as audio recordings of eyewitness interviews.  The potential lack of MSPB jurisdiction to review the OPR Report, and OPR's refusal to release records to Plaintiff as a first-party requestor, substantially increase the likelihood of an erroneous deprivation of substantive and procedural due process.[2]

Accordingly, to preserve the Court's jurisdiction to review the removal action and Plaintiff's pending claims under the Privacy Act, Plaintiff respectfully requests that the Court deny Defendants' request to file the removal records that are covered by the Court's December 28, 2022 sealing order, to the extent they intend to do so without taking any precautions to protect the records from unauthorized disclosure during the pendency of the MSPB proceeding, and even afterwards.  Such unwarranted disclosure would have the effect of mooting out this civil action, as well as to inflict further severe economic, reputational, and psychological harm.  In addition, under 5 U.S.C. § 552a(g)(1)(B), Plaintiff respectfully requests that the Court order Defendants to immediately release the records that they have unlawfully withheld, in unredacted format.  Those records are listed in two letters that Plaintiff sent to Mr. Carilli on June 30, 2024, and July 16, 2024.  To the extent that such records contain privacy-protected information of Plaintiff and other individuals, Plaintiff will request that the MSPB issue a protective order that covers those records.

---

[2] *See Dodson* opinion, at *49-50 (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959) (describing the "immutable" principle that "where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue[.]").

Dated:  August 27, 2024                                   Respectfully submitted,

Quynh Vu Bain
*Pro Se* Plaintiff
213 3rd St. SE
Washington, DC  20003
(202) 910-8553
quynhbain75@outlook.com

4