**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ) | |
| **QUYNH VU BAIN,** ) | |
| ) | |
| **Plaintiff,** ) | **No. 21-Civ-1751 (RDM)** |
| ) | |
| **v.** ) | |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE, OFFICE OF** ) | |
| **THE ATTORNEY GENERAL, ET. AL** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**SECOND MOTION FOR EXTENSION OF TIME**

On Friday, June 27, 2025, the day the government's Answer to Plaintiff's Amended Complaint (ECF No. 16) was due, Assistant United States Attorney Dimitri Georgiev-Remmel filed, instead, a second motion for extension of time to file the Answer. ECF No. 116.

Before filing the motion that afternoon, Mr. Georgiev-Remmel advised Plaintiff through an email sent at 2:18 p.m. that he intended to file the motion. By the time Plaintiff opened the email and read it less than two hours later, Mr. Georgiev-Remmel had already filed the motion.

Plaintiff is filing this response at the earliest opportunity, on Sunday evening, June 29, 2025. In support of her opposition to a second extension of time, Plaintiff avers the following:

1.      The motion for a second extension of time lacks sufficient justification and should be denied.

2.      First, only ten days ago, Mr. Georgiev-Remmel requested an extension of time to file the Answer.  He asserted that he was on leave and would file the Answer after he returned to the office on June 24, 2025.  Plaintiff consented to the first extension request, because defense counsel represented that the Answer would be ready for filing on or before June 27, 2025.  *See* ECF No. 115.  In granting the request, the Court apparently reached the same understanding.  *See* Minute Order, dated June 17, 2025.

3.      Second, a change in agency counsel is not a relevant consideration, much less a good reason to further delay the filing of the government's Answer.  To date, four or five agency counsel have been assigned to represent the agency in administrative agency proceedings.  The agency proceedings underlying this civil action have been completed.  The EEOC proceeding was completed in February 2020.  The MSPB proceeding was completed in March 2025.  Only this civil action remains pending, and the issues presented in the Amended Complaint are ripe for judicial review.

4.      Third, Defendants cannot show that Plaintiff would not suffer substantial prejudice. Plaintiff's wrongful termination has caused devastating economic and non-economic hardships, including:

        a.      Unemployment for four years;

        b.      Ineligibility for unemployment compensation due to the fact that Plaintiff was terminated not just "for cause" but for "misconduct and lack of candor;"

        c.      Ineligibility for early retirement due to the "for cause" termination;

d.     Loss of six years of retirement benefits because the termination occurred one year shy of Plaintiff's retirement eligibility;

e.     Immediate and permanent loss of health insurance coverage for which Plaintiff had paid over 29 years;

f.     Immediate and permanent loss of life insurance coverage for which Plaintiff had paid over 25 years;

g.     Inability to find new employment that pays a living wage;

h.     Depletion of her personal and retirement savings;

i.     Revocation of a job offer in October 2022 after Defendants maligned Plaintiff to the prospective employer, based on information that, as Plaintiff recently discovered, Defendants had reason to know was falsified or fabricated;

j.     Severe emotional distress and mental suffering resulting from the wrongful termination;

k.     Irreparable damage to her professional reputation resulting from the wrongful termination;

l.     Exacerbation of her mental suffering when Plaintiff discovered, in February 2023 and again in December 2024, that the government used evidence that it had reason to know was falsified and fabricated to justify her termination.

m.     Continuing emotional distress and mental suffering caused by the government's wrongful and illegal decision in March 2025 to refer Plaintiff to her state bars for further disciplinary actions, based on evidence that the government had reason to know was falsified or fabricated.

5.      Because Plaintiff recently discovered that the removal action rested on evidence that the government had reason to know was falsified or fabricated, a further delay in the resolution of this case will be highly prejudicial to Plaintiff.  Given the government's obstinate refusal to release such evidence to Plaintiff until it was forced to do so in December 2024, any further delay of the resolution of this civil action presents the distinct possibility that such evidence will be lost or destroyed.

6.      Most importantly, because one of Plaintiff's state bars has opened an investigation into the findings of the DOJ Office of Professional Responsibility that Plaintiff had engaged in professional misconduct and lack of candor in her dealings with OPR, a further delay in the resolution of this case will substantially prejudice Plaintiff's ability to defend herself in the state bar disciplinary actions.  The state bar authorities have no statutory or legal authority to order Defendants to correct, amend, or expunge the evidence on which OPR based its findings of misconduct and lack of candor, even if such evidence was falsified or fabricated or altered.  Only this Court can exercise that authority in law and in equity.  *See* 5 U.S.C. § 552a(g)(1)(A). *See also Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C. Cir. 1975).

7.      Plaintiff realizes the import of the above statements and does not make them lightly. By the same token, she has suffered immeasurably over the past five years, including periods of debilitating psychological trauma and depression.  She merely wishes to bring this very painful episode of her life to a close, without compromising her right to challenge the legality of the removal action, to obtain proper redress for the economic and non-economic harms, to continue the practice of law, and to find future employment that pays a living wage.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the motion for a second extension of time.  Alternatively, Plaintiff requests that the Court establish a briefing

schedule that gives both parties 45 days from the date of the Court's ruling to file cross-motions

for summary judgment under Federal Rule of Civil Procedure 56.

Date:   June 29, 2025

Respectfully submitted,

Quynh Vu Bain
*Pro Se* Plaintiff
213 3rd St. SE
Washington, DC  20003
(202) 910-8553