UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH BAIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>*et al*.,<br><br>　　　　　Defendants. | Civil Action No. 21-1751 (RDM) |

## **ANSWER**

Defendants Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility, Executive Office for Immigration Review, and Office of Information Policy (collectively, the "Department" or "Defendants"), respectfully submit the following Answer to Plaintiff Quynh Vu Bain's ("Plaintiff") Amended Complaint (ECF No. 16). Defendants file this Answer, using the same headings as those in Plaintiff's Amended Complaint, which are not admissions.[1] All allegations in paragraphs 1 through 207 that Defendants have not specifically admitted are hereby denied.

## **Nature of Action**

1.　　Paragraph 1 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.

---

[1]　　On October 12, 2021, Defendants filed a partial answer. Part. Answer (ECF No. 19). For ease of reference, the Department repeats its responses herein.

## Parties

2.    Defendants admit paragraph 2.

3.    Defendants lack sufficient knowledge or information to admit or deny the first sentence of paragraph 3.  Defendants admit the second sentence of paragraph 3.[2]

4.    Paragraph 4 consists of Plaintiff's characterization of the offices, boards, and divisions of the Department of Justice, to which no response is required.  To the extent a response is required, Defendants admit that the Office of the Attorney General, the Office of Deputy Attorney General, the Office of Professional Responsibility ("OPR"), the Office of Information Policy ("OIP"), and the Executive Office for Immigration Review ("EOIR") are each an office, board, or division of the Department of Justice and otherwise refer the Court to the Department of Justice public website, located at www.justice.gov, as best evidence of the duties and responsibilities of each office, board, and division of the Department of Justice.

## Jurisdiction and Venue

5.    The first sentence of paragraph 5 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.  The second sentence of paragraph 5 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants aver that this Court has jurisdiction under 5 U.S.C.

---

[2]    The Court previously noted that "because Bain is proceeding pro se, the Court will hold her pleadings to 'less stringent standards than formal pleadings drafted by lawyers.'"  Mem. Op. & Order (ECF No. 56) at 2 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The D.C Circuit Court recently held that "the liberal pleading standard for pro se litigants does not invariably apply when the litigant is a licensed attorney." *Spence v. VA*, 109 F.4th 531, 543 (D.C. Cir. 2024).  Here, Bain is an experienced attorney and former immigration judge.  The Court should therefore hold Bain's filings to the same standard as pleadings drafted by other experienced attorneys.

§§ 552, 552a and otherwise defer their answer to the remainder of the second sentence of paragraph 6 until the Court decides Defendants' motion to dismiss, in part.

### First Cause of Action

6.      The first sentence of paragraph 6 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.

7.      Paragraph 7 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit paragraph 7.

8.      Paragraph 8 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's Freedom of Information Act ("FOIA") claim.

9.      Paragraph 9 consists of Plaintiff's characterization of OIP's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to the decision as best evidence of its contents.

10.      Paragraph 10 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's FOIA claim.

11.      Paragraph 11 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's FOIA claim.

12.      The first sentence of paragraph 12 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.  The second sentence of paragraph 12 consists of a conclusion of law, to which no response is required.  To the

extent a response is required, Defendants admit that this Court has jurisdiction over Plaintiff's Privacy Act claim to amend records.

## Second Cause of Action

13. Paragraph 13 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.

14. The first sentence of paragraph 14 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 14. The second and third sentences of paragraph 14 consists of Plaintiff's characterization of her administrative complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the administrative complaint as best evidence of its contents. Plaintiff also filed a Merit Systems Protection Board ("MSPB") appeal regarding her removal.

15. Paragraph 15 consists of Plaintiff's description of her administrative appeal, to which no response is required. To the extent a response is required, Defendants refer the Court to the records of Plaintiff's administrative appeal as best of evidence of their contents.

16. Paragraph 16 consists of Plaintiff's description of her administrative appeal, to which no response is required. To the extent a response is required, Defendants refer the Court to the records of Plaintiff's administrative appeal as best of evidence of their contents.

17. Defendants admit paragraph 17.

18. Paragraph 18 consists of Plaintiff's description of her administrative appeal notice, to which no response is required. To the extent a response is required, Defendants refer the Court to Plaintiff's administrative appeal notice as best of evidence of its contents.

19.     Paragraph 19 consists of Plaintiff's description of her administrative appeal notice, to which no response is required.  To the extent a response is required, Defendants refer the Court to Plaintiff's administrative appeal notice as best of evidence of its contents.

20.     Paragraph 20 consists of Plaintiff's description of her administrative appeal notice, to which no response is required.  To the extent a response is required, Defendants refer the Court to Plaintiff's administrative appeal notice as best of evidence of its contents.

21.     Paragraph 21 consists of Plaintiff's description of her administrative appeal notice to EOIR, to which no response is required.  To the extent a response is required, Defendants refer the Court to Plaintiff's administrative appeal notice as best of evidence of its contents.

22.     Paragraph 22 consists of Plaintiff's description of her motion for reconsideration, to which no response is required.  To the extent a response is required, Defendants refer the Court to Plaintiff's motion as best of evidence of its contents.  On Plaintiff's motion, the MSPB case has been ordered dismissed with prejudice on March 19, 2025.

