UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>        Defendants. | Civil Action No. 21-1751 (RDM) |

## MOTION FOR EXTENSION OF TIME

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants, by and through undersigned counsel, respectfully move this Court for a ninety-day extension of time, up to and including March 26, 2026, to complete discovery in this employment discrimination case. The current deadline for the completion of discovery is December 26, 2025, the date of expert discovery close date. *See* Min. Order (Aug. 8, 2025).[1] The Government has conferred with Plaintiff, as required by Local Civil Rule 7(m), and Plaintiff opposes the requested extension. Notwithstanding, there is good cause for the Court to grant the requested relief here. In support, Defendants state as follows:

1.   The extension is requested in good faith and not for the purpose of delay. *See generally* Fed. R. Civ. P. 6(b)(1) ("A schedule may be modified only for good cause and with the judge's consent.").

---

[1] The Department had proposed close of fact discovery to conclude on December 7, 2025. Defs.' Proposed Scheduling Order (ECF No. 121-1). The Court in its minute order setting the discovery schedule did not impose a specific deadline for completion of fact discovery. *See* Min. Order (Aug. 6, 2025). Defendants therefore interpret the Court's order as not imposing different deadlines for fact and expert discovery.

- 2 -

2.      Since the entry of the current scheduling order, circumstances outside the parties' control have impeded Defendants' ability to complete the remaining discovery. The government recently experienced a lapse in appropriations that resulted in a shutdown of federal agencies. During that period, undersigned counsel and agency personnel were prohibited from working on this matter, including coordination necessary for preparing responses to outstanding discovery requests and scheduling depositions.

3.      While operations have since resumed, agency staff and counsel need to address significant backlogs created by the shutdown, impacting the government's ability to meet the current deadline of December 26, 2025.

4.      Additionally, the forthcoming holidays have further impacted the availability of agency staff and counsel, restricting the government's ability to complete discovery.

5.      Defendants have also not yet received full discovery responses from Plaintiff in this case. Defendants on September 26, 2025, served on Plaintiff interrogatories and requests for document production, making Plaintiff's response deadline October 26, 2025. While Defendants recognize that the Government was shut down during that period, the Court's Standing Order 25-55 providing a stay of civil proceedings in actions against the United States (*see* https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf), did not impact Plaintiff's deadlines, only deadlines affecting the United States. *Id*. at 2. Plaintiff has not sought an extension and has yet to serve responses to Defendants' discovery requests. Defendants sent Plaintiff a link to an online platform to upload and facilitate any forthcoming document productions. On November 23, 2025, Plaintiff indicated she was able to create an account but was unable to upload documents through the platform, and therefore, would FedEx discovery to the U.S. Attorney's Office. That same day, Plaintiff provided amended answers to interrogatories via

email, and she supplemented those answers again on December 4, 2025, but she has not yet produced her full set of responsive documents.  Plaintiff informed government counsel via email on December 4, 2025, that she mailed records via FedEx "this afternoon."  The Government has not yet received those records.  The absence of complete information impedes Defendants' ability to review complete discovery responses, identify missing records, if any, seek discovery from third parties (*e.g.*, Plaintiff's treating physician), schedule depositions, including Plaintiff's deposition, which is critical to Defendants' ability to fairly defend this action, or otherwise prepare a full defense of this action.

6. Defendants have not yet responded to Plaintiff's discovery responses.  Plaintiff served Defendants her discovery requests on September 24, 2025, making the government's initial response due by October 25, 2025.  *See* Standing Order 25-59 (JEB) (D.D.C. Nov. 13, 2025).  The Court's Standing Order extended deadlines falling between October 1, 2025, and November 12, 2025, by fifty-three days, making Defendants' response to Plaintiff's discovery requests due on December 17, 2025. Defendants are diligently working to complete all outstanding discovery to Plaintiff as well.  Plaintiff has informed Defendants of her position that Defendants' responses are late and of her intent to move for sanctions pursuant to Rule 37.  Defendants intend to oppose any such forthcoming motion.

7. The Government has conferred with Plaintiff, as required by Local Civil Rule 7(m), and Plaintiff opposes the requested extension. Plaintiff states that she would not agree to additional time "[g]iven the agency's unreasonable refusal to provide the information when [she] first requested it back in 2019."  Her stated basis is unrelated to the current scheduling constraints, the recent shutdown, or the parties' present discovery obligations. Notwithstanding, the requested extension will not prejudice Plaintiff.  To the contrary, an extension will ensure that both parties

- 3 -

have a full and fair opportunity to complete discovery and will avoid unnecessary disputes or incomplete productions. The extension also promotes judicial efficiency by ensuring the record is complete before subsequent case deadlines.

For the reasons stated, Defendants respectfully request that the Court grant a ninety-day extension of time, up to and including March 26, 2026, to complete discovery in this case. Defendants also propose that the Court vacate the post-discovery status conference currently scheduled for January 12, 2026 (*see* Nov. 13, 2025, Min. Order), to a date and time that is convenient for the Court following the close of discovery. A proposed order is attached.

| | |
|---|---|
| Dated: December 4, 2025<br>Washington, D.C. | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By:  */s/ Saifuddin K. Kalolwala*<br>    SAIFUDDIN K. KALOLWALA<br>    DIMITAR P. GEORGIEV, D.C. BAR # 1735756<br>    Assistant United States Attorneys<br>    601 D Street, N.W.<br>    Washington, D.C. 20530<br>    Telephone: (202) 252-2550<br>    Saifuddin.Kalolwala@usdoj.gov<br>    Dimitar.Georgiev-Remmel@usdoj.gov<br><br>*Attorneys for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>　　　　Defendants. | Civil Action No. 21-1751 (RDM) |

### [PROPOSED] ORDER

UPON CONSIDERATION of Defendants motion for an extension of time to respond to the Complaint in this matter, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendants motion is **GRANTED**; and

ORDERED that the deadline to complete discovery in this matter is **EXTENDED** to March 26, 2026; it is further

ORDERED that the post-discovery conference scheduled for January 12, 2026, shall be VACATED and rescheduled by the Court.

SO ORDERED:

_____　　　　　　　_____
Dated　　　　　　　　　　　　　　　　　　　RANDOLPH D. MOSS
　　　　　　　　　　　　　　　　　　　　　　United States District Judge