UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,

      Plaintiff,

      v.

U.S. DEPARTMENT OF JUSTICE, et al.

      Defendants.

Case No. 21-cv-1751 (RDM)

Date:  December 5, 2025

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO EXTEND THE DISCOVERY DEADLINE BY 90 DAYS AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S DISCOVERY REQUESTS

Plaintiff, proceeding *pro se*, respectfully opposes Defendants' request to extend the discovery deadlines in this case by 90 days, until March 26, 2026.  In addition, Plaintiff respectfully requests that the Court direct Defendants to produce records and documents that Plaintiff requested on September 24, 2025.

Plaintiff avers the following:

1.     By order dated August 6, 2025, this Court established a standard 120-day discovery schedule to which both parties agreed.  The discovery schedule provided that discovery will commence on September 7, 2025 and end on December 7, 2025.  The Court based this standard discovery schedule on the parties' representations during a status conference held earlier that day (*i.e.*, on August 6, 2025) that minimal discovery is needed in this case, and that the parties intended to resolve the factual and legal issues by summary judgment motions come January 2026.  The Court also expressed concern that discovery in this civil action had not begun, even though this case has been pending for four years, since June 2021.

2.      As Plaintiff indicated to the Court during the status conference, she has exhausted her administrative remedies at the EEOC and the MSPB. She further indicated that discovery in the EEOC action was completed in February 2019, and discovery in the MSPB action was completed in December 2024. Therefore, the only discovery she would conduct in this case was to request a small number of records, through a request for production of documents which Plaintiff has since made.

3.      Before serving her discovery requests on September 24, 2025, Plaintiff attempted to resolve all privilege issues by requesting that Defendants enter into a Rule 502 agreement. Defendants, however, refused. Plaintiff also requested a Rule 34 inspection to facilitate the production of documents, but Defendants also refused. *See* Attachment A.

4.      On September 29, 2025, Plaintiff offered to discuss any outstanding privilege issues with counsel for Defendants. *See* Attachment A. Counsel did not respond. Plaintiff therefore expected Defendants to produce the requested records along with any privilege log by October 24, 2025. As of today, Defendants have not yet responded to Plaintiff's discovery requests. Defendants instead attempt to blame Plaintiff for their need to extend the discovery deadlines. All of these arguments are frivolous and should be rejected.

5.      During the government shutdown from October 1 to November 6, 2025, Plaintiff attempted to communicate with Defendants' counsel by email concerning the outstanding discovery requests. On October 26, 2026, the day before her discovery responses were due, Plaintiff inquired about an extension of several days. Counsel for Defendants did not respond. *See* Attachment A. Therefore, Defendants' claim that Plaintiff failed to request an extension from Defendants is simply not true.

2

6.      On October 26, 2025, Plaintiff also inquired about Defendants' responses to her discovery requests: "I have not received your discovery responses which were due last Friday. Please advise whether you intend to respond or whether you need an extension of time." Counsel for Defendants did not respond.

7.      On November 3, 2025, Plaintiff again advised counsel that she was still working on her discovery responses.  She also inquired whether counsel intended to respond to her discovery requests.  Plaintiff copied counsel's supervisor.  Again, radio silence.

8.      On Friday, November 14, 2025, after the government shutdown ended, Plaintiff emailed Defendants' counsel, stating "I'm checking to see if you are back in the office.  I would like to hand deliver my interrogatory answers and responses to the Department's discovery request on Monday, to make sure that they reach you." *See* Attachment A.  In response, counsel stated: "Hi – yes, I'm back on the office.  Our policy is to accept discovery electronically.  You're welcome to submit via email, or if the files are too large, I can send you a USAfx upload link." *Id.*

9.      On November 18, 2025, counsel for Defendants sent Plaintiff a USAfx upload link. Plaintiff, however, was unable to open an account using that link, so she notified counsel. *See* Attachment A.  She asked counsel to send another registration link. *Id.*

10.     The following day, November 19, 2025, Plaintiff decided to send counsel a comprehensive 75-page answer to Defendants' interrogatories by email with password protection. She was not able to send any attachments or documents, because the documents were voluminous and contained information that is on the Court's non-public docket or is covered by the Privacy Act. *See* Attachment A.

