UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 21-1751 (RDM) |

**MOTION FOR EXTENSION OF TIME TO EXTEND DISCOVERY**

Defendants, through undersigned counsel, respectfully move this Court for a modest extension of the current discovery deadline, presently set to close on February 26, 2026. This is Defendants' second request to extend the discovery period. *See* Mot. for Extension (ECF No. 123). The parties have conferred pursuant to Local Civil Rule 7(m), and Plaintiff has indicated her intent to oppose this request. Notwithstanding, there is good cause for the Court to grant the requested relief here. In support, Defendants state as follows:

1. The extension is requested in good faith and not for the purpose of delay. *See generally* Fed. R. Civ. P. 6(b)(1) ("A schedule may be modified only for good cause and with the judge's consent.").

2. On January 14, 2026, undersigned counsel informed Plaintiff via email of the government's intent to file a motion for protective order and requested her consent. Counsel further advised Plaintiff that the responsive documents were prepared and ready for production and would be produced promptly upon entry of a protective order. On February 5, 2026, Plaintiff indicated that she objected to the proposed protective order.

3.   Absent entry of a protective order, Defendants could not complete production of the relevant materials. The protective order is necessary to safeguard sensitive information and ensure appropriate handling of the documents at issue. Thus, completion of Defendants' production—and related discovery—has been contingent upon resolution of the protective order.

4.   Undersigned Counsel's professional obligations in unrelated matters constrained the timing of the filing for a protective order. For instance, undersigned counsel had scheduled work-related travel from January 26 through January 30, 2026. From February 2 through February 13, undersigned counsel participated in scheduled depositions in another matter. Further, from February 17 through February 19, 2026, undersigned counsel was in trial in another matter.

5.   Undersigned filed the Motion for Protective Order on February 24, 2026, at the earliest practicable time following these commitments.

6.   Although Plaintiff has stated her intent to oppose this motion, she will suffer no prejudice from the requested extension. Rather, the requested extension will promote judicial economy, reduce the likelihood of discovery-related disputes, and ensure a complete and orderly record for summary judgment or trial.

   a.   First, the requested extension will allow the Court time to resolve the pending Motion for Protective Order. Following a decision, Defendants will promptly produce the responsive documents.

   b.   Second, Plaintiff will then have a fair opportunity to review the production and determine whether additional written discovery or depositions are necessary. Without an extension, the parties risk incomplete discovery, duplicative disputes, or the need for post-deadline motions practice.

c. Third, Defendants have not yet received Plaintiff's discovery relating to her alleged damages. The current schedule does not allow sufficient time for Defendants to review and, if necessary, test those claims through appropriate follow-up discovery.

7. Defendants respectfully acknowledge that this motion is filed on the final day of discovery and apologize to the Court for its timing, particularly in light of the Court's Standing Order. The timing of this motion was not intended to inconvenience the Court or disrupt the orderly progression of the case. Undersigned counsel does not suggest that he lacks appreciation for the important role that such scheduling deadlines play in the Court's management of the cases over which it presides. Rather, as elaborated above, the circumstances relating to the pending protective order and undersigned counsel's other professional obligations compressed the timeframe for filing this request. Defendants acted in good faith and as promptly as practicable under the circumstances. Defendants regret any inconvenience caused by the timing of this motion and appreciate the Court's consideration.

For the foregoing reasons, Defendants respectfully request the Court extend the discovery deadline to Monday April 27, 2026. Defendants also propose that the Court vacate the post-discovery status conference currently scheduled for March 26, 2026 (*see* Dec. 9, 2025, Min. Order (ECF No. 124)), to a date and time that is convenient for the Court following the close of discovery. A proposed order is attached.

Respectfully submitted,

Dated: February 26, 2026  
Washington, D.C.

JEANINE FERRIS PIRRO  
United States Attorney

By:   */s/ Saifuddin K. Kalolwala*  
SAIFUDDIN K. KALOLWALA  
Assistant United States Attorney  
601 D Street, N.W.  
Washington, D.C. 20530

- 4 -

Telephone: (202) 252-2550
Saifuddin.Kalolwala@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>  Defendants. | Civil Action No. 21-1751 (RDM) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion and the entire record herein, it is hereby

ORDERED that Defendants' motion is **GRANTED**;

ORDERED that the discovery deadline in the above-captioned case shall be extended to April 27, 2026; and it is further,

ORDERED that the post-discovery status conference scheduled for March 25, 2026, shall be VACATED and rescheduled by the Court.

SO ORDERED:

_____           _____
Dated                                                             RANDOLPH D. MOSS
                                                                          United States District Judge