UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUYNH VU BAIN,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICE OF THE ATTORNEY GENERAL, *et al.*,<br><br>  Defendants. | Civil Action No. 21-1751 (RDM) |

**DEFENDANTS' CONSOLIDATED REPLY IN FURTHER SUPPORT OF THEIR MOTIONS FOR A PROTECTIVE ORDER AND TO EXTEND DISCOVERY**

Defendants respectfully submit this reply in further support of their Motion for a Protective Order (ECF No. 125) and Motion for Extension of the Discovery Deadline (ECF No. 126). Plaintiff's opposition ("Pl.'s Opp'n.," ECF No. 128) does not undermine the relief requested. Instead, it largely consists of a lengthy recitation of grievances and procedural history unrelated to the narrow discovery issues presently before the Court. To the extent Plaintiff addresses the motions at all, she effectively concedes that a protective order is warranted and offers only speculative concerns regarding its implementation. Likewise, her objections to a modest extension of the discovery deadline rely on generalized assertions of delay rather than any concrete prejudice. For these reasons, and those set forth below, the Court should grant Defendants' motions.

**I.     Plaintiff's Opposition Does Not Meaningfully Address the Issues Before the Court**

Before addressing the limited issues relevant to the pending motions, Defendants briefly address several ancillary matters raised in Plaintiff's opposition. Much of Plaintiff's response consists of a lengthy recitation of grievances, procedural history, and arguments that have no bearing on the motions before the Court.

First, Plaintiff asserts that the proposed protective order would conflict with a November 2024 ruling in a separate proceeding before the Merit Systems Protection Board ("MSPB"). That contention is incorrect. Plaintiff's MSPB matter was a separate administrative proceeding, independent of this action. The issues before this Court concern discovery conducted under the Federal Rules of Civil Procedure in this case—not the scope of disclosure in a dismissed administrative matter. Because Plaintiff has requested documents in this proceeding that warrant a protective order (*see* ECF No. 125), Defendant cannot produce such documents in the absence of an agreement between the parties as to how that information will be treated. Plaintiff's unsupported belief that a protective order in this case would somehow interfere with a ruling from two years ago in an administrative tribunal is meritless.

Second, to the extent Plaintiff attempts to litigate the merits of her claims or revisit unrelated disputes through these non-dispositive motions, such arguments are improper and should be disregarded. Defendants therefore address only those arguments that bear on the relief presently before the Court.

## II.     Plaintiff Concedes That a Protective Order Is Appropriate

Notably, Plaintiff acknowledges that a protective order is warranted. Pl.'s Opp'n. (ECF No. 128) at 1. Her opposition therefore does not challenge the fundamental basis for Defendants' motion. Instead, Plaintiff primarily advances four basic arguments.

Plaintiff contends that the proposed protective order is "vaguely worded and open-ended," and lacks an "enforcement mechanism." Pl.'s Opp'n. at 15. Next, Plaintiff contends that the protective order "holds the potential" to violate this Court's prior orders. *Id*. Then, Plaintiff contends that Defendants' interest in protecting privacy is undermined because some of the information was released by this Court into the public domain. *Id*. at 17. Last, Plaintiff speculates that Defendants could "conceivably invoke" the protective order in a manner that would interfere

with her ability to represent herself in other independent proceedings. *Id*. at 18. As explained below, none of Plaintiff's arguments provides a basis to deny entry of the proposed protective order.

First, protective orders of this nature are routine in federal litigation and serve the important function of ensuring that discovery materials—particularly those containing sensitive information—are used in a manner consistent with the Federal Rules. This Court has consistently entered the government's standard protective order. *See, e.g.*, *Kincaid v. Garland*, Civ. A No. 17-941 (RDM) (D.D.C), ECF No. 60; *see also Ocetnik v. Haaland*, Civ. A. No. 24-2845 (APM) (D.D.C.), ECF No. 24 at 6-7; *Masseur v. Postal Serv.*, Civ. A. No. 23-2129 (RCL/GMH) (D.D.C.), ECF No. 35; *Johnson v. Ctrs. for Medicare & Medicaid Servs.*, Civ. A. No. 23-2263 (LLA) (D.D.C.), ECF No. 32; *Wang v. United States*, Civ. A. No. 24-3024 (JMC) (D.D.C.), ECF No. 14. As indicated, the materials at issue here include Office of Professional Responsibility ("OPR") investigative files and other sensitive agency records containing sensitive personnel information; allegations of misconduct, whether substantiated or unsubstantiated; witness statements and internal deliberative communications; identifying information of third parties; and information implicating law enforcement, privacy, and institutional integrity concerns. Def.'s Mot. (ECF No. 125) at 2. Unrestricted dissemination of these types of materials would directly implicate significant privacy interests of agency employees and third parties, as well as recognized governmental confidentiality interests. *Id*.

Additionally, Plaintiff seeks the same OPR investigate records in both this employment discrimination action and an action arising under the Freedom of Information Act ("FOIA"). Absent a protective order, discovery in this case would effectively provide Plaintiff with the records at issue in the FOIA case, thereby securing her the relief she seeks in that case, without

allowing Defendants an opportunity to litigate the applicability of the FOIA exemptions. *See generally, Georgia v. Dep't of Just.*, 148 F.4th 724 (D.C. Cir. 2025).

