**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| QUYNH VU BAIN, |
| |
| **Plaintiff,** |
| |
| v. |
| |
| U.S. DEPARTMENT OF JUSTICE, et al. |
| |
| **Defendants.** |

Case No. 21-cv-1751 (RDM)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
A THIRD EXTENSION OF TIME TO COMPLETE DISCOVERY**

On May 5, 2026, Defendants moved this Court for a third extension of time to complete discovery. For the reasons stated herein, Plaintiff opposes the untimely motion and respectfully requests that the Court deny it.

1.      In this six-year-old case, Plaintiff seeks legal and equitable remedies for the wrongful termination of her employment on September 17, 2020.

2.      Pursuant to this Court's August 6, 2025 Order, discovery commenced on September 7, 2025.

3.      Since discovery began eight months ago, Defendants have sought and this Court has granted two extensions of time for Defendants to complete discovery. With the second extension, discovery will close on May 11, 2026.

4.      Despite receiving the two lengthy extensions of time, Defendants still have not produced any documents in response to Plaintiff's requests for production of documents. They also have produced incomplete interrogatory answers.

5.      On April 29, 2026, counsel for Defendants notified Plaintiff that he would like to take her deposition on May 7, 2026, by videoconference.  Counsel sent Plaintiff a deposition notice.  *See* Attachment.

6.      On May 5, 2026, after scheduling the videoconference deposition, counsel for Defendants requested that Plaintiff agree to a two-week extension of time so counsel could conduct the deposition in person when he returns to the office.

7.      When Plaintiff declined the two-week extension, counsel indicated that the videoconference deposition will proceed on May 7, 2026, as scheduled.

8.      A short time later, however, counsel filed with this Court a motion seeking a third extension of the discovery period by eleven days, from May 11, 2026 to and including May 22, 2026.  In the motion, counsel asserts that the additional two weeks are needed to conduct a deposition of Plaintiff.  The motion states that counsel prefers to conduct Plaintiff's deposition in person, but due to his absence from the office, he is unable to conduct an in-person deposition before discovery closes on May 11, 2026.  The motion, however, fails to mention that counsel has already scheduled and noticed a videoconference deposition for tomorrow, May 7, 2026.

9.      For the following reasons, Plaintiff opposes the third extension request.

10.     First, counsel has not shown good cause to delay a deposition that he himself scheduled and noticed.  If he prefers an in-person over a videoconference deposition, he should have scheduled an in-person deposition.  This is a conflict of his own making, because he waited until the week before discovery closes to schedule a deposition.

11.     Second, Plaintiff is available for an in-person deposition at the United States Attorney's Office in Washington, DC on May 7, 2026, regardless of where defense counsel is

located on that date. There are co-counsel or other Assistant U.S. Attorneys who could substitute for Mr. Kalolwala if he is not able to attend in person.

12.     Third, Plaintiff is willing to provide written answers to counsel's deposition questions if he provides them to her before discovery closes on May 11, 2026.  This would obviate the need to conduct a video or in-person deposition.

13.     Fourth, the deposition service provider will likely need two weeks to produce a transcript.  Plaintiff will need two weeks to review the transcript and make corrections.  An extension of two weeks for Defendants to take an in-person deposition would mean deferring the close of discovery by six weeks.

14.     Fifth, a further delay in the completion of discovery will substantially prejudice Plaintiff.  Despite receiving two generous extensions of time from this Court, Defendants have repeatedly failed to respond to Plaintiff's discovery requests, which were served on Defendants on September 24, 2025.  As of today – five days before the close of discovery, Defendants still have not responded fully to Plaintiff's interrogatories.  Defendants have produced no documents in response to her requests for production.  These failures have greatly impeded Plaintiff's ability to conduct discovery.

15.     Finally, Plaintiff is unable to obtain new employment or to respond to her state bar inquiries while this matter is pending.  It is important that she be able to find new employment as soon as possible.  Even if she could retire now, the pension that she would receive for her 29 years of dedicated civil service would be insufficient to cover her living expenses.  A further extension of the discovery period will only further delay the resolution of this case and further exacerbate her economic injuries.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants'

request to extend the discovery period a third time.

Date:   May 6, 2026

Respectfully submitted,

_____
Quynh Vu Bain
*Pro Se* Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUYNH VU BAIN,** | |
| **Plaintiff,** | **Case No. 21-cv-1751 (RDM)** |
| **v.** | |
| **U.S. DEPARTMENT OF JUSTICE, et al.** | |
| **Defendants.** | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Opposition to Defendants' Motion to Extend the Discovery Period a third time, the Court hereby denies the motion.

Date:   May \_\_\_, 2026

_____
Honorable Randolph Moss
United States District Judge