UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN,<br><br>     Plaintiff,<br><br>       v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>     Defendants. | Civil Action No. 21-1751 (RDM) |

**DEFENDANTS' NOTICE OF INTENT TO FILE
MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's Standing Order (ECF No. 5) § (10)(a), Defendants, the Office of the Attorney General, Office of the Deputy Attorney General, Office of Professional Responsibility, Executive Office for Immigration Review, and Office of Information Policy (collectively, the "Department" or "Defendants"), through the undersigned counsel, respectfully submit this Notice of Intent to File a Motion for Summary Judgment in the above-captioned matter.

**I.     Factual and procedural background**

The procedural history of Bain's claims is lengthy and complex. For purposes of this Notice, Defendants provide only the facts necessary to the issues presented.

Plaintiff Quynh Vu Bain was a career employee of the United States Department of Justice. Am. Compl. (ECF No. 16) ¶ 2. Most recently, Plaintiff served as an Immigration Judge within the Department's Executive Office of Immigration Review ("EOIR") from 2008 until her removal on September 17, 2020. *Id.* Prior to her appointment as an Immigration Judge, Plaintiff held various positions within the Department during her tenure. *See id.*

Long before her removal, Plaintiff initiated numerous proceedings challenging various employment actions. *See* Mem. Op. (ECF No. 56) at 5-6. On October 2015, Plaintiff filed an informal EEO complaint, alleging discrimination, reprisal for prior Equal Employment Opportunity ("EEO") activity, and hostile work environment. *Id*. Plaintiff subsequently filed a formal EEO complaint on December 10, 2015, which she later amended on multiple occasions, adding new claims to those already pending administrative review. *Id*. Plaintiff's administrative complaints experienced delay to several unforeseen circumstances, some outside the parties' control—including the multiple amendments and the Merit Systems Protection Board ("MSPB") operating without a quorum for an extended period—which affected the pace of her administrative proceedings. Am. Compl. ¶¶ 29-34.

Ultimately, on October 26, 2020, the Equal Employment Opportunity Commission ("Commission") granted EOIR's motion for summary judgment with respect to all claims Plaintiff had asserted in her October 2015 informal complaint, her December 2015 formal complaint, and all subsequent amendments. *Id*. ¶ 22.

In 2017, multiple members of the immigration bar who appeared before Plaintiff filed complaints, alleging she had mishandled certain hearings in which they participated, including verbal abuse of counsel and the manifestation of bias. *Id*. ¶ 61-65. Shortly thereafter, those attorneys filed a second complaint. *Id*. ¶ 71. In response, on August 3, 2017, EOIR referred Plaintiff to the Department's Office of Professional Responsibility ("OPR") for a comprehensive investigation of her conduct. *Id*. ¶¶ 73-74. The investigation spanned two years. *Id*. OPR released its Report of Investigation (the "Report") in September 2019, finding that: (1) Plaintiff had engaged in conduct unbecoming of a federal judge; and (2) exhibited a lack of candor in her dealings with OPR. Id. ¶¶ 95, 97. Thereafter, Plaintiff was placed on administrative leave pending

the Department's review and disposition.  *Id*.  After consideration, deciding officials within the Office of the Deputy Attorney General recommended that Plaintiff's employment be terminated. Former Attorney General William Barr concurred in that recommendation.  *Id*.  105-06. Accordingly, Plaintiff was removed from federal service on September 17, 2020.  *Id*.

Plaintiff filed the instant action on June 22, 2021, against various components of the Department.  On September 27, 2021, Plaintiff filed an Amended Complaint (ECF No. 16), which remains the operative pleading.  Plaintiff asserts claims of discrimination based on various protected characteristics, retaliation, and hostile work environment, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b) ("WPA"). Plaintiff also asserts a claim under the Privacy Act.  Each count embeds a host of discrete allegations implicating distinct legal theories, time periods, and factual circumstances—that is, thirty-nine allegedly discriminatory acts.  On December 23, 2022, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss.  *See* Order and Mem. Op. (ECF Nos. 56-57).  The claims that remain are Plaintiff's FOIA[1] and Privacy Act access claims, her Privacy Act Release of information claim, her WPA claim, and the discrimination and/or retaliation claims, limited to specified acts.  *Id*. at 59-60.

---

[1]    The Government recognizes that Plaintiff's FOIA claim remains. However, the Government's position is that briefing on the FOIA issue is premature at this time. Certain records were withheld pursuant to FOIA Exemptions 5 and 6, and the Agency is currently reevaluating those exemptions to determine whether any additional documents may be released.

