UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| QUYNH VU BAIN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Civil Action No. 21-1751 (RDM) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
STATEMENT OF THE COURT'S JURISDICTION**

Despite how Plaintiff chooses to characterize her filing, it is, at bottom, a motion to amend

the operative complaint to add a new claim. Specifically, Plaintiff now asks this Court—at the

eleventh hour, with discovery closed and the parties on the doorstep of summary judgment—to

assert jurisdiction over a termination claim that was never exhausted administratively and has

never appeared in the operative complaint.[1] Defendants, through undersigned counsel,

respectfully submit this opposition to Plaintiff's Statement of the Court's Jurisdiction ("Pl.'s

Mot.") (ECF No. 138).

---

[1] Plaintiff devotes a substantial portion of her filing to issues that are not relevant to the question presently before the Court—whether Court is precluded from hearing Plaintiff's claim under the Civil Service Reform Act of 1978 ("CSRA"). Defendants do not address those arguments here because they are not relevant. By declining to respond to such matters, however, Defendant does not concede any factual assertion, legal argument, or characterization contained in Plaintiff's filing. Defendant expressly reserves all rights and defenses and, should Plaintiff properly move for leave to amend, reserves the right to submit additional briefing addressing any issued raised by the motion and proposed amendment.

As a threshold matter, Plaintiff failed to comply with the procedural requirements for filing a motion for leave to file a second amended complaint. *See* Fed. R. Civ. P. 7(b), 15(a)(2). As the Court's own Standing Order provides, "[a]ny amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing." Standing Or. (ECF No. 5) at 3. Plaintiff did not submit either a proposed amended complaint or the required redline comparison. Plaintiff filed a complaint on June 22, 2021, which she subsequently amended on September 27, 2021, asserting a litany of claims. In subsequent years, Plaintiff filed several more motions seeking leave to amend her complaint, which were denied by this Court, in part, due to failure to follow the process set forth in the Court's standing order. *See* Mot. for Leave to File Sec. Am. Compl. (ECF Nos. 54, 69). Accordingly, as a threshold matter, her request should be denied.

Even if Plaintiff had properly sought leave to amend—she did not—the Court should deny the request due to Plaintiff's undue delay and because any proposed amendment premised on her CSRA claim would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "futility of amendment" is a permissible justification for denying a Rule 15 motion).

Here, the Court lacks subject-matter jurisdiction on her CRSA claim because she failed to exhaust administrative remedies. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Id.* (citation omitted); *see also Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 558 (D.C. Cir. 2023) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider"). "Congress may preclude district court jurisdiction by establishing an alternative statutory scheme for administrative and judicial review as an *exclusive* system of review." *Id.* at

558 (quotation omitted; emphasis added). Congress need not expressly provide that a statutory scheme is the exclusive avenue for review. Rather, exclusivity may be inferred from the comprehensiveness of the scheme and Congress's intent in enacting it. *See id*. Congress has done precisely that here.

"The [CSRA] establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). It covers a broad range of personnel actions—such as removal from federal service—and supplies a cause of action and remedies when an employee's rights are violated by appealing to the MSPB. *See Grosdidier v. Chairman, Broadcasting Bd. of Govs.*, 560 F.3d 495, 497 (D.C. Cir. 2009). It is both comprehensive and exclusive: "[i]t constitutes *the* remedial regime for federal employment and personnel complaints." *Nyunt v. Chairman, Broadcasting Bd. of Govs.*, 589 F.3d 445, 448 (D.C. Cir. 2009) (emphasis in original); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 10 (2012) ("Congress intended covered agency actions to proceed exclusively through the statutory review scheme, even for employees who bring constitutional challenges to federal statutes."). Under the CSRA, "exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996) (internal citations omitted).

Plaintiff pulls the rug out from under her own contention that she exhausted her administrative remedies by acknowledging that she voluntarily dismissed her MSPB claim. Pl.'s Mot. at 8; *see also Williams v. U.S. Postal Serv.*, Civ. A. No. 08-0892 (TSH), 2010 WL 11538139, at \*3 (S.D. Ohio Sept. 8, 2010) (discussing that withdrawal of a complaint or claims during the administrative process fails to exhaust those claims). Any purported justification offered by Plaintiff concerning quorum issues and the delay in the ultimate disposition of her MSPB appeal is immaterial—she had an obligation to exhaust administrative remedies. *See Runkle v. Gonzales*,

391 F. Supp. 2d 210, 235 (D.D.C. 2005) (holding that although a plaintiff believed that pursuing administrative remedies "to their fullest extent would be futile, he was still required to exhaust that remedy"). She did not.

Because Plaintiff failed to exhaust—indeed, affirmatively abandoned—her MSPB appeal, this Court lacks jurisdiction over her termination claim under the CSRA. Having abandoned her administrative proceedings by her own hand, Plaintiff cannot now claim exhaustion and seek to reap the benefits of a process she chose to abandon. Accordingly, the Court should decline Plaintiff's belated and procedurally improper attempt to inject a new claim into this litigation at its final stage.

Dated:  June 12, 2026          Respectfully submitted,
        Washington, DC

                               JEANINE FERRIS PIRRO
                               United States Attorney


                               By: */s/ Saifuddin K. Kalolwala*
                                   SAIFUDDIN K. KALOLWALA
                                   Assistant United States Attorney
                                   601 D Street, NW
                                   Washington, DC 20530
                                   (202) 252.2550
                                   Saifuddin.Kalolwala@usdoj.gov

                               *Attorneys for the United States of America*

- 4 -