**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUYNH VU BAIN, | |
| **Plaintiff** | Case No. 21-cv-1751 (RDM) |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, et al. | |
| **Defendants** | |

**PLAINTIFF'S REPLY TO DEFENDANTS' STATEMENT OF JURISDICTION**

On June 5, 2026, with the Court's permission, Plaintiff filed a memorandum that explains the statutory and Constitutional bases of the Court's exercise of jurisdiction in this case. *See* May 26, 2026 Minute Order, and ECF No. 138. On June 12, 2026, Defendants responded to Plaintiff's statement by arguing that Plaintiff has waived her statutory right under the Civil Service Reform Act (CSRA) to seek judicial review of the legality of the removal action in this Article III forum. *See* ECF No. 139. Because Defendants' argument rests on a fundamental misunderstanding of the procedural history of this case and the law that governs it, Plaintiff respectfully submits this reply to clarify the reach and scope of the Court's jurisdiction.

On October 19, 2020, Plaintiff timely filed a mixed case appeal with the Merits Systems Protection Board (MSPB), seeking to overturn Defendants' September 17, 2020 decision to terminate her employment in the U.S. Department of Justice. *See* ECF No. 63-4. The notice of appeal asserted that the removal was improper because it violated several provisions of the Civil Service Reform Act, as follows.

(1) Defendants relied on information and documents that they refused to produce to Plaintiff, in violation of 5 U.S.C. §§ 7701(c)(2)(A) and 7701(c)(2)(C);[1]

(2) Defendants failed to prove the charges of conduct unbecoming an immigration judge and lack of candor;

(3) Defendants improperly weighed the mitigating and aggravating factors in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), when selecting the penalty of removal;

(4) The adverse action was taken in violation of federal anti-discrimination statutes;

(5) The removal action was taken in violation of 5 U.S.C. § 2302(b)(8) or else 5 U.S.C. § 2302(b)(9).

*See* ECF No. 63-4 at 14.

As soon as Plaintiff filed the MSPB mixed case appeal, Defendants moved to dismiss it for lack of jurisdiction. ECF No. 63-6 at 14-19. The MSPB granted the dismissal motion and dismissed the MSPB appeal multiple times over the next two years. ECF Nos. 63-6 at 3-13; 63-7, 63-8. In response, Plaintiff filed the instant civil action which invoked the Court's jurisdiction under 5 U.S.C. §§ 7701-7703. *See* ECF No. 16 at ¶ 34. Plaintiff relied on the United States

---

[1] Section 7701(c)(2) of Title 5 provides that the agency's decision "may not be sustained . . . if the employee '(A) shows harmful error in the application of the agency's procedures in arriving at such decision; (B) shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title; or (C) shows that the decision was not in accordance with law.' ").

Section 7703 of Title 5 governs judicial review of the MSPB's decisions. It states the basic rule that "a petition for review of a final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." Section 7702(b)(2) carves out an exception for mixed case appeals, or cases that invoke an anti-discrimination statute listed in Section 7702. Such cases shall be appealed to the federal district courts.

Supreme Court's decisions in *Kloeckner v. Solis*, 568 U.S. 41 (2012), and *Perry v. MSPB*, 137 S. Ct. 1975 (2017), as conferring jurisdiction on the Court to review the removal action.

In *Kloeckner*, the Supreme Court held that when the MSPB dismisses an appeal for procedural reasons, and the plaintiff asserts that the underlying adverse personnel action violates an anti-discrimination statute listed in 5 U.S.C. § 7702(a)(1), the plaintiff may seek judicial review of the adverse action in federal district court, not in the U.S. Court of Appeals for the Federal Circuit. 568 U.S. at 46. As *Kloeckner* explained, the CSRA provision that ordinarily sends MSPB appeals to the Federal Circuit – 5 U.S.C. § 7703(b)(2) – does not apply in mixed case appeals. Instead, Section 7703(b)(2) vests federal district courts with jurisdiction over adverse personnel actions that are appealable to the MSPB as mixed case appeals. *See Kloeckner*, 568 U.S. at 604. Notably, *Kloeckner* further provided that a district court's jurisdiction under Section 7702(a)(2) does not depend on whether the MSPB resolves the mixed case appeal on procedural grounds or on the merits. *Id.* In *Perry*, the Supreme Court again held that when the MSPB dismisses a mixed case appeal for lack of subject matter jurisdiction, without deciding the merits, the plaintiff may appeal the adverse action (her removal) to the federal district court. 137 S. Ct. at 1979.

Previously, the parties relied on the holdings in *Kloeckner* and *Perry* when they stipulated that this Court has jurisdiction to consider the legality of the removal action. *See* ECF Nos. 80, 86. Based on that stipulation, the Court ruled that it has jurisdiction. *See* Minute Orders, dated July 14 and 17, 2023. Around the same time, the MSPB administrative judge assigned to hear Plaintiff's appeal determined that she had concurrent jurisdiction over the mixed case appeal. ECF No. 72-2. But recognizing that this Court may assume jurisdiction over all of Plaintiff's removal-related claims and defenses, the MSPB judge agreed to suspend case processing to allow Plaintiff to pursue her claims and defenses in this Court. *Id.* at 2-3. From that point onward, the parties

3

understood that the the MSPB mixed case appeal and this civil action were parallel proceedings that would be litigated separately.  ECF No. 79.

