**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUYNH VU BAIN,** | |
| **Plaintiff** | **Case No. 21-cv-1751 (RDM)** |
| **v.** | |
| **U.S. DEPARTMENT OF JUSTICE, et al.** | |
| **Defendants** | |

### PLAINTIFF'S CONSENT MOTION FOR EXTENSION OF TIME

Pursuant to LCvR 7(m), Plaintiff respectfully requests an extension of time of 30 days, to and including August 28, 2026, in which to respond to the Court's June 29, 2026 Order to Show Cause. That order directs both parties to show cause

> why Plaintiff's termination-related claims, including any arising under the Civil Service Reform Act, the federal anti-discrimination laws, or the Whistleblower Protection Act, should not be dismissed for lack of jurisdiction due to failure to administratively exhaust. . . . To the extent that Plaintiff seeks leave to amend her operative complaint, Dkt. 16, to add a due process claim related to her termination, she shall also address whether the Court has jurisdiction over that claim, or whether it had to be exhausted through her mixed case appeal before the Board.

Minute Order dated June 29, 2026.

Plaintiff needs a 30-day extension of time to prepare a complete and accurate response to the Court's order. Plaintiff is awaiting the completion of the Office of Professional Responsibility's (OPR's) secondary review of records that Plaintiff requested from OPR in August 2019. During the June 26, 2026 status conference, counsel for Defendants stated that OPR was conducting the secondary review to determine whether additional OPR records may be released to Plaintiff, and that review would be completed in early August 2026. Because the OPR records pertain to

Plaintiff's Constitutional due process claim (which she did exhaust at the MSPB), as well as to her Privacy Act record access and record amendment claims in Count I of the operative complaint, Plaintiff asked that in the next 30 days, defense counsel provide an update concerning the OPR secondary review, any and all additional OPR documents, and an updated Vaughn Index. The Vaughn Index counsel provided in February 2026 referenced only 4,660 pages of OPR records, out of a universe of between 14,500 and 16,225 pages.

On July 27, 2026, counsel for Defendants graciously agreed to an extension of 30 days, provided that Plaintiff agree to extend the due date for counsel's response to October 2, 2026. In addition, counsel indicated that he has reached out to agency counsel for an update concerning the OPR secondary record review. However, counsel declined to provide an update by mid-August or to agree to produce any additional OPR records that OPR determines are not exempt or privileged. Counsel further declined to stipulate to a cut-off date for production of additional OPR documents for the Court's consideration.

Accordingly, subject to the Court's approval, Plaintiff respectfully requests that the Court grant her motion for extension of time and issue the following revised briefing schedule:

Plaintiff's response to the June 30, 2026 Order to Show Cause is due <u>August 28, 2026</u>;

Defendants' response to the same Order to Show Cause is due <u>October 2, 2026</u>;

Plaintiff's reply to Defendants' response is due <u>October 16, 2026</u>.

In addition, to enable Plaintiff to prepare an amended complaint, she respectfully requests that the Court direct Defendants to provide an update concerning the OPR secondary review; and to release any and all additional OPR documents to Plaintiff by August 21, 2026, along with an updated Vaughn Index.

Dated: July 28, 2026

Respectfully submitted,

Quỳnh Vu Bain
*Pro Se* Plaintiff
Washington, DC 20003
Quynhbain75@outlook.com
(202) 910-8553