UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUYNH VU BAIN,

Plaintiff,

v.

OFFICE OF THE ATTORNEY GENERAL,
U.S. DEPARTMENT OF JUSTICE, et al.,

Defendant.

Civil Action No. 21-1751 (RDM)

**ATTORNEY GENERAL'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

## TABLE OF CONTENTS

Table of Contents ........ i

Table of Authorities ........ ii

Background ........ 1

Argument ........ 3

I. Plaintiff Likely Exhausted Her Administrative Remedies........ 3

II. The Court Should Deny Leave to Amend........ 10

Conclusion ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bayer v. Dep't of the Treasury*,
956 F.2d 330 (D.C. Cir. 1992) .................... 5

*Becker v. District of Columbia*,
258 F.R.D. 182 (D.D.C. 2009) .................... 11

*Bell v. Donley*,
724 F. Supp. 2d 1 (D.D.C. 2010) .................... 5

*Cochise Consultancy, Inc. v. United States ex rel Hunt*,
587 U.S. 262 (2019) .................... 7

*Ikossi v. Dep't of Navy*,
516 F.3d 1037 (D.C. Cir. 2008) .................... 4

*Jaminez v. Att'y Gen.*,
146 F.4th 972 (11th Cir. 2025) .................... 11

*John Doe, Inc. v. DEA,*
484 F.3d 561 (D.C. Cir. 2007) .................... 10

*Jones v. Ogletree, Deakins, Nash, Smoak & Stewart P.C.*,
Civ. A. No. 23-3488 (RDM), 2025 WL 958196 (D.D.C., 2025) .................... 12

*Jones v. Dep't of Just.*,
No. 155246, 2017 WL 3895064 (D.C. Cir. July 14, 2017) .................... 4, 10

*Lawson v. Sessions*,
271 F. Supp. 3d 119 (D.D.C. 2017) .................... 1

*Lucia v. SEC*,
138 S. Ct. 2044 (2018) .................... 6

*Lykins v. Rose*,
608 F. Supp. 693 (D.D.C. 1984) .................... 12

*Morris v. Jackson*,
842 F. Supp. 2d 171 (D.D.C. 2012) .................... 10

*Morris v. McCarthy*,
825 F.3d 658 (D.C. Cir. 2016) .................... passim

*Murphy v. Vilsack*,
609 F.3d 460 (D.C. Cir. 2010) .......... 10

*Rumsfeld v. Padilla*,
542 U.S. 426 (2004) .......... 7

*Spence v. Dep't of Veterans Aff.*,
109 F.4th 531 (D.C. Cir. 2024) .......... 12

*Telecomms. Research & Action Ctr. v. FCC*,
750 F.2d 70 (D.C. Cir. 1984) .......... 10

*Townsend v. United States*,
236 F. Supp. 3d 280 (D.D.C. 2017) .......... 7

*Weaver v. United States Info. Agency*,
87 F.3d 1429 (D.C. Cir. 1996) .......... 5

*Williams v. Munoz*,
106 F. Supp. 2d 40 (D.D.C. 2000) .......... 4, 5

*Wilson v. Dep't of Transp.*,
759 F. Supp. 2d 55 (D.D.C. 2011) .......... 1, 2, 3

**Statutes**

5 U.S.C. 7702(e)(1)(B) .......... 4, 5, 7

5 U.S.C. § 7702 .......... 7

5 U.S.C. § 7702(a) .......... 4, 7

42 U.S.C. § 2000e-16 .......... 4

**Regulations**

5 C.F.R. § 1201.29(c) .......... 6

5 C.F.R. § 1201.41(b) .......... 4

29 C.F.R. § 1614.302(a)(1) .......... 4

29 C.F.R. § 1614.302(a)(2) .......... 4

29 C.F.R. § 1614.302(b) .......... 4, 5

29 C.F.R. § 1614.310(h) .......... 5

Todd Blanche, in his official capacity as Attorney General of the United States (the Attorney General"),[1] respectfully submits this response to the Court's Order to Show cause why Plaintiff Quynh Bain's "termination-related claims, including any arising under the Civil Service Reform Act, the federal anti-discrimination laws, or the Whistleblower Protection Act, should not be dismissed for lack of jurisdiction due to failure to administratively exhaust." Min. Order (Jun. 29, 2026). As explained further below, the Court likely has jurisdiction over Bain's MSPB claims but nonetheless should reject Bain's request to amend the complaint at this very late stage of the litigation.