23.     Paragraph 23 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit paragraph 23.

24.     Paragraph 24 consists of Plaintiff's description of the denial of her motion for reconsideration, to which no response is required.  To the extent a response is required, Defendants refer the Court to the denial as best of evidence of its contents.

**Third Cause of Action**

25.     The first sentence of paragraph 25 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Amended Complaint as best evidence of its contents.  The second sentence of paragraph 25 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the second sentence of paragraph 25.

5

26.     Paragraph 26 contains a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs only admit that Plaintiff in her October 19, 2020 MSPB filing alleged that "the adverse action was taken in violation of 5 U.S.C. § 2302(b)(8) or else 5 U.S.C. § 2302(b)(9)."

27.     Paragraph 27 purports to characterize the cited document, to which no response is required.  Defendants respectfully refer the Court to the cited document and deny any allegations inconsistent therewith.  *See* ECF No. 63-5.

28.     Paragraph 28 purports to characterize the cited document, to which no response is required.  Defendants respectfully refer the Court to the cited document and deny any allegations inconsistent therewith.  *See* ECF No. 85-1.

29.     Paragraph 29 consists of Plaintiff's description of the government's motion to dismiss, to which no response is required.  To the extent a response is required, Defendants refer the Court to the motion as best of evidence of its contents and the basis of the motion being made on procedural grounds.

30.     Paragraph 30 consists of Plaintiff's description of the MSPB judge's order, granting the government's motion to dismiss, to which no response is required.  To the extent a response is required, Defendants refer the Court to the order as best of evidence of its contents.

31.     Paragraph 31 consists of Plaintiff's description of the MSPB's order, reinstating Plaintiff's appeal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the order as best of evidence of its contents and that Plaintiff had already filed the instant matter which created a jurisdictional issue and Plaintiff's request that she did not want to have to litigate both matters simultaneously.

32.     Paragraph 32 consists of Plaintiff's description of the MSPB judge's order, dismissing Plaintiff's appeal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the order as best of evidence of its contents.

33.     Defendants deny the first sentence of paragraph 33.  The second sentence of paragraph 33 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants refer the Court to *Lucia v. Security and Exchange Commission*, 138 S. Ct. 2044 (2018), regarding the procedural issues, but no jurisdictional order was issued by the MSPB.

34.     Paragraph 34 consists of a conclusion of law, to which no response is required.

35.     Paragraph 35 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit paragraph 35.

## Factual Allegations

36.     Defendants lack sufficient information or knowledge to admit or deny the allegations in the first and second sentences of paragraph 36.  Defendants admit the third sentence of paragraph 36 to the extent that the Agency provided Plaintiff with an accommodation.  The fourth sentence of paragraph 36 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the fourth sentence of paragraph 36 that an accommodation has to be as requested by Plaintiff and it is Plaintiff's burden to prove that the provided accommodation was not effective.

37.     Defendants admit the first sentence of paragraph 37 to the extent that Plaintiff filed an informal complaint with EOIR and otherwise deny the remaining allegations in the first sentence of paragraph 37.  Defendants admit the second sentence of paragraph 37 to the extent that Plaintiff withdrew the informal complaint and otherwise deny the remaining allegations in the second sentence of paragraph 37.

38.  Defendants deny the first sentence of paragraph 38.  The second sentence of paragraph 38 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the second sentence of paragraph 38.

39.  Defendants admit in part that management communicated with Plaintiff but denies that the email was rude or disrespectful or for the reasons set forth in the allegations in paragraph 39.

40.  Defendants admit paragraph 40 to the extent that Plaintiff claims she reported to ACIJ Christopher A. Santoro but denies that any detail was made for an indefinite period and denies the manner in which cases were reassigned in any alleged particular way.  Defendants refer the Court to the exhibit as the best evidence of its contents.

41.  Defendants lack sufficient information or knowledge to admit or deny paragraph 41. Further, paragraph 41 contains a conclusion of law to which no response is required. Defendants deny the third and fourth sentences of paragraph 41.

42.  Defendants deny the allegations in paragraph 42.

43.  Defendants deny the allegations in paragraph 43.

44.  Defendants admit that a reprimand was issued but denies Plaintiff's characterization of the basis for the reprimand.

45.  Defendants admit the first and second sentences of paragraph 45 to extent that Plaintiff's electronic Official Personnel Folder does not contain any other official discipline. Defendants admit in part that Plaintiff's performance was acceptable but denies the characterization of the performance standards because immigration judges are on a pass/fail system. Defendants further deny that Plaintiff's performance had any impact on any disciplinary action that was taken.

46.    Paragraph 46 contains a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny paragraph 46.  Defendants refer the Court to the exhibit as the best evidence of its contents.

47.    Defendants deny the first through third sentences of paragraph 47.  Defendants lack sufficient information or knowledge to admit or deny the allegations in the fourth sentence of paragraph 47.

48.    Defendants deny the allegations in paragraph 48.

49.    Defendants deny the allegations in paragraph 49.

50.    Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 50.