3

11.     Four days later, on November 23, 2025, Plaintiff received a new registration link for USAfx. She used that link to open an account but still was unable to upload documents into the electronic drop box. *See* Attachment A. She inquired if counsel would accept the documents by FedEx. Again, counsel failed to respond.

12.     On December 4, 2025, Plaintiff again contacted counsel by email to request a meeting. She wanted to know if Defendants intended to respond to her discovery requests, which were due on October 24, 2025. She also wanted to arrange for the delivery of 11 CDs that contain documents she had wanted to produce at least since November 14, 2025. *See* Attachment A.

13.     For the first time since the government shutdown ended on November 6, 2025, counsel advised Plaintiff that Chief Judge Boasberg had issued an order extending all deadlines in civil cases until December 16, 2025. *See* Attachment B. Counsel incorrectly asserted that the 53-day extension granted by the Chief Judge did not apply to Plaintiff. Counsel then suggested that, in light of Plaintiff's failure to respond to Defendants' discovery requests, both parties agree to a 90-day extension of time to conduct discovery. As Plaintiff had completed her discovery responses and was prepared to deliver the 11 CDs containing the documents Defendants requested, she did not need an extension of time, even if the Chief Judge's Order did not apply to her.

14.     Counsel's assertion in the motion for extension of time that Plaintiff has not produced all of her discovery responses is not true. As the email exchange in Attachment A indicates, Plaintiff was only advised yesterday (December 4, 2025) that Defendants' USAfx drop box had been non-operational and needed repair. Thus, she could not have delivered the documents through USAfx before today even if she tried. Defendants' claim that they have not received all of the requested documents from Plaintiff conveniently omits this inconvenient truth.

4

15.     On December 4, 2025, after trying to arrange for the delivery of 11 CDs containing documents to Defendants by some other means than USAfx, Plaintiff shipped the documents to Defendants' office by FedEx with signature requested. The documents were delivered at 10:44 a.m. on December 5, 2025. Thus, Defendants' claim in the motion for extension of time that they have not received the document is also false. *See* Attachment C.

16.     It has become abundantly clear that Defendants do not intend to proceed to the conclusion of this five-year-old case because of the negative information that might surface. At the same time, however, they have referred Plaintiff to her state bars for further disciplinary actions based on a standard of referral (the "implication standard") that her state bars do not recognize, while continuing to withhold documents that she needs to defend herself against the state bar proceedings. This is an untenable situation in which Defendants have placed Plaintiff. Until this case is resolved, she cannot continue to pursue employment or to practice law free and clear of concerns about future disciplinary sanctions.

17.     Because Plaintiff has suffered and continues to suffer innumerable financial and non-economic hardships by the day, she respectfully requests that the Court deny Defendants' unreasonable request for an extension of time of 90 days beyond their discovery deadline of December 16, 2025. Defendants do not need to conduct a deposition of Plaintiff. Defendants have already deposed her twice, once in the EEOC proceeding, and a second time, in the MSPB proceeding. As stated, Plaintiff has provided Defendants with a 75-page document that comprehensively answers their interrogatories. She has no further information to provide. Similarly, Defendants already have access to the discovery materials that Plaintiff produced earlier today through a collection of 11 CDs, as most of those materials have been in their exclusive possession, custody, or and control at least since 2019.

18.     Given that Defendants have been given six years to produce the records Plaintiff requested, in unredacted form, she respectfully requests that the Court order Defendants to produce those documents no later than December 16, 2025, and, if they fail to do so, permit Plaintiff to draw negative inferences from any documents that Defendants refuse to produce.

19.     Furthermore, Plaintiff opposes Defendants' request to postpone the January 8, 2026 status conference as unnecessary.  Plaintiff is prepared to move forward with her summary judgment motion and would like to present to the Court her arguments for disposition.