Second, the proposed order also includes a standard and well-established procedure, *see* Protective Order ¶ 16, through which a party may challenge any confidentiality designation it believes is improper. If Plaintiff disagrees with a designation made by Defendants, she may invoke that procedure and seek the Court's intervention. *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981) ("A district court has broad discretion in its resolution of discovery problems that arise in cases pending before it."). The existence of this mechanism forecloses Plaintiff's speculation that the protective order could be used improperly.

Third, OPR routinely takes steps to protect the identities of complainants and witnesses in its investigations. A protective order ensures that these privacy interests are maintained during discovery, regardless of what Plaintiff or others may choose to disclose publicly. The fact that this Court's prior order included certain names and titles does not waive Defendants' right to protect those individuals' privacy in discovery. As the D.C. Circuit has made clear, disclosure by one federal agency—or inclusion of limited information in a public filing—does not waive another agency's right to assert FOIA or privacy protections. *See Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015); *see also Kimberlin v. Dep't of Just.*, 139 F.3d 944 (D.C. Cir. 1998). Here, any potential waiver issue is properly addressed in FOIA briefing, and a protective order preserves the status quo until that issue is resolved.

Lastly, Plaintiff's own statements highlight the need for a protective order. She expressly acknowledges her intent to use materials produced in this case in other proceedings. That acknowledgment alone confirms that a protective order is appropriate: discovery materials should be used solely for purposes of this litigation unless and until the Court directs otherwise.

### III. An Extension of Discovery Is Warranted

Plaintiff likewise opposes Defendants' request to extend the discovery deadline, asserting that it would "unnecessarily delay" the resolution of this matter. Her opposition rests on generalized assertions rather than any showing of concrete prejudice. Plaintiff, however, overlooks her own role in prolonging this litigation, including requesting multiple extensions, a years-long stay to pursue her administrative action, and amending her complaint several times. While Plaintiff is certainly entitled to pursue extensions, a stay, and multiple amended complaints, Plaintiff's attempt to frame Defendants as solely responsible for any delay in resolving this matter is inaccurate.

Here, the requested extension is limited and designed to facilitate the completion of discovery—not to delay the proceedings. *See generally* Fed. R. Civ. P. 6(b)(1) ("A schedule may be modified only for good cause and with the judge's consent."). While neither side has been perfect in managing discovery, Plaintiff cannot shift responsibility for delay onto Defendants. According to Plaintiff, she completed discovery on December 4, 2025. Yet Defendants served interrogatories and requests for production on September 26, 2025, with a response deadline of October 26, 2025. Plaintiff's failure to provide complete information impeded Defendants' ability to review responses, identify missing records, pursue discovery from third parties (*e.g.*, Plaintiff's treating physician), schedule depositions, including Plaintiff's own deposition, and otherwise prepare a full defense. In addition, while regrettable, the lapse in appropriations to the Department that occurred between October 1, 2025 and November 13, 2025, as well as the corresponding backlog of cases since resuming operations further impacted proceedings.

### IV. Plaintiff's Request for Sanctions Is Unsupported

Finally, Plaintiff cavalierly requests that the Court impose sanctions on Defendants. Pl.'s Opp'n. at 19. However, Plaintiff identifies no conduct that would justify such relief under the

Federal Rules or this Court's authority.  "[J]udges enjoy wide discretion in managing the discovery process." *3E Mobile, LLC v. Global Cellular, Inc.*, 222 F. Supp. 3d 50, 53 (D.D.C. 2016) (cleaned up).  "When this discovery process is abused, courts are permitted under Federal Rule of Civil Procedure 37 to award sanctions."  *Smith v. Ergo Sols., LLC*, Civ. A. No. 14-0382, 2018 WL 5810836, at *3 (D.D.C. Nov. 6, 2018).  "The central requirement of a Rule 37 sanction is that it be just." *Arias v. Dyncorp Aero. Operations, LLC*, 677 F. Supp. 2d 330, 332 (D.D.C. 2010) (citing *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808, 320 U.S. App. D.C. 138 (D.C. Cir. 1996)).

Defendants have acted in good faith at every stage, including seeking a protective order and a reasonable extension of the discovery deadline—both routine procedural requests.  Plaintiff's disagreement with those requests or her frustration with the pace of this litigation does not constitute sanctionable conduct.  *See Parsi v. Daioleslam*, 778 F.3d 116, 127, (D.C. Cir. 2015) (stating a party's actions are "substantially justified" when "there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'").

For these reasons, Defendants respectfully request that the Court enter the proposed Protective Order.

\* \* \*

Respectfully submitted,

March 9, 2026  JEANINE FERRIS PIRRO
Washington, DC  United States Attorney


By: */s/ Saifuddin Kalolwala*
    SAIFUDDIN K. KALOLWALA
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202)252-2550
    Saifuddin.Kalolwala@usdoj.gov

*Attorneys for the United States of America*