II.     **Basis for Summary Judgment**

Summary judgment is warranted if "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This occurs when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The record developed in this case demonstrates that Defendants are entitled to summary judgment on Plaintiff's claims for multiple, independent reasons.

A.     **Discrimination and Retaliation Claims**

The record establishes that all adverse employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons, and Plaintiff cannot demonstrate that those reasons were pretextual.

"Under Title VII . . . and the Rehabilitation Act, the two essential elements of a discrimination claim are that" (1) "the plaintiff suffered an adverse employment action" (2) "because of the plaintiff's race, color, religion, sex, national origin, [ ] or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). The elements of a retaliation claim, meanwhile, are that (1) "an employee engaged in statutorily protected activity;" (2) "the employee suffered a materially adverse action by the employee's employer;" and (3) "a causal link connects the two." *Howard R.L. Cook & Tommy Shaw Found. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013).

Absent direct evidence of discrimination, Title VII cases—as well as Rehabilitation Act cases—are evaluated under the burden shifting analysis adopted in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, after the employee establishes a prima facie case of discrimination, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its action; if it does so, the burden shifts back to the employee who must prove that the

reason stated was mere pretext and that he suffered intentional discrimination. *McDonnell Douglas*, 411 U.S. at 802–04; *Figueroa v. Pompeo*, 923 F.3d 1078, 1086 (D.C. Cir. 2019). Here, the Department will argue the record establishes all adverse employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons. For example, Plaintiff's performance ratings, which overall credited her with satisfactory performance, noted her professionalism needed improvement. This followed multiple complaints filed against her, in which she was accused of, in pertinent part, verbal abuse or lack of professionalism. Plaintiffs' removal from federal service followed a two-year OPR investigation, which concluded that: (1) Plaintiff had engaged in conduct unbecoming of a federal judge; and (2) exhibited a lack of candor in her dealings with OPR. Plaintiff cannot, however, demonstrate—because the evidence simply does not support—that there reasons were pretextual. At bottom, there is no evidence plausibly connecting Plaintiff's protected classifications to the alleged discrimination. Likewise, Plaintiff cannot establish a causal connection between any alleged prior protected activity and the alleged discrimination at issue.

B.      **Whistleblower Protection.**

The Department will argue that no reasonable person could conclude that Plaintiff's alleged protected disclosure—"expos[ing] EOIR's Constitutionally defective program for resolving immigration judge complaints"—was a contributing factor in her eventual removal. Additionally, temporal proximity does not support causation here either, as the Plaintiff's removal occurred only after a thorough investigation and review process spanning multiple years. This undermines any inference that the action was motivated by Plaintiff's alleged protected activity. Plaintiff was removed from federal service on September 17, 2020.

Furthermore, Plaintiff's WPA claim is premised on her exposing a constitutionally defective program in her response to OPR's letter of inquiry. Plaintiff has produced no evidence

that the relevant decisionmakers at the Office of the Deputy Attorney General, who recommended Plaintiff's termination, and ultimately former Attorney General William Barr, who concurred with that recommendation, were aware of the allegations Plaintiff raised in her response to OPR's letter of inquiry.  Absent evidence of such knowledge, Plaintiff cannot establish the requisite causal connection between the alleged protected activity and the personnel action.

### C.      Privacy Act.

The Department will argue that Plaintiff's Privacy Act claims fail because the Complaint does not plausibly allege facts establishing that the records at issue, *e.g.*, the March 2015 Reprimand Letter, the July 2016 Counseling Letter, and the OPR Report, were objectively inaccurate within the meaning of the Privacy Act, the agency improperly refused to amend those records, or that Plaintiff suffered any cognizable adverse determination as a direct result of any purported inaccuracy.  Plaintiff's allegations do not constitute actionable inaccuracies under the Privacy Act.  Likewise, the Privacy Act's amendment provisions are limited and do not require agencies to alter records merely because an individual disagrees with their contents.  Plaintiff does not allege facts showing that she submitted a proper amendment request.

*      *      *

Defendants will present the court with a fully developed legal and factual record in support of the foregoing grounds in their motion for summary judgment, which they intend to file in accordance with the schedule set by the court.

Dated: May 20, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Saifuddin K. Kalolwala*

- 6 -

SAIFUDDIN K. KALOLWALA
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252.2550
Saifuddin.Kalolwala@usdoj.gov

*Attorneys for the United States of America*