In August 2024, after this Court granted Plaintiff's motion for a stay of the district court proceeding, she returned to the MSPB to exhaust her administrative remedies under the CSRA.  In the MSPB proceeding which lasted eight months, Plaintiff participated in discovery, attended status conferences with the MSPB judge and agency counsel, filed more than a dozen pleadings, and prepared for an evidentiary hearing that was scheduled to begin on March 17, 2025.

At no point during that eight-month period did Defendants ever contest the MSPB judge's exercise of jurisdiction.  But a few days before the scheduled evidentiary hearing, Defendants resurrected the jurisdictional dispute that they had raised several years earlier.  Defendants asserted that under Article II of the United States Constitution, the MSPB judge was an inferior officer who lacked removal protection and, as such, the judge lacked the authority to adjudicate Plaintiff's mixed case appeal.  ECF No. 127-1 at 24-27.

Plaintiff declined to engage in this jurisdictional debate.  Instead, she accepted Defendants' assertion that under *Davis-Clewis v. Department of Veterans Affairs,* 124 LRP 9083 (MSPB 2024),[2] the MSPB judge lacked the Constitutional authority to adjudicate Plaintiff's mixed case appeal, because the judge herself lacked removal protection.  ECF No. 127-1 at 24.  Plaintiff requested

---

[2] Defendants' jurisdictional memorandum cited *Davis-Clewis* for the unremarkable proposition that the district court – not the MSPB – had jurisdiction to review Plaintiff's mixed case appeal.  In *Davis-Clewis*, a federal employee moved to dismiss her mixed case appeal at the MSPB, arguing that the MSPB judge lacked removal protection under Article II and no longer had the authority to hear the appeal.  The MSPB agreed with Davis-Clewis, dismissed her mixed case appeal, and provided that she may appeal the dismissal to the federal district court.  Plaintiff relied on the *Davis-Clewis* decision in moving for voluntary dismissal at the MSPB.  She understood that a voluntary dismissal of her mixed case appeal would not foreclose judicial review of the removal action in this Court.

that the MSPB judge suspend case processing, so that Plaintiff could return to this Court and complete her appeal in this forum. The MSPB judge, however, declined to suspend case processing. Plaintiff then moved for dismissal without prejudice. The judge also denied that motion. Finally, Plaintiff moved for dismissal with prejudice. Since Defendants did not oppose dismissal, the MSPB judge granted that motion on March 19, 2025.

Defendants now contend that the voluntary dismissal of Plaintiff's mixed case appeal was a failure to exhaust administrative remedies that effectively deprived this Court of jurisdiction to review the removal action. *See* ECF No. 139 at 1-4. This argument should be rejected for the following reasons.

First, because Defendants did not oppose her voluntary dismissal motion at the MSPB, they are foreclosed from asserting it now as a jurisdictional bar. *Cf. Johnson v. Wynne*, 239 F.R.D. 283, 286-87 (D.D.C. 2006) (holding that under Rule 41(a)(2), a federal court must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as the defendant's trial preparation efforts or any excessive delay or lack of diligence by the plaintiff in prosecuting the action). Defendants cannot satisfy the *Johnson v. Wynne* test, because Plaintiff acted in good faith when she moved for voluntary dismissal. She acquiesced in Defendants' contention that under *Davis-Clewis*, the MSPB administrative judge assigned to her appeal no longer had the authority to hear it. *See* note 2. And because Defendants did not oppose her voluntary dismissal motion, they suffered no prejudice from the dismissal of her MSPB appeal.

Second, and more importantly, Defendants are barred from asserting – at this late date – that the Court has no authority to consider Plaintiff's claims and defenses to the removal action. Having stipulated to the Court's exercise of jurisdiction long ago, they are estopped from denying

it.  *See* ECF Nos. 80 & 86.  *See also New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (The purpose of judicial estoppel is to "protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," thereby playing "fast and loose with the courts.").  *See also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 792 (D.C. Cir. 2010) (Judicial estoppel may be invoked where a party takes one stance during a legal proceeding and succeeds, and later, because the party's interests have changed, assumes a contrary position).

Given the length of time that this proceeding has been pending, Plaintiff respectfully requests that the Court continue to exercise jurisdiction to review her statutory and Constitutional claims under applicable provisions of the CSRA and under the federal question statute, 28 U.S.C. § 1331.  If the Court deems it necessary, Plaintiff will file a proposed amendment of her Amended Complaint that asserts a separate cause of action arising under 5 U.S.C. § 7701.

Date:   June 17, 2026                              Respectfully submitted,


_____
Quynh Vu Bain
*Pro Se* Plaintiff
Washington, DC  20003
Quynhbain75@outlook.com
(202) 910-8553

6