## BACKGROUND

The Court is familiar with the facts and circumstances of this case. Mem. Op. & Order (ECF No. 56) at 2-17.

As relevant here, this case arises from Bain's employment at the Department's Executive Office for Immigration Review ("EOIR") as an immigration judge from approximately 2008 until her termination in September 2020. *Id.* at 3. Bain brings allegations that she was discriminated and retaliated against in a series of alleged employment actions, including (i) the denial of a request for a permanent reassignment to a non-videoconferencing docket, (ii) being reprimanded for rude and disrespectful email communications, (iii) improper treatment by different supervisors while

---

[1] The operative Amended Complaint names as defendants five Department components: the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of Professional Responsibility, and the Executive Office for Immigration Review, and the Office of Information Policy. Am. Compl. (ECF No. 16) at 1. For purposes of Bain's Title VII claims, "the only proper defendant in suits brought under [Title VII] is the head of the department or agency being sued," here the Attorney General of the United States. *Lawson v. Sessions*, 271 F. Supp. 3d 119, 124 n.1 (D.D.C. 2017) (citation modified) (quoting *Wilson v. Dep't of Transp.*, 759 F. Supp. 2d 55, 67 (D.D.C. 2011) and citing 42 U.S.C. § 2000e–16(c)). Therefore, the Attorney General is the only proper defendant and should be substituted as defendant for all employment discrimination claims.

assigned to the York, Pennsylvania and the Arlington, Virginia immigration courts, and (iv) receiving lower performance reviews. *Id*. at 2-6. She also alleges that her information was improperly released to the American Immigration Lawyers Association ("AILA"), without her permission. *Id*. at 7.

Bain was also the subject of various complaints from immigration attorneys, alleging that Bain mishandled specific hearings, including verbally abusing and manifesting bias toward the attorneys and her failure to recuse herself from certain cases. *Id*. at 7. EOIR referred those complaints to the Department's Office of Professional Responsibility ("OPR") for an investigation. *Id*. at 7-8. Around that time, the Board for Immigration Appeals ("BIA") vacated a decision by Bain, finding that Bain "displayed unprofessional behavior" toward the attorney appearing before her and remanded the case for rehearing before a different immigration judge. *Id*. at 8.

OPR issued its report of investigation, which led to Bain being placed on administrative leave. *Id*. In February 2020, EOIR issued a notice of proposed removal based on Bain's lack of candor and professional misconduct as described in the OPR report; an attorney in the Office of the Deputy Attorney General then proposed that Bain be separated from federal service; and Attorney General William Barr ultimately signed a formal removal decision that terminated Bain from federal service on September 17, 2020. *Id*.[2]

This Court granted in part the Attorney General's motion to dismiss. *See generally id*. As a result, the only remaining claims are Bain's (1) discrimination claims related to her 2015, 2016, and 2017 performance ratings and the July 2016 counseling letter from ACIJ Nadkarni; (2)

---

[2] Bain also submitted to the Department three FOIA and Privacy Act requests, in September 2015, January 2018, and August 2019. Mem. Op. & Order (ECF No. 56) 12-13. Those FOIA requests are not relevant for purposes of responding to the Court's Order to Show Cause.

discrimination and retaliation claims related to allegedly high volume aged cases; (3) rejection of Bain's BIA application and denial of permission to participate in "special work opportunities," (4) the January 2017 release of information to AILA and refusal to claw back the information, and (5) removal from federal service. *Id*. at 60.

On October 19, 2020, Bain appealed her removal to the Merit Systems Protection Board ("MSPB"). MSPB Decision (ECF No. 63-6) at 3. "Between November 2020, and October 2022, the MSPB dismissed the appeal for lack of jurisdiction, without prejudice to its reinstatement within 180 days." Jt. Status Rep. (ECF No. 112) at 2 (citing ECF Nos. 63-4, 63-5, 63-6, 35-2, 37, 72-2). On February 5, 2024, Bain moved to stay the employment portion of this case while the agency could complete processing her FOIA request and Bain could pursue MSPB remedies. *See generally* Pl.'s Mot. to Stay (ECF No. 98). The Court granted that motion. Min. Order (Feb. 15, 2024).

Now back at the MSPB, Bain pursued discovery, which closed in December 2024. Jt. Status Rep. (ECF No. 112) at 4. A hearing was set for March 19, 2025, but questions arose regarding the administrative law judge's jurisdiction to hear constitutional claims; Bain requested a postponement of the hearing or stay, which motion the administrative law judge denied. *Id*. Plaintiff moved to dismiss the appeal without prejudice, "signaling her intention to return to this Court to complete her appeal," and subsequently voluntarily dismissed with prejudice. *Id*. at 4-5.