51.    Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 51.

52.    The first sentence of paragraph 52 consists of a conclusion of law, to which no response is requested.  To the extent a response is required, Defendants deny the first sentence of paragraph 52.  Defendants deny the remainder of the allegations in paragraph 52.

53.    Paragraph 53 consists of Plaintiff's characterization of her 2015 performance appraisal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the performance appraisal as best evidence of its contents.

54.    Paragraph 54 consists of Plaintiff's characterization of her administrative complaint, to which no response is required.  To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its contents.

55.    Defendants admit the first sentence of paragraph 55 to the extent that Plaintiff worked at the Arlington Immigration Court and otherwise deny the remaining allegations.  The

second sentence of paragraph 55 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the second sentence of paragraph 55.

56.    Defendants admit to the extent Plaintiff adjudicated cases but denies the characterization of the cases and her docket and that it was assigned by any non-legitimate basis.

57.    Defendants admit the first and second sentences of paragraph 57 to the extent that Deepali Nadkarni issued Plaintiff a letter of counseling on July 28, 2016, refer the Court to the letter of counseling as best evidence of its contents, and otherwise deny the remaining allegations in the first and second sentences of paragraph 57.  Defendants admit the third sentence of paragraph 57 to the extent that Deepali Nadkarni issued Roxanne Hladyowycz a letter of counseling and otherwise lack sufficient information or knowledge to admit or deny the remaining allegations in the third sentence of paragraph 57.

58.    Paragraph 58 consists of Plaintiff's characterization of the cited material, to which no response is required.  To the extent a response is required, Defendants refer the Court to the cited material and deny any allegations inconsistent therewith.  *See* ECF No. 82-1.

59.    Defendants admit that management is involved in the hiring process for immigration judges but denies the characterization of how the hiring was conducted.

60.    Defendants deny the allegations in paragraph 60.

61.    Paragraph 61 consists of Plaintiff's characterization of a complaint filed with EOIR, to which no response is required.  To the extent a response is required, Defendants refer the Court to the complaint as the best evidence of its contents.

62.    Defendants admit the first sentence of paragraph 62.  The second and third sentences of paragraph 62 consist of Plaintiff's characterization of Paul L. Knight's practice description by Nossaman, LLP, to which no response is required.  To the extent a response is

10

required, Defendants refer the Court to the public website of Nossaman, LLP as the best evidence of its contents.

63. The first sentence of paragraph 63 consists of Plaintiff's characterization of a complaint filed by Paul Knight, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its contents. Defendants deny the rest of the allegations in paragraph 63.

64. Paragraph 64 consists of Plaintiff's characterization of a complaint filed by Paul Knight, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its contents.

65. The first sentence of paragraph 65 consists of Plaintiff's characterization of a complaint filed by Paul Knight, to which no response is required. To the extent a response is required, Defendants refer the Court to the complaint as best evidence of its contents. The second sentence of paragraph 65 consists of Plaintiff's characterization of a finding of an OPR investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the report of investigation as the best evidence of its contents. The third sentence of paragraph 65 consists of Plaintiff's characterization of her actions relating to an interaction with Carmen Boykin, to which no response is required. To the extent the third sentence of paragraph 65 purports to characterize a finding by OPR, Defendants refer the Court to the report of investigation as the best evidence of its contents.

66. The first through fourth sentences of paragraph 66 consist of Plaintiff's characterization of an affidavit submitted by Nicolas Ahumada, to which no response is required. To the extent a response is required, Defendants refer the Court to the affidavit as the best evidence of its contents. The fifth sentence of paragraph 66 consists of Plaintiff's characterization of an

11

interview of Nicolas Ahumada, to which no response is required.  To the extent a response is required, Defendants refer the Court to the transcript of the interview as the best evidence of its contents.

67.    The first sentence of paragraph 66 consists of Plaintiff's characterization of an affidavit submitted by Nicolas Ahumada, to which no response is required.  To the extent a response is required, Defendants refer the Court to the affidavit as the best evidence of its contents. The second and third sentences of paragraph 67 consist of Plaintiff's characterization of findings of an OPR investigation, to which no response is required.  To the extent a response is required, Defendants refer the Court to the Report of Investigation as the best evidence of its contents.

68.    Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 68.

69.    Defendants deny the first sentence of paragraph 69.  Defendants admit the second sentence of paragraph 69 to the extent that Eileen Blessinger filed a motion for recusal, attaching the complaint as an exhibit, and otherwise lack sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 69.  Defendants lack sufficient information or knowledge to admit or deny the third sentence of paragraph 69.

70.    Defendants admit the first sentence of paragraph 70 to the extent that Plaintiff directed the court administrator to testify, and otherwise lack sufficient information or knowledge to admit or deny the remaining allegations in the first sentence of paragraph 70.  The second sentence of paragraph 70 consists of Plaintiff's characterization of her basis for directing the court administrator to testify, to which no response is required.  To the extent a response is required, Defendants refer the Court to the transcript of the testimony as the best evidence of its contents.