Dated:  December 5, 2025          By:

Quynh Vu Bain
*Pro Se* Plaintiff
quynhbain75@outlook.com
213 3rd St. SE
Washington, DC  20003
(202) 910-8553

**ATTACHMENT A**

*Bain v. USDOJ*, Case No. 21-cv-1751 (D.D.C.) (RDM)

From: Kalolwala, Saifuddin (USADC)
To: quynhbain75@outlook.com
Cc: Georgiev-Remmel, Dimitar (USADC)
Date: Fri, Sep 26, 2025, 9:58 PM

☐ Bain 21-1751 Interrogatories and Doc. Req.pdf

Ms. Bain,

Attached please find Defendants' First Set of Interrogatories and First Request for Production of Documents.  **Your responses are due no later than Monday, October 27, 2025.**

Responses may be served in accordance with the instructions provided in the discovery requests. If you encounter any issues, however, please let me know immediately.  I can provide you with a USAfx link to upload your document production directly if that is more convenient.

If you have any questions or concerns, please feel free to reach out.

Separately, I received your email and have relayed your inquiry to the appropriate departments. Once I receive their feedback, I will let you know whether a potential settlement is feasible and, if so, what that might look like from our side.

Regards,
Saif


**Saifuddin Kalolwala** | Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia | Civil Division
U.S. Department of Justice
Office: (202) 252-2550 | Cell: (202) 870-4216
601 D Street, NW, Washington, D.C. 20530

---

From: Quynh Bain
To: Kalolwala, Saifuddin (USADC)
Cc: Georgiev-Remmel, Dimitar (USADC)
Bcc: Quynh Bain
Date: Mon, Sep 29, 2025, 4:04 PM

1 / 12

Thank you for the update, and I acknowledge receipt of the government's discovery requests.

Please let me know if you would like to discuss privilege claims before the end of October, when my responses and yours are due.

Thank you.

Quynh

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Sun, Oct 26, 2025, 6:45 AM

Good morning, Mr. Kalolwala:

I write to advise you that I will need a few more days to prepare my answers and responses to the government's interrogatories and RFPDs. I wish to provide a fulsome response. Please let me know if you agree to extend the due date from October 27 to October 31. If you are not in the office because of the government shutdown, I will assume that you are fine with the extension.

On a related matter, I have not received your discovery responses which were due last Friday. Please advise whether you intend to respond or whether you need an extension of time.

Many thanks.

Quynh

---

Kalolwala, Saifuddin (USADC)
Quynh Bain
Sun, Oct 26, 2025, 6:45 AM

As of October 1, 2025, the Department of Justice, including the U.S. Attorney's Office for D.C.,

is experiencing a lapse in appropriations. Due to that lapse, I am currently furloughed and unable to respond to your email until appropriations are restored. If you need immediate assistance, please contact Deputy Chief Peter Pfaffernoth at Peter.Pfaffenroth@usdoj.gov.

---

Georgiev-Remmel, Dimitar (USADC)
Quynh Bain
Sun, Oct 26, 2025, 6:45 AM

As of October 1, 2025, the Department of Justice, including the U.S. Attorney's Office for D.C., is experiencing a lapse in appropriations. Due to that lapse, I am currently furloughed and unable to respond to your email until appropriations are restored. If you need immediate assistance, please contact Deputy Chief John Truong at john.truong@usdoj.gov.

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Peter.Pfaffenroth@usdoj.gov
Mon, Nov 3, 2025, 11:09 AM

Good morning:

I write to let you know that I am still working on my answers and responses to your interrogatories and RFPDs.

I apologize for not having completed my discovery responses, as they encompass a whole lot more information than I initially anticipated.

I will aim to send you my interrogatory responses by close of business this Wednesday, November 5. I will aim to produce the records you requested no later than this Friday, November 7.

I am copying your supervisor in the event you are still out of the office on furlough.

In the meantime, please let me know your intentions with regard to my discovery requests.