On March 20, 2025, the MSPB dismissed Bain's appeal with prejudice and the parties jointly moved the Court to lift the stay. Jt. Mot. to Lift Stay (ECF No. 111) at 1.

## ARGUMENT

### I. Plaintiff Likely Exhausted Her Administrative Remedies.

On June 29, 2026, the Court ordered the parties to:

> show cause why Plaintiff's termination-related claims, including any arising under the Civil Service Reform Act, the federal anti-discrimination laws, or the Whistleblower Protection Act, should not be dismissed for lack of jurisdiction due to failure to administratively exhaust. In particular, the parties shall address whether Plaintiff's mixed-case appeal before the Merit Systems Protection Board was actively pending before the Board for at least 120 days, as required to file suit pursuant to 5 U.S.C. 7702(e)(1)(B) as construed by Morris v. McCarthy, 825 F.3d 658 (D.C. Cir. 2016); see also Jones v. United States Dep't of Just., No. 155246, 2017 WL 3895064 (D.C. Cir. July 14, 2017). To the extent that Plaintiff seeks leave to amend her operative complaint, Dkt. 16, to add a due process claim related to her termination, she shall also address whether the Court has jurisdiction over that claim, or whether it had to be exhausted through her mixed-case appeal before the Board.

Min. Order (Jun. 29, 2026).

Federal employees have two options to challenge their removal on discrimination grounds. An employee may pursue a claim with his employing agency's EEO office, 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.302(a)(1), or she may file a mixed case appeal directly with the MSPB. 5 U.S.C. § 7702(a); 29 C.F.R. § 1614.302(a)(2). She may not pursue both; whichever is filed first "shall be considered an election to proceed in that forum," 29 C.F.R. § 1614.302(b), and once an employee elects her forum, she is "required to exhaust [his or] her claims in the forum [he or] she has chosen before filing a civil action." *Williams v. Munoz*, 106 F. Supp. 2d 40, 43 (D.D.C. 2000). Should the employee elect the MSPB route, the appeal is assigned to an administrative judge who considers evidence and makes findings of fact and conclusions of law resolving both the appealable action and the discrimination claims. *See* 5 C.F.R. § 1201.41(b), § 1201.111; *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1042 (D.C. Cir. 2008) ("Section 7702 explicitly requires the Board in appealable cases alleging both discrimination and non-discrimination claims to decide both issues").

Congress built a timetable into that process: the MSPB has 120 days from the filing of the appeal to adjudicate it, and only if that period expires without judicially reviewable action may the

employee treat his remedies as exhausted and proceed to district court. 5 U.S.C. § 7702(e)(1)(B); 29 C.F.R. § 1614.310(h). Implicit in that design is the requirement that the appeal remain pending before the Board for the full 120-day period. The waiting period is what gives the Board a fair opportunity to adjudicate the claims, correct any agency error, or resolve the dispute without the need for litigation. *See Bell v. Donley*, 724 F. Supp. 2d 1, 7 (D.D.C. 2010) (exhaustion gives the agency notice of the claim and "a fair opportunity to provide full redress or to attempt an informal accommodation"). An employee therefore cannot dismiss her appeal midway through the 120-day period and proceed to court; that reading would render the exhaustion requirement meaningless, converting the Board's adjudication window into a formality any claimant could skip. *See Morris v. McCarthy*, 825 F.3d 658, 666 (D.C. Cir. 2016) (section 7702(e)(1)(B) is "not an escape valve" permitting claimants to sidetrack the administrative process and nonetheless obtain a hearing in federal court"); *Bayer v. Dep't of the Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992) (failure to exhaust administrative remedies precludes a Title VII civil action). "Under the CSRA, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." *Weaver v. United States Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996).

Bain elected the MSPB route. She appealed her removal to MSPB on October 19, 2020, MSPB Decision (ECF No. 63-6) at 3, and she initiated this case on June 22, 2021, *see generally* Compl. (ECF No 1), 246 days later. That filing constituted Bain's binding election to pursue her removal claims before the MSPB, 29 C.F.R. § 1614.302(b), and obligated her to exhaust the Board's administrative process before filing suit in district court. *Williams*, 106 F. Supp. 2d at 43. The MSPB had 120 days from October 19, 2020, or until February 16, 2021, within which to adjudicate the appeal before constructive exhaustion could occur. 5 U.S.C. § 7702(e)(1)(B).