71.    Paragraph 71 consists of Plaintiff's characterization of a complaint submitted to EOIR, to which no response is required.  To the extent a response is required, Defendants refer the Court to the complaint as the best evidence of its contents.

72.    Defendants deny the first sentence of paragraph 72.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 72.

73.    Defendants admit the first and fifth sentences of paragraph 73.  The second and fourth sentences of paragraph 73 consist of Plaintiff's characterization of a recusal order, to which no response is required.  To the extent a response is required, Defendants refer the Court to the recusal order as the best evidence of its contents.  The third sentence of paragraph 73 consists of Plaintiff's characterization of an EOIR policy, to which no response is required.  To the extent a response is required, Defendants refer the Court to the policy as the best evidence of its contents.

74.    Defendants admit the first sentence of paragraph 74.  Defendants admit the second sentence of paragraph 74 to the extent that Marlene Wahowiak sent the electronic mail message to OPR and otherwise lack sufficient information or knowledge to admit or deny the remaining allegations in the second sentence of paragraph 74.  Defendants admit the third sentence of paragraph 74 to the extent that Marlene Wahowiak served as the Chief of Employee Labor Relations for a limited time and otherwise lack sufficient information or knowledge to admit or deny the remaining allegations in the third sentence of paragraph 74.  Defendants deny the fourth sentence of paragraph 74.  The fifth sentence of paragraph 74 consists of Plaintiff's characterization of an electronic mail message sent by Marlene Wahowiak, to which no response is required.  To the extent a response is required, Defendants refer the Court to the electronic mail message as the best evidence of its contents.

75.     Paragraph 75 consists of Plaintiff's characterization of an electronic mail message sent by Marlene Wahowiak, to which no response is required.  To the extent a response is required, Defendants refer the Court to the electronic mail message as the best evidence of its contents.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants admit paragraph 77 to the extent that OPR interviewed Deepali Nadkarni.  Defendants further aver that Judge Nadkarni became a law clerk at the Department of Justice in October 1994; an Attorney Advisor in October 1995; an Assistant Chief Immigration Judge in March 2011; and an Immigration Judge in July 2019.  Defendants otherwise deny the remaining allegations in paragraph 77.

78.     Defendants admit paragraph 78 to the extent that Deepali Nadkarni provided to OPR counseling letters, including a July 28, 2016, letter, that were issued to Plaintiff, and did not provide to OPR counseling letters that were issued to other immigration judges, and otherwise deny the remaining allegations in paragraph 78.

79.     Defendants admit the first sentence of paragraph 78.  Defendants deny the second and third sentences of paragraph 79.

80.     Paragraph 80 consists of Plaintiff's characterization of her 2017 performance appraisal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the performance appraisal as best evidence of its contents.

81.     Defendants admit paragraph 81.

82.     Defendants admit paragraph 82 to the extent that Plaintiff submitted a written response to OPR and otherwise lack sufficient information or knowledge of the remaining allegations in paragraph 82.

83.     Defendants admit paragraph 83.

84.     Paragraph 84 consists of Plaintiff's characterization of her response to OPR, to which no response is required.  To the extent a response is required, Defendants refer the Court to the response as the best evidence of its contents.

85.     Defendants admit the first and second sentences of paragraph 85 to the extent that on January 2, 2018, the Board of Immigration Appeals issued a decision in No. A 208-280-050 and, as part of its investigation, OPR reviewed Plaintiff's actions in a February 17, 2017, hearing in No. A 208-280-050.  Defendants deny the remaining allegations in the first and second sentences of paragraph 85.  The third through fifth sentences consist of Plaintiff's characterization of a Board of Immigration Appeal's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

86.     The first sentence of paragraph 86 consists of Plaintiff's characterization of her motion for reconsideration of a Board of Immigration Appeals ("BIA") decision, to which no response is required.  To the extent a response is required, Defendants admit the first sentence of paragraph 86 to the extent that Plaintiff filed a motion for reconsideration and otherwise refer the Court to the motion as the best evidence of its contents.  Defendants deny that the BIA denied Plaintiff's motion, but admit that the BIA returned Plaintiff's submissions to her because as an immigration judge, Plaintiff was not a party to the removal proceedings.

87.     Defendants admit the first sentence of paragraph 87 to the extent that Plaintiff submitted the Board of Immigration Appeals decision to OPR and otherwise deny the remaining allegations in the first sentence of paragraph 87.  The second through fourth sentences of paragraph 87 consist of Plaintiff's characterization of findings of an OPR investigation, to which no response is required.  To the extent a response is required, Defendants refer the Court to the report of investigation as the best evidence of its contents.

88.     Defendants admit the first and second paragraph to the extent that the Board of Immigration Appeals decision was the subject of a news article and otherwise deny the remaining allegations in the first sentence of paragraph 88.  Defendants lack sufficient information or knowledge to admit or deny the third and fourth sentences of paragraph 88.  Defendants deny the fifth sentence of paragraph 88.