Best regards,

Quynh

---

From: Quynh Bain
To: Kalolwala, Saifuddin (USADC)
Cc: Georgiev-Remmel, Dimitar (USADC)
Peter.Pfaffenroth@usdoj.gov
Date: Fri, Nov 14, 2025, 12:37 PM

Dear Mr. Kalolwala:

I'm checking to see if you are back in the office. I would like to hand deliver my interrogatory answers and responses to the Department's discovery requests on Monday, to make sure that they reach you.

Please advise what time on Monday would be most convenient for me to deliver the materials and give your street address.

Thank you very much.

Quynh Bain
202-910-8553

---

From: Kalolwala, Saifuddin (USADC)
To: Quynh Bain
Cc: Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Date: Fri, Nov 14, 2025, 1:29 PM

Hi, yes—I am back in the office. Our policy is to accept discovery electronically. You're welcome to submit via email, or if the files are too large, I can send you a USAfx upload link. USAfx will allow you to confirm when I've received or downloaded the files.

Let me know how you'd like to proceed. I look forward to receiving the materials.

**Saifuddin Kalolwala** | Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia | Civil Division
U.S. Department of Justice
Office: (202) 252-2550 | Cell: (202) 870-4216
601 D Street, NW, Washington, D.C. 20530

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Fri, Nov 14, 2025, 1:42 PM

Thank you for your response.

Given the sensitivy of the information in my interrogatory answers — much of the information is still under seal or covered by the Privacy Act. I would prefer to deliver a copy by another means and not by email.

Also, I had prior bad experiences with using electronic drop boxes. I would like to download the data onto CDs and hand deliver them to your office. Would that work?

Thank you.

Quynh

---

Kalolwala, Saifuddin (USADC)
Quynh Bain
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Fri, Nov 14, 2025, 2:03 PM

I completely understand your hesitation—especially if you've had a bad experience in the past. Given the sensitive nature of the material, our secure USAfx system is actually the safest and most reliable method. It also provides you with confirmation once I've received and downloaded everything, so you'll have full visibility.

Let's start with the electronic upload — I'll send you the link shortly.  If for any reason you run into issues or feel something didn't transmit correctly, we can absolutely re-visit an in-person CD drop-off as a backup option.  But in almost all cases, USAfx is the most secure, reliable, and efficient path.

Regards,
Saif

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Tue, Nov 18, 2025, 1:24 PM

Good afternoon, Mr. Kalolwala:

Thank you for setting up a USAfx account.

The password expired before I could register.

Would you please kindly resend the registration password?  I will upload the interrogatory answers and responsive documents this afternoon.

Thank you.

Quynh Bain
202-910-8553

Get Outlook for iOS

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Quynh Bain
Wed, Nov 19, 2025, 5:41 PM
Bain v. USDOJ, 21-civ-1751 (D.D.C.)-Plaintiff's Answers to Defendants'

Good afternoon:

Attached are my answers to the Department's interrogatories.  I will send you the password in the next email and the referenced documents by FedEx.

Thank you.

Quynh Vu Bain
202-910-8553

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Wed, Nov 19, 2025, 5:42 PM

Password for Plaintiff's Answers to Defendants' Interrogatories served on 11 19 2025 is:



Get Outlook for iOS

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Quynh Bain
Sun, Nov 23, 2025, 6:48 PM
Bain v. USDOJ, 21-cv-1751, Plaintiff's Answers to Defendants' Interrogatories - 11 23 2025 pw compressed.pdf

Good afternoon:

Thank you for sending a new USAfx account log-in.  I was able to log in yesterday and

documents.

documents.   Therefore, I will have to send you the referenced documents by FedEX.

Please confirm that your mailing address is:

**Saifuddin Kalolwala**
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
U.S. Department of Justice
601 D Street, NW, Washington, D.C. 20530
(202) 870-4206 (cell)

In the meantime, attached please find my amended Interrogatory Answers.  The amended version corrects typos and clarifies a few unclear statements but otherwise makes no changes to the substance.  Please use the same password.

Thank you.