Counting the days, without reference to the events before the Board, Bain plainly satisfies the "120-day timer." *Morris*, 825 F.3d at 667. *Morris* suggests that may not be enough.

Specifically, *Morris* counsels that in evaluating administrative exhaustion, the Court should examine the events before the Board and that a reinstatement of an appeal may reset the clock. *Morris*, 825 F.3d at 666. Here, Bain first appealed her removal to the MSPB on October 19, 2020. *See* Am. Compl. (ECF No. 16) ¶ 18. Twenty-eight days later, on November 16, 2020, the administrative law judge dismissed that appeal without prejudice for lack of jurisdiction, as a procedural tool to manage his docket, while the Board considered the impact of *Lucia v. SEC*, 138 S. Ct. 2044 (2018). Initial Decision (Dkt. 63-6) at 5 ("Accordingly, in the interest of judicial economy, I find there is good cause to dismiss this appeal without prejudice in order to allow a newly confirmed Board to address this issue."). The administrative law judge further ordered that the "appeal will be automatically refiled by the Board 180 days from the date" of the decision to dismiss the appeal. *Id.* On May 17, 2021, the appeal "was automatically refiled by the Board pursuant to 5 C.F.R. § 1201.29(c)[.]" June 8, 2021, MSPB Decision (Dkt. 63-8) at 3. Twenty-two days later, the administrative law judge again dismissed the appeal without prejudice "pending a decision from the Board" on the impact of *Lucia*. *Id.* at 4. If the clock resets every time an appeal is automatically refiled, then, Bain did not exhaust administrative remedies. But the D.C. Circuit did not decide "whether the statute's 120-day timer began ticking when [the plaintiff] first filed her appeal or when her appeal was automatically refiled." *Morris*, 825 F.3d at 667.

Because the 120-day period is set by statute, the inquiry necessarily begins with the statutory text. The relevant part provides that "an employee shall be entitled to file a civil action," "if at any time after" "the 120th day following the filing of an appeal with the Board under subsection (a)(1) of this section, there is no judicially reviewable action (unless such action is not

as the result of the filing of a petition by the employee under subsection (b)(1) of this section)." 5 U.S.C. § 7702(e)(1)(B). The statute ties the 120-day period to "the filing of an appeal with the Board." *Id.* The statute defines precisely which "filing" is relevant: the one "under subsection (a)(1) of" § 7702. 5 U.S.C. § 7702(e)(1)(B). Subsection (a) likewise uses the definite article when establishing the mandatory waiting period: "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section." *Id.* § 7702(a)(1). Subsection (a)'s double use of the definite article to reference "the filing" and "the appeal" is significant. Congress's "use of the definite article . . . indicates that there is generally only one" relevant filing. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also Cochise Consultancy, Inc. v. United States ex rel Hunt*, 587 U.S. 262, 272 (2019) ("Regardless of precisely which official or officials the statute is referring to, § 3731(b)(2)'s use of the definite article 'the' suggests that Congress did not intend for any and all private relators to be considered 'the official of the United States.'"). A plain reading of the statute indicates Congress contemplated the 120-day period to run by reference to a single filing of a single appeal, that is, an aggrieved employee's filing of an appeal with the Board.

That Congress established a 120-day waiting period indicates Congress's intent that appeals be decided without delay. As this Court has explained, "[t]he statute governing mixed cases before the MSPB, 5 U.S.C. § 7702, makes clear that if the MSPB fails to render a judicially reviewable decision within 120 days from the filing of a mixed case appeal, the aggrieved party can pursue her claim in federal district court." *Townsend v. United States*, 236 F. Supp. 3d 280, 299 n. 9 (D.D.C. 2017) (Moss, J.) (citation modified). And while "a district court retains discretion to stay a case when an appeal to the MSPB is pending," this Court noted, "Section 7702 clearly

expresses Congress' desire that mixed cases should be processed expeditiously, and that complainants should have access to a judicial forum should their claims languish undecided in the administrative machinery." *Id* (citation modified). Resetting the 120-day period every time an appeal is dismissed and automatically reinstated undermines that Congressional intent; counting the period by reference from when it is first initiated fulfils Congress's mandate.

That the relevant date is the date when the aggrieved employee first files her case is further supported by the Board's own actions in this case. Recall, the administrative law judge twice dismissed and ordered reinstated Bain's appeal before Bain filed this case. Each time, the Board used virtually identical docket numbers to reference Bain's case. The November 16, 2020, decision references docket number DC-0752-21-0035-I-1. ECF No. 63-6 at 3. The June 8, 2021, decision references docket number DC-0752-21-0035-I-2. ECF No. 63-8 at 3. That the Board assigned essentially the same docket number to Bain's automatically reinstated appeal indicates that the Board considered Bain's case to be a single case, initiated when Bain first logged the appeal.