89.     Defendants admit paragraph 89.

90.     Defendants admit paragraph 90.

91.     Defendants admit the first and fourth sentences of paragraph 91.  Defendants admit the second sentence of paragraph 91 to the extent that Plaintiff requested recordings or transcripts of OPR witness interviews and a copy of Plaintiff's disciplinary records that were referenced in the OPR draft report of investigation, and otherwise deny the remaining allegations in the second sentence of paragraph 91.  Defendants admit the third sentence of paragraph 91 to the extent that OPR denied Plaintiff's request.

92.     Defendants admit the first, second, and fourth sentences of paragraph 92.  The third sentence of paragraph 92 consists of Plaintiff's characterization of her FOIA request, to which no response is required.  To the extent a response is required, Defendants refer the Court to the request as best evidence of its contents.

93.     Defendants admit paragraph 93 to the extent that OPR acknowledged Plaintiff's FOIA request on October 4, 2019, and made the first interim release on March 30, 2020, and otherwise deny the remaining allegations in paragraph 93.

94.     Defendants admit the first sentence of paragraph 94 to the extent that Plaintiff submitted a response to OPR's draft report of investigation and otherwise deny the remaining allegations in the first sentence of paragraph 94.  The second sentence of paragraph 94 consists of

Plaintiff's characterization of her response to the OPR draft report of investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the response as the best evidence of its contents.

95. Defendants admit the first through third sentences of paragraph 95. Defendants deny the fourth sentence of paragraph 95.

96. Defendants admit the first and second sentences of paragraph 96. Defendants deny the third sentence of paragraph 96.

97. Defendants admit the first and second sentence of paragraph 97. Defendants lack sufficient information or knowledge to admit or deny the third sentence of paragraph 97.

98. Defendants admit paragraph 98.

99. Defendants admit paragraph 99.

100. Defendants admit paragraph 100 to the extent EOIR released documents pursuant to Plaintiff's request but denies that any documents were omitted.

101. Defendants admit the first and second sentences of paragraph 101 to the extent that, on March 30, 2020, OPR made its first interim release, releasing forty-five pages in full and withholding 530 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C) and did not provide a *Vaughn* index. Defendants admit the third sentence and deny the fourth sentence of paragraph 101.

102. Paragraph 102 consists of Plaintiff's characterization of her response to the OPR draft report of investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the response as the best evidence of its contents.

103.    Defendants admit the first sentence of paragraph 103 to the extent that Plaintiff submitted an appeal to OIP and otherwise deny the remaining allegations in this first sentence. Defendants deny the second sentence of paragraph 103.

104.    Paragraph 104 consist of Plaintiff's characterization of her response to the notice of removal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the response as the best evidence of its contents.

105.    Defendants admit the first sentence of paragraph 105.  The second through sixth sentences of paragraph 105 consist of Plaintiff's characterization of the notice of proposed removal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the notice as the best evidence of its contents.

106.    Defendants admit paragraph 106.

### COUNT I: Violations of the FOIA and Privacy Act for Failure to Make Records Available

107.    Defendants repeat their responses to paragraphs 1 through 106.

108.    Paragraph 108 consists of a statement of law, to which no response is required.  To the extent a response is required, Defendants refers the Court to 5 U.S.C. § 552(a)(4)(B) as the best evidence of its contents.

109.    Paragraph 109 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 109.

110.    Paragraph 110 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 110 to the extent that Defendants do have possession, custody, or control of records responsive to Plaintiff's FOIA requests and otherwise deny the remainder of paragraph 110.

111.    Paragraph 111 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 111.

112.    Paragraph 112 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 112 to the extent that Defendants refused to process Plaintiff's FOIA requests on an expedited basis and otherwise deny the remainder of paragraph 112.

113.    Defendants admit the first and second sentences of paragraph 113.  Defendants deny the third sentence of paragraph 113.

114.    Defendants deny the first sentence of paragraph 114.  Defendants lack sufficient knowledge or information to admit or deny the second and third sentences of paragraph 114. Defendants admit the fourth sentence of paragraph 114 to the extent that Plaintiff reproduced documents during discovery in her Equal Employment Opportunity Commission ("EEOC") action she found in an EOIR share drive and otherwise deny the remaining allegations in the fourth sentence of paragraph 114.  Defendants deny the fifth sentence of paragraph 114.

115.    Paragraph 115 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to the decision as best evidence of its contents.

116.    Paragraph 116 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to the decision as best evidence of its contents.

117.    Defendants admit the first sentence of paragraph 117.  The second sentence of paragraph 117 consists of Plaintiff's characterization of the OPR final report of investigation, to

19

which no response is required.  To the extent a response is required, Defendants refer the Court to the report as best evidence of its contents.

118.    The first through third sentences of paragraph 118 consists of Plaintiff's characterization of the EEOC judge's decision, to which no response is required.  To the extent a response is required, Defendants refer the Court to the decision as best evidence of its contents. Defendants lack sufficient knowledge or information to admit or deny the fourth sentence of paragraph 118.

119.    Paragraph 119 consists of Plaintiff's characterization of her FOIA request, to which no response is required.  To the extent a response is required, Defendants refer the Court to the request for best evidence of its contents.

120.    Defendants admit paragraph 120 to the extent that on April 27, 2018, the EOIR made its release, releasing records and withholding in part certain portions of records pursuant to FOIA Exemptions 5 and 6 and otherwise deny the remaining allegations in paragraph 120.