Quynh Vu Bain
(202) 910-8553

Get Outlook for iOS

---

Quynh Bain
Kalolwala, Saifuddin (USADC)
Georgiev-Remmel, Dimitar (USADC)
Pfaffenroth, Peter (USADC)
Quynh Bain
Thu, Dec 4, 2025, 10:43 AM

Good morning:

Would you please respond to my email and let me know a good time when we can talk either this afternoon or tomorrow?

The close of discovery is this Sunday.

I would like to know whether you intend to produce the information I requested, or whether a motion to compel or a sanctions motion is necessary.

I would like to know what your intentions regarding this case are.

Finally, I would like to make arrangements to deliver CDs containing the records you requested.

Thank you.

Quynh Bain
202-910-8553

---

Georgiev-Remmel, Dimitar (USADC)
Quynh Bain                                        , Kalolwala, Saifuddin (USADC)

Thu, Dec 4, 2025, 11:20 AM
Exec. Order 25-59_001.pdf

Ms. Bain,

Our discovery responses are currently due December 16, 2025. That deadline was extended by the Chief Judge's order related to the lapse of appropriations. See attached. We will be in touch separately about those responses.

Obviously, an extension of the discovery period is warranted. We propose to extend the discovery period to March 31, 2026. This would also allow you to respond to our discovery requests, which is now over a month late without you seeking our consent to extend. We are working with our IT department to troubleshoot your difficulty in accessing USAfx and prefer to use that system rather than physical delivery. Please, let us know your position on the Department's proposed extension deadline.

We will forward to the Department any settlement proposal you might have, but I note that the Department has rejected the several proposals you sent in the past few months and has not made a counterproposal.

From:   Quynh Bain
To:     Georgiev-Remmel, Dimitar (USADC)
        Kalolwala, Saifuddin (USADC)
        Pfaffenroth, Peter (USADC)
Bcc:    Quynh Bain
Date:   Thu, Dec 4, 2025, 12:14 PM
        Bain v. USDOJ – Plaintiff's Supplemental Responses to Defendants' Discovery
        Requests 12 03 2025.pdf

Mr. Georgiev-Remmel:

Attached is my supplemental responses to your discovery requests.  This concludes my obligation to respond to your discovery requests.

As of today, I have produced all of the information you requested.  I will send you by FedEx the 11 CDs that contain the information you requested.  The delivery will request your signature, and you can accept or reject the delivery.  I cannot wait for your IT department to fix the USAfx system which has not been operational since early November.

Contrary to your assertion, and as this email chain demonstrates, you failed to respond to my inquiries about how best to get the information you requested to you, forcing me to produce it in part by email on November 19 and again on November 23, 2025.  I also note that much of the information that I am producing is information that was in the agency's exclusive custody, possession, and control.  Given the agency's unreasonable refusal to provide the information when I first requested it back in 2019 and over the past five years of litigation, I will not agree to an extension of time for you to submit your late discovery responses, which were due more than a month ago.

Please advise whether you will oppose a motion for sanctions under Rule 37.

Thank you.

Quynh Bain
(202) 910-8553

Get Outlook for iOS

---

Georgiev-Remmel, Dimitar (USADC)
Quynh Bain                                          , Kalolwala, Saifuddin (USADC)

Thu, Dec 4, 2025, 3:56 PM

Ms. Bain,

You have not provided a valid basis for a Rule 37. The government would oppose such motion.

We disagree with your factual assertions below. We do not consider your discovery responses completed (the least because you have not produced any documents and have not provided a privilege log even though you claim privilege in your written responses).

We will move to extend the discovery deadline and will note your opposition.

Thank you,
Dimitar

---

Quynh Bain
Georgiev-Remmel, Dimitar (USADC)
Kalolwala, Saifuddin (USADC)                                          ,
(USADC)                                          , Pfaffenroth, Peter

Thu, Dec 4, 2025, 4:04 PM

Mr. Georgiev-Remmel:

I sent by FedEx to your attention the 11 CDs this afternoon even though you have refused to accept delivery of the CDs.

Please note that in your motion.

Thank you.