More, the administrative law judges considered each dismissal to be a type of docket management tool to preserve judicial resources while the Board considered the effect of *Lucia*. ECF No. 63-6 at 4-5; ECF No. 63-8 at 3-4. Such procedural docket management should not work to prejudice an employee by delaying the congressionally created right to expedited judicial review of discrimination claims.

*Morris*'s suggestion that the "120-day timer [may have begun] ticking . . . when [the plaintiff's] appeal was automatically refiled" is inapposite. *Morris*, 825 F.3d at 667. As an initial matter, *Morris* specifically declined to decide that question, meaning that comment is not binding

on this Court. Nor is the D.C. Circuit's comment persuasive one way or the other, because the court made the statement without any analysis or other reasoning.

The case's context confirms that understanding. The plaintiff in *Morris* initiated a mixed case before the Board. *Morris*, 825 F.3d at 665. The administrative law judge asked the parties for their views "whether, in the interest of judicial economy, Morris's MSPB appeal should be dismissed without prejudice while the OSC investigation proceeded." *Id.* The plaintiff requested that the case be held in abeyance, or if it were dismissed, that the plaintiff be provided with assurances that she had not waived any rights. *Id.* The administrative law judge dismissed the appeal without prejudice and ordered it automatically refiled upon the expiration of the plaintiff's temporary reinstatement at the EPA. *Id.* The MSBP appeal was reinstated and three days before the scheduled MSPB hearing, the plaintiff withdrew the appeal and sued in district court. *Id.* at 666. The D.C. Circuit concluded that the plaintiff failed to exhaust administrative remedies because the plaintiff "invited the MSPB to delay the processing of her appeal when she asked the administrative judge to suspend the proceedings." *Id.* The rule *Morris* announced is that a plaintiff may not interfere with the MSPB's processing in a way that precludes the Board from adjudicating her claim while simultaneously asserting she exhausted administrative remedies. *Id.* at 666-667. To the extent there were delays in adjudicating Bain's MSPB appeal before she filed suit, those delays were not attributable to Bain because during that time she did not "invite the MSPB to delay the processing of her appeal" by asking, for example, for a "postponement." *Morris*, 825 F.3d at 666.

To be sure, Bain clearly interfered with the Board's ability to decide her appeal on the merits after she initiated this case. After all, she voluntarily dismissed her MSPB appeal in the lead up to her March 19, 2025, MSPB hearing. Jt. Status Rep. (ECF No. 112) at 4-5. "A voluntary

dismissal cannot be used to circumvent the requirement of exhaustion." *Morris v. Jackson*, 842 F. Supp. 2d 171, 178 (D.D.C. 2012). But that voluntary dismissal occurred after Bain initiated this case. The exhaustion requirement is calculated by reference to the date of the filing of the complaint because federal employees must exhaust administrative remedies "before bringing their claims to court," *Morris*, 825 F.3d at 664, and amending the complaint after the statutory waiting period "expired cannot cure the failure to exhaust," *Murphy v. Vilsack*, 609 F.3d 460, 465 (D.C. Cir. 2010); *see also Jones v. Dep't of Just.* 2017 WL 3895064, at *1 (D.C. Cir. Jul. 14, 2017). At bottom, the Court likely has jurisdiction over the MSPB claims.

## II. **The Court Should Deny Leave to Amend.**

That said, the Court should not permit amendment of the complaint to include them for several reasons. *See* Pl.'s Resp. (Dkt. 148) at 10 ("Plaintiff respectfully requests that the Court entertain her termination-related Constitutional due process claim. She has prepared an amendment of the operative complaint (ECF No. 16) to add that claim and will file it if the Court directs.").

*First*, Bain should not be permitted to amend her complaint on account of her interference with the Board's adjudication, as described above, of staying this case to pursue administrative remedies only to dismiss the administrative proceedings on the eve of the hearing. At the MSPB, Bain "received the outcome she invited" and did not allow the Board "to adjudicate her appeal." *Morris*, 825 F.3d at 667. While the statute clearly expresses Congress's intent to see mixed claims decided expeditiously, nothing indicates a desire to encourage forum shopping. *See John Doe, Inc. v. DEA,* 484 F.3d 561, 570 (D.C. Cir. 2007) ("As the district court here rightly cautioned, adopting Doe's narrow interpretation of § 877 encourages forum shopping and encourages dissatisfied claimants to 'jump the gun' by going directly to the district court to develop their case instead of exhausting their administrative remedies before the agency."); *Telecomms. Research &*

*Action Ctr. v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984) ("In addition, exclusive jurisdiction eliminates duplicative and potentially conflicting review, and the delay and expense incidental thereto").