121.    Paragraph 121 consists of Plaintiff's characterization of her FOIA request, to which no response is required.  To the extent a response is required, Defendants refer the Court to the request for best evidence of its contents.

122.    Defendants admit the first and second sentences of paragraph 122 to the extent that, on March 30, 2020, OPR made its first interim response, releasing 45 pages in full and withholding 530 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C), and OPR did not provide a *Vaughn* Index, and otherwise deny the remaining allegations in the first two sentences of paragraph 122. Defendants admit the third sentence.  Defendants admit the fourth sentence of paragraph 122 to the extent that as of September 2020, OPR had not released any witness interview transcripts in

response to Plaintiff's August 5, 2019 FOIA request and otherwise deny the remainder of the allegation of the fourth sentence of paragraph 122.

123.    Paragraph 123 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit paragraph 123.

124.    Paragraph 124 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 124.

125.    Paragraph 125 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny paragraph 125.

126.    The first sentence consists of Plaintiff's characterization of her first cause of action, to which no response is required.  To the extent a response is required, Defendants defer their answer to paragraph 126 until the Court decides Defendants' motion to dismiss, in part. Defendants lack sufficient information or knowledge to admit or deny the allegations in the second sentence of paragraph 126.

127.    Paragraph 127 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants admit that the Court "may order the agency to amend the individual's record in accordance with [her] request or in such other way as the court may direct" as provided by the Privacy Act.  5 U.S.C. § 552a(g)(2)(A).

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    The first sentence of paragraph 130 consists of Plaintiff's characterization of her 2017 performance appraisal, to which no response is required.  To the extent a response is required, Defendants refer the Court to the appraisal as the best evidence of its contents.  The second sentence of paragraph 130 contains Plaintiff's characterization of the OPR report of investigation,

21

to which no response is required. To the extent a response is required, Defendants refer the court to the report of investigation as the best evidence of its contents.

131. The first sentence of paragraph 131 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 131. The second through fifth sentences of paragraph 131 consist of Plaintiff's characterization of a BIA's decision and findings of an OPR report of investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision and the report of investigation as the best evidence of their contents.

132. The first and sixth sentences of paragraph 132 consist of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first and sixth sentences of paragraph 132. The second through fourth sentences of paragraph 132 consist of Plaintiff's characterization of OPR's report of investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the report as the best evidence of its contents. The fifth sentence of paragraph 132 consists of Plaintiff's characterization of Model Rules of Professional Conduct 8.4 and 8.8, to which no response is required. To the extent a response is required, Defendants refer the Court to the rules as the best evidence of their contents.

133. Defendants deny the first, second, and seventh sentences of paragraph 133. The third through sixth sentences consist of Plaintiff's characterization of the OPR report of investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the report as the best evidence of its contents.

134. Defendants deny the allegations in paragraph 134.

135. Defendants deny the first and second sentences of paragraph 135. The third through fifth sentences of paragraph 135 consists of conclusions of law, to which no response is required.

To the extent a response is required, Defendants deny the third through fifth sentences of paragraph 135.

136.    Paragraph 136 consists of Plaintiff's characterization of her actions that, in part, led to her removal from federal service, to which no response is required.  To the extent a response is required, Defendants refer the Court to the OPR report of investigation as the best evidence of Plaintiff's actions.

137.    Paragraph 137 consists of Plaintiff's characterization of her actions that, in part, led to her removal from federal service, to which no response is required.  To the extent a response is required, Defendants refer the Court to the OPR report of investigation as the best evidence of Plaintiff's actions.

138.    Paragraph 138 consists of Plaintiff's characterization of her actions that, in part, led to her removal from federal service, to which no response is required.  To the extent a response is required, Defendants refer the Court to the OPR report of investigation as the best evidence of Plaintiff's actions.

139.    Paragraph 139 consists of Plaintiff's characterization of her actions that, in part, led to her removal from federal service, to which no response is required.  To the extent a response is required, Defendants refer the Court to the OPR report of investigation as the best evidence of Plaintiff's actions.

140.    Paragraph 140 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants aver that Plaintiff is not entitled to any relief whatsoever.

141.    Paragraph 141 consists of Plaintiff's characterization of the removal decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

142.    The first sentence of paragraph 142 consists of Plaintiff's characterization of a finding of an OPR investigation, to which no response is required. To the extent a response is required, Defendants refer the Court to the report as the best evidence of its contents. The second, fourth, and fifth sentences of paragraph 142 consist of Plaintiff's characterization of the notice of removal, to which no response is required. To the extent a response is required, Defendants refer the Court to the notice as the best evidence of its contents. The third sentence of paragraph 142 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the third sentence of paragraph 142.

143.    The first sentence of paragraph 143 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 143. Defendants admit it does not have a Table of Penalties but denies that it has an impact on uniformity. Defendants deny the remainder of the allegations in paragraph 143.