Quynh Bain

Quynh Bain

Georgiev-Remmel, Dimitar (USADC)

Kalolwala, Saifuddin (USADC)                                    , Pfaffenroth, Peter (USADC)

Quynh Bain

Fri, Dec 5, 2025, 1:36 PM

☐    IMG_0017.jpeg

        IMG_0015.jpeg

Good afternoon, Mr. Georgiev-Rommel:

Would you please confirm that you have received the 11 CDs that FedEx delivered to your office at noon today?  Attached are photos of the delivery mailing label and the 11 CDs.

If you would like to discuss privileges, I am available all of next week.

Thank you.

Quynh Bain
202-910-8553

---

Kalolwala, Saifuddin (USADC)

Quynh Bain

Georgiev-Remmel, Dimitar (USADC)

Fri, Dec 5, 2025, 2:18 PM

Our mail is first processed downstairs before being distributed to the respective AUSAs. I expect to have it in hand by Monday and will email you to confirm once received.

---

21 Emails

# ATTACHMENT B

*Bain v. USDOJ*, Case No. 21-cv-1751 (D.D.C.) (RDM)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**NOV 1 3 2025**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN RE: EXTENSION OF DEADLINES IN
CIVIL MATTERS INVOLVING THE
UNITED STATES FOLLOWING
RESTORATION OF APPROPRIATIONS

Standing Order No. 25-59 (JEB)

Chief Judge James E. Boasberg

## ORDER

Funding for various Executive Branch agencies, including the Department of Justice, lapsed at the end of the day on September 30, 2025. Because this Court has a significant volume of civil matters involving the United States, its agencies, and its officers and employees in which the U.S. Attorney's Office for the District of Columbia and other Department of Justice litigating components represent those party litigants, this Court stayed and extended (as a default rule and subject to certain exceptions) all filing and discovery deadlines imposed upon the United States, any of its federal agencies, or any of its officers or employees by the number of days equal to the length (in days) of the lapse of appropriations plus ten days. See Standing Order No. 25-55, In Re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations, October 1, 2025 (JEB).

The U.S. Attorney's Office for the District of Columbia has informed the Chief Judge that appropriations were restored to the Department of Justice effective November 12, 2025. To ensure a common understanding of the extension provided by Paragraph 1 of Standing Order No. 25-55 and to ensure an orderly recommencement of civil litigation pending against the United States in this district in the period immediately following the lapse in appropriations, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), it is hereby **ORDERED**:

1.     All filing and discovery deadlines covered by Paragraph 1 of Standing Order No. 25-55 that were set to occur during the now-concluded lapse in appropriations — *i.e.*, those

falling in the period between October 1, 2025, and November 12, 2025, inclusive — are extended by 53 days (*i.e.*, the length of the lapse in appropriations (43 calendar days) plus ten days) from the date of the original deadline absent a case-specific order establishing a different deadline. By way of illustration, a government filing initially due on October 10, 2025, but extended by Paragraph 1 of Standing Order No. 25-55, is now due on December 2, 2025.

2.    In all civil actions and civil miscellaneous matters pending in the U.S. District Court for the District of Columbia, all filing and discovery deadlines imposed upon the United States, any of its federal agencies, or any of its officers or employees falling on a date between, and including, November 13 and 28, 2025 (*i.e.*, the-ten-business-day period following the conclusion of the lapse in appropriations), shall be extended by ten business days absent a case-specific order establishing a different deadline.

3.    For purposes of this Order and Paragraph 1 of Standing Order No. 25-55, a deadline imposed jointly on a governmental and opposing party shall be construed to be a deadline imposed on the United States.

Dated: November 13, 2025

JAMES E. BOASBERG
Chief Judge

**ATTACHMENT C**

*Bain v. USDOJ*, Case No. 21-cv-1751 (D.D.C.) (RDM)



Tracking ID: <u>886747479617</u> 

 Delivered

Friday, 12/5/25 at 10:44 AM

Signed for by: T.Irons

→ **View more details**

↓ **Obtain proof of delivery**

**Report missing package**

**From**

WASHINGTON,DC US

**To**

WASHINGTON, DC US