*Second*, an amended complaint should not be permitted in this case because the request comes too late, after the close of discovery. *See* May 26, 2026, Hr'g Tr. (Dkt. 142) at 27-28 (THE COURT: You know, I'm – you're welcome to file any motion you want. I will say that I'm reluctant at this stage of the litigation to entertain a further motion for leave to amend because we're done with discovery."); *see also Jaminez v. Att'y Gen.*, 146 F.4th 972, 1003 (11th Cir. 2025) (affirming denial of request to amend the complaint in Title VII case where the plaintiff "had years to amend his complaint from his filing in February 2021, but he waited until April 2023, after discovery and the district court's summary judgment ruling"); *Becker v. District of Columbia*, 258 F.R.D. 182, 184–85 (D.D.C. 2009) (denying leave to amend because of a five-year delay and discovery had already closed). Discovery in this case closed and Bain wants to move expeditiously. May 26, 2026, Hr'g Tr. (Dkt. 142) at 15 ("THE COURT: Just before you move off of this, I'm very sympathetic to your concerns about your employment status. I will note that one of the reasons the case is so old is that it has gone through many iterations and it's gone through MSPB proceedings and jurisdictional disputes and multiple amended complaints. And so there's -- and I don't mean to point any fingers, but I don't think that the fact that it's that old is entirely defendants' doing in the case. But that said, I am sympathetic to your concerns about having a resolution of this so that you can get on with your life.").

Indeed, Bain could have requested to amend the complaint before discovery commenced in this case to include her MSPB claims, but she did not do so. She voluntarily dismissed her MSPB appeal on March 18, 2025. Jt. Stat. Rep. (ECF No. 112) at 5 ("On March 18, 2025, the

MSPB administrative judge granted the voluntary dismissal motion and cancelled the hearing."). Since then, the government answered the operative complaint, *see* Answer (ECF No. 118), the parties docketed their Rule 26(f) report, *see* Jt. Meet & Confer Rep (ECF No. 121), and completed discovery. In the Rule 26(f) report—again, filed approximately four months after Bain voluntarily dismissed her MSPB appeal—the parties jointly stated they "do not at this time anticipate any amendments to pleadings." Jt. Meet & Confer Rep (ECF No. 121) at 13. Bain has had every opportunity to seek to amend the complaint and has elected not to do so.

The fact that Bain appears pro se does not excuse her failure to seek amendment earlier in the proceedings. This Court previously noted that "because Bain is proceeding pro se, the Court will hold her pleadings to 'less stringent standards than formal pleadings drafted by lawyers.'" Mem. Op. (ECF No. 56) at 2. But since then, the D.C. Circuit has held "that the liberal pleading standard for pro se litigants does not invariably apply when the litigant is a licensed attorney" and that "[t]he requirement that courts construe pro se pleadings liberally does not ordinarily apply to pro se lawyers." *Spence v. Dep't of Veterans Aff.*, 109 F.4th 531, 538 (D.C. Cir. 2024); *see also Jones v. Ogletree, Deakins, Nash, Smoak & Stewart P.C.*, Civ. A. No. 23-3488 (RDM), 2025 WL 958196, at *3 (D.D.C., 2025) (citing *Spence* and finding that leniency afforded to a pro se plaintiff does not apply when the self-represented party is an attorney). Bain is a licensed attorney and served at the Department from October 1991 to September 2020, most recently as an immigration judge, Am. Compl. ¶ 2. Bain has made a series of litigation choices, including voluntarily dismissing her MSPB appeal, proceeding with discovery, and not seeking amendment earlier. The Court should hold Bain to those choices. *See Lykins v. Rose*, 608 F. Supp. 693, 696 (D.D.C. 1984) (acknowledging that "litigation strategy and judgment" may have "consequence[s]").

## CONCLUSION

For these reasons, the Court should deny Bain's request to amend the complaint.

Dated: November 5, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Dimitar P. Georgiev*

DIMITAR P. GEORGIEV, D.C. Bar #1735756
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252 –2500 (main)

*Attorneys for the United States of America*