144.    The first sentence of paragraph 144 consists of Plaintiff's characterization of the removal decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents. Defendants admit the second sentence of paragraph 144. Defendants deny the third and fourth sentences of paragraph 144. The fifth through eleventh sentences of paragraph 144 consists of Plaintiff's characterization of her employment, to which no response is required. To the extent a response is required, Defendants refer the Court to Plaintiff's electronic Official Personnel Folder as the best evidence of Plaintiff's employment record.

24

145.    Defendants deny the allegations in paragraph 145.

146.    Defendants deny the first and fourth sentences of paragraph 146. Defendants admit the second sentence of paragraph 146. The third sentence is Plaintiff's characterization of Exhibit 22, to which no response is required. To the extent a response is required, Defendants refer the Court to Exhibit 22 as the best evidence of its contents.

147.    Defendants lack sufficient information or knowledge to admit or deny paragraph 147.

<strong>COUNT II:</strong><br>
<strong><u>Discrimination, Retaliation for Protected Activity, and Hostile Work Environment</u></strong>

148.    Defendants repeat their responses to paragraphs 1 through 147.

<strong>Past and Continuing Discrimination</strong>

149.    The first sentence of paragraph 149 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 149. Defendants deny the second sentence of paragraph 149. The third and fourth sentences of paragraph 149 consist of Plaintiff's characterization of her Amended Complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the Amended Complaint as the best evidence of its contents.

150.    Defendants deny the first sentence of paragraph 150. Defendants deny the second sentence of paragraph 150. Defendants lack sufficient information or knowledge to admit or deny the third sentence of paragraph 150.

151.    The first sentence of paragraph 151 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 151. Defendants lack sufficient information or knowledge to admit or deny the

allegations related to Plaintiff's medical condition in the second sentence of paragraph 151 and otherwise deny the remaining allegations in the second sentence of paragraph 151.

152. The first sentence of paragraph 152 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 152. Defendants lack sufficient information or knowledge to admit or deny the second sentence of paragraph 152.

153. Defendants deny the first sentence of paragraph 153. Defendants lack sufficient information or knowledge to admit or deny the second sentence of paragraph 153.

154. Defendants deny the first through third sentences of paragraph 154. The fourth sentence of paragraph 154 consists of Plaintiff's characterization of an EEOC administrative judge's decision, to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents. The fifth sentence of paragraph 154 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the fifth sentence of paragraph 154.

155. Defendants deny the first, second, and fourth sentences of paragraph 155. The third sentence of paragraph 155 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the third sentence of paragraph 155.

156. Defendants deny the allegations in paragraph 156.

157. Defendants deny the allegations in paragraph 157.

### New Claim of Discrimination

158. The first sentence of paragraph 158 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 158. Defendants deny the second sentence of paragraph 158.

26

159. The first sentence of paragraph 159 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 159. The second and third sentences of paragraph 159 consists of Plaintiff's characterization of her Amended Complaint, to which no response is required. To the extent a response is required, Defendants refer the Court to the Amended Complaint as the best evidence of its contents.

160. Defendants deny the first and third sentences of paragraph 160. Defendants admit the second sentence of paragraph 160.

161. Defendants deny the first and second sentences of paragraph 161.

162. Defendants deny the first sentence of paragraph 162. Defendants admit the second sentence of paragraph 162 to the extent that a complaint was filed and Defendants refer the Court to the complaint as the best evidence of its contents.

163. Defendants deny the first sentence of paragraph 163. Defendants admit the second sentence of paragraph 163 to the extent that on June 29, 2018, OPR interviewed Plaintiff and otherwise deny the remaining allegations in the second sentence of paragraph 163.

164. Defendants deny the first sentence of paragraph 164. Defendants admit the second sentence of paragraph 164 to the extent EOIR hires immigration judges but lacks sufficient information to admit or deny the remaining allegations.

165. Paragraph 165 consists of Plaintiff's characterization of *In re Al-Nashiri*, 921 F.3d 224 (D.C. Cir. 2019), to which no response is required. To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

166. Defendants admit the first sentence of paragraph 166 to the extent that EOIR did not terminate Vance Spath during his probationary period and otherwise deny the remaining

allegations in the first sentence of paragraph 166. Defendants admit the second sentence of paragraph 166 to the extent that on August 17, 2020, the Attorney General ordered Plaintiff removed from federal service and otherwise deny the remaining allegations in the second sentence of paragraph 166.

167. The first sentence of paragraph 167 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 167. Defendants deny the second and third sentences of paragraph 167.

## Count III: Whistleblower Retaliation

168. Defendants repeat their responses to paragraphs 1 through 167. The second sentence of paragraph 168 consists of Plaintiff's characterization of her cause of action, to which no response is required. To the extent a response is required, Defendants refer the Court to the Amended Complaint as the best evidence of its contents.

169. Defendants deny the allegations in paragraph 169.

170. Defendants deny the allegations in paragraph 170.

171. Defendants deny the allegations in paragraph 171.

172. Defendants deny the allegations in paragraph 172.

173. The first sentence of paragraph 173 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendants deny the first sentence of paragraph 173. The second sentence of paragraph 173 consists of Plaintiff's characterization of OPR's report of investigation to which no response is required. To the extent a response is required, Defendants refer the Court to the report as the best evidence of its contents. The third sentence of paragraph 173 consists of Plaintiff's characterization of the notice of removal, to which no response is required. To the extent a response is required, Defendants refer the Court to the notice as the best evidence of its contents.

28

174. Defendants deny the allegations of paragraph 174.

175. Defendants deny the first sentence of paragraph 175. The second sentence of paragraph 175 consists of Plaintiff's characterization of a letter of counseling, to which no response is required. To the extent a response is required, Defendants refer the Court to the letter as the best evidence of its contents. Defendants deny the third and fourth sentences of paragraph 175.

176. Defendants deny the first sentence of paragraph 176. The second and third sentences of paragraph 176 consists of Plaintiff's characterization of 8 C.F.R. § 1003.l0(b), to which no response is required. To the extent a response is required, Defendants refer the Court to the regulation as the best evidence of its contents.

177. Defendants deny the first sentence of paragraph 177. Defendants admit the second sentence of paragraph 177 to the extent that EOIR provided the letter of counseling to OPR, and otherwise refer the Court to the OPR report of investigation as the best evidence of its contents. Defendants admit the third and fourth sentences of paragraph 177.

178. Defendants deny the allegations in paragraph 178.

179. Defendants deny the first sentence of paragraph 179. The second sentence of paragraph 179 consists of Plaintiff's characterization of 8 C.F.R. § 1003.l0, to which no response is required. To the extent a response is required, Defendants refer the Court to the regulation as the best evidence of its contents.

180. Defendants deny the first sentence of paragraph 180. Defendants admit the second sentence of paragraph 180 to the extent that EOIR provided the electronic mail to OPR, and otherwise deny the remaining allegations in the second sentence of paragraph 180. Defendants admit the third sentence of paragraph 180. The fourth sentence of paragraph 180 consists of Plaintiff's characterization of the EEOC administrative judge's decision, to which no response is

required.  To the extent a response is required, Defendants refer the Court to the decision as the best evidence of its contents.

181.    Paragraph 181 consists of Plaintiff's characterization of her November 2017 written response to OPR, to which no response is required.  To the extent a response is required, Defendants refer the Court to Plaintiff's written response as the best evidence of its contents.

182.    Defendants deny the allegations in paragraph 182.

183.    Paragraph 183 consists of Plaintiff's characterization of a Professional Responsibility Advisory Office advisory opinion, to which no response is required.  To the extent a response is required, Defendants refer the Court to the opinion as the best evidence of its contents.

184.    Defendants deny the first sentence of paragraph 184.  The second sentence of paragraph 184 is Plaintiff's characterization of OPR's finding to which no response is required.  To the extent a response is required, Defendants refer the Court to the report of investigation as the best evidence of its contents.  Defendants deny the rest of the allegations in paragraph 184.

185.    Defendants deny paragraph 185.

### Prayer for Relief

### Count I: Violation of the FOIA

186.    Paragraph 186 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

187.    Paragraph 187 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

188.     Paragraph 188 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

189.     Paragraph 189 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

190.     Paragraph 190 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

191.     Paragraph 191 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

192.     Paragraph 192 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

### Count II: Discrimination

193.     Paragraph 193 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

194.     Paragraph 194 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

195.    Paragraph 195 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

196.    Paragraph 196 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

197.    Paragraph 197 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

198.    Paragraph 198 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

199.    Paragraph 199 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

200.    Paragraph 200 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

201.    Paragraph 201 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

202.    Paragraph 202 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## Count III: Whistleblower Retaliation

203.    Paragraph 203 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

204.    Paragraph 204 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

205.    Paragraph 205 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

206.    Paragraph 206 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

207.    Paragraph 207 consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

## First Defense

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA, the Privacy Act, Whistleblower Protection Act, or Title VII.

## Second Defense

Plaintiff is not entitled to compel production of responsive records protected from disclosure by one or more exemptions or exclusions to the FOIA, 5 U.S.C. § 552, as amended.

## Third Defense

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required or permitted.  *See* 5 U.S.C. § 522(b).

## Fourth Defense

Plaintiff was not subjected to unequal or discriminatory terms and/or conditions of employment.

## Fifth Defense

To the extent the employment practices of which Plaintiff complains were undertaken by the Defendants, Defendants deny any unlawful, discriminatory, or retaliatory motive and would have taken the same action absent discrimination or retaliation.

## Sixth Defense

Plaintiff is not entitled to any relief whatsoever, including attorney's fees and costs.

**Seventh Defense**

Plaintiff has engaged in conduct or activities such that her claims for damages or any other relief against the Defendants are barred by the equitable doctrines of unclean hands, estoppel, and laches.

**Eight Defense**

Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish her alleged damages.

**Ninth Defense**

Back and front pay are equitable remedies and Plaintiff therefore has no right to a trial by jury on these issues.

Dated:  July 10, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:         /s/ *Dimitar P. Georgiev*
       DIMITAR P. GEORGIEV, D.C. Bar # 1735756
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 815-8654

*Attorneys for the United States of